1  Stanley T. Kaleczyc
   Kimberly A. Beatty
2  BROWNING, KALECZYC, BERRY & HOVEN, P.C.
   139 North Last Chance Gulch
3  P.O. Box 1697
   Helena, MT 59604-6669
4  Phone: (406) 443-6820
   Fax: (406) 443-6883
5
   Attorneys for Defendants.
6

7
                  IN THE UNITED STATES DISTRICT COURT
8
                      FOR THE DISTRICT OF MONTANA
9
                              BUTTE DIVISION
10

11  MAGTENASSET MAMAGEMENT           |  Case No. CV-04-26-BU-RFC
    CORPORATION,                     |
12                                   |
                                     |
13         Plaintiff,                |
                                     |
14     v.                            |  STATEMENT OF
                                     |  UNCONTROVERTED FACTS
15  MIKE J. HANSON and ERNIE J. KINDT|
                                     |
16         Defendants.               |

17

18

19     Defendants, Mike J. Hanson and Ernie J. Kindt, through their attorneys, Browning,

20  Kaleczyc, Berry & Hoven, P.C., hereby submit their Statement of Uncontroverted Facts in

21  support of Defendant's Motion for Summary Judgment and pursuant to Rule 56.1(a) of the Rules

22  of Procedure of the United States District Court for the District of Montana:

23
24     1.     On February 15, 2002, pursuant to the terms of a Unit Purchase Agreement

25  ("UPA") entered into between NorthWestern, as purchaser, and The Montana Power

26  Company ("MPC") and Touch America Holdings, Inc. ("TAH") as sellers, NorthWestern

27  acquired the sole unit interest in Montana Power, LLC, a Montana limited liability

company. Complaint ¶¶ 22, 26. A true and complete copy of the Complaint is attached hereto as **Exhibit A**.

2. Two days previously, as part of a corporate reorganization of MPC into TAH, the electric and natural gas transmission and distribution assets of MPC, as well as MPC's interest in the Milltown Dam, were transferred from MPC to MPLLC. Complaint ¶ 23.

3. Among the assets and liabilities transferred to MPLLC were certain 8.45% Junior Subordinated Debentures due in 2036 (the "Junior Debentures") which had been issued by MPC in or about 1996. Complaint ¶ 23.

4. The Trust is a business trust established pursuant to the Delaware Business Trust Act. The Trust holds 100% of the Junior Debentures. Complaint ¶ 13; 16.

5. The interest paid on these Junior Debentures created the cash flow to make dividend payments on certain Series A 8.45% Quarterly Income Preferred Securities ("QUIPS") which had previously been issued by Montana Power Capital I (The "Trust"). Complaint ¶ 15;16.

6. Plaintiff Magten is currently a holder of some but not all the QUIPS. Complaint ¶ 19; Dep. Tr. p. 55. A true and complete copy of the Deposition of Magten Asset Management Group by Talton Embry, dated July 27, 2004, is attached hereto as **Exhibit B**.

7. When NorthWestern acquired the unit interest in MPLLC, NorthWestern became the sole Member of MPLLC and named itself as the Manager of MPLLC pursuant to applicable provisions of Montana Limited Liability Company Act. Articles of Organization ¶ X; Written Consent of Sole Member and Manager to Action in Lieu of Meeting, effective as of February 15, 2002, Introduction Paragraph. A true and complete

copy of the Articles of Organization is attached hereto as **Exhibit C** and a true and complete copy of the February 15, 2002 Written Consent is attached hereto as **Exhibit D**.

8. NorthWestern, as sole Member and Manager, appointed certain individuals, including the Defendants, as "officers" of its wholly owned subsidiary, MPLLC, although Montana statutes do not specifically provide that a limited liability company have officers. **Exh. D**, Written Consent of Sole Member and Manager to action in Lieu of Meeting, Effective as of February 15, 2002.

9. In August 2002, almost six months after NorthWestern acquired MPLLC (whose name by that time had been changed to NorthWestern Energy, LLC), NorthWestern authorized and directed the transfer of the electric and natural gas transmission and distribution assets and liabilities ("the Montana Utility Assets and Liabilities") held by its subsidiary, NorthWestern Energy, LLC, to it, the parent corporation. Written consent of Sole Member and Manager to Action in Lieu of Meeting dated August 7, 2002. A true and complete copy of the August 7, 2002 Written Consent is attached hereto as **Exhibit E**.

10. The transfer was effected on November 15, 2002. Asset and Stock Transfer Agreement, dated November 15, 2002. Selected pages of the Asset and Stock Transfer Agreement are attached hereto as **Exhibit F**.

11. The Montana Utility Assets and Liabilities transferred included the obligations associated with the Junior Debentures and QUIPS. Other assets and liabilities remained with the limited liability company, whose name was subsequently changed to Clark Fork and Blackfoot, LLC. Exh. F, Asset and Stock Transfer Agreement, ¶ 2.

12. At the end of April 2003, some six months after NorthWestern had completed the transfer of the Montana Utility Assets and Liabilities to itself, Magten first acquired an interest in some of the QUIPS. Dep. Tr. p. 20.

