James H. Goetz
J. Devlan Geddes
**GOETZ, GALLIK & BALDWIN, P.C.**
35 North Grand Avenue
P.O. Box 6580
Bozeman, Montana 59715
(406) 587-0618

Bonnie Steingart (admitted pro hac vice)
John W. Brewer (admitted pro hac vice)
**FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP**
One New York Plaza
New York, New York 10004
(212) 859-8000

ATTORNEYS FOR PLAINTIFF

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF MONTANA
### BUTTE DIVISION

------------------------------------------------------------x

MAGTEN ASSET MANAGEMENT CORPORATION,

                      Plaintiff,

    - against -

MIKE J. HANSON and ERNIE J. KINDT,

                      Defendants.

------------------------------------------------------------x

Cause No. CV-04-26-BU-RFC

**PLAINTIFF MAGTEN ASSET MANAGEMENT CORPORATION'S STATEMENT OF GENUINE ISSUES**

Pursuant to Rule 56.1(b) of the Local Rules of Civil Procedure for the United States District court for the District of Montana, and in response to the Statement of Uncontroverted Facts submitted by defendants pursuant to Rule 56.1(a) of the Local Rules, plaintiff Magten Asset Management Corporation ("Magten"), by its undersigned counsel, hereby submits its Statement of Genuine Issues in support of Magten's Opposition to defendants' Motion for Summary Judgment. Magten's submission includes a response to each of defendants' alleged uncontroverted facts, as well as Magten's statement of genuine issues of material fact which preclude summary judgment in defendants' favor:

## MAGTEN'S RESPONSE TO DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS

1. *On February 15, 2002, pursuant to the terms of a Unit Purchase Agreement ("UPA") entered into between NorthWestern, as purchaser, and The Montana Power Company ("MPC") and Touch America Holdings, Inc. ("TAH") as sellers, NorthWestern acquired the sole unit interest in Montana Power, LLC, a Montana limited liability company. Complaint ¶¶ 22, 26. A true and complete copy of the Complaint is attached hereto as **Exhibit A**.*

Not disputed.[1]

2. *Two days previously, as part of a corporate reorganization of MPC into TAH, the electric and natural gas transmission and distribution assets of MPC, as well as MPC's interest in the Milltown Dam, were transferred from MPC to MPLLC. Complaint ¶ 23.*

Not disputed.

3. *Among the assets and liabilities transferred to MPLLC were certain 8.45% Junior Subordinated Debentures due in 2036 (the "Junior Debentures") which had been issued by MPC in or about 1996. Complaint ¶ 23.*

Not disputed.

4. *The Trust is a business trust established pursuant to the Delaware Business Trust Act. The Trust holds 100% of the Junior Debentures. Complaint ¶ 13; 16.*

---

[1] The italicized sentences come directly from defendants' Statement of Uncontroverted Facts, pursuant to Local Rule 56.1(a), dated August 20, 2004.

Not disputed.

5.    *The interest paid on these Junior Debentures created the cash flow to make dividend payments on certain Series A 8.45% Quarterly Income Preferred Securities ("QUIPS") which had previously been issued by Montana Power Capital I (The "Trust"). Complaint ¶ 15; 16.*

Not disputed.

6.    *Plaintiff Magten is currently a holder of some but not all the QUIPS. Complaint ¶ 19; Dep. Tr. p. 55. A true and complete copy of the Deposition of Magten Asset Management Group by Talton Embry, dated July 27, 2004, is attached hereto as* **Exhibit B**.

Not disputed.

7.    *When NorthWestern acquired the unit interest in MPLLC, NorthWestern became the sole Member of MPLLC and named itself as the Manager of MPLLC pursuant to applicable provisions of Montana Limited Liability Company Act. Articles of Organization ¶ X; Written Consent of Sole Member and Manager to Action in Lieu of Meeting, effective as of February 15, 2002, Introduction Paragraph. A true and complete copy of the Articles of Organization is attached hereto as* **Exhibit C** *and a true and complete copy of the February 15, 2002 Written Consent is attached hereto as* **Exhibit D**.

