Stanley T. Kaleczyc
Kimberly A. Beatty
BROWNING, KALECZYC, BERRY & HOVEN, P.C.
139 North Last Chance Gulch
P.O. Box 1697
Helena, MT 59604-1697
Phone: (406) 443-6820
Fax: (406) 443-6883

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | |
|---|---|
| MAGTENASSET MAMAGEMENT CORPORATION,<br><br>  Plaintiff,<br><br>  v.<br><br>MIKE J. HANSON and ERNIE J. KINDT<br><br>  Defendants. | Case No. CV-04-26-BU-RFC<br><br>REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGEMENT |

**Introduction**

Rule 56(e) of the Federal Rules of Civil Procedure clearly states that when a motion for summary judgment is made, "an adverse party may not rest on the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Here, Magten has failed to raise any *material* facts in dispute which would properly preclude the issuance of summary judgment in Defendants' favor.

In fact, Magten agrees with the facts set forth in Defendants Statement of Uncontroverted Facts, or makes conclusory statements, which are neither material to the legal issues raised by

Defendants nor supported by evidence in the form of documents or affidavit testimony, such that "there exists a genuine issue to be tried." See generally, Pl.'s Stmt. of Genuine Issues. Such conclusory statements are insufficient to raise a genuine issue of disputed fact or preclude summary judgment. Porter v. CA Dept of Corrections, 2004 WL 2029923 *5 (9th Cir. 2004) (*noting* "once the moving party meets the requirements of Rule 56 by showing there is an absence of evidence to support the non-moving party's case, the burden shifts to the party resisting the motion, who 'must set forth specific facts showing that there is a genuine issue for trial.'"); Margolis v. Ryan, 140 F.3d 850, 852 (9th Cir. 1998) (*holding* "to defeat a summary judgment motion, the non-moving party must demonstrate that the evidence is such that a reasonable jury could return a verdict in his or her favor."). See also, Rattner v. Netburn, 930 F.2d 204, 209 (2th Cir. 1991) (*holding* "the function of the district court in considering the motion for summary judgment is not to resolve disputed issues of fact but only to determine whether there is a genuine issue to be tried.").

Further, Plaintiff's "Statement of Genuine Issues" is inadequate; it consists of four statements, two of which are merely recitations of legal conclusions and none of which are relevant to or raise genuine material facts in dispute related to the matters raised in the motion for summary judgment.

Magten's Complaint in this Court asserts one cause of action: that Defendants as officers of Clark Fork and Blackfoot, LLC (CFB) breached fiduciary duties owed to creditors of CFB. Nowhere in the Complaint does Magten assert any claim for fraudulent conveyance or any claim to invalidate the transfer of assets by CFB to its parent corporation. Nor could it raise such complaints without invoking the jurisdiction of the federal bankruptcy court, thus divesting this Court of jurisdiction.

Magten further misstates the significance of Judge Case's August 20 opinion in an attempt to lend credence to the allegations raised by Magten in this Court. Magten erroneously cites Judge Case's opinion for the proposition that Magten has a cause of action against CFB and its officers. Judge Case's August 20 opinion, however, holds only that Magten has standing to

assert a claim for fraud against NorthWestern Corporation, an allegation Magten does not make here. Judge Case's August 20 and July 23 opinions, however, are dispositive in that they hold (a) that Magten was never a creditor of CFB, an allegation Magten must prove if it is to prove that CFB's officers owed it any fiduciary duty in the first place[1], (b) that CFB owes no duty to any QUIPS holder under either the Trust Indenture or the Guaranty Agreement, and (c) that only *NorthWestern* may be liable for the unwinding of the going flat transaction *if and only if* Magten can prove to the Bankruptcy Court that NorthWestern committed fraud. Moreover, Judge Case's August 20 order has now rendered moot whether the Trustee or the QUIPS holders waived their right to challenge the validity of the going flat transaction since Judge Case determined that CFB's obligations under the Trust Indenture and the Guaranty Agreement were released in the going flat transaction.

Finally, the "factual issues" raised by Magten here are irrelevant to whether they have standing to assert claims of their predecessors-in-interest. First, what Magten's predecessors may have known at the time of the transfer is not relevant to what Magten itself knew when it acquired the QUIPS. Secondly, while Magten may have acquired the QUIPS securities without a written conveyance instrument, it cannot acquire the rights to choses in action related to those securities without a written instrument.

