Stanley T. Kaleczyc
Kimberly A. Beatty
BROWNING, KALECZYC, BERRY & HOVEN, P.C.
139 North Last Chance Gulch
P.O. Box 1697
Helena, MT 59604-1697
Phone: (406) 443-6820
Fax: (406) 443-6883

Attorneys for Defendants.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | |
|---|---|
| MAGTEN ASSET MANAGEMENT CORPORATION,<br>Plaintiff,<br>v.<br>MIKE J. HANSON and ERNIE J. KINDT<br>Defendants. | Case No. CV-04-26-BU-RFC<br><br>**STATUS REPORT** |

Defendants, Michael J. Hanson and Ernie J. Kindt, by and through their counsel of record, hereby submit this Status Report to the Court.

On or about January 28, 2005 counsel for Plaintiff, Magten Corporation ("Magten"), notified this Court that the parties to this litigation were close to reaching a settlement as part of a larger global settlement in the NorthWestern Corporation bankruptcy proceedings that would have resolved all disputes between Plaintiff and NorthWestern Corporation, its officers, directors and advisors, and which global settlement, if finalized and consummated, would have resulted in the dismissal of this litigation with prejudice. On or about January 27, 2005, the parties did execute a letter agreement outlining a global settlement subject to certain conditions. On or about February 16, 2005, the settlement was terminated by NorthWestern Corporation because

the settlement as structured required, among other things, the consent of the Class 7 creditors under NorthWestern Corporation's Second Amended and Restated Plan of Reorganization dated as of August 18, 2004 (approved by the bankruptcy Court on October 19, 2004), and NorthWestern Corporation had been advised that such consent would not be given. Despite this fatal flaw to the settlement, Magten, along with Law Debenture Trust Company of New York ("Law Debenture"), filed a motion with the bankruptcy court seeking to enforce the terms of the proposed settlement. On March 10, the bankruptcy court found that the parties had entered into the settlement in good faith, but as a result of the refusal of the Class 7 creditors to consent, the settlement could not be enforced. Therefore, the Honorable John L. Peterson denied Magten's and Law Debenture's motion. On March 17, 2005, Magten and Law Debenture appealed that decision to the United States District Court for the District of Delaware, where the matter is now currently pending. See, Exhibit A, attached. Thus, a global settlement appears unlikely at this time.

Currently pending before this Court is Defendants' fully briefed Motion to Dismiss. Defendants moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12, for Magten's failure to state a claim against Defendants for which relief may be granted since: (1) as a matter of law, only NorthWestern Corporation and not the named Defendants had the legal authority to order the transfer of certain assets and liabilities from its wholly owned subsidiary to the corporate parent; (2), as a matter of law, the named Defendants owed no fiduciary duty to Magten or any other holder of QUIPS which were general creditors of the limited liability company; and (3) in any event, the terms of the relevant documents on which Magten bases its claim permitted the transfer of the assets and liabilities at issue here from the limited liability company to NorthWestern Corporation. Because the Motion to Dismiss is still pending, Defendants have not yet filed their Answer to the Complaint. A preliminary pretrial conference has not yet been scheduled, initial disclosures have not yet been made, and discovery in this matter has not yet commenced.

DATED this 25th day of March, 2005.

BROWNING, KALECZYC, BERRY & HOVEN, P.C.

By Kimberly Beatty

Stanley T. Kaleczyc
Kimberly A. Beatty
BROWNING, KALECZYC, BERRY & HOVEN, P.C.
139 North Last Chance Gulch
P.O. Box 1697
Helena, MT 59604-1697
Phone: (406) 443-6820
Fax: (406) 443-6883

Attorneys for Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of March, 2005, a true copy of the foregoing was mailed by first-class mail, postage prepaid, addressed as follows:

Bonnie Steingert
John W. Brewer
Fried, Frank, Harris, Shriver & Jacobson, LLP
One New York Plaza
Newy York, NY 10004

James H. Goetz
J. Devlan Geddes
Goetz, Madden & Dunn, P.C.
35 N. Grand
P.O. Box 6580
Bozeman, MT 59771-6580

Jennifer Mahlum
BROWNING, KALECZYC, BERRY & HOVEN, P.C.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NORTHWESTERN CORPORATION, | Case No. 03-12872 (JLP) |
| Debtor. | |

# NOTICE OF APPEAL

***PLEASE TAKE NOTICE*** that Magten Asset Management Corporation and Law Debenture Trust Company of New York, by and through their undersigned counsel, hereby appeal to the United States District Court for the District of Delaware from the Order Denying Joint Motion of Magten Asset Management Corporation and Law Debenture Trust Company of New York (the *"Order"*), which was entered by United States Bankruptcy Judge John L. Peterson on March 10, 2005 [Docket No. 2911]. Copies of the Order appealed from, and the Memorandum Opinion Denying Joint Motion of Magten Asset Management Corporation and Law Debenture Trust Company of New York, are attached hereto as Exhibits "A" and "B", respectively.

