James H. Goetz
J. Devlan Geddes
**GOETZ, GALLIK & BALDWIN, P.C.**
35 North Grand
P.O. Box 6580
Bozeman, MT 59771-6580
Ph:   (406) 587-0618
Fax:  (406) 587-5144
E-mail: jim@goetzlawfirm.com
        devlan@goetzlawfirm.com



and

Bonnie Steingart
John W. Brewer
**FRIED, FRANK, HARRIS, SHRIVER & JACOBSON, LLP**
One New York Plaza
New York, NY 10004
Ph:   (212) 859-8000
Fax:  (212) 859-4000
E-mail: BreweJo@ffhsj.com

ATTORNEYS FOR PLAINTIFF, Magten
Asset Management Corporation



### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF MONTANA
### BUTTE DIVISION

| | |
|---|---|
| MAGTEN ASSET MANAGEMENT CORPORATION, | Cause No. CV-04-26-BU-RFC |
| Plaintiff, | **PLAINTIFF'S STATUS REPORT** |
| vs. | |
| MIKE J. HANSON and ERNIE J. KINDT, | |
| Defendants. | |

Plaintiff Magten Asset Management Corporation ("Magten") respectfully submits this

Status Report and Response to Defendants' Status Report.

**Status of Settlement**

Magten agrees with defendants that the previously-announced global settlement which would have resolved this dispute (as well as other disputes pending in other courts) is not being implemented at this time, although Magten does not concur with defendants' characterization of the situation. Although NorthWestern Corporation, an essential party to the prior global settlement, has reneged on the agreement, Magten continues to believe that the prior global settlement is binding and enforceable and respectfully disagrees with the recent decision of the U.S. Bankruptcy Court for the District of Delaware declining to enforce it. (A copy of that decision, with Magten's notice of appeal therefrom, was submitted to this Court with defendants' status report). Magten is pursuing its appellate remedies with respect to this issue. If and when the settlement agreement is enforced and Magten receives the consideration it bargained for, it will discontinue this action. However, Magten believes it has no practical alternative but to move forward and prosecute this litigation vigorously while that appeal is pending.

**Status of Defendants' 12(b)(6) Motion.**

The 12(b)(6) motion was already fully briefed and awaiting decision when the defendants made the summary judgment motion which this Court denied. The Court's decision on the summary judgment motion finding there were genuine issues of disputed fact requiring a trial necessarily presumes that the complaint states a claim upon which relief could be granted, and Magten thus understood the Court to have necessarily rejected the arguments in defendants' motion to dismiss. However, Magten does not object to the defendants' request for a more explicit ruling on that issue. Magten respectfully refers the Court to the arguments set forth in its

August 2, 2004 response to the motion to dismiss.

**Discovery and Scheduling.**

Magten's counsel has asked defendants' counsel to agree to a time for the conference required by Fed. R. Civ. P. 26(f). Defendants' counsel has declined to proceed with that conference, citing the lack of an express ruling on the motion to dismiss. A motion to dismiss does not presumptively stay discovery. This case has now been pending for almost a year, and Magten has not yet been able to commence discovery. Magten respectfully requests the Court to set a date for the preliminary pretrial conference required by Fed. R. Civ. P. 16(b) and Local Civil Rule 16.2 (a conference which the rules contemplate will typically occur within a few months after the commencement of a case) for the first available date on or after Tuesday, May 3, 2005, which would thus require the parties to hold their 26(f) conference no later than 21 days earlier.

Should the Court believe for any reason that the Local Rule 16.2 conference would be inappropriate at this time, Magten respectfully requests in the alternative that the Court authorize Magten (as contemplated by Fed. R. Civ. P. 26(d)) to commence discovery without waiting for the Rule 26(f) conference in light of defendants' unwillingness to hold that conference at this time.

If the Court would prefer for any of these issues to be presented to it by formal motion, or would otherwise like to discuss the status of the case, Magten through its counsel will be happy to proceed as the Court may direct.

RESPECTFULLY SUBMITTED this 29th day of March, 2005.

        GOETZ, GALLIK & BALDWIN, P.C.

        By: _____
            J. Devlan Geddes

        ATTORNEYS FOR PLAINTIFF, Magten Asset
        Management Corporation

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served upon the following counsel of record, by the means designated below, this 29th day of March, 2005.

☒ U.S. Mail
☐ Federal Express
☐ Hand-Delivery
☐ Via Fax: (212) 859-4000

Bonnie Steingart
John W. Brewer
Fried, Frank, Harris, Shriver & Jacobson, LLP
One New York Plaza
New York, NY 10004
ATTORNEYS FOR PLAINTIFF

☒ U.S. Mail
☐ Federal Express
☐ Hand-Delivery
☐ Via Fax: (406) 443-6883

Kimberly A. Beatty
Browning, Kaleczyc, Berry & Hoven, P.C.
P. O. Box 1697
Helena, MT 59624
ATTORNEYS FOR DEFENDANTS

J. Devlan Geddes