

Stanley T. Kaleczyc
Kimberly A. Beatty
BROWNING, KALECZYC, BERRY & HOVEN, P.C
139 North Last Chance Gulch
P.O. Box 1697
Helena, MT 59624
Phone: (406) 443-6820
Fax: (406) 443-6883

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| MAGTEN ASSET MANAGEMENT CORPORATION, | ) Case No.: CV-04-26-BU-RFC |
| | ) |
| | ) |
| Plaintiff, | ) **ANSWER OF DEFENDANTS MICHAEL** |
| vs. | ) **J. HANSON AND ERNIE J. KINDT** |
| | ) |
| MIKE J. HANSON, and ERNIE J. KINDT, | ) |
| | ) |
| | ) |
| Defendant | ) |
| | ) |

Michael J. Hanson and Ernie J. Kindt, the remaining defendants in this action "defendants", through their attorneys of record, answer Plaintiff's Complaint as follows:

1.     With respect to the allegations contained in paragraph 1 of Plaintiff's Complaint, Defendants Hanson and Kindt admit that they had the titles of officers of Clark Fork and Blackfoot, LLC ("Clark Fork") as of November 15, 2002.  Defendants further admit that on or about September 14, 2003 NorthWestern Corporation ("NorthWestern") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  To the extent that paragraph 1 of Plaintiff's Complaint contains legal conclusions, Defendants are not required to respond to the



same. Defendants deny each and every other allegation contained in paragraph 1 of Plaintiff's Complaint for which a response is required.

2.    Defendants are without sufficient information concerning the allegations in paragraph 2 of Plaintiff's Complaint and therefore deny the same.

3.    Defendant Hanson denies that he is a citizen of the State of Montana and further denies that he resides in Montana. Defendant Hanson admits that as of November 15, 2002, he was Chief Executive Officer of Clark Fork.

4.    Jack D. Haffey is no longer a defendant in this lawsuit and therefore no response to paragraph 4 of Plaintiff's Complaint is required.

5.    Defendant Kindt admits the allegations contained in paragraph 5 of the Plaintiff's complaint.

6.    Ellen M. Senechal is no longer a party to this action and therefore no response to paragraph 6 of Plaintiff's Complaint is required.

7.    Defendants are without sufficient information concerning the citizenship of Plaintiff and therefore deny the allegations contained in paragraph 7 of Plaintiff's Complaint. If there is diversity of citizenship between the Plaintiff and the Defendants, then Defendants admit this Court has jurisdiction pursuant to 28 U.S.C. § 1332; however Defendants allege that this is not the only basis for federal jurisdiction.

8.    Defendants deny that all defendants reside in this Judicial District or that a substantial part of the events or omissions giving rise to the claims alleged in Plaintiff's Complaint occurred in this Judicial District and therefore deny the allegations contained in paragraph 8 of Plaintiff's Complaint.

9.      Upon information and belief, Defendants admit the allegations contained in paragraph 9 of Plaintiff's Complaint.

10.     Upon information and belief, Defendants admit the allegations contained in paragraph 10 of Plaintiff's Complaint.

11.     Defendants admit the allegations contained in paragraph 11 of Plaintiff's Complaint.

12.     Defendants admit the allegations contained in paragraph 12 of Plaintiff's Complaint.

13.     Defendants admit The Montana Power Company created Montana Power Capital 1 (the "Trust") on or about October 15, 1996 pursuant to that certain Trust Agreement executed by it and various other persons.  Defendants admit The Montana Power Company and various other persons executed that certain Amended and Restated Trust Agreement dated on or about November 1, 1996.  Defendants admit the Trust is a business trust established pursuant to the Delaware Business Trust Act.  Defendants admit the last sentence of paragraph 13 of Plaintiff's Complaint.  Defendants deny all other allegations contained in paragraph 13 of Plaintiff's Complaint.

