James H. Goetz
J. Devlan Geddes
**GOETZ, GALLIK & BALDWIN, P.C.**
35 North Grand Avenue
P.O. Box 6580
Bozeman, Montana 59715
(406) 587-0618

Bonnie Steingart (admitted pro hac vice)
John W. Brewer (admitted pro hac vice)
**FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP**
One New York Plaza
New York, New York 10004
(212) 859-8000

ATTORNEYS FOR PLAINTIFF





# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA
### BUTTE DIVISION

-------------------------------------------------------------x

MAGTEN ASSET MANAGEMENT CORPORATION,

                              Plaintiff,

      - against -

MIKE J. HANSON and ERNIE J. KINDT,

                         Defendants.

-------------------------------------------------------------x

05 - 499

Cause No. CV-04-26-BU-RFC

**PLAINTIFF MAGTEN ASSET MANAGEMENT CORPORATION'S PRELIMINARY PRETRIAL STATEMENT**

Pursuant to this Court's Order of April 5, 2005, Rule 26, Fed.R.Civ.P., and L.R. 16.2, Plaintiff Magten Asset Management Corporation ("Magten") submits this Preliminary Pretrial Statement.

## 1.    **Brief Factual Outline**

Magten is a creditor of Clark Fork and Blackfoot, LLC ("Clark Fork"), formerly known as NorthWestern Energy, LLC ("NWE"), and prior to that known as The Montana Power Company LLC ("MPLLC"). In 2002, defendants Mike J. Hanson ("Hanson") and Ernie J. Kindt ("Kindt") participated in a scheme to strip Clark Fork of substantially all of its assets -- representing the utility assets of the former Montana Power Company -- without receiving adequate compensation.[1] Magten brings this lawsuit to obtain redress for the wrongful actions of defendants Hanson and Kindt, both of whom were officers of Clark Fork on November 15, 2002 and enabled the transfer on that date (the "Transfer") of Clark Fork's key assets -— electric, natural gas and propane utility assets (the "Transferred Assets") -— to its corporate parent NorthWestern Corporation ("NorthWestern") without adequate consideration. This fraudulent Transfer authorized by Hanson and Kindt benefited Clark Fork's 100% equity owner NorthWestern at the expense of Clark Fork's creditors. Clark Fork was immediately rendered insolvent and unable to meet its obligations to creditors, including its obligations to the holders of the so-called "QUIPS" (Quarterly Income Preferred Securities). (Plaintiff Magten is a holder of QUIPS.) Defendants Hanson and Kindt, as officers of Clark Fork, had a fiduciary duty to Clark Fork's creditors not to engage in transactions that would render Clark Fork insolvent. In connection with the Transfer, Clark Fork purported to have NorthWestern assume Clark Fork's liabilities, but NorthWestern's other liabilities were so massive that, even after paying inadequate

---

[1]    Clark Fork's name has changed over time, as is detailed in ¶¶ 23, 27, 39 of the Plaintiffs' Complaint. We use the current name throughout this Preliminary Pretrial Statement to avoid confusion.

consideration to Clark Fork for the Transferred Assets, NorthWestern could not pay its own pre-existing creditors, and filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Magten and the other QUIPS holders were offered a de minimis recovery of $0.15 for every $1.00 of their claims in NorthWestern's bankruptcy, and even that pittance was conditioned on the waiver of its meritorious litigation claims against Hanson and Kindt and others for their wrongful actions in effectuating the Transfer—a condition that was unacceptable to Magten and a number of other QUIPS holders.[2]

As a result of Hanson and Kindt's actions, Magten is now owed well in excess of $30 million dollars by a company which defendants rendered unable to meet its obligations to Magten.

**2.    Jurisdiction and Venue**

Magten is a Delaware corporation with its principal place of business in New York. Accordingly, Magten is deemed a citizen of New York for purposes of 28 U.S.C. § 1332. Defendant Kindt is a citizen of Montana. Defendant Hanson is a citizen of South Dakota. Therefore, this court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, as it is between citizens of different States and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(a). Moreover, defendants have waived any objection to venue pursuant to Federal Rule of Civil Procedure 12(g) and 12(h)(1). Magten has been informed by Defendants that they intend to file a motion to transfer this case to the District Delaware. Magten opposes transfer and will file a substantive response to such motion at the appropriate time.

