

RECEIVED

JUL 1 8 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

0 5 - 4 9 9

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NORTHWESTERN CORPORATION, | ) | Case No. 03-12872 (CGC) |
| | ) | |
| Debtor. | ) | **Hearing Date: May 17, 2004 @ 4:00 p.m.** |

### OBJECTION OF MAGTEN ASSET MANAGEMENT CORPORATION TO THE DEBTOR'S MOTION FOR AN ORDER PURUANT TO BANKRUPTCY RULE 9019 APPROVING MEMORANDUM OF UNDERSTANDING [DKT. NO. 1169]

Magten Asset Management Corp. (*"Magten"*), submits this objection (the *"Objection"*) to the NorthWestern Corporation's Motion for an Order (the *"Motion"*) approving the Memorandum of Understanding (the *"MOU"*) providing for settlement and dismissal of the Securities Litigation.[1] In support of its objection, Magten respectfully states as follows:

### BACKGROUND

1.    On September 14, 2003, the NorthWestern Corporation (the *"Debtor"*) filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, the Debtor is continuing to operate its businesses and manage its properties as a debtor in possession.

2.    Magten holds in excess of 33% of the Series A 8.45% Quarterly Income Preferred Securities (the *"QUIPS"*) issued by Montana Capital I (the *"Trust"*). The Trust was established by The Montana Power Company, the predecessor in interest to Clark Fork and Blackfoot, LLC (*"Clark Fork"* f/k/a NorthWestern Energy, LLC). The financial obligations in connection with payment of the principal and interest on the QUIPS were subsequently assumed by the Debtor.

---

[1]    Capitalized terms not expressly defined herein shall have the meanings ascribed to them by the Motion.

3.      On March 11, 2004, the Debtor filed its Plan and Disclosure Statement with the Bankruptcy Court.

4.      On March 17, 2004, Magten filed a motion for relief from the automatic stay to commence an adversary proceeding seeking to avoid the fraudulent transfer of assets from Clark Fork to the Debtor.  On April 8, 2004, this Court granted Magten's motion, and on April 16, 2004, Magten filed a complaint against the Debtor in the Bankruptcy Court seeking to set aside the fraudulent transfer.

## OBJECTION

A.    The Motion Should be Denied Because it Seeks to Determine Issues that Should be Resolved In Connection with Confirmation of the Plan

5.      By its Motion, Debtor is attempting to establish -- outside of the plan and confirmation process -- how a substantial asset of the estate is to be distributed.  Through the MOU, the Debtors are seeking approval of an agreement that contemplates that creditors and equity holders with claims against the Debtor that are subordinated under section 510(b) of the Bankruptcy Code will receive distributions of estate property.  If the MOU is approved, the Debtor will seek to effectuate this distribution of estate property through the Plan.  In making such distributions to those creditors, to the extent any class of creditors does not accept the Plan, the Plan will violate the absolute priority rule by making distributions to junior stakeholders while paying less than 100% of the claims of more senior creditors.

6.      Indeed, in explaining the standard to be applied in considering a settlement pursuant to Bankruptcy Rule 9019, the Debtor cites In re Louise's, Inc., 211 B.R. 798, 801 (D. Del. 1997), a case in which the court refused to approve a settlement and compromise because it was going to foreclose consideration of whether the Plan met the requirements for confirmation under section 1129 of the Bankruptcy Code.  In re Louise's, the court found:

- 2 -

> that the Settlement Agreement as a two-step or phased process
> would ultimately lead to a proposed plan of reorganization, the
> terms of which could reasonably be found to have been pre-
> determined by virtue of the "control" provisions of the Settlement
> Agreement, thereby circumventing a meaningful consideration of
> the requirements of Chapter 11 regarding confirmation of a
> reorganization plan.

Id. at 802.

7.     Here too, since the Debtor is seeking to foreclose consideration of whether the

distributions to subordinated creditors render the plan unconfirmable, approval of the settlement

should be denied.

8.     Because all of the litigation against a Debtor is stayed, and because all of the

Plaintiff's claims are subordinated claims, settlements such as the one being proposed by the

Debtor are very unusual.  In its Motion, the Debtor fails to cite a single case that approved a

settlement of a class action settlement prior to confirmation of the plan, let alone prior to

approval of the disclosure statement.   The only case cited by the Debtor that approved the

settlement of a class action claim appears to have done so in the context of a plan.  See Motion at

p. 12, citing Order Confirming Third Amended Plan of Reorganization of Columbia Gas System,

Inc., dated Nov 15, 1995 (Bankr. D. Del).

