

0 5 - 4 9 9

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------- x

In re:                                                             :        Chapter 11
                                                                   :
NORTHWESTERN CORPORATION,                                          :
                                                                   :        Case No. 03-12872 (CGC)
                                  Debtor.                           :
                                                                   :
                                                                   :
------------------------------------------------------------------- x

### NOTICE OF APPEAL

*PLEASE TAKE NOTICE*, that pursuant to Rules 8001(a) and 8002(a) of the Federal

Rules of Bankruptcy Procedure and 28 U.S.C. 158(a), Magten Asset Management Corporation,

by and through its undersigned counsel, hereby appeals to the United States District Court for the

District of Delaware from the *Order Approving the Memorandum of Understanding*, which was

entered by United States Bankruptcy Judge Charles G. Case II on October 18, 2004 (Docket No.

2230).

The names of all parties to the order appealed from and the names, addresses and

telephone numbers of their respective attorneys are as follows:

|                 Parties                 |                  Attorneys                   |
|------------------------------------------|----------------------------------------------|
| Magten Asset Management Corporation      | Bonnie Steingart                             |
|                                          | Gary L. Kaplan                               |
|                                          | *Fried, Frank, Harris, Shriver & Jacobson LLP* |
|                                          | One New York Plaza                           |
|                                          | New York, NY 10004                           |
|                                          | Telephone: (212) 859-8000                    |

-and-

1



0312872041026000000000004

|                                      | Mark J. Packel<br>Elio Battista, Jr.<br>*Blank Rome LLP*<br>1201 Market Street, Suite 800<br>Wilmington, DE 19801<br>Telephone:   (302) 425-6400 |

NorthWestern Corporation

Scott D. Cousins
William E. Chipman, Jr.
*Greenberg Traurig, LLP*
The Brandywine Building
1000 West Street, Suite 1540
Wilmington, DE 19801
Telephone: (302) 661-7000

-and-

Jesse H. Austin, III
Karol K. Denniston
*Paul, Hastings, Janofsky & Walker LLP*
600 Peachtree Street, Suite 2400
Atlanta, GA 30308
Telephone:  (404) 815-2400

NorthWestern Corporation,
NorthWestern Capital Financing II,
NorthWestern Capital Financing III,
Netexit Inc. (formerly known as
Expanets, Inc.) and Blue Dot
Services, Inc.

John A. Redding, Jr.
Grace A. Carter
*Paul, Hastings, Janofsky & Walker LLP*
55 Second Street, 24th Floor
San Francisco, CA 94015
Telephone: (415)856-7000

-and-

William F. Sullivan
*Paul, Hastings, Janofsky & Walker LLP*
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858)720-2500

-and-

Jesse H. Austin, III
*Paul, Hastings, Janofsky & Walker LLP*
600 Peachtree Street, Suite 2400
Atlanta, GA 30308
Telephone: (404) 815-2400

2

Plaintiffs in Derivative Action[1]

Brian Robbins
*Robbins Umeda & Fink LLP*
1010 Second Avenue, Suite 2360
San Diego, CA 92101
Telephone: (619) 525-3990

Plaintiffs in Class Action [2]

David R. Scott
Neil Rothstein
*Scott & Scott, LLC*
108 Norwich Avenue
Colchester, CT 06415
Telephone: (860) 537-3818

-and-

John T. DeCarlo
Daniel M. Shanley
*DeCarlo, Connor & Selvo*
533 South Fremont Avenue, 9th Floor
Los Angeles, CA 90071
Telephone: (213) 488-4100

Plaintiffs Settlement Counsel[3]

Thomas K. Wilka
*Hagen, Wilka & Archer, P.C.*
418 First national Bank Building
100 South Phillips, P.O. Box 964
Sioux Falls, SD 57101
Telephone: (605) 334-0005

-and-

Timothy J. Dougherty
*Dougherty & Dougherty, LLP*
100 North Phillips Avenue, Suite 402
Sioux Falls, SD 57101
Telephone: (605) 335-8586

-and-

---

[1] Derivative Action shall have the meaning ascribed to it in the Memorandum of Understanding.

[2] Plaintiffs shall have the meaning ascribed to it in the Memorandum of Understanding.

[3] Plaintiffs' Settlement Counsel shall have the meaning ascribed to it in the Memorandum of Understanding.

120087.01600/40146479v1

Darren J. Robbins
Joy Ann Bull
*Milberg Weiss Bershad Hynes & Lerach LLP*
401 B Street, Suite 1700
San Diego, CA 92101
Telephone: (619) 231-1058

- and -

Patrick J. Coughlin
Reed R. Kathrein
Dennis J. Herman
Willow E. Radcliffe
*Milberg Weiss Bershad Hynes & Lerach LLP*
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: (415) 288-4545

Richard Hylland

David P. Pearson
Karl E. Robinson
*Winthrop & Weinstine, P.A.*
225 South 6th Street, Suite 3500
Minneapolis, MN 55402
Telephone: (612) 604-6400

Marilyn R. Seyman, Randy G. Darcy, Gary I. Drook, Jerry W. Johnson, Larry F. Ness, and Bruce I. Smith

Paul H. Dawes
*Latham & Watkins LLP*
135 Commonwealth Drive
Menlo Park, CA 94025
Telephone: (650) 463-2626

-and-

Michele F. Kyrouz
*Latham & Watkins LLP*
505 Montgomery Street, Suite 1900
San Francisco, CA 94111
Telephone: (415) 391-0600

Kipp Orme

Sheldon T. Zenner
Mary Ellen Hennessy
David J. Stagman
*Katten Muchin Zavis & Rosenman*
525 West Monroe, Suite 1600
Chicago, IL 60661
Telephone: (312) 902-5200

4



| | |
|---|---|
| Merle Lewis, David Monaghan, Daniel Newell, Kurt Whitesel, and Eric Jacobsen | Michael G. Taylor<br>*Leonard, Street and Deinard, P.C.*<br>150 South Fifth Street, Suite 2300<br>Minneapolis, MN 55402<br>Telephone: (612) 335-1500 |
| John Charters | Charles H. Torres<br>*Charles H. Torres, P.C.*<br>Mile High Center<br>1700 Broadway, Suite 1770<br>Denver, CO 80290<br>Telephone: (303) 830-8885 |
| Morgan Stanley & Co., Inc., Credit Suisse First Boston Corp. (now known as Credit Suisse First Boston LLC), UBS Warburg LLC (now known as UBS Securities LLC), Merrill Lynch Pierce Fenner & Smith, Inc., Salomon Smith Barney, Inc. (now known as Citigroup Global Markets, Inc.) and Prudential Securities, Inc. (now known as Prudential Equity Group, LLC) | Joseph S. Allerhand<br>John A. Neuwirth<br>*Weil Gotshal & Manges LLP*<br>767 Fifth Avenue<br>New York, NY 10153<br>Telephone: (212) 310-8000 |
| Deloitte & Touche LLP (including Deloitte & Touche USA LLP, Deloitte Consulting LLP (successor to Deloitte Consulting Holding LLC), Deloitte Consulting (Nevada) LLC, Deloitte Consulting LP, Deloitte Consulting (US) LLC, and Deloitte Consulting (Holding Sub) LLC) | William F. Lloyd<br>*Sidley Austin Brown & Wood LLP*<br>Bank One Plaza<br>10 South Dearborn Street<br>Chicago, IL 60603<br>Telephone: (312) 853-7000 |
| Associated Energy & Gas Insurance Services Limited (AEGIS) | Dan A. Bailey<br>*Bailey Cavalieri LLC*<br>One Columbus Center<br>10 West Broad Street<br>Columbus, OH 43215<br>Telephone: (614) 221-3155 |

5

Energy Insurance Mutual (EIM)

Barrie L. Brejcha
*Baker & McKenzie*
130 East Randolph Drive, Suite 3500
Chicago, IL 60601
Telephone: (312) 861-2782

**BLANK ROME LLP**

Dated: October 26, 2004

Mark J. Packel (DE No. 4048)
Elio Battista, Jr. (DE No. 3814)
1201 Market Street, Suite 800
Wilmington, DE 19801
Telephone:    (302) 425-6400
Facsimile:    (302) 425-6464

- and -

**FRIED, FRANK, HARRIS, SHRIVER &
JACOBSON LLP**
Bonnie Steingart
Gary L. Kaplan
One New York Plaza
New York, NY 10004
Telephone:    (212) 859-8000
Facsimile:    (212) 859-4000

Counsel for Magten Asset Management
Corporation

120087.01600/40146479v1

## CERTIFICATE OF SERVICE

I, *Elio Battista, Jr.*, certify that I am not less than 18 years of age, and that on October 27, 2004, I caused service of the attached *Notice of Appeal* to be made on the parties listed on the attached service list as indicated.

