James H. Goetz
J. Devlan Geddes
**GOETZ, GALLIK & BALDWIN, P.C.**
35 North Grand Avenue
P.O. Box 6580
Bozeman, Montana 59715
(406) 587-0618

Bonnie Steingart (admitted pro hac vice)
John W. Brewer (admitted pro hac vice)
**FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP**
One New York Plaza
New York, New York 10004
(212) 859-8000

ATTORNEYS FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
BUTTE DIVISION

------------------------------------------------------------x

MAGTEN ASSET MANAGEMENT CORPORATION,

            Plaintiff,

- against -

MIKE J. HANSON and ERNIE J. KINDT,

            Defendants.

------------------------------------------------------------x

Cause No. CV-04-26-BU-RFC

05-499

**DECLARATION OF BONNIE STEINGART
IN SUPPORT OF MAGTEN'S OPPOSITION TO DEFENDANTS'
MOTION FOR TRANSFER OR, IN THE ALTERNATIVE, STAY ACTION**

I, Bonnie Steingart, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that I am competent to testify from personal knowledge as to the matters set forth below, which are true and correct.

1. I am a member of the law firm of Fried, Frank, Harris, Shriver & Jacobson, LLP, and have been personally involved in representing Magten[1] in the above-captioned proceeding.

2. I submit this declaration in support of Magten's opposition to defendants' motion for transfer.

3. A true and correct copy of the Notice of Removal filed in this Court by Paul Hastings (*Magten Asset Management Corporation v. Paul Hastings Janofsky & Walker LLP*, CV-04-49-BU-SHE), dated June 24, 2004, is attached hereto as Exhibit A.

4. A true and correct copy of an article from Platts Electric Utility Week, titled "South Dakota, Montana cities, Nebraska utilities moving fast in bid for NorthWestern," dated May 9, 2005, is attached hereto as Exhibit B.

5. NorthWestern has now voluntarily dismissed its adversary proceeding against Magten (*Northwestern Corporation v. Magten Asset Management Corporation et al.*, Chapter 11 Case No. 03-12872 (JLP), Adv. Proc. No. 04-55051 (JLP)) with prejudice, after admitting that it had been unable to substantiate its allegations of wrongdoing by Magten. A true and correct copy of NorthWestern's motion to dismiss, dated February 24, 2005, is attached hereto as Exhibit C (accompanying exhibits omitted).

6. My firm does not represent Magten against Bank of New York in the Delaware state court action, (*Magten v. Bank of New York, et al.*, C.A. No.1219-N Vice Chancellor Strine).

---

[1] This declaration uses the same defined terms as in Magten's opposition to defendants' motion for transfer.

It is my understanding that the time for defendants to seek to remove that case to federal court has now expired.

7.  My firm does not represent Magten against Paul Hastings in the Delaware District Court action (*Magten v. Paul, Hastings, Janofsky & Walker, LLP*, D. Del., No. 04-cv-01256 (JJF)), however, I understand, based on conversations my firm has had with Magten's counsel in that action that the District Court in Delaware has yet to make any substantive rulings in the Paul Hastings Action.

8.  Due to docket congestion in Delaware and the consequent need to use visiting judges from other districts, the Adversary Proceeding filed by Magten (*Magten Asset Management Company & Law Debenture Trust Company of New York v. NorthWestern Corporation*, Bankr. D. Del., Adv. No. 04-53324 (JLP)) (and indeed NorthWestern's entire chapter 11 case) has been transferred from judge to judge. The bankruptcy judge currently presiding over the case is the third one since the Adversary Proceeding was filed.

9.  It is presently unclear due to pending unresolved motions whether the adversary proceeding filed by Magten (*Magten Asset Management Company & Law Debenture Trust Company of New York v. NorthWestern Corporation*, Bankr. D. Del., Adv. No. 04-53324 (JLP)) will remain in the Bankruptcy Court or be transferred to the District Court.

10.  In connection with NorthWestern's insolvency (and certain terms of NorthWestern's reorganization plan which Magten has challenged), the plan provides that its liabilities to Magten, to the extent that they are ultimately found to be an "allowed claim," may only be paid out of the disputed claims reserve. It is our understanding that these claims would be treated as Class 9 claims and that those claims will only receive an approximate 62% recovery.

Date:  New York, New York
      June 2, 2005

_____
Bonnie Steingart

470172

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served upon the following counsel of record, by first class U. S. mail, postage prepaid, this 2nd day of June, 2005.

Bonnie Steingart
John W. Brewer
Fried, Brank, Harris, Shriver & Jacobson, LLP
One New York Plaza
New York, NY 10004
ATTORNEYS FOR PLAINTIFF

Kimberly A. Beatty
Browning, Kaleczyc, Berry & Hoven, P.C.
P. O. Box 1697
Helena, MT 59624
ATTORNEYS FOR DEFENDANTS

_____
J. Devlan Geddes