AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

**Issued by the**

**UNITED STATES DISTRICT COURT**

DISTRICT OF     MONTANA

MAGTEN ASSET MANAGEMENT CORPORATION,

           Plaintiff,

      V.

MIKE J. HANSON and ERNIE J. KINDT,

           Defendants.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER:[1]    CV-04-26-BU-RFC

TO:   Clark Fork and Blackfoot LLC
      40 East Broadway
      Butte, MT  59701

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

      See Exhibit A, attached.

| PLACE  Goetz, Gallik & Baldwin, P.C., 35 North Grand Avenue  P.O. Box 6580, Bozeman, MT  59715 | DATE AND TIME  June 27, 2005  10:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

      Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _Katheniel Baker_    Attorney for Plaintiff | 5/27/05 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

J. Devlan Geddes, 35 N. Grand, Bozeman, MT      (406) 587-0618
59715

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

---

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | May _____, 2005 | 40 W. Lawrence, Suite A<br>Helena, MT 59601 |
| | CT Corporation System | In Person |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Robert Pankratz | Process Server |

| SERVED BY (PRINT NAME) | TITLE |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ____May____, 2005
DATE

SIGNATURE OF SERVER

All Papers To Go

ADDRESS OF SERVER

P. O. Box 5894, Helena, MT 59604

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT A

## DEFINITIONS

The terms used herein shall have the meanings ascribed to them in the definitions set forth below:

1.    The term "you" and "your" means or refers to Clark Fork, as well as all persons and/or entities affiliated with Clark Fork, acting in concert with or under the direction of Clark Fork, or purporting to act on Clark Fork's behalf.

2.    "All" means "any and all," and "any" means "any and all."

3.    "Clark Fork" means Clark Fork and Blackfoot, LLC, formerly known as, among other things, NorthWestern Energy, LLC and Montana Power, LLC, and any of its affiliate, subsidiaries, predecessors and any person or entity acting or purporting to act on behalf of, at the direction of or in concert with it, including but not limited to Clark Fork's present and former officers, directors, employees, servants, agents, representatives and attorneys.

4.    "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) by any medium -- oral, written or otherwise.

5.    "Concerning" includes referring to, relating to, embodying, in connection with, commenting on, responding to, showing, demonstrating, declaring, describing, analyzing, reflecting, containing or constituting.

6.    "Document" is used herein in the broadest sense and includes, but is not limited to, all originals, whether printed or handwritten, non-identical copies, copies with marginal notations or interlineations of any writing, recording, photograph, computer data, film, e-mail, video or audio tape (including transcripts or memoranda reflecting or referring to the contents thereof), any written, typewritten or other tangible form of recording or preserving

communication or thought (including computerized records of any kind), including any non-identical copy thereof, or any other items containing information of any kind or nature, however produced or reproduced, whatever its origin or location and regardless of the form in which such information exists or is maintained.

7.    "Expanets Investment" means all equity investments made in or loans extended to Expanets, Inc. by NorthWestern.

8.    "Guarantee Agreement" shall mean that certain Guarantee Agreement dated as of November 1, 1996, by and between The Montana Power Company as guarantor and The Bank of New York as guarantee trustee and any and all amendments, supplements, revisions and addendums thereto.

9.    "Junior Debentures" means the Junior Subordinated Interest Debentures which The Montana Power Company issued pursuant to its Indenture (For Unsecured Subordinated Debt Securities relating to Trust Securities) dated November 1, 1996.

10.    "Montana Medium-Term Notes Indenture" shall mean that certain Indenture for Unsecured Debt Securities dated December 1, 1989 by and between The Montana Power Company and Citibank, N.A., as trustee and any and all amendments, supplements, revisions and addendums thereto.

11.    "Montana Trustee" shall mean Citibank, N.A. as trustee under the Montana Medium-Term Notes Indenture and any and all predecessors and/or successors in interest thereto.

