Stanley T. Kaleczyc
Kimberly A. Beatty
Aimee M. Grmoljez
BROWNING, KALECZYC, BERRY & HOVEN, P.C.
139 North Last Chance Gulch
P.O. Box 1697
Helena, MT 59604-1697
Phone: (406) 443-6820
Fax: (406) 443-6883

Attorneys for Defendants.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | |
|---|---|
| MAGTEN ASSET MANAGEMENT CORPORATION,<br><br>  Plaintiff,<br>v.<br><br>MIKE J. HANSON and ERNIE J. KINDT<br><br>  Defendants. | Case No. CV-04-26-BU-RFC<br>05 - 499<br><br>**MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER SEEKING TEMPORARY STAY OF DISCOVERY AND REQUEST FOR EXPEDITED CONSIDERATION AND HEARING** |

Defendants, Michael J. Hanson and Ernie J. Kindt, hereby submit this Memorandum in Support of Motion for Protective Order Seeking Temporary Stay of Discovery. Because of the urgent circumstances detailed below, Defendants also seek expedited consideration of this Motion.

### PROCEDURAL BACKGROUND

In addition to the case pending before this Court, Plaintiff, Magten Asset Management Corporation ("Magten"), is engaged in a series of lawsuits, appeals, and challenges with NorthWestern Corporation, its officers, management and advisors, each of which relates to the same transaction and involves the same witnesses and documents

MEMORANDUM IN SUPPORT OF            1                    1674.044/168194
MOTION FOR PROTECTIVE ORDER

at issue in this case. This related litigation, all of which is pending either in Delaware Bankruptcy Court, Delaware Federal Court, or Delaware Chancery Court, is detailed in Defendants' Motion to Transfer Venue, filed with this Court on May 19, 2005. By their Motion to Transfer Venue, Defendants requested this case be transferred to the United States District Court for the District of Delaware pursuant to 28 U.S.C. §§ 1334 and 1404 as a matter related to a bankruptcy case pursuant to 28 U.S.C. § 1409; or, in the alternative, Defendants requested that this action be stayed pending resolution of related proceedings in the District of Delaware so that discovery, required to be conducted in all the matters, might be coordinated by the district court in Delaware. On June 2, 2005, Magten filed its brief in opposition to the Motion to Transfer Venue. Pursuant to the Local Rules, Defendants' reply brief in support of the Motion to Transfer Venue must be filed with the Court no later than June 16, 2005, at which time the Motion to Transfer Venue will be deemed fully briefed and ready for decision by this Court.

On May 24, 2005, this Court held a scheduling conference, and pursuant to the stipulation of the parties, set the close of fact discovery for January 31, 2006 and the close of expert discovery for June 30, 2006.

On May 25, 2005, Magten served its initial set of Interrogatories and Requests For Production on each Defendant by fax. On or about May 27, 2005, Magten served third party subpoenas on seven (7) entities, including: NorthWestern Corporation, Clark Fork and Blackfoot, LLC, Paul Hastings Janofsky & Walker, LLP (legal counsel to the companies), the Bank of New York (the original Trustee), Houlihan Lokey Howard & Zukin Financial Advisors, Inc. (financial advisors retained by the Unsecured Creditors Committee in the NorthWestern bankruptcy well after the closing of the Transaction at

issue), Lazard Feres & Co., LLC (financial advisors retained by NorthWestern Corporation in the course of its bankruptcy well after the closing of the Transaction at issue), and PricewaterhouseCoopers, LLP (who was never been retained by NorthWestern to serve as its auditors). Each of these subpoenas are identical to each other and each of these subpoenas are virtually identical to the Requests for Production Magten served on each Defendant.

By this Motion, Defendants seek a protective order from this Court temporarily staying all discovery directed to both parties and non-parties to this litigation until such time as this Court rules on the pending Motion to Transfer Venue. As noted above, Defendants' Motion to Transfer Venue will be fully briefed and ready for determination by this Court on or before June 16, 2005. Staying the discovery until this Court decides the Motion to Transfer Venue will prevent significant harm to the Defendants and third-parties because there is a strong likelihood that the discovery will not need to be answered should Defendants prevail on that pending motion. Also, there is sufficient time to conduct discovery following this Court's determination of the pending Motion to Transfer Venue, without prejudicing either party. However, should discovery proceed in this case prior to a ruling on the Motion to Transfer Venue, Defendants may well suffer prejudice and harm, and judicial resources may be wasted, because it is anticipated there will be significant disputes over the discovery propounded by Magten.

## MAGTEN'S DISCOVERY

On May 25, 2005, Magten served each Defendant by fax with its initial set of Interrogatories and Requests for Production, copies of which are attached hereto as Exhibits 1 through 4. Magten's Interrogatories include five (5) pages of detailed

definitions and instructions, including a definition of "document" that imposes the broadest possible meaning to the term, and takes approximately one-third of a page to describe; while its Requests for Production contain seven (7) pages of detailed definitions and instructions.

