James H. Goetz
J. Devlan Geddes
**GOETZ, GALLIK & BALDWIN, P.C.**
35 North Grand Avenue
P.O. Box 6580
Bozeman, Montana 59715
(406) 587-0618

Bonnie Steingart (admitted pro hac vice)
John W. Brewer (admitted pro hac vice)
**FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP**
One New York Plaza
New York, New York 10004
(212) 859-8000

ATTORNEYS FOR PLAINTIFF



RECEIVED
JUN 23 2005
CLERK, U.S. DISTRICT COURT
DISTRICT OF MONTANA
BILLINGS, MONTANA

05 - 499

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
BUTTE DIVISION

-------------------------------------------x

MAGTEN ASSET MANAGEMENT CORPORATION,

        Plaintiff,    Cause No. CV-04-26-BU-RFC

- against -

MIKE J. HANSON and ERNIE J. KINDT,

        Defendants.

-------------------------------------------x

**DECLARATION OF JOHN W. BREWER
IN SUPPORT OF MAGTEN'S OPPOSITION TO DEFENDANTS' MOTION FOR
MOTION FOR PROTECTIVE ORDER SEEKING TEMPORARY STAY OF
<u>DISCOVERY AND REQUEST FOR EXPEDITED CONSIDERATION AND HEARING</u>**

I, John W. Brewer, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that I am competent to testify from personal knowledge as to the matters set forth below, which are true and correct.

1. I am an attorney at the law firm of Fried, Frank, Harris, Shriver & Jacobson, LLP, and have been personally involved in representing Magten[1] in the above-captioned proceeding.

2. I submit this declaration in support of Magten's opposition to defendants' motion for protective order.

3. On April 22, 2005 I participated in a conference call in which the parties conferred pursuant to Rule 26(f) and negotiated and reached agreement on a discovery plan which required all fact discovery to be completed by the end of January 2006. Magten agreed to a lengthier discovery schedule than it believed was necessary in order to have a consensual resolution and avoid the need to seek the Court's intervention. At the conclusion of that call it was my belief that defendants had agreed with Magten to a consensual discovery schedule.

4. During the 26(f) conference on April 22, 2005 I asked defendants' counsel if they were willing to stipulate to certain facts, but defendants' counsel advised me that they considered discussion of such stipulations premature until some discovery had taken place.

5. On May 3, 2005 the parties' stipulated discovery plan was filed with the Court.

6. On May 24, 2005, pursuant to Rule 16(b), a pretrial scheduling conference call was held with the Court's law clerk, on which I was a participant, and the proposed discovery dates that the parties jointly submitted in the report on May 3, 2005 were approved. At no time during the conference did defendants disclose to the Court that they would refuse to provide discovery in light of their transfer motion, nor did they previously inform Magten that they were taking that position.

---

[1] This declaration uses the same defined terms as in Magten's opposition to defendants' motion for protective order.

7. Defendants have not contacted Magten's counsel to discuss any of their supposed relevance objections to specific requests, and have not attempted to resolve any such concerns consensually through the meet-and-confer process.

8. I have been contacted by representatives of some of the third parties on whom subpoenas have been served by Magten in this action, and I have indicated to those third parties a willingness to negotiate with respect both as to the scope of the subpoena and as to potential extensions of the response date.

9. My firm does not represent Magten against Bank of New York in the Delaware state court action. However, it is my understanding that discovery has commenced in that action. A true and correct copy of Magten's Request for Production of Documents that were served on The Bank of New York, dated June 15, 2005, together with notice of service, is attached hereto as Exhibit A.

10. A true and correct copy of Magten's First Amended Complaint in the Adversary Proceeding pending in the Bankruptcy Court for the District of Delaware, dated October 4, 2004, is attached hereto as Exhibit B.

Date: New York, New York
June 20, 2005

_____
John W. Brewer

471052

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was served upon the following counsel of record, by first class U. S. mail, postage prepaid, this 20th day of June, 2005.

Stanley T. Kaleczyc
Kimberly A. Beatty
Browning, Kaleczyc, Berry & Hoven, P.C.
P. O. Box 1697
Helena, MT 59624
ATTORNEYS FOR DEFENDANTS

_____
for  J. Devlan Geddes

3