05- 499

RECEIVED
JUL 8 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

------------------------------------------------------------------------x
MAGTEN ASSET MANAGEMENT CORPORATION,  :
                                      :
                  Plaintiff,          : C.A. No. 1219-N
         vs.                          :
                                      :
BANK OF NEW YORK, BANK OF NEW YORK    :
(DELAWARE) and JERROLD P. PEDERSON,   :
                                      :
                  Defendants.         :

## NOTICE OF SERVICE

I HEREBY CERTIFY that on this 15th day of June, 2005, two copies of this NOTICE OF SERVICE and two copies of PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANTS BANK OF NEW YORK and BANK OF NEW YORK (DELAWARE) were served via first class mail on counsel of record:

> Peter C. Campbell
> Stewart W. Gordon
> Stewart & Associates
> Nemours Building
> 1007 Orange Street, Ste. 1400
> Wilmington, DE 19801
>
> Kenneth M. Bialo
> Emmet Marvin & Martin, LLP
> 120 Broadway, 32nd Floor
> New York, NY 10271

*[SIGNATURE APPEARS AT TOP OF PAGE 2.]*

10003812.WPD

Dated: June 15, 2005               SMITH, KATZENSTEIN & FURLOW LLP

                                   */s/ David A. Jenkins*

                                   David A. Jenkins (ID No. 932)
                                   The Corporate Plaza
                                   800 Delaware Avenue
                                   P.O. Box 410
Of Counsel                         Wilmington, DE 19899 (Courier 19801)
STORCH AMINI & MUNVES PC           Telephone: 302-652-8400
Bijan Amini                        Facsimile:  302-652-8405
Avery Samet
2 Grand Central Tower              Attorneys for Plaintiff
New York, New York 10017
(212) 490-4100

10003812.WPD                       -2-

# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE
# IN AND FOR NEW CASTLE COUNTY

-----------------------------------------------------------------------x

MAGTEN ASSET MANAGEMENT CORPORATION,  :
:
              Plaintiff,  : C.A. No. 1219-N
    vs.  :
:
BANK OF NEW YORK, BANK OF NEW YORK  :
(DELAWARE) and JERROLD P. PEDERSON,  :
:
              Defendants.  :

-----------------------------------------------------------------------x

## PLAINTIFF'S REQUEST FOR PRODUCTION
## OF DOCUMENTS DIRECTED TO DEFENDANTS
## BANK OF NEW YORK AND BANK OF NEW YORK (DELAWARE)

Pursuant to Court of Chancery Rule 34, plaintiff requests that defendants Bank of New York and Bank of New York (Delaware) produce the following documents in their possession, custody or control for inspection and copying at the offices of Smith, Katzenstein & Furlow LLP, The Corporate Plaza, 800 Delaware Avenue, Wilmington, Delaware within 30 days of service of these requests, or at such other place and date as set forth by the Court or agreed upon by the parties.

## INSTRUCTIONS

If the parties claim that any responsive document is privileged or for any other reason not discoverable, the response hereto shall state: (a) the type of document (e.g., memorandum, report, chart, etc.); (b) the date of the document; (c) title of the document; (d) a description of the subject matter of the document; (e) the name(s) and address(es) of the person(s) who prepared the document, the person(s) to whom it was directed or circulated and

{10003738.DOC}

the person(s) now in possession of the document; and (f) the nature of and factual and legal basis for the privilege claimed or other ground for non-production.

## DEFINITIONS

1. "BNY" means the defendant Bank of New York, including the defendant Bank of New York (Delaware), as well as all persons and entities affiliated with the Bank of New York, its agents, attorneys, representatives and all other persons purporting to act on the Bank of New York's behalf.

2. "Clark Fork" means Clark Fork and Blackfoot LLC, formerly known as, Northwestern Energy LLC and Montana Power LLC, as well as any of its affiliates, subsidiaries, predecessors and any person or entity acting or purporting to act on behalf of, at the direction of or in concert with it, including but not limited to Clark Fork's present and former officers, directors, employees, servants, agents, representatives and attorneys.

