Stanley T. Kaleczyc
Kimberly A. Beatty
Aimee M. Grmoljez
BROWNING, KALECZYC, BERRY & HOVEN, P.C.
139 North Last Chance Gulch
P.O. Box 1697
Helena, MT 59604-1697
Phone: (406) 443-6820
Fax: (406) 443-6883

Attorneys for Defendants.



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | |
|---|---|
| MAGTENASSET MANAGEMENT CORPORATION,<br><br>Plaintiff,<br>v.<br><br>MIKE J. HANSON and ERNIE J. KINDT<br><br>Defendants. | Case No. CV-04-26-BU-RFC<br><br>**REPLY BRIEF OF DEFENDANTS IN SUPPORT OF THEIR MOTION FOR PROTECTIVE ORDER SEEKING TEMPORARY STAY OF DISCOVERY AND REQUEST FOR EXPEDITED HEARING** |

This Court should stay discovery pending disposition of Defendants' Motion to Transfer Venue or Stay Proceedings for two reasons: First, because each of the lawsuits described in Defendants' opening brief involve the same "going flat" transaction, they substantially involve the same facts, documents, and witnesses. Judicial economy thus favors a coordinated discovery schedule in all this inter-related and overlapping litigation. Second, judicial comity between federal courts requires the stay entered in the Delaware bankruptcy proceedings involving NorthWestern Corporation ("NorthWestern") should not be undermined by the self-serving

litigation strategy being employed by Magten in its quest for money from NorthWestern, its subsidiaries, affiliates, attorneys, advisors, and present and former employees by whatever means possible.

Nothing which Magten has said in its opposition brief to this motion in any way undercuts these two reasons. The fact remains that Magten in its discovery propounded both to the Defendants here and to the various third parties identified in the Defendants' opening brief, as well as three (3) additional entities, Deloitte & Touche, LLP, Arthur Andersen and Credit Suisse First Boston, who have also recently been served with subpoenas, is reasonably calculated to further discovery in the various lawsuits pending in Delaware. The undersigned is also aware that both NorthWestern and Paul Hastings Janofsky & Walker, each of whom was served with a subpoena to produce the broad range of documents discussed in the opening brief here, have filed motions to quash in the judicial districts (South Dakota and New York) from which their subpoenas were issued. The undersigned are also informed that Clark Fork and Blackfoot, LLC, has, or shortly will, file its own motion to quash in this judicial district. Finally, the undersigned are informed and believe that other recipients of subpoenas have also objected in one form or another to the subpoenas served on them in their respective judicial districts.

Magten has successfully escalated its offensive litigation strategy, involving several judicial districts in addition to Montana and Delaware. This tactic is the best evidence promoting transfer of this case to the venue for the other major Magten litigation, Delaware, where, at a minimum, coordination of discovery may be more easily achieved between and among the Delaware judges presiding over these cases.

The principle of judicial comity clearly favors deference to the stay in effect in Delaware. The practical effect here is to facilitate coordinated discovery and avoid duplicative discovery with the attendant costs and burdens on parties and non-parties. The Defendants' motion to stay discovery until this Court has decided the pending Transfer Motion, which is fully briefed and ready for argument or other disposition, is consistent with these animating concerns.

Contrary to Magten's assertion, in this motion to stay discovery pending disposition of the Transfer Motion, the Defendants here are not seeking some "open-ended" stay. What the Defendants do seek is an orderly consideration of their pending motions. Granting the relief requested here will not disrupt the discovery deadlines imposed by this Court, nor will Magten be prejudiced by a stay of all discovery in place long enough for this Court to decide whether it will transfer venue or order a stay which takes full regard for the related nature of all the pending litigation. For all the reasons set forth in the Defendants' opening brief, a motion to transfer venue is not the same as a motion to dismiss for improper venue. The motion is timely; it is appropriate; and, if granted, it will place this law suit, which is unquestionably related to NorthWestern's bankruptcy proceedings, in the judicial district where it properly belongs.

Magten would have this Court turn a blind eye to the litigation tactics evidenced in its discovery requests to parties and non-parties alike. This Court should reject this invitation and instead stay all discovery until it has had the opportunity to consider and rule upon the timely motion to transfer venue currently pending before it.

//

DATED this 1st day of July, 2005.

                          BROWNING, KALECZYC, BERRY & HOVEN, P.C.

                          By _____
                              Stanley T. Kaleczyc
                              Kimberly A. Beatty
                              Aimee M. Grmoljez

                              Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of July, 2005, a true copy of the foregoing was mailed by first-class mail, postage prepaid, addressed as follows:

Bonnie Steingert
John W. Brewer
Fried, Frank, Harris, Shriver & Jacobson, LLP
One New York Plaza
New York, NY 10004

James H. Goetz
J. Devlan Geddes
Goetz, Madden & Dunn, P.C.
35 N. Grand
P.O. Box 6580
Bozeman, MT 59771-6580

                            _____
                            BROWNING, KALECZYC, BERRY & HOVEN