

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | | |
|---|---|---|
| MAGTEN ASSET MANAGEMENT CORPORATION, | ) ) ) | Cause No. CV-04-26-BU-RFC |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | ORDER |
| MIKE J. HANSON AND ERIE J. KINDT, | ) ) ) | |
| Defendants. | ) ) | |

## BACKGROUND

This case was brought against two individuals who served as officers of Clark Fork and Blackfoot, LLC ("CFB"), a wholly owned subsidiary of NorthWestern, as a result of a transfer of a majority of the assets and liabilities of CFB related to the Montana electric and natural gas transmission and distribution business from CFB to NorthWestern. These assets and liabilities included debt owed under the QUIPS and related debentures now owned by Magten and which form the subject matter of this litigation. The Transaction was effected on or about November 15, 2002. Almost one year later, on September 14, 2003, NorthWestern filed a voluntary Chapter 11 reorganization in the United States Bankruptcy Court for the District of Delaware.

Based upon information provided by Defendants, it appears that over the last twelve months Magten and NorthWestern have been in litigation in and out of the bankruptcy court.

There are seven proceedings currently pending in either the United States Bankruptcy Court for the District of Delaware or the United States District Court for the District of Delaware directly between Magten and NorthWestern.

Further, Magten has sued the legal advisors to CFB and NorthWestern concerning advice they gave related to the transaction. Magten has also sued the Bank of New York which served as the original Trustee for the Montana Power Capital 1 Trust ("Trust"), which issued the QUIPS, for alleged breaches of fiduciary duty in connection with the Transaction.

These latter two proceedings are pending in Delaware Federal District Court and Chancery Court, respectively. All of the proceedings involving NorthWestern, its subsidiaries and officers, except this case, are pending either in the NorthWestern Bankruptcy Court in Delaware or the Federal District Court in Delaware.

## ANALYSIS

I.  **Is a Change of Venue Proper?**

   A.  **Timeliness of the Motion to Change Venue**

A district court may transfer a case from one proper venue to another "for the convenience of parties and witnesses" or "in the interest of justice." 28 U.S.C.A. § 1404(a). Plaintiffs argue that the motion to transfer is untimely and Defendants have waived any objection to venue because Defendants did not file the motion with the answer or pre-answer motion.

A motion to transfer venue is not an objection to improper venue under Rule 12(b), and therefore, need not be made before an answer is filed. *See e.g., American Standard, Inc. v. Bendix Corp.*, 487 F.Supp. 254, 261 (D.Mo. 1980); *Nowotny v. Turner*, 203 F.Supp. 802 (D.N.C., 1962); *Insurance Co. of North America v. Ozean/Stinnes-Linien*, 367 F.2d 224, 227 (5th Cir. 1966). Section 1404(a) sets no time limit on when a motion to transfer can be made.

*American Standard, Inc. v. Bendix Corp.,* 487 F.Supp. 261, citing § 1404(a), Title 28, United States Code; 15 Wright, Miller & Cooper, Federal Practice And Procedure § 3844, l.c. 211 (1976). Thus, the passage of time alone or delay alone is not a sufficient reason to deny a transfer. *American Standard, Inc. v. Bendix Corp.,* 487 F.Supp. 261, citing 1 Moore's Federal Practice P 0.145(4.-3), l.c. 1601 (2d ed. 1979). A party who has waived objection to improper venue under Rule 12 by failure to timely assert it is not precluded from moving to transfer under § 1404(a). *See Montgomery Ward & Co. v. Anderson Motor Serv., Inc.,* 339 F.Supp. 713 (D.Mo. 1971); *Ferment-Acid Corp. v. Miles Labs, Inc.,* 153 F.Supp. 19 (D.N.Y. 1957). Therefore, the motion to transfer is not untimely.

      **B.     Could the Case Have Originally Been Brought in the District of Delaware?**

Section 18 U.S.C. § 1404(a) only authorizes transfer to "any other district or division where it might have been brought." Therefore, this action may be transferred to the District of Delaware only if Magten could have brought it there if the circumstances were appropriate on the date the action was filed. Based upon 28 U.S.C. § 1409(a), venue is proper in Delaware because this matter is "related to" NorthWestern's bankruptcy in Delaware. It would be anomalous for § 1409(a) to be interpreted as vesting jurisdiction in the Delaware District Court of a matter related to a pending bankruptcy and then taking away that jurisdiction because the defendants are not residents of that judicial district. This would subvert the statutory scheme of § 1409, which obviously intends to place all proceedings arising under or related to a bankruptcy (with the exception noted in § 1409(b)) which relate to pre-petition activities of the bankrupt in one forum.

