IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAGTEN ASSET MANAGEMENT CORPORATION,<br><br>           Plaintiff,<br><br>    v.<br><br>MIKE J. HANSON and ERNIE J. KINDT,<br><br>           Defendants. | :<br>:<br>:<br>:     Case No. 05-499 (JJF)<br>:<br>:<br>:<br>:<br>:<br>: |

**DEFENDANTS' LOCAL RULE 81.2 STATEMENT IDENTIFYING ALL
PENDING MATTERS WHICH REQUIRE JUDICIAL ACTION**

Pursuant to the United States District Court for the District of Delaware Local Rule 81.2, Defendants Michael J. Hanson and Ernie J. Kindt (together, the "Defendants"), by and through their attorneys, hereby file this statement identifying all pending matters which require judicial action.

In an order dated July 11, 2005, the Hon. Richard F. Cebull transferred this action from the United States District Court for the District of Montana to this Court. In his order, Judge Cebull concluded, "The Delaware Courts already face a number of cases, motions, and appeals concerning matters related to this [case]." *See* Order dated July 11, 2005 at p. 6 attached hereto as Exhibit A. In a supplemental order issued on July 13, 2005, Judge Cebull vacated the schedule he had previously entered in this matter and stayed all discovery. *See* Order dated July 13, 2005 attached hereto as Exhibit B. Thus, at this time, discovery has been stayed;[1] no scheduling order is in place; and there are no pending matters which require immediate action by this Court.

---

[1] As a result of the discovery stay, Defendants have not responded to the initial discovery propounded by Magten, and none of the ten (10) recipients of third-party subpoenas issued by Magten have responded to such subpoenas.

Substantively, in this case Magten Asset Management Corporation ("Magten") is asserting that the Defendants breached their fiduciary duty when they somehow failed to stop NorthWestern Corporation ("NorthWestern") from transferring its Utility Business from its wholly-owned subsidiary to itself.

On February 15, 2002 NorthWestern purchased the unit interest in a limited liability company into which the seller, Touch America Holdings, Inc., placed its regulated Montana utility business (the "Utility Business") in order to effect the sale to NorthWestern.[2] At that time, the limited liability company became a wholly owned subsidiary of NorthWestern.

Among the assets and liabilities which were part of the Utility Business were certain obligations which were and are held by different investors, including the obligation to make principal and interest payments to a Delaware Trust which had issued Series A 8.45% Quarterly Income Preferred Securities ("QUIPS"). Although at the time of the February 2002 acquisition of the Utility Business the limited liability company became a wholly owned subsidiary of NorthWestern, both prior to and subsequent to that acquisition NorthWestern had publicly announced it would hold the Utility Business either as a subsidiary or a division. For various regulatory reasons, by the summer of 2002 NorthWestern determined that it must operate the Utility Business as a division. On or about August 7, 2002, NorthWestern passed the necessary corporate resolutions to effect the transfer of the Utility Business, including the obligation to support the QUIPS, from its wholly owned subsidiary to itself. On November 15, 2002 that transaction was completed.

---

[2] At the time of the February 2002 acquisition, the limited liability company was named Montana Power LLC. Shortly thereafter, NorthWestern changed the name of its new subsidiary to NorthWestern Energy LLC. Following the November 2002 transaction in which the Utility Business became a division of NorthWestern, the name of the limited liability company was again changed, this time to Clark Fork and Blackfoot LLC.

The Defendants here are informed and believe that Magten first began to acquire its interest in the QUIPS in or about the first quarter of 2003, after the November 2002 transaction had closed. On September 14, 2003 NorthWestern filed a voluntary petition to reorganize in bankruptcy in the United States Bankruptcy Court in Delaware. On April 15, 2004 Magten filed its complaint against the Defendants, who held the titles of officers of the wholly owned subsidiary, alleging the Defendants breached their fiduciary duty to the holders of QUIPS by not objecting to the decision of the sole owner and manager of the limited liability company to transfer the Utility Business from the wholly owned subsidiary to itself.

As Judge Cebull acknowledged in his July 11 order, there are seven (7) proceedings currently pending in either the United States Bankruptcy Court in Delaware or this Court between Magten and NorthWestern. Among these actions are Magten's appeal of the NorthWestern Bankruptcy Confirmation Order (the "Confirmation Order Appeal")[3] and Magten's adversary proceeding (the "November 2002 Transaction Adversary Proceeding")[4] initiated in NorthWestern's Bankruptcy which seeks to void as a fraudulent transfer the very November 2002 transaction which is the subject matter of the instant law suit. All the Magten-initiated litigation pending in the Bankruptcy Court has been stayed pending the final disposition of the Confirmation Order Appeal. Thus, discovery may not go forward in Magten's November 2002 Transaction Adversary Proceeding and Magten is precluded from seeking discovery in that proceeding of many of the same facts which it seeks in this case.

Notwithstanding the stay of discovery imposed in the Delaware proceedings, Magten did move forward in the instant case and served discovery on Defendants. In addition, ten (10) third-

---

[3] *Magten Asset Management Corp. v. NorthWestern Corp.*, C.A. No. 04-1389 (JJF) (U.S. District Court, District of Delaware).
[4] *Magten Asset Management Corp. v. NorthWestern Corp.*, Adv. Pro. No. 04-53324 (JLP) (U.S. Bankruptcy Court, District of Delaware).

party subpoenas were served on NorthWestern's lawyers and consultants retained in the bankruptcy proceedings. The documents requested of the Defendants and in each of the third-party subpoenas were virtually identical. Magten requested not only documents related to the transaction at issue here, but also documents and facts related to events which occurred *after* that transaction closed and which are related to Magten's cases in the stayed Delaware Bankruptcy proceedings. Thus, Judge Cebull properly concluded that the instant action clearly is not only related to the NorthWestern Bankruptcy proceedings, but also that discovery in this case substantially overlaps discovery in the stayed proceedings and will be duplicative. *See* Order dated July 11, 2005 at p. 4 attached hereto as Exhibit A.

Therefore, in the absence of any pending matters which require immediate judicial action here, the Defendants respectfully request that this Court take no further action nor schedule any proceedings until such time as the Magten-initiated litigation related to the November 15, 2002 transaction at issue here pending in the Bankruptcy Court, including the Confirmation Order Appeal and the November 2002 Transaction Adversary Proceeding, is either dismissed or is no longer subject to a stay.

Dated: August 19, 2005                    EDWARDS & ANGELL, LLP

/s/ Denise S. Kraft
Stuart M. Brown (No. 4050)
Denise Seastone Kraft (No. 2778)
919 N. Market Street, Suite 1500
Wilmington, DE 19801
(302) 777-7770
(302) 777-7263 (fax)
sbrown@edwardsangell.com
dkraft@edwardsangell.com

- and -

BROWNING, KALECZYC, BERRY
& HOVEN, P.C.
Stanley T. Kaleczyc
Kimberly A. Beatty
139 North Last Chance Gulch
P.O. Box 1697
Helena, Montana 59624
(406) 443-6820

(406) 443-6883 (fax)
stan@bkbh.com
kim@bkbh.com

Attorneys for Defendants

- 5 -

WLM_502547_1/DKRAFT