# Greenberg Traurig

January 10, 2006

**VIA ECF AND HAND DELIVERY**

The Honorable Joseph J. Farnan, Jr.
United States District Court
District of Delaware
844 King Street
Wilmington, DE 19801

Re: *Magten Asset Management Corp., et al. v. NorthWestern Corp.,*
C.A. No. 04-1494-JJF
*Magten Asset Management Corp. v. Paul Hastings Janofsky & Walker, LLP,* C.A. No. 04-1256-JJF
*Magten Asset Management Corp. v. Mike J. Hanson and Ernie J. Kindt,*
C.A. No. 05-0499-JJF

Dear Judge Farnan:

This firm is co-counsel to NorthWestern Corporation ("NorthWestern"), along with the firm of Curtis, Mallet-Prevost, Colt & Mosle, in connection with C.A. No. 04-1494-JJF, referenced above. We write in regard to the proposed consolidation and discovery procedures in the above-referenced actions (the "Actions"), and in response to the letter dated January 9, 2006 sent to Your Honor by counsel for plaintiffs Magten Asset Management Corporation ("Magten") and Law Debenture Trust (collectively, "Plaintiffs").

As reported to the Court by Plaintiffs, the parties held a Rule 26(f) conference on January 4, 2006. The parties are in agreement that the three above-referenced actions should be consolidated for purposes of discovery and other pre-trial proceedings. In addition, the parties have agreed to exchange Initial Disclosures by January 20, 2006, limited to those matters set forth in Fed. R. Civ. P. 26(a)(1)(A),(C), and (D), except that defendants in C.A. No. 05-0499-JJF (the "Hanson and Kindt Action"), having previously served their Initial Disclosures in that action prior to the time it was transferred to this District, are not required to serve any additional disclosures.

There remains disagreement, however, with respect to the appropriate amount of time which should be allowed for completion of discovery in the Actions, and certain other procedural matters. In order to resolve these issues, NorthWestern respectfully requests that the Court schedule a conference with the parties pursuant to Fed. R. Civ. P. 16 (the "Rule 16 Conference").

The defendants in the three actions referenced above have conferred, and have jointly agreed upon a proposed Scheduling Order for discovery and other pre-trial matters in the Actions, which is enclosed herewith, and which defendants respectfully request be approved by the Court. Defendants' proposed Scheduling Order provides, *inter alia,* for completion of fact discovery within twelve months following the Rule 16 Conference, plus an additional two months for completion of expert discovery.

ALBANY
AMSTERDAM
ATLANTA
BOCA RATON
BOSTON
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LOS ANGELES
MIAMI
MILAN*
NEW JERSEY
NEW YORK
ORANGE COUNTY, CA
ORLANDO
PHILADELPHIA
PHOENIX
ROME*
SILICON VALLEY
TALLAHASSEE
TOKYO*
TYSONS CORNER
WASHINGTON, D.C.
WEST PALM BEACH
ZURICH

*Strategic Alliances
Tokyo-Office/Strategic Alliance

Greenberg Traurig, LLP | Attorneys at Law | Brandywine Building | 1000 West Street | Suite 1540 | Wilmington, DE 19801
Tel 302.661.7000 | Fax 302.661.7360

www.gtlaw.com

Plaintiffs have demanded that discovery commence immediately, and have proposed an unreasonably short period of time for the completion of discovery in the three Actions, namely, four months for fact discovery (including document production, depositions, and the exchange of and response to written discovery requests) plus two additional months for expert discovery, for a total of six months. The abbreviated schedule for completion of discovery in all three actions is particularly surprising in light of the fact that plaintiff Magten previously agreed to a longer period for discovery in the individual Hanson and Kindt Action, prior to the time it was transferred to this Court. In that single action, Magten agreed to a total discovery period of thirteen months – eight months for fact discovery, plus five additional months for expert discovery. Defendants' proposed fourteen-month period for completion of fact and expert discovery in all three consolidated actions is entirely reasonable, particularly in light of the previous schedule agreed to in the Hanson and Kindt Action. Clearly, completion of discovery in three consolidated actions cannot be relegated to a shorter time period than that which was previously agreed to for one of the actions standing alone.

Another matter that requires resolution is the appointment of a Special Master. The parties are in agreement that a Special Master should be appointed for purposes of coordinating discovery in the Actions. NorthWestern and the other defendants have agreed to Your Honor's proposed appointment of Judge Bechtle. Magten, however, has opposed Judge Becthle's appointment. We respectfully request that this issue be taken up for discussion at the Rule 16 Conference as well.

If Your Honor has any questions with regard to the foregoing, please feel free to contact me or Joseph D. Pizzurro, Esq., 212-696-6196.

Respectfully submitted,

Victoria Counihan

cc:   Clerk of Court (*Via* ECF)
      Dale R. Dube, Esq. (*Via* E-Mail: dube@blankrome.com)
      Bonnie Steingart, Esq. (*Via* E-Mail: steinbo@friedfrank.com)
      Gary L. Kaplan, Esq. (*Via* E-Mail: kaplaga@friedfrank.com)
      Kathleen M. Miller, Esq. (*Via* E-Mail: kmiller@skfdelaware.com)
      Bijan Amini, Esq. (*Via* E-Mail: bamini@samlegal.com)
      Amanda Darwin, Esq. (*Via* E-Mail: adarwin@nixonpeabody.com)
      John V. Snellings, Esq. (*Via* E-Mail: jsnellings@nixonpeabody.com)
      Stanley T. Kaleczyc, Esq. (*Via* E-Mail: stan@bkbh.com)
      Kimberly Beatty, Esq. (*Via* E-Mail: kim@bkbh.com)
      Denise Seastone Kraft, Esq. (*Via* E-Mail: dkraft@edwardsangell.com)
      Paul Spagnoletti, Esq. (*Via* E-Mail: paul.spagnoletti@dpw.com)
      Joseph D. Pizzurro, Esq. (*Via* e-Mail: jpizzurro@cm-p.com)
      Steven J. Reisman, Esq. (*Via* E-Mail: sreisman@cm-p.com)