

Potter
Anderson
& Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

John E. James
Attorney at Law
Partner
jjames@potteranderson.com
302 984-6018 (Direct Dial)
302-658-1192 (Facsimile)

January 20, 2006

**By Hand**

The Honorable Joseph J. Farnan, Jr.
United States District Court Judge
United States District Court for the
　District of Delaware
844 North King Street – Lock Box 27
Wilmington, DE 19801

　　RE:　**Magten Asset Management Corp. v. Hanson, et al.
　　　　　Civil Action No.: 1:05-cv-00499-JJF**

　　　　　**Magten Asset Mgt., et al. v. Northwestern Corp.
　　　　　Civil Action No. : 1:04-cv-01494-JJF**

　　　　　**Magten Asset Mgt. v. Paul Hastings Janofsky & Walker LLP
　　　　　Civil Action No.: 1:04-cv-01256-JJF**

Dear Judge Farnan:

　　Judge Poppiti, in his capacity as coordinator of the Court's Special Master Panel in patent cases, has referred the three above-referenced bankruptcy cases that are pending in the District Court with the expectation that I would serve on an ad hoc basis as a Special Master, with the Court's approval, with respect to such motions in those three cases as Your Honor would direct.

　　In connection with this prospective appointment, I advised Judge Poppiti, and I am advising the Court now, that our firm has represented two parties in the Northwestern Corp. bankruptcy cases, which are jointly administered and currently pending in the Delaware Bankruptcy Court. One of the clients, Idaho Power Company, had a small targeted interest in the bankruptcy case which was resolved some time ago and would have no bearing on the referenced cases. The other client, PPL Montana, PPL Corporation and PPL Energyplus LLC (collectively "PPL"), had significant claims in the Northwestern bankruptcy case.

　　PPL entered into a settlement agreement with the Northwestern Corp., Debtors, which was approved by the Delaware Bankruptcy Court and is of public record as part

The Honorable Joseph J. Farnan, Jr.
Page 2
January 20, 2006

of the bankruptcy proceeding. Given the settlement, it is not presently anticipated that our firm will have a need to provide further representation to PPL in the Northwestern bankruptcy proceeding. Neither PPL, nor the engagement partner from our firm involved in the representation of PPL, believes that, given the current posture, there is any conflict that exists as it relates to any service that I would perform as Special Master with respect to the three above-referenced actions and our representation of PPL in the Northwestern bankruptcy proceeding. However, as a matter of protocol, we thought it advisable that the Court disclose this representation to the parties in the three above-referenced actions so that they are fully aware of our firm's involvement in the Northwestern bankruptcy proceeding.

If the parties in the three above-referenced actions do not have any objection to my service as Special Master, then I look forward to directions from the Court as to the services that the Court wishes me to perform as Special Master in these matters.

Respectfully,

John E. James

JEJ/cml
716146/04862