# EDWARDS ANGELL PALMER & DODGE LLP

919 North Market Street  Wilmington, DE  19801  302.777.7770  *fax* 302.777.7263  eapdlaw.com

Denise Seastone Kraft
302.425.7106
*fax* 888.325.9741
dkraft@eapdlaw.com

February 23, 2006

Honorable Joseph J. Farnan, Jr.
U.S. District Court for the
District of Delaware
844 North King Street
Lock Box 27
Wilmington, DE  19801

> RE:    *Magten Asset Management Corp., et al. v. NorthWestern Corp.*
> C.A. No. 04-1494-JJF
> *Magten Asset Management Corp., et al. v. Paul Hastings Janofsky &*
> *Walker, PLLC,*
> C.A. No. 04-1256-JJF
> *Magten Asset Management Corp., et al. v. Mike J. Hanson and Ernie J. Kindt*
> C.A. No. 05-0499-JJF

Dear Judge Farnan:

This firm represents Mike J. Hanson and Ernie J. Kindt ("Messrs. Hanson and Kindt") as co-counsel with the law firm of Browning, Kaleczyc, Berry and Hoven in above-referenced C.A. No. 05-0499-JJF. We are writing in response to the letter dated February 22, 2006 from Dale R. Dube written on behalf of Magten Asset Management Corporation ("Magten") in which, among other things, the status of discovery in *Magten Asset Management Corp. v. Hanson, et al.*, C.A. No. 05-0499-JJF is discussed.

The letter states that Magten is "seeking guidance" with respect to the status of the stay upon discovery currently in effect in this case and then suggests that either this Court or the Special Master should lift the stay, which is asserted to be an "impediment" to discovery in this matter.  For the reasons discussed below, we would suggest to the Court that it is premature to consider the issue of lifting the stay and that, instead, this Court either directly or through the Special Master appointed in this matter, Mr. James, first dispose of the pending Motion for Protective Order filed by NorthWestern Corporation, in which the Defendants in *Magten v. Hanson* have joined.

By way of background, we note the following:

EDWARDS ANGELL PALMER&DODGE LLP

Honorable Joseph J. Farnan, Jr.
February 23, 2006
Page 2

First, contemporaneously with his Order transferring this action from the United States District Court for the District of Montana to the United States District Court for the District of Delaware, on July 13, 2005, the Hon. Richard Cebull entered a Supplemental Order vacating his previous scheduling order in this matter and staying all discovery in *Magten v. Hanson.*

Second, notwithstanding the stay on discovery, on January 24, 2006, Magten served additional discovery on Messrs. Hanson and Kindt. As we advised counsel for Magten on January 26, 2006, the Defendants in *Magten v. Hanson* continue to maintain that they are under no obligation to respond to discovery from the plaintiffs unless and until the Court lifts the stay.

Third, on January 31, 2006, Magten attempted to circumvent the stay on discovery in *Magten v. Hanson,* by threatening to serve Messrs. Hanson and Kindt with *subpoenas duces tecum* as third party witnesses in Case No. 04-1494-JJF, Magten's action against NorthWestern Corporation. On February 2, 2006, we again advised counsel for Magten of our position that the stay in *Magten v. Hanson* likewise prevents discovery directed to Messrs. Hanson and Kindt in Case No. 04-1949-JJF until such time as the stay is lifted.

Finally, on February 13, 2006, Messrs. Hanson and Kindt joined in the Motion for a Protective Order filed on February 2, 2006 by NorthWestern Corporation in Case No. 04-1494-JJF. As a result of NorthWestern's Motion and the joinder of Messrs. Hanson and Kindt in that Motion, pursuant to Local Rule 30.2, any obligation to respond to pending discovery is stayed pending the disposition of NorthWestern's Motion.

In light of the foregoing, we respectfully suggest that, in the interests of judicial economy and in recognition of the fact that the parties to the three above-referenced actions have agreed that the three actions should be consolidated for purposes of coordinating what otherwise would be duplicative and redundant discovery, this Court should take under advisement any consideration of the lifting of the stay until such time as the Court rules on NorthWestern's Motion.[1] As noted above, Magten has pending discovery directed to Messrs. Hanson and Kindt. The Court's ruling with respect to NorthWestern's Motion and Messrs. Hanson and Kindt's joinder thereto will dictate the scope of the discovery in all three cases and may very well impact the Court's decision whether to lift the stay of discovery in *Magten v. Hanson.*

---

[1]     At that time, the Court may also wish to request full or additional briefing from the parties on the stay issue rather than addressing the stay issue through letter correspondence to the Court.

EDWARDS ANGELL PALMER&DODGE LLP

Honorable Joseph J. Farnan, Jr.
February 23, 2006
Page 3


Messrs. Hanson and Kindt make these suggestions to the Court without prejudice to their rights, or the rights of any other party, to make appropriate arguments either directly to this Court or to the Special Master on the propriety of lifting the stay on discovery currently in place.

Respectfully,

Denise Seastone Kraft (Bar No. 2778)

DSK/rrj

cc:    Clerk of Court (Via ECF)
       John E. James, Esquire (Via E-mail:  jjames@potteranderson.com)
       Dale R. Dube, Esq. (Via E-mail:  dube@blankrome.com)
       Bonnie Steingart, Esq. (Via E-mail:  steinbo@friedfrank.com)
       Gary L. Kaplan, Esq. (Via E-mail:  kaplaga@friedfrank.com)
       Kathleen M. Miller, Esq. (Via E-mail:  kmiller@skfdelaware.com)
       Bijan Amini, Esq. (Via E-mail:  bamini@samlegal.com)
       Amanda Darwin, Esq. (Via E-mail:  adarwin@nixonpeabody.com)
       John V. Snellings, Esq. (Via E-mail:  jsnellings@nixonpeabody.com)
       Stanley T. Kaleczyc, Esq. (Via E-mail:  stan@bkbh.com)
       Kimberly Beatty, Esq. (Via E-mail:  kim@bkbh.com)
       Paul Spagnoletti, Esq. (Via E-mail:  paul.spagnoletti@dpw.com)
       Joseph D. Pizzurro, Esq. (Via E-mail:  jpizzurro@cm-p.com)
       Steven J. Reisman, Esq. (Via E-mail:  sreisman@cm-p.com)
       Victoria W. Counihan (Via E-mail:  counihanv@gtlaw.com)