# CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

FRANKFURT  MUSCAT
HOUSTON  LONDON
MEXICO CITY  PARIS
MILAN  STAMFORD
WASHINGTON

ATTORNEYS AND COUNSELLORS AT LAW
101 PARK AVENUE
NEW YORK, NEW YORK 10178-0061

TELEPHONE 212-696-6000
FACSIMILE 212-697-1559
VOICE MAIL 212-696-6028
E-MAIL INFO@CM-P.COM
INTERNET WWW.CM-P.COM

June 6, 2006

*VIA ECF AND FEDERAL EXPRESS*

The Honorable Joseph J. Farnan, Jr.
United States District Court
District of Delaware
844 King Street
Wilmington, DE 19801

> Re:  *Magten Asset Management Corp. and Law Debenture Trust Co. of New York v. NorthWestern Corporation*, C.A. No. 04-1494-JJF
>
> *Magten Asset Management Corp. v. Paul Hastings Janofsky & Walker, LLP*, C.A. No. 04-1256-JJF
>
> *Magten Asset Management Corp. v. Mike J. Hanson and Ernie J. Kindt*, C.A. No. 05-0499-JJF

Dear Judge Farnan:

This firm is co-counsel to NorthWestern Corporation ("NorthWestern"), along with the firm of Greenberg Traurig, LLP, in connection with the action pending before this Court styled *Magten Asset Management Corp., et al. v. NorthWestern Corp.*, Civil Action No. 04-1389-JJF.

We write this letter in response to the June 5, 2006 letter sent to the Court on behalf of Magten Asset Management Corp. and Law Debenture Trust Co. of New York (collectively, "Plaintiffs'), in which Plaintiffs seek to lift the stay of discovery which is currently in effect in the three above-referenced actions (the "Consolidated Actions").

NorthWestern opposes the relief which Plaintiffs seek. In its Motion for a Protective Order, NorthWestern has requested that this Court limit discovery consistent with the prior decision of the Bankruptcy Court, which granted in part and denied in part NorthWestern's motion to dismiss Plaintiffs' claims in August 2004. In a lengthy written opinion which carefully considered and parsed through Plaintiffs' complaint and theories of relief, the Bankruptcy Court seriously questioned the viability of Plaintiffs' claims, and narrowly limited the potential scope of the litigation. While stopping short of complete dismissal, the Bankruptcy Court found that Plaintiffs could only proceed with their claims if they were to prove that The

2930870v1

Hon. Joseph J. Farnan, Jr.
June 6, 2006

Page 2

Bank of New York, which served as the Indenture Trustee for the QUIPS securities in 2002 (prior to the time that the QUIPS were acquired by Plaintiffs), was fraudulently induced to execute the documents which evidenced the release of obligations on the QUIPS as to NorthWestern's former subsidiary and the assumption of those obligations by NorthWestern.

Plaintiffs first attempted to commence discovery from NorthWestern only in late January 2006, after this Court had withdrawn the reference from the Bankruptcy Court and taken jurisdiction. In disregard of the Bankruptcy Court's prior decision, Plaintiffs served broad discovery requests on a wide array of issues well beyond the scope of the surviving theory of relief which was identified by the Bankruptcy Court. As a result, NorthWestern filed the Motion for a Protective Order described above in February 2006, in which the defendants in the other two Consolidated Actions have joined. That Motion is currently pending decision by Your Honor.

Rather than await and abide by this Court's determination on the Motion for a Protective Order, Plaintiffs now seek to circumvent that Motion and proceed with discovery in advance of a decision by the Court. Obviously, granting Plaintiffs' request would be tantamount to a denial of the Motion for a Protective Order. The protective relief which NorthWestern seeks in the Motion would be obviated if Plaintiffs are allowed to forge ahead with the full-scale discovery they have improperly demanded, which would also undercut the purpose of the stay of discovery contemplated under Local Rule 30.2. While we do not wish to belabor here the arguments set forth more fully in the Motion, it is respectfully submitted that Plaintiffs' request for relief of the stay should be denied until the Court has considered and ruled upon the merits of NorthWestern's Motion for a Protective Order.

Furthermore, Plaintiffs have shown no justification for the relief they seek. The underlying transactions at issue occurred in 2002, prior to NorthWestern's bankruptcy case. Although Plaintiffs brought their action against NorthWestern in 2004, Plaintiffs did not seek discovery until January 2006. Throughout this period, there has never been any suggestion that the passage of time or change in circumstances would impact the availability of documents or witnesses, and there is no need for any such concern.

The announcement made approximately six weeks ago of the intended acquisition by Babcock & Brown Infrastructure Ltd. creates no sudden exigency, nor should it come as a surprise. Plaintiffs have been aware that NorthWestern has engaged in talks with several potential purchasers for a sale of the corporation over the course of more than a year, which has been the subject of frequent reports in the press. As a practical matter, the actual completion of a sale is expected to take at least six to nine months. This process requires not only preparation and agreement on final documentation, but also regulatory approvals which NorthWestern must obtain as a public utility from state and federal agencies. Further, the structure of the transaction is such that NorthWestern will remain as the operating company. Thus, NorthWestern will remain the same after the consummation of the transaction. There is no reason to expect that Plaintiffs' ability to obtain evidence will be impaired by a sale.

2930870v1

Hon. Joseph J. Farnan, Jr.
June 6, 2006

Page 3

In short, Plaintiffs should not be allowed to pre-empt a decision by this Court and, for the reasons set forth above and in NorthWestern's Motion for a Protective Order, their request to proceed with discovery should be denied.

Respectfully submitted,

Joseph D. Pizzurro

cc:   Clerk of Court (Via ECF)
   Dale R. Dube, Esq. (Via E-Mail: dube@blankrome.com)
   Bonnie Steingart, Esq. (Via E-Mail: steinbo@friedfrank.com)
   Gary L. Kaplan, Esq. (Via E-Mail: kaplaga@friedfrank.com)
   John W. Brewer, Esq. (Via E-Mail: brewejo@friedfrank.com)
   Kathleen M. Miller, Esq. (Via E-Mail: kmiller@skfdelaware.com)
   Bijan Amini, Esq. (Via E-Mail: bamini@samlegal.com)
   Amanda Darwin, Esq. (Via E-Mail: adarwin@nixonpeabody.com)
   John V. Snellings, Esq. (Via E-Mail: jsnellings@nixonpeabody.com)
   Stanley T. Kaleczyc, Esq. (Via E-Mail: stan@bkbh.com)
   Kimberly Beatty, Esq. (Via E-Mail: kim@bkbh.com)
   Denise Seastone Kraft, Esq. (Via E-Mail: dkraft@edwardsangell.com)
   Paul Spagnoletti, Esq. (Via E-Mail: paul.spagnoletti@dpw.com)
   Steven J. Reisman, Esq. (Via E-Mail: sreisman@cm-p.com)
   Victoria Counihan, Esq. (Via E-Mail: counihanv@gtlaw.com)
   Alan W. Kornberg, Esq. (Via E-Mail: akornberg@paulweiss.com)
   Kelley A. Cornish, Esq. (Via E-Mail: kcornish@paulweiss.com)
   Neil B. Glassman, Esq. (Via E-Mail: nglassman@bayardfirm.com)
   Charlene P. Davis, Esq. (Via E-Mail: cdavis@bayardfirm.com)

2930870v1