# Greenberg Traurig

October 17, 2006

**VIA ECF AND HAND DELIVERY**

The Honorable Joseph J. Farnan, Jr.
United States District Court
District of Delaware
844 King Street
Wilmington, DE 19801

    Re: *Magten Asset Management Corp., et al. v. NorthWestern Corp.,
C.A. No. 04-1494-JJF
Magten Asset Management Corp. v. Paul Hastings Janofsky &
Walker, LLP, C.A. No. 04-1256-JJF
Magten Asset Management Corp. v. Mike J. Hanson and Ernie J.
Kindt, C.A. No. 05-0499-JJF*

Dear Judge Farnan:

    This is firm is co-counsel to NorthWestern Corporation ("NorthWestern"), along with the firm of Curtis, Mallet-Prevost, Colt & Mosle LLP ("Curtis") in connection with C.A. No. 04-1494-JJF, referenced above. We write in response to the letter dated October 16, 2006 sent to Your Honor by counsel for plaintiffs, Magten Asset Management Corporation ("Magten") and Law Debenture Trust (collectively, "Plaintiffs").

    As is apparent from that letter, there is substantial disagreement between the parties regarding the scheduling of discovery in these three consolidated actions. In order to resolve these differences, NorthWestern respectively requests that the Court schedule a conference with the parties pursuant to Fed.R.Civ.P. 16.

    The Defendants in the three consolidated actions have conferred and have jointly agreed on a proposed Scheduling Order for discovery and other pre-trial matters in the consolidated actions, which is enclosed herewith, and which Defendants respectively request be approved by the Court. Defendants' proposed Scheduling Order provides, *inter alia*, for completion of fact discovery within twelve months following the Rule 16 Conference, and an additional two months for completion of expert discovery.

    Plaintiffs have proposed that fact discovery in all three consolidated actions be completed in approximately four and a half months. Such a timetable is manifestly unreasonable for a number of reasons. First, this case involves three separate actions, one of which is against NorthWestern's attorneys. Not only have the Plaintiffs served discovery requests which call for literally hundreds of thousands, if not millions of pages of documents, but many of these documents will necessarily involve attorney-client communications which must carefully be reviewed for privilege. Second, the schedule proposed by the Defendants

ALBANY
AMSTERDAM
ATLANTA
BOCA RATON
BOSTON
BRUSSELS*
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MIAMI
MILAN*
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PHILADELPHIA
PHOENIX
ROME*
SACRAMENTO
SILICON VALLEY
TALLAHASSEE
TOKYO*
TYSONS CORNER
WASHINGTON, D.C.
WEST PALM BEACH
ZURICH
*Strategic Alliance
Tokyo-Office/Strategic Alliance

Greenberg Traurig, LLP | Attorneys at Law | The Nemours Building | 1007 North Orange Street | Suite 1200 | Wilmington, DE 19801
Tel 302.661.7000 | Fax 302.661.7360

www.gtlaw.com

3189088v1

is entirely reasonable in light of the discovery schedule Plaintiffs previously agreed to in one of the three consolidated actions, the action against Defendants Hanson and Kindt. There, the Plaintiffs agreed to a discovery schedule of thirteen months – eight months of fact discovery and five additional months for expert discovery. Clearly, completion of discovery in the three consolidated actions cannot be relegated to a shorter time period than that which was previously agreed to for one of the actions standing alone.

Finally, discovery in these actions is made more difficult because of the Plaintiffs' refusal to define the contours of their claim. The Court stated in the decision denying Defendants' Motion for a Protective Order that Judge Case noted that the essence of Plaintiffs' fraud claim is that NorthWestern "engaged in a knowing and conscious fraudulent scheme." The problem is the Plaintiffs have never pled what that fraudulent scheme was, what the object of the fraud was, what fraudulent statements were made, who relied on those statements and how the fraudulent scheme related specifically to the "going flat transaction" which is the transaction at the core of the Plaintiffs' complaint. Answers to these questions will eliminate some of Plaintiffs' discovery requests and permit agreement on a discovery schedule which, while not as accelerated as that demanded by Plaintiffs, maybe somewhat shorter than that which the Defendants believe is necessary in light of the discovery presently requested. Discussions of these issues is appropriate at the Rule 16 Conference. See Fed.R.Civ.P. 16(c)(1) and (2).

As Plaintiffs' counsel was informed at our October conference, NorthWestern is prepared to begin shortly production of documents on a rolling basis. The schedule proposed by Defendants is not interposed for obstruction or delay but is, we believe, reasonably necessary in order to complete discovery in light of the overwhelming amount of materials presently demanded by the Plaintiffs.

If Your Honor has any questions with regard to the foregoing, please feel free to contact me or Joseph D. Pizzurro of the Curtis firm at 212-696-6196.

                                              Respectfully submitted,

                                              Victoria Counihan

Enclosure
cc:    Clerk of Court (*Via* ECF)
        Dale R. Dube, Esq. (*Via* E-Mail: dube@blankrome.com)
        Bonnie Steingart, Esq. (*Via* E-Mail: steinbo@friedfrank.com)
        Gary L. Kaplan, Esq. (*Via* E-Mail: kaplaga@friedfrank.com)
        Kathleen M. Miller, Esq. (*Via* E-Mail: kmiller@skfdelaware.com)
        Bijan Amini, Esq. (*Via* E-Mail: bamini@samlegal.com)
        Amanda Darwin, Esq. (*Via* E-Mail: adarwin@nixonpeabody.com)

John V. Snellings, Esq. (*Via* E-Mail: jsnellings@nixonpeabody.com)
Stanley T. Kaleczyc, Esq. (*Via* E-Mail: stan@bkbh.com)
Kimberly Beatty, Esq. (*Via* E-Mail: kim@bkbh.com)
Denise Seastone Kraft, Esq. (*Via* E-Mail: dkraft@edwardsangell.com)
Paul Spagnoletti, Esq. (*Via* E-Mail: paul.spagnoletti@dpw.com)
Joseph D. Pizzurro, Esq. (*Via* e-Mail: jpizzurro@cm-p.com)
Steven J. Reisman, Esq. (*Via* E-Mail: sreisman@cm-p.com)
David A. Jenkins, Esq. (*Via* E-Mail: daj@skfdelaware.com)
Robert J. Dehney, Esq. (*Via* E-Mail: rdehney@mnat.com)
Curtis S. Miller, Esq. (*Via* E-Mail: cmiller@mnat.com)
Jesse H. Austin, III, Esq. (*Via* E-Mail: jessaustin@paulhastings.com)
Karol K. Denniston, Esq. (*Via* E-Mail: karoldenniston@paulhastings.com)
Joseph D. Pizzurro, Esq. (*Via* E-Mail: jpizzurro@cm-p.com)
Steven J. Reisman, Esq. (*Via* E-Mail: sreisman@cm-p.com)
Miriam K. Harwood, Esq. (*Via* E-Mail: mharwood@cm-p.com)
Kerri K. Mumford, Esq. (Via E-Mail: mumford@lrclaw.com)
Philip Bentley, Esq. (Via E-Mail: pbentley@kramerlevin.com)
Bonnie Fatell, Esq. (Via E-Mail: fatell@blankrome.com)
John E. James, Esq. (Via E-Mail: jjames@potteranderson.com)