IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAGTEN ASSET MANAGEMENT CORP. and LAW DEBENTURE TRUST COMPANY OF NEW YORK,<br><br>Plaintiffs,<br><br>v.<br><br>NORTHWESTERN CORPORATION,<br><br>Defendant. | Civil Action No. 04-1494-JJF |
| MAGTEN ASSET MANAGEMENT CORP.,<br><br>Plaintiff,<br><br>v.<br><br>MIKE J. HANSON and ERNIE J. KINDT,<br><br>Defendants. | Civil Action No. 05-499-JJF |
| MAGTEN ASSET MANAGEMENT CORP. Suing individually and derivatively on behalf of CLARK FORK and BLACKFOOT, LLC,<br><br>Plaintiff,<br><br>v.<br><br>PAUL HASTINGS JANOFSKY & WALKER LLP,<br><br>Defendant. | Civil Action No. 04-1256-JJF |

## DECLARATION OF BONNIE STEINGART

BONNIE STEINGART declares as follows:

1.  I am an attorney and a member of the firm of Fried, Frank, Harris, Shriver & Jacobson LLP ("Fried Frank"), counsel to Magten Asset Management Corporation ("Magten") in connection with the above captioned actions. I submit this declaration (the

"Declaration") in support of the motion of Magten and Law Debenture Trust Company of New York (together with Magten, the "Plaintiffs") for the entry of an order to compel the production of documents and for expenses (the "Motion") pursuant to Rules 34 and 37 of the Federal Rules of Civil Procedure.

2. Attached hereto as Exhibit A are true and correct copies of Magten's First Request for Production of Documents (collectively, "First Requests") served on NorthWestern Corporation ("NorthWestern"), Mike J. Hanson ("Hanson"), and Ernie J. Kindt ("Kindt") (collectively, the "NorthWestern Defendants") on or about January 24, 2006.

3. Attached hereto as Exhibit B is a true and correct copy of NorthWestern's Motion for a Protective Order (the "Motion for a Protective Order") [Docket No. 55] with respect to the First Requests, entered on the docket on February 2, 2006.

4. Attached hereto as Exhibit C is a true and correct copy of Hanson and Kindt's Joinder to NorthWestern's Motion for a Productive Order [Docket No. 65], entered on the docket on February 13, 2006.

5. Attached hereto as Exhibit D is a true and correct copy of the Memorandum Order, as to all above captioned cases, Denying the Motion for a Protective Order [Docket No. 86], entered on the docket on September 29, 2006.

6. On October 13, 2006, for the purpose of discussing proposed dates for discovery in the actions, counsel for Plaintiffs and counsel for all defendants held a meet and confer teleconference.

7. Attached hereto as Exhibit E is a true and correct copy of a letter dated October 17, 2006 [Docket No. 91] from counsel for NorthWestern to The Honorable Joseph J. Farnan, Jr..

8. Attached hereto as Exhibit F are true and correct copies of the NorthWestern Defendants' Responses and Objections to Plaintiffs' First Requests served on the Plaintiffs on or about October 27, 2006.

9. Attached hereto as Exhibit G is a true and correct copy of a letter dated November 2, 2006 from counsel for Plaintiffs to counsel for NorthWestern.

10. Attached hereto as Exhibit H is a true and correct copy of a letter dated November 3, 2006 from counsel for Magten to counsel for Hanson and Kindt.

11. Attached hereto as Exhibit I is a true and correct copy of the Rule 16 Scheduling Order [Docket No. 94], entered on the docket on November 3, 2006.

12. Attached hereto as Exhibit J is a true and correct copy of a letter dated November 7, 2006 from counsel for NorthWestern to counsel for Magten.

13. Attached hereto as Exhibit K is a true and correct copy of a letter dated November 8, 2006 from counsel for Hanson and Kindt to counsel for Magten.

14. Attached hereto as Exhibit L is a true and correct copy of a letter dated November 9, 2006 from counsel for NorthWestern to counsel for Magten that accompanied the production of approximately 10,300 pages of documents from NorthWestern that are the only documents produced to date.

15. On November 20, 2006, at the request of Magten's counsel, the parties held a teleconference aimed at narrowing differences with respect to objections to the First Requests. On the call, Magten asked for a date by which production of documents would be complete. Once again, the NorthWestern Defendants declined to commit to a date certain, stating that they were not in a position to provide a production date at that time.

16. Attached hereto as Exhibit M is a true and correct copy of a letter dated November 27, 2006 from counsel for NorthWestern to counsel for Magten.

17. Attached hereto as Exhibit N is a true and correct copy of a press release dated December 4, 2006 from the United States Securities and Exchange Commission.

18. Attached hereto as Exhibit O is a true and correct copy of a letter dated December 4, 2006 from counsel for Magten to counsel for NorthWestern.

19.     Attached hereto as Exhibit P is a true and correct copy of a letter dated December 11, 2006 from counsel for NorthWestern to counsel for Magten.

20.     Attached hereto as Exhibit Q is a true and correct copy of a letter dated December 14, 2006 from counsel for Magten to counsel for NorthWestern.

I declare under the penalty of perjury under the laws of the United States that the above statements are true and correct.

Dated:  New York, New York
        December 15, 2006

By: *Bonnie Steingart* (signature)
    Bonnie Steingart