# Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAGTEN ASSET MANAGEMENT CORPORATION and LAW DEBENTURE TRUST COMPANY OF NEW YORK,<br><br>Plaintiffs,<br><br>v.<br><br>NORTHWESTERN CORPORATION,<br><br>Defendant. | C.A. No. 04-1494-JJF |

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
## FOR DEFENDANT NORTHWESTERN CORPORATION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Law Debenture Trust Company of New York and Magten Asset Management Corporation (collectively referred to as "Plaintiffs") request that NorthWestern Corporation ("NorthWestern") produce for examination, inspection and copying at the offices of Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, NY 10004 (or such other place as counsel might agree) at 10:00 a.m. on February 23, 2006 all of the documents described below which are in the possession, custody or control of NorthWestern, or of any persons acting on its behalf.

## DEFINITIONS

The terms used herein shall have the meanings ascribed to them in the definitions set forth below:

1.    "All" means "any and all," and "any" means "any and all."

2.     "Arthur Andersen" means Arthur Andersen LLP, its agents, attorneys, affiliates, representatives and all other persons acting in concert with it or on its behalf.

3.     "Board of Directors" shall mean all current and former members of the board of directors of NorthWestern Corporation, its affiliates, subsidiaries and predecessors or sucessors in interest.

4.     "Clark Fork" means Clark Fork and Blackfoot, LLC, formerly known as, among other things, NorthWestern Energy, LLC and Montana Power, LLC, and any of its affiliates, subsidiaries, predecessors and any person or entity acting or purporting to act on behalf of, at the direction of or in concert with it, including but not limited to Clark Fork's present and former officers, directors, employees, servants, agents, representatives and attorneys.

5.     "CSFB" shall mean Credit Suisse First Boston its agents, attorneys, affiliates, representatives and all other persons acting in concert with it or on its behalf.

6.     "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) by any medium -- oral, written or otherwise.

7.     "Concerning" includes referring to, relating to, embodying, in connection with, commenting on, responding to, showing, demonstrating, declaring, describing, analyzing, reflecting, containing or constituting.

8.     "Deloitte & Touche" means Deloitte and Touche LLP, its agents, attorneys, affiliates, representatives and all other persons acting in concert with it or on its behalf.

9.     "Document" is used herein in the broadest sense and includes, but is not limited to, all originals, whether printed or handwritten, non-identical copies, copies with marginal notations or interlineations of any writing, recording, photograph, computer data, film, e-mail, video or audio tape (including transcripts or memoranda reflecting or referring to the contents

2

thereof), any written, typewritten or other tangible form of recording or preserving communication or thought (including computerized records of any kind), including any non-identical copy thereof, or any other items containing information of any kind or nature, however produced or reproduced, whatever its origin or location and regardless of the form in which such information exists or is maintained.

10.     "Expanets Investment" means all equity investments made in or loans extended to Expanets, Inc. by NorthWestern.

11.     "Guarantee Agreement" shall mean that certain Guarantee Agreement dated as of November 1, 1996, by and between The Montana Power Company as guarantor and The Bank of New York as guarantee trustee and any and all amendments, supplements, revisions and addendums thereto.

12.     "Junior Debentures" means the Junior Subordinated Interest Debentures which The Montana Power Company issued pursuant to its Indenture (For Unsecured Subordinated Debt Securities relating to Trust Securities) dated November 1, 1996.

13.     The "McGreevey Class Action" shall mean all litigation relating to the action styled McGreevey, et al. v. The Montana Power Company, et al. filed in the United States District Court for the District of Montana.

14.     "Montana Medium-Term Notes Indenture" shall mean that certain Indenture for Unsecured Debt Securities dated December 1, 1989 by and between The Montana Power Company and Citibank, N.A., as trustee and any and all amendments, supplements, revisions and addendums thereto.

120087.01600/40159410v.1

15.    "Montana Trustee" shall mean Citibank, N.A. as trustee under the Montana Medium-Term Notes Indenture and any and all predecessors and/or successors in interest thereto.

16.    "NorthWestern" means NorthWestern Corporation, its affiliates and any parent, subsidiaries, predecessors and successors, and any person or entity acting or purporting to act on behalf of, at the direction of, or in concert with it, including but not limited to NorthWestern's present and former officers, directors, employees, servants, agents, representatives and attorneys; provided, however, that NorthWestern shall not be construed to include Clark Fork, which has been separately defined herein.

17.    "Northwestern's 2003 Credit Facility" means that senior secured credit facility by and between Northwestern and Credit Suisse First Boston, among others, dated February 10, 2003, including all drafts amendments, supplements, addendums and revisions thereto.

18.    "Paul Hastings" means Paul Hastings Janofsky & Walker LLP, its agents, attorneys, affiliates, representatives and all other persons acting in concert with it or on its behalf.

19.    "Person" includes any natural person, group, investigatory body, governmental unit, governmental agency or department, corporation, association, partnership, limited partnership, joint venture, sole proprietorship, business, business entity, organization, or institution.

20.    "QUIPS" means the Series A 8.45% Quarterly Income Preferred Securities issued by Montana Capital Power Trust I pursuant to the Trust Agreement between The Montana Power Company, The Bank of New York, and various other persons dated on or about November 1, 1996.

4

21.    "QUIPS Indenture" shall mean that certain indenture for Unsecured Subordinated Debt Securities relating to Trust Securities dated November 1, 1996 by and between The Montana Power Company and The Bank of New York, as trustee, and all drafts, amendments, supplements, addendums and revisions thereto including, but not limited to the Second Supplemental Indenture and the Third Supplemental Indenture and the notes that were issued pursuant to such documents.

22.    "QUIPS Trustees" shall mean The Bank of New York as trustee under the QUIPS Indenture, The Bank of New York as property trustee under the Trust Agreement, The Bank of New York as guarantee trustee under the Guarantee Agreement and Ellen M. Senechal, Jerrold P. Pederson and Pamela K. Merrell as administrative trustees under the Trust Agreement, together with any and all predecessors and/or successors in interest thereto.

23.    "Relating to" means, without limitation, consisting of, containing, constituting, concerning, discussing, describing, reflecting, transmitted in connection with, touching upon or summarizing, showing or relating or referring to in any way, directly or indirectly, and is meant to include, among other documents, documents underlying, supporting, now or previously attached or appended to, or used in the preparation of, any document called for by each request.