13. Mr. Talton Embry, the sole owner of Magten, has admitted under oath that at the time of the transfer of the Montana Utility Assets and Liabilities in November 2002 Magten was not a creditor of Clark Fork and Blackfoot LLC (fka NorthWestern Energy, fka MPLLC). Dep. Tr. p. 27.

14. Mr. Embry further admitted under oath that at the time Magten first acquired its interest in the QUIPS, he on behalf of Magten was aware of the prior transfer of the Montana Utility Assets and Liabilities to NorthWestern. Dep. Tr. p. 33, l. 16-p. 34, l. 2.

15. Mr. Embry further admitted that he is a "veteran" investor who has been investing in distressed debt since 1978 and that he routinely performs due diligence before making investments. Dep. Tr. p. 14; 78; 17-20.

16. Mr. Embry also admitted that he performed due diligence prior to his acquisition of the QUIPS and then personally made the decision to acquire the QUIPS for Magten. Dep. Tr. p. 35-37; 16.

17. Magten then continued to acquire additional QUIPS between late April 2003 and June 2004. Dep. Tr. p. 20-23; 55.

18. On September 14, 2003, ten (10) months after the transfer of the Montana Utility Assets and Liabilities, and six (6) months after Magten first acquired QUIPS, NorthWestern filed a voluntary petition for reorganization in bankruptcy pursuant to Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court in Delaware. Complaint ¶ 42.

19. Magten has filed an adversary proceeding against NorthWestern in the bankruptcy proceeding in which it alleges, among other things, that the November 15, 2002 transfer of the Montana Utility Assets and Liabilities from its wholly owned subsidiary limited liability company was a fraudulent conveyance. Magten seeks the rescission of the transfer. See generally, Adversary Proceeding Complaint. A true and complete copy of the Adversary Proceeding Complaint is attached hereto as **Exhibit G**.

20. On July 23, 2004 the Hon. Charles G. Case II, the presiding Judge in the NorthWestern Bankruptcy, issued a Memorandum Decision in which he held as follows:

> The Debtor [NorthWestern] has consistently alleged, and Magten has never disputed, that Magten did not own any of the debentures prior to the time the assets were transferred to the Debtor [NorthWestern]. Rather, Magten acquired the debentures after the transaction was complete. Therefore, the Debtor [NorthWestern] asserts and Magten has not disputed, that <u>Magten was never a creditor of Clark Fork at a time when Clark Fork had the disputed energy assets</u>. Rather, Magten became a holder of the debentures only after the transaction was completed and was a matter of public record.
>
> \* \* \*
>
> As noted above, <u>Magten was not a creditor of Clark Fork at the time the transaction took place</u>. Rather, it only became a creditor of the Debtor [NorthWestern] after the Debtor [NorthWestern] assumed the liability associated with the junior subordinated debenture initially issued by Montana Power Company. Thus, Magten is not only not a party directly affected by the transaction – such as Clark Fort itself – but it was also not an indirect party at the time the transaction took place.

Memorandum Decision at p.3; 6-7 (emphasis added). A true and complete copy of the Memorandum Decision is attached hereto as **Exhibit H**.

21. On November 1, 1996, the Montana Power Company and the Bank of New York entered into that certain Indenture for Unsecured Subordinated Debt Securities relating to Trust Securities. Article Eleven of the Indenture permits the transfer of the Indenture from The Montana Power Company to successor entities. Selected pages of the Indenture are attached hereto as **Exhibit I**.

22. On August 13, 2002, NorthWestern Energy, LLC (f/k/a Montana Power LLC), NorthWestern Corporation, and the Bank of New York executed that certain Second

1  Supplemental Indenture, wherein NorthWestern and Clark Fork reserved the right of Clark Fork
2  to transfer substantially all of its assets to NorthWestern and would be relieved of its obligations
3  under the QUIPS Debenture and the Indenture. A complete, true and representative copy of the
4  Second Supplemental Indenture is attached hereto as **Exhibit J**.

5      23. On November 14, 2002, NorthWestern Corporation and the Bank of New York
6  entered into that Third Supplemental Indenture whereby NorthWestern assumed all obligations
7  on the Outstanding Securities under the Indenture and agreed to perform all obligations of
8  NorthWestern Energy, LLC under the Indenture. A true and complete copy of the Third
9  Supplemental Indenture is attached hereto as **Exhibit K**.

10      DATED this 20th day of August, 2004.

11      BROWNING, KALECZYC, BERRY & HOVEN, P.C.

By _/s/ Kimberly Beatty_
Stanley T. Kaleczyc
Kimberly A. Beatty
BROWNING, KALECZYC, BERRY & HOVEN, P.C.
139 North Last Chance Gulch
P.O. Box 1697
Helena, MT 59604-6669
Phone: (406) 443-6820
Fax: (406) 443-6883

Attorneys for Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of August, 2004, a true copy of the foregoing was mailed by first-class mail, postage prepaid, addressed as follows:

James Goetz
J. Devlan Geddes
Goetz, Gallik & Baldwin, P.C.
35 North Grand
P.O. Box 6580
Bozeman, MT 59771-6580

Bonnie Steingert
John W. Brewer
Fried, Frank, Harris, Shriver & Jacobson, LLP
One New York Plaza
New York, New York 10004

BROWNING, KALECZYC, BERRY & HOVEN, P.C.

144915.doc/1674.044