Not disputed.

8.    *NorthWestern, as sole Member and Manager, appointed certain individuals, including the Defendants, as "officers" of its wholly owned subsidiary, MPLLC, although Montana statutes do not specifically provide that a limited liability company have officers.* **Exh. D**, *Written Consent of Sole Member and Manager to action in Lieu of Meeting, Effective as of February 15, 2002.*

It is not disputed that NorthWestern appointed the defendants as officers of MPLLC. Magten

respectfully refers the Court to the above-referenced Montana statutes for their terms.

9.    *In August 2002, almost six months after NorthWestern acquired MPLLC (whose name by that time had been changed to NorthWestern Energy, LLC), NorthWestern authorized and directed the transfer of the electric and natural gas transmission and distribution assets and liabilities ("the Montana Utility Assets and Liabilities") held by its subsidiary, NorthWestern Energy, LLC, to it, the parent corporation. Written consent of Sole Member and Manager to Action in Lieu of Meeting dated August 7, 2002. A true and complete copy of the August 7, 2002 Written Consent is attached hereto as* **Exhibit E**.

It is undisputed that NorthWestern executed the written consent of Sole Member and Manager to

Action in Lieu of Meeting on August 7, 2002. There exists a genuine issue to be tried with

respect to the effect and validity of the transfer of the Montana Assets and Liabilities (the "Transfer") and defendants' role, as fiduciaries, in the authorization of the Transfer. Cplt. ¶¶ 31-35, 47-52; J. Case's Aug. 20, 2004 Opinion.[2]

10. *The transfer was effected on November 15, 2002. Asset and Stock Transfer Agreement, dated November 15, 2002. Selected pages of the Asset and Stock Transfer Agreement are attached hereto as* **Exhibit F**.

It is undisputed that NorthWestern and Clark Fork (fka NorthWestern Energy, fka MPLLC) entered into an Asset and Stock Transfer Agreement, dated November 15, 2002. However, there exists a genuine issue to be tried with respect to the effect and validity of the Transfer and defendants' role, as fiduciaries, in the authorization of the Transfer. J. Case's Aug. 20, 2004 Opinion.

11. *The Montana Utility Assets and Liabilities transferred included the obligations associated with the Junior Debentures and QUIPS. Other assets and liabilities remained with the limited liability company, whose name was subsequently changed to Clark Fork and Blackfoot, LLC.* **Exh. F**, *Asset and Stock Transfer Agreement, ¶ 2.*

Magten respectfully refers this Court to the Asset and Stock Transfer Agreement for its terms. There exists a genuine issue to be tried with respect to the effect and validity of the Transfer. J. Case's Aug. 20, 2004 Opinion.

12. *At the end of April 2003, some six months after NorthWestern had completed the transfer of the Montana Utility Assets and Liabilities to itself, Magten first acquired an interest in some of the QUIPS. Dep. Tr. p. 20.*

It is not disputed that Magten first acquired an interest in some of the QUIPS in late April 2003. There exists a genuine issue to be tried with respect to the effect and validity of the Transfer. J. Case's Aug. 20, 2004 Opinion.

---

[2]   References herein to the relevant sections of the Complaint are as follows: "Cplt. ¶ _." (A copy of the Complaint is attached to the Declaration of J. Devlan Geddes ("Geddes Declaration") as Exhibit A.) References herein to the relevant sections of Judge Case's August 20, 2004 Opinion are as follows: "J. Case's Aug. 20, 2004 Opinion at _." A copy of J. Case's Aug. 20, 2004 Opinion is attached to the Geddes Declaration as Exhibit E.

13.    Mr. Talton Embry, the sole owner of Magten, has admitted under oath that at the time of the transfer of the Montana Utility Assets and Liabilities in November 2002 Magten was not a creditor of Clark Fork and Blackfoot LLC (fka NorthWestern Energy, fka MPLLC). Dep. Tr. p. 27.

Not disputed. It is unclear, however, how these facts are material, or even relevant, to

defendants' Motion for Summary Judgment.