## Argument

**I.    The finding that Magten is not, and never was, a creditor of CFB is dispositive of the issues pending before this Court.**

In its response to Defendants' motion to dismiss, Magten conveniently ignores that the Defendants also have pending before this Court a Motion to Dismiss in which Defendants argue that, as a matter of law, as "officers" of CFB they owed no fiduciary duties to the creditors of CFB on November 15, 2002, the date of the going flat transaction. Judge Case, in his first opinion dated July 23, 2004, made a specific finding that Magten was not – and is not today – a creditor of Clark Fork. Exh. E to Defs.' Stmt. Of Uncontroverted Facts, J. Case Memorandum

---

[1] Defendants' have filed a Motion to Dismiss the Complaint on grounds that they owe no fiduciary duties to Plaintiff. That Motion is currently pending before this Court.

-3-

Decision dated 7/23/04 at p. 3 ("the Debtor [NorthWestern] asserts and Magten has not disputed, that Magten was never a creditor of Clark Fork ..."); at p. 6 ("Magten was not a creditor of Clark Fork at the time the transaction took place."); at p. 7 ("even if third party creditors were injured by the transaction, Magten was not one of them.") This adjudicative fact is not disputed. See, Pl.'s Statement of Genuine Issues, at p 4, ¶ 13; p 5, ¶ 20. This adjudicative fact is dispositive of both the Defendants' Motion to Dismiss[2] and this Motion for Summary Judgment, not because Judge Case made any specific finding about the standing of Magten to sue the officers of CFB – indeed, the officers are not parties to the NorthWestern Bankruptcy proceeding and Judge Case made no such explicit finding – but because the fact that Magten never was a creditor of CFB may be properly relied upon by this Court in ruling in favor of the Defendants here and dismissing this case with prejudice.

     Magten further conveniently glosses over the fact that both Judge Case's July 23 ruling and the deposition of Talton Embry, Magten's sole owner, occurred *after* the Defendants filed their Motion to Dismiss. Magten also ignores the fact that both these events occurred *before* Magten responded to either Defendants' Motion to Dismiss or Motion for Summary Judgment. Thus, Magten had in its possession facts relevant to this case *before* these facts were known to the Defendants. It is therefore disingenuous at the very least for Magten to suggest that these facts should have been raised when the Defendants filed their Motion to Dismiss. Any suggestion by Magten that the standing issue should have been raised earlier is simply misplaced and should be summarily disregarded as a desperate attempt by Magten to avoid an issue which proves fatal to their case.

---

[2] If the Court decides to rely upon this adjudicative fact, the Court certainly may convert Defendants' Motion to Dismiss into a Motion for Summary Judgment since Magten has had the opportunity to respond to this adjudicative fact and its relevance to these proceedings. Fed. R. Civ. P. 12(b).

- 4 -

## II.   The import of Judge Case's August 20 Opinion.

Magten blatantly misconstrues the import of Judge Case's August 20, 2004 order when it says that Judge Case held that Magten has standing to pursue fraud claims against CFB. Pl.'s Response to Defs' Mtn. for Summary Judgment, p.1. In his August 20 Opinion, Judge Case makes several findings: First, there was no guarantee that the transferee of the QUIPS obligations had to be solvent. Exh. E to Decl. of J. Devlan Geddes, J. Case Under Advisement Decision re: Motion to Dismiss, dated 8/20/04 at p. 5. As a result, Magten's reliance on solvency as a "genuine issue" is both misplaced and irrelevant. Second, CFB and NorthWestern fully complied with section 1102 of the Trust Indenture and with the terms of the Guaranty Agreement, such that CFB was fully released from all obligations to the QUIPS holders as of the date of the going flat transaction. Id. at pp. 6-9. Third, because Judge Case determined that CFB's obligations under the Trust Indenture and the Guaranty Agreement were released in the going flat transaction, the issue of whether the Trustee or the QUIPS holders waived their right to challenge the validity of the going flat transaction is now moot. See, generally, id. Fourth, Magten may maintain its adversary proceeding *only against NorthWestern* if, and only if, *NorthWestern* committed fraud. Id. at 11. No where in Judge Case's Opinion does he even remotely suggest that Magten has any standing to bring this action against officers of CFB as Magten has asserted. Compare, Pl.'s Response to Motion for Summary Judgment at p. 1 to Judge Case's Opinion generally. Indeed, Magten's own Complaint does not allege a fraudulent conveyance by the Defendants here; the only count of the Complaint is one for alleged breach of fiduciary duty. Moreover, even if Magten could bootstrap Judge Case's August 20, 2004 order to form the legal basis for this suit against officers of CFB, then just as Judge Haddon recently ordered in Magten Asset Management Corporation v. Paul Hastings Janofsky & Walker, LLP, CV-04-40-BU-SEH,[3] this Court should find that these issues are integrally related to the

---
[3] A copy of Judge Haddon's Memorandum and Order dated September 8, 2004, is attached as Exhibit 1.