The names of all parties to the order appealed from and the names, addresses and telephone numbers of their respective attorneys are as follows:

120087.01600/40151649v1

EXHIBIT
A

| **Parties** | **Attorneys** | |
|---|---|---|
| Magten Asset Management Corporation | Mark J. Packel, Esq.<br>Elio Battista, Jr., Esq.<br>Blank Rome LLP<br>1201 Market Street, Suite 800<br>Wilmington, DE 19801<br>Telephone: (302) 425-6400 | Bonnie Steingart, Esq.<br>Gary L. Kaplan, Esq.<br>Fried, Frank, Harris, Shriver & Jacobson LLP<br>One New York Plaza<br>New York, NY 10004<br>Telephone: (212) 859-8000 |
| Law Debenture Trust Company of New York | Kathleen M. Miller, Esq.<br>Smith, Katzenstein & Furlow, LLP<br>800 Delaware Avenue, 7th Floor<br>P.O. Box 410<br>Wilmington, DE 19899<br>Courier 19801<br>Telephone: (302) 652-8400 | Amanda D. Darwin, Esq.<br>John V. Snellings, Esq.<br>Lee Harrington, Esq.<br>Nixon Peabody LLP<br>100 Summer Street<br>Boston, MA 02110<br>Telephone: (617) 345-1000 |
| NorthWestern Corporation | Scott D. Cousins, Esq.<br>William E. Chipman, Jr., Esq.<br>Greenberg Traurig, LLP<br>The Brandywine Building<br>1000 West Street, Suite 1540<br>Wilmington, DE 19801<br>Telephone: (302) 661-7000 | Jesse H. Austin, III, Esq.<br>Karol K. Denniston, Esq.<br>Paul, Hastings, Janofsky & Walker LLP<br>600 Peachtree Street, Suite 2400<br>Atlanta, GA 30308<br>Telephone: (404) 815-2400 |
| The Plan Committee | Neil B. Glassman, Esq.<br>Charlene Davis, Esq.<br>Eric Sutty, Esq.<br>The Bayard Firm<br>222 Delaware Avenue, Suite 900<br>P.O. Box 25130<br>Wilmington, DE 19899<br>Telephone: (302) 655-5000 | Alan W. Kornberg, Esq.<br>Margaret A. Phillips, Esq.<br>Ephraim I. Diamond, Esq.<br>Paul, Weiss, Rifkind, Wharton & Garrison LLP<br>1285 Avenue of the Americas<br>New York, NY 10019<br>Telephone: (212) 373-3000 |
| The Ad Hoc Committee of Class 7 Debtholders | Adam G. Landis, Esq.<br>Landis, Rath & Cobb LLP<br>919 Market Street, Suite 600<br>Wilmington, DE 19801<br>Telephone: (302) 467-4400 | Philip Bentley, Esq.<br>Mathew J. Williams, Esq.<br>Kramer, Levin, Naftalis & Frankel LLP<br>919 Third Avenue<br>New York, NY 10022<br>Telephone: (212) 715 -9100 |

Cornerstone Propane Operating LLC

Allan S. Brilliant, Esq.
Paul D. Malek, Esq.
Milbank, Tweed, Hadley & McCloy LLP
One Chase Manhattan Plaza
New York, NY 10005
Telephone: (212) 530 - 5000

Dated: March 17, 2005

**BLANK ROME LLP**

Mark J. Packel (DE No. 4048)
Elio Battista, Jr. (DE No. 3814)
1201 Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 425-6400
Facsimile: (302) 425-6464

- and -

**FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP**
Bonnie Steingart
Gary L. Kaplan
One New York Plaza
New York, NY 10004
Telephone: (212) 859-8000
Facsimile: (212) 859-4000

Counsel for Magten Asset Management Corporation

- and -

**SMITH, KATZENSTEIN & FURLOW, LLP**

*/s/ Kathleen M. Miller*
Kathleen M. Miller (I.D. No. 2898)
800 Delaware Avenue, 7th Floor
Wilmington, DE 19801
Telephone: (302) 652-8400
Facsimile: (302) 652-8405