14.     With respect to the allegations contained in paragraph 14 of Plaintiff's Complaint, Defendants admit that as of February 15, 2002 Clark Fork, then known as, Montana Power, LLC had succeeded to the Montana Power Company's obligations with respect to the Junior Debentures.  On November 15, 2002 NorthWestern succeeded to these same obligations.  Upon information and belief, Defendants admit the last sentence of paragraph 14 of Plaintiff's Complaint.

15.    With respect to the allegations contained in paragraph 15 of Plaintiff's Complaint, Defendants do not know what Plaintiffs mean by the term "special purpose vehicle" and therefore deny the allegations contained therein. Otherwise, the Trust Agreement identified in Plaintiff's Complaint speaks for itself and no response is required.

16.    With respect to the allegations contained in paragraph 16 of Plaintiff's Complaint, Defendants are informed and believe that Clark Fork has no current obligation to make any payments with respect Junior Debentures and thus deny the allegations contained in paragraph 16 of Plaintiff's Complaint. Otherwise, the terms of the Trust Agreement which set forth the operative terms with respect to the QUIPS and the Junior Debentures speak for themselves and no response is required.

17.    Defendants are informed and believe that The Montana Power Company sold the Junior Debentures to the trust which held the Junior Debentures as an investment. To the extent that the allegations contained in the remainder of paragraph 17 of Plaintiff's Complaint are legal conclusions, no response is required. To the extent that the remaining allegations of paragraph 17 purport to recite the terms and conditions of the Trust Agreement, that document speaks for itself and no response is required. Defendants are without personal knowledge as to the intent of The Montana Power Company in issuing the Junior Debentures and thus deny the remaining allegations of paragraph 17.

18.    Paragraph 18 of Plaintiff's Complaint purports to state the terms of section 6.10 of an indenture. To the extent that it does, the Indenture speaks for itself and thus no response is required.

19.    Defendants are without sufficient knowledge or information to respond to paragraph 19 of Plaintiff's Complaint and therefore deny the same.

20.    To the extent that paragraph 20 of Plaintiff's Complaint purports to paraphrase certain of the terms and conditions of the Guarantee Agreement, that Guarantee Agreement speaks for itself and no response is required. With respect to the last sentence of paragraph 20 of Plaintiff's Complaint, the sentence is unintelligible and therefore Defendants are unable to respond to the same. Further, to the extent that the last sentence of paragraph 20 calls for a legal conclusion, no response is required.

21.    Defendants admit the allegations contained in paragraph 21 of Plaintiff's Complaint.

22.    Defendants admit that on or about September 29, 2000 NorthWestern entered into a Unit Purchase Agreement with The Montana Power Company and Touch America Holdings to acquire the unit ownership of the Montana Power, LLC. To the extent that the allegations contained in paragraph 22 of Plaintiff's Complaint purport to paraphrase the terms of the Unit Purchase Agreement, that document speaks for itself and no response is required.

23.    The terms and conditions of the Merger documents speak for themselves, and thus, no response is necessary.

24.    To the extent the allegations in paragraph 24 of Plaintiff's Complaint purport to paraphrase or summarize the terms and conditions of the First Supplemental Indenture, that document speaks for itself, and thus, no response is required.

25.    To the extent the allegations in paragraph 25 of Plaintiff's Complaint purport to paraphrase or summarize the terms and conditions of a "letter agreement" or of the Guarantee Agreement, those documents speak for themselves, and thus, no response is required.

26.    Defendants admit that on February 15, 2002, pursuant to the terms of the Unit Purchase Agreement, NorthWestern acquired the unit ownership of MPLLC. To the extent that

the allegations contained in paragraph 26 purport to paraphrase the terms of the Unit Purchase Agreement, that document speaks for itself and no response is required. Insofar as neither MPLLC nor Clark Fork were the Sellers, allegations contained in the second and third sentences of paragraph 26 are irrelevant, imply legal conclusions which have no basis in fact or in law, and thus no response is required.