---

[2]    As detailed in Section 6 below, Magten is currently pursuing other claims in other forums against the parties involved in the Transfer.

2

3.     **Factual Basis of Each Claim**

The Complaint asserts a single cause of action for Breach of Fiduciary Duty.  Clark Fork

is the successor in interest to the former Montana Power Company ("Montana Power").  Magten

presently owns 1,275,561 QUIPS.  The face value of these securities is $31,889,025, with

accrued and unpaid dividends, (through June 30, 2005) of $7,424.083.91.  Therefore, the total

amount owed to Magten by Clark Fork, as of June 30, 2005, is $39,313,108.91.  The QUIPS

were initially issued in 1996.  They were issued by a special purpose vehicle called Montana

Power Capital Trust I (the "Trust").  The Trust's sole meaningful asset was and is 100% of

certain debt securities (the "Junior Debentures") issued by Montana Power to the Trust

essentially simultaneously with the sale of the QUIPS by the Trust to the general investing

public.  This somewhat complicated structure was intended to provide the holders of the QUIPS

with substantially the same rights and potential investment return as if they had purchased the

Junior Debentures directly from Montana Power, while providing Montana Power with a more

favorable accounting treatment.  Accordingly, the indenture governing the Junior Debentures

(the "Indenture") expressly provides (in its section 610) that the holders of the QUIPS are

intended beneficiaries of Clark Fork's obligations and may sue directly to enforce the Trust's

rights if the trustee of the Trust fails to act.

As of November 15, 2002, Hanson and Kindt were officers of Clark Fork.  As Chief

Executive Officer and Chief Accounting Officer, respectively, they were necessarily intimately

involved in the execution of the Transaction, and they knew or were reckless in not knowing the

negative impact it would have on Clark Fork's creditors.

By November 2002, Clark Fork (known at the time as NorthWestern Energy, LLC) had

succeeded by merger to Montana Power's obligations with respect to the QUIPS.  The vast

3

majority of Clark Fork's assets consisted of the Transferred Assets. By that time, NorthWestern had become the 100% owner of Clark Fork's equity.

On November 15, 2002, the defendants authorized the Transfer of substantially all of Clark Fork's assets to NorthWestern for grossly inadequate consideration. Over $1 billion in assets were transferred; no cash or other assets were provided to Clark Fork in return. While consideration was allegedly given in the form of assumption by NorthWestern of Clark Fork's debt, only $700 million was purportedly assumed, meaning that NorthWestern received hundreds of millions of dollars of additional value for which it did not pay fair consideration.[3]

Both prior to and following the Transfer, NorthWestern was insolvent. Even the hundreds of millions of dollars by which it was unjustly enriched by the Transfer were insufficient to overcome the massive imbalance between assets and liabilities created by its other failed business ventures. Less than a year after the Transfer, NorthWestern filed for bankruptcy. Meanwhile, Clark Fork was rendered immediately insolvent by the Transfer, although it had previously been solvent and able to meet all of its obligations, including those related to the QUIPS. Hanson and Kindt knew, or were reckless in not knowing, that Clark Fork would be rendered insolvent as a result of the Transfer and that NorthWestern was insolvent both before and after the Transfer.

Following the Transfer Clark Fork made no additional payments on the interest owed on the QUIPS and Junior Debentures. NorthWestern briefly made payments on the interest on the QUIPS, but made no further payments after it filed for bankruptcy on September 14, 2003. Moreover, NorthWestern announced on April 16, 2003 that its financial statements for the all of

---

[3]     Moreover, with respect to some of the Clark Fork liabilities purportedly assumed, including the liabilities associated with the QUIPS, NorthWestern was already a co-obligor with Clark Fork, meaning that no additional consideration was being provided by NorthWestern.

2002 were false (these were the financial statements that the investing public would have relied upon as of the date of the Transfer) and would have to be restated.