9.     The only purpose for Debtor to pursue the settlement provided for in the MOU is

to protect the Debtor's current and former officers and directors – individuals that have been

accused of, among other things, material misrepresentations, breach of fiduciary duty and

improperly profiting from related party transactions.  The Debtor should not be using estate

resources to protect individuals accused of such gross misconduct, and should not be seeking

approval of such relief absent all of the safeguards attendant to the Plan confirmation process.

120087.01600/40139331v1

10.    So as to ensure that the Court has a full opportunity to meaningfully consider confirmation of the Plan, to the extent the Court is inclined to grant the Motion, the order granting the relief should be conditioned upon a complete reservation of the rights of all parties in interest to object to the payment of any amounts to any creditors and to the entitlement of any creditors to receive any such payments, and to otherwise object to confirmation of the Plan on any basis.

B.    The Debtor Must Clarify the Scope of the Releases Being Provided by the MOU

11.    Given the breadth of the releases contained in the Plan (which will be addressed in greater detail at the Disclosure Statement hearing and the confirmation hearing) the releases contained in the MOU (the *"MOU Releases"*) raise a concern that the Debtor will assert that the MOU releases claims that are broader than provided for by the express terms of the MOU. Accordingly, to the extent the MOU is approved, it should include a provision providing that "Nothing contained herein shall release any claims of any of the holders of the QUIPS or any claims relating to or arising out of or in connection with the transfer of assets from North Western Energy, LLC (n/k/a Clark Fork and Blackfoot, LLC) to the Debtor."

*WHEREFORE*, Magten respectfully requests that an order be entered denying the Motion and denying approval of the MOU and granting such other relief as the Court deems just and proper.

Dated: May 5, 2004

**BLANK ROME LLP**



William J. Burnett (DE No. 4078)
1201 Market Street, Suite 800
Wilmington, DE 19801
Telephone:    (302) 425-6400
Facsimile:    (302) 425-6464

- and -

- 4 -

120087.01600/40139331v1

FRIED, FRANK, HARRIS, SHRIVER &
    JACOBSON LLP
Bonnie Steingart
Gary Kaplan
One New York Plaza
New York, NY 10004
Telephone:   (212) 859-8000
Facsimile:   (212) 859-4000

Counsel for Magten Asset Management
    Corporation

466888

120087.01600/40139331v1

## CERTIFICATE OF SERVICE

I, *William J. Burnett*, certify that I am not less than 18 years of age, and that on May 5,

2004, I caused service of the attached *Objection of Magten Asset Management Corporation to*

*the Debtor's Motion for an Order Pursuant to Bankruptcy Rule 9019 Approving Memorandum*

*of Understanding [Dkt. No. 1169]* to be made on the parties listed on the attached service list as

indicated.

Under penalty of perjury, I declare that the foregoing is true and correct.

William J. Burnett

## NORTHWESTERN CORPORATION
## 2002 SERVICE LIST

**BY HAND DELIVERY**

Scott D. Cousins, Esquire
Victoria W. Counihan, Esquire
William E. Chipman, Jr., Esquire
*Greenberg Traurig, LLP*
1000 West Street, Suite 1540
Wilmington, DE 19801

Frank Perch, Esquire
*Office of the United States Trustee*
844 King Street, Suite 2313
Wilmington, DE 19801

Steve Hermann, Esquire
*Richards Layton & Finger, P.A.*
One Rodney Square
Wilmington, DE 19899

John V. Fiorella, Esquire
*Archer & Greiner, P.C.*
1300 North Market Street, Suite 700
Wilmington, DE 19801

Carl N. Kunz, III, Esquire
*Morris, James, Hitchens & Williams LLP*
222 Delaware Avenue, 10th Floor
Wilmington, DE 19899

William P. Bowden, Esquire
*Ashby & Geddes*
222 Delaware Avenue, 17th Floor
Wilmington, DE 19899

Neil B. Glassman, Esquire
Charlene D. Davis, Esquire
Eric M. Sutty, Esquire
*The Bayard Firm*
222 Delaware Avenue, Suite 900
Wilmington, DE 19801

Tobey M. Daluz, Esquire
*Ballard Spahr Andrews & Ingersoll, LLC*
919 Market Street, 17th Floor
Wilmington, DE 19801

Margaret M. Manning, Esquire
*Buchanan Ingersoll, A Professional Corporation*
1201 North Market Street, Suite 1501
Wilmington, DE 19801

Neal J. Levitsky, Esquire
L. Jason Cornell, Esquire
*Fox Rothschild LLP*
919 North Market Street, Suite 1300
Wilmington, DE 19899

Adam G. Landis, Esquire
Kerri K. Mumford, Esquire
*Landis Rath & Cobb LLP*
919 Market Street, Suite 600
Wilmington, DE 19801