Under penalty of perjury, I declare that the foregoing is true and correct.

Elio Battista, Jr.

## NORTHWESTERN CORPORATION
## 2002 SERVICE LIST

**BY HAND DELIVERY**

Scott D. Cousins, Esquire
Victoria W. Counihan, Esquire
William E. Chipman, Jr., Esquire
*Greenberg Traurig, LLP*
1000 West Street, Suite 1540
Wilmington, DE  19801

Frank Perch, Esquire
*Office of the United States Trustee*
844 King Street, Suite 2313
Wilmington, DE  19801

Steve Hermann, Esquire
*Richards Layton & Finger, P.A.*
One Rodney Square
Wilmington, DE  19899

John V. Fiorella, Esquire
*Archer & Greiner, P.C.*
1300 North Market Street, Suite 700
Wilmington, DE  19801

Carl N. Kunz, III, Esquire
*Morris, James, Hitchens & Williams LLP*
222 Delaware Avenue, 10th Floor
Wilmington, DE  19899

William P. Bowden, Esquire
*Ashby & Geddes*
222 Delaware Avenue, 17th Floor
Wilmington, DE  19899

Neil B. Glassman, Esquire
Charlene D. Davis, Esquire
Eric M. Sutty, Esquire
*The Bayard Firm*
222 Delaware Avenue, Suite 900
Wilmington, DE  19801

Tobey M. Daluz, Esquire
*Ballard Spahr Andrews & Ingersoll, LLC*
919 Market Street, 17th Floor
Wilmington, DE  19801

Margaret M. Manning, Esquire
*Buchanan Ingersoll, A Professional Corporation*
1201 North Market Street, Suite 1501
Wilmington, DE  19801

Neal J. Levitsky, Esquire
L. Jason Cornell, Esquire
*Fox Rothschild LLP*
919 North Market Street, Suite 1300
Wilmington, DE  19899

Adam G. Landis, Esquire
Kerri K. Mumford, Esquire
*Landis Rath & Cobb LLP*
919 Market Street, Suite 600
Wilmington, DE  19801

Kurt G. Gwynne, Esquire
*Reed Smith LLP*
1201 Market Street, Suite 1500
Wilmington, DE  19801

Sandra R. Oritz
*Wilmington Trust Company*
1100 North Market Street
Wilmington, DE  19890

John D. Demmy, Esquire
*Stevens & Lee*
300 Delaware Avenue
8th Floor, Suite 800
Wilmington, DE  19801

Frederick B. Rosner, Esquire
*Jaspan Schlesinger Hoffman LLP*
913 North Market Street, 12th FLoor
Wilmington, DE  19801

Robert S. Brady, Esquire
*Young Conaway Stargatt & Taylor*
1000 West Street, 17th Floor
Wilmington, DE  19801

A. Richard Winchester, Esquire
*McCarter & English, LLP*
919 Market Strcet, Suite 1800
Wilmington, DE  19899

Gregg M. Galardi, Esquire
*Skadden Arps Slate Meager & Flom*
One Rodney Square
Wilmington, DE  19801

## NORTHWESTERN CORPORATION
## 2002 SERVICE LIST

Richard G. Placey, Esquire
Noel C. Burnham, Esquire
*Montgomery McCracken Walker &*
*Rhoads, LLP*
300 Delaware Avenue, Suite 300
Wilmington, DE 19801

Jeffrey C. Wisler, Esquire
*Connolly Bove Lodge & Hutz LLP*
The Nemours Building
1007 North Orange Street
Wilmington, DE 19899

Joseph H. Huston, Jr., Esquire
Thomas G. Whalen, Jr., Esquire
*Stevens & Lee, P.C.*
300 Delaware Avenue, Suite 800
Wilmington, DE 19801

Laurie Selber Silverstein, Esquire
*Potter Anderson & Corroon LLP*
1313 North. Market Street, 6th Floor
Wilmington, DE 19899

Jennifer L. Scoliard, Esquire
*Klehr, Harrison Harvey Branzburg &*
*Ellers LLP*
919 Market Street, Suite 1000
Wilmington, DE 19801

Ian Connor Bifferato, Esquire
*Bifferato Bifferato & Gentilotti*
1308 Delaware Avenue
Wilmington, DE 19899

Kimberly E. Lawson, Esquire
1201 Market Street, Suite 1500
Wilmington, DE 19801

Ellen Slights, Esquire
*United States Attorneys Office*
1007 North Orange Street, Suite 700
Wilmington, DE 19801

Mark J. Packel, Esquire
Elio Battista, Jr., Esquire
*Blank Rome LLP*
1201 Market Street, Suite 800
Wilmington, DE 19801

## BY FIRST CLASS MAIL

David Lynn, Chief Counsel
450 Fifth Street
Washington, DC 20549

Timothy R. Pohl, Esquire
Samuel Ory, Esquire
*Skadden Arps Slate Meager & Flom*
333 West Wacker Drive
Chicago, IL 60606

Rob Loh
*Credit Suisse First Boston*
Cayman Islands Branch/Syndicated Finance
Group
11 Madison Avenue, 21st Floor
New York, NY 10010

Cynthia A. Marlette
*Federal Energy Regulatory Commission*
888 First Street NE
Washington, DC 20246

Pam Bonrud, Executive Director
*South Dakota Public Utilities Commission*
Capitol Building, 1st Floor
500 East Capitol Avenue
Pierre, SD 57501

Jesse Austin, Esquire
Karol K. Denniston, Esquire
*Paul Hastings Janofsky & Walker LLP*
600 Peachtree Road, N.E.
Atlanta, GA 30308

John A. Redding, Jr., Esquire
Grace A. Carter, Esquire
Karol K. Denniston, Esquire
*Paul Hastings Janofsky & Walker LLP*
55 Second Street, 24th Floor
San Francisco, CA 94015

William F. Sullivan, Esquire
*Paul Hastings Janofsky & Walker LLP*
3579 Valley Centre Drive
San Diego, CA 92130

Rob Rowe, Chairman
*Montana Public Service Commission*
1701 Prospect Avenue
Helena, MT 59620-2601

## NORTHWESTERN CORPORATION
### 2002 SERVICE LIST

Anne C. Boyle, Chairwoman
*Nebraska Public Service Commission*
1200 N Street, Suite 300
Lincoln, NE 68508

*Bank One, NA*
Andrew D. Hall
120 South LaSalle Street, 29th Floor
Chicago, IL 60603

*Bank One Corporation*
Trustee of the Montana Revenue Refunding
Bonds
Corporate Trust Administration
1 Bank One Plaza
Chicago, IL 60670

*Norwest Bank Minnesota, NA n/k/a Wells Fargo*
Trustee of the Mercer County Pollution Control
    Revenue Bonds
Attn: Corporate Trust Department
Sixth and Marquette
Minneapolis, MN 55479-0069

Alan W. Kornberg, Esquire
Marc D. Skapof, Esquire
Ephraim I. Diamond, Esquire
Tailia Gil, Esquire
*Paul Weiss Rifking Wharton & Garrison LLP*
1285 Avenue of the Americas
New York , NY 10019

Barbara A. Bevelaqua, VP
*The Bank of New York*
Co-Trustee of the Montana Mortgage Bonds
101 Barclay Street
New York, NY 10286

Jennifer L. McBrien, Esquire
Mark B. Joachim, Esquire
*Morrison & Foerster LLP*
1290 Avenue of the Americas
New York, NY 10104

Lawrence O'Brien VP
*JPMorgan Chase Bank*
Trustee of the South Dakota Mortgage Bonds
450 West 33rd Street, 15th Floor
New York, NY 10001