12.    "NorthWestern" means NorthWestern Corporation, its affiliates and any parent, subsidiaries, predecessors and successors, and any person or entity acting or purporting to act on behalf of, at the direction of, or in concert with it, including but not limited to NorthWestern's

2

present and former officers, directors, employees, servants, agents, representatives and attorneys; provided, however, that NorthWestern shall not be construed to include Clark Fork, which has been separately defined herein.

13.    "Person" includes any natural person, group, investigatory body, governmental unit, governmental agency or department, corporation, association, partnership, limited partnership, joint venture, sole proprietorship, business, business entity, organization, or institution.

14.    "QUIPS" means the Series A 8.45% Quarterly Income Preferred Securities issued by Montana Capital Power Trust I pursuant to the Trust Agreement between The Montana Power Company, The Bank of New York, and various other persons dated on or about November 1, 1996.

15.    "QUIPS Indenture" shall mean that certain indenture for Unsecured Subordinated Debt Securities relating to Trust Securities dated November 1, 1996 by and between The Montana Power Company and The Bank of New York, as trustee, and all drafts, amendments, supplements, addendums and revisions thereto including, but not limited to the Second Supplemental Indenture and the Third Supplemental Indenture and the notes that were issued pursuant to such documents.

16.    "QUIPS Trustees" shall mean The Bank of New York as trustee under the QUIPS Indenture, The Bank of New York as property trustee under the Trust Agreement, The Bank of New York as guarantee trustee under the Guarantee Agreement and Ellen M. Senechal, Jerrold P. Pederson and Pamela K. Merrell as administrative trustees under the Trust Agreement, together with any and all predecessors and/or successors in interest thereto.

3

17.    "Relating to" means, without limitation, consisting of, containing, constituting, concerning, discussing, describing, reflecting, transmitted in connection with, touching upon or summarizing, showing or relating or referring to in any way, directly or indirectly, and is meant to include, among other documents, documents underlying, supporting, now or previously attached or appended to, or used in the preparation of, any document called for by each request.

18.    "Second Supplemental Indenture" shall mean that certain indenture dated August 13, 2002 by and between NorthWestern Energy, LLC as successor by merger to The Montana Power Company, NorthWestern, and The Bank of New York, as trustee and all drafts, amendments, supplements, addendums and revisions thereto.

19.    "Third Supplemental Indenture" shall mean that certain indenture dated November 15, 2002 by and between NorthWestern and The Bank of New York as trustee and all drafts, amendments, supplements, addendums and revisions thereto.

20.    "Transfer" means the transfer of the Transferred Assets from Clark Fork to NorthWestern that occurred on or about November 15, 2002. Transfer shall also include any and all strategies for the eventual acquisition and direct ownership of the Transferred Assets by NorthWestern.

21.    "Transferred Assets" means those assets that were transferred from Clark Fork to NorthWestern on or about November 15, 2002.

22.    "Trust Agreement" shall mean that certain Amended and Restated Trust Agreement dated as of November 1, 1996, among The Montana Power Company as depositors and The Bank of New York as property trustee, The Bank of New York (Delaware) as Delaware trustee and Ellen M. Senechal, Jerrold P. Pederson and Pamela K. Merrell as administrative trustees and any and all amendments, supplements, revisions and addendums thereto.

4

## INSTRUCTIONS

1.      Every request shall be answered separately and fully in writing. If any answer or part of any answer is based upon information and belief rather than personal knowledge, you shall state that it is made on that basis.

2.      If any part of a request is objected to, the reasons for the objection should be stated with particularity. If an objection is made to part of any item or category, the part should be specified.

3.      "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request all responses that might otherwise be construed to be outside of its scope.

4.      References to the singular shall include the plural, and references to the plural shall include the singular.

5.      The documents covered by this request include all documents in the possession, custody or control of Clark Fork, or any documents that were generated or received by Clark Fork or otherwise came into existence or were utilized by Clark Fork through the date of production. This request also calls for the production of documents kept or maintained by counsel for Clark Fork.