The scope of the discovery requests is far-reaching, and does not appear to be limited to discovering the knowledge of the Defendants prior to the date of the Transaction, November 15, 2002, the relevant time frame for purposes of proving the allegations that Defendants breached an alleged fiduciary duty owed to Magten by permitting the closing of the Transaction. Rather, a review of the discovery demonstrates Magten is fishing for information and documents related to the individuals, law firms, companies, and others who may have been involved in the Transaction and individuals, law firms, companies, and others who were engaged by NOR after the Transaction closed, all of which Magten would seek to use in the litigation which is currently the subject of a stay order. Magten's discovery in this case is clearly an effort to end-run the stay issued in the Delaware court on the related Magten litigation with NorthWestern. For example, but without acknowledging the appropriateness of the discovery or waiving any objections Defendants may have to any such discovery, Magten's interrogatories seek to discover not only the acts each Defendant performed in connection with the Transaction, and the identity of any "documents" executed, but also the same information for all other "officers, employees or agents of Clark Fork" and the "documents executed by those individuals" none of whom are Defendants here, and the assembly of which information will take considerable time and effort. See, Interrogatory Nos. 1 and 2. Magten seeks information concerning NorthWestern's financial statements and the

circumstances under which the Defendants may have learned that (a) such information might be "materially false and/or misleading," (b) NorthWestern might be unable to pay its debts, (c) NorthWestern might file a voluntary petition for bankruptcy (which filing occurred nearly a year after the Transaction closed), (d) NorthWestern might write down debts of other subsidiary companies. See, Interrogatory Nos. 11-14. All of this information is certainly useful for Magten's fraudulent conveyance action pending in Delaware and for which there is a stay currently in place. Magten seeks to discover all communications with Trustees, the Bank of New York and Law Debenture, the "identity of all lawyers, investment bankers, accountants and/or professional advisors employed by Clark Fork in connection with the Transfer" and all documents evidencing any such information. See, Interrogatory Nos. 9, 10 and 19 and Requests for Production Nos. 5, 10, 12, 14, 19. This information, is not relevant to the instant case which alleges only that Defendants breached a fiduciary duty and therefore depends only on their personal knowledge at the time of the Transaction, but which Magten would seek to use in the fraudulent conveyance action. Request for Production No. 2 seeks disclosure of "any documents that indicate the name, title, and/or acts undertaken with respect to the Transfer, of any employees, officers or directors of Clark Fork or NorthWestern that were involved in the Transfer." In four separate Requests for Production, Magten seeks "all documents relating to any and all analyses, reports, summaries, opinions, advice or similar evaluations concerning or relating to the financial condition of" NorthWestern and Clark Fork "at any time between 2001 and the present," which seeks information that not only pre-dates NorthWestern's acquisition of the Montana utility assets but also post-dates the closing of the Transaction. See, Requests for Production Nos. 12-15. If any of

this information is relevant, it is not for this instant case, but rather Magten would seek to use it to attempt to establish its fraud allegations in its fraudulent conveyance action against NorthWestern.

As stated above, Magten has also served subpoenas on numerous third parties, some of whom were neither involved in the Transaction nor engaged until well after the closing of the Transaction and therefore lack any direct, contemporaneous knowledge of the Transaction. Moreover, most of the third parties served with subpoenas have no knowledge about Defendant's knowledge of the Transaction or their alleged breach of fiduciary duty. Nonetheless, the subpoenas seek a wide range of documents, and are in fact duplicative of and virtually identical to the Requests for Production served on each Defendant. Copies of these subpoenas are attached hereto as Exhibits 5-11. Again, these third-party subpoenas seek information not for use in this proceeding but for use in proceedings pending in Delaware.

Magten's asserted legal theory in this case is that Defendants allegedly breached a fiduciary duty owed to creditors of Clark Fork and Blackfoot, LLC in the course of completing the Transaction of certain assets and liabilities from Clark Fork to its parent company, NorthWestern Corporation. Magten's discovery requests to Defendants and the referenced third parties demonstrate, however, that not only is Magten interested in discovering information potentially related to the breach of fiduciary duty claims against these Defendants, but also information that will assist it in its overall litigation strategy against NorthWestern Corporation, the Bank of New York as the original trustee, and

Paul Hastings Janofsky & Walker, as NorthWestern Corporation's legal advisors[1]. It is not necessary to understand, for example, what the Defendants now know about the Transaction and the effects thereof, as sought in Interrogatory Nos. 15 and 16; rather, the only relevant inquiry for purposes of this litigation, is what the individual Defendants knew at the time of the Transaction. Likewise, discovery into events that post-dated the Transaction, or discovery into events relevant to other NorthWestern Corporation subsidiaries are not relevant for the breach of fiduciary duty asserted here; rather, such inquiries may be helpful to legal theories asserted directly against NorthWestern and its advisors in other proceedings. As a result, allowing Magten to conduct such party and third-party discovery in this matter prior to a ruling on the Motion to Transfer Venue would condone conduct that is offensive to the judicial system – skirting a lawful stay order entered by the court in Delaware - and only permits Magten discovery that at this time has been closed to Magten by a stay issued in the other pending litigation between Magten and NorthWestern.