3. "CSFB" means Credit Suisse First Boston, its agents, attorneys, representatives, and all other persons acting on its behalf.

4. "Deloitte" means Deloitte and Touche USA LLP, its agents, attorneys, affiliates, representatives, and all other persons acting in concert with it or on its behalf.

5. "Arthur Andersen" means Arthur Andersen LLP, its agents, attorneys, affiliates, representatives, and all other persons acting in concert with it or on its behalf.

6. The word "document" is used in the broadest possible sense to mean any printed, written, taped, recorded, graphic, computerized printout, electronically stored or other tangible matter, from whatever source, however produced or reproduced or capable of being reproduced, whether in draft or otherwise, whether sent or received or neither, including, but not limited to, the original and all nonidentical copies of any and all writings, correspondence, letters,

telegrams, e-mails, cables, contracts, proposals, agreements, minutes, notes, memoranda, analyses, projections, work papers, books, records, reports, diaries, statements, questionnaires, charts, sketches, diagrams, drawings, photographs, cassettes, disks, tape recordings, financial statements, and all other information or data, records or compilations, including all underlying supporting or preparatory material. "Document" includes but is not limited to documents kept by individuals in their desks, at home or elsewhere.

7. "First Supplemental Indenture" means that indenture dated February 13, 2002 by an between MPLLC and BNY and all drafts, amendments, supplements, addendums and revisions thereto.

8. "Guarantee Agreement" shall mean that certain Guarantee Agreement dated November 1, 1996, by and between the Montana Power Company as guarantor and BNY as guaranty trustee and all drafts, amendments, supplements and revisions thereto.

9. "Magten" means plaintiff Magten Asset Management Corporation, its agents, attorneys, representatives and all other persons acting on its behalf.

10. "Montana Power" means the Montana Power Company, its agents, attorneys, representatives, and all other persons acting on its behalf collectively.

11. "QUIPS Indenture means that certain indenture for Unsecured Subordinated Debt Securities dated November 1, 1996 by and between BNY, as trustee, and Montana Power, and all drafts, amendments, supplements and revisions thereto, including but not limited to the notes that were issued pursuant to such documents.

12. "MPLLC" means the Montana Power Company LLC, its agents, attorneys, representatives, and all other persons acting on its behalf collectively.

13. "MPLLC Purchase" means Northwestern's purchase of MPLLC on or about February 15, 2002.

14. "Northwestern" means Northwestern Corporation, its affiliates and any parent, subsidiaries, predecessors or successors, its agents, attorneys, representatives and all other persons acting on his behalf.

15. "Northwestern's 2002 Credit Facility" means that senior secured credit facility by and between Northwestern and Credit Suisse First Boston on or about January 14, 2002.

16. "Northwestern's 2003 Credit Facility" means that senior secured credit facility by and between Northwestern and Credit Suisse First Boston, among others, dated February 10, 2003, including all drafts, amendments, supplements, addendums and revisions thereto.

17. "Paul Hastings" means Paul Hastings Janofsky & Walker LLP, its agents, attorneys, representative, and all other persons acting on its behalf.

18. "Person" means any natural person or any business, legal or governmental entity or association.

19. "QUIPS" means the Series A 8.45% Quarterly Income Preferred Securities issued by the Montana Power Capital Trust I pursuant to the Amended and Restated Trust Agreement between The Montana Power Company, BNY, among others dated on or about November 1, 1996.

20. "Second Supplemental Indenture" means that indenture dated August 13, 2002 by and between Northwestern Energy LLC, Northwestern and BNY and all drafts, amendments, supplements, addendums and revisions thereto.

21. "Third Supplemental Indenture" means that indenture dated November 15, 2002 by and between Northwestern and BNY and all drafts, amendments, supplements, addendums and revisions thereto.

22. "Touch America Credit Facility" means Touch America's November 8, 2000, $400 million Senior Secured Credit Facility.