      **C.     Will Transfer Serve the Interests of Justice?**

Under § 1404(a), the district court has discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988). A motion to transfer venue under §§

1404(a) requires the court to weigh multiple factors in its determination whether transfer is appropriate in a particular case. *Id.* For example, the court may consider: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. *Id.* at 29-31.

Plaintiff makes the argument that choice of forum should rarely be disturbed, but this has been questioned by several courts. *See,* Wright, Miller and Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3848, 242-43 ("it is generally agreed that plaintiff's initial choice is no longer entitled to the significance which once attached under forum non conveniens analysis."); *Anderson*, 634 F.Supp. at 1204-05 ("In balancing the factors pertinent to the propriety of transferring the present action, the court begins by noting that a plaintiff's choice of forum should rarely be disturbed . . . Nonetheless, though venue is invoked under a special venue provision, a transfer may still be ordered if a preponderance of relevant factors in a particular case indicates that transfer is appropriate.")

With regard to law governing the case, *Anderson* instructs that this factor should be given little weight if the substantive law of the two proposed forums is neither complex, unsettled, nor significantly different. *Id.* at 1205. Such is the case here, thus, this factor should be given little weight.

When considering the parties contacts with the forum, the cases involving Magten in Montana and Delaware are intertwined and much of the discovery sought will be duplicative.

Additionally, only one party to the proceeding, Ernie Kindt, the Vice President, Chief Accounting Officer and Controller of CFB at the time of the transaction, resides in Montana. It is anticipated that Kindt would be called as a witness in Magten's litigation pending in Delaware courts, so Kindt will not be any more inconvenienced if this lawsuit is transferred to Delaware.

Hanson is a citizen and resident of South Dakota, so he does not have greater convenience with this lawsuit continuing in Montana. Potential third party witnesses in this CFB litigation, including representatives of the Bank of New York (the first trustee), the Law Debenture (the successor trustee) and Magten are all located in New York. Likewise, much of the documentary evidence related to the transaction is in New York or Delaware where various relevant documents have been assembled in connection with the NorthWestern Bankruptcy.

Consideration of the interest of justice, which includes judicial economy, "may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result." *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 220-21 (7th Cir.1986); *Allen v. Scribner,* 812 F.2d 426, 436-37 (9th Cir.1987). Section 1404(a) is designed to prevent duplicate trials of the subject matter. *Minnesota Mining & Mfg. Co. v. Technical Tape Corp.,* 123 F.Supp. 497 (D.Ill. 1954). In considering a motion to transfer, a court maybe consider the existence of a pending action involving the same or substantially similar subject matter in the district to which the transfer is sought, as is the case here. *Aircraft Marine Products, Inc. v. Burndy Engineering Co.,* 96 F.Supp. 588 (D.Cal. 1951) (involving a patent infringement suit). The pendency of an action in another district is important because of the positive effects it might have in possible consolidation of discovery and convenience to witnesses and parties. *A.J. Industries, Inc. v. U.S. Dist. Court for Cent. Dist.,* 503 F.2d 384 (9th Cir. 1974).

The Delaware Courts already face a number of cases, motions and appeals concerning matters related to this. The District of Delaware is closer to multiple witnesses and documentary evidence. It will save the parties time, energy and money by transferring the case to Delaware.

Based upon the foregoing, Defendants' Motion to Transfer or, in the Alternative, Stay Action [*doc. # 33*] is GRANTED.

DATED this 11th day of July, 2005.

_____
Richard F. Cebull
U.S. DISTRICT COURT JUDGE

CERTIFICATE OF MAILING
DATE: 7/11/05   BY: CA
I hereby certify that a copy of this order was mailed to:

B. Steingert
J. Brewer
J. Goetz
J. Geddes
S. Kaleczyc
K. Beatty
A. Grindofjez

UNITED STATES OF AMERICA
DISTRICT OF MONTANA } ss.
I, PATRICK E. DUFFY, Clerk of the United States District Court for the District of Montana, hereby certify that the above and foregoing is a true copy of the original now on file in my office.