24.    "Second Supplemental Indenture" shall mean that certain indenture dated August 13, 2002 by and between NorthWestern Energy, LLC as successor by merger to The Montana Power Company, NorthWestern, and The Bank of New York, as trustee and all drafts, amendments, supplements, addendums and revisions thereto.

25.    "Third Supplemental Indenture" shall mean that certain indenture dated November 15, 2002 by and between NorthWestern and The Bank of New York as trustee and all drafts, amendments, supplements, addendums and revisions thereto.

5

26.    "Transfer" means the transfer of the Transferred Assets from Clark Fork to NorthWestern that occurred on or about November 15, 2002.  Transfer shall also include any and all strategies for the eventual acquisition and direct ownership of the Transferred Assets by NorthWestern.

27.    "Transferred Assets" means those assets that were transferred from Clark Fork to NorthWestern on or about November 15, 2002.

28.    "Trust Agreement" shall mean that certain Amended and Restated Trust Agreement dated as of November 1, 1996, among The Montana Power Company as depositors and The Bank of New York as property trustee, The Bank of New York (Delaware) as Delaware trustee and Ellen M. Senechal, Jerrold P. Pederson and Pamela K. Merrell as administrative trustees and any and all amendments, supplements, revisions and addendums thereto.

## INSTRUCTIONS

1.    Every request shall be answered separately and fully in writing.  If any answer or part of any answer is based upon information and belief rather than personal knowledge, you shall state that it is made on that basis.

2.    If any part of a request is objected to, the reasons for the objection should be stated with particularity.  If an objection is made to part of any item or category, the part should be specified.

3.    "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request all responses that might otherwise be construed to be outside of its scope.

4.    References to the singular shall include the plural, and references to the plural shall include the singular.

6

5.    The documents covered by this request include all documents in the possession, custody or control of NorthWestern, or any documents that were generated or received by NorthWestern or otherwise came into existence or were utilized by NorthWestern through the date of production. This request also calls for the production of documents kept or maintained by counsel for NorthWestern and/or other professionals utilized by NorthWestern.

6.    A request for a document shall be deemed to include a request for any transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document, and any file folder in which the document was maintained, in addition to the document itself.

7.    A request for a document shall be deemed to include a request for all drafts and successive iterations thereof and all modifications thereto, in addition to the document itself.

8.    If any document is withheld in whole or part on the ground that it is privileged or otherwise not discoverable, state:

(a) the date of the document;

(b) the name of each person to whom the document is addressed;

(c) the name of each person, other than the addressee(s), to whom the document has been sent or shown, or by whom it has been reviewed;

(d) the name of each person who signed or authored the document;

(e) the title and job description of each person identified in (b), (c), and (d) above;

(f) the subject of the document and the number of pages in the document;

(g) the specific privilege claimed and the grounds for any such claim; and

(h) the name and address of the person who has custody of the document.

9.    If any requested document or other document potentially relevant to this action is subject to destruction under any document retention or destruction program, the document(s)

7

should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this lawsuit or unless otherwise permitted by the Court.

10.    All documents requested are to be produced in a form which renders the documents susceptible to copying and examination for content in the language or numerical expression of the original.

11.    Unless otherwise expressly stated, the documents covered by this request include any documents that were generated, crated, circulated, dated or otherwise came into existence during the period of January 1, 2001 to present.

12.    Each request for production of documents herein shall be construed as continuing in nature, requiring supplemental responses as soon as further or different documents responsive to any request are discovered or obtained at any time prior to any judgment on the merits.

## REQUESTS FOR PRODUCTION

### REQUEST NO. 1

All documents relating to or concerning the Transfer.

### REQUEST NO. 2

Documents sufficient to indicate the name, title, and/or acts undertaken with respect to the Transfer, of any employees, officers or directors of Clark Fork or NorthWestern that were involved in the Transfer.

### REQUEST NO. 3

All documents relating to or concerning the value of the Transferred Assets, any analysis performed to value such assets, and/or all communications concerning such valuation.

8

**REQUEST NO. 4**

All documents relating to or concerning the value of any consideration paid or to be paid by NorthWestern to Clark Fork in connection with the Transfer, any analysis performed to value such consideration, and/or all communications concerning such consideration.

**REQUEST NO. 5**

All documents relating to communications with members of the Board of Directors including, without limitation, presentations, proposals, minutes and resolutions of all board meetings and all written consents or actions taken by the Board of Directors, and any other materials (and all drafts thereof) provided to or by the members of the Board of Directors that concern or relate to the Transfer.

**REQUEST NO. 6**

All legal opinions, fairness opinions, appraisals or other third party professional advice given in connection with the Transfer, the Transferred Assets, the QUIPS Indentures, Second Supplemental Indenture, Third Supplemental Indenture, and/or the Montana Medium-Term Notes Indenture.

**REQUEST NO. 7**

All documents concerning the Trust Agreement and/or Guarantee Agreement.

**REQUEST NO. 8**

All documents concerning the QUIPS and/or the QUIPS Indenture.

**REQUEST NO. 9**

All documents concerning the Second Supplemental Indenture.

**REQUEST NO. 10**

All documents concerning the Third Supplemental Indenture.

120087.01600/40159410v.1

**REQUEST NO. 11**

All documents constituting or concerning any communications involving any of the QUIPS Trustees, the Montana Trustee, NorthWestern and/or CSFB concerning the Transfer and/or the Transferred Assets, including, but not limited to, any request for the release of claims against Clark Fork and any purported release of such claims.

**REQUEST NO. 12**

All documents reflecting communications between CSFB and NorthWestern concerning the Transfer or NorthWestern's 2003 Credit Facility.

**REQUEST NO. 13**

All applications and/or other documents submitted to regulatory authorities in connection with the Transfer.

**REQUEST NO. 14**

All documents relating to any and all analyses, reports, summaries, opinions, advice or similar evaluations concerning or relating to the financial condition of NorthWestern at any time between 2001 and the present.

**REQUEST NO. 15**

All documents relating to or concerning the publicly issued financial statements for NorthWestern for the fiscal year ended 2001 through the present.

**REQUEST NO. 16**

All documents relating to any and all analyses, reports, summaries, opinions, advice or similar evaluations concerning or relating to the financial condition of Clark Fork at any time between 2001 and the present.