14.    Mr. Embry further admitted under oath that at the time Magten first acquired its interest in the QUIPS, he on behalf of Magten was aware of the prior transfer of the Montana Utility Assets and Liabilities to NorthWestern. Dep. Tr. p. 33,1. 16-p. 34,1. 2.

Not disputed. It is unclear, however, how these facts are material, or even relevant, to

defendants' Motion for Summary Judgment.

15.    Mr. Embry further admitted that he is a "veteran" investor who has been investing in distressed debt since 1978 and that he routinely performs due diligence before making investments. Dep. Tr. p. 14; 78; 17-20.

Not disputed. It is unclear, however, how these facts are material, or even relevant, to

defendants' Motion for Summary Judgment.

16.    Mr. Embry also admitted that he performed due diligence prior to his acquisition of the QUIPS and then personally made the decision to acquire the QUIPS for Magten. Dep. Tr. p. 35-37; 16.

Not disputed. It is unclear, however, how these facts are material, or even relevant, to

defendants' Motion for Summary Judgment.

17.    Magten then continued to acquire additional QUIPS between late April 2003 and June 2004. Dep. Tr. p. 20-23; 55.

Not disputed. It is unclear, however, how these facts are material, or even relevant, to

defendants' Motion for Summary Judgment.

18.    On September 14, 2003, ten (10) months after the transfer of the Montana Utility Assets and Liabilities, and six (6) months after Magten first acquired QUIPS, NorthWestern filed a voluntary petition for reorganization in bankruptcy pursuant to Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court in Delaware. Complaint ¶42.

4

It is not disputed that on September 14, 2003, NorthWestern filed a voluntary petition for reorganization in bankruptcy pursuant to Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court in Delaware. There exists a genuine issue to be tried with respect to the effect and validity of the Transfer. J. Case's Aug. 20, 2004 Opinion.

19.    *Magten has filed an adversary proceeding against NorthWestern in the bankruptcy proceeding in which it alleges, among other things, that the November 15, 2002 transfer of the Montana Utility Assets and Liabilities from its wholly owned subsidiary limited liability company was a fraudulent conveyance. Magten seeks the rescission of the transfer. See generally, Adversary Proceeding Complaint. A true and complete copy of the Adversary Proceeding Complaint is attached hereto as **Exhibit G**.*

Not disputed.

20.    *On July 23, 2004 the Hon. Charles G. Case II, the presiding Judge in the NorthWestern Bankruptcy, issued a Memorandum Decision in which he held as follows:*

*The Debtor [NorthWestern] has consistently alleged, and Magten has never disputed, that Magten did not own any of the debentures prior to the time the assets were transferred to the Debtor [NorthWestern]. Rather, Magten acquired the debentures after the transaction was complete. Therefore, the Debtor [NorthWestern] asserts and Magten has not disputed, that <u>Magten was never a creditor of Clark Fork at a time when Clark Fork had the disputed energy assets</u>. Rather, Magten became a holder of the debentures only after the transaction was completed and was a matter of public record.*

\*    \*    \*

*As noted above, <u>Magten was not a creditor of Clark Fork at the time the transaction took place</u>. Rather, it only became a creditor of the Debtor [NorthWestern] after the Debtor [NorthWestern] assumed the liability associated with the junior subordinated debenture initially issued by Montana Power Company. Thus, Magten is not only not a party directly affected by the transaction - such as Clark Fort itself- but it was also not an indirect party at the time the transaction took place.*

*Memorandum Decision at p.3; 6-7 (emphasis added). A true and complete copy of the Memorandum Decision is attached hereto as **Exhibit H**.*

It is undisputed that Judge Case issued a decision in the NorthWestern Bankruptcy Proceeding on July 23, 2004. Magten respectfully refers the Court to that decision for its holding.

21.    *On November 1, 1996, the Montana Power Company and the Bank of New York entered into that certain Indenture for Unsecured Subordinated Debt Securities relating to Trust Securities. Article Eleven of the Indenture permits the transfer of the Indenture from The*

5


*Montana Power Company to successor entities. Selected pages of the Indenture are attached hereto as **Exhibit I**.*

It is not disputed that the Montana Power Company and the Bank of New York entered into that certain Indenture for Unsecured Subordinated Debt Securities relating to Trust Securities (the "Indenture") on November 1, 1996. Magten respectfully refers the Court to the Indenture for its terms.