1  NorthWestern bankruptcy estate and transfer jurisdiction of this case to the Delaware Bankruptcy
2  Court where it would be properly adjudicated as part of the NorthWestern bankruptcy estate.
3        The lynchpin of Judge Case's August 20 order is that Magten will be permitted to
4  continue its Adversary Proceeding and attempt to prove *NorthWestern, not CFB or its officers,*
5  engaged in fraud – allegations not raised by Magten in these proceedings. Judge Case has
6  exonerated CFB of all wrongdoing or liability with respect to the going flat transaction and has
7  found that CFB was released of all obligations under the Trust Indenture and Guaranty
8  Agreements. Exh. E to Decl. of J. Devlan Geddes, J. Case Decision at p. 8 ("Here, the Indenture
9  specifically provides that Clark Fork is released from its underlying liability on the debentures in
10 a Section 1101 transaction. All of those obligations, including making distributions to the Trust
11 for the purposes of paying the Holders, now lie exclusively with the successor in interest, here
12 Debtor NorthWestern. Given the quasi *in rem* nature of the guarantee, [footnote omitted] it is
13 nonsensical that a stranger to the transaction (Clark Fork after the Section 1101 transaction)
14 would retain any liability under the Guarantee. It only makes sense that any such liability has
15 been released as well."); p. 9 ("the Court concludes that Plaintiffs are not creditors of Clark Fork
16 because of the Guarantee. Rather, Clark Fork's obligations under the Guarantee, to the same
17 extent as its obligations under the Debenture, were released in the Section 1101 transaction with
18 NorthWestern.")
19       These facts and conclusions are consistent with the Defendants' position that
20 NorthWestern, as the sole Member and Manager of CFB, had the authority to direct and
21 implement the going flat transaction, and thus alone retains the liability, if any, with respect to
22 that transaction. The Defendants here as the officers of CFB were merely performing ministerial
23 acts implementing the mandates of the sole decision maker, a fact documented by that Written
24 Consent of Sole Member and Manager to Action in Lieu of Meeting, dated 8/7/02, attached as
25 Exh. E to Defs.' Stmt. of Uncontroverted Facts, and a fact that Magten neither disputes nor
26 rebuts with its own contrary evidence, documents or affidavit testimony. See, Pl.'s Statement of
27 Genuine Issues, p. 2-3 ¶ 9.

### III. Magten lacks standing to assert a breach of fiduciary duty.

Magten misapprehends the Defendants' argument that Magten lacks standing to assert a claim for breach of any fiduciary duty which these Defendants may have owed to creditors of CFB on the date of the "going flat" transaction (a legal proposition which the Defendants deny and is the basis for their Motion to Dismiss). As the Defendants explained in their brief in support of their Motion for Summary Judgment, a chose in action is a separate and distinct property right as a matter of law. Any chose in action which either the Trustee or the holder of the QUIPS may have had with respect to the Defendants here was personal to them and would have had to have been conveyed separately to Magten when it first acquired its interest in the QUIPS months after the going flat transaction closed and when Magten continued to acquire additional QUIPS even after Magten's owner admitted he was aware that NorthWestern was insolvent. The fact that a sale of securities does not come within Montana's statute of frauds is irrelevant; the issue is not the sale of the securities but rather the sale (or more accurately the lack of any evidence of a sale) of a chose in action for breach of fiduciary duty by former owners of the QUIPS to Magten. If Magten had evidence of such a sale, it should have produced that evidence in its opposition to the Defendants' Motion for Summary Judgment. There obviously is no such evidence.

In this light, it is telling that the QUIPS Property Trustee has not brought any action in this Court on behalf of the present or former holders of QUIPS against either CFB or the individual officers who are Defendants here. Rather, the Trustee has focused upon the acts of NorthWestern which, as the Defendants here have already explained to the Court, was and is the sole owner of CFB and factually and legally had the power to make, and did in fact make, all decisions related to the going flat transaction.

### IV. Magten is not entitled to invoke the equitable powers of this Court.

A fundamental maxim of legal jurisprudence is that "no one can take advantage of his own wrong." Mont. Code Ann. § 1-3-208. In litigation involving the fiduciary duties that partners in a joint venture owed to each other and the calculation of damages resulting from a

breach of such duties, the Montana Supreme Court held that "equity will refuse to aid a party whose claims had their inception in his own wrongdoing, whether the victim of the wrongdoing is the other party or a third party." Murphy v. Redland, 178 Mont. 296, 309, 583 P.2d 1049, 1056 (1978); accord, Kauffman-Harmon v. Kauffman, 307 Mont. 45, 52, 36 P.3d 408, 413.