120087.01600/40151649v1

- and -

**NIXON PEABODY LLP**
Amanda D. Darwin, BBO No. 547654
John V. Snellings, BBO No. 548791
Lee Harrington, DE No. 4046
100 Summer Street
Boston, MA  02110
Telephone:    (617) 345-1000
Facsimile:    (617) 345-1300

Counsel for Law Debenture Trust Company of New York

491312

**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| NORTHWESTERN CORPORATION, | ) | Case No. 03-12872 (JLP) |
| | ) | |
| Reorganized Debtor. | ) | Re: Docket No. 2832 |
| | ) | |

**ORDER DENYING JOINT MOTION OF MAGTEN ASSET MANAGEMENT CORPORATION AND LAW DEBENTURE TRUST COMPANY OF NEW YORK**

For the reasons set forth in the Court's Memorandum Opinion of this date, the Joint Motion of Magten Asset Management Corporation and Law Debenture Trust Company of New York as Indenture Trustee for Order Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure Approving a Settlement Between Northwestern Corporation, Magten Asset Management Corporation, and Law Debenture Trust Company of New York [Docket No. 2832] is **DENIED**.

Dated: March 10, 2005

The Honorable John L. Peterson
United States Bankruptcy Judge

**EXHIBIT B**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| NORTHWESTERN CORPORATION, | ) | Case No. 03-12872 (JLP) |
| | ) | |
| Reorganized Debtor. | ) | Re: Docket No. 2832 |
| | ) | |

**MEMORANDUM OPINION DENYING JOINT MOTION OF MAGTEN ASSET MANAGEMENT CORPORATION AND LAW DEBENTURE TRUST COMPANY OF NEW YORK**

Magten Asset Management Corporation ("Magten") and Law Debenture Trust Company of New York as Indenture Trustee (the "Indenture Trustee") submitted, pursuant to this Court's direction, a motion for entry of an order under Federal Rule of Bankruptcy Procedure 9019[1] approving a proposed settlement agreement (the "Settlement Agreement") with Northwestern Corporation (the "Debtor") involving litigation and claims by each of the parties [Docket No. 2832] (the "Motion"). Prior to the filing of the Motion, the Debtor had received correspondence from the Plan Committee, which was established under section 7.9 of the Debtor's Confirmed Amended Chapter 11 Plan of Reorganization,[2] and certain other creditors objecting to the terms of the proposed settlement. On February 16, 2005, the Debtor advised Magten and the Indenture Trustee that it would not honor or comply with the proposed Settlement Agreement on grounds

[1] Federal Rule of Bankruptcy Procedure 9019 invokes the authority of the court to approve a compromise or settlement upon motion by the trustee. Under 11 U.S.C. § 1107, a debtor-in-possession in a chapter 11 case has the power of a trustee. However, in this case, the plan of reorganization has been confirmed, and under section 1141(b), the confirmation of the plan vests all of the property of the estate in the debtor. Thus, there is no longer a debtor-in-possession, *i.e.*, trustee. The present motion is filed pursuant to the terms of the settlement agreement and the Court may, under these circumstances, adopt and utilize the criteria commonly employed to approve or reject compromise agreements.

[2] The Debtor's Second Amended and Restated Plan of Reorganization Under Chapter 11 of the Bankruptcy Code was approved on October 29, 2004 [Docket No. 2238].

that the agreement required consent of the Class 7 creditors and that such consent could not be obtained.

After the Court signed an order directing Magten *et al.* to file a motion for approval of the settlement agreement, the Motion was set for hearing for March 8, 2005. In response to the Motion, objections to approval of the Settlement Agreement were filed by the Debtor, the Plan Committee and the Ad Hoc Committee of Class 7 Creditors.[3] To these objections, Magten and the Indenture Trustee filed a joint reply. At the hearing, counsel for the respective parties presented oral argument in support of their respective positions.

The Settlement Agreement arises from a series of ongoing litigation between Magten, the Debtor, the Debtor's officers and counsel involving ten separate, but interrelated, matters. At the outset, I determine that the pending matter is properly before the Court, as the Court invited the present motion to resolve NorthWestern's representations at a prior hearing that a settlement had been reached and required formal application for court approval. I further determine that Magten's argument that the agreement is binding on the parties without court approval is without merit. Indeed, the settlement documents plainly state that the agreement was subject to Bankruptcy Court approval. Thus, case authority dealing with section 363 of the Bankruptcy Code[4] (sale of property of the estate outside the ordinary course of business), *Northview Motors, Inc. v. Chrysler Motors Corp.*, 186 F.3d 346 (3d Cir. 1999), or the fact that the Plan has vested

---

[3] The Ad Hoc Committee consists of Avenue Capital Partners, Drawbridge Special Opportunities Advisors LLC, Greenwich International Ltd., Harbert Distressed Investment Master Fund, Ltd., SOF Investments, L.P., Nationwide Life Insurance Company, Nationwide Mutual Insurance Company, and P. Schoenfeld Asset Management LLC.