27.    Defendants admit that MPLLC was renamed NorthWestern Energy, LLC ("NWE"). Defendants affirmatively allege that NWE is now known as Clark Fork.

28.    Defendants admit NorthWestern entered into the Second Supplemental Indenture; however, to the extent that paragraph 28 of Plaintiff's Complaint purports to paraphrase the terms of the Second Supplemental Indenture, that document speaks for itself and thus no response is required. To the extent that the allegations contained paragraph 28 consist of one or more legal conclusions, no response is required.

29.    Defendants admit NorthWestern entered into an Amendment to the Guarantee Agreement; however, to the extent that paragraph 29 of Plaintiff's Complaint purports to paraphrase the terms of the Amendment to the Guarantee Agreement, that document speaks for itself and thus, no response is required. To the extent that paragraph 29 of Plaintiff's Complaint contains one or more legal conclusions, no response is required.

30.    To the extent that paragraph 30 of Plaintiff's Complaint purports to paraphrase the terms of a certain letter agreement, that document speaks for itself and no response is required. To the extent that paragraph 30 of Plaintiff's Complaint contains one or more legal conclusions no response is required.

31.    Defendants admit that on November 15, 2002, NorthWestern and Clark Fork and closed a transaction. The closing documents speak for themselves and thus, no further response

is required.  Defendants deny the allegations contained in paragraph 31 of Plaintiff's Complaint that are not consistent with the specific terms and conditions of the closing documents.  Further, Defendants specifically deny the allegations contained in the First Sentence of paragraph 31.

32.    To the extent that the allegations contained in paragraph 32 of Plaintiff's Complaint contain legal conclusions, no response is required.  To the extent that paragraph 32 of Plaintiff's Complaint purports to summarize terms, conditions and statements contained in various documents related to the closing of the agreement to transfer certain assets and liabilities from Clark Fork to NorthWestern, those documents speak for themselves and no response is required.   With respect to the last sentence of Paragraph 32 of Plaintiff's Complaint, Defendants are without sufficient knowledge and information with respect to such allegations and therefore deny the same.

33.    To the extent that paragraph 33 of Plaintiff's Complaint contains one or more legal conclusions, no response is required.  Otherwise, Defendants deny the allegations contained in paragraph 33 of Plaintiff's Complaint.

34.    The allegations contained in paragraph 34 of Plaintiff's Complaint are not specific as to time frame, and thus, it is impossible to respond to the same.

35.    Defendants deny the allegations contained in paragraph 35 of Plaintiff's Complaint.

36.    Defendants do not understand what Plaintiff means when it alleges that "no interest … was paid … since prior to the September 14, 2003" (emphasis added) and Defendants find this sentence unintelligible and, therefore, are unable to respond to the same.  Defendants are without sufficient information to know the amount of interest currently due or past due on the Junior Debentures.  The third sentence of paragraph 36 of Plaintiff's Complaint would require

ANSWER OF DEFENDANTS
HANSON AND KINDT                    7                    164314/1674.044

the Defendants to speculate as to what the trust might have done and, therefore, Defendants deny the same. The last sentence of paragraph 36 of Plaintiff's Complaint purports to paraphrase the terms of the Indenture, which document speaks for itself and, thus, no response is required. To the extent the last sentence of paragraph 36 of Plaintiff's Complaint calls for a legal conclusion, no response is required.

37.    Defendants admit that following the transfer of certain assets and liabilities from Clark Fork to NorthWestern, Clark Fork retained among its assets and liabilities the Milltown Dam and related environmental liabilities. Defendants deny the inference that these were the only assets and liabilities retained by Clark Fork.

38.    Defendants admit that after the transfer of certain assets and liabilities from Clark Fork to its parent corporation, NorthWestern Corporation operated the electric and natural gas transmission and distribution business in Montana as a division of NorthWestern, which division is known as NorthWestern Energy.