At present, no interest has been paid on the QUIPS, and NorthWestern and Clark Fork have been in default on the QUIPS, since May 23, 2003. Millions of dollars in interest on the Junior Debentures is now past due and owing. Moreover, the entire principal amount of the Junior Debentures (which would be distributed through the Trust to the holders of the QUIPS) has been accelerated pursuant to the terms of the Indenture. Neither NorthWestern nor Clark Fork has honored these obligations, and neither is able to honor these obligations. As a result of the Transfer, the Transferred Assets were made available to the claims of NorthWestern's numerous other creditors. Thus, NorthWestern's other unsecured creditors received $0.70 – $0.90 recovery on every $1.00 of their investment, which was paid primarily from the value of the Transferred Assets. Meanwhile, the QUIPS holders were offered a de minimis recovery of $0.15 recovery on every $1.00 of their claims.

4.    **Legal Theories**

A.    **Breach of Fiduciary Duty**

Clark Fork was a company within the zone of insolvency on November 15, 2002. Accordingly, defendants, as officers of Clark Fork, owed individual fiduciary duties to Clark Fork's creditors, including without limitation the Trust and all QUIPS holders, including Magten's predecessors in interest, not to engage in any transaction that would make Clark Fork insolvent and thus unable to perform its obligations with respect to the Junior Debentures and QUIPS.

The Trust and the QUIPS holders, including Magten's predecessors in interest, were creditors of Clark Fork, and were injured by the Transfer which transferred the Transferred Assets to NorthWestern without adequate consideration, thereby rendering Clark Fork insolvent.

5

Law Debenture Trust Company of New York ("Property Trustee"), as successor to The Bank of New York, has failed to enforce the Trust's rights against Hanson and Kindt, so Magten has standing under the Indenture to enforce both the Trust's rights and its own individual rights as successor to the QUIPS holders who were its predecessors in interest.

Defendants breached their fiduciary duties to the Trust and Magten's predecessors in interest by carrying out the transaction and transferring the Transferred Assets to NorthWestern without adequate consideration, thereby rendering Clark Fork insolvent.

Defendants also breached their fiduciary duties to the Trust and Magten's predecessors in interest by purporting to assign Clark Fork's obligations with respect to the Junior Debenture and QUIPS to NorthWestern, when they knew NorthWestern was insolvent and would remain insolvent, and would thus be unable to perform those obligations.

By reason of the foregoing acts, practices and course of conduct, the defendants have breached their fiduciary duties to the Trust and Magten's predecessors in interest, causing financial loss, in an amount to be proven at trial, but in excess of $20 million. Punitive damages in an amount to be determined at trial should also be awarded due to the willful, malicious, and outrageous nature of these breaches of fiduciary duty.

5.    **Computation of Damages**

At present, Magten owns 1,275,561 QUIPS. As of June 30, 2005 the face value of those shares will be $31,889,025, with accrued and unpaid dividends of $7,424.083.91. Therefore, the total amount of compensatory damages owed to Magten, as of June 30, 2005, is no less than $39,313,108.91, which will increase as Clark Fork fails to make future interest payments related to the QUIPS. In addition, Magten is owed consequential and incidental damages in an amount it has not yet calculated. Finally, Magten is owed punitive damages in an amount to be determined by the jury.

6

6.    **Pendency or Disposition of Related State/Federal Litigation**

Magten is currently a plaintiff in two other lawsuits against other defendants that also seek relief relating to the Transfer:

1.    Magten and Law Debenture Trust Company of New York are plaintiffs against NorthWestern in an action (*Magten Asset Management Company & Law Debenture Trust Company of New York v. NorthWestern Corporation*, Bankr. D. Del., Adv. No. 04-53324 (JLP)) which seeks damages and other relief as a result of the Transfer. No discovery has taken place, and the case is currently stayed awaiting disposition of Magten's pending appeal of the order confirming NorthWestern's Chapter 11 Plan. There is also a motion pending to withdraw the reference and transfer the case to the Delaware District Court.

2.    Magten is a plaintiff in an action pending against Paul, Hastings, Janofsky & Walker, LLP (*Magten v. Paul, Hastings, Janofsky & Walker, LLP*, D. Del., No. 04-cv-01256 (JJF)), for breach of its duties to Clark Fork and Clark Fork's creditors in connection with its involvement in the fraudulent conveyance of the Transferred Assets, and seeks damages and other relief in connection with the Transfer.