Kurt G. Gwynne, Esquire
*Reed Smith LLP*
1201 Market Street, Suite 1500
Wilmington, DE 19801

Sandra R. Oritz
*Wilmington Trust Company*
1100 North Market Street
Wilmington, DE 19890

John D. Demmy, Esquire
*Stevens & Lee*
300 Delaware Avenue
8th Floor, Suite 800
Wilmington, DE 19801

Frederick B. Rosner, Esquire
*Jaspan Schlesinger Hoffman LLP*
1201 North Orange Street, Suite 1001
Wilmington, DE 19801

Robert S. Brady, Esquire
*Young Conaway Stargatt & Taylor*
1000 West Street, 17th Floor
Wilmington, DE 19801

A. Richard Winchester, Esquire
*McCarter & English, LLP*
919 Market Street, Suite 1800
Wilmington, DE 19899

Gregg M. Galardi, Esquire
*Skadden Arps Slate Meager & Flom*
One Rodney Square
Wilmington, DE 19801

## NORTHWESTERN CORPORATION
## 2002 SERVICE LIST

Richard G. Placey, Esquire
Noel C. Burnham, Esquire
*Montgomery McCracken Walker &*
*Rhoads, LLP*
300 Delaware Avenue, Suite 300
Wilmington, DE 19801

Jeffrey C. Wisler, Esquire
*Connolly Bove Lodge & Hutz LLP*
The Nemours Building
1007 North Orange Street
Wilmington, DE 19899

Joseph H. Huston, Jr., Esquire
Thomas G. Whalen, Jr., Esquire
*Stevens & Lee, P.C.*
300 Delaware Avenue, Suite 800
Wilmington, DE 19801

Laurie Selber Silverstein, Esquire
*Potter Anderson & Corroon LLP*
1313 North. Market Street, 6th Floor
Wilmington, DE 19899

Jennifer L. Scoliard, Esquire
*Klehr, Harrison Harvey Branzburg &*
*Ellers LLP*
919 Market Street, Suite 1000
Wilmington, DE 19801

Ian Connor Bifferato, Esquire
*Bifferato Bifferato & Gentilotti*
1308 Delaware Avenue
Wilmington, DE 19899

Kimberly E. Lawson, Esquire
1201 Market Street, Suite 1500
Wilmington, DE 19801

Ellen Slights, Esquire
*United States Attorneys Office*
1007 North Orange Street, Suite 700
Wilmington, DE 19801

William J. Burnett, Esquire
*Blank Rome LLP*
1201 Market Street, Suite 800
Wilmington, DE 19801

**BY FIRST CLASS MAIL**

David Lynn, Chief Counsel
450 Fifth Street
Washington, DC 20549

Timothy R. Pohl, Esquire
Samuel Ory, Esquire
*Skadden Arps Slate Meager & Flom*
333 West Wacker Drive
Chicago, IL 60606

Rob Loh
*Credit Suisse First Boston*
Cayman Islands Branch/Syndicated Finance
Group
11 Madison Avenue, 21st Floor
New York, NY 10010

Cynthia A. Marlette
*Federal Energy Regulatory Commission*
888 First Street NE
Washington, DC 20246

Pam Bonrud, Executive Director
*South Dakota Public Utilities Commission*
Capitol Building, 1st Floor
500 East Capitol Avenue
Pierre, SD 57501

Jesse Austin, Esquire
Karol K. Denniston, Esquire
*Paul Hastings Janofsky & Walker LLP*
600 Peachtree Road, N.E.
Atlanta, GA 30308

Rob Rowe, Chairman
*Montana Public Service Commission*
1701 Prospect Avenue
Helena, MT 59620-2601

Anne C. Boyle, Chairwoman
*Nebraska Public Service Commission*
1200 N Street, Suite 300
Lincoln, NE 68508

*Bank One, NA*
Andrew D. Hall
120 South LaSalle Street, 29th Floor
Chicago, IL 60603

## NORTHWESTERN CORPORATION
## 2002 SERVICE LIST

*Bank One Corporation*
Trustee of the Montana Revenue Refunding
Bonds
Corporate Trust Administration
1 Bank One Plaza
Chicago, IL 60670

*Norwest Bank Minnesota, NA n/k/a Wells Fargo*
Trustee of the Mercer County Pollution Control
    Revenue Bonds
Attn: Corporate Trust Department
Sixth and Marquette
Minneapolis, MN 55479-0069

Alan W. Kornberg, Esquire
Marc D. Skapof, Esquire
Ephraim I. Diamond, Esquire
Tailia Gil, Esquire
*Paul Weiss Rifking Wharton & Garrison LLP*
1285 Avenue of the Americas
New York , NY 10019