Marybeth A. Lewicki
*The Bank of New York*
Co-Trustee of the Montana Mortgage Bonds
101 Barclay Street
New York, NY 10286

O'Bahachewsky, VP
*Citibank, N.A.*
Indenture Trustee
120 Wall Street
New York, NY 10043

*Wesco*
949 South Montana Street
Butte, MT 59702-3027

*ADP Investors Communication Service*
51 Mercede Way
Edgewood, NY 11717

*Orcom Solutions*
1001 SW Disk Drive
Bend, OR 97702

*Bell Lumber & Pole Company*
P.O. Box 748
Conway, WA 98238

Mr. John Reid
*Howard Industries Inc.*
P.O. Box 1588
Laurel, MS 39440

*Rocky Mountain Contractors Inc*
2214 US Hwy 2 East
Kalispell, MT 59904

*Howard Industries Inc*
1728 Solutions Center
Chicago, IL 60677-1007

*Montana Electric Supply*
1723 Lampmann Drive
Billings, MT 59104

Richard E. Moyer, Litigation Manager
*Automotive Rentals, Inc.*
9000 Midatlantic Drive
P.O. Box 5039
Mt. Laurel, NJ 08054

## NORTHWESTERN CORPORATION
## 2002 SERVICE LIST

Matthew J. Troy, Esquire
*United States Department of Justice -
Civil Division*
1100 L Street, N.W., Room 10006
Washington, DC 20005

Marc Barreca, Esquire
*Preston Gates & Ellis LLP*
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158

Craig E. Freeman, Esquire
*Thelen Reid & Priest LLP*
875 Third Avenue
New York, NY 10022-62225

Monica L. Clark, Esquire
*Dorsey & Whitney LLP*
50 South Street, Suite 1500
Minneapolis, MN 55402-1498

Stephan J. Feder, Esquire
Kathrine A. McLendon, Esquire
David Kovel, Esquire
*Simpson Thacher & Bartlett LLP*
425 Lexington Avenue
New York, NY 10017

James S. Carr, Esquire
Robert L. LeHane, Esquire
*Kelley Drye & Warren LLP*
101 Park Avenue
New York, NY 10178

Zack A. Clement, Esquire
Jonathan C. Bolton, Esquire
*Fulbrighte & Jaworski LLP*
1301 McKinney Street, Suite 4100
Houston, TX 77010

Lisa J. Mellencamp, Esquire
Assistant General Counsel
*Duke Energy Trading and Marketing LLC*
5400 Westheimer Court
Houston, TX 77056-5310

Lee S. Attanasio, Esquire
*Sidley Austin Brown & Wood LLP*
787 Seventh Avenue
New York, NY 10019

William F. Lloyd, Esquire
*Sidley Austin Brown & Wood LLP*
Bank One Plaza
10 South Dearborn Street
Chicago, IL 60603

Kathrine A. McLendon, Esquire
David Kovel, Esquire
*Simpson Thacher & Bartlett LLP*
725 Lexington Avenue
New York, NY 10017

George B. South, Esquire
Stefanie Birbrower, Esquire
*King & Spalding LLP*
1185 Avenue of the Americas
New York, NY 10036-4003

Carl A. Eklund, Esquire
*Ballard Spahr Andrews & Ingersoll, LLC*
1225, 17th Street, Suite 2300
Denver, CO 80202-5596

Bennett G. Young, Esquire
*Leboeuf, Lamb, Greene & Macrae LLP*
One Embarcadero Center, Suite 400
San Francisco , CA 94111

Jack L. Smith, Esquire
Donald A. Allen, Esquire
*Holland & Hart LLP*
555 Seventeenth Street, Suite 3200
P.O. Box 8749
Denver, CO 80202

David L. Bell, Esquire
Senior Legal Counsel
*Atlantic Richfield Company*
4101 Winfield Road
Mail Code 4 West
Warrenville, IL 60555

Walter H. Curchack, Esquire
*Bryan Cave LLP*
1290 Avenue of the Americas
New York, NY 10104

Daniel H. Reiss, Esquire
*Levene, Neale, Bender, Rankin & Brill, LLP*
1801 Avenue of the Stars, Suite 1120
Los Angeles, CA 90067

## NORTHWESTERN CORPORATION
## 2002 SERVICE LIST

C. MacNeil Mitchell, Esquire
*Winston & Strawn LLP*
200 Park Avenue
New York, NY 10166

Romano Peluso, VP
*JPMorgan Chase Bank*
4 New York Plaza, 15th Floor
New York, NY 10004

George M. Kelakos, Esquire
Scott W. MacCormack, Esquire
*Heller Ehrman White & McAuliffe LLP*
120 West 45th Street, 21st Floor
New York, NY 10036

Eric A. Schaffer, Esquire
*Reed Smith, LLP*
435 Sixth Avenue
Pittsburgh, PA 15219

Jeffrey Kurtzman, Esquire
*Klehr, Harrison, Harvey Branzburg &*
*    Ellers LLP*
260 South Broad Street
Philadelphia, PA 19102-5003

Andrew H. Sherman, Esquire
*Sills, Cummis, Radin, Tischman, Epstein*
*    & Gross*
One Riverfront Plaza
Newark, NJ 07102

Michael S. Etkin, Esquire
Ira M. Levee, Esquire
*Lowenstein Sandler PC*
65 Livingston Avenue
Roseland, NJ 07068

Patrick J. Coughlin, Esquire
Reed R. Kathrein, Esquire
Dennis J. Herman, Esquire
Willow E. Radcliffe, Esquire
*Milberg Weiss Bershad Hynes & Lerach LLP*
108 Pine Street, Suite 2600
San Francisco, CA 94111

Darren J. Robbins, Esquire
Joy Ann Bull, Esquire
*Milberg Weiss Bershad Hynes & Lerach LLP*
401 B Street, Suite 1700
San Diego, CA 92101

Arthur Shingler, III, Esquire
*Scott & Scott, LLC*
401 B Street, Suite 307
San Diego, CA 92101

David R. Scott, Esquire
Neil Rothstein, Esquire
*Scott & Scott, LLC*
108 Norwich Avenue
Colchester, CT 06415

Patricia Williams Prewitt
*Locke Liddell & Sapp LLP*
3400 JP Morgan Chase Tower
600 Travis Street
Houston, TX 77002-3095

Evan C. Hollander, Esquire
*White & Case LLP*
1155 Avenue of the Americas
New York, NY 10036

C. MacNeil Mitchell, Esquire
*Winston & Strawn LLP*
200 Park Avenue
New York, NY 10166

Tina Niehold Moss, Esquire
Constantine Potamianos, Esquire
*Pryor Cashman Sherman & Flynn LLP*
410 Park Avenue
New York, NY 10022

Robert A. Conrad, VP
*HSBC Bank USA*
10 East 40th Street
New York, NY 10016

Patrick R. Martin, Esquire
Barbara Jean D'Aquila, Esquire
Cynthia Ann Bremer, Esquire
*Flynn Gaskins & Bennett LLP*
333 South 7th Street, Suite 2900
Minneapolis, MN 55402

Cass S. Weil, Esquire
*Moss & Barnett, P.A.*
4800 Wells Fargo Center
90 South Seventh Street,
Minneapolis, MN 55402-4129

## NORTHWESTERN CORPORATION
## 2002 SERVICE LIST

James W. Heatherington
217 Pioneer Road
Sapulpa, OK  74066

David Karchere
Special Handling Group
*IBM Credit LLC*
North Castle Drive
Armonk, NY  10504

*Daily Insights*
225 W 34th Street, Suite 403
New York, NY  10122

Jason M. Weynand, Esquire
*Pension Benefit Guaranty Corporation*
Office of General Counsel
1200 K Street N.W.
Washington, DC  20005

Robin A. McHugh, Esquire
Al Brogan, Esquire
*Montana Public Service Commission*
1701 Prospect Avenue
P.O. Box 202601
Helena, MT  59620-2601

John P. Coyle, Esquire
*Duncan & Allen*
1575 Eye Street, NW., Suite 300
Washington, DC  20005-1175

Robert A. Nelson, Esquire
*Montana Consumer Counsel*
616 Helena Avenue
Helena, MT  59620-1703