6.      A request for a document shall be deemed to include a request for any transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document, and any file folder in which the document was maintained, in addition to the document itself.

7.      A request for a document shall be deemed to include a request for all drafts and successive iterations thereof and all modifications thereto, in addition to the document itself.

8.      If any document is withheld in whole or part on the ground that it is privileged or otherwise not discoverable, state:

5

(a)     the date of the document;

(b)     the name of each person to whom the document is addressed;

(c)     the name of each person, other than the addressee(s), to whom the document has been sent or shown, or by whom it has been reviewed;

(d)     the name of each person who signed or authored the document;

(e)     the title and job description of each person identified in (b), (c), and (d) above;

(f)     the subject of the document and the number of pages in the document;

(g)     the specific privilege claimed and the grounds for any such claim; and

(h)     the name and address of the person who has custody of the document.

9.     If any requested document or other document potentially relevant to this action is subject to destruction under any document retention or destruction program, the document(s) should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this lawsuit or unless otherwise permitted by the Court.

10.     All documents requested are to be produced in a form which renders the documents susceptible to copying and examination for content in the language or numerical expression of the original.

11.     Unless otherwise expressly stated, the documents covered by this request include any documents that were generated, crated, circulated, dated or otherwise came into existence during the period of January 1, 2001 to present.

12.     Each request for production of documents herein shall be construed as continuing in nature, requiring supplemental responses if further or different documents responsive to any request are discovered or obtained at any time prior to any judgment on the merits.

6

## REQUESTS FOR PRODUCTION

### REQUEST NO. 1

All documents relating to or concerning the Transfer.

### REQUEST NO. 2

All documents that indicate the name, title, and/or acts undertaken with respect to the Transfer, of any employees, officers or directors of Clark Fork or NorthWestern that were involved in the Transfer.

### REQUEST NO. 3

All documents relating to or concerning the value of the Transferred Assets, any analysis performed to value such assets, and/or all communications concerning such valuation.

### REQUEST NO. 4

All documents relating to or concerning the value of any consideration paid or to be paid by NorthWestern to Clark Fork in connection with the Transfer, any analysis performed to value such consideration, and/or all communications concerning such consideration.

### REQUEST NO. 5

All legal opinions, fairness opinions, appraisals or other third party professional advice given in connection with the Transfer, the Transferred Assets, the QUIPS Indentures, Second Supplemental Indenture, Third Supplemental Indenture, and/or the Montana Medium-Term Notes Indenture, including all drafts of such opinions, appraisals or other third party professional advice.

### REQUEST NO. 6

All documents concerning the Trust Agreement and/or Guarantee Agreement.

### REQUEST NO. 7

All documents concerning the QUIPS and/or the QUIPS Indenture.

7

**REQUEST NO. 8**

All documents concerning the Second Supplemental Indenture.

**REQUEST NO. 9**

All documents concerning the Third Supplemental Indenture.

**REQUEST NO. 10**

All documents constituting or concerning any communications involving the QUIPS Trustees, the Montana Trustee and/or NorthWestern concerning the Transfer and/or the Transferred Assets, including, but not limited to, any request for the release of claims against Clark Fork and any purported release of such claims.

**REQUEST NO. 11**

All applications and/or other documents submitted to regulatory authorities in connection with the Transfer.

**REQUEST NO. 12**

All documents relating to any and all analyses, reports, summaries, opinions, advice or similar evaluations concerning or relating to the financial condition of NorthWestern at any time between 2001 and the present.

**REQUEST NO. 13**

All documents relating to or concerning the publicly issued financial statements for NorthWestern for the fiscal year ended 2001 through the present.

**REQUEST NO. 14**

All documents relating to any and all analyses, reports, summaries, opinions, advice or similar evaluations concerning or relating to the financial condition of Clark Fork at any time between 2001 and the present.

8

**REQUEST NO. 15**

All documents relating to or concerning the publicly issued financial statements for Clark Fork for the fiscal year ended 2001 through the present.