Further, much if not all of this discovery may never need to be answered because, if Magten wins its appeal of the denial of the settlement motion, none of this discovery, or the time and expenses associated with it, or the waste of judicial resources necessary to deal with the myriad of discovery disputes that will take place, will have had to take place. In summary, having to respond to this wave of discovery prior to a ruling on the

---

[1] In these lawsuits, which are detailed in Defendants' Motion to Transfer Venue, Magten seeks to overturn the confirmation of NorthWestern's plan of reorganization, avoid the Transaction claiming it was a fraudulent conveyance, collect damages from the Bank of New York for "acquiescing" to the Transaction, and collect damages from NorthWestern's legal advisors for allegedly "aiding and abetting" a fraud in connection with the Transaction.

MEMORANDUM IN SUPPORT OF       7       1674.044/168194
MOTION FOR PROTECTIVE ORDER

Motion to Transfer Venue is a waste of the time and resources of the parties, third-parties, and this Court.

## ARGUMENT

I. **THIS COURT SHOULD TEMPORARILY STAY DISCOVERY IN THIS PROCEEDING PENDING ITS DETERMINATION OF DEFENDANTS' MOTION TO TRANSFER, IN ORDER TO PROMOTE JUDICIAL ECONOMY AND AVOID PREJUDICE TO DEFENDANTS.**

This Court has the inherent power to stay proceedings as part of its authority to "control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigant." Landis v. North American Co., 299 U.S. 248, 254 (1936). The Ninth Circuit has also repeatedly held that a district court has wide discretion in controlling discovery. See, e.g., Little v. City of Seattle, 863 F.2d 681, 685. The United States Supreme Court has likewise found that "the District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997). As a result, to promote the interests of judicial economy and efficiency, this Court may exercise its discretion and temporarily stay discovery directed to the Defendants and third-parties propounded by Magten, until this Court rules on Defendants' pending Motion to Transfer Venue. See, LaBrier v. A.H. Robins Company, 551 F.Supp 53, 57 (D.D.C. 1982) (declining to address pending discovery motions and staying discovery pending transfer of venue); Goodman v. Fleischmann, 364 F.Supp. 1172, 1176 (E.D. Pa. 1973) ("Our Courts have uniformly held that the decision to transfer is preliminary to discovery on the merits, and that motions to transfer should be acted upon at the threshold of the litigation."). See also, Pall Corp. v.

Bentley Lab. Inc., 523 F.Supp. 450, 452 (D.Del. 1981) ("It is in the interest of justice to permit suits involving the same parties and issues to proceed before one court and not proceed simultaneously in two forums.")

Further, it is long standing precedent that a party may not conduct discovery in one case for use in another case. In Oppenheimer Fund, Inc. v. Sanders, et al., 437 U.S. 340, 353 n. 17, 98 S. Ct. 2380, 2390, n. 17 (1978), the United States Supreme Court cited favorably a Mississippi District Court opinion for just this proposition:

> In deciding whether a request comes within the discovery rules, a court is not required to blind itself to the purpose for which a party seeks information. Thus, when the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery properly is denied. See, Mississippi Power Company v. Peabody Coal Company, 69 F.R.D. 558, 567 (1976) (other citations omitted).

See also, 4 Moore's Fed. Practice ¶ 26.54 (2nd ed. 1975) (depositions are properly taken only for the purpose of preparing for trial in a pending action in the district court and not to aid in the disposition of a collateral proceeding).

If this Court ultimately grants Defendants' Motion to Transfer Venue, the Delaware Court to which the case is transferred (the "Transferee Court") is entitled to exercise control over the cases on its docket. The Transferee Court may well determine that a stay of this litigation is appropriate until some or all of the pending appeals of the other related litigation have been resolved. Moreover, because this case and the other pending litigation all involve in one way or another, the same transaction, witnesses and documents, the Transferee Court may well determine that discovery in this case should be properly coordinated with discovery in the other pending litigation in order to better promote judicial economy and efficiency. As a result, allowing discovery to continue

now in this case may well interfere with the Transferee Court's ability to control its own docket, frustrate the stays entered in the Delaware Courts on the related litigation, and destroy comity between the Courts. Allowing discovery now in this matter only rewards Magten by permitting it to end-run adverse results imposed on it as a direct result of its own litigious actions in other forums and to conduct discovery into the transaction, documents and witnesses it is presently precluded from conducting in its various other related litigation. For these reasons, a temporary stay of all discovery issued to parties and third-parties until this Court rules on the Motion to Transfer Venue is warranted and appropriate.