23. "Transfer" means the transfer of the Transferred Assets from Clark Fork to Northwestern that occurred on or about November 15, 2002. "Transfer" shall include any and all strategies for the eventual acquisition and direct ownership of the Transferred Assets by Northwestern.

24. "Transferred Assets" means those assets transferred from Clark Fork to Northwestern on or about November 15, 2002.

25. "Trust Agreement" means that certain Amended and Restated Trust Agreement dated November 1, 1996 by and between Montana Power Capital I, BNY and others and all other drafts, addendums, supplements or revisions thereto.

## DOCUMENTS REQUESTED

1. All documents concerning the Touch America Credit Facility.

2. All documents concerning the Northwestern's 2002 Credit Facility.

3. All documents concerning the MPLLC Purchase, including any and all analyses, reports, communications and valuations provided to Northwestern in connection with the MPLLC Purchase.

4. All documents concerning the First Supplemental Indenture.

5. All documents concerning the Second Supplemental Indenture.

6.  All documents concerning financial statements.

7.  All documents concerning the Third Supplemental Indenture.

8.  All documents concerning the Transfer.

9.  All documents relating to or concerning the value of the Transferred Assets, all analyses or valuations of such assets, and all communications concerning such valuation.

10. All documents concerning the Trust Agreement.

11. All documents concerning the Guarantee Agreement.

12. All documents concerning the QUIPS and/ or the QUIPS Indenture.

13. All documents concerning any communications, or filings with any branch of federal or state governments, including any regulatory agency on behalf of Northwestern, MPLLC, Touch America, Montana Power Company, CSFB or Clark Fork.

14. All documents concerning communications with Arthur Andersen or Deloitte regarding Northwestern, or any of its subsidiaries, representatives or affiliates.

15. All documents concerning Northwestern's 2003 Credit Facility, including all valuations, analyses, reports and work papers created in connection with Northwestern's 2003 Credit Facility.

16. All documents relating to any analyses, reports, summaries, opinions, advice or similar evaluation concerning the financial condition of Northwestern, or Clark Fork, at any time between 2001 and the present.

17. All documents concerning any publicly issued financial statements for Northwestern, or Clark Fork, issued between 2001 and the present.

18. All documents concerning any possible or actual restatement of any publicly issued financial statement of Clark Fork or Northwestern.

19. All documents concerning communications with CSFB concerning Clark Fork, Northwestern, Montana Power, MPLLC, Touch America, the QUIPS, including but not limited to Northwestern's 2003 Credit Facility.

20. All documents concerning communications with Paul Hastings concerning Northwestern, Clark Fork, Deloitte, MPLLC, Montana Power, Touch America, CSFB, Arthur Andersen or the QUIPS, including, but not limited to, all communications concerning the Transfer or the Transferred Assets.

21. All documents concerning communications with Deloitte concerning Northwestern, Clark Fork, MPLLC, Montana Power, Touch America, CSFB, Arthur Andersen or the QUIPS, including, but not limited to, all communications concerning the Transfer or the Transferred Assets.

22. All documents concerning communications with Arthur Andersen concerning Northwestern, Clark Fork, Touch America, CSFB, MPLLC, Montana Power, Deloitte or the QUIPS, including, but not limited to, all communications concerning the Transfer or the Transferred Assets.

23. All documents concerning communications with Ellen M. Senechal, Jerrold P. Perderson and Pamela K. Merrell.

24. All documents sufficient to indicate the names and job titles of all BNY personnel involved in dealings with Clark Fork, Northwestern, Montana Power and/ or Touch America.

Dated: June 15, 2005                    SMITH, KATZENSTEIN & FURLOW LLP

                                        _____
                                        David A. Jenkins (ID No. 932)
                                        The Corporate Plaza
                                        800 Delaware Avenue
                                        P.O. Box 410
*Of Counsel*                            Wilmington, DE 19899 (Courier 19801)
STORCH AMINI & MUNVES PC                Telephone: 302-652-8400
Bijan Amini                             Facsimile:  302-652-8405
Avery Samet
2 Grand Central Tower                   Attorneys for Plaintiff
New York, New York 10017
(212) 490-4100