120087.01600/40159410v.1

**REQUEST NO. 17**

All documents relating to or concerning the publicly issued financial statements for Clark Fork for the fiscal year ended 2001 through the present.

**REQUEST NO. 18**

All documents concerning any possible or actual restatement of any publicly issued financial statements of Clark Fork and/or NorthWestern including, without limitation, any communications with any governmental agency.

**REQUEST NO. 19**

All documents relating to Deloitte & Touche's review of financial information, operating, and other data related to Northwestern.

**REQUEST NO. 20**

All documents relating to Deloitte & Touche's review of financial information, operating, and other data related to Clark Fork.

**REQUEST NO. 21**

All documents relating to Arthur Andersen's review of NorthWestern's financial or accounting information between 2001 and 2003.

**REQUEST NO. 22**

All documents concerning or relating to NorthWestern's accounting policies in effect at any time between 2001 and the present.

**REQUEST NO. 23**

All documents relating to communications with members of the Board of Directors including, without limitation, presentations, proposals, minutes and resolutions of all board meetings and all written consents or actions taken by the Board of Directors, and any other

11

materials (and all drafts thereof) provided to or by the members of the Board of Directors that

concern or relate to the Financial Statements including, without limitation, the restatement of the

Financial Statements for the first three quarters of the fiscal year ended 2002.

**REQUEST NO. 24**

All documents relating to communications regarding the audit committee including,

without limitation, presentations, proposals, minutes and resolutions of all board meetings, and

any other materials (and all drafts thereof) provided to or by the members of the audit committee

that concern or relate to the Financial Statements including, without limitation, the restatement of

the Financial Statements for the first three quarters of the fiscal year ended 2002 and any

investigation or inquiry concerning the Financial Statements.

**REQUEST NO. 25**

All documents concerning any analysis performed as of or prior to the date of the

Transfer to determine whether following the Transfer NorthWestern would be able to pay its

liabilities (including without limitation the liabilities it had assumed with respect to the Junior

Debentures and the QUIPS) as they became due in the ordinary course of its business.

**REQUEST NO. 26**

All documents constituting or concerning any instructions given by NorthWestern to any

officer, employee or agent of Clark Fork, including without limitation Hanson and Kindt, to

execute documents or take other actions in connection with the Transfer.

**REQUEST NO. 27**

All documents concerning any actual or potential write down by NorthWestern of the

Expanets Investment.

**REQUEST NO. 28**

All operating agreements for Clark Fork, or any other documents setting forth any rights,

duties, and/or responsibilities of any officer, employee or agent of Clark Fork.

**REQUEST NO. 29**

All documents reflecting any compensation paid to any law firm(s), investment bank(s),

accountant(s), and/or other financial advisor(s) in connection with the Transfer.

**REQUEST NO. 30**

All documents concerning the amount of compensation paid to Mike J. Hanson and Ernie

J. Kindt since the Transfer.

**REQUEST NO. 31**

All insurance policies referred to in section M of the Preliminary Pretrial Statement of

Mike J. Hanson and Ernie J. Kindt, dated May 17, 2005 in the action captioned <u>Magten Asset

Management Corporation v. Mike J. Hanson & Ernie J. Kindt</u>.

Dated:  Wilmington, Delaware       **BLANK ROME LLP**
       January 24, 2006

Dale R. Dubé (DE No. 2863)
Elio Battista, Jr. (DE No. 3814)
1201 Market Street, Suite 800
Wilmington, DE 19801
Telephone:  (302) 425-6400
Facsimile:   (302) 425-6464

13

120087.01600/40159410v.1

- and -

**FRIED, FRANK, HARRIS, SHRIVER &**
**JACOBSON LLP**
Bonnie Steingart
Gary Kaplan
John W. Brewer
One New York Plaza
New York, NY 10004
Telephone:  (212) 859-8000
Facsimile:   (212) 859-4000

Counsel for Magten Asset Management
    Corporation

– and –

By its attorneys,

Kathleen M. Miller (I.D. No. 2898)
Smith, Katzenstein & Furlow, LLP
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE  19899
Courier 19801
Telephone: (302) 652-8400
Facsimile: (302) 652-8405
– and –

Amanda D. Darwin BBO No. 547654
John V. Snellings BBO No. 548791
Lee Harrington (DE 4046)
Nixon Peabody LLP
100 Summer Street
Boston, MA  02110
Telephone: (617) 345-1000
Facsimile: (617) 345-1300

Attorneys for Law Debenture Trust Company of
New York

14

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MAGTEN ASSET MANAGEMENT CORPORATION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 05-0499-JJF |
| | : | |
| MIKE J. HANSON and ERNIE J. KINDT, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
## FOR DEFENDANT MIKE J. HANSON

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Magten Asset

Management Corporation ("Plaintiff") requests that Mike J. Hanson ("Defendant") produce for

examination, inspection and copying at the offices of Fried, Frank, Harris, Shriver & Jacobson

LLP, One New York Plaza, New York, NY 10004 (or such other place as counsel might agree) at

10:00 a.m. on February 23, 2006 all of the documents described below which are in the possession,

custody or control of Defendant, or of any persons acting on his behalf.

## DEFINITIONS

The terms used herein shall have the meanings ascribed to them in the definitions set

forth below:

1.    The term "Defendant," "you" and "your" means or refers to defendant Mike J.

Hanson, as well as all persons and/or entities affiliated with Defendant, acting in concert with or

under the direction of Defendant, or purporting to act on Defendant's behalf.

2.    "All" means "any and all," and "any" means "any and all."

3.    "Arthur Andersen" means Arthur Andersen LLP, its agents, attorneys, affiliates, representatives and all other persons acting in concert with it or on its behalf.

4.    "Board of Directors" shall mean all current and former members of the board of directors of NorthWestern Corporation, its affiliates, subsidiaries and predecessors or sucessors in interest.

5.    "Clark Fork" means Clark Fork and Blackfoot, LLC, formerly known as, among other things, NorthWestern Energy, LLC and Montana Power, LLC, and any of its affiliates, subsidiaries, predecessors and any person or entity acting or purporting to act on behalf of, at the direction of or in concert with it, including but not limited to Clark Fork's present and former officers, directors, employees, servants, agents, representatives and attorneys.