22.   *On August 13, 2002, NorthWestern Energy, LLC (f/k/a Montana Power LLC), NorthWestern Corporation, and the Bank of New York executed that certain Second Supplemental Indenture, wherein NorthWestern and Clark Fork reserved the right of Clark Fork to transfer substantially all of its assets to NorthWestern and would be relieved of its obligations under the QUIPS Debenture and the Indenture. A complete, true and representative copy of the Second Supplemental Indenture is attached hereto as **Exhibit J**.*

It is not disputed that on August 13, 2002, NorthWestern Energy, LLC (f/k/a Montana Power LLC), NorthWestern Corporation, and the Bank of New York executed that certain Second Supplemental Indenture. Magten respectfully refers the Court to the Second Supplemental Indenture for its terms. There exists a genuine issue to be tried with respect to the effect and validity of the Transfer contemplated by the Second Supplemental Indenture. J. Case's Aug. 20, 2004 Opinion

23.   *On November 14, 2002, NorthWestern Corporation and the Bank of New York entered into that Third Supplemental Indenture whereby NorthWestern assumed all obligations on the Outstanding Securities under the Indenture and agreed to perform all obligations of NorthWestern Energy, LLC under the Indenture. A true and complete copy of the Third Supplemental Indenture is attached hereto as **Exhibit K**.*

It is not disputed that on November 14, 2002, NorthWestern Corporation and the Bank of New York entered into the Third Supplemental Indenture. Magten respectfully refers the Court to the Third Supplemental Indenture for its terms. There exists a genuine issue to be tried with respect to the effect and validity of the Transfer and Third Supplemental Indenture. J. Case's Aug. 20, 2004 Opinion; Cplt. ¶¶ 31-35, 47-52.

**MAGTEN'S STATEMENT OF GENUINE ISSUES**

1. Magten is authorized to bring actions relating to the QUIPS and the Trust pursuant to the express terms of Section 610 of the Master Indenture. Geddes Declaration at Exhibit B.

2. At the time that NorthWestern agreed to the Transfer of the Montana Utility Assets, NorthWestern was insolvent. April 16, 2004 NorthWestern Press Release; NorthWestern's Disclosure Statement at 22. Geddes Declaration at Exhibits C and G.

3. At the time of the Transfer the only publicly available information regarding NorthWestern's financial status were fraudulent. Geddes Declaration at Exhibit H.

4. The Trustee and Magten's predecessors in interest were unaware of the fraudulent nature of NorthWestern's financial statements at the time of the Transfer. Geddes Declaration at Exhibit E.

DATED this 13th day of September, 2004.

GOETZ, GALLIK & BALDWIN, P.C.

By: _____
James H. Goetz
J. Devlan Geddes
35 North Grand Avenue
P.O. Box 6580
Bozeman, Montana 59715
(406) 587-0618

- and -

7

FRIED, FRANK, HARRIS, SHRIVER
& JACOBSON LLP

By: /s/ Bonnie Steingart

Bonnie Steingart (admitted pro hac vice)
John W. Brewer (admitted pro hac vice)
One New York Plaza
New York, New York 10004-1980
(212) 859-8000

*Attorneys for Plaintiff*
 *Magten Asset Management Corporation*

455398

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served upon the following counsel of record, by first class U. S. mail, postage prepaid, this 13th day of September, 2004.

Bonnie Steingart
John W. Brewer
Fried, Brank, Harris, Shriver & Jacobson, LLP
One New York Plaza
New York, NY 10004
ATTORNEYS FOR PLAINTIFF

Kimberly A. Beatty
Browning, Kaleczyc, Berry & Hoven, P.C.
P. O. Box 1697
Helena, MT 59624
ATTORNEYS FOR DEFENDANTS

_____
J. Devlan Geddes

455398