Here, Magten knew of the going flat transaction. Exh. B, Defs.' Stmt. of Uncontroverted Facts, Embry Dep. Tr. p. 33, l. 16 – p. 34, l. 2; p. 37, l. 2-6. Mr. Embry is a "veteran" investor of distressed securities. Id. at p. 14, l. 19-22; p. 78, l. 10-12. Magten conducted due diligence before its initial acquisition of the QUIPS. Id. at p. 16-20. Magten knew at the time it purchased the QUIPS that NOR had restated its financial statements. Id. at p. 80, l. 8-16 (*testifying* that he read "what was available in the S.E.C. documents for Montana Power, Montana Capital and NorthWestern." Because NorthWestern's amended 10Qs for the first three quarters of 2002 are public documents on file with the SEC, this Court can take judicial notice, pursuant to Fed. R. Evid. 201 and 1005, that the amended financial statements were filed with the SEC on April 16, 2003 and thus, were available for Magten's review prior to its initial acquisition of the QUIPS "at the end of April, 2003." Dep. Tr. p. 20, l. 10.) Having conducted due diligence and having made the informed decision to speculate on distressed securities knowing full well that NorthWestern not only restated its financial statements but also stated in its SEC filings that filing for bankruptcy protection might be a likely event in the near future, Magten cannot seek to profit from its own actions by asserting the officers of CFB breached some alleged fiduciary duty owed to a predecessor in interest of which it does not have standing to represent.

**V.    Magten has raised no material issues of disputed fact.**

As is evident from both the Complaint and the briefs filed by Magten, Magten relies upon artful pleading and deliberate obfuscation in an effort to keep their case alive before this Court. On the one hand, Magten suggests to the Court that the Defendants' Motion for Summary Judgment is "premature" because no discovery has been completed. Yet, Magten has chosen to respond substantively to the Motion and has *not* seen fit to file a motion pursuant to Fed. R. Civ. P. 56(f), perhaps because Magten recognizes there is no justification to conduct discovery on the

issues raised in Defendants' Motion for Summary Judgment since the *material* facts are not in dispute and thus no discovery is needed for the Court to resolve the issues before it.

On the other hand, Magten's Statement of Genuine Issues is no more than a compilation of legal conclusions and allegations which are not material to the legal issues presented in the Defendants' Motion for Summary Judgment. As Judge Case found, it matters not whether NorthWestern was insolvent or placed CFB within a zone of insolvency since NorthWestern and CFB fully complied with the terms of the Trust Indenture and Guaranty Agreement. Thus, there is no basis for Magten to allege the individual officers of CFB owed a fiduciary duty to a party (Magten) which acquired any interest in the QUIPS literally months after the going flat transaction occurred. Likewise, Magten has no standing to sue the Defendants here for an alleged breach of fiduciary duty when it is undisputed, even by Magten, that NorthWestern was the sole decision maker with respect to the going flat transaction. Having conceded these material facts and in light of Judge Case's orders, the Defendants here are entitled to summary judgment in their favor and Magten's Complaint should be dismissed with prejudice.

### Conclusion

For the foregoing reasons, and the reasons provided both in support of the Defendants' Motion to Dismiss and in this Motion for Summary Judgment, summary judgment should be entered in Defendants' favor and this action should be dismissed with prejudice.

DATED this 27th day of September, 2004.

BROWNING, KALECZYC, BERRY & HOVEN, P.C.

By *Kimberly Beatty*

Stanley T. Kaleczyc
Kimberly A. Beatty
BROWNING, KALECZYC, BERRY & HOVEN, P.C.
139 North Last Chance Gulch
P.O. Box 1697
Helena, MT 59604-1697
Phone: (406) 443-6820
Fax: (406) 443-6883

Attorneys for Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of September, 2004, a true copy of the foregoing was mailed by first-class mail, postage prepaid, addressed as follows:

James Goetz
J. Devlan Geddes
Goetz, Gallik & Baldwin, P.C.
35 North Grand
P.O. Box 6580
Bozeman, MT 59771-6580

Bonnie Steingert
John W. Brewer
Fried, Frank, Harris, Shriver & Jacobson, LLP
One New York Plaza
New York, NY 10004

*Jennifer Mahlum*
BROWNING, KALECZYC, BERRY & HOVEN, P.C.