[4] Unless otherwise indicated, all citations to statutory sections are to the Bankruptcy Code ("Code"), 11 U.S.C. § 101 *et seq.*

the property in the Debtor and there is no longer a debtor-in-possession, *In re W.R.M.J. Johnson Fruit Farm, Inc.*, 107 B.R. 18 (Bankr. W.D. N.Y. 1989); *In re Nelson Co.*, 117 B.R. 813 (Bankr. E.D. Pa. 1990), are beside the point. Indeed, the issues raised by the objections make clear that the Court must decide whether the Settlement Agreement violates or is consistent with the terms of the Confirmed Plan in order to approve or reject the agreement. This is particularly true because section 7.9 of the Confirmed Plan provides that the Plan Committee was created for "the purpose of overseeing the remaining Claims reconciliation and settlement process," and if a settlement exceeds $100,001, which the present settlement surely does, the Debtor must settle in accordance with the Plan Committee By-Laws, "which provides the Plan Committee with, among other things, the right to object [to] such claims." Finally, it is clear from oral argument that the settlement provisions do impact the rights of Class 7 and Class 9 creditors, and thus court supervision is essential to protect such rights.

The present argument essentially involves the application of claims arising under unsecured subordinated notes called QUIPS, which were allowed in the Plan in the amount of $69,537,873.00. The Indenture Trustee administers such notes and Magten is one of the holders of such notes. Article IV, section 4.8(b)(ii) of the Plan provides that QUIPS note claimants may opt to receive payment of their notes in full under one of two options, but not both, namely:

> (1) a Pro Rata Share of 505,591 shares of New Common Stock . . ., plus Warrants exercisable for an additional 2.3% of New Common Stock (collectively, "Option 1"); or
>
> (2) a Pro Rata Share of recoveries, if any, upon resolution of the QUIPS Litigation ("Option 2").

Option 2 is involved in the settlement language. Under Option 2, such holders of claims shall be treated as a Class 9 General Unsecured Claim, "subject to estimation and reserves of Disputed

Claims as provided in section 7.5 of the Plan, with Distributions to holders of Class 8(b) Unsecured Subordinated Note Claims which choose Option 2 being made, if at all, only upon entry of a Final Order resolving the QUIPS Litigation (unless otherwise agreed to by the Debtor and the Committee); . . . ."

The QUIPS Litigation involves an action by Magten and the Indenture Trustee seeking to upset a transfer of assets to the Debtor from an entity known as Clark Fork and Blackfoot LLC, under circumstances alleged to occur through actual fraud (Adv. Pro. No. 04-53324). Allied with this adversary action is Magten's and the Indenture Trustee's appeal of the confirmation order, actions against an officer of the company, action against counsel for the Debtor and objections to the award of attorney's fees of said counsel, among other pending matters.

The settlement proposal calls for termination of all litigation and provides allocation and payment of the following by NorthWestern to Magten and the Indenture Trustee: (1) distribution of 382,732 shares of common stock at the reorganization plan value of $20.00 per share, plus 710,449 warrants at a value of $4.50 each; and (2) distribution of those shares of common stock of set aside in a disputed claim reserve pursuant to a stipulation and court order establishing such reserve [Docket No. 2298, November 1, 2004], having a Plan value of $17.1 million, plus $300,000 of common stock from the general reserve set aside for Class 9 claimants. From these distributions, Magten and the Indenture Trustee would pay their own attorney's fees and costs (over $2 million) from the sale of such shares, the parties would execute mutual releases and all litigation would come to an end.

In the stipulation approved November 1, 2004, the parties agreed that Magten's proof of claim of $50 million would result in a reserve of 50% of the proof of claim, equaling $25 million of the Class 9 reserved shares, but to the extent that the litigation claim exceeded $25 million,

the "holders of such claims shall have any deficiency satisfied out of the general Disputed Claims Reserve" described in the Plan. That general Class 9 reserve set aside $140 million of shares for over forty disputed claims, only two of which have been resolved.

While the Plan Committee and the Ad Hoc Committee challenge the amount, and therefore the reasonableness of the settlement, the crux of the real objection comes from the manner in which Magten's shares are being distributed, its impact on Class 7 and Class 9 creditors and the violation of section 4.8(b)(ii) of the Plan.