39.    Defendants admit the allegations contained in paragraph 39 of Plaintiff's Complaint.

40.    Defendants admit the allegations contained in paragraph 40 of Plaintiff's Complaint.

41.    Defendants deny the allegations contained in paragraph 41 of Plaintiff's Complaint. To the extent the allegations purport to paraphrase certain agreements between NorthWestern and Clark Fork, those certain agreements speak for themselves and no response is required.

42.    Defendants admit the allegations contained in paragraph 42 of Plaintiff's Complaint.

43.    Defendants affirmatively allege that NorthWestern's public financial documents speak for themselves, and thus, no response is required.  Defendants deny the remainder of the allegations contained in paragraph 43 of Plaintiff's Complaint.

44.    To the extent that the allegations contained in paragraph 44 of Plaintiff's Complaint contain legal conclusions, no response is required.  To the extent that the allegations contained in paragraph 44 of Plaintiff's Complaint require Defendants to speculate as to the future, no response is required.  Otherwise, Defendants deny the allegations contained in paragraph 44 of Plaintiff's Complaint.

45.    To the extent that paragraph 45 of Plaintiff's Complaint purports to paraphrase an April 8, 2004 Order of the United States Bankruptcy for the District of Delaware, that Order speaks for itself and no response is required.

## STATEMENT OF CLAIM

### FIRST CAUSE OF ACTION

#### (Breach of Fiduciary Duty)

46.    Defendants repeat and re-allege their responses contained in paragraph 1-45 of this Answer and incorporate them herein by reference.

47.    To the extent the allegations contained in paragraph 47 of Plaintiff's Complaint contain legal conclusions, no response is required.  Otherwise, Defendants deny the allegations contained in paragraph 47 of Plaintiff's Complaint.

48.    Defendants deny the allegations contained in paragraph 48 of Plaintiff's Complaint.

49.     To the extent the allegations contained in paragraph 49 of Plaintiff's Complaint contain legal conclusions, no response is required. Otherwise, Defendants deny the allegations contained in paragraph 49 of Plaintiff's Complaint.

50.     Defendants deny the allegations contained in paragraph 50 of Plaintiff's Complaint.

51.     Defendants deny the allegations contained in paragraph 51 of Plaintiff's Complaint.

52.     Defendants deny the allegations contained in paragraph 52 of Plaintiff's Complaint.

53.     Defendants deny the allegations contained in paragraph 53 of Plaintiff's Complaint.

54.     To the extent any allegation contained in Plaintiff's Complaint is neither admitted nor otherwise responded to, Defendants deny all such other allegations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

55.     Plaintiff fails to state a cause of action for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

56.     At all times material to this Complaint, Clark Fork formerly known as NWE and MPLLC, was a wholly owned subsidiary of NorthWestern and NorthWestern was the sole member and manager of Clark Fork. NorthWestern and not Defendants possessed the sole authority to make any decisions concerning the business operations of Clark Fork .

### THIRD AFFIRMATIVE DEFENSE

57.    At all times material to this Complaint, Defendants reasonably believed that NorthWestern and Clark Fork and were solvent.

### FOURTH AFFIRMATIVE DEFENSE

58.    At no time material to this Complaint did Defendants owe a fiduciary duty to any creditor of Clark Fork.

### FIFTH AFFIRMATIVE DEFENSE

59.    At no time material to this Complaint did Defendants owe a fiduciary duty to any creditor of NorthWestern.

### SIXTH AFFIRMATIVE DEFENSE

60.    Plaintiff was responsible, in whole or in part, for any damages which it may have suffered because it acquired its interest in the QUIPS after the November 15, 2002 transaction of which Plaintiff now complains.

### SEVENTH AFFIRMATIVE DEFENSE

61.    Plaintiff is responsible, in whole or in part, for any damages which it may have suffered because it knew, or should have known, of the financial condition of NorthWestern at the time it purchase its interest in the QUIPS.