On April 15, 2005, Magten and Law Debenture Trust Company of New York initiated an separate proceeding (*Magten Asset Management Corp. v. NorthWestern Corp., et. al.*, Bankr. D. Del., No. 05-cv-00209 (JJF)) against NorthWestern and senior management (including defendant Hanson) alleging that NorthWestern did not reserve sufficient assets in NorthWestern's plan of reorganization to satisfy NorthWestern's liability to Magten and Law Debenture arising out of the Transfer.

Magten also has a number of other disputed issues arising from NorthWestern's bankruptcy that arguably relate in part to at least the Transfer, but as to which Magten is not seeking damages for the same injuries asserted in this case.

7

7.      **Proposed Stipulations of Fact**

Magten expressed a willingness to work with defendants on stipulations of fact during the 26(f) scheduling conference call held on April 22, 2005, but defendants advised Magten that they felt that it was premature to have such a discussion.

8.      **Deadlines for Joinder or Amendment**

During the 26(f) scheduling conference held on April 22, 2005, the parties agreed that July 29, 2005 would be the deadline for all parties to move to amend pleadings or add new parties. That deadline was included in the Written Report Regarding Stipulated Discovery Plan submitted to the Court on May 3, 2005.

9.      **Identification of Controlling Issues of Law for Pretrial Disposition**

The Court has previously ruled in Magten's favor on both Defendants' Motion to Dismiss and Defendants' Motion for Summary Judgment. Those substantive rulings are the law in this case and at present Magten does not have any additional issues of law for pretrial disposition. However, if after discovery Magten determines that there are additional controlling issues of law appropriate for pretrial disposition, Magten will bring them to the Court's attention.

10.    **Name, Address, and Telephone Number of Individuals Knowledgeable About Any Party's Claims or Defenses**

The following persons have or may have knowledge about the issues in this matter.

| Name | Address/Telephone | Summary |
|---|---|---|
| Talton Embry | c/o Fried, Frank, Harris, Shriver & Jacobson LLP One New York Plaza New York, NY 10004 (212) 859-8000 | Mr. Embry is Chairman of Magten and has knowledge about Magten's purchase and ownership of QUIPS and the basis for Magten's claims. |
| Jean Colditz | c/o Fried, Frank, Harris, Shriver & Jacobson LLP One New York Plaza New York, NY 10004 (212) 859-8000 | Ms. Colditz is an employee of Magten and has knowledge about Magten's purchase and ownership of QUIPS. |
| Current or former employees of Clark Fork | 40 East Broadway Butte, MT 59701 | These unknown individuals may have knowledge about the Transfer and Transferred Assets, the solvency of both NorthWestern and Clark Fork prior to, and following the Transfer, and the due diligence defendants conducted, if any, before entering into the Transfer. |
| Mike J. Hanson | c/o Browning, Kaleczyc, Berry & Hoven, P.C. 139 North Last Chance Gulch P.O. Box 1697 Helena, MT 59624 (406) 443-6820 | As of November 15, 2002, Mr. Hanson was Chief Executive Officer of Clark Fork. Currently Mr. Hanson is President and Chief Executive Officer of NorthWestern. Mr. Hanson may have knowledge about the Transfer and Transferred Assets, the solvency of both NorthWestern and Clark Fork prior to, and following the Transfer, and the due diligence defendants conducted, if any, before entering into the Transfer. |

| | | |
|---|---|---|
| Jack D. Haffey | 2101 Garfield St.<br>Anaconda, MT 59711 | Until shortly prior to the Transfer, Mr. Haffey was President of Clark Fork and may have knowledge about the Transfer and Transferred Assets, the solvency of both NorthWestern and Clark Fork prior to, and following the Transfer, and the due diligence defendants conducted, if any, before entering into the Transfer. |
| Ernie J. Kindt | c/o Browning, Kaleczyc, Berry & Hoven, P.C.<br>139 North Last Chance Gulch<br>P.O. Box 1697<br>Helena, MT 59624<br>(406) 443-6820 | As of November 15, 2002, Mr. Kindt was Vice President and Chief Accounting Officer of Clark Fork and may have knowledge about the Transfer and Transferred Assets, the solvency of both NorthWestern and Clark Fork prior to, and following the Transfer, and the due diligence defendants conducted, if any, before entering into the Transfer. |
| Ellen M. Senechal | 75 Park Drive<br>Clancy, MT 59634 | Until shortly prior to the Transfer, Ms. Senechal was Vice President and Chief Financial Officer of Clark Fork and may have knowledge about the Transfer and Transferred Assets, the solvency of both NorthWestern and Clark Fork prior to, and following the Transfer, and the due diligence defendants conducted, if any, before entering into the Transfer. |
| Current or former employees of NorthWestern | 125 S. Dakota Ave.<br>Sioux Falls, SD 57104-6403<br>(605) 978-2908 | These unknown individuals may have knowledge about the Transfer and Transferred Assets, the solvency of both NorthWestern and Clark Fork prior to, and following, the Transfer, and knowledge of the falsity of NorthWestern's available financials at the time of the Transfer. |