Barbara A. Bevelaqua, VP
*The Bank of New York*
Co-Trustee of the Montana Mortgage Bonds
101 Barclay Street
New York, NY 10286

Jennifer L. McBrien, Esquire
Mark B. Joachim, Esquire
*Morrison & Foerster LLP*
1290 Avenue of the Americas
New York, NY 10104

Lawrence O'Brien VP
*JPMorgan Chase Bank*
Trustee of the South Dakota Mortgage Bonds
450 West 33rd Street, 15th Floor
New York, NY 10001

Marybeth A. Lewicki
*The Bank of New York*
Co-Trustee of the Montana Mortgage Bonds
101 Barclay Street
New York, NY 10286

O'Bahachewsky, VP
*Citibank, N.A.*
Indenture Trustee
120 Wall Street
New York, NY 10043

*Wesco*
949 South Montana Street
Butte, MT 59702-3027

*ADP Investors Communication Service*
51 Mercede Way
Edgewood, NY 11717

*Orcom Solutions*
1001 SW Disk Drive
Bend, OR 97702

*Bell Lumber & Pole Company*
P.O. Box 748
Conway, WA 98238

Mr. John Reid
*Howard Industries Inc.*
P.O. Box 1588
Laurel, MS 39440

*Rocky Mountain Contractors Inc*
2214 US Hwy 2 East
Kalispell, MT 59904

*Howard Industries Inc*
1728 Solutions Center
Chicago, IL 60677-1007

*Montana Electric Supply*
1723 Lampmann Drive
Billings, MT 59104

Richard E. Moyer, Litigation Manager
*Automotive Rentals, Inc.*
9000 Midatlantic Drive
P.O. Box 5039
Mt. Laurel, NJ 08054

Matthew J. Troy, Esquire
*United States Department of Justice -
Civil Division*
1100 L Street, N.W., Room 10006
Washington, DC 20005

Marc Barreca, Esquire
*Preston Gates & Ellis LLP*
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158

## NORTHWESTERN CORPORATION
## 2002 SERVICE LIST

Craig E. Freeman, Esquire
*Thelen Reid & Priest LLP*
875 Third Avenue
New York, NY 10022-62225

Monica L. Clark, Esquire
*Dorsey & Whitney LLP*
50 South Street, Suite 1500
Minneapolis, MN 55402-1498

Stephan J. Feder, Esquire
Kathrine A. McLendon, Esquire
David Kovel, Esquire
*Simpson Thacher & Bartlett LLP*
425 Lexington Avenue
New York, NY 10017

James S. Carr, Esquire
Robert L. LeHane, Esquire
*Kelley Drye & Warren LLP*
101 Park Avenue
New York, NY 10178

Zack A. Clement, Esquire
Jonathan C. Bolton, Esquire
*Fulbrighte & Jaworski LLP*
1301 McKinney Street, Suite 4100
Houston, TX 77010

Lisa J. Mellencamp, Esquire
Assistant General Counsel
*Duke Energy Trading and Marketing LLC*
5400 Westheimer Court
Houston, TX 77056-5310

Lee S. Attanasio, Esquire
*Sidley Austin Brown & Wood LLP*
787 Seventh Avenue
New York, NY 10019

Kathrine A. McLendon, Esquire
David Kovel, Esquire
*Simpson Thacher & Bartlett LLP*
725 Lexington Avenue
New York, NY 10017

George B. South, Esquire
Stefanie Birbrower, Esquire
*King & Spalding LLP*
1185 Avenue of the Americas
New York, NY 10036-4003

Carl A. Eklund, Esquire
*Ballard Spahr Andrews & Ingersoll, LLC*
1225, 17th Street, Suite 2300
Denver, CO 80202-5596

Bennett G. Young, Esquire
*Leboeuf, Lamb, Greene & Macrae LLP*
One Embarcadero Center, Suite 400
San Francisco , CA 94111

Jack L. Smith, Esquire
Donald A. Allen, Esquire
*Holland & Hart LLP*
555 Seventeenth Street, Suite 3200
P.O. Box 8749
Denver, CO 80202

David L. Bell, Esquire
Senior Legal Counsel
*Atlantic Richfield Company*
4101 Winfield Road
Mail Code 4 West
Warrenville, IL 60555

Walter H. Curchack, Esquire
*Bryan Cave LLP*
1290 Avenue of the Americas
New York, NY 10104

Daniel H. Reiss, Esquire
*Levene, Neale, Bender, Rankin & Brill, LLP*
1801 Avenue of the Stars, Suite 1120
Los Angeles, CA 90067