Maxon R. Davis, Esquire
*Davis, Hatley Haffeman & Tighe, P.C.*
P.O. Box 2103
Great Falls, Montana  59403-2103

Gary L. Barnhart, Esquire
*Missouri Department of Revenue*
General Counsel's Office
301 W. High Street, Room 670
P.O. Box 475
Jefferson City, MO  65105-0475

Natalie D. Ramsey, Esquire
Baldo M. Carnecchia, Esquire
Simon E. Fraser, Esquire
*Montgomery McCracken Walker &*
  *Rhoads, LLP*
123 South Broad Street, 24th Floor
Avenue of the Arts
Philadelphia, PA  19109

Michael P. Massad, Jr., Esquire
*Hunton & Williams LLP*
Energy Plaza, 30th Floor
1601 Bryan Street
Dallas, TX  75201

Scott H. Clark, Esquire
*Ray Quinney & Nebeker*
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, UT  84145-0385

Carolyn R. Hancock, Esquire
(James Donnell and Jennifer Gore)
*Andrews Kurth LLP*
600 Travis, Suite 4200
Houston, TX  77002

John R. Harney, Esquire
National Pension Fund and International
  Training Fund
*O'Donoghue & O'Donoghue LLP*
4748 Wisconsin Avenue, N.W.
Washington, DC  20016

Mr. Richard Hylland
P.O. Box 88708
Sioux Falls, SD  57109

Colleen E. McManus, Esquire
*Piper Rudnick, LLP*
203 North LaSalle Street, Suite 1800
Chicago, IL  60601

*IOS Capital, LLC*
Bankruptcy Administration
1738 Bass Road
P.O. Box 13708
Macon, GA  31208-3708



## NORTHWESTERN CORPORATION
## 2002 SERVICE LIST

Michael R. Enright, Esquire
*Robinson & Cole LLP*
280 Trumbull Street
Hartford, CT 06103

Thomas A. Lee III, Esquire
*Becket and Lee, LLP*
P.O. Box 3001
Malvern, PA 19355-0701

Matthew W. Morrison, Esquire
Kim J. Sabo, Esquire
*U.S. Department of Justice -*
*Environmental and Natural Resources Division*
P.O. Box 7611
Washington, DC 20044

Henry Elsen, Esquire
*U.S. Environmental Protection Agency*
8MO Operations Office Federal Building
10 West 15th Street, Suite 3200
Helena, MT 59626

Michael McGrath, Esquire
Rob Collins, Esquire
Office of the Attorney General
*Montana Department of Justice*
215 North Sanders Street, 3rd Floor
P.O. Box 201401
Helena, MT 59620-1401

Rex D. Rainach
3622 Government Street
Baton Rouge, LA 70806-5720

Patricia Schrage, Esquire
*Securities & Exchange Commission*
New York District Office
Branch of Reorganization
Woolworth Building
233 Broadway
New York, NY 10279

Charles E. Boulbol, Esquire
26 Broadway 17th Floor
New York, NY 10004

Vernon E. Inge, Jr., Esquire
Christopher A. Jones, Esquire
*LeClair Ryan*
707 East Main Street, Suite 1100
Richmond, VA 23219

Michael W. Spence, Esquire
*Ray Quinney & Nebeker*
6 South State Street
P.O. Box 45385
Salt Lake City, UT 84145-0385

John J. Fries, Esquire
*Ryley Carlock & Applewhite*
One North Central Avenue, Suite 1200
Phoenix, AZ 85004

Laura Davenport Demman, Esquire
Special Assistant Attorney General
*Nebraska Public Service Commission*
1200 N Street, Suite 300
P.O. Box 94927
Lincoln, NE 68509-4927

George Psomas
*Goldsmith Agio Helms*
430 Park Avenue, 12th Floor
New York, NY 10022-3505

Helen Kautsky
*Bennett Management, Corp.*
2 Stamford Plaza, Suite 1501
Stamford, CT 06901

Meagan E. Costello, Esquire
*Fried, Frank, Harris, Shriver & Jacobson LLP*
One New York Plaza
New York, NY 10004

Brian Robbins, Esquire
*Robbins Umeda & Fink LLP*
1010 Second Avenue, Suite 2360
San Diego, CA 92101

John T. DeCarlo, Esquire
Daniel M. Shanley, Esquire
*DeCarlo, Connor & Selvo*
533 South Fremont Avenue, 9th Floor
Los Angeles, CA 90071

Thomas K. Wilka, Esquire
*Hagen, Wilka & Archer, P.C.*
418 First National Bank Building
100 South Phillips
P.O. Box 964
Sioux Falls, SD 57101

## NORTHWESTERN CORPORATION
## 2002 SERVICE LIST

Timothy J. Dougherty, Esquire
*Dougherty & Dougherty, LLP*
100 North Phillips Avenue, Suite 402
Sioux Falls, SD 57101

David P. Pearson, Esquire
Karl E. Robinson, Esquire
*Winthrop & Weinstine, P.A.*
225 South 6th Street, Suite 3500
Minneapolis, MN 55402

Paul H. Dawes, Esquire
*Latham & Watkins LLP*
135 Commonwealth Drive
Menlo Park, CA 94025

Michele F. Kyrouz, Esquire
*Latham & Watkins LLP*
505 Montgomery Street, Suite 1900
San Francisco, CA 94111

Sheldon T. Zenner, Esquire
Mary Ellen Hennessy, Esquire
David J. Stagman, Esquire
*Katten Muchin Zavis & Rosenman*
525 West Monroe, Suite 1600
Chicago, IL 60661

Michael G. Taylor, Esquire
*Leonard, Street and Deinard, P.C.*
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402

Charles H. Torres, Esquire
*Charles H. Torres, P.C.*
Mile High Center
1700 Broadway, Suite 1770
Denver, CO 80290

Joseph S. Allerhand, Esquire
John A. Neuwirth, Esquire
*Weil Gotshal & Manges LLP*
767 Fifth Avenue
New York, NY 10153

Dan A. Bailey, Esquire
*Bailey Cavalieri LLC*
One Columbus Center
10 West Broad Street
Columbus, OH 43215

Barrie L. Brejcha, Esquire
*Baker & McKenzie*
130 East Randolph Drive, Suite 3500
Chicago, IL 60601

M

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**DOCKET ITEM # 17**

IN RE: NorthWestern Corp.

| | | | |
|---|---|---|---|
| Magten Asset Management Corp. | ) | | |
| | ) | | |
| | ) | | |
| Appellant | ) | Civil Action No. 04-1508 |
| v. | ) | |
| | ) | |
| NorthWestern Corp. | ) | |
| | ) | |
| Appellee | ) | Bankruptcy Case No. 03-12872 |

**NOTICE OF DOCKETING**

A Notice of Appeal of the following order of the Bankruptcy Court dated 10/14/04 was docketed in the District Court on 12/09/04 :

Order approving Memorandum of Understanding

In accordance with the Standing Order of the Court dated July 23, 2004, this case shall be referred to the Appellate Mediation Panel, and briefing will be deferred.

Documents prepared for mediation shall be submitted directly to the mediator and should not be filed with the Clerk's Office. Any attorneys of record who are not members of the Bar of this Court shall associate with local counsel in accordance with District of Delaware Local Rule 83.5.

Peter T. Dalleo
Clerk of Court

December 9, 2004

To:    U.S. Bankruptcy Court
       Counsel

0312872041209000000000009

N

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2004 DEC 30  PM 2: 24

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| NORTHWESTERN CORPORATION, | Case No. 03-12872 (JLP) |
| Debtor. | |
| MAGTEN ASSET MANAGEMENT CORPORATION, | |
| Appellant, | |
| v. | Civ. No. 04-1508 (JJF) |
| NORTHWESTERN CORPORATION, | |
| Appellee. | |
| MAGTEN ASSET MANAGEMENT CORPORATION, | |
| Appellant, | |
| v. | Civ. No. 04-1389 (JJF) |
| NORTHWESTERN CORPORATION, | |
| Appellee. | |

### ORDER GRANTING MOTION OF NORTHWESTERN
### CORPORATION AND MAGTEN ASSET MANAGEMENT
### CORPORATION TO CONSOLIDATE THE APPEALS

Upon consideration of the motion (the "Motion") of NorthWestern Corporation

("NorthWestern") and Magten Asset Management Corporation ("Magten", and collectively with

NorthWestern, the "Movants"), pursuant to Rule 42 of the Federal Rules of Civil Procedure, to

consolidate the appeals of the Memorandum of Understanding and the Second Amended and

Restated Plan of Reorganization (collectively, the "Appeals"); it is hereby

ORDERED that the Motion is granted; and it is further

1


0312872050104000000000003

ORDERED that the Appeals shall be consolidated under Civ. No. 04-1389.