**REQUEST NO. 16**

All documents concerning any possible or actual restatement of any publicly issued financial statements of Clark Fork and/or NorthWestern including, without limitation, any communications with any governmental agency.

**REQUEST NO. 17**

All documents concerning any analysis performed as of or prior to the date of the Transfer to determine whether following the Transfer NorthWestern would be able to pay its liabilities (including without limitation the liabilities it had assumed with respect to the Junior Debentures and the QUIPS) as they became due in the ordinary course of its business.

**REQUEST NO. 18**

All documents constituting or concerning any instructions given by NorthWestern to any officer, employee or agent of Clark Fork, including without limitation Hanson and Kindt, to execute documents or take other actions in connection with the Transfer.

**REQUEST NO. 19**

All documents concerning any actual or potential write down by NorthWestern of the Expanets Investment.

**REQUEST NO. 20**

All operating agreements for Clark Fork, or any other documents setting forth the rights, duties, and/or responsibilities of any officer, employee or agent of Clark Fork.

## REQUEST NO. 21

All documents reflecting any compensation paid to any law firm(s), investment bank(s), accountant(s), and/or other financial advisor(s) in connection with the Transfer.

469881

# RETURN OF SERVICE

| State of Montana | County of Butte Division | United States District Court |
|---|---|---|

Case Number: CV-04-26-BU-RFC

Plaintiff(s):
**MAGTEN ASSET MANAGEMENT CORPORATION**

vs.

Defendant(s):
**MIKE J. HANSON and ERNIE J. KINDT**

For:
Devlan Geddes
GOETZ, GALLIK & BALDWIN, P.C.
Attn: Karen
Po Box 6580
Bozeman, MT  59771-6580

Received by ALL PAPERS TO GO to be served on **CLARK FORK AND BLACKFOOT, LLC, by serving their registered agent, CT CORPORATION, 40 WEST LAWRENCE, HELENA, MT 59601**.

I, Robert A. Pankratz, do hereby affirm that on the **31st day of May, 2005** at **8:36 am, I:**

served the **SUBPOENA IN A CIVIL CASE** upon DARLENE DEMATO of CT CORPORATION at 40 WEST LAWRENCE,  HELENA, MT 59601  as the REGISTERED AGENT for CLARK FORK AND BLACKFOOT, LLC.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

**Robert A. Pankratz**
Process Server #04-01

**ALL PAPERS TO GO**
**P.O. Box 5894**
**Helena, MT  59604-5894**
**(406) 449-4121**

Our Job Serial Number: 2005000687

Service Fee: $25.00

1  James H. Goetz
   J. Devlan Geddes
2  **GOETZ, GALLIK & BALDWIN, P.C.**
   35 North Grand
3  P.O. Box 6580
   Bozeman, MT 59771-6580
4  Ph:    (406) 587-0618
   Fax:   (406) 587-5144
5  E-mail: jim@goetzlawfirm.com
              devlan@goetzlawfirm.com
6
7          and
8  Bonnie Steingart
   John W. Brewer
9  **FRIED, FRANK, HARRIS, SHRIVER & JACOBSON, LLP**
   One New York Plaza
   New York, NY 10004
10 Ph:    (212) 859-8000
   Fax:   (212) 859-4000
11 E-mail: BreweJo@ffhsj.com
12 ATTORNEYS FOR PLAINTIFF, Magten
   Asset Management Corporation
13
14
15              **IN THE UNITED STATES DISTRICT COURT**
                       **DISTRICT OF MONTANA**
16                         **BUTTE DIVISION**
17 ────────────────────────────────── )
   M A G T E N   A S S E T   M A N A G E M E N T )
18 CORPORATION,                               )     Cause No. CV-04-26-BU-RFC
                                              )
19              Plaintiff,                    )
                                              )
20    vs.                                     )     **CERTIFICATE OF SERVICE**
                                              )
21 MIKE J. HANSON and ERNIE J. KINDT,         )
                                              )
22              Defendants.                   )
23 ────────────────────────────────── )
24        This is to certify that the *Subpoena in a Civil Case* and the *Return of Service* (attached hereto)
25 were duly served upon the following counsel of record by depositing this *Certificate of Service* and
26 the attachments in the United States mail, postage prepaid, addressed as follows:
27 ///
28 ///