As an alternative relief set forth in their Motion to Transfer Venue, Defendants requested this Court stay these proceedings so that discovery might be coordinated between this case and the related cases. Therefore, even if this Court ultimately decides a transfer of venue of this matter is not warranted, this Court may nonetheless determine that a stay of this proceeding and coordination of discovery is desirable. To permit discovery now on either the parties or third-parties would serve only to frustrate the full benefit of such alternative relief.

The scope of Magten's discovery is broad, both with respect to the interrogatories propounded to Defendants and the documents it requests be produced by the Defendants and the numerous third-parties served with subpoenas. While Magten's Interrogatories and Requests For Production may not appear outwardly burdensome, it will take considerable time to identify, assemble, and review all such information and the thousands of pages of documents involved. Moreover, that process must be replicated by the seven (7) third-parties currently served with subpoenas identical to the Requests for

Production. As a result, responding to this discovery by both the Defendants and the third-parties will take considerable effort, time and money. It was for these reasons that Defendants sought the alternative relief set forth in their Motion to Transfer Venue and suggested that discovery in all of the Magten litigation be coordinated so that the parties and third-parties are only subjected to such effort and expense once. Moreover, if some of the appeals initiated by Magten are successful, such as its appeal of the tentative global settlement agreement (a proposition that Magten strenuously argued to this Court in their Status Report would be successful), discovery to parties and third-parties in this case and all other pending cases would be rendered moot. Therefore, conducting discovery in this case, prior to any ruling by this Court on the Motion to Transfer Venue or the alternative relief set forth therein by Defendants, has the real possibility of being little more that a waste of effort, money and judicial resources.

Magten will suffer no harm or prejudice by a temporary stay of discovery directed to Defendants and third parties in this matter. Fact discovery in this case does not close until January 31, 2006 and expert discovery closes on June 30, 2006. As a result, while Defendants believe the parties need this time to properly conduct discovery, there should be sufficient time to allow a brief and temporary stay until this Court can rule on the pending Motion to Transfer Venue, which should be fully briefed and ready for disposition by this Court on or before June 16, 2005. On the other hand, Defendants will suffer prejudice if they are required to expend considerable time, resources, and money to respond to discovery, just to have this case transferred and perhaps ultimately stayed, or to have this Court stay these proceedings and coordinate discovery with the other pending

cases. A brief stay at this juncture will promote judicial economy and efficiency without prejudice to the parties.

## II.   Expedited consideration is warranted.

As noted above, Defendants' responses to the discovery requests served by Magten are due on or about June 27. The responses to the subpoenas served by Magten to the third-parties are likewise due on or about June 27. Because this Motion seeks a temporary stay of discovery pending a ruling on the Motion to Transfer, if Defendants or third parties are required to conduct discovery by responding to the interrogatories, requests for production, and subpoenas served by Magten before this Court has the opportunity to address and rule upon this Motion, the effect of this Motion will be moot, and Defendants will be denied the relief sought by this Motion. Moreover, Defendants will be harmed by spending its time, money and resources responding to discovery that might itself be rendered moot depending on the outcome of the Motion to Transfer Venue. Because Defendants would be unable to recover such spent resources, harm done will be irreparable. As a result, an expedited consideration and hearing on this Motion prior June 27, is warranted.

///

///

## CONCLUSION

For these reasons, Defendants respectfully request that this Court issue an Order temporarily staying all discovery directed to all parties and third parties until the Court rules on the Motion to Transfer Venue.

In addition, due to the sensitive nature of this request, and because without a ruling on this Motion, Defendants and third-parties must otherwise respond to discovery within the next 3 to 4 weeks, Defendants request this Court expedite a decision on this matter and set a hearing on this issue at the soonest date available on the Court's calendar.

DATED this 9th day of June, 2005.

BROWNING, KALECZYC, BERRY & HOVEN, P.C.

By _____Kimberly Beatty_____
Stanley T. Kaleczyc
Kimberly A. Beatty
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of June, 2005, a true copy of the foregoing was mailed by first-class mail, postage prepaid, addressed as follows:

Bonnie Steingert
John W. Brewer
Fried, Frank, Harris, Shriver & Jacobson, LLP
One New York Plaza
New York, NY 10004

James H. Goetz
J. Devlan Geddes
Goetz, Madden & Dunn, P.C.
35 N. Grand
P.O. Box 6580
Bozeman, MT 59771-6580

*[signature]*
BROWNING, KALECZYC, BERRY & HOVEN