6.    "CSFB" shall mean Credit Suisse First Boston its agents, attorneys, affiliates, representatives and all other persons acting in concert with it or on its behalf.

7.    "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) by any medium -- oral, written or otherwise.

8.    "Concerning" includes referring to, relating to, embodying, in connection with, commenting on, responding to, showing, demonstrating, declaring, describing, analyzing, reflecting, containing or constituting.

9.    "Deloitte & Touche" means Deloitte and Touche USA LLP, its agents, attorneys, affiliates, representatives and all other persons acting in concert with it or on its behalf.

10.    "Document" is used herein in the broadest sense and includes, but is not limited to, all originals, whether printed or handwritten, non-identical copies, copies with marginal notations or interlineations of any writing, recording, photograph, computer data, film, e-mail, video or audio tape (including transcripts or memoranda reflecting or referring to the contents

2

thereof), any written, typewritten or other tangible form of recording or preserving communication or thought (including computerized records of any kind), including any non-identical copy thereof, or any other items containing information of any kind or nature, however produced or reproduced, whatever its origin or location and regardless of the form in which such information exists or is maintained.

11.   "Expanets Investment" means all equity investments made in or loans extended to Expanets, Inc. by NorthWestern.

12.   "Guarantee Agreement" shall mean that certain Guarantee Agreement dated as of November 1, 1996, by and between The Montana Power Company as guarantor and The Bank of New York as guarantee trustee and any and all amendments, supplements, revisions and addendums thereto.

13.   "Junior Debentures" means the Junior Subordinated Interest Debentures which The Montana Power Company issued pursuant to its Indenture (For Unsecured Subordinated Debt Securities relating to Trust Securities) dated November 1, 1996.

14.   The "McGreevey Class Action" shall mean all litigation relating to the action styled McGreevey, et al. v. The Montana Power Company, et al. filed in the United States District Court for the District of Montana.

15.   "Montana Medium-Term Notes Indenture" shall mean that certain Indenture for Unsecured Debt Securities dated December 1, 1989 by and between The Montana Power Company and Citibank, N.A., as trustee and any and all amendments, supplements, revisions and addendums thereto.

16.     "Montana Trustee" shall mean Citibank, N.A. as trustee under the Montana Medium-Term Notes Indenture and any and all predecessors and/or successors in interest thereto.

17.     "NorthWestern" means NorthWestern Corporation, its affiliates and any parent, subsidiaries, predecessors and successors, and any person or entity acting or purporting to act on behalf of, at the direction of, or in concert with it, including but not limited to NorthWestern's present and former officers, directors, employees, servants, agents, representatives and attorneys; provided, however, that NorthWestern shall not be construed to include Clark Fork, which has been separately defined herein.

18.     "Northwestern's 2003 Credit Facility" means that senior secured credit facility by and between Northwestern and Credit Suisse First Boston, among others, dated February 10, 2003, including all drafts amendments, supplements, addendums and revisions thereto.

19.     "Paul Hastings" means Paul Hastings Janofsky & Walker LLP, its agents, attorneys, affiliates, representatives and all other persons acting in concert with it or on its behalf.

20.     "Person" includes any natural person, group, investigatory body, governmental unit, governmental agency or department, corporation, association, partnership, limited partnership, joint venture, sole proprietorship, business, business entity, organization, or institution.

21.     "QUIPS" means the Series A 8.45% Quarterly Income Preferred Securities issued by Montana Capital Power Trust I pursuant to the Trust Agreement between The Montana Power Company, The Bank of New York, and various other persons dated on or about November 1, 1996.

4

22.    "QUIPS Indenture" shall mean that certain indenture for Unsecured Subordinated Debt Securities relating to Trust Securities dated November 1, 1996 by and between The Montana Power Company and The Bank of New York, as trustee, and all drafts, amendments, supplements, addendums and revisions thereto including, but not limited to the Second Supplemental Indenture and the Third Supplemental Indenture and the notes that were issued pursuant to such documents.

23.    "QUIPS Trustees" shall mean The Bank of New York as trustee under the QUIPS Indenture, The Bank of New York as property trustee under the Trust Agreement, The Bank of New York as guarantee trustee under the Guarantee Agreement and Ellen M. Senechal, Jerrold P. Pederson and Pamela K. Merrell as administrative trustees under the Trust Agreement, together with any and all predecessors and/or successors in interest thereto.

24.    "Relating to" means, without limitation, consisting of, containing, constituting, concerning, discussing, describing, reflecting, transmitted in connection with, touching upon or summarizing, showing or relating or referring to in any way, directly or indirectly, and is meant to include, among other documents, documents underlying, supporting, now or previously attached or appended to, or used in the preparation of, any document called for by each request.

25.    "Second Supplemental Indenture" shall mean that certain indenture dated August 13, 2002 by and between NorthWestern Energy, LLC as successor by merger to The Montana Power Company, NorthWestern, and The Bank of New York, as trustee and all drafts, amendments, supplements, addendums and revisions thereto.

26.    "Third Supplemental Indenture" shall mean that certain indenture dated November 15, 2002 by and between NorthWestern and The Bank of New York as trustee and all drafts, amendments, supplements, addendums and revisions thereto.

5

27.    "Transfer" means the transfer of the Transferred Assets from Clark Fork to NorthWestern that occurred on or about November 15, 2002.  Transfer shall also include any and all strategies for the eventual acquisition and direct ownership of the Transferred Assets by NorthWestern.

28.    "Transferred Assets" means those assets that were transferred from Clark Fork to NorthWestern on or about November 15, 2002.

29.    "Trust Agreement" shall mean that certain Amended and Restated Trust Agreement dated as of November 1, 1996, among The Montana Power Company as depositors and The Bank of New York as property trustee, The Bank of New York (Delaware) as Delaware trustee and Ellen M. Senechal, Jerrold P. Pederson and Pamela K. Merrell as administrative trustees and any and all amendments, supplements, revisions and addendums thereto.

## INSTRUCTIONS

1.    Every request shall be answered separately and fully in writing.  If any answer or part of any answer is based upon information and belief rather than personal knowledge, you shall state that it is made on that basis.

2.    If any part of a request is objected to, the reasons for the objection should be stated with particularity.  If an objection is made to part of any item or category, the part should be specified.