**RECEIVED**

SEP 1 0 2004

POORE, ROTH & ROBINSON, P.C.
OUR FILE NO. 2680-11679

FILED
GREAT FALLS DIV. 24

'04 SEP 8 PM 4 20

[signature] DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | |
|---|---|
| MAGTEN ASSET MANAGEMENT CORPORATION Suing individually and derivatively on behalf of CLARK FORK AND BLACKFOOT, LLC,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>PAUL HASTINGS JANOFSKY & WALKER LLP,<br><br>　　　　　　　　　Defendant. | No. CV 04-49-BU-SEH<br><br>**MEMORANDUM AND ORDER** |

## INTRODUCTION

Magten Asset Management Corporation brought this action "individually and derivatively on behalf of CLARK FORK AND BLACKFOOT, LLC" in Montana state district court alleging breach of fiduciary duties, aiding and abetting fraudulent transfer, civil conspiracy and malpractice.[1] Defendant removed to this Court under 28 U.S.C. § 1452(a) as a case "related to"

---

[1] *Magten Asset Management Corporation Suing individually and derivatively on behalf of Clark Fork and Blackfoot, LLC v. Paul Hastings Janofsky & Walker LLP*, Cause No. DV 04-131, Montana Second Judicial District Court, Silver Bow County.

-1-



bankruptcy of Northwestern Corporation (Northwestern), parent corporation of Clark Fork and Blackfoot, LLC. Plaintiff has moved to remand. Defendant has moved to have the case transferred to the District of Delaware, where Northwestern's bankruptcy is pending, or to the District of New York. As an alternative to transfer, Defendant asks that the case be stayed pending the outcome of certain adversary proceedings involving Northwestern pending in the Delaware Bankruptcy Court. All motions are opposed.

## Motion to Remand

A case is "related to" bankruptcy "if the outcome could alter the debtors' rights, liabilities, options or freedoms of action (either negatively or positively) and which in any way impacts upon the handling and administration of the bankruptcy estate." In re Fietz, 852 F.2d 455, 457 (9th Cir. 1988)(quoting Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984)). Here, the claims asserted by Plaintiff are said to be brought in part on behalf of Clark Fork and Blackfoot, LLC. Clark Fork and Blackfoot, LLC is a wholly-owned subsidiary of Northwestern. Successful prosecution of this case could have a positive effect on the size and value of Northwestern's estate in bankruptcy, thus impacting, at a minimum, options available to the bankrupt, and administration of its estate. The "relating to" test of Fietz is met. This Court has jurisdiction. Remand for lack of jurisdiction is not appropriate.

## Motion to Transfer

A motion for transfer under 28 U.S.C. § 1404(a) may be granted if: "(1) . . . venue is proper in the transferor district; (2) . . . the transferee district is one where the action might have been brought; and (3) . . . the transfer will serve the convenience of the parties and witnesses and will promote the interest of justice." Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.,

-2-

820 F. Supp. 503, 506 (C.D. Cal. 1992). Such a motion is addressed to the discretion of the court and is to be decided on an individualized case-by-case consideration of convenience and fairness. Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000). Factors to be taken into account in evaluating convenience and fairness include: "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986)(quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)).

Upon review of the record and the materials provided by both parties, the Court is persuaded that the interests of justice and of convenience and fairness are best served by transfer of this case to the District of Delaware. As noted, Plaintiff already has filed an adversary proceeding claim in Northwestern's bankruptcy in Delaware, the outcome of which may substantially impact the vitality of the claims asserted in this case. Many of the obligations claimed against Defendant in the Montana case appear to mirror allegations in the adversary proceedings. Plaintiff's choice of forum warrants less consideration since neither party is a citizen of Montana. Plaintiff is a citizen of Delaware. Both Plaintiff and Defendant have offices in New York. Neither has officers or employees in Montana. By all accounts, most of all the significant witnesses reside outside Montana. Substantially all legal activities giving rise to the case occurred outside Montana and in locations on the east coast. Records relating to the transactions in question are in venues located outside Montana and closer to Delaware than to Montana.

## ORDERED

1.  Plaintiff's Motion to Remand[2] is DENIED.

2.  Defendant's motion to transfer this case to the District of Delaware for the convenience of parties and witnesses and in the interest of justice[3] is GRANTED.

3.  Defendant's motion to stay is DENIED without prejudice to renewal following transfer to the District of Delaware.

The clerk is directed to transfer this case to the United States District Court for the District of Delaware.

DATED this 8th day of September, 2004.

SAM E. HADDON
United States District Judge

---

[2] Docket No. 16.

[3] Docket No. 15.

-4-