The Plan provides that to the extent shares allocated to Class 8(b) are not distributed to Option 2 holders, those shares are to be distributed to Class 7 and Class 9 creditors. *See* Debtor's Second Amended and Restated Plan of Reorganization, Section 4.8(b)(ii). Thus, Magten and the other non-accepting QUIPS holders who took Option 2 received only a Class 9 claim, not a distribution from the 505,591 shares allocated to Option 1 holders. To grant, as the Settlement Agreement does, both types of recovery requires the consent of the Class 7 and Class 9 creditors, either by way of amendment to the Plan or absence of any objections from those classes. But a plan amendment is not legally available because the Plan has been substantially consummated and objection to the distribution has been presented vigorously by Class 7.

A confirmed plan may be modified or amended after confirmation, but only before substantial consummation has taken place. Section 1127(b) provides: "The proponent of a plan or the reorganized debtor may modify such plan at any time after confirmation of such plan and before substantial consummation of such plan . . . ." Indeed, Notice of Substantial Consummation of the Plan was filed on December 29, 2004 [Docket No. 2519], and the notice received widespread publication.

As to consent by Class 7 creditors, as set forth in the Ad Hoc Committee objection, their veto right to the settlement has been clearly stated. Moreover, it is clear that the parties to the settlement realized that the Debtor could not, as it states, "dip into" the Class 9 disputed claim reserve, which is in excess of the Maglen reserve of $25 million, to distribute stock to Magten and the Indenture Trustee for the benefit of Magten. Yet, it is admitted that this general reserve is clearly where the 382,732 shares must come from. To do so would not only set Options 1 and 2 on their head after confirmation, and therefore violate the Plan, but would, according to the Debtor, have a serious potential adverse impact on the reserve for other disputed claims. For example, PPL Montana's disputed claim of $140 million was reserved at $50 million by stipulation, claims from rejection of pension plan exceed $12 to $15 million, and Hyland's claim of $30 million is still unresolved. To date, Cornerstone's claim of $19.5 million and Comanche Park of $750,000 have been resolved, with distributions made from the general reserve. To resolve the remaining claims, which have an asserted amount of $120 million, there remains 3,720,600 shares with a Plan value of $74,412,000. Such financial dilemma surely means that it is imprudent to distribute the 382,732 shares to Magten from the Class 9 reserve over and above the reserve fixed by the November 1, 2004 Stipulation.

I conclude that the Debtor and Magten *et al.* entered into the Settlement Agreement in good faith, knowing nevertheless that the Plan provisions required the consent of the Class 7 and Class 9 creditors, and certainly both later realized the Plan, at this late date, cannot be amended to accommodate the settlement terms.

Had the settling parties agreed upon a settlement amount which equaled the amount of the Magten/Indenture Trustee reserve of $25 million, the agreement may have been able to carry the day, for the parties recognize that approval of a proposed settlement is within the "sound

discretion" of the Court, and the Court is not burdened to decide numerous questions of law or fact, but rather canvases the issues and circumstances attending the litigation, including cost, to determine whether the agreement falls below the lowest point in range of reasonableness. *In re Martin*, 91 F.3d 389 (3d Cir. 1996); *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983).

Since the Debtor has now concluded the settlement is not in the best interests of the estate, that it violates express provisions of the Plan and therefore cannot be implemented, particularly where Class 7 and Class 9 creditors vigorously object, as does the Plan Committee, the only conclusion for the Court is that the proposed Settlement Agreement must be rejected for the reasons set forth above. This memorandum does not foreclose further settlement negotiations, and indeed it may be in the best interest of all parties to revisit the present proposal within the limits of the Magten/Indenture Trustee reserve, with a potential supplement from other sources of new common stock, particularly where one of the objectors have taken note that an officer of the company was also the beneficiary of the proposed settlement.[5]

For the reasons set forth above, the Joint Motion of Magten and Law Debenture to approve the Settlement Agreement is DENIED without prejudice. A separate order denying the Motion shall enter.

Dated: March 10, 2005

The Honorable John L. Peterson
United States Bankruptcy Judge

[5] One unsettling fact, as stated at the hearing by counsel for the Indenture Trustee, is that the Option 1 bond holders who overwhelmingly voted in favor of the Plan have not received distribution of their shares of new Common Stock due to the dispute over payment and allocation of the Indenture Trustee's attorney's fees. Thus, that class is being held hostage by the continuing litigation, which apparently does not bother the objecting parties.