### EIGHTH AFFIRMATIVE DEFENSE

62.    Both prior to and subsequent to the purchase by NorthWestern of the entire unit interest in MPLLC, it was a matter of public record that NorthWestern would hold the Montana electric and natural gas transmission and distribution business it was acquired pursuant to the terms of the Unit Purchase Agreement, as either a division of NorthWestern or as a wholly owned subsidiary of NorthWestern.  Thus, at all times material to the Complaint, Plaintiff knew,



or should have known, that NorthWestern had the legal authority to order and direct the transfer

of certain assets and liabilities associated with the Montana electric and natural gas transmission

and distribution business from its wholly owned subsidiary, Clark Fork, to the parent

corporation, which was the sole member and manager of the subsidiary.

## NINTH AFFIRMATIVE DEFENSE

63.     At all times material to this Complaint, it was a matter of public record that

NorthWestern intended to transfer certain of the assets and liabilities associated with the

Montana electric and natural gas transmission and distribution business in Montana from its

wholly owned subsidiary, Clark Fork to the parent, NorthWestern.  Thus, Plaintiff knew, or

should have known, that NorthWestern had the legal authority to order and direct the transfer of

certain assets and liabilities associated with the Montana electric and natural gas transmission

and distribution business in Montana from its wholly owned subsidiary, Clark Fork to the parent

corporation which was the sole member and manager of the subsidiary.

## TENTH AFFIRMATIVE DEFENSE

64.     The Indenture for Unsecured Subordinated Debt Securities relating to Trust

Securities, under the terms of which the Montana Power Company issued the Junior

Subordinated Interest Debentures provides on its face that Montana Power Company or its

successor in interest could assign the obligation to pay the Junior Debentures without the consent

of the holder of the QUIPS.  Thus, at all times material to this Complaint, Plaintiff knew, or

should have known, that NorthWestern had the legal authority to order and direct the transfer of

certain assets and liabilities, including assets and liabilities associated with Junior Debentures

and the QUIPS, from its wholly owned subsidiary, Clark Fork to the parent corporation,

NorthWestern, without the consent of the holders of the QUIPS.

## ELEVENTH AFFIRMATIVE DEFENSE

65.     At all times material to the Complaint, the Defendants reasonably believed Clark Fork received good and valuable consideration in the form of the assumption of liabilities of Clark Fork by NorthWestern Corporation and guarantees from NorthWestern to Clark Fork which would permit Clark Fork to meet its financial obligations.

## TWELFTH AFFIRMATIVE DEFENSE

66.     At all times material to this Complaint, Defendants reasonably believed the transfer of certain assets and liabilities associated with the Montana electric and natural gas transmission and distribution business from Clark Fork, to NorthWestern was done with no intent to harm any creditors, including any holders or other creditors of the QUIPS.

## THIRTEENTH AFFIRMATIVE DEFENSE

67.     The negligence of Plaintiff, Magten, was greater than the negligence, if any, of the Defendants. Thus, Plaintiff should take nothing from this action.

## FOURTEENTH AFFIRMATIVE DEFENSE

68.     Only the Trustee has standing to bring an action for breach of any duty associated with the failure to comply with the Indenture, and thus, Plaintiff has no standing to bring this action.

## FIFTEENTH AFFIRMATIVE DEFENSE

69.     At no time material to this Complaint were the Defendants, or either of them, consulted or had any discretion with respect to the decision of NorthWestern to transfer certain assets and liabilities associated and held by its wholly owned subsidiary, Clark Fork to the parent corporation.

## SIXTEENTH AFFIRMATIVE DEFENSE

70.    Venue is not proper in that not all the defendants live in this judicial district and a substantial part of the events or omissions giving rise to the claim occurred outside this judicial district.