| | | |
|---|---|---|
| Gary Drook | c/o NorthWestern<br>125 S. Dakota Ave.<br>Sioux Falls, SD 57104-6403<br>(605) 978-2908 | Mr. Drook is the former Chief Executive Officer of NorthWestern and may have knowledge about the Transfer and Transferred Assets, the solvency of both NorthWestern and Clark Fork prior to, and following, the Transfer, and knowledge of the falsity of NorthWestern's available financials at the time of the Transfer. |
| William M. Austin | c/o NorthWestern<br>125 S. Dakota Ave.<br>Sioux Falls, SD 57104-6403<br>(605) 978-2908 | Mr. Austin is Chief Restructuring Officer of NorthWestern and may have knowledge about the Transfer and Transferred Assets, the solvency of both NorthWestern and Clark Fork prior to, and following, the Transfer, and knowledge of the falsity of NorthWestern's available financials at the time of the Transfer. |
| Michael Nieman | c/o NorthWestern<br>125 S. Dakota Ave.<br>Sioux Falls, SD 57104-6403<br>(605) 978-2908 | Mr. Nieman is Director of Financial Planning and Analysis of NorthWestern and may have knowledge about the Transfer and Transferred Assets, the solvency of both NorthWestern and Clark Fork prior to, and following, the Transfer, and knowledge of the falsity of NorthWestern's available financials at the time of the Transfer. |
| Current of former employees of Lazard | c/o Lazard Frères & Co. LLC<br>30 Rockefeller Plaza<br>New York, NY 10020<br>(212) 632-6000 | These unknown individuals may have knowledge about the Transferred Assets and the solvency of both NorthWestern and Clark Fork prior to, and following the Transfer. |
| David S. Kurtz | c/o Lazard Frères & Co. LLC<br>30 Rockefeller Plaza<br>New York, NY 10020<br>(212) 632-6000 | Mr. Kurtz is Managing Director at Lazard and may have knowledge about the Transferred Assets and the solvency of both NorthWestern and Clark Fork prior to, and following the Transfer. |

| Christopher Hooper | c/o Lazard Frères & Co. LLC<br>30 Rockefeller Plaza<br>New York, NY 10020<br>(212) 632-6000 | Mr. Hooper is employed by Lazard and is a financial advisor to NorthWestern who may have knowledge about the Transferred Assets and the solvency of both NorthWestern and Clark Fork prior to, and following the Transfer. |
| --- | --- | --- |
| Suneel Mandava | c/o Lazard Frères & Co. LLC<br>30 Rockefeller Plaza<br>New York, NY 10020<br>(212) 632-6000 | Suneel Mandava is employed by Lazard and is a financial advisor to NorthWestern who may have knowledge about the Transferred Assets and the solvency of both NorthWestern and Clark Fork prior to, and following the Transfer. |
| Andrew Yearly | c/o Lazard Frères & Co. LLC<br>30 Rockefeller Plaza<br>New York, NY 10020<br>(212) 632-6000 | Mr. Yearly is employed by Lazard and is a financial advisor to NorthWestern who may have knowledge about the Transferred Assets and the solvency of both NorthWestern and Clark Fork prior to, and following the Transfer. |
| Current or former employees of Houlihan | c/o Houlihan Lokey Howard & Zukin Financial Advisors, Inc.<br>225 S. Sixth Street #4950<br>Minneapolis, MN 55402<br>(612) 338-2910 | These unknown individuals may have knowledge about the Transferred Assets and the solvency of both NorthWestern and Clark Fork prior to, and following the Transfer. |
| P. Eric Siegert | c/o Houlihan Lokey Howard & Zukin Financial Advisors, Inc.<br>225 S. Sixth Street #4950<br>Minneapolis, MN 55402<br>(612) 338-2910 | Mr. Siegert is Managing Director at Houlihan and is a financial advisor to NorthWestern's creditors committee who may have knowledge about the Transferred Assets and the solvency of both NorthWestern and Clark Fork prior to, and following the Transfer. |
| Luke Beltinck | c/o Houlihan Lokey Howard & Zukin Financial Advisors, Inc.<br>225 S. Sixth Street #4950<br>Minneapolis, MN 55402<br>(612) 338-2910 | Mr. Beltinck is employed by Houlihan and is a financial advisor to NorthWestern's creditors committee who may have knowledge about the Transferred Assets and the solvency of both NorthWestern and Clark Fork prior to, and following the Transfer. |