C. MacNeil Mitchell, Esquire
*Winston & Strawn LLP*
200 Park Avenue
New York, NY 10166

Romano Peluso, VP
*JPMorgan Chase Bank*
4 New York Plaza, 15th Floor
New York, NY 10004

George M. Kelakos, Esquire
Scott W. MacCormack, Esquire
*Heller Ehrman White & McAuliffe LLP*
120 West 45th Street, 21st Floor
New York, NY 10036

## NORTHWESTERN CORPORATION
## 2002 SERVICE LIST

Eric A. Schaffer, Esquire
*Reed Smith, LLP*
435 Sixth Avenue
Pittsburgh, PA 15219

Jeffrey Kurtzman, Esquire
*Klehr, Harrison, Harvey Branzburg &*
*Ellers LLP*
260 South Broad Street
Philadelphia, PA 19102-5003

Andrew H. Sherman, Esquire
*Sills, Cummis, Radin, Tischman, Epstein*
*& Gross*
One Riverfront Plaza
Newark, NJ 07102

Michael S. Etkin, Esquire
Ira M. Levee, Esquire
*Lowenstein Sandler PC*
65 Livingston Avenue
Roseland, NJ 07068

Darren J. Robbins, Esquire
Reed R. Kathrein, Esquire
*Milberg Weiss Bershad Hynes & Lerach LLP*
108 Pine Street, Suite 2600
San Francisco, CA 94111

Arthur Shingler, III, Esquire
*Scott & Scott, LLC*
401 B Street, Suite 307
San Diego, CA 92101

Patricia Williams Prewitt
*Locke Liddell & Sapp LLP*
3400 JP Morgan Chase Tower
600 Travis Street
Houston, TX 77002-3095

Evan C. Hollander, Esquire
*White & Case LLP*
1155 Avenue of the Americas
New York, NY 10036

C. MacNeil Mitchell, Esquire
*Winston & Strawn LLP*
200 Park Avenue
New York, NY 10166

Tina Niehold Moss, Esquire
Constantine Potamianos, Esquire
*Pryor Cashman Sherman & Flynn LLP*
410 Park Avenue
New York, NY 10022

Robert A. Conrad, VP
*HSBC Bank USA*
10 East 40th Street
New York, NY 10016

Patrick R. Martin, Esquire
Barbara Jean D'Aquila, Esquire
Cynthia Ann Bremer, Esquire
*Flynn Gaskins & Bennett LLP*
333 South 7th Street, Suite 2900
Minneapolis, MN 55402

Cass S. Weil, Esquire
*Moss & Barnett, P.A.*
4800 Wells Fargo Center
90 South Seventh Street,
Minneapolis, MN 55402-4129

James W. Heatherington
217 Pioneer Road
Sapulpa, OK 74066

David Karchere
Special Handling Group
*IBM Credit LLC*
North Castle Drive
Armonk, NY 10504

*Daily Insights*
225 W 34th Street, Suite 403
New York, NY 10122

Jason M. Weynand, Esquire
*Pension Benefit Guaranty Corporation*
Office of General Counsel
1200 K Street N.W.
Washington, DC 20005

Robin A. McHugh, Esquire
Al Brogan, Esquire
*Montana Public Service Commission*
1701 Prospect Avenue
P.O. Box 202601
Helena, MT 59620-2601

## NORTHWESTERN CORPORATION
## 2002 SERVICE LIST

John P. Coyle, Esquire
*Duncan & Allen*
1575 Eye Street, NW., Suite 300
Washington, DC 20005-1175

Robert A. Nelson, Esquire
*Montana Consumer Counsel*
616 Helena Avenue
Helena, MT 59620-1703

Maxon R. Davis, Esquire
*Davis, Hatley Haffeman & Tighe, P.C.*
P.O. Box 2103
Great Falls, Montana 59403-2103

Gary L. Barnhart, Esquire
*Missouri Department of Revenue*
General Counsel's Office
301 W. High Street, Room 670
P.O. Box 475
Jefferson City, MO 65105-0475

Natalie D. Ramsey, Esquire
Baldo M. Carnecchia, Esquire
Simon E. Fraser, Esquire
*Montgomery McCracken Walker &
Rhoads, LLP*
123 South Broad Street, 24th Floor
Avenue of the Arts
Philadelphia, PA 19109

Michael P. Massad, Jr., Esquire
*Hunton & Williams LLP*
Energy Plaza, 30th Floor
1601 Bryan Street
Dallas, TX 75201

Scott H. Clark, Esquire
*Ray Quinney & Nebeker*
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, UT 84145-0385