Dated:  Wilmington, Delaware
        December 30, 2004


_____
United States District Court Judge

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:                            )

                                 )

NORTHWESTERN CORPORATION,    )    Case No. 03-12872 (JLP)

                                 )

             Reorganized Debtor.    )    Re: Docket No. 2832

                                 )

## ORDER DENYING JOINT MOTION OF MAGTEN ASSET MANAGEMENT CORPORATION AND LAW DEBENTURE TRUST COMPANY OF NEW YORK

For the reasons set forth in the Court's Memorandum Opinion of this date, the Joint Motion of Magten Asset Management Corporation and Law Debenture Trust Company of New York as Indenture Trustee for Order Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure Approving a Settlement Between Northwestern Corporation, Magten Asset Management Corporation, and Law Debenture Trust Company of New York [Docket No. 2832] is **DENIED**.

Dated: March 10, 2005

The Honorable John L. Peterson
United States Bankruptcy Judge

1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| NORTHWESTERN CORPORATION, | ) | Case No. 03-12872 (JLP) |
| | ) | |
| Reorganized Debtor. | ) | Re: Docket No. 2832 |
| | ) | |

**MEMORANDUM OPINION DENYING JOINT MOTION OF
MAGTEN ASSET MANAGEMENT CORPORATION AND
LAW DEBENTURE TRUST COMPANY OF NEW YORK**

Magten Asset Management Corporation ("Magten") and Law Debenture Trust Company

of New York as Indenture Trustee (the "Indenture Trustee") submitted, pursuant to this Court's

direction, a motion for entry of an order under Federal Rule of Bankruptcy Procedure 9019[1]

approving a proposed settlement agreement (the "Settlement Agreement") with Northwestern

Corporation (the "Debtor") involving litigation and claims by each of the parties [Docket No.

2832] (the "Motion"). Prior to the filing of the Motion, the Debtor had received correspondence

from the Plan Committee, which was established under section 7.9 of the Debtor's Confirmed

Amended Chapter 11 Plan of Reorganization,[2] and certain other creditors objecting to the terms

of the proposed settlement. On February 16, 2005, the Debtor advised Magten and the Indenture

Trustee that it would not honor or comply with the proposed Settlement Agreement on grounds

---

[1] Federal Rule of Bankruptcy Procedure 9019 invokes the authority of the court to
approve a compromise or settlement upon motion by the trustee. Under 11 U.S.C. § 1107, a
debtor-in-possession in a chapter 11 case has the power of a trustee. However, in this case, the
plan of reorganization has been confirmed, and under section 1141(b), the confirmation of the
plan vests all of the property of the estate in the debtor. Thus, there is no longer a debtor-in-
possession, *i.e.*, trustee. The present motion is filed pursuant to the terms of the settlement
agreement and the Court may, under these circumstances, adopt and utilize the criteria commonly
employed to approve or reject compromise agreements.

[2] The Debtor's Second Amended and Restated Plan of Reorganization Under Chapter 11
of the Bankruptcy Code was approved on October 29, 2004 [Docket No. 2238].

1

that the agreement required consent of the Class 7 creditors and that such consent could not be obtained.

After the Court signed an order directing Magten *et al.* to file a motion for approval of the settlement agreement, the Motion was set for hearing for March 8, 2005. In response to the Motion, objections to approval of the Settlement Agreement were filed by the Debtor, the Plan Committee and the Ad Hoc Committee of Class 7 Creditors.[3] To these objections, Magten and the Indenture Trustee filed a joint reply. At the hearing, counsel for the respective parties presented oral argument in support of their respective positions.

The Settlement Agreement arises from a series of ongoing litigation between Magten, the Debtor, the Debtor's officers and counsel involving ten separate, but interrelated, matters. At the outset, I determine that the pending matter is properly before the Court, as the Court invited the present motion to resolve NorthWestern's representations at a prior hearing that a settlement had been reached and required formal application for court approval. I further determine that Magten's argument that the agreement is binding on the parties without court approval is without merit. Indeed, the settlement documents plainly state that the agreement was subject to Bankruptcy Court approval. Thus, case authority dealing with section 363 of the Bankruptcy Code[4] (sale of property of the estate outside the ordinary course of business), *Northview Motors, Inc. v. Chrysler Motors Corp.*, 186 F.3d 346 (3d Cir. 1999), or the fact that the Plan has vested

---

[3] The Ad Hoc Committee consists of Avenue Capital Partners, Drawbridge Special Opportunities Advisors LLC, Greenwich International Ltd., Harbert Distressed Investment Master Fund, Ltd., SOF Investments, L.P., Nationwide Life Insurance Company, Nationwide Mutual Insurance Company, and P. Schoenfeld Asset Management LLC.

[4] Unless otherwise indicated, all citations to statutory sections are to the Bankruptcy Code ("Code"), 11 U.S.C. § 101 *et seq.*

2

the property in the Debtor and there is no longer a debtor-in-possession, *In re W.R.M.J. Johnson Fruit Farm, Inc.*, 107 B.R. 18 (Bankr. W.D. N.Y. 1989); *In re Nelson Co.*, 117 B.R. 813 (Bankr. E.D. Pa. 1990), are beside the point. Indeed, the issues raised by the objections make clear that the Court must decide whether the Settlement Agreement violates or is consistent with the terms of the Confirmed Plan in order to approve or reject the agreement. This is particularly true because section 7.9 of the Confirmed Plan provides that the Plan Committee was created for "the purpose of overseeing the remaining Claims reconciliation and settlement process," and if a settlement exceeds $100,001, which the present settlement surely does, the Debtor must settle in accordance with the Plan Committee By-Laws, "which provides the Plan Committee with, among other things, the right to object [to] such claims." Finally, it is clear from oral argument that the settlement provisions do impact the rights of Class 7 and Class 9 creditors, and thus court supervision is essential to protect such rights.

The present argument essentially involves the application of claims arising under unsecured subordinated notes called QUIPS, which were allowed in the Plan in the amount of $69,537,873.00. The Indenture Trustee administers such notes and Magten is one of the holders of such notes. Article IV, section 4.8(b)(ii) of the Plan provides that QUIPS note claimants may opt to receive payment of their notes in full under one of two options, but not both, namely:

(1) a Pro Rata Share of 505,591 shares of New Common Stock . . ., plus Warrants exercisable for an additional 2.3% of New Common Stock (collectively, "Option 1"); or

(2) a Pro Rata Share of recoveries, if any, upon resolution of the QUIPS Litigation ("Option 2").

Option 2 is involved in the settlement language. Under Option 2, such holders of claims shall be treated as a Class 9 General Unsecured Claim, "subject to estimation and reserves of Disputed

3

Claims as provided in section 7.5 of the Plan, with Distributions to holders of Class 8(b) Unsecured Subordinated Note Claims which choose Option 2 being made, if at all, only upon entry of a Final Order resolving the QUIPS Litigation (unless otherwise agreed to by the Debtor and the Committee); . . . ."

The QUIPS Litigation involves an action by Magten and the Indenture Trustee seeking to upset a transfer of assets to the Debtor from an entity known as Clark Fork and Blackfoot LLC, under circumstances alleged to occur through actual fraud (Adv. Pro. No. 04-53324). Allied with this adversary action is Magten's and the Indenture Trustee's appeal of the confirmation order, actions against an officer of the company, action against counsel for the Debtor and objections to the award of attorney's fees of said counsel, among other pending matters.