1    Stanley T. Kaleczyc and Kimberly A. Beatty
     Browning, Kaleczyc, Berry & Hoven, P.C.
2    139 North Last Chance Gulch
     Helena, MT 59601
3

4    DATED this 2nd day of June, 2005.

                                    GOETZ, GALLIK & BALDWIN, P.C.
5

6
                                    By: _____
7                                              J. Devlan Geddes

8                                    ATTORNEY FOR PLAINTIFF, Magten Asset
                                     Management Corporation
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   CAUSE NO./Certificate of Service 6 2 05.wpd                                    PAGE 2

# RETURN OF SERVICE

| | | |
|---|---|---|
| **State of Montana** | **County of Butte Division** | **United States District Court** |

Case Number: CV-04-26-BU-RFC

Plaintiff(s):
**MAGTEN ASSET MANAGEMENT CORPORATION**

vs.

Defendant(s):
**MIKE J. HANSON and ERNIE J. KINDT**

For:
Devlan Geddes
GOETZ, GALLIK & BALDWIN, P.C.
Attn: Karen
Po Box 6580
Bozeman, MT  59771-6580

Received by ALL PAPERS TO GO to be served on **CLARK FORK AND BLACKFOOT, LLC, by serving their registered agent, CT CORPORATION, 40 WEST LAWRENCE, HELENA, MT 59601.**

I, Robert A. Pankratz, do hereby affirm that on the **31st day of May, 2005** at **8:36 am, I:**

served the **SUBPOENA IN A CIVIL CASE** upon DARLENE DEMATO of CT CORPORATION at 40 WEST LAWRENCE,  HELENA, MT 59601  as the REGISTERED AGENT for CLARK FORK AND BLACKFOOT, LLC.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

Robert A. Pankratz
Process Server #04-01

**ALL PAPERS TO GO**
**P.O. Box 5894**
**Helena, MT  59604-5894**
**(406) 449-4121**

Our Job Serial Number: 2005000687

Service Fee: $25.00

Copyright © 1992-2005 Database Services, Inc. - Process Server's Toolbox V5.5i

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## Issued by the
# UNITED STATES DISTRICT COURT

BUTTE DIVISION _____     **DISTRICT OF** _____ MONTANA

MAGTEN ASSET MANAGEMENT CORPORATION,

                     Plaintiff,

         **V.**

MIKE J. HANSON and ERNIE J. KINDT,

                 Defendants.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: [1]   CV-04-26-BU-RFC

TO:  Clark Fork and Blackfoot LLC
      40 East Broadway
      Butte, MT  59701

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | **DATE AND TIME** |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

     See Exhibit A, attached.

| PLACE Goetz, Gallik & Baldwin, P.C., 35 North Grand Avenue P.O. Box 6580, Bozeman, MT  59715 | DATE AND TIME June 27, 2005 10:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

     Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*    Attorney for Plaintiff | 5/27/05 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

J. Devlan Geddes, 35 N. Grand, Bozeman, MT     (406) 587-0618
59715
(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| | May _____, 2005 | 40 W. Lawrence, Suite A |
| SERVED | | Helena, MT  59601 |
| CT Corporation System | | In Person |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Robert Pankratz | Process Server |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___May_____, 2005___
DATE

SIGNATURE OF SERVER

All Papers To Go

ADDRESS OF SERVER

P. O. Box 5894, Helena, MT  59604

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)   A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)   (A)   A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)   Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)   (A)   On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)   fails to allow reasonable time for compliance,

(ii)   requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)   subjects a person to undue burden.