3.    "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request all responses that might otherwise be construed to be outside of its scope.

4.    References to the singular shall include the plural, and references to the plural shall include the singular.

6

5.    The documents covered by this request include all documents in the possession, custody or control of the Defendant, or any documents that were generated or received by the Defendant or otherwise came into existence or were utilized by the Defendant through the date of production.  This request also calls for the production of documents kept or maintained by counsel for the Defendant and/or other professionals utilized by Defendant.

6.    A request for a document shall be deemed to include a request for any transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document, and any file folder in which the document was maintained, in addition to the document itself.

7.    A request for a document shall be deemed to include a request for all drafts and successive iterations thereof and all modifications thereto, in addition to the document itself.

8.    If any document is withheld in whole or part on the ground that it is privileged or otherwise not discoverable, state:

     (a) the date of the document;

     (b) the name of each person to whom the document is addressed;

     (c) the name of each person, other than the addressee(s), to whom the document has been sent or shown, or by whom it has been reviewed;

     (d) the name of each person who signed or authored the document;

     (e) the title and job description of each person identified in (b), (c), and (d) above;

     (f) the subject of the document and the number of pages in the document;

     (g) the specific privilege claimed and the grounds for any such claim; and

     (h) the name and address of the person who has custody of the document.

9.    If any requested document or other document potentially relevant to this action is subject to destruction under any document retention or destruction program, the document(s)

7

120087.01600/40159408v.1

should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this lawsuit or unless otherwise permitted by the Court.

10.    All documents requested are to be produced in a form which renders the documents susceptible to copying and examination for content in the language or numerical expression of the original.

11.    Unless otherwise expressly stated, the documents covered by this request include any documents that were generated, crated, circulated, dated or otherwise came into existence during the period of January 1, 2001 to present.

12.    Each request for production of documents herein shall be construed as continuing in nature, requiring supplemental responses as soon as further or different documents responsive to any request are discovered or obtained at any time prior to any judgment on the merits.

## REQUESTS FOR PRODUCTION

### REQUEST NO. 1

All documents relating to or concerning the Transfer.

### REQUEST NO. 2

Documents sufficient to indicate the name, title, and/or acts undertaken with respect to the Transfer, of any employees, officers or directors of Clark Fork or NorthWestern that were involved in the Transfer.

### REQUEST NO. 3

All documents relating to or concerning the value of the Transferred Assets, any analysis performed to value such assets, and/or all communications concerning such valuation.

### REQUEST NO. 4

8

All documents relating to or concerning the value of any consideration paid or to be paid by NorthWestern to Clark Fork in connection with the Transfer, any analysis performed to value such consideration, and/or all communications concerning such consideration.

## REQUEST NO. 5

All documents relating to communications with members of the Board of Directors including, without limitation, presentations, proposals, minutes and resolutions of all board meetings and all written consents or actions taken by the Board of Directors, and any other materials (and all drafts thereof) provided to or by the members of the Board of Directors that concern or relate to the Transfer.

## REQUEST NO. 6

All legal opinions, fairness opinions, appraisals or other third party professional advice given in connection with the Transfer, the Transferred Assets, the QUIPS Indentures, Second Supplemental Indenture, Third Supplemental Indenture, and/or the Montana Medium-Term Notes Indenture.

## REQUEST NO. 7

All documents concerning the Trust Agreement and/or Guarantee Agreement.

## REQUEST NO. 8

All documents concerning the QUIPS and/or the QUIPS Indenture.

## REQUEST NO. 9

All documents concerning the Second Supplemental Indenture.

## REQUEST NO. 10

All documents concerning the Third Supplemental Indenture.

## REQUEST NO. 11

9

All documents constituting or concerning any communications involving any of the QUIPS Trustees, the Montana Trustee, NorthWestern and/or CSFB concerning the Transfer and/or the Transferred Assets, including, but not limited to, any request for the release of claims against Clark Fork and any purported release of such claims.

**REQUEST NO. 12**

All documents reflecting communications between CSFB and NorthWestern concerning the Transfer or NorthWestern's 2003 Credit Facility.

**REQUEST NO. 13**

All applications and/or other documents submitted to regulatory authorities in connection with the Transfer.

**REQUEST NO. 14**

All documents relating to any and all analyses, reports, summaries, opinions, advice or similar evaluations concerning or relating to the financial condition of NorthWestern at any time between 2001 and the present.

**REQUEST NO. 15**

All documents relating to or concerning the publicly issued financial statements for NorthWestern for the fiscal year ended 2001 through the present.

**REQUEST NO. 16**

All documents relating to any and all analyses, reports, summaries, opinions, advice or similar evaluations concerning or relating to the financial condition of Clark Fork at any time between 2001 and the present.

**REQUEST NO. 17**

All documents relating to or concerning the publicly issued financial statements for Clark Fork for the fiscal year ended 2001 through the present.

120087.01600/40159408v.1

## REQUEST NO. 18

All documents concerning any possible or actual restatement of any publicly issued financial statements of Clark Fork and/or NorthWestern including, without limitation, any communications with any governmental agency.

## REQUEST NO. 19

All documents relating to Deloitte & Touche's review of financial information, operating, and other data related to Northwestern.

## REQUEST NO. 20

All documents relating to Deloitte & Touche's review of financial information, operating, and other data related to Clark Fork.

## REQUEST NO. 21

All documents relating to Arthur Andersen's review of NorthWestern's financial or accounting information between 2001 and 2003.

## REQUEST NO. 22

All documents concerning or relating to NorthWestern's accounting policies in effect at any time between 2001 and the present.

## REQUEST NO. 23

All documents relating to communications with members of the Board of Directors including, without limitation, presentations, proposals, minutes and resolutions of all board meetings and all written consents or actions taken by the Board of Directors, and any other materials (and all drafts thereof) provided to or by the members of the Board of Directors that concern or relate to the Financial Statements including, without limitation, the restatement of the Financial Statements for the first three quarters of the fiscal year ended 2002.

120087.01600/40159408v.1

**REQUEST NO. 24**

All documents relating to communications regarding the audit committee including, without limitation, presentations, proposals, minutes and resolutions of all board meetings, and any other materials (and all drafts thereof) provided to or by the members of the audit committee that concern or relate to the Financial Statements including, without limitation, the restatement of the Financial Statements for the first three quarters of the fiscal year ended 2002 and any investigation or inquiry concerning the Financial Statements.