## SEVENTEENTH AFFIRMATIVE DEFENSE

71.    This Court has jurisdiction pursuant to 28 U.S.C. §1334 since this case is related to NorthWestern's bankruptcy, which is a case filed under Title 11 of the United States Code.

72.    As a case related to a matter in bankruptcy, change of venue of this case to the United States District Court for the District of Delaware is appropriate pursuant to 28 U.S.C. §1412.

## EIGHTEENTH AFFIRMATIVE DEFENSE

73.    Change of venue of this case to the United States District Court for the District of Delaware is appropriate pursuant to 28 U.S.C. §1404.

## NINTEENTH AFFIRMATIVE DEFENSE

74.    Pursuant to the terms of the Second Supplemental Indenture, NorthWestern became a co-obligor with NWE with respect to the obligations of the QUIPS Debentures and the Indenture.  NorthWestern's assumption of such obligations was without prejudice to the rights of NorthWestern or NWE to transfer assets and liabilities to any Person, including NorthWestern. Upon such transfer, the Second Supplemental Indenture provides for the full release of the transferor of all obligations under the QUIPS Debentures and the Indenture.    Thus, the Defendants and each of them did not breach any duties owed to the Plaintiff.

## TWENTYETH AFFIRMATIVE DEFENSE

75.     Pursuant to the terms of the Amendment to Guarantee Agreement, NorthWestern became a co-obligor with NWE with respect to the obligations of the Guarantee Agreement. NorthWestern's assumption of such obligations was without prejudice to the rights of NorthWestern or NWE to transfer or assign their obligations under the Guarantee Agreement. Thus, the Defendants and each of them did not breach any duties owed to the Plaintiff.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

76.     Pursuant to the terms of the Second Supplemental Indenture and the Amendment to Guarantee Agreement, each executed on August 13, 2002 by the parties including the Bank of New York as Trustee, NorthWestern became a co-obligor with NWE with respect to the obligations of the QUIPS Debentures. NorthWestern's assumption of such obligations was without prejudice to the rights of NorthWestern or NWE to transfer assets and liabilities to any Person, including NorthWestern. Upon such transfer, the Second Supplemental Indenture provides for the full release of the transferor of all obligations under the QUIPS Debentures and the Indenture. Upon the closing of the transfer of the assets and liabilities to NorthWestern, therefore, Clark Fork was relieved of all further obligations. Thus, the Defendants and each of them did not breach any duties owed to the Plaintiff.

## ADDITIONAL AFFIRMATIVE DEFENSES

77.     To the extent that Defendants or any of them during the course of this litigation become aware of additional affirmative defenses or become aware that one or more of the affirmative defenses pled need to be modified or amended or deleted, Defendants reserve the right to do the same.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request this Court enter judgment against Plaintiffs as follows.

1.    Deny Plaintiff's any compensatory or punitive damages.

2.    Award to Defendants, all allowable costs, attorneys' fees and other litigation expenses to the extent recoverable under the law.

3.    Dismiss Plaintiff's Complaint with prejudice.

4.    Award Defendants such other and further relief as this Court may deem just proper and equitable.

Dated this 21st day of April, 2005.

BROWNING, KALECZYC, BERRY & HOVEN, P.C.

By _Kimberly Beatty_
Stanley T. Kaleczyc
Kimberly A. Beatty

Attorneys for Defendants.

CERTIFICATE OF SERVICE

I hereby certify that on the _21st_ day of _April_____, 2004, a true and correct copy of the foregoing was mailed by first-class mail, postage prepaid, addressed to:

James H. Goetz
J. Devlan Geddes
Goetz, Gallik & Baldwin, P.C.
35 North Grand
P.O. Box 6580
Bozeman, MT 59771-6580

Bonnie Steingart
John W. Brewer
Fried, Frank, Harris, Shriver & Jacobsen, LLP
One New York Plaza
New York, NY 10004

_____
BROWNING, KALECZYC, BERRY & HOVEN, P.C.