| | | |
|---|---|---|
| Brad Geer | c/o Houlihan Lokey Howard & Zukin Financial Advisors, Inc. 225 S. Sixth Street #4950 Minneapolis, MN 55402 (612) 338-2910 | Mr. Geer is employed by Houlihan and is a financial advisor to NorthWestern's creditors committee who may have knowledge about the Transferred Assets and the solvency of both NorthWestern and Clark Fork prior to, and following the Transfer. |
| Matthew A. Mazzucchi | c/o Houlihan Lokey Howard & Zukin Financial Advisors, Inc. 225 S. Sixth Street #4950 Minneapolis, MN 55402 (612) 338-2910 | Mr. Mazzucchi is employed by Houlihan and is a financial advisor to NorthWestern's creditors committee who may have knowledge about the Transferred Assets and the solvency of both NorthWestern and Clark Fork prior to, and following the Transfer. |
| Current or former employees of Paul Hastings | c/o Paul, Hastings, Janofsky & Walker 600 Peachtree Street, N.E. Twenty-Fourth Floor Atlanta, GA 30308 (404) 815-2400 | These unknown individuals may have knowledge about the Transferred Assets, the solvency of both NorthWestern and Clark Fork prior to, and following the Transfer, and the falsity of NorthWestern's publicly released financial statements at the time of the Transfer. |
| Jesse H. Austin, III | c/o Paul, Hastings, Janofsky & Walker 600 Peachtree Street, N.E. Twenty-Fourth Floor Atlanta, GA 30308 (404) 815-2400 | Mr. Austin is an attorney at Paul Hastings and may have knowledge about the Transferred Assets, the solvency of both NorthWestern and Clark Fork prior to, and following the Transfer, and the falsity of NorthWestern's publicly released financial statements at the time of the Transfer. |
| Karol K. Denniston | c/o Paul, Hastings, Janofsky & Walker 600 Peachtree Street, N.E. Twenty-Fourth Floor Atlanta, GA 30308 (404) 815-2400 | Ms. Denniston is an attorney at Paul Hastings and may have knowledge about the Transferred Assets, the solvency of both NorthWestern and Clark Fork prior to, and following the Transfer, and the falsity of NorthWestern's publicly released financial statements at the time of the Transfer. |

| | | |
|---|---|---|
| Current or former employees of Arthur Andersen LLP | c/o Arthur Andersen LLP 45 S 7th St # 2800 Minneapolis, MN (612) 334-4553 | These individuals may have knowledge about the value of the Transferred Assets, the solvency of both NorthWestern and Clark Fork prior to, and following the Transfer, and the falsity of NorthWestern's publicly released financial statements at the time of the Transfer. |
| Current or former employees of The Bank of New York | c/o 101 Barclay Street New York, NY 10286 (800) 433-8191 | These unknown individuals may have knowledge about the Transfer, their alleged consent and/or acquiescence to the Transfer, the falsity of Northwestern's publicly released financial statements at the time of the Transfer, and Magten's standing to sue. |
| Current or former employees of Credit Suisse First Boston | c/o Eleven Madison Avenue New York, NY 10010-3629 | These individuals may have knowledge about the Transfer, their alleged consent and/or acquiescence to the Transfer, the solvency of both NorthWestern and Clark Fork prior to, and following, the Transfer, and the falsity of Northwestern's publicly released financial statements at the time of the Transfer. |
| Current or former employees of Deloitte & Touche | c/o 120 South 6th Street Suite 400 Minneapolis, MN 55402-1844 (612) 397-4000 | These unknown individuals may have knowledge about the value of the Transferred Assets, the solvency of both NorthWestern and Clark Fork prior to, and following, the Transfer, and the falsity of NorthWestern's publicly released financial statements at the time of the Transfer. |
| Current or former employees of Law Debenture Trust Company of New York | c/o 767 Third Avenue New York, NY 10017 | These unknown individuals may have knowledge about the Transfer, the solvency of both NorthWestern and Clark Fork prior to, and following, the Transfer, the falsity of Northwestern's publicly released financial statements at the time of the Transfer, and Magten's standing to sue. |