Carolyn R. Hancock, Esquire
(James Donnell and Jennifer Gore)
*Andrews Kurth LLP*
600 Travis, Suite 4200
Houston, TX 77002

John R. Harney, Esquire
National Pension Fund and International
Training Fund
*O'Donoghue & O'Donoghue LLP*
4748 Wisconsin Avenue, N.W.
Washington, DC 20016

Mr. Richard Hylland
P.O. Box 88708
Sioux Falls, SD 57109

Colleen E. McManus, Esquire
*Piper Rudnick, LLP*
203 North LaSalle Street, Suite 1800
Chicago, IL 60601

*IOS Capital, LLC*
Bankruptcy Administration
1738 Bass Road
P.O. Box 13708
Macon, GA 31208-3708

Michael R. Enright, Esquire
*Robinson & Cole LLP*
280 Trumbull Street
Hartford, CT 06103

Thomas A. Lee III, Esquire
*Becket and Lee, LLP*
P.O. Box 3001
Malvern, PA 19355-0701

Matthew W. Morrison, Esquire
Kim J. Sabo, Esquire
*U.S. Department of Justice -
Environmental and Natural Resources Division*
P.O. Box 7611
Washington, DC 20044

Henry Elsen, Esquire
*U.S. Environmental Protection Agency*
8MO Operations Office Federal Building
10 West 15th Street, Suite 3200
Helena, MT 59626

Michael McGrath, Esquire
Rob Collins, Esquire
Office of the Attorney General
*Montana Department of Justice*
215 North Sanders Street, 3rd Floor
P.O. Box 201401
Helena, MT 59620-1401

## NORTHWESTERN CORPORATION
### 2002 SERVICE LIST

Rex D. Rainach
3622 Government Street
Baton Rouge, LA  70806-5720

Patricia Schrage, Esquire
*Securities & Exchange Commission*
New York District Office
Branch of Reorganization
Woolworth Building
233 Broadway
New York, NY  10279

Charles E. Boulbol, Esquire
26 Broadway 17th Floor
New York, NY  10004

Vernon E. Inge, Jr., Esquire
Christopher A. Jones, Esquire
*LeClair Ryan*
707 East Main Street, Suite 1100
Richmond, VA  23219

Michael W. Spence, Esquire
*Ray Quinney & Nebeker*
6 South State Street
P.O. Box 45385
Salt Lake City, UT  84145-0385

John J. Fries, Esquire
*Ryley Carlock & Applewhite*
One North Central Avenue, Suite 1200
Phoenix, AZ  85004

Laura Davenport Demman, Esquire
Special Assistant Attorney General
*Nebraska Public Service Commission*
1200 N Street, Suite 300
P.O. Box 94927
Lincoln, NE  68509-4927

George Psomas
*Goldsmith Agio Helms*
430 Park Avenue, 12th Floor
New York, NY  10022-3505

Helen Kautsky
*Bennett Management, Corp.*
2 Stamford Plaza, Suite 1501
Stamford, CT  06901

Meagan E. Costello, Esquire
*Fried, Frank, Harris, Shriver & Jacobson LLP*
One New York Plaza
New York, NY  10004



UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re:                              )
                                    )   Chapter 11
NORTHWESTERN CORPORATION,           )
                                    )   Case No. 03-12872 (CGC)
            Debtor.                 )
                                    )

## MEMORANDUM DECISION

Scott D. Cousins
William E. Chipman, Jr.
Victoria Watson Counihan
Greenberg Traurig, LLP
The Brandywine Building
1000 West Street, Suite 1540
Wilmington, DE 19801

and

Jesse H. Austin, III
Karol K. Denniston
Paul, Hastings, Janofsky & Walker LLP
600 Peachtree Street, Suite 2400
Atlanta, GA 30308

Attorneys for Debtor and
Debtor-in-Possession

William J. Burnett
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801


and

Bonnie Steingart
Gary Kaplan
Fried, Frank, Harris, Shriver
& Jacobson, LLP
One New York Plaza
New York, NY 10004

Attorneys for Magten Asset
Management Corporation

Date:   October 7, 2004



0312872041007000000000003

CASE, J.

On April 28, 2004, Debtor NorthWestern Corporation ("Debtor") filed a Motion for Order
Pursuant to Bankruptcy Rule 9019 Approving Memorandum of Understanding in order to settle
and dismiss all claims against it in the consolidated securities class action case *In re
NorthWestern Corporation Securities Litigation,* Case No. CIV-03-4049, which included
*Golman Family Trust v. NorthWestern Corp..* Case No. CIV-03-4226, and the consolidated
derivative action *In re NorthWestern Corporation Derivative Litigation,* Case No. CIV-03-4091.
Referred to collectively as the "Securities Litigation," all are pending in the District Court of
South Dakota.