The settlement proposal calls for termination of all litigation and provides allocation and payment of the following by NorthWestern to Magten and the Indenture Trustee: (1) distribution of 382,732 shares of common stock at the reorganization plan value of $20.00 per share, plus 710,449 warrants at a value of $4.50 each; and (2) distribution of those shares of common stock of set aside in a disputed claim reserve pursuant to a stipulation and court order establishing such reserve [Docket No. 2298, November 1, 2004], having a Plan value of $17.1 million, plus $300,000 of common stock from the general reserve set aside for Class 9 claimants. From these distributions, Magten and the Indenture Trustee would pay their own attorney's fees and costs (over $2 million) from the sale of such shares, the parties would execute mutual releases and all litigation would come to an end.

In the stipulation approved November 1, 2004, the parties agreed that Magten's proof of claim of $50 million would result in a reserve of 50% of the proof of claim, equaling $25 million of the Class 9 reserved shares, but to the extent that the litigation claim exceeded $25 million,

4

the "holders of such claims shall have any deficiency satisfied out of the general Disputed Claims Reserve" described in the Plan. That general Class 9 reserve set aside $140 million of shares for over forty disputed claims, only two of which have been resolved.

While the Plan Committee and the Ad Hoc Committee challenge the amount, and therefore the reasonableness of the settlement, the crux of the real objection comes from the manner in which Magten's shares are being distributed, its impact on Class 7 and Class 9 creditors and the violation of section 4.8(b)(ii) of the Plan.

The Plan provides that to the extent shares allocated to Class 8(b) are not distributed to Option 2 holders, those shares are to be distributed to Class 7 and Class 9 creditors. *See* Debtor's Second Amended and Restated Plan of Reorganization, Section 4.8(b)(ii). Thus, Magten and the other non-accepting QUIPS holders who took Option 2 received only a Class 9 claim, not a distribution from the 505,591 shares allocated to Option 1 holders. To grant, as the Settlement Agreement does, both types of recovery requires the consent of the Class 7 and Class 9 creditors, either by way of amendment to the Plan or absence of any objections from those classes. But a plan amendment is not legally available because the Plan has been substantially consummated and objection to the distribution has been presented vigorously by Class 7.

A confirmed plan may be modified or amended after confirmation, but only before substantial consummation has taken place. Section 1127(b) provides: "The proponent of a plan or the reorganized debtor may modify such plan at any time after confirmation of such plan and before substantial consummation of such plan . . . ." Indeed, Notice of Substantial Consummation of the Plan was filed on December 29, 2004 [Docket No. 2519], and the notice received widespread publication.

5

Case 1:05-cv-00499-JJF    Document 56-11    Filed 07/18/2005    Page 29 of 45

As to consent by Class 7 creditors, as set forth in the Ad Hoc Committee objection, their veto right to the settlement has been clearly stated. Moreover, it is clear that the parties to the settlement realized that the Debtor could not, as it states, "dip into" the Class 9 disputed claim reserve, which is in excess of the Magten reserve of $25 million, to distribute stock to Magten and the Indenture Trustee for the benefit of Magten. Yet, it is admitted that this general reserve is clearly where the 382,732 shares must come from. To do so would not only set Options 1 and 2 on their head after confirmation, and therefore violate the Plan, but would, according to the Debtor, have a serious potential adverse impact on the reserve for other disputed claims. For example, PPL Montana's disputed claim of $140 million was reserved at $50 million by stipulation, claims from rejection of pension plan exceed $12 to $15 million, and Hyland's claim of $30 million is still unresolved. To date, Cornerstone's claim of $19.5 million and Comanche Park of $750,000 have been resolved, with distributions made from the general reserve. To resolve the remaining claims, which have an asserted amount of $120 million, there remains 3,720,600 shares with a Plan value of $74,412,000. Such financial dilemma surely means that it is imprudent to distribute the 382,732 shares to Magten from the Class 9 reserve over and above the reserve fixed by the November 1, 2004 Stipulation.

I conclude that the Debtor and Magten *et al.* entered into the Settlement Agreement in good faith, knowing nevertheless that the Plan provisions required the consent of the Class 7 and Class 9 creditors, and certainly both later realized the Plan, at this late date, cannot be amended to accommodate the settlement terms.

Had the settling parties agreed upon a settlement amount which equaled the amount of the Magten/Indenture Trustee reserve of $25 million, the agreement may have been able to carry the day, for the parties recognize that approval of a proposed settlement is within the "sound

6

discretion" of the Court, and the Court is not burdened to decide numerous questions of law or fact, but rather canvases the issues and circumstances attending the litigation, including cost, to determine whether the agreement falls below the lowest point in range of reasonableness. *In re Martin*, 91 F.3d 389 (3d Cir. 1996); *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983).

Since the Debtor has now concluded the settlement is not in the best interests of the estate, that it violates express provisions of the Plan and therefore cannot be implemented, particularly where Class 7 and Class 9 creditors vigorously object, as does the Plan Committee, the only conclusion for the Court is that the proposed Settlement Agreement must be rejected for the reasons set forth above. This memorandum does not foreclose further settlement negotiations, and indeed it may be in the best interest of all parties to revisit the present proposal within the limits of the Magten/Indenture Trustee reserve, with a potential supplement from other sources of new common stock, particularly where one of the objectors have taken note that an officer of the company was also the beneficiary of the proposed settlement.[5]

For the reasons set forth above, the Joint Motion of Magten and Law Debenture to approve the Settlement Agreement is DENIED without prejudice. A separate order denying the Motion shall enter.

Dated: March 10, 2005

The Honorable John L. Peterson
United States Bankruptcy Judge

---

[5] One unsettling fact, as stated at the hearing by counsel for the Indenture Trustee, is that the Option 1 bond holders who overwhelmingly voted in favor of the Plan have not received distribution of their shares of new Common Stock due to the dispute over payment and allocation of the Indenture Trustee's attorney's fees. Thus, that class is being held hostage by the continuing litigation, which apparently does not bother the objecting parties.

7

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x

In re:

NORTHWESTERN CORPORATION,

　　　　　　　　　　　　Debtor.

---------------------------------------------------------------- x

Chapter 11

Case No. 03-12872 (JLP)

### NOTICE OF APPEAL

*PLEASE TAKE NOTICE* that Magten Asset Management Corporation and Law Debenture Trust Company of New York, by and through their undersigned counsel, hereby appeal to the United States District Court for the District of Delaware from the Order Denying Joint Motion of Magten Asset Management Corporation and Law Debenture Trust Company of New York (the *"Order"*), which was entered by United States Bankruptcy Judge John L. Peterson on March 10, 2005 [Docket No. 2911]. Copies of the Order appealed from, and the Memorandum Opinion Denying Joint Motion of Magten Asset Management Corporation and Law Debenture Trust Company of New York, are attached hereto as Exhibits "A" and "B", respectively.

The names of all parties to the order appealed from and the names, addresses and telephone numbers of their respective attorneys are as follows:

1

120087.01600/40151649v1

| Parties | Attorneys | |
|---|---|---|
| Magten Asset Management Corporation | Mark J. Packel, Esq.<br>Elio Battista, Jr., Esq.<br>Blank Rome LLP<br>1201 Market Street, Suite 800<br>Wilmington, DE 19801<br>Telephone: (302) 425-6400 | Bonnie Steingart, Esq.<br>Gary L. Kaplan, Esq.<br>Fried, Frank, Harris, Shriver &<br>Jacobson LLP<br>One New York Plaza<br>New York, NY 10004<br>Telephone: (212) 859-8000 |
| Law Debenture Trust Company of New York | Kathleen M. Miller, Esq.<br>Smith, Katzenstein & Furlow,<br>LLP<br>800 Delaware Avenue, 7th Floor<br>P.O. Box 410<br>Wilmington, DE 19899<br>Courier 19801<br>Telephone: (302) 652-8400 | Amanda D. Darwin, Esq.<br>John V. Snellings, Esq.<br>Lee Harrington, Esq.<br>Nixon Peabody LLP<br>100 Summer Street<br>Boston, MA 02110<br>Telephone: (617) 345-1000 |
| NorthWestern Corporation | Scott D. Cousins, Esq.<br>William E. Chipman, Jr., Esq.<br>Greenberg Traurig, LLP<br>The Brandywine Building<br>1000 West Street, Suite 1540<br>Wilmington, DE 19801<br>Telephone: (302) 661-7000 | Jesse H. Austin, III, Esq.<br>Karol K. Denniston, Esq.<br>Paul, Hastings, Janofsky &<br>Walker LLP<br>600 Peachtree Street, Suite 2400<br>Atlanta, GA 30308<br>Telephone: (404) 815-2400 |
| The Plan Committee | Neil B. Glassman, Esq.<br>Charlene Davis, Esq.<br>Eric Sutty, Esq.<br>The Bayard Firm<br>222 Delaware Avenue, Suite 900<br>P.O. Box 25130<br>Wilmington, DE 19899<br>Telephone: (302) 655-5000 | Alan W. Kornberg, Esq.<br>Margaret A. Phillips, Esq.<br>Ephraim I. Diamond, Esq.<br>Paul, Weiss, Rifkind, Wharton<br>& Garrison LLP<br>1285 Avenue of the Americas<br>New York, NY 10019<br>Telephone: (212) 373-3000 |
| The Ad Hoc Committee of Class 7 Debtholders | Adam G. Landis, Esq.<br>Landis, Rath & Cobb LLP<br>919 Market Street, Suite 600<br>Wilmington, DE 19801<br>Telephone: (302) 467-4400 | Philip Bentley, Esq.<br>Mathew J. Williams, Esq.<br>Kramer, Levin, Naftalis &<br>Frankel LLP<br>919 Third Avenue<br>New York, NY 10022<br>Telephone: (212) 715-9100 |