(B)   If a subpoena

(i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)   requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)   DUTIES IN RESPONDING TO SUBPOENA.

(1)   A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)   When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT A

## DEFINITIONS

The terms used herein shall have the meanings ascribed to them in the definitions set forth below:

1.    The term "you" and "your" means or refers to Clark Fork, as well as all persons and/or entities affiliated with Clark Fork, acting in concert with or under the direction of Clark Fork, or purporting to act on Clark Fork's behalf.

2.    "All" means "any and all," and "any" means "any and all."

3.    "Clark Fork" means Clark Fork and Blackfoot, LLC, formerly known as, among other things, NorthWestern Energy, LLC and Montana Power, LLC, and any of its affiliate, subsidiaries, predecessors and any person or entity acting or purporting to act on behalf of, at the direction of or in concert with it, including but not limited to Clark Fork's present and former officers, directors, employees, servants, agents, representatives and attorneys.

4.    "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) by any medium -- oral, written or otherwise.

5.    "Concerning" includes referring to, relating to, embodying, in connection with, commenting on, responding to, showing, demonstrating, declaring, describing, analyzing, reflecting, containing or constituting.

6.    "Document" is used herein in the broadest sense and includes, but is not limited to, all originals, whether printed or handwritten, non-identical copies, copies with marginal notations or interlineations of any writing, recording, photograph, computer data, film, e-mail, video or audio tape (including transcripts or memoranda reflecting or referring to the contents thereof), any written, typewritten or other tangible form of recording or preserving

communication or thought (including computerized records of any kind), including any non-identical copy thereof, or any other items containing information of any kind or nature, however produced or reproduced, whatever its origin or location and regardless of the form in which such information exists or is maintained.

7.    "Expanets Investment" means all equity investments made in or loans extended to Expanets, Inc. by NorthWestern.

8.    "Guarantee Agreement" shall mean that certain Guarantee Agreement dated as of November 1, 1996, by and between The Montana Power Company as guarantor and The Bank of New York as guarantee trustee and any and all amendments, supplements, revisions and addendums thereto.

9.    "Junior Debentures" means the Junior Subordinated Interest Debentures which The Montana Power Company issued pursuant to its Indenture (For Unsecured Subordinated Debt Securities relating to Trust Securities) dated November 1, 1996.

10.    "Montana Medium-Term Notes Indenture" shall mean that certain Indenture for Unsecured Debt Securities dated December 1, 1989 by and between The Montana Power Company and Citibank, N.A., as trustee and any and all amendments, supplements, revisions and addendums thereto.

11.    "Montana Trustee" shall mean Citibank, N.A. as trustee under the Montana Medium-Term Notes Indenture and any and all predecessors and/or successors in interest thereto.

12.    "NorthWestern" means NorthWestern Corporation, its affiliates and any parent, subsidiaries, predecessors and successors, and any person or entity acting or purporting to act on behalf of, at the direction of, or in concert with it, including but not limited to NorthWestern's

2

present and former officers, directors, employees, servants, agents, representatives and attorneys; provided, however, that NorthWestern shall not be construed to include Clark Fork, which has been separately defined herein.

13.    "Person" includes any natural person, group, investigatory body, governmental unit, governmental agency or department, corporation, association, partnership, limited partnership, joint venture, sole proprietorship, business, business entity, organization, or institution.

14.    "QUIPS" means the Series A 8.45% Quarterly Income Preferred Securities issued by Montana Capital Power Trust I pursuant to the Trust Agreement between The Montana Power Company, The Bank of New York, and various other persons dated on or about November 1, 1996.

15.    "QUIPS Indenture" shall mean that certain indenture for Unsecured Subordinated Debt Securities relating to Trust Securities dated November 1, 1996 by and between The Montana Power Company and The Bank of New York, as trustee, and all drafts, amendments, supplements, addendums and revisions thereto including, but not limited to the Second Supplemental Indenture and the Third Supplemental Indenture and the notes that were issued pursuant to such documents.