**REQUEST NO. 25**

All documents concerning any analysis performed as of or prior to the date of the Transfer to determine whether following the Transfer NorthWestern would be able to pay its liabilities (including without limitation the liabilities it had assumed with respect to the Junior Debentures and the QUIPS) as they became due in the ordinary course of its business.

**REQUEST NO. 26**

All documents constituting or concerning any instructions given by NorthWestern to you to execute documents or take other actions in connection with the Transfer.

**REQUEST NO. 27**

All documents concerning any actual or potential write down by NorthWestern of the

Expanets Investment.

**REQUEST NO. 28**

All operating agreements for Clark Fork, or any other documents setting forth your

rights, duties, and/or responsibilities as an officer, employee or agent of Clark Fork.

**REQUEST NO. 29**

All documents reflecting any compensation paid to any law firm(s), investment bank(s),

accountant(s), and/or other financial advisor(s) in connection with the Transfer.

**REQUEST NO. 30**

All documents concerning the amount of compensation you have received from

NorthWestern since the Transfer.

**REQUEST NO. 31**

All insurance policies referred to in section M of the Preliminary Pretrial Statement of

Mike J. Hanson and Ernie J. Kindt, dated May 17, 2005, in the action captioned <u>Magten Asset</u>

<u>Management Corporation v. Mike J. Hanson & Ernie J. Kindt.</u>


Dated: Wilmington, Delaware          **BLANK ROME LLP**
      January 24, 2006


                                     *Dale R. Dubé*
                                    Dale R. Dubé (DE No. 2863)
                                    Elio Battista, Jr. (DE No. 3814)
                                    1201 Market Street, Suite 800
                                    Wilmington, DE 19801
                                    Telephone: (302) 425-6400
                                    Facsimile:  (302) 425-6464

                                          - and -

13

**FRIED, FRANK, HARRIS, SHRIVER &**
**JACOBSON LLP**
Bonnie Steingart
Gary Kaplan
John W. Brewer
One New York Plaza
New York, NY 10004
Telephone:  (212) 859-8000
Facsimile:  (212) 859-4000

Counsel for Magten Asset Management
Corporation

14

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| MAGTEN ASSET MANAGEMENT CORPORATION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 05-0499-JJF |
| | : | |
| MIKE J. HANSON and ERNIE J. KINDT, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
## FOR DEFENDANT ERNIE J. KINDT

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Magten Asset

Management Corporation ("Plaintiff") requests that Ernie J. Kindt ("Defendant") produce for

examination, inspection and copying at the offices of Fried, Frank, Harris, Shriver & Jacobson

LLP, One New York Plaza, New York, NY 10004 (or such other place as counsel might agree) at

10:00 a.m. on February 23, 2006 all of the documents described below which are in the possession,

custody or control of Defendant, or of any persons acting on his behalf.

## DEFINITIONS

The terms used herein shall have the meanings ascribed to them in the definitions set

forth below:

1.    The term "Defendant," "you" and "your" means or refers to defendant Ernie J.

Kindt, as well as all persons and/or entities affiliated with Defendant, acting in concert with or

under the direction of Defendant, or purporting to act on Defendant's behalf.

2.    "All" means "any and all," and "any" means "any and all."

120087.01600/40159409v.1

3.   "Arthur Andersen" means Arthur Andersen LLP, its agents, attorneys, affiliates, representatives and all other persons acting in concert with it or on its behalf.

4.   "Board of Directors" shall mean all current and former members of the board of directors of NorthWestern Corporation, its affiliates, subsidiaries and predecessors or sucessors in interest.

5.   "Clark Fork" means Clark Fork and Blackfoot, LLC, formerly known as, among other things, NorthWestern Energy, LLC and Montana Power, LLC, and any of its affiliates, subsidiaries, predecessors and any person or entity acting or purporting to act on behalf of, at the direction of or in concert with it, including but not limited to Clark Fork's present and former officers, directors, employees, servants, agents, representatives and attorneys.

6.   "CSFB" shall mean Credit Suisse First Boston its agents, attorneys, affiliates, representatives and all other persons acting in concert with it or on its behalf.

7.   "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) by any medium -- oral, written or otherwise.

8.   "Concerning" includes referring to, relating to, embodying, in connection with, commenting on, responding to, showing, demonstrating, declaring, describing, analyzing, reflecting, containing or constituting.

9.   "Deloitte & Touche" means Deloitte and Touche USA LLP, its agents, attorneys, affiliates, representatives and all other persons acting in concert with it or on its behalf.

10.   "Document" is used herein in the broadest sense and includes, but is not limited to, all originals, whether printed or handwritten, non-identical copies, copies with marginal notations or interlineations of any writing, recording, photograph, computer data, film, e-mail, video or audio tape (including transcripts or memoranda reflecting or referring to the contents

2

thereof), any written, typewritten or other tangible form of recording or preserving communication or thought (including computerized records of any kind), including any non-identical copy thereof, or any other items containing information of any kind or nature, however produced or reproduced, whatever its origin or location and regardless of the form in which such information exists or is maintained.

11.   "Expanets Investment" means all equity investments made in or loans extended to Expanets, Inc. by NorthWestern.

12.   "Guarantee Agreement" shall mean that certain Guarantee Agreement dated as of November 1, 1996, by and between The Montana Power Company as guarantor and The Bank of New York as guarantee trustee and any and all amendments, supplements, revisions and addendums thereto.

13.   "Junior Debentures" means the Junior Subordinated Interest Debentures which The Montana Power Company issued pursuant to its Indenture (For Unsecured Subordinated Debt Securities relating to Trust Securities) dated November 1, 1996.

14.   The "McGreevey Class Action" shall mean all litigation relating to the action styled McGreevey, et al. v. The Montana Power Company, et al. filed in the United States District Court for the District of Montana.

15.   "Montana Medium-Term Notes Indenture" shall mean that certain Indenture for Unsecured Debt Securities dated December 1, 1989 by and between The Montana Power Company and Citibank, N.A., as trustee and any and all amendments, supplements, revisions and addendums thereto.

16.     "Montana Trustee" shall mean Citibank, N.A. as trustee under the Montana Medium-Term Notes Indenture and any and all predecessors and/or successors in interest thereto.