| Current or former employees of Pricewaterhouse Coopers LLP | c/o 1300 SW Fifth Avenue Suite 3100 Portland, OR 97201 (971) 544-4000 | These unknown individuals may have knowledge about the value of the Transferred Assets, the solvency of both NorthWestern and Clark Fork prior to, and following the Transfer, and the falsity of NorthWestern's publicly released financial statements at the time of the Transfer. |

11.    **Copy or Description of Documents, Compilations, etc., Likely to Bear on Any Party's Claims or Defenses**

During the 26(f) scheduling conference held on April 22, 2005, the parties agreed by stipulation to waive the initial disclosure otherwise required by Rule 26(a)(1)(B) disclosure. That agreement by stipulation was submitted to the Court in the Written Report Regarding Stipulated Discovery Plan on May 3, 2005. Therefore, under these circumstances, Magten respectfully submits that the requirement of Local Rule 16.2(b)(1)(L) should be inapplicable.

12.    **Substance of Any Applicable Insurance Agreement**

Magten has no insurance applicable to this case.

13.    **Prospects for Compromise**

Magten reached a global settlement agreement with NorthWestern on January 27, 2005 which would have led to the dismissal of this case and others. Under the settlement, Magten was due to receive NorthWestern stocks and warrants worth approximately $27.5 million, at then-current market prices. Magten believes that NorthWestern and defendant Hanson, who is currently a senior officer at NorthWestern, approved and authorized the aforementioned settlement and agreed to bind NorthWestern to the settlement. However, NorthWestern subsequently reneged on the settlement agreement and the U.S. Bankruptcy Court for the District of Delaware has denied Magten's Motion to Enforce the Settlement. Magten believes the

settlement to be binding and enforceable and has appealed the denial of the Motion to Enforce the Settlement to the District Court.

On May 12, 2005 Magten and NorthWestern and various other parties in interest attended court ordered mediation in connection with Magten's settlement appeal and various other appeals pending before the U.S. District Court for the District of Delaware. Defendant Hanson attended the mediation as the principal for NorthWestern. The mediation did not result in the resolution of any pending litigation.

Magten believes it would be challenging to settle this case outside of a broader global settlement with NorthWestern and others, but Magten is open to entertaining a reasonable settlement offer and engaging in settlement discussions with defendants in this case.

**14.    Suitability of Special Procedures**

Magten knows of no special procedures that would be appropriate in this case.

RESPECTFULLY SUMITTED this 17th day of May, 2005

GOETZ, GALLIK & BALDWIN, P.C.

By: _____

James H. Goetz
J. Devlan Geddes
35 North Grand Avenue
P.O. Box 6580
Bozeman, Montana 59715
(406) 587-0618

- and -

FRIED, FRANK, HARRIS, SHRIVER
& JACOBSON LLP

By: _____

Bonnie Steingart (admitted pro hac vice)
John W. Brewer (admitted pro hac vice)
One New York Plaza
New York, New York 10004-1980
(212) 859-8000

*Attorneys for Plaintiff*
 *Magten Asset Management Corporation*

17

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing

document was served this 17th day of May, 2005, as indicated below, upon the following:

| Stanley T. Kaleczyc<br>Kimberly A. Beatty<br>BROWNING, KALECZYC, BERRY & HOVEN, P.C.<br>139 North Last Chance Gulch<br>P.O. Box 1697<br>Helena, MT 59624<br>Tel. (406) 433-6820<br>Fax. (406) 433-6883 | ☒ U. S. Mail<br>☐ Federal Express<br>☐ Hand-Delivery<br>☐ Via Fax: (406) 433-6883 |

Devlan Geddes