In a nutshell, the plaintiffs in these various cases allege a variety of violations of the
Securities Act of 1933 and the Securities Exchange Act of 1934 *inter alia.* Debtor, and several of
its present and former officers and directors, were named as defendants. The Securities Litigation
plaintiffs have filed in this case a Proof of Claim for approximately $575,000,000. The parties
subsequently agreed to non-binding mediation, which resulted in the proposed settlement
agreement before the Court. Under the settlement agreement, Debtor's insurers will pay from
proceeds of the directors and officers policies ("D&O Policies") $37 million to the Securities
Litigation plaintiffs in full settlement and compromise of the Securities Litigation and a global
release of all the parties.[1] Of particular import here is the fact that no money to fund the
settlement is coming from Debtor's pockets directly. The insurance proceeds being used are
those proceeds from Debtor's D&O insurance policies.

There were initially two objections to the Debtor's Memorandum of Understanding –

---

[1]There are other entities contributing money to this settlement, but their contributions are
not at issue here.

2

Magten Asset Management Corporation ("Magten") and Harbert Management Corporation ("Harbert"). An evidentiary hearing was held in July, 2004, after which the parties filed a series of post-trial briefs and replies/sur-replies. Harbert and Debtor have since settled, and Harbert therefore withdrew its objection. Only Magten's objection remains.

Magten holds in excess of 33% of the Series A 8.45% Quarterly Income Preferred Securities ("QUIPS") issued by Montana Capital I (the "Trust"), which was established by the Montana Power Company, predecessor in interest to Clark Fork and Blackfoot, LLC ("Clark Fork" f/k/a NorthWestern Energy, LLC). Debtor subsequently assumed the financial obligations in connection with the payment of the principal and interest on the QUIPS. Magten is pursuing a fraudulent conveyance claim against Debtor to avoid the transfer of assets from Clark Fork to Debtor.

Magten argues that the settlement agreement Debtor is proposing in effect determines outside the Plan and confirmation process how an estate asset will be distributed:

> Through the MOU, the Debtors are seeking approval of an agreement that contemplates that creditors and equity holders with claims against the Debtor that are subordinated under section 510(b) of the Bankruptcy Code will receive distributions of estate property. If the MOU is approved, the Debtor will seek to effectuate this distribution of estate property through the Plan. In making such distributions to those creditors, to the extent any class of creditors does not accept the Plan, the Plan will violate the absolute priority rule by making distributions to junior stakeholders while paying less than 100% of the claims of more senior creditors.

The critical issue raised by Magten's objection is whether the settlement payments made from the D&O policies are in fact distributions of estate property in the first instance.[2] The Court

---

[2]Magten further argues that the scope of the releases in the MOU should be clarified to state expressly that the claims of QUIPS holders (both as creditors and as plaintiffs in the fraudulent conveyance action) are not affected. By their terms, the MOU releases do not affect such claims and the Debtor has so confirmed on the record.

3

concludes they are not.

Section 541(a)(1) of the Code broadly defines property of the estate as "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. section 541(a)(1). Generally, a debtor's liability insurance *policy* is property of the estate, *See In re Louisiana World Exposition, Inc.*, 832 F.2d 1391, 1399 (5th Cir. 1987), but whether the *proceeds* of the policy are property of the estate is in some dispute and generally hinges on the language of the policy itself and who is named as the insured. *See In re CyberMedia, Inc.*, 280 B.R. 12,16 (Bankr. D. Mass. 2002), *In re Minoco Group of Companies, Ltd.*, 799 F.2d 517, 519 (9th Cir. 1986). Where the insurance policy provides direct coverage to the debtor, the proceeds of the policy are property of the estate. *See In re Sacred Heart Hosp. of Norristown,* 182 B.R. 413, 419-20 (Bankr. E.D. Pa. 1995). Where the coverage focuses on third parties, here the directors and officers, the proceeds are not property of the estate. This Court has previously explored these distinctions in *In re Allied Digital Technologies Corp.*, 306 B.R. 505 (Bankr. D. Del. 2004).

In *Allied*, the trustee sued certain of the debtor's officers and directors. When those defendants sought to be reimbursed from the D & O policy for fees and expenses incurred in defending the case, the trustee objected, claiming that such payment would prejudice his rights as an insured under this wasting policy. The Court found that there was no meaningful direct coverage of the company but rather that the policies were in place to protect the interests of the directors and officers; therefore, the defense costs were allowed.