2

Cornerstone Propane
Operating LLC

Allan S. Brilliant, Esq.
Paul D. Malek, Esq.
Milbank, Tweed, Hadley &
McCloy LLP
One Chase Manhattan Plaza
New York, NY 10005
Telephone: (212) 530 - 5000

Dated: March 17, 2005

**BLANK ROME LLP**

Mark J. Packel (DE No. 4048)
Elio Battista, Jr. (DE No. 3814)
1201 Market Street, Suite 800
Wilmington, DE 19801
Telephone:    (302) 425-6400
Facsimile:     (302) 425-6464

- and -

**FRIED, FRANK, HARRIS, SHRIVER &
JACOBSON LLP**
Bonnie Steingart
Gary L. Kaplan
One New York Plaza
New York, NY 10004
Telephone:    (212) 859-8000
Facsimile:     (212) 859-4000

Counsel for Magten Asset Management
   Corporation

- and -

**SMITH, KATZENSTEIN & FURLOW, LLP**

*/s/ Kathleen M. Miller*
Kathleen M. Miller (I.D. No. 2898)
800 Delaware Avenue, 7th Floor
Wilmington, DE 19801
Telephone:    (302) 652-8400
Facsimile:     (302) 652-8405

3

- and -

**NIXON PEABODY LLP**
Amanda D. Darwin, BBO No. 547654
John V. Snellings, BBO No. 548791
Lee Harrington, DE No. 4046
100 Summer Street
Boston, MA 02110
Telephone:    (617) 345-1000
Facsimile:    (617) 345-1300


Counsel for Law Debenture Trust Company of New
York

491312

4

**<u>EXHIBIT A</u>**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:                                    )
                                          )
NORTHWESTERN CORPORATION,                 )    Case No. 03-12872 (JLP)
                                          )
                    Reorganized Debtor.   )    Re: Docket No. 2832
                                          )

### ORDER DENYING JOINT MOTION OF MAGTEN ASSET MANAGEMENT CORPORATION AND LAW DEBENTURE TRUST COMPANY OF NEW YORK

For the reasons set forth in the Court's Memorandum Opinion of this date, the Joint

Motion of Magten Asset Management Corporation and Law Debenture Trust Company of New

York as Indenture Trustee for Order Pursuant to Rule 9019 of the Federal Rules of Bankruptcy

Procedure Approving a Settlement Between Northwestern Corporation, Magten Asset

Management Corporation, and Law Debenture Trust Company of New York [Docket No. 2832]

is **DENIED**.

Dated: March 10, 2005

_____
The Honorable John L. Peterson
United States Bankruptcy Judge

1

**<u>EXHIBIT B</u>**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:                                          )
                                                )
NORTHWESTERN CORPORATION,                        )    Case No. 03-12872 (JLP)
                                                )
                    Reorganized Debtor.          )    Re: Docket No. 2832
_____ )

## MEMORANDUM OPINION DENYING JOINT MOTION OF MAGTEN ASSET MANAGEMENT CORPORATION AND LAW DEBENTURE TRUST COMPANY OF NEW YORK

Magten Asset Management Corporation ("Magten") and Law Debenture Trust Company

of New York as Indenture Trustee (the "Indenture Trustee") submitted, pursuant to this Court's

direction, a motion for entry of an order under Federal Rule of Bankruptcy Procedure 9019[1]

approving a proposed settlement agreement (the "Settlement Agreement") with Northwestern

Corporation (the "Debtor") involving litigation and claims by each of the parties [Docket No.

2832] (the "Motion"). Prior to the filing of the Motion, the Debtor had received correspondence

from the Plan Committee, which was established under section 7.9 of the Debtor's Confirmed

Amended Chapter 11 Plan of Reorganization,[2] and certain other creditors objecting to the terms

of the proposed settlement. On February 16, 2005, the Debtor advised Magten and the Indenture

Trustee that it would not honor or comply with the proposed Settlement Agreement on grounds

---

[1] Federal Rule of Bankruptcy Procedure 9019 invokes the authority of the court to approve a compromise or settlement upon motion by the trustee. Under 11 U.S.C. § 1107, a debtor-in-possession in a chapter 11 case has the power of a trustee. However, in this case, the plan of reorganization has been confirmed, and under section 1141(b), the confirmation of the plan vests all of the property of the estate in the debtor. Thus, there is no longer a debtor-in-possession, *i.e.*, trustee. The present motion is filed pursuant to the terms of the settlement agreement and the Court may, under these circumstances, adopt and utilize the criteria commonly employed to approve or reject compromise agreements.

[2] The Debtor's Second Amended and Restated Plan of Reorganization Under Chapter 11 of the Bankruptcy Code was approved on October 29, 2004 [Docket No. 2238].

1

that the agreement required consent of the Class 7 creditors and that such consent could not be obtained.

After the Court signed an order directing Magten *et al.* to file a motion for approval of the settlement agreement, the Motion was set for hearing for March 8, 2005. In response to the Motion, objections to approval of the Settlement Agreement were filed by the Debtor, the Plan Committee and the Ad Hoc Committee of Class 7 Creditors.[3] To these objections, Magten and the Indenture Trustee filed a joint reply. At the hearing, counsel for the respective parties presented oral argument in support of their respective positions.

The Settlement Agreement arises from a series of ongoing litigation between Magten, the Debtor, the Debtor's officers and counsel involving ten separate, but interrelated, matters. At the outset, I determine that the pending matter is properly before the Court, as the Court invited the present motion to resolve NorthWestern's representations at a prior hearing that a settlement had been reached and required formal application for court approval. I further determine that Magten's argument that the agreement is binding on the parties without court approval is without merit. Indeed, the settlement documents plainly state that the agreement was subject to Bankruptcy Court approval. Thus, case authority dealing with section 363 of the Bankruptcy Code[4] (sale of property of the estate outside the ordinary course of business), *Northview Motors, Inc. v. Chrysler Motors Corp.*, 186 F.3d 346 (3d Cir. 1999), or the fact that the Plan has vested

---

[3] The Ad Hoc Committee consists of Avenue Capital Partners, Drawbridge Special Opportunities Advisors LLC, Greenwich International Ltd., Harbert Distressed Investment Master Fund, Ltd., SOF Investments, L.P., Nationwide Life Insurance Company, Nationwide Mutual Insurance Company, and P. Schoenfeld Asset Management LLC.