16.    "QUIPS Trustees"  shall mean The Bank of New York as trustee under the QUIPS Indenture, The Bank of New York as property trustee under the Trust Agreement, The Bank of New York as guarantee trustee under the Guarantee Agreement and Ellen M. Senechal, Jerrold P. Pederson and Pamela K. Merrell as administrative trustees under the Trust Agreement, together with any and all predecessors and/or successors in interest thereto.

3

17.    "Relating to" means, without limitation, consisting of, containing, constituting, concerning, discussing, describing, reflecting, transmitted in connection with, touching upon or summarizing, showing or relating or referring to in any way, directly or indirectly, and is meant to include, among other documents, documents underlying, supporting, now or previously attached or appended to, or used in the preparation of, any document called for by each request.

18.    "Second Supplemental Indenture" shall mean that certain indenture dated August 13, 2002 by and between NorthWestern Energy, LLC as successor by merger to The Montana Power Company, NorthWestern, and The Bank of New York, as trustee and all drafts, amendments, supplements, addendums and revisions thereto.

19.    "Third Supplemental Indenture" shall mean that certain indenture dated November 15, 2002 by and between NorthWestern and The Bank of New York as trustee and all drafts, amendments, supplements, addendums and revisions thereto.

20.    "Transfer" means the transfer of the Transferred Assets from Clark Fork to NorthWestern that occurred on or about November 15, 2002.  Transfer shall also include any and all strategies for the eventual acquisition and direct ownership of the Transferred Assets by NorthWestern.

21.    "Transferred Assets" means those assets that were transferred from Clark Fork to NorthWestern on or about November 15, 2002.

22.    "Trust Agreement" shall mean that certain Amended and Restated Trust Agreement dated as of November 1, 1996, among The Montana Power Company as depositors and The Bank of New York as property trustee, The Bank of New York (Delaware) as Delaware trustee and Ellen M. Senechal, Jerrold P. Pederson and Pamela K. Merrell as administrative trustees and any and all amendments, supplements, revisions and addendums thereto.

4

## INSTRUCTIONS

1.      Every request shall be answered separately and fully in writing.  If any answer or part of any answer is based upon information and belief rather than personal knowledge, you shall state that it is made on that basis.

2.      If any part of a request is objected to, the reasons for the objection should be stated with particularity.  If an objection is made to part of any item or category, the part should be specified.

3.      "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request all responses that might otherwise be construed to be outside of its scope.

4.      References to the singular shall include the plural, and references to the plural shall include the singular.

5.      The documents covered by this request include all documents in the possession, custody or control of Clark Fork, or any documents that were generated or received by Clark Fork or otherwise came into existence or were utilized by Clark Fork through the date of production.  This request also calls for the production of documents kept or maintained by counsel for Clark Fork.

6.      A request for a document shall be deemed to include a request for any transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document, and any file folder in which the document was maintained, in addition to the document itself.

7.      A request for a document shall be deemed to include a request for all drafts and successive iterations thereof and all modifications thereto, in addition to the document itself.

8.      If any document is withheld in whole or part on the ground that it is privileged or otherwise not discoverable, state:

5

    (a)    the date of the document;

    (b)    the name of each person to whom the document is addressed;

    (c)    the name of each person, other than the addressee(s), to whom the document has been sent or shown, or by whom it has been reviewed;

    (d)    the name of each person who signed or authored the document;

    (e)    the title and job description of each person identified in (b), (c), and (d) above;

    (f)    the subject of the document and the number of pages in the document;

    (g)    the specific privilege claimed and the grounds for any such claim; and

    (h)    the name and address of the person who has custody of the document.

9. If any requested document or other document potentially relevant to this action is subject to destruction under any document retention or destruction program, the document(s) should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this lawsuit or unless otherwise permitted by the Court.

10. All documents requested are to be produced in a form which renders the documents susceptible to copying and examination for content in the language or numerical expression of the original.