17.     "NorthWestern" means NorthWestern Corporation, its affiliates and any parent, subsidiaries, predecessors and successors, and any person or entity acting or purporting to act on behalf of, at the direction of, or in concert with it, including but not limited to NorthWestern's present and former officers, directors, employees, servants, agents, representatives and attorneys; provided, however, that NorthWestern shall not be construed to include Clark Fork, which has been separately defined herein.

18.     "Northwestern's 2003 Credit Facility" means that senior secured credit facility by and between Northwestern and Credit Suisse First Boston, among others, dated February 10, 2003, including all drafts amendments, supplements, addendums and revisions thereto.

19.     "Paul Hastings" means Paul Hastings Janofsky & Walker LLP, its agents, attorneys, affiliates, representatives and all other persons acting in concert with it or on its behalf.

20.     "Person" includes any natural person, group, investigatory body, governmental unit, governmental agency or department, corporation, association, partnership, limited partnership, joint venture, sole proprietorship, business, business entity, organization, or institution.

21.     "QUIPS" means the Series A 8.45% Quarterly Income Preferred Securities issued by Montana Capital Power Trust I pursuant to the Trust Agreement between The Montana Power Company, The Bank of New York, and various other persons dated on or about November 1, 1996.

4

22.    "QUIPS Indenture" shall mean that certain indenture for Unsecured Subordinated Debt Securities relating to Trust Securities dated November 1, 1996 by and between The Montana Power Company and The Bank of New York, as trustee, and all drafts, amendments, supplements, addendums and revisions thereto including, but not limited to the Second Supplemental Indenture and the Third Supplemental Indenture and the notes that were issued pursuant to such documents.

23.    "QUIPS Trustees" shall mean The Bank of New York as trustee under the QUIPS Indenture, The Bank of New York as property trustee under the Trust Agreement, The Bank of New York as guarantee trustee under the Guarantee Agreement and Ellen M. Senechal, Jerrold P. Pederson and Pamela K. Merrell as administrative trustees under the Trust Agreement, together with any and all predecessors and/or successors in interest thereto.

24.    "Relating to" means, without limitation, consisting of, containing, constituting, concerning, discussing, describing, reflecting, transmitted in connection with, touching upon or summarizing, showing or relating or referring to in any way, directly or indirectly, and is meant to include, among other documents, documents underlying, supporting, now or previously attached or appended to, or used in the preparation of, any document called for by each request.

25.    "Second Supplemental Indenture" shall mean that certain indenture dated August 13, 2002 by and between NorthWestern Energy, LLC as successor by merger to The Montana Power Company, NorthWestern, and The Bank of New York, as trustee and all drafts, amendments, supplements, addendums and revisions thereto.

26.    "Third Supplemental Indenture" shall mean that certain indenture dated November 15, 2002 by and between NorthWestern and The Bank of New York as trustee and all drafts, amendments, supplements, addendums and revisions thereto.

5

27.    "Transfer" means the transfer of the Transferred Assets from Clark Fork to NorthWestern that occurred on or about November 15, 2002. Transfer shall also include any and all strategies for the eventual acquisition and direct ownership of the Transferred Assets by NorthWestern.

28.    "Transferred Assets" means those assets that were transferred from Clark Fork to NorthWestern on or about November 15, 2002.

29.    "Trust Agreement" shall mean that certain Amended and Restated Trust Agreement dated as of November 1, 1996, among The Montana Power Company as depositors and The Bank of New York as property trustee, The Bank of New York (Delaware) as Delaware trustee and Ellen M. Senechal, Jerrold P. Pederson and Pamela K. Merrell as administrative trustees and any and all amendments, supplements, revisions and addendums thereto.

## INSTRUCTIONS

1.    Every request shall be answered separately and fully in writing. If any answer or part of any answer is based upon information and belief rather than personal knowledge, you shall state that it is made on that basis.

2.    If any part of a request is objected to, the reasons for the objection should be stated with particularity. If an objection is made to part of any item or category, the part should be specified.

3.    "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request all responses that might otherwise be construed to be outside of its scope.

4.    References to the singular shall include the plural, and references to the plural shall include the singular.

6

5.    The documents covered by this request include all documents in the possession, custody or control of the Defendant, or any documents that were generated or received by the Defendant or otherwise came into existence or were utilized by the Defendant through the date of production. This request also calls for the production of documents kept or maintained by counsel for the Defendant and/or other professionals utilized by Defendant.

6.    A request for a document shall be deemed to include a request for any transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document, and any file folder in which the document was maintained, in addition to the document itself.

7.    A request for a document shall be deemed to include a request for all drafts and successive iterations thereof and all modifications thereto, in addition to the document itself.

8.    If any document is withheld in whole or part on the ground that it is privileged or otherwise not discoverable, state:

     (a) the date of the document;

     (b) the name of each person to whom the document is addressed;

     (c) the name of each person, other than the addressee(s), to whom the document has been sent or shown, or by whom it has been reviewed;

     (d) the name of each person who signed or authored the document;

     (e) the title and job description of each person identified in (b), (c), and (d) above;

     (f) the subject of the document and the number of pages in the document;

     (g) the specific privilege claimed and the grounds for any such claim; and

     (h) the name and address of the person who has custody of the document.

9.    If any requested document or other document potentially relevant to this action is subject to destruction under any document retention or destruction program, the document(s)

7

120087.01600/40159409v.1

should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this lawsuit or unless otherwise permitted by the Court.

10.    All documents requested are to be produced in a form which renders the documents susceptible to copying and examination for content in the language or numerical expression of the original.

11.    Unless otherwise expressly stated, the documents covered by this request include any documents that were generated, crated, circulated, dated or otherwise came into existence during the period of January 1, 2001 to present.

12.    Each request for production of documents herein shall be construed as continuing in nature, requiring supplemental responses as soon as further or different documents responsive to any request are discovered or obtained at any time prior to any judgment on the merits.

## REQUESTS FOR PRODUCTION

### REQUEST NO. 1

All documents relating to or concerning the Transfer.

### REQUEST NO. 2

Documents sufficient to indicate the name, title, and/or acts undertaken with respect to the Transfer, of any employees, officers or directors of Clark Fork or NorthWestern that were involved in the Transfer.