Here, the primary purpose of the policies is to protect the directors and officers from claims such as those asserted by the plaintiffs. However, Magten argues, without substantial

4

analysis, that the policies are estate property and the payment of the proceeds to plaintiffs (who are equivalent to equity holders because of the subordination provisions of Section 510(b)) would violate the absolute priority rule because the QUIPS, as creditors senior to equity, are not being paid in full.

There are three fundamental flaws with this argument. First, it ignores the difference between the policies and the proceeds of the policies. While the policies are property of the estate, the proceeds are not. Indeed, the Debtor proposes under its plan to assign its interests in the policies to a "D & O Trust" to be administered for the benefit of the beneficiaries of the policies. However, payment of the proceeds to the plaintiffs on account of claims against the directors and officers does not implicate property of the estate, as indicated above.

Second, any claims that the Debtor may have (for example, derivative claims brought on behalf of the company) are not covered by these policies because of the "insured versus insured" exception contained in them. In effect, the objection is that the proceeds under the policies should be paid to the Debtor on account of its derivative claims rather than to the plaintiffs on account of their third party claims. Although such claims may exist, they are not covered by these policies because of the exclusion noted. *See Cohen v National Union Fire Insurance of Pittsburgh, PA*, 280 B.R. 319 (Bankr. S.D.N.Y 2002). Thus, whether Debtor could or could not prevail is not relevant to this settlement because the policies at issue would not provide a source of recovery even if successfully prosecuted.

Third, any such claims of the Debtor (whether derivative or not) against the directors and officers are released under the terms of the MOU and thus the discussion above is hypothetical at best. Of course, for such a release to be valid, it must be limited in scope, reasonable and

5

supported by consideration. All of those conditions are met here. The scope of the releases is limited to the subject matter of the securities litigation. As consideration, the most significant element is the release of all claims of contribution and indemnification by the directors and officers against the D & O Trust to be established under the Plan. Once this settlement is funded, and other actual and estimated costs paid, approximately $13 million will remain in coverage. The elimination of potential reimbursement and contribution claims from these directors and officers is a significant benefit to the estate and the beneficiaries of the D & O trust. Finally, the Debtor itself will be released from all liability for these claims without any payment from estate funds or property.

For the foregoing reasons, Magten's objection is overruled. Based on the record at the hearing, and memoranda filed by Debtor and the Securities Plaintiffs, the Court further finds that the proposed settlement meets the requirements of approval under Rule 9019 and applicable case law. In particular, the Court finds that the resolution of this complex and expensive litigation at no direct cost to the estate is fair and reasonable, is in the best interests of the estate and its creditors, significantly enhances the Debtor's ability to emerge from these proceedings with a confirmed plan of reorganization, and is the result of arm's length negotiation.

Debtor is to submit a form of order under certification of counsel.


Charles G. Case II
United States Bankruptcy Judge


6

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| NORTHWESTERN CORPORATION, | : Case No. 03-12872 (CGC) |
| | : |
| Debtor. | : Related to Docket Nos. 1169 and |
| | : 2175 |
| | : |

## ORDER APPROVING MEMORANDUM OF UNDERSTANDING

**UPON** the Motion For Order Pursuant to Bankruptcy Rule 9019 Approving the

Memorandum of Understanding (the "Motion") filed by the above-captioned debtor (the

"Debtor") and the Court having reviewed the Motion; and a hearing (the "Hearing")

having been held with respect to the Motion; and the Court having heard the statements

of counsel regarding the relief requested in the Motion at the Hearing; and the Court

having considered the pleadings filed in connection with the Motion; and the Court

having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334; and due notice of the Motion having been given under the circumstances; and it

appearing that no other or further notice of the Motion is necessary or required; and the

Court having determined that the relief requested in the Motion is in the best interests of

the Debtor, its estate, its creditors and other parties-in-interest; and after due deliberation

and sufficient cause appearing therefore, for the reasons stated in the Court's

memorandum decision issued on October 7, 2004 (Dkt. No. 2175), IT IS HEREBY



**ORDERED**, that the Motion[1] is **GRANTED**; and all objections to the Motion are overruled, specifically including the objection of Magten Asset Management Corporation; and it is further

**ORDERED**, that the Debtor is authorized to execute any documents and take any action necessary or desirable to consummate the MOU and Stipulation of Settlement; and it is further

**ORDERED**, that this Order shall take effect immediately upon its entry; and it is further

**ORDERED**, that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: Wilmington, Delaware
     October 14, 2004

THE HONORABLE CHARLES G. CASE, II
UNITED STATES BANKRUPTCY JUDGE

---

[1]    Any capitalized term used herein but not otherwise defined shall have the meaning ascribed to such term in the Motion.

ATL/1065518.1

2