[4] Unless otherwise indicated, all citations to statutory sections are to the Bankruptcy Code ("Code"), 11 U.S.C. § 101 *et seq.*

2

the property in the Debtor and there is no longer a debtor-in-possession, *In re W.R.M.J. Johnson Fruit Farm, Inc.*, 107 B.R. 18 (Bankr. W.D. N.Y. 1989); *In re Nelson Co.*, 117 B.R. 813 (Bankr. E.D. Pa. 1990), are beside the point. Indeed, the issues raised by the objections make clear that the Court must decide whether the Settlement Agreement violates or is consistent with the terms of the Confirmed Plan in order to approve or reject the agreement. This is particularly true because section 7.9 of the Confirmed Plan provides that the Plan Committee was created for "the purpose of overseeing the remaining Claims reconciliation and settlement process," and if a settlement exceeds $100,001, which the present settlement surely does, the Debtor must settle in accordance with the Plan Committee By-Laws, "which provides the Plan Committee with, among other things, the right to object [to] such claims." Finally, it is clear from oral argument that the settlement provisions do impact the rights of Class 7 and Class 9 creditors, and thus court supervision is essential to protect such rights.

The present argument essentially involves the application of claims arising under unsecured subordinated notes called QUIPS, which were allowed in the Plan in the amount of $69,537,873.00. The Indenture Trustee administers such notes and Magten is one of the holders of such notes. Article IV, section 4.8(b)(ii) of the Plan provides that QUIPS note claimants may opt to receive payment of their notes in full under one of two options, but not both, namely:

(1) a Pro Rata Share of 505,591 shares of New Common Stock . . ., plus Warrants exercisable for an additional 2.3% of New Common Stock (collectively, "Option 1"); or

(2) a Pro Rata Share of recoveries, if any, upon resolution of the QUIPS Litigation ("Option 2").

Option 2 is involved in the settlement language. Under Option 2, such holders of claims shall be treated as a Class 9 General Unsecured Claim, "subject to estimation and reserves of Disputed

3

Claims as provided in section 7.5 of the Plan, with Distributions to holders of Class 8(b)
Unsecured Subordinated Note Claims which choose Option 2 being made, if at all, only upon
entry of a Final Order resolving the QUIPS Litigation (unless otherwise agreed to by the Debtor
and the Committee); . . . ."

The QUIPS Litigation involves an action by Magten and the Indenture Trustee seeking to
upset a transfer of assets to the Debtor from an entity known as Clark Fork and Blackfoot LLC,
under circumstances alleged to occur through actual fraud (Adv. Pro. No. 04-53324). Allied
with this adversary action is Magten's and the Indenture Trustee's appeal of the confirmation
order, actions against an officer of the company, action against counsel for the Debtor and
objections to the award of attorney's fees of said counsel, among other pending matters.

The settlement proposal calls for termination of all litigation and provides allocation and
payment of the following by NorthWestern to Magten and the Indenture Trustee: (1) distribution
of 382,732 shares of common stock at the reorganization plan value of $20.00 per share, plus
710,449 warrants at a value of $4.50 each; and (2) distribution of those shares of common stock
of set aside in a disputed claim reserve pursuant to a stipulation and court order establishing such
reserve [Docket No. 2298, November 1, 2004], having a Plan value of $17.1 million, plus
$300,000 of common stock from the general reserve set aside for Class 9 claimants. From these
distributions, Magten and the Indenture Trustee would pay their own attorney's fees and costs
(over $2 million) from the sale of such shares, the parties would execute mutual releases and all
litigation would come to an end.

In the stipulation approved November 1, 2004, the parties agreed that Magten's proof of
claim of $50 million would result in a reserve of 50% of the proof of claim, equaling $25 million
of the Class 9 reserved shares, but to the extent that the litigation claim exceeded $25 million,

4

the "holders of such claims shall have any deficiency satisfied out of the general Disputed Claims Reserve" described in the Plan. That general Class 9 reserve set aside $140 million of shares for over forty disputed claims, only two of which have been resolved.

While the Plan Committee and the Ad Hoc Committee challenge the amount, and therefore the reasonableness of the settlement, the crux of the real objection comes from the manner in which Magten's shares are being distributed, its impact on Class 7 and Class 9 creditors and the violation of section 4.8(b)(ii) of the Plan.

The Plan provides that to the extent shares allocated to Class 8(b) are not distributed to Option 2 holders, those shares are to be distributed to Class 7 and Class 9 creditors. *See* Debtor's Second Amended and Restated Plan of Reorganization, Section 4.8(b)(ii). Thus, Magten and the other non-accepting QUIPS holders who took Option 2 received only a Class 9 claim, not a distribution from the 505,591 shares allocated to Option 1 holders. To grant, as the Settlement Agreement does, both types of recovery requires the consent of the Class 7 and Class 9 creditors, either by way of amendment to the Plan or absence of any objections from those classes. But a plan amendment is not legally available because the Plan has been substantially consummated and objection to the distribution has been presented vigorously by Class 7.

A confirmed plan may be modified or amended after confirmation, but only before substantial consummation has taken place. Section 1127(b) provides: "The proponent of a plan or the reorganized debtor may modify such plan at any time after confirmation of such plan and before substantial consummation of such plan . . . ." Indeed, Notice of Substantial Consummation of the Plan was filed on December 29, 2004 [Docket No. 2519], and the notice received widespread publication.

5

As to consent by Class 7 creditors, as set forth in the Ad Hoc Committee objection, their veto right to the settlement has been clearly stated.  Moreover, it is clear that the parties to the settlement realized that the Debtor could not, as it states, "dip into" the Class 9 disputed claim reserve, which is in excess of the Magten reserve of $25 million, to distribute stock to Magten and the Indenture Trustee for the benefit of Magten. Yet, it is admitted that this general reserve is clearly where the 382,732 shares must come from.  To do so would not only set Options 1 and 2 on their head after confirmation, and therefore violate the Plan, but would, according to the Debtor, have a serious potential adverse impact on the reserve for other disputed claims.  For example, PPL Montana's disputed claim of $140 million was reserved at $50 million by stipulation, claims from rejection of pension plan exceed $12 to $15 million, and Hyland's claim of $30 million is still unresolved.  To date, Cornerstone's claim of $19.5 million and Comanche Park of $750,000 have been resolved, with distributions made from the general reserve.  To resolve the remaining claims, which have an asserted amount of $120 million, there remains 3,720,600 shares with a Plan value of $74,412,000.  Such financial dilemma surely means that it is imprudent to distribute the 382,732 shares to Magten from the Class 9 reserve over and above the reserve fixed by the November 1, 2004 Stipulation.

I conclude that the Debtor and Magten *et al.* entered into the Settlement Agreement in good faith, knowing nevertheless that the Plan provisions required the consent of the Class 7 and Class 9 creditors, and certainly both later realized the Plan, at this late date, cannot be amended to accommodate the settlement terms.

Had the settling parties agreed upon a settlement amount which equaled the amount of the Magten/Indenture Trustee reserve of $25 million, the agreement may have been able to carry the day, for the parties recognize that approval of a proposed settlement is within the "sound

6

discretion" of the Court, and the Court is not burdened to decide numerous questions of law or fact, but rather canvases the issues and circumstances attending the litigation, including cost, to determine whether the agreement falls below the lowest point in range of reasonableness. *In re Martin*, 91 F.3d 389 (3d Cir. 1996); *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983).

Since the Debtor has now concluded the settlement is not in the best interests of the estate, that it violates express provisions of the Plan and therefore cannot be implemented, particularly where Class 7 and Class 9 creditors vigorously object, as does the Plan Committee, the only conclusion for the Court is that the proposed Settlement Agreement must be rejected for the reasons set forth above. This memorandum does not foreclose further settlement negotiations, and indeed it may be in the best interest of all parties to revisit the present proposal within the limits of the Magten/Indenture Trustee reserve, with a potential supplement from other sources of new common stock, particularly where one of the objectors have taken note that an officer of the company was also the beneficiary of the proposed settlement.[5]

For the reasons set forth above, the Joint Motion of Magten and Law Debenture to approve the Settlement Agreement is DENIED without prejudice. A separate order denying the Motion shall enter.

Dated: March 10, 2005

The Honorable John L. Peterson
United States Bankruptcy Judge

---

[5] One unsettling fact, as stated at the hearing by counsel for the Indenture Trustee, is that the Option 1 bond holders who overwhelmingly voted in favor of the Plan have not received distribution of their shares of new Common Stock due to the dispute over payment and allocation of the Indenture Trustee's attorney's fees. Thus, that class is being held hostage by the continuing litigation, which apparently does not bother the objecting parties.

7