11. Unless otherwise expressly stated, the documents covered by this request include any documents that were generated, crated, circulated, dated or otherwise came into existence during the period of January 1, 2001 to present.

12. Each request for production of documents herein shall be construed as continuing in nature, requiring supplemental responses if further or different documents responsive to any request are discovered or obtained at any time prior to any judgment on the merits.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1**

All documents relating to or concerning the Transfer.

**REQUEST NO. 2**

All documents that indicate the name, title, and/or acts undertaken with respect to the Transfer, of any employees, officers or directors of Clark Fork or NorthWestern that were involved in the Transfer.

**REQUEST NO. 3**

All documents relating to or concerning the value of the Transferred Assets, any analysis performed to value such assets, and/or all communications concerning such valuation.

**REQUEST NO. 4**

All documents relating to or concerning the value of any consideration paid or to be paid by NorthWestern to Clark Fork in connection with the Transfer, any analysis performed to value such consideration, and/or all communications concerning such consideration.

**REQUEST NO. 5**

All legal opinions, fairness opinions, appraisals or other third party professional advice given in connection with the Transfer, the Transferred Assets, the QUIPS Indentures, Second Supplemental Indenture, Third Supplemental Indenture, and/or the Montana Medium-Term Notes Indenture, including all drafts of such opinions, appraisals or other third party professional advice.

**REQUEST NO. 6**

All documents concerning the Trust Agreement and/or Guarantee Agreement.

**REQUEST NO. 7**

All documents concerning the QUIPS and/or the QUIPS Indenture.

**REQUEST NO. 8**

All documents concerning the Second Supplemental Indenture.

**REQUEST NO. 9**

All documents concerning the Third Supplemental Indenture.

**REQUEST NO. 10**

All documents constituting or concerning any communications involving the QUIPS Trustees, the Montana Trustee and/or NorthWestern concerning the Transfer and/or the Transferred Assets, including, but not limited to, any request for the release of claims against Clark Fork and any purported release of such claims.

**REQUEST NO. 11**

All applications and/or other documents submitted to regulatory authorities in connection with the Transfer.

**REQUEST NO. 12**

All documents relating to any and all analyses, reports, summaries, opinions, advice or similar evaluations concerning or relating to the financial condition of NorthWestern at any time between 2001 and the present.

**REQUEST NO. 13**

All documents relating to or concerning the publicly issued financial statements for NorthWestern for the fiscal year ended 2001 through the present.

**REQUEST NO. 14**

All documents relating to any and all analyses, reports, summaries, opinions, advice or similar evaluations concerning or relating to the financial condition of Clark Fork at any time between 2001 and the present.

**REQUEST NO. 15**

All documents relating to or concerning the publicly issued financial statements for Clark Fork for the fiscal year ended 2001 through the present.

**REQUEST NO. 16**

All documents concerning any possible or actual restatement of any publicly issued financial statements of Clark Fork and/or NorthWestern including, without limitation, any communications with any governmental agency.

**REQUEST NO. 17**

All documents concerning any analysis performed as of or prior to the date of the Transfer to determine whether following the Transfer NorthWestern would be able to pay its liabilities (including without limitation the liabilities it had assumed with respect to the Junior Debentures and the QUIPS) as they became due in the ordinary course of its business.

**REQUEST NO. 18**

All documents constituting or concerning any instructions given by NorthWestern to any officer, employee or agent of Clark Fork, including without limitation Hanson and Kindt, to execute documents or take other actions in connection with the Transfer.

**REQUEST NO. 19**

All documents concerning any actual or potential write down by NorthWestern of the Expanets Investment.

**REQUEST NO. 20**

All operating agreements for Clark Fork, or any other documents setting forth the rights, duties, and/or responsibilities of any officer, employee or agent of Clark Fork.

**REQUEST NO. 21**

All documents reflecting any compensation paid to any law firm(s), investment bank(s), accountant(s), and/or other financial advisor(s) in connection with the Transfer.

469881

10