### REQUEST NO. 3

All documents relating to or concerning the value of the Transferred Assets, any analysis performed to value such assets, and/or all communications concerning such valuation.

8

**REQUEST NO. 4**

All documents relating to or concerning the value of any consideration paid or to be paid by NorthWestern to Clark Fork in connection with the Transfer, any analysis performed to value such consideration, and/or all communications concerning such consideration.

**REQUEST NO. 5**

All documents relating to communications with members of the Board of Directors including, without limitation, presentations, proposals, minutes and resolutions of all board meetings and all written consents or actions taken by the Board of Directors, and any other materials (and all drafts thereof) provided to or by the members of the Board of Directors that concern or relate to the Transfer.

**REQUEST NO. 6**

All legal opinions, fairness opinions, appraisals or other third party professional advice given in connection with the Transfer, the Transferred Assets, the QUIPS Indentures, Second Supplemental Indenture, Third Supplemental Indenture, and/or the Montana Medium-Term Notes Indenture.

**REQUEST NO. 7**

All documents concerning the Trust Agreement and/or Guarantee Agreement.

**REQUEST NO. 8**

All documents concerning the QUIPS and/or the QUIPS Indenture.

**REQUEST NO. 9**

All documents concerning the Second Supplemental Indenture.

**REQUEST NO. 10**

All documents concerning the Third Supplemental Indenture.

9

**REQUEST NO. 11**

All documents constituting or concerning any communications involving any of the QUIPS Trustees, the Montana Trustee, NorthWestern and/or CSFB concerning the Transfer and/or the Transferred Assets, including, but not limited to, any request for the release of claims against Clark Fork and any purported release of such claims.

**REQUEST NO. 12**

All documents reflecting communications between CSFB and NorthWestern concerning the Transfer or NorthWestern's 2003 Credit Facility.

**REQUEST NO. 13**

All applications and/or other documents submitted to regulatory authorities in connection with the Transfer.

**REQUEST NO. 14**

All documents relating to any and all analyses, reports, summaries, opinions, advice or similar evaluations concerning or relating to the financial condition of NorthWestern at any time between 2001 and the present.

**REQUEST NO. 15**

All documents relating to or concerning the publicly issued financial statements for NorthWestern for the fiscal year ended 2001 through the present.

**REQUEST NO. 16**

All documents relating to any and all analyses, reports, summaries, opinions, advice or similar evaluations concerning or relating to the financial condition of Clark Fork at any time between 2001 and the present.

10

## REQUEST NO. 17

All documents relating to or concerning the publicly issued financial statements for Clark Fork for the fiscal year ended 2001 through the present.

## REQUEST NO. 18

All documents concerning any possible or actual restatement of any publicly issued financial statements of Clark Fork and/or NorthWestern including, without limitation, any communications with any governmental agency.

## REQUEST NO. 19

All documents relating to Deloitte & Touche's review of financial information, operating, and other data related to Northwestern.

## REQUEST NO. 20

All documents relating to Deloitte & Touche's review of financial information, operating, and other data related to Clark Fork.

## REQUEST NO. 21

All documents relating to Arthur Andersen's review of NorthWestern's financial or accounting information between 2001 and 2003.

## REQUEST NO. 22

All documents concerning or relating to NorthWestern's accounting policies in effect at any time between 2001 and the present.

## REQUEST NO. 23

All documents relating to communications with members of the Board of Directors including, without limitation, presentations, proposals, minutes and resolutions of all board meetings and all written consents or actions taken by the Board of Directors, and any other

materials (and all drafts thereof) provided to or by the members of the Board of Directors that concern or relate to the Financial Statements including, without limitation, the restatement of the Financial Statements for the first three quarters of the fiscal year ended 2002.

## REQUEST NO. 24

All documents relating to communications regarding the audit committee including, without limitation, presentations, proposals, minutes and resolutions of all board meetings, and any other materials (and all drafts thereof) provided to or by the members of the audit committee that concern or relate to the Financial Statements including, without limitation, the restatement of the Financial Statements for the first three quarters of the fiscal year ended 2002 and any investigation or inquiry concerning the Financial Statements.

## REQUEST NO. 25

All documents concerning any analysis performed as of or prior to the date of the Transfer to determine whether following the Transfer NorthWestern would be able to pay its liabilities (including without limitation the liabilities it had assumed with respect to the Junior Debentures and the QUIPS) as they became due in the ordinary course of its business.

## REQUEST NO. 26

All documents constituting or concerning any instructions given by NorthWestern to you to execute documents or take other actions in connection with the Transfer.

## REQUEST NO. 27

All documents concerning any actual or potential write down by NorthWestern of the Expanets Investment.

## REQUEST NO. 28

All operating agreements for Clark Fork, or any other documents setting forth your rights, duties, and/or responsibilities as an officer, employee or agent of Clark Fork.

120087.01600/40159409v.1

**REQUEST NO. 29**

    All documents reflecting any compensation paid to any law firm(s), investment bank(s),

accountant(s), and/or other financial advisor(s) in connection with the Transfer.

**REQUEST NO. 30**

    All documents concerning the amount of compensation you have received from

NorthWestern since the Transfer.

**REQUEST NO. 31**

    All insurance policies referred to in section M of the Preliminary Pretrial Statement of

Mike J. Hanson and Ernie J. Kindt, dated May 17, 2005, in the action captioned _Magten Asset_

_Management Corporation v. Mike J. Hanson & Ernie J. Kindt._


Dated:  Wilmington, Delaware         **BLANK ROME LLP**
       January 24, 2006

                                  *Dale R. Dubé*
                              Dale R. Dubé (DE No. 2863)
                              Elio Battista, Jr. (DE No. 3814)
                              1201 Market Street, Suite 800
                              Wilmington, DE 19801
                              Telephone:  (302) 425-6400
                              Facsimile:  (302) 425-6464

                                    - and -

                              **FRIED, FRANK, HARRIS, SHRIVER &**
                                    **JACOBSON LLP**
                              Bonnie Steingart
                              Gary Kaplan
                              John W. Brewer
                              One New York Plaza
                              New York, NY 10004
                              Telephone:  (212) 859-8000
                              Facsimile:  (212) 859-4000

                              Counsel for Magten Asset Management
                                 Corporation

120087.01600/40159409v.1