# **Exhibit F**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MAGTEN ASSET MANAGEMENT CORPORATION and LAW DEBENTURE TRUST COMPANY OF NEW YORK,<br><br>    Plaintiffs,<br><br>    v.<br><br>NORTHWESTERN CORPORATION,<br><br>    Defendant. | C.A. No. 04-1494-JJF |

**DEFENDANT NORTHWESTERN CORPORATION'S
RESPONSES AND OBJECTIONS TO PLAINTIFFS'
<u>FIRST REQUEST FOR PRODUCTION OF DOCUMENTS</u>**

In accordance with Fed. R. Civ. P. 34, defendant NorthWestern Corporation

("NorthWestern") by its attorneys, Curtis, Mallet-Prevost, Colt & Mosle LLP, and Greenberg

Traurig, LLP responds to Plaintiffs' First Request for Production of Documents from

NorthWestern Corporation (the "Document Requests").

<u>**GENERAL OBJECTIONS**</u>

1.      NorthWestern objects to the Document Requests to the extent that they

call for the production of documents that have been produced and/or made available for

inspection to Plaintiffs.

2.      By responding to the Document Requests, NorthWestern does not

acknowledge or concede the truth or accuracy of any characterization, allegation, or statement

made in the Document Requests.

3.    NorthWestern reserves its right to object on any ground to the use of any of the Responses to or the subject matter of the Document Requests in any subsequent proceeding, and at the trial of this action.

4.    NorthWestern objects to the Document Requests as a whole on the grounds that they are vague, ambiguous, require speculation to determine their meanings, and are unnecessarily burdensome.

5.    NorthWestern objects to the Document Requests, including the Definitions and the Instructions set forth therein, to the extent that they seek to impose on NorthWestern discovery obligations greater than or different from those imposed by the Federal Rules of Civil Procedure and the Local Rules for the District of Delaware.

6.    NorthWestern objects to the Document Requests to the extent that they seek information which is not relevant to the claim or defense of any party in this action, and/or is not reasonably calculated to lead to the discovery of admissible evidence.

7.    NorthWestern objects to the Document Requests to the extent that they seek documents which are protected from discovery by reason of the attorney-client privilege, the attorney work-product doctrine and/or any other privilege, immunity or protection. Inadvertent identification or production of any such document shall not constitute a waiver of any such privilege with respect to the document produced or the subject matter thereof, or a waiver of NorthWestern's right to object to the use of any such document during trial or any subsequent proceeding.

8.     NorthWestern objects to the Document Requests to the extent that they impose an undue burden upon NorthWestern, including searching for documents: (a) the value of which, if any, is substantially outweighed by the burden or cost of searching for them; or (b) that are equally available to Plaintiffs or already in Plaintiffs' possession.

9.     NorthWestern objects to the Document Requests to the extent that they seek production of documents not in the possession, custody and/or control of NorthWestern. Specifically, NorthWestern objects to the Document Requests to the extent that they call for documents in the possession of third parties over which NorthWestern does not have control.

10.     NorthWestern objects to the Document Requests to the extent that they seek production of any documents created on or after September 14, 2003, the date which NorthWestern filed its Petition for Reorganization under the Bankruptcy Laws.

11.     NorthWestern objects to each document request to the extent that it is unreasonably cumulative or duplicative.

12.     The failure of NorthWestern to make a specific objection to a particular document request is not, and shall not be construed as, an admission that responsive information or documents exist. Likewise, any statement herein that NorthWestern will provide information or produce documents in response to an individual request does not mean that NorthWestern in fact has any such information or documents, or that any such information or documents exist. Rather, any such statement reflects the intention of NorthWestern, subject to its objections, to conduct a reasonable search for responsive documents and information.

13.    NorthWestern objects to the definition of "Clark Fork" contained in paragraph 4 of the Definitions on the grounds that it is overly broad and vague insofar as it purports to cover "any of its affiliates, subsidiaries, predecessors and any person or entity acting or purporting to act on behalf of, at the direction of or in concert with it, including but not limited to Clark Fork's present and former officers, directors, employees, servants, agents, representatives and attorneys" or any entity other than Clark Fork.  Further, Plaintiffs' definition purports to impose obligations broader than those arising under the Federal Rules of Civil Procedure.

14.    NorthWestern objects to the definition of "Expanets Investment" contained in paragraph 10 of the Definitions as overly broad and unduly burdensome. NorthWestern further objects on the grounds that Plaintiffs' definition is vague, ambiguous, requires speculation to determine its meaning, and is not limited in scope to any relevant time period.

15.    NorthWestern objects to the definition of "Junior Debentures" contained in paragraph 12 of the Definitions to the extent it is inconsistent with the designation used by and between NorthWestern and the Indenture Trustee with regard to the 8.45% Junior Subordinated Debentures.

16.    NorthWestern objects to the definition of "Montana Medium-Term Notes Indenture" contained in paragraph 14 of the Definitions to the extent it is inconsistent with the designation used by and between The Montana Power Company and Citibank, N.A., as trustee.

17.    NorthWestern objects to the definition of "Montana Trustee" contained in paragraph 15 of the Definitions to the extent it is inconsistent with the designation used by and between The Montana Power Company and Citibank, N.A., as trustee.

18.    NorthWestern objects to the group definition of "QUIPS Trustees" contained in paragraph 22 of the Definitions as over-inclusive and to the extent it is inconsistent with the designation used by and between the listed parties, NorthWestern further objects on the grounds that Plaintiffs inappropriately attempt to group the listed parties under the collective term of "QUIPS Trustees."

19.    NorthWestern objects to the definition of "Transfer" contained in paragraph 26 of the Definitions on the grounds that it is overly broad and vague insofar as it purports to include not just the transaction that occurred on or about November 15, 2002, but also "any and all strategies for the eventual acquisition and direct ownership of the Transferred Assets by NorthWestern."

20.    NorthWestern objects to the definition of "Transferred Assets" contained in paragraph 27 of the Definitions as being vague and ambiguous, and therefore requiring speculation to determine its meaning.

21.    In each and every response to the Document Requests, or subpart thereof, where an objection is interposed, such objection shall be construed to preserve all rights to enter similar objections as to any future supplemental answer to such requests.  Moreover, a failure to object herein shall not constitute a waiver of any objection that may be interposed as to future supplemental answers.

22.    NorthWestern reserves the right at any time to revise, correct, supplement, amend, or clarify any Response.

## SPECIFIC OBJECTIONS AND RESPONSES

### REQUEST NO. 1

All documents relating to or concerning the Transfer.

### RESPONSE TO REQUEST NO. 1

NorthWestern objects to Request No. 1 on the grounds that it is overly broad and burdensome, and is vague, ambiguous, requires speculation to determine its meaning and fails to specify the documents with sufficient particularity to allow NorthWestern to determine which documents are requested and a reasonable method of searching for such documents.

Subject to, and without waiver of, this Objection and the General Objections set forth above, NorthWestern will produce relevant, responsive, non-privileged documents, to the extent the same can be located.

### REQUEST NO. 2

Documents sufficient to indicate the name, title, and/or acts undertaken with respect to the Transfer, of any employees, officers or directors of Clark Fork or NorthWestern that were involved in the Transfer.

### RESPONSE TO REQUEST NO. 2

NorthWestern objects to Request No. 2 on the grounds that it is overly broad and burdensome, and is vague, ambiguous, requires speculation to determine its meaning and fails to specify the documents with sufficient particularity to allow NorthWestern to determine which documents are requested and a reasonable method of searching for such documents.

Subject to, and without waiver of, this Objection and the General Objections set forth above, NorthWestern will produce relevant, responsive, non-privileged documents, to the extent the same can be located.

-6-

**REQUEST NO. 3**

All documents relating to or concerning the value of the Transferred Assets, any analysis performed to value such assets, and/or all communications concerning such valuation.

**RESPONSE TO REQUEST NO. 3**

NorthWestern objects to Request No. 3 on the grounds that it is overly broad and unduly burdensome. NorthWestern further objects to the request on the grounds that it is vague, ambiguous, and calls for production of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. NorthWestern also objects to the request to the extent that it seeks production of documents that could be obtained from third parties or other sources over which NorthWestern does not have possession or control.

**REQUEST NO. 4**

All documents relating to or concerning the value of any consideration paid or to be paid by NorthWestern to Clark Fork in connection with the Transfer, any analysis performed to value such consideration, and/or all communications concerning such consideration.

**RESPONSE TO REQUEST NO. 4**

NorthWestern objects to Request No. 4 on the grounds that it is overly broad and unduly burdensome. NorthWestern further objects to the request on the grounds that it is vague, ambiguous, and calls for production of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. NorthWestern also objects to the request to the extent that it seeks production of documents that could be obtained from third parties or other sources over which NorthWestern does not have possession or control.

**REQUEST NO. 5**

All documents relating to communications with members of the Board of Directors including, without limitation, presentations, proposals, minutes and resolutions of all board meetings and all written consents or actions taken by the Board of Directors, and any other materials (and all drafts thereof) provided to or by the members of the Board of Directors that concern or relate to the Transfer.

**RESPONSE TO REQUEST NO. 5**

NorthWestern objects to Request No. 5 on the grounds that it is overly broad and burdensome, and is vague, ambiguous, requires speculation to determine its meaning and fails to specify the documents with sufficient particularity to allow NorthWestern to determine which documents are requested and a reasonable method of searching for such documents.

Subject to, and without waiver of, this Objection and the General Objections set forth above, NorthWestern will produce relevant, responsive, non-privileged documents, to the extent the same can be located.

**REQUEST NO. 6**

All legal opinions, fairness opinions, appraisals or other third party professional advice given in connection with the Transfer, the Transferred Assets, the QUIPS Indentures, Second Supplemental Indenture, Third Supplemental Indenture, and/or the Montana Medium-Term Notes Indenture.

**RESPONSE TO REQUEST NO. 6**

NorthWestern objects to Request No. 6 on the grounds that it is overly broad and unduly burdensome. NorthWestern further objects to the request on the grounds that it is vague, ambiguous, and calls for production of information that is neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence. NorthWestern also objects to the request to the extent that it seeks production of documents that could be obtained from third parties or other sources over which NorthWestern does not have possession or control.

## REQUEST NO. 7

All documents concerning the Trust Agreement and/or Guarantee Agreement.

## RESPONSE TO REQUEST NO. 7

NorthWestern objects to Request No. 7 on the grounds that it is overly broad and burdensome, and is vague, ambiguous, requires speculation to determine its meaning and fails to specify the documents with sufficient particularity to allow NorthWestern to determine which documents are requested and a reasonable method of searching for such documents.

Subject to, and without waiver of, this Objection and the General Objections set forth above, NorthWestern will produce relevant, responsive, non-privileged documents, to the extent the same can be located.

## REQUEST NO. 8

All documents concerning the QUIPS and/or the QUIPS Indenture.

## RESPONSE TO REQUEST NO. 8

NorthWestern objects to Request No. 8 on the grounds that it is overly broad and unduly burdensome. NorthWestern further objects to the request on the grounds that it is vague, ambiguous, and calls for production of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. NorthWestern also objects to the request to the extent that it seeks production of documents that could be obtained from third parties or other sources over which NorthWestern does not have possession or control.

**REQUEST NO. 9**

All documents concerning the Second Supplemental Indenture.

**RESPONSE TO REQUEST NO. 9**

NorthWestern objects to Request No. 9 on the grounds that it is overly broad and burdensome, and is vague, ambiguous, requires speculation to determine its meaning and fails to specify the documents with sufficient particularity to allow NorthWestern to determine which documents are requested and a reasonable method of searching for such documents.

Subject to, and without waiver of, this Objection and the General Objections set forth above, NorthWestern will produce relevant, responsive, non-privileged documents, to the extent the same can be located.

**REQUEST NO. 10**

All documents concerning the Third Supplemental Indenture.

**RESPONSE TO REQUEST NO. 10**

NorthWestern objects to Request No. 10 on the grounds that it is overly broad and burdensome, and is vague, ambiguous, requires speculation to determine its meaning and fails to specify the documents with sufficient particularity to allow NorthWestern to determine which documents are requested and a reasonable method of searching for such documents.

Subject to, and without waiver of, this Objection and the General Objections set forth above, NorthWestern will produce relevant, responsive, non-privileged documents, to the extent the same can be located.

**REQUEST NO. 11**

All documents constituting or concerning any communications involving any of the QUIPS Trustees, the Montana Trustee, NorthWestern and/or CSFB concerning the Transfer and/or the Transferred Assets, including, but not limited to, any request for the release of claims against Clark Fork and any purported release of such claims.

**RESPONSE TO REQUEST NO. 11**

NorthWestern objects to Request No. 11 on the grounds that it is overly broad and burdensome, and is vague, ambiguous, requires speculation to determine its meaning and fails to specify the documents with sufficient particularity to allow NorthWestern to determine which documents are requested and a reasonable method of searching for such documents.

Subject to, and without waiver of, this Objection and the General Objections set forth above, NorthWestern will produce relevant, responsive, non-privileged documents, to the extent the same can be located.

**REQUEST NO. 12**

All documents reflecting communications between CSFB and NorthWestern concerning the Transfer or NorthWestern's 2003 Credit Facility.

**RESPONSE TO REQUEST NO. 12**

NorthWestern objects to Request No. 12 on the grounds that it is duplicative, overly broad and unduly burdensome. NorthWestern further objects to the request on the grounds that it is vague, ambiguous, and calls for production of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. NorthWestern also objects to the request to the extent that it seeks production of documents that

could be obtained from third parties or other sources over which NorthWestern does not have

possession or control.

**REQUEST NO. 13**

All applications and/or other documents submitted to regulatory authorities in

connection with the Transfer.

**RESPONSE TO REQUEST NO. 13**

NorthWestern objects to Request No. 13 on the grounds that it is overly broad and

burdensome, and is vague, ambiguous, requires speculation to determine its meaning and fails to

specify the documents with sufficient particularity to allow NorthWestern to determine which

documents are requested and a reasonable method of searching for such documents.

Subject to, and without waiver of, this Objection and the General Objections set

forth above, NorthWestern will produce relevant, responsive, non-privileged documents, to the

extent the same can be located.

**REQUEST NO. 14**

All documents relating to any and all analyses, reports, summaries, opinions,

advice or similar evaluations concerning or relating to the financial condition of NorthWestern at

any time between 2001 and the present.

**RESPONSE TO REQUEST NO. 14**

NorthWestern objects to Request No. 14 on the grounds that it is overly broad and

burdensome, and is vague, ambiguous, requires speculation to determine its meaning and fails to

specify the documents with sufficient particularity to allow NorthWestern to determine which

documents are requested and a reasonable method of searching for such documents.

Subject to, and without waiver of, this Objection and the General Objections set forth above, NorthWestern will produce relevant, responsive, non-privileged documents, to the extent the same can be located.

## REQUEST NO. 15

All documents relating to or concerning the publicly issued financial statements for NorthWestern for the fiscal year ended 2001 through the present.

## RESPONSE TO REQUEST NO. 15

NorthWestern objects to Request No. 15 on the grounds that it is overly broad and burdensome, and is vague, ambiguous, requires speculation to determine its meaning and fails to specify the documents with sufficient particularity to allow NorthWestern to determine which documents are requested and a reasonable method of searching for such documents.

Subject to, and without waiver of, this Objection and the General Objections set forth above, NorthWestern will produce relevant, responsive, non-privileged documents, to the extent the same can be located.

## REQUEST NO. 16

All documents relating to any and all analyses, reports, summaries, opinions, advice or similar evaluations concerning or relating to the financial condition of Clark Fork at any time between 2001 and the present.

**RESPONSE TO REQUEST NO. 16**

NorthWestern objects to Request No. 16 on the grounds that it is overly broad and unduly burdensome. NorthWestern further objects to the request on the grounds that it is vague, ambiguous, and calls for production of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. NorthWestern also objects to the request to the extent that it seeks production of documents that could be obtained from third parties or other sources over which NorthWestern does not have possession or control.

**REQUEST NO. 17**

All documents relating to or concerning the publicly issued financial statements for Clark Fork for the fiscal year ended 2001 through the present.

**RESPONSE TO REQUEST NO. 17**

NorthWestern objects to Request No. 17 on the grounds that it is overly broad and unduly burdensome. NorthWestern further objects to the request on the grounds that it is vague, ambiguous, and calls for production of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. NorthWestern also objects to the request to the extent that it seeks production of documents that could be obtained from third parties or other sources over which NorthWestern does not have possession or control.

**REQUEST NO. 18**

All documents concerning any possible or actual restatement of any publicly issued financial statements of Clark Fork and/or NorthWestern including, without limitation, any communications with any governmental agency.

**RESPONSE TO REQUEST NO. 18**

NorthWestern objects to Request No. 18 to the extent that it seeks documents concerning any possible or actual restatement of any publicly issued financial statements of Clark Fork on the grounds that it is vague, ambiguous, and calls for production of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. NorthWestern also objects to the request to the extent that it seeks production of documents that could be obtained from third parties or other sources over which NorthWestern does not have possession or control.

NorthWestern also objects to Request No. 18 to the extent that it seeks documents concerning any possible or actual restatement of any publicly issued financial statement of NorthWestern on the grounds that it is overly broad and burdensome, and is vague, ambiguous, requires speculation to determine its meaning and fails to specify the documents with sufficient particularity to allow NorthWestern to determine which documents are requested and a reasonable method of searching for such documents.

Subject to, and without waiver of, this Objection and the General Objections set forth above, NorthWestern will produce relevant, responsive, non-privileged documents, to the extent the same can be located.

**REQUEST NO. 19**

All documents relating to Deloitte & Touche's review of financial information, operating, and other data related to Northwestern.

**RESPONSE TO REQUEST NO. 19**

NorthWestern objects to Request No. 19 on the grounds that it is overly broad and burdensome, and is vague, ambiguous, requires speculation to determine its meaning and fails to specify the documents with sufficient particularity to allow NorthWestern to determine which documents are requested and a reasonable method of searching for such documents. NorthWestern also objects to the request to the extent that it seeks production of documents that could be obtained from third parties or other sources over which NorthWestern does not have possession or control.

Subject to, and without waiver of, this Objection and the General Objections set forth above, NorthWestern will produce relevant, responsive, non-privileged documents, to the extent the same can be located.

**REQUEST NO. 20**

All documents relating to Deloitte & Touche's review of financial information, operating, and other data related to Clark Fork.

**RESPONSE TO REQUEST NO. 20**

NorthWestern objects to Request No. 20 on the grounds that it is overly broad and unduly burdensome. NorthWestern further objects to the request on the grounds that it is vague, ambiguous, and calls for production of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. NorthWestern also objects to the request to the extent that it seeks production of documents that could be obtained from third parties or other sources over which NorthWestern does not have possession or control.

-16-

**REQUEST NO. 21**

All documents relating to Arthur Andersen's review of NorthWestern's financial or accounting information between 2001 and 2003.

**RESPONSE TO REQUEST NO. 21**

NorthWestern objects to Request No. 21 on the grounds that it is overly broad and burdensome, and is vague, ambiguous, requires speculation to determine its meaning and fails to specify the documents with sufficient particularity to allow NorthWestern to determine which documents are requested and a reasonable method of searching for such documents.

Subject to, and without waiver of, this Objection and the General Objections set forth above, NorthWestern will produce relevant, responsive, non-privileged documents, to the extent the same can be located.

**REQUEST NO. 22**

All documents concerning or relating to NorthWestern's accounting policies in effect at any time between 2001 and the present.

**RESPONSE TO REQUEST NO. 22**

NorthWestern objects to Request No. 22 on the grounds that it is overly broad and burdensome, and is vague, ambiguous, requires speculation to determine its meaning and fails to specify the documents with sufficient particularity to allow NorthWestern to determine which documents are requested and a reasonable method of searching for such documents.

Subject to, and without waiver of, this Objection and the General Objections set forth above, NorthWestern will produce relevant, responsive, non-privileged documents, to the extent the same can be located.

**REQUEST NO. 23**

All documents relating to communications with members of the Board of Directors including, without limitation, presentations, proposals, minutes and resolutions of all board meetings and all written consents or actions taken by the Board of Directors, and any other materials (and all drafts thereof) provided to or by the members of the Board of Directors that concern or relate to the Financial Statements including, without limitation, the restatement of the Financial Statements for the first three quarters of the fiscal year ended 2002.

**RESPONSE TO REQUEST NO. 23**

NorthWestern objects to Request No. 23 on the grounds that it is overly broad and burdensome, and is vague, ambiguous, requires speculation to determine its meaning and fails to specify the documents with sufficient particularity to allow NorthWestern to determine which documents are requested and a reasonable method of searching for such documents.

Subject to, and without waiver of, this Objection and the General Objections set forth above, NorthWestern will produce relevant, responsive, non-privileged documents, to the extent the same can be located.

**REQUEST NO. 24**

All documents relating to communications regarding the audit committee including, without limitation, presentations, proposals, minutes and resolutions of all board meetings, and any other materials (and all drafts thereof) provided to or by the members of the audit committee that concern or relate to the Financial Statements including, without limitation, the restatement of the Financial Statements for the first three quarters of the fiscal year ended 2002 and any investigation or inquiry concerning the Financial Statements.

**RESPONSE TO REQUEST NO. 24**

NorthWestern objects to Request No. 24 on the grounds that it is overly broad and burdensome, and is vague, ambiguous, requires speculation to determine its meaning and fails to specify the documents with sufficient particularity to allow NorthWestern to determine which documents are requested and a reasonable method of searching for such documents.

Subject to, and without waiver of, this Objection and the General Objections set forth above, NorthWestern will produce relevant, responsive, non-privileged documents, to the extent the same can be located.

**REQUEST NO. 25**

All documents concerning any analysis performed as of or prior to the date of the Transfer to determine whether following the Transfer NorthWestern would be able to pay its liabilities (including without limitation the liabilities it had assumed with respect to the Junior Debentures and the QUIPS) as they became due in the ordinary course of its business.

**RESPONSE TO REQUEST NO. 25**

NorthWestern objects to Request No. 25 on the grounds that it is overly broad and burdensome, and is vague, ambiguous, requires speculation to determine its meaning and fails to specify the documents with sufficient particularity to allow NorthWestern to determine which documents are requested and a reasonable method of searching for such documents.

Subject to, and without waiver of, this Objection and the General Objections set forth above, NorthWestern will produce relevant, responsive, non-privileged documents, to the extent the same can be located.

**REQUEST NO. 26**

All documents constituting or concerning any instructions given by NorthWestern to any officer, employee or agent of Clark Fork, including without limitation Hanson and Kindt, to execute documents or take other actions in connection with the Transfer.

**RESPONSE TO REQUEST NO. 26**

NorthWestern objects to Request No. 26 on the grounds that it is overly broad and unduly burdensome. NorthWestern further objects to the request on the grounds that it is vague, ambiguous, and calls for production of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. NorthWestern also objects to the request to the extent that it seeks production of documents that could be obtained from third parties or other sources over which NorthWestern does not have possession or control.

**REQUEST NO. 27**

All documents concerning any actual or potential write down by NorthWestern of the Expanets Investment.

**RESPONSE TO REQUEST NO. 27**

NorthWestern objects to Request No. 27 on the grounds that it is overly broad and burdensome, and is vague, ambiguous, requires speculation to determine its meaning and fails to specify the documents with sufficient particularity to allow NorthWestern to determine which documents are requested and a reasonable method of searching for such documents.

Subject to, and without waiver of, this Objection and the General Objections set forth above, NorthWestern will produce relevant, responsive, non-privileged documents, to the extent the same can be located.

**REQUEST NO. 28**

All operating agreements for Clark Fork, or any other documents setting forth any rights, duties, and/or responsibilities of any officer, employee or agent of Clark Fork.

**RESPONSE TO REQUEST NO. 28**

NorthWestern objects to Request No. 28 on the grounds that it is overly broad and unduly burdensome. NorthWestern further objects to the request on the grounds that it is vague, ambiguous, and calls for production of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. NorthWestern also objects to the request to the extent that it seeks production of documents that could be obtained from third parties or other sources over which NorthWestern does not have possession or control.

**REQUEST NO. 29**

All documents reflecting any compensation paid to any law firm(s), investment bank(s), accountant(s), and/or other financial advisor(s) in connection with the Transfer.

**RESPONSE TO REQUEST NO. 29**

NorthWestern objects to Request No. 29 on the grounds that it is overly broad and unduly burdensome. NorthWestern further objects to the request on the grounds that it is vague, ambiguous, and calls for production of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. NorthWestern also objects to the request to the extent that it seeks production of documents that could be obtained from third parties or other sources over which NorthWestern does not have possession or control.

## REQUEST NO. 30

All documents concerning the amount of compensation paid to Mike J. Hanson and Ernie J. Kindt since the Transfer.

## RESPONSE TO REQUEST NO. 30

NorthWestern objects to Request No. 30 on the grounds that it is overly broad and unduly burdensome. NorthWestern further objects to the request on the grounds that it is vague, ambiguous, and calls for production of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. NorthWestern also objects to the request to the extent that it seeks production of documents that could be obtained from third parties or other sources over which NorthWestern does not have possession or control.

## REQUEST NO. 31

All insurance policies referred to in section M of the Preliminary Pretrial Statement of Mike J. Hanson and Ernie J. Kindt, dated May 17, 2005 in the action captioned Magten Asset Management Corporation v. Mike J. Hanson & Ernie J. Kindt.

## RESPONSE TO REQUEST NO. 31

NorthWestern objects to Request No. 31 to the extent that it seeks production of documents that could be obtained from other parties and is therefore duplicative.

Subject to, and without wavier of, this Objection and the General Objections set forth above, NorthWestern will produce relevant, responsive, non-privileged documents, to the extent the same can be located.

Dated:  Wilmington, Delaware
       October 27, 2006

**GREENBURG TRAURIG LLP**

Victoria W. Counihan (No. 3488)
Dennis A. Meloro (No. 4435)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801


**CURTIS, MALLET-PREVOST, COLT & MOSLE LLP**
Joseph D. Pizzurro
Nancy E. Delaney
101 Park Avenue
New York, NY 10178
Telephone:    (212) 696-6000
Facsimile:    (212) 697-1559


Attorneys for NorthWestern Corporation

-23-

3185366v2

Stanley T. Kaleczyc
Kimberly A. Beatty
Aimee M. Grmoljez
BROWNING, KALECZYC, BERRY & HOVEN, P.C.
139 North Last Chance Gulch
P.O. Box 1697
Helena, MT 59604-1697
Phone: (406) 443-6820
Fax: (406) 443-6883

Attorneys for Defendants.

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF MONTANA
### BUTTE DIVISION

------------------------------------------------------------------- x

|  |  |  |
|---|---|---|
| MAGTEN ASSET MANAGEMENT CORPORATION, | : | |
| | : | |
| Plaintiff, | : | C.A. No. 05-0499-JJF |
| | : | |
| - v- | : | **RESPONSE OF DEFENDANT** |
| | : | **HANSON TO PLAINTIFF'S** |
| | : | **FIRST REQUEST FOR** |
| MIKE J. HANSON and ERNIE J. KINDT, | : | **PRODUCTION OF** |
| | : | **DOCUMENTS** |
| | : | |
| Defendants. | : | |
| | : | |

------------------------------------------------------------------- x

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Michael J. Hanson ("Hanson") by and through his counsel of record, Browning, Kaleczyc, Berry & Hoven, P.C., responds to Plaintiff's First Request for Production of Documents ("Document Requests") as follows.

## GENERAL OBJECTIONS

1.      Hanson objects to the Document Requests because they are not tailored to the allegations in Plaintiff's Complaint and Demand for Jury Trial, dated April 15, 2004, and are therefore overbroad, burdensome, and seek information that is irrelevant and not reasonably calculated to lead to the discovery admissible evidence.  In responding or objecting to the Document Request, Hanson does not concede that any of the information sought therein is relevant or material to the claims or defenses of either Plaintiff or Hanson, admissible in evidence, or reasonably calculated to lead to discovery of admissible evidence.

2.      Hanson objects to the Document Requests to the extent that they call for the production of documents that have previously been produced and/or made available for inspection to Plaintiff or are available from third party or public sources.

3.      Hanson reserves his right to object on any ground to the use of any of the Responses to or the subject matter of the Document Requests in any subsequent proceeding, and at the trial of this action.

4.      Hanson objects to the Document Requests to the extent that they seek information which is not relevant to the claim or defense of any party in this action, and/or is not reasonably calculated to lead to the discovery of admissible evidence.

5.      Hanson objects to the Document Requests to the extent that they seek documents which are protected from discovery by reason of the attorney-client privilege, the attorney work-product doctrine and/or any other privilege, immunity or protection.  Inadvertent identification or production of any such document shall not constitute a waiver of any such privilege with respect to the document produced or the subject matter thereof, or a waiver of Hanson's right to object to the use of any such document during trial or any subsequent proceeding.

6.      Hanson objects to the Document Requests to the extent that they impose an undue burden upon Hanson, including searching for documents: (a) the value of which, if any, is

substantially outweighed by the burden or cost of searching for them; or (b) that are equally available to Plaintiffs or already in Plaintiffs' possession.

7.      Hanson objects to the Document Requests to the extent that they seek production of any documents created on or after or related to events occurring after November 15, 2002, the date on which NorthWestern closed the transaction at issue in this lawsuit.

8.      Hanson objects to each document request to the extent that it is unreasonably cumulative or duplicative.

9.      The failure of Hanson to make a specific objection to a particular document request is not, and shall not be construed as, an admission that responsive information or documents exist. Likewise, any statement herein that Hanson will provide information or produce documents in response to an individual request does not mean that Hanson in fact has any such information or documents, or that any such information or documents exist. Rather, any such statement reflects Hanson's intention, subject to his objections, to conduct a reasonable search for responsive documents and information.

10.     Hanson objects to the Document Requests as a whole on the grounds that they are vague, ambiguous, require speculation to determine their meanings, and are unnecessarily burdensome.

11.     Hanson objects to the Document Requests to the extent that they call for production of documents that contain information protected from disclosure under the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, or any other legally recognized privilege, immunity, or exemption from discovery. This General Objection is intended to prevent any waiver of these privileges or protections as to any specific request. To the extent that any document containing such protected information is inadvertently produced in response to a Request, the production of such document shall not constitute a waiver of Hanson's rights to assert the applicability of any privilege or immunity to the document, and any such document and all copies or images thereof shall be returned to Hanson upon demand.

12.    Hanson objects to the Document Requests to the extent that they seek production of documents that are not within his possession, custody, or control, including without limitation documents in the possession of third parties or public sources over which he does not have possession or control.

13.    Hanson objects to the Document Requests, including the Instructions contained therein, to the extent that they seek to impose any requirement or discovery obligation other than or beyond those imposed by the Federal Court of Civil Procedure ("Federal Rules") or other applicable rules of the Court.

14.    Hanson objects to the definition of "Clark Fork" contained in paragraph 5 of the Definitions on the grounds that it is overly broad and vague insofar as it purports to cover "any of its affiliates, subsidiaries, predecessors and any person or entity acting or purporting to act on behalf of, at the direction of or in concert with it, including but not limited to Clark Fork's present and former officers, directors, employees, servants, agents, representatives and attorneys" or any entity other than Clark Fork. Further, Plaintiff's definition purports to impose obligations broader than those arising under the Federal Rules of Civil Procedure.

15.    Hanson objects to the definition of "Expanets Investment" contained in paragraph 11 of the Definitions as overly broad and unduly burdensome. Hanson further objects on the grounds that Plaintiff's definition is vague, ambiguous, requires speculation to determine its meaning, and is not limited in scope to any relevant time period.

16.    Hanson objects to the definition of "Junior Debentures" contained in paragraph 13 of the Definitions to the extent it is inconsistent with the designation used by and between NorthWestern and the Indenture Trustee with regard to the 8.45% Junior Subordinated Debentures.

17.    Hanson objects to the definition of "Montana Medium-Term Notes Indenture" contained in paragraph 15 of the Definitions to the extent it is inconsistent with the designation used by and between The Montana Power Company and Citibank, N.A., as trustee.

18.    Hanson objects to the definition of "Montana Trustee" contained in paragraph 16 of the Definition to the extent it is inconsistent with the designation used by and between The Montana Power Company and Citibank, N.A., as trustee.

19.    Hanson objects to the group definition of "QUIPS Trustees" contained in paragraph 23 of the Definitions as over-inclusive and to the extent it is inconsistent with the designation used by and between and listed parties, Hanson further objects on the grounds that Plaintiff inappropriately attempts to group the listed parties under the collective term of "QUIPS Trustee."

20.    Hanson objects to the definition of "Transfer" contained in paragraph 27 of the Definitions on the grounds that it is overly broad and vague insofar as it purports to include not just all transaction that occurred on or about November 15, 2002, but also "any and all strategies for the eventual acquisition direct ownership of the Transferred Assets by NorthWestern."

22.    Hanson objects to the definition of "Transferred Assets" contained in paragraph 28 of the Definitions as being vague and ambiguous, and therefore requiring speculation to determine its meaning.

23.    Hanson objects to the time period purportedly covered by the Document Requests referenced in paragraph 11 of the Instructions on the grounds that it is overly broad and unduly burdensome insofar as it seeks documents that "were generated, crated [sic], circulated, dated or otherwise came into existence during the period of January 1, 2001 to present." The transaction at issue in this litigation occurred on November 15, 2002 and therefore, it is unreasonable, unnecessary, and burdensome to extend the temporal scope of the Document Requests to any time period after November 15, 2002.

24.    No objection made herein, or lack thereof, shall be deemed an admission by Hanson as to the existence or nonexistence of any documents.

25.    Any response below that states that Hanson will make available for review documents responsive to a request is not intended to mean that Hanson has custody of documents

responsive to such request or that such documents exist, only that Hanson will make available for review such non-privileged documents as it might have, if any, subject to Hanson's General and Specific Objections.

26.    Hanson objects to any implication and to any explicit or implicit characterization of facts, events, circumstances, or issues in the Document Requests. Hanson's response that it will produce documents responsive to a request, or that it has no responsive documents, is not intended to mean that Hanson agrees with any implications or explicit or implicit characterization of facts, circumstances, or issues in the Document Requests, or that they are relevant to this action.

27.    In each and every response to the Document Requests, or subpart thereof, where an objection is interposed, such objection shall be construed to preserve all rights to enter similar objections as to any future supplemental answer to such requests. Moreover, a failure to object herein shall not constitute a waiver of any objection that may be interposed as to future supplemental answers.

28.    Hanson reserves the right at any time to revise, correct, supplement, amend, or clarify any Response.

**SPECIFIC OBJECTIONS AND RESPONSES**

Each of the foregoing General Objections is expressly incorporated into the Specific Objections and Responses set forth below. Subject to the General Objections, and without waiving and expressly preserving all such objections, Defendants respond to the Plaintiff's individually numbered requests as follows:

**REQUESTS FOR PRODUCTION**

**REQUEST NO. 1**

All documents relating to or concerning the Transfer.

**RESPONSE:**    Hanson objects to Request No. 1 on the grounds that it is overly broad and unduly burdensome. Hanson further objects to the request on the grounds that it is vague,

ambiguous, requires speculation to determine its meaning, and fails to specify the documents it seeks with sufficient particularity to allow Hanson to determine which documents are requested and a reasonable method of searching for such documents.

Hanson further objects to the extent this Request seeks to compel documents protected by the attorney client privilege, work product doctrine, or other applicable privilege, or to the extent this Request seeks to compel documents not in Hanson's possession or documents that are available from public sources or from third parties or that have previously been made available to Plaintiffs through its prolific litigation in the NorthWestern Bankruptcy proceeds, and against NorthWestern, Paul, Hastings, Janofsky and Walker ("PHJW"), Bank of New York ("BONY"), and others.

Subject to and without waiving this objection or the General Objections set forth above, Hanson will produce relevant, non-privileged documents to the extent such documents can be located and are in Hanson's possession.

**REQUEST NO. 2**     Documents sufficient to indicate the name, title, and/or acts undertaken with respect to the Transfer, of any employees, officers or directors of Clark Fork or NorthWestern that were involved in the Transfer.

**RESPONSE:**     Hanson objects to Request No. 2 on the grounds that it is overly broad and unduly burdensome. Hanson further objects to the request on the grounds that it is vague, ambiguous, and calls for production of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Hanson also objects to the request to the extent that it seeks production of documents that could be obtained from third parties or other sources over which Hanson does not have possession or control.

Hanson further objects to the extent this Request seeks to compel documents protected by the attorney client privilege, work product doctrine, or other applicable privilege, or to the extent this Request seeks to compel documents not in Hanson's possession or documents that are available from public sources or from third parties or that have previously been made available

to Plaintiffs through its prolific litigation in the NorthWestern Bankruptcy proceeds, and against NorthWestern, PHJW, BONY and others.

Subject to and without waiving this objection or the General Objections set forth above, Hanson will produce relevant, non-privileged documents to the extent such documents can be located and are in Hanson's possession.

**REQUEST NO. 3**    All documents relating to or concerning the value of the Transferred Assets, any analysis performed to value such assets, and/or all communications concerning such valuation.

**RESPONSE:**    Hanson objects to Request No. 3 on the grounds that it is overly broad and unduly burdensome. Further, Hanson objects to the request on the grounds that it is vague and ambiguous, and calls for production of information that is neither relevant nor reasonably calculated to lead to discovery of admissible evidence. Hanson further objects to the Request to the extent it seeks the production of documents that are available from public sources or from third parties over which Hanson does not have possession or control or of documents that have previously been made available to Plaintiffs through its prolific litigation in the NorthWestern Bankruptcy proceeds, and against NorthWestern, PHJW, BONY and others.

**REQUEST NO. 4**    All documents relating to or concerning the value of any consideration paid or to be paid by NorthWestern to Clark Fork in connection with the Transfer, any analysis performed to value such consideration, and/or all communications concerning such consideration.

**RESPONSE:**    Hanson objects to Request No. 4 on the grounds that it is overly broad and unduly burdensome. Further, Hanson objects to the request on the grounds that it is vague and ambiguous, and calls for production of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Hanson further objects to the Request to the extent it seeks the production of documents that are available from public sources or from third parties over which Hanson does not have possession or control or of documents that have

previously been made available to Plaintiffs through its prolific litigation in the NorthWestern

Bankruptcy proceeds, and against NorthWestern, PHJW, BONY and others.

**REQUEST NO. 5**    All documents relating to communications with members of the Board of

Directors including, without limitation, presentations, proposals, minutes and resolutions of all

board meetings and all written consents or actions taken by the Board of Directors, and any other

materials (and all drafts thereof) provided to or by the members of the Board of Directors that

concern or relate to the Transfer.

**RESPONSE:**    Hanson objects to Request No. 5 on the grounds that it is overly broad and

burdensome, and is vague, ambiguous, requires speculation to determine its meaning and fails to

specify the documents with sufficient particularity to allow Hanson to determine which

documents are requested and a reasonable method of searching for such documents.

Subject to, and without waiver of, this Objection and the General Objections set forth

above, Hanson will produce relevant, responsive, non-privileged documents, to the extent the

same can be located and are in Hanson's possession.

**REQUEST NO. 6**    All legal opinions, fairness opinions, appraisals or other third party

professional advice given in connection with the Transfer, the Transferred Assets, the QUIPS

Indentures, Second Supplemental Indenture, Third Supplemental Indenture, and/or the Montana

Medium-Term Notes Indenture.

**RESPONSE:**    Hanson objects to Request No. 6 on the grounds that it is overly broad and

unduly burdensome. Hanson further objects to the request on the grounds that it is vague,

ambiguous, and calls for production of information that is neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence. Further, Hanson objects to the

request to the extent that it seeks production of documents that could be obtained from third

parties or other sources over which Hanson does not have possession or control or control or of

documents that have previously been made available to Plaintiffs through its prolific litigation in

the NorthWestern Bankruptcy proceeds, and against NorthWestern, PHJW, BONY and others.

**REQUEST NO. 7**     All documents concerning the Trust Agreement and/or Guarantee Agreement.

**RESPONSE:**     Hanson objects to Request No. 7 on the grounds that it is overly broad and unduly burdensome. Further, Hanson objects to the request on the grounds that it is vague, ambiguous, requires speculation to determine its meaning, and fails to specify the documents it seeks with sufficient particularity to allow Hanson to determine which documents are requested and a reasonable method of searching for such documents.

Subject to, and without waiver of, this Objection and the General Objections set forth above, Hanson will produce relevant, responsive, non-privileged documents, to the extent the same can be located and are in Hanson's possession.

**REQUEST NO. 8**     All documents concerning the QUIPS and/or the QUIPS Indenture.

**RESPONSE:**     Hanson objects to Request No. 8 on the grounds that it is overly broad and unduly burdensome. Further, Hanson objects to the request on the grounds that it is vague, ambiguous, requires speculation to determine its meaning, fails to specify the documents it seeks with sufficient particularity to allow Hanson to determine which documents are requested and a reasonable method of searching for such documents, and calls for production of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Hanson also objects to the request to the extent that it seeks production of documents that could be obtained from third parties or other sources over which Hanson does not have possession or control or control or of documents that have previously been made available to Plaintiffs through its prolific litigation in the NorthWestern Bankruptcy proceeds, and against NorthWestern, PHJW, BONY and others.

**REQUEST NO. 9**     All documents concerning the Second Supplemental Indenture.

**RESPONSE:**     Hanson objects to Request No. 9 on the grounds that it is overly broad and unduly burdensome. Further, Hanson objects to the request on the grounds that it is vague, ambiguous, requires speculation to determine its meaning, and fails to specify the documents it

seeks with sufficient particularity to allow Hanson to determine which documents are requested and a reasonable method of searching for such documents.

Subject to, and without waiver of, this Objection and the General Objections set forth above, Hanson will produce relevant, responsive, non-privileged documents, to the extent the same can be located and are in Hanson's possession.

**REQUEST NO. 10**    All documents concerning the Third Supplemental Indenture.

**RESPONSE:**    Hanson objects to Request No. 10 on the grounds that it is overly broad and unduly burdensome. Further, Hanson objects to the request on the grounds that it is vague, ambiguous, requires speculation to determine its meaning, and fails to specify the document it seeks with sufficient particularity to allow Hanson to determine which documents are requested and a reasonable method of searching for such documents. Hanson further objects to the Request to the extent it seeks the production of documents that are available from public sources or from third parties over which Hanson does not have possession or control or of documents that have previously been made available to Plaintiffs through its prolific litigation in the NorthWestern Bankruptcy proceeds, and against NorthWestern, PHJW, BONY and others.

Subject to, and without waiver of, this Objection and the General Objections set forth above, Hanson will produce relevant, responsive, non-privileged documents, to the extent the same can be located and are in Hanson's possession.

**REQUEST NO. 11**    All documents constituting or concerning any communications involving any of the QUIPS Trustees, the Montana Trustee, NorthWestern and/or CSFB concerning the Transfer and/or the Transferred Assets, including, but not limited to, any request for the release of claims against Clark Fork and any purported release of such claims.

**RESPONSE:**    Hanson objects to Request No. 11 on the grounds that it is overly broad and unduly burdensome. Further, Hanson objects to the request on the grounds that it is vague, ambiguous, requires speculation to determine its meaning, and fails to specify the documents it seeks with sufficient particularity to allow Hanson to determine which documents are requested

and a reasonable method of searching for such documents. Hanson further objects to the Request to the extent it seeks the production of documents that are available from public sources or from third parties over which Hanson does not have possession or control or of documents that have previously been made available to Plaintiffs through its prolific litigation in the NorthWestern Bankruptcy proceeds, and against NorthWestern, PHJW, BONY and others.

Subject to, and without waiver of, this Objection and the General Objections set forth above, Hanson will produce relevant, responsive, non-privileged documents, to the extent the same can be located and are in Hanson's possession.

**REQUEST NO. 12**

All documents reflecting communication between CSFB and NorthWestern concerning the Transfer or NorthWestern's 2003 Credit Facility.

**RESPONSE:**    Hanson objects to Request No. 12 on the grounds that it is duplicative, overly broad and unduly burdensome. Hanson further objects to the request on the grounds that it is vague, ambiguous, and calls for production of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Hanson also objects to the request to the extent that it seeks production of documents that could be obtained from third parties or other sources over which Hanson does not have possession or control or of documents that have previously been made available to Plaintiffs through its prolific litigation in the NorthWestern Bankruptcy proceeds, and against NorthWestern, PHJW, BONY and others.

**REQUEST NO. 13**    All applications and/or other documents submitted to regulatory authorities in connection with the Transfer.

**RESPONSE:**    Hanson objects to Request No. 13 on the grounds that it is overly broad, unduly burdensome, and is not sufficiently limited in scope to the relevant time period. Further, Hanson objects to the request on the grounds that it is vague and ambiguous, and therefore requires speculation to determine its meaning, and calls for production of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Hanson further objects to the request to the extent that it seeks the production of publicly available documents or documents that could be obtained from third parties or other sources over which Hanson does not have possession or control or of documents that have previously been made available to Plaintiffs through its prolific litigation in the NorthWestern Bankruptcy proceeds, and against NorthWestern, PHJW, BONY and others.

Subject to, and without waiver of, this Objection and the General Objections set forth above, Hanson will produce relevant, responsive, non-privileged documents, to the extent the same can be located and are in Hanson's possession.

**REQUEST NO. 14**    All documents relating to any and all analyses, reports, summaries, opinions, advice or similar evaluations concerning or relating to the financial condition of NorthWestern at any time between 2001 and the present.

**RESPONSE:**    Hanson objects to Request No. 14 on the grounds that it is overly broad, unduly burdensome, and is not sufficiently limited in scope to the relevant time period. Further, Hanson objects to the request on the grounds that it is vague and ambiguous, and therefore requires speculation to determine its meaning, particularity with respect to the term "financial condition." Hanson further objects to the request to the extent that it seeks the production of publicly available documents or documents that could be obtained from third parties other sources over which Hanson does not have possession or control or of documents that have previously been made available to Plaintiffs through its prolific litigation in the NorthWestern Bankruptcy proceeds, and against NorthWestern, PHJW, BONY and others.

Subject to, and without waiver of, this Objection and the General Objections set forth above, Hanson will produce relevant, responsive, non-privileged documents, to the extent the same can be located and are in Hanson's possession.

**REQUEST NO. 15**    All documents relating to or concerning the publicly issued financial statements for NorthWestern for the fiscal year ended 2001 through the present.

**RESPONSE:**       Hanson objects to Request No. 15 on the grounds that it is overly broad, unduly burdensome, and is vague, ambiguous, requires speculation to determine its meaning, fails to specify the documents with sufficient particularity to allow Hanson to determine which documents are requested and a reasonable method of searching for such documents, and is not sufficiently limited in scope to the relevant time period. Further, Hanson objects to the request to the extent that it seeks the production of publicly available documents or documents that could be obtained from third parties or other sources over which Hanson does not have possession or control or of documents that have previously been made available to Plaintiffs through its prolific litigation in the NorthWestern Bankruptcy proceeds, and against NorthWestern, PHJW, BONY and others.

       Subject to, and without waiver of, this Objection and the General Objections set forth above, Hanson will produce relevant, responsive, non-privileged documents, to the extent the same can be located and are in Hanson's possession.

**REQUEST NO. 16**   All documents relating to any and all analyses, reports, summaries, opinions, advice or similar evaluations concerning or relating to the financial condition of Clark Fork at any time between 2001 and the present.

**RESPONSE:**       Hanson objects to Request No. 16 on the grounds that it is overly broad, unduly burdensome, and is not sufficiently limited in scope to the relevant time period. Further, Hanson objects to the request on the grounds that it is vague and ambiguous, and therefore requires speculation to determine its meaning, particularly with respect to the term "financial condition" and calls for the production of information that is neither relevant not reasonably calculated to lead to the discovery or admissible evidence. Hanson further objects to the request to the extent that it seeks the production of publicly available documents or documents that could be obtained from third parties or other sources over which Hanson does not have possession or control or of documents that have previously been made available to Plaintiffs through its

prolific litigation in the NorthWestern Bankruptcy proceeds, and against NorthWestern, PHJW,

BONY and others.

**REQUEST NO. 17**    All documents relating to or concerning the publicly issued financial

statements for Clark Fork for the fiscal year ended 2001 through the present.

**RESPONSE:**        Hanson objects to Request No. 17 on the grounds that it is overly broad,

unduly burdensome, is not sufficiently limited in scope to the relevant time period, and calls for

the production of information that is neither relevant not reasonably calculated to lead to the

discovery or admissible evidence.  Further, Hanson objects to the request to the extent that it

seeks the production of publicly available documents or documents that could be obtained from

third parties or other sources over which Hanson does not have possession or control or of

documents that have previously been made available to Plaintiffs through its prolific litigation in

the NorthWestern Bankruptcy proceeds, and against NorthWestern, PHJW, BONY and others.

**REQUEST NO. 18**

    All documents concerning any possible or actual restatement of any publicly issued

financial statements of Clark Fork and/or NorthWestern including, without limitation, any

communications with any governmental agency.

**RESPONSE:**        Hanson objects to Request No. 18 to the extent that it seeks documents

concerning any possible or actual restatement of any publicly issued financial statements of

Clark Fork and NorthWestern on the grounds that it is vague, ambiguous, and calls for

production of information that is neither relevant nor reasonably calculated to lead to the

discovery of admissible evidence, requires speculation to determine its meaning, and fails to

specify the documents with sufficient particularity to allow Hanson to determine which

documents are requested and a reasonable method of searching for such documents.  Hanson also

objects to the request to the extent that it seeks production of documents that could be obtained

from third parties or other sources over which Hanson does not have possession or control or of

documents that have previously been made available to Plaintiffs through its prolific litigation in the NorthWestern Bankruptcy proceeds, and against NorthWestern, PHJW, BONY and others.

Subject to, and without waiver of, this Objection and the General Objections set forth above, Hanson will produce relevant, responsive, non-privileged documents, to the extent the same can be located and are in Hanson's possession.

**REQUEST NO. 19**    All documents relating to Deloitte & Touche's review of financial information, operating, and other data related to Northwestern.

**RESPONSE:**    Hanson objects to Request No. 19 on the grounds that it is overly broad and burdensome, and is vague, ambiguous, requires speculation to determine its meaning and fails to specify the documents with sufficient particularity to allow Hanson to determine which documents are requested and a reasonable method of searching for such documents, and is not sufficiently in scope to the relevant time period.  Hanson also objects to the request to the extent that it seeks production of documents that could be obtained from third parties or other sources over which Hanson does not have possession or control or of documents that have previously been made available to Plaintiffs through its prolific litigation in the NorthWestern Bankruptcy proceeds, and against NorthWestern, PHJW, BONY and others.

Subject to, and without waiver of, this Objection and the General Objections set forth above, Hanson will produce relevant, responsive, non-privileged documents, to the extent the same can be located and are in Hanson's possession.

**REQUEST NO. 20**    All documents relating to Deloitte & Touche's review of financial information, operating and other data related to Clark Fork.

**RESPONSE:**    Hanson objects to Request No. 20 on the grounds that it is overly broad and burdensome, and is vague, ambiguous, requires speculation to determine its meaning and fails to specify the documents with sufficient particularity to allow Hanson to determine which documents are requested and a reasonable method of searching for such documents, and is not sufficiently limited in scope to the relevant time period.  Hanson also objects to the request to the

extent that it seeks production of documents that could be obtained from third parties or other sources over which Hanson does not have possession or control or of documents that have previously been made available to Plaintiffs through its prolific litigation in the NorthWestern Bankruptcy proceeds, and against NorthWestern, PHJW, BONY and others.

**REQUEST NO. 21**   All documents relating to Arthur Andersen's review of NorthWestern's financial or accounting information between 2001 and 2003.

**RESPONSE:**       Hanson objects to Request No. 21 on the grounds that it is overly broad and burdensome, and is vague, ambiguous, requires speculation to determine its meaning and fails to specify the documents with sufficient particularity to allow Hanson to determine which documents are requested and a reasonable method of searching for such documents, and is not sufficiently limited in scope to the relevant time period.  Hanson also objects to the request to the extent that it seeks production of documents that could be obtained from third parties or other sources over which Hanson does not have possession or control or of documents that have previously been made available to Plaintiffs through its prolific litigation in the NorthWestern Bankruptcy proceeds, and against NorthWestern, PHJW, BONY and others.

Subject to, and without waiver of, this Objection and the General Objections set forth above, Hanson will produce relevant, responsive, non-privileged documents, to the extent the same can be located and are in Hanson's possession.

**REQUEST NO. 22**   All documents concerning or relating to NorthWestern's accounting policies in effect at any time between 2001 and the present.

**RESPONSE:**       Hanson objects to Request No. 22 on the grounds that it is overly broad and burdensome, and is vague, ambiguous, requires speculation to determine its meaning, fails to specify the documents with sufficient particularity to allow Hanson to determine which documents are requested and a reasonable method of searching for such documents, and is not sufficiently limited in scope to the relevant time period.  Hanson also objects to the request to the extent that it seeks production of documents that could be obtained from third parties or other

sources over which Hanson does not have possession or control or of documents that have previously been made available to Plaintiffs through its prolific litigation in the NorthWestern Bankruptcy proceeds, and against NorthWestern, PHJW, BONY and others.

Subject to, and without waiver of, this Objection and the General Objections set forth above, Hanson will produce relevant, responsive, non-privileged documents, to the extent the same can be located and are in Hanson's possession.

**REQUEST NO. 23**   All documents relating to communications with members of the Board of Directors including, without limitation, presentations, proposals, minutes and resolutions of all board meetings and all written consents or actions taken by the Board of Directors, and any other materials (and all drafts thereof) provided to or by the members of the Board of Directors that concern or relate to the Financial Statements including, without limitations, the restatement of the Financial Statements for the first three quarters of the fiscal year ended 2002.

**RESPONSE:**        Hanson objects to Request No. 23 on the grounds that it is overly broad and burdensome, and is vague, ambiguous, requires speculation to determine its meaning, fails to specify the documents with sufficient particularity to allow Hanson to determine which documents are requested and a reasonable method of searching for such documents, and is not sufficiently limited in scope to the relevant time period. Hanson also objects to the request to the extent that it seeks production of documents that could be obtained from third parties or other sources over which Hanson does not have possession or control or of documents that have previously been made available to Plaintiffs through its prolific litigation in the NorthWestern Bankruptcy proceeds, and against NorthWestern, PHJW, BONY and others.

Subject to, and without waiver of, this Objection and the General Objections set forth above, Hanson will produce relevant, responsive, non-privileged documents, to the extent the same can be located and are in Hanson's possession.

**REQUEST NO. 24**   All documents relating to communications regarding the audit committee including, without limitation, presentations, proposals, minutes and resolutions of all board

meetings, and any other materials (and all drafts thereof) provided to or by the members of the audit committee that concern or relate to the Financial Statements including, without limitation, the restatement of the Financial Statements for the first three quarters of the fiscal year ended 2002 and any investigation or inquiry concerning the Financial Statements.

**RESPONSE:**        Hanson objects to Request No. 24 on the grounds that it is overly broad and burdensome, and is vague, ambiguous, requires speculation to determine its meaning, fails to specify the documents with sufficient particularity to allow Hanson to determine which documents are requested and a reasonable method of searching for such documents, and is not sufficiently limited in scope to the relevant time period. Hanson also objects to the request to the extent that it seeks production of documents that could be obtained from third parties or other sources over which Hanson does not have possession or control or of documents that have previously been made available to Plaintiffs through its prolific litigation in the NorthWestern Bankruptcy proceeds, and against NorthWestern, PHJW, BONY and others.

Subject to, and without waiver of, this Objection and the General Objections set forth above, Hanson will produce relevant, responsive, non-privileged documents, to the extent the same can be located and are in Hanson's possession.

**REQUEST NO. 25**   All documents concerning any analysis performed as of or prior to the date of the Transfer to determine whether following the Transfer NorthWestern would be able to pay its liabilities (including without limitation the liabilities it had assumed with respect to the Junior Debentures and the QUIPS) as they became due in the ordinary course of its business.

**RESPONSE:**        Hanson objects to Request No. 25 on the grounds that it is overly broad, unduly burdensome, and is not sufficiently limited in scope to the relevant time period, and fails to specify the documents with sufficient particularity to allow Hanson to determine which documents are requested and a reasonable method of searching for such documents. Further objects to the request to the request on the grounds that it is vague and ambiguous, and therefore requires speculation to determine its meaning. Hanson further objects to the Request to the

extent it seeks the production of documents that are available from public sources or from third parties over which Hanson does not have possession or control or of documents that have previously been made available to Plaintiffs through its prolific litigation in the NorthWestern Bankruptcy proceeds, and against NorthWestern, PHJW, BONY and others.

Subject to, and without waiver of, this Objection and the General Objections set forth above, Hanson will produce relevant, responsive, non-privileged documents, to the extent the same can be located and are in Hanson's possession.

**REQUEST NO. 26**   All documents constituting or concerning any instructions given by NorthWestern to you to execute documents or take other actions in connection with the Transfer.

**RESPONSE:**      Hanson objects to Request No. 26 on the grounds that is overly broad, unduly burdensome, and is not sufficiently limited in scope to the relevant time period.  Further, Hanson objects to the request on the grounds that it is vague and ambiguous, and therefore requires speculation to determine its meaning, and calls for production of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Hanson also objects to the request to the extent that it seeks production of documents that could be obtained from third parties over which Hanson does not have possession or control or of documents that have previously been made available to Plaintiffs through its prolific litigation in the NorthWestern Bankruptcy proceeds, and against NorthWestern, PHJW, BONY and others.

**REQUEST NO.27**   All documents concerning any actual or potential write down by NorthWestern of the Expanets Investment.

**RESPONSE:**      Hanson objects to Request No. 27 on the grounds that it is overly broad, unduly burdensome, and is not sufficiently limited to scope to the relevant time period, and fails to specify the documents with sufficient particularity to allow Hanson to determine which documents are requested and a reasonable method of searching for such documents.  Further, Hanson objects to the request to the extent that it seeks the production of publicly available documents or documents that could be obtained from third parties or other sources over which

Hanson does not have possession or control or of documents that have previously been made available to Plaintiffs through its prolific litigation in the NorthWestern Bankruptcy proceeds, and against NorthWestern, PHJW, BONY and others.

Subject to, and without waiver of, this Objection and the General Objections set forth above, Hanson will produce relevant, responsive, non-privileged documents, to the extent the same can be located and are in Hanson's possession.

## REQUEST NO. 28

All operating agreements for Clark For, or any other documents setting forth your rights, duties, and/or responsibilities as an officer, employee or agent of Clark Fork.

**RESPONSE:**     Hanson objects to Request No. 28 on the grounds that it is overly broad, unduly burdensome, and is not limited in scope to the relevant time period. Further, Hanson objects to the request on the grounds that it is vague, ambiguous, and calls for production of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Finally, Hanson objects to the request to the extent that it seeks the production of publicly available documents or documents that could be obtained from third parties other sources over which Hanson does not have possession or control or of documents that have previously been made available to Plaintiffs through its prolific litigation in the NorthWestern Bankruptcy proceeds, and against NorthWestern, PHJW, BONY and others.

## REQUEST NO. 29

All documents reflecting any compensation paid to any law firm(s), investment bank(s), accountant(s), and/or other financial advisor(s) in connection with the Transfer.

**RESPONSE:**     Hanson objects to Request No. 29 on the grounds that it is overly broad and unduly burdensome. Hanson further objects to the request on the grounds that it is vague, ambiguous, and calls for production of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Hanson also objects to the request to the extent that it seeks production of documents that could be obtained from third parties or other

sources over which Hanson does not have possession or control or of documents that have previously been made available to Plaintiffs through its prolific litigation in the NorthWestern Bankruptcy proceeds, and against NorthWestern, PHJW, BONY and others.

**REQUEST NO. 30**

All documents concerning the amount of compensation you have received form NorthWestern since the Transfer.

**RESPONSE:**    Hanson objects to this request because it is not specifically limited in scope to the relevant time period and therefore calls for production of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 31**

All insurance policies referred to in section M of the Preliminary Pretrial Statement of Mike J. Hanson and Ernie J. Kindt, dated May 17, 2005, in the action captioned Magten Asset Management Corporation v. Mike J. Hanson & Ernie J. Kindt.

**RESPONSE:**    Hanson objects to Request No. 31 to the extent that it seeks production of documents that could be obtained from other parties and is therefore duplicative.

Subject to, and without waiver of, this Objection and the General Objections set forth above, Hanson will produce relevant, responsive, non-privileged documents, to the extent the same can be located and are in Hanson's possession.

DATED this 27th day of October, 2006.

BROWNING, KALECZYC, BERRY & HOVEN, P.C.

By _Kimberly Beatty_
   Stanley T. Kaleczyc
   Kimberly A. Beatty

   Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on the _27th_ day of October, 2006, a true copy of the foregoing was mailed by first-class mail, postage prepaid, addressed as follows:

Bonnie Steingert
John W. Brewer
Fried, Frank, Harris, Shriver & Jacobson, LLP
One New York Plaza
New York, NY 10004

Dale R. Dube
Elio Battista, Jr.
BLANK ROME LLP
1201 Market Street, Suite 800
Wilmington, DE 19801

John V. Snellings
Amanda D. Darwin
Nixon Peabody, LLP
John Snellings
100 Summer Street
Boston, MA 02110

Kathleen M. Miller
David A. Jenkins
Smith Katzenstein & Furlow, LLP
800 Delaware Aveneue
P.O. Box 410
Wilmington, DE 19899

Bijon Amini
Avery Samet
Storch Amini & Munves, PC
2 Grand Central Tower
140 East 45th Street, 25th Floor
New York, NY 10017-2131

Steven J. Reisman/Joseph D. Pizzurro/
Nancy E. Delaney/Miriam K. Harwood
Curtis,Mallet-Prevost, Colt & Mosle LLP
101 Park Avene
New York, NY 10178-0061

Victoria W. Couniham
Dennis A. Meloro
Greenberg Traurig LLP
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801

Dennis E. Glazer
Paul Spagnoletti
Davis, Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

Robert J. Dehney
Curtis S. Miller
Morris Nichols Arsht & Tunnell LLP
1201 Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

Denise Seastone Kraft
Edwards & Angell LLP
919 Market Street
Wilmington, Delaware 19801

_Kristi Laby_

BROWNING, KALECZYC, BERRY & HOVEN, P.C.

Stanley T. Kaleczyc
Kimberly A. Beatty
Aimee M. Grmoljez
BROWNING, KALECZYC, BERRY & HOVEN, P.C.
139 North Last Chance Gulch
P.O. Box 1697
Helena, MT 59604-1697
Phone: (406) 443-6820
Fax: (406) 443-6883

Attorneys for Defendants.

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA
## BUTTE DIVISION

-------------------------------------------------------------------- x

MAGTEN ASSET MANAGEMENT CORPORATION,  :
                                      :
                           Plaintiff,  :     C.A. No. 05-0499-JJF
                                      :
        - v-                         :     **RESPONSE OF DEFENDANT**
                                      :     **KINDT TO PLAINTIFF'S**
                                      :     **FIRST REQUEST FOR**
MIKE J. KINDT and ERNIE J. KINDT,     :     **PRODUCTION OF**
                                      :     **DOCUMENTS**
                                      :
                    Defendants.  :
                                      :

-------------------------------------------------------------------- x

       Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Ernie J. Kindt

("Kindt") by and through his counsel of record, Browning, Kaleczyc, Berry & Hoven, P.C.,

responds to Plaintiff's First Request for Production of Documents ("Document Requests") as

follows.

## GENERAL OBJECTIONS

1.    Kindt objects to the Document Requests because they are not tailored to the allegations in Plaintiff's Complaint and Demand for Jury Trial, dated April 15, 2004, and are therefore overbroad, burdensome, and seek information that is irrelevant and not reasonably calculated to lead to the discovery admissible evidence. In responding or objecting to the Document Request, Kindt does not concede that any of the information sought therein is relevant or material to the claims or defenses of either Plaintiff or Kindt, admissible in evidence, or reasonably calculated to lead to discovery of admissible evidence.

2.    Kindt objects to the Document Requests to the extent that they call for the production of documents that have previously been produced and/or made available for inspection to Plaintiff or are available from third party or public sources.

3.    Kindt reserves his right to object on any ground to the use of any of the Responses to or the subject matter of the Document Requests in any subsequent proceeding, and at the trial of this action.

4.    Kindt objects to the Document Requests to the extent that they seek information which is not relevant to the claim or defense of any party in this action, and/or is not reasonably calculated to lead to the discovery of admissible evidence.

5.    Kindt objects to the Document Requests to the extent that they seek documents which are protected from discovery by reason of the attorney-client privilege, the attorney work-product doctrine and/or any other privilege, immunity or protection. Inadvertent identification or production of any such document shall not constitute a waiver of any such privilege with respect to the document produced or the subject matter thereof, or a waiver of Kindt's right to object to the use of any such document during trial or any subsequent proceeding.

6.    Kindt objects to the Document Requests to the extent that they impose an undue burden upon Kindt, including searching for documents: (a) the value of which, if any, is

substantially outweighed by the burden or cost of searching for them; or (b) that are equally available to Plaintiffs or already in Plaintiffs' possession.

7.    Kindt objects to the Document Requests to the extent that they seek production of any documents created on or after or related to events occurring after November 15, 2002, the date on which NorthWestern closed the transaction at issue in this lawsuit.

8.    Kindt objects to each document request to the extent that it is unreasonably cumulative or duplicative.

9.    The failure of Kindt to make a specific objection to a particular document request is not, and shall not be construed as, an admission that responsive information or documents exist. Likewise, any statement herein that Kindt will provide information or produce documents in response to an individual request does not mean that Kindt in fact has any such information or documents, or that any such information or documents exist. Rather, any such statement reflects Kindt's intention, subject to his objections, to conduct a reasonable search for responsive documents and information.

10.    Kindt objects to the Document Requests as a whole on the grounds that they are vague, ambiguous, require speculation to determine their meanings, and are unnecessarily burdensome.

11.    Kindt objects to the Document Requests to the extent that they call for production of documents that contain information protected from disclosure under the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, or any other legally recognized privilege, immunity, or exemption from discovery. This General Objection is intended to prevent any waiver of these privileges or protections as to any specific request. To the extent that any document containing such protected information is inadvertently produced in response to a Request, the production of such document shall not constitute a waiver of Kindt's rights to assert the applicability of any privilege or immunity to the document, and any such document and all copies or images thereof shall be returned to Kindt upon demand.

12.    Kindt objects to the Document Requests to the extent that they seek production of documents that are not within his possession, custody, or control, including without limitation documents in the possession of third parties or public sources over which he does not have possession or control.

13.    Kindt objects to the Document Requests, including the Instructions contained therein, to the extent that they seek to impose any requirement or discovery obligation other than or beyond those imposed by the Federal Court of Civil Procedure ("Federal Rules") or other applicable rules of the Court.

14.    Kindt objects to the definition of "Clark Fork" contained in paragraph 5 of the Definitions on the grounds that it is overly broad and vague insofar as it purports to cover "any of its affiliates, subsidiaries, predecessors and any person or entity acting or purporting to act on behalf of, at the direction of or in concert with it, including but not limited to Clark Fork's present and former officers, directors, employees, servants, agents, representatives and attorneys" or any entity other than Clark Fork. Further, Plaintiff's definition purports to impose obligations broader than those arising under the Federal Rules of Civil Procedure.

15.    Kindt objects to the definition of "Expanets Investment" contained in paragraph 11 of the Definitions as overly broad and unduly burdensome. Kindt further objects on the grounds that Plaintiff's definition is vague, ambiguous, requires speculation to determine its meaning, and is not limited in scope to any relevant time period.

16.    Kindt objects to the definition of "Junior Debentures" contained in paragraph 13 of the Definitions to the extent it is inconsistent with the designation used by and between NorthWestern and the Indenture Trustee with regard to the 8.45% Junior Subordinated Debentures.

17.    Kindt objects to the definition of "Montana Medium-Term Notes Indenture" contained in paragraph 15 of the Definitions to the extent it is inconsistent with the designation used by and between The Montana Power Company and Citibank, N.A., as trustee.

18.    Kindt objects to the definition of "Montana Trustee" contained in paragraph 16 of the Definition to the extent it is inconsistent with the designation used by and between The Montana Power Company and Citibank, N.A., as trustee.

19.    Kindt objects to the group definition of "QUIPS Trustees" contained in paragraph 23 of the Definitions as over-inclusive and to the extent it is inconsistent with the designation used by and between and listed parties, Kindt further objects on the grounds that Plaintiff inappropriately attempts to group the listed parties under the collective term of "QUIPS Trustee."

20.    Kindt objects to the definition of "Transfer" contained in paragraph 27 of the Definitions on the grounds that it is overly broad and vague insofar as it purports to include not just all transaction that occurred on or about November 15, 2002, but also "any and all strategies for the eventual acquisition direct ownership of the Transferred Assets by NorthWestern."

22.    Kindt objects to the definition of "Transferred Assets" contained in paragraph 28 of the Definitions as being vague and ambiguous, and therefore requiring speculation to determine its meaning.

23.    Kindt objects to the time period purportedly covered by the Document Requests referenced in paragraph 11 of the Instructions on the grounds that it is overly broad and unduly burdensome insofar as it seeks documents that "were generated, crated [sic], circulated, dated or otherwise came into existence during the period of January 1, 2001 to present." The transaction at issue in this litigation occurred on November 15, 2002 and therefore, it is unreasonable, unnecessary, and burdensome to extend the temporal scope of the Document Requests to any time period after November 15, 2002.

24.    No objection made herein, or lack thereof, shall be deemed an admission by Kindt as to the existence or nonexistence of any documents.

25.    Any response below that states that Kindt will make available for review documents responsive to a request is not intended to mean that Kindt has custody of documents responsive to such request or that such documents exist, only that Kindt will make available for

review such non-privileged documents as it might have, if any, subject to Kindt's General and Specific Objections.

26.     Kindt objects to any implication and to any explicit or implicit characterization of facts, events, circumstances, or issues in the Document Requests. Kindt's response that it will produce documents responsive to a request, or that it has no responsive documents, is not intended to mean that Kindt agrees with any implications or explicit or implicit characterization of facts, circumstances, or issues in the Document Requests, or that they are relevant to this action.

27.     In each and every response to the Document Requests, or subpart thereof, where an objection is interposed, such objection shall be construed to preserve all rights to enter similar objections as to any future supplemental answer to such requests. Moreover, a failure to object herein shall not constitute a waiver of any objection that may be interposed as to future supplemental answers.

28.     Kindt reserves the right at any time to revise, correct, supplement, amend, or clarify any Response.

## SPECIFIC OBJECTIONS AND RESPONSES

Each of the foregoing General Objections is expressly incorporated into the Specific Objections and Responses set forth below. Subject to the General Objections, and without waiving and expressly preserving all such objections, Defendants respond to the Plaintiff's individually numbered requests as follows:

## REQUESTS FOR PRODUCTION

## REQUEST NO. 1

All documents relating to or concerning the Transfer.

**RESPONSE:**     Kindt objects to Request No. 1 on the grounds that it is overly broad and unduly burdensome. Kindt further objects to the request on the grounds that it is vague, ambiguous, requires speculation to determine its meaning, and fails to specify the documents it

seeks with sufficient particularity to allow Kindt to determine which documents are requested and a reasonable method of searching for such documents.

Kindt further objects to the extent this Request seeks to compel documents protected by the attorney client privilege, work product doctrine, or other applicable privilege, or to the extent this Request seeks to compel documents not in Kindt's possession or documents that are available from public sources or from third parties or that have previously been made available to Plaintiffs through its prolific litigation in the NorthWestern Bankruptcy proceeds, and against NorthWestern, Paul, Hastings, Janofsky and Walker ("PHJW"), Bank of New York ("BONY"), and others.

Subject to and without waiving this objection or the General Objections set forth above, Kindt will produce relevant, non-privileged documents to the extent such documents can be located and are in Kindt's possession.

**REQUEST NO. 2**    Documents sufficient to indicate the name, title, and/or acts undertaken with respect to the Transfer, of any employees, officers or directors of Clark Fork or NorthWestern that were involved in the Transfer.

**RESPONSE:**    Kindt objects to Request No. 2 on the grounds that it is overly broad and unduly burdensome. Kindt further objects to the request on the grounds that it is vague, ambiguous, and calls for production of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Kindt also objects to the request to the extent that it seeks production of documents that could be obtained from third parties or other sources over which Kindt does not have possession or control.

Kindt further objects to the extent this Request seeks to compel documents protected by the attorney client privilege, work product doctrine, or other applicable privilege, or to the extent this Request seeks to compel documents not in Kindt's possession or documents that are available from public sources or from third parties or that have previously been made available

to Plaintiffs through its prolific litigation in the NorthWestern Bankruptcy proceeds, and against NorthWestern, PHJW, BONY and others.

Subject to and without waiving this objection or the General Objections set forth above, Kindt will produce relevant, non-privileged documents to the extent such documents can be located and are in Kindt's possession.

**REQUEST NO. 3**    All documents relating to or concerning the value of the Transferred Assets, any analysis performed to value such assets, and/or all communications concerning such valuation.

**RESPONSE:**    Kindt objects to Request No. 3 on the grounds that it is overly broad and unduly burdensome. Further, Kindt objects to the request on the grounds that it is vague and ambiguous, and calls for production of information that is neither relevant nor reasonably calculated to lead to discovery of admissible evidence. Kindt further objects to the Request to the extent it seeks the production of documents that are available from public sources or from third parties over which Kindt does not have possession or control or of documents that have previously been made available to Plaintiffs through its prolific litigation in the NorthWestern Bankruptcy proceeds, and against NorthWestern, PHJW, BONY and others.

**REQUEST NO. 4**    All documents relating to or concerning the value of any consideration paid or to be paid by NorthWestern to Clark Fork in connection with the Transfer, any analysis performed to value such consideration, and/or all communications concerning such consideration.

**RESPONSE:**    Kindt objects to Request No. 4 on the grounds that it is overly broad and unduly burdensome. Further, Kindt objects to the request on the grounds that it is vague and ambiguous, and calls for production of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Kindt further objects to the Request to the extent it seeks the production of documents that are available from public sources or from third parties over which Kindt does not have possession or control or of documents that have

previously been made available to Plaintiffs through its prolific litigation in the NorthWestern

Bankruptcy proceeds, and against NorthWestern, PHJW, BONY and others.

**REQUEST NO. 5**     All documents relating to communications with members of the Board of

Directors including, without limitation, presentations, proposals, minutes and resolutions of all

board meetings and all written consents or actions taken by the Board of Directors, and any other

materials (and all drafts thereof) provided to or by the members of the Board of Directors that

concern or relate to the Transfer.

**RESPONSE:**     Kindt objects to Request No. 5 on the grounds that it is overly broad and

burdensome, and is vague, ambiguous, requires speculation to determine its meaning and fails to

specify the documents with sufficient particularity to allow Kindt to determine which documents

are requested and a reasonable method of searching for such documents.

Subject to, and without waiver of, this Objection and the General Objections set forth

above, Kindt will produce relevant, responsive, non-privileged documents, to the extent the same

can be located and are in Kindt's possession.

**REQUEST NO. 6**     All legal opinions, fairness opinions, appraisals or other third party

professional advice given in connection with the Transfer, the Transferred Assets, the QUIPS

Indentures, Second Supplemental Indenture, Third Supplemental Indenture, and/or the Montana

Medium-Term Notes Indenture.

**RESPONSE:**     Kindt objects to Request No. 6 on the grounds that it is overly broad and

unduly burdensome.  Kindt further objects to the request on the grounds that it is vague,

ambiguous, and calls for production of information that is neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence.  Further, Kindt objects to the request

to the extent that it seeks production of documents that could be obtained from third parties or

other sources over which Kindt does not have possession or control or control or of documents

that have previously been made available to Plaintiffs through its prolific litigation in the

NorthWestern Bankruptcy proceeds, and against NorthWestern, PHJW, BONY and others.

**REQUEST NO. 7**    All documents concerning the Trust Agreement and/or Guarantee Agreement.

**RESPONSE:**    Kindt objects to Request No. 7 on the grounds that it is overly broad and unduly burdensome. Further, Kindt objects to the request on the grounds that it is vague, ambiguous, requires speculation to determine its meaning, and fails to specify the documents it seeks with sufficient particularity to allow Kindt to determine which documents are requested and a reasonable method of searching for such documents.

Subject to, and without waiver of, this Objection and the General Objections set forth above, Kindt will produce relevant, responsive, non-privileged documents, to the extent the same can be located and are in Kindt's possession.

**REQUEST NO. 8**    All documents concerning the QUIPS and/or the QUIPS Indenture.

**RESPONSE:**    Kindt objects to Request No. 8 on the grounds that it is overly broad and unduly burdensome. Further, Kindt objects to the request on the grounds that it is vague, ambiguous, requires speculation to determine its meaning, fails to specify the documents it seeks with sufficient particularity to allow Kindt to determine which documents are requested and a reasonable method of searching for such documents, and calls for production of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Kindt also objects to the request to the extent that it seeks production of documents that could be obtained from third parties or other sources over which Kindt does not have possession or control or control or of documents that have previously been made available to Plaintiffs through its prolific litigation in the NorthWestern Bankruptcy proceeds, and against NorthWestern, PHJW, BONY and others.

**REQUEST NO. 9**    All documents concerning the Second Supplemental Indenture.

**RESPONSE:**    Kindt objects to Request No. 9 on the grounds that it is overly broad and unduly burdensome. Further, Kindt objects to the request on the grounds that it is vague, ambiguous, requires speculation to determine its meaning, and fails to specify the documents it

seeks with sufficient particularity to allow Kindt to determine which documents are requested and a reasonable method of searching for such documents.

Subject to, and without waiver of, this Objection and the General Objections set forth above, Kindt will produce relevant, responsive, non-privileged documents, to the extent the same can be located and are in Kindt's possession.

**REQUEST NO. 10**    All documents concerning the Third Supplemental Indenture.

**RESPONSE:**    Kindt objects to Request No. 10 on the grounds that it is overly broad and unduly burdensome. Further, Kindt objects to the request on the grounds that it is vague, ambiguous, requires speculation to determine its meaning, and fails to specify the document it seeks with sufficient particularity to allow Kindt to determine which documents are requested and a reasonable method of searching for such documents. Kindt further objects to the Request to the extent it seeks the production of documents that are available from public sources or from third parties over which Kindt does not have possession or control or of documents that have previously been made available to Plaintiffs through its prolific litigation in the NorthWestern Bankruptcy proceeds, and against NorthWestern, PHJW, BONY and others.

Subject to, and without waiver of, this Objection and the General Objections set forth above, Kindt will produce relevant, responsive, non-privileged documents, to the extent the same can be located and are in Kindt's possession.

**REQUEST NO. 11**    All documents constituting or concerning any communications involving any of the QUIPS Trustees, the Montana Trustee, NorthWestern and/or CSFB concerning the Transfer and/or the Transferred Assets, including, but not limited to, any request for the release of claims against Clark Fork and any purported release of such claims.

**RESPONSE:**    Kindt objects to Request No. 11 on the grounds that it is overly broad and unduly burdensome. Further, Kindt objects to the request on the grounds that it is vague, ambiguous, requires speculation to determine its meaning, and fails to specify the documents it seeks with sufficient particularity to allow Kindt to determine which documents are requested

and a reasonable method of searching for such documents. Kindt further objects to the Request to the extent it seeks the production of documents that are available from public sources or from third parties over which Kindt does not have possession or control or of documents that have previously been made available to Plaintiffs through its prolific litigation in the NorthWestern Bankruptcy proceeds, and against NorthWestern, PHJW, BONY and others.

Subject to, and without waiver of, this Objection and the General Objections set forth above, Kindt will produce relevant, responsive, non-privileged documents, to the extent the same can be located and are in Kindt's possession.

## REQUEST NO. 12

All documents reflecting communication between CSFB and NorthWestern concerning the Transfer or NorthWestern's 2003 Credit Facility.

**RESPONSE:**        Kindt objects to Request No. 12 on the grounds that it is duplicative, overly broad and unduly burdensome. Kindt further objects to the request on the grounds that it is vague, ambiguous, and calls for production of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Kindt also objects to the request to the extent that it seeks production of documents that could be obtained from third parties or other sources over which Kindt does not have possession or control or of documents that have previously been made available to Plaintiffs through its prolific litigation in the NorthWestern Bankruptcy proceeds, and against NorthWestern, PHJW, BONY and others.

**REQUEST NO. 13**    All applications and/or other documents submitted to regulatory authorities in connection with the Transfer.

**RESPONSE:**        Kindt objects to Request No. 13 on the grounds that it is overly broad, unduly burdensome, and is not sufficiently limited in scope to the relevant time period. Further, Kindt objects to the request on the grounds that it is vague and ambiguous, and therefore requires speculation to determine its meaning, and calls for production of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Kindt further

objects to the request to the extent that it seeks the production of publicly available documents or documents that could be obtained from third parties or other sources over which Kindt does not have possession or control or of documents that have previously been made available to Plaintiffs through its prolific litigation in the NorthWestern Bankruptcy proceeds, and against NorthWestern, PHJW, BONY and others.

Subject to, and without waiver of, this Objection and the General Objections set forth above, Kindt will produce relevant, responsive, non-privileged documents, to the extent the same can be located and are in Kindt's possession.

**REQUEST NO. 14**   All documents relating to any and all analyses, reports, summaries, opinions, advice or similar evaluations concerning or relating to the financial condition of NorthWestern at any time between 2001 and the present.

**RESPONSE:**        Kindt objects to Request No. 14 on the grounds that it is overly broad, unduly burdensome, and is not sufficiently limited in scope to the relevant time period.  Further, Kindt objects to the request on the grounds that it is vague and ambiguous, and therefore requires speculation to determine its meaning, particularity with respect to the term "financial condition." Kindt further objects to the request to the extent that it seeks the production of publicly available documents or documents that could be obtained from third parties other sources over which Kindt does not have possession or control or of documents that have previously been made available to Plaintiffs through its prolific litigation in the NorthWestern Bankruptcy proceeds, and against NorthWestern, PHJW, BONY and others.

Subject to, and without waiver of, this Objection and the General Objections set forth above, Kindt will produce relevant, responsive, non-privileged documents, to the extent the same can be located and are in Kindt's possession.

**REQUEST NO. 15**   All documents relating to or concerning the publicly issued financial statements for NorthWestern for the fiscal year ended 2001 through the present.

**RESPONSE:**      Kindt objects to Request No. 15 on the grounds that it is overly broad, unduly burdensome, and is vague, ambiguous, requires speculation to determine its meaning, fails to specify the documents with sufficient particularity to allow Kindt to determine which documents are requested and a reasonable method of searching for such documents, and is not sufficiently limited in scope to the relevant time period. Further, Kindt objects to the request to the extent that it seeks the production of publicly available documents or documents that could be obtained from third parties or other sources over which Kindt does not have possession or control or of documents that have previously been made available to Plaintiffs through its prolific litigation in the NorthWestern Bankruptcy proceeds, and against NorthWestern, PHJW, BONY and others.

Subject to, and without waiver of, this Objection and the General Objections set forth above, Kindt will produce relevant, responsive, non-privileged documents, to the extent the same can be located and are in Kindt's possession.

**REQUEST NO. 16**   All documents relating to any and all analyses, reports, summaries, opinions, advice or similar evaluations concerning or relating to the financial condition of Clark Fork at any time between 2001 and the present.

**RESPONSE:**      Kindt objects to Request No. 16 on the grounds that it is overly broad, unduly burdensome, and is not sufficiently limited in scope to the relevant time period. Further, Kindt objects to the request on the grounds that it is vague and ambiguous, and therefore requires speculation to determine its meaning, particularly with respect to the term "financial condition" and calls for the production of information that is neither relevant not reasonably calculated to lead to the discovery or admissible evidence. Kindt further objects to the request to the extent that it seeks the production of publicly available documents or documents that could be obtained from third parties or other sources over which Kindt does not have possession or control or of documents that have previously been made available to Plaintiffs through its prolific litigation in the NorthWestern Bankruptcy proceeds, and against NorthWestern, PHJW, BONY and others.

**REQUEST NO. 17**   All documents relating to or concerning the publicly issued financial statements for Clark Fork for the fiscal year ended 2001 through the present.

**RESPONSE:**        Kindt objects to Request No. 17 on the grounds that it is overly broad, unduly burdensome, is not sufficiently limited in scope to the relevant time period, and calls for the production of information that is neither relevant nor reasonably calculated to lead to the discovery or admissible evidence.  Further, Kindt objects to the request to the extent that it seeks the production of publicly available documents or documents that could be obtained from third parties or other sources over which Kindt does not have possession or control or of documents that have previously been made available to Plaintiffs through its prolific litigation in the NorthWestern Bankruptcy proceeds, and against NorthWestern, PHJW, BONY and others.

**REQUEST NO. 18**

All documents concerning any possible or actual restatement of any publicly issued financial statements of Clark Fork and/or NorthWestern including, without limitation, any communications with any governmental agency.

**RESPONSE:**        Kindt objects to Request No. 18 to the extent that it seeks documents concerning any possible or actual restatement of any publicly issued financial statements of Clark Fork and NorthWestern on the grounds that it is vague, ambiguous, and calls for production of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, requires speculation to determine its meaning, and fails to specify the documents with sufficient particularity to allow Kindt to determine which documents are requested and a reasonable method of searching for such documents.  Kindt also objects to the request to the extent that it seeks production of documents that could be obtained from third parties or other sources over which Kindt does not have possession or control or of documents that have previously been made available to Plaintiffs through its prolific litigation in the NorthWestern Bankruptcy proceeds, and against NorthWestern, PHJW, BONY and others.

Subject to, and without waiver of, this Objection and the General Objections set forth above, Kindt will produce relevant, responsive, non-privileged documents, to the extent the same can be located and are in Kindt's possession.

**REQUEST NO. 19**   All documents relating to Deloitte & Touche's review of financial information, operating, and other data related to Northwestern.

**RESPONSE:**       Kindt objects to Request No. 19 on the grounds that it is overly broad and burdensome, and is vague, ambiguous, requires speculation to determine its meaning and fails to specify the documents with sufficient particularity to allow Kindt to determine which documents are requested and a reasonable method of searching for such documents, and is not sufficiently in scope to the relevant time period.  Kindt also objects to the request to the extent that it seeks production of documents that could be obtained from third parties or other sources over which Kindt does not have possession or control or of documents that have previously been made available to Plaintiffs through its prolific litigation in the NorthWestern Bankruptcy proceeds, and against NorthWestern, PHJW, BONY and others.

Subject to, and without waiver of, this Objection and the General Objections set forth above, Kindt will produce relevant, responsive, non-privileged documents, to the extent the same can be located and are in Kindt's possession.

**REQUEST NO. 20**   All documents relating to Deloitte & Touche's review of financial information, operating and other data related to Clark Fork.

**RESPONSE:**       Kindt objects to Request No. 20 on the grounds that it is overly broad and burdensome, and is vague, ambiguous, requires speculation to determine its meaning and fails to specify the documents with sufficient particularity to allow Kindt to determine which documents are requested and a reasonable method of searching for such documents, and is not sufficiently limited in scope to the relevant time period.  Kindt also objects to the request to the extent that it seeks production of documents that could be obtained from third parties or other sources over which Kindt does not have possession or control or of documents that have previously been

made available to Plaintiffs through its prolific litigation in the NorthWestern Bankruptcy proceeds, and against NorthWestern, PHJW, BONY and others.

**REQUEST NO. 21** All documents relating to Arthur Andersen's review of NorthWestern's financial or accounting information between 2001 and 2003.

**RESPONSE:**     Kindt objects to Request No. 21 on the grounds that it is overly broad and burdensome, and is vague, ambiguous, requires speculation to determine its meaning and fails to specify the documents with sufficient particularity to allow Kindt to determine which documents are requested and a reasonable method of searching for such documents, and is not sufficiently limited in scope to the relevant time period. Kindt also objects to the request to the extent that it seeks production of documents that could be obtained from third parties or other sources over which Kindt does not have possession or control or of documents that have previously been made available to Plaintiffs through its prolific litigation in the NorthWestern Bankruptcy proceeds, and against NorthWestern, PHJW, BONY and others.

Subject to, and without waiver of, this Objection and the General Objections set forth above, Kindt will produce relevant, responsive, non-privileged documents, to the extent the same can be located and are in Kindt's possession.

**REQUEST NO. 22** All documents concerning or relating to NorthWestern's accounting policies in effect at any time between 2001 and the present.

**RESPONSE:**     Kindt objects to Request No. 22 on the grounds that it is overly broad and burdensome, and is vague, ambiguous, requires speculation to determine its meaning, fails to specify the documents with sufficient particularity to allow Kindt to determine which documents are requested and a reasonable method of searching for such documents, and is not sufficiently limited in scope to the relevant time period. Kindt also objects to the request to the extent that it seeks production of documents that could be obtained from third parties or other sources over which Kindt does not have possession or control or of documents that have previously been

made available to Plaintiffs through its prolific litigation in the NorthWestern Bankruptcy

proceeds, and against NorthWestern, PHJW, BONY and others.

Subject to, and without waiver of, this Objection and the General Objections set forth

above, Kindt will produce relevant, responsive, non-privileged documents, to the extent the same

can be located and are in Kindt's possession.

**REQUEST NO. 23**    All documents relating to communications with members of the Board of

Directors including, without limitation, presentations, proposals, minutes and resolutions of all

board meetings and all written consents or actions taken by the Board of Directors, and any other

materials (and all drafts thereof) provided to or by the members of the Board of Directors that

concern or relate to the Financial Statements including, without limitations, the restatement of

the Financial Statements for the first three quarters of the fiscal year ended 2002.

**RESPONSE:**    Kindt objects to Request No. 23 on the grounds that it is overly broad and

burdensome, and is vague, ambiguous, requires speculation to determine its meaning, fails to

specify the documents with sufficient particularity to allow Kindt to determine which documents

are requested and a reasonable method of searching for such documents, and is not sufficiently

limited in scope to the relevant time period.  Kindt also objects to the request to the extent that it

seeks production of documents that could be obtained from third parties or other sources over

which Kindt does not have possession or control or of documents that have previously been

made available to Plaintiffs through its prolific litigation in the NorthWestern Bankruptcy

proceeds, and against NorthWestern, PHJW, BONY and others.

Subject to, and without waiver of, this Objection and the General Objections set forth

above, Kindt will produce relevant, responsive, non-privileged documents, to the extent the same

can be located and are in Kindt's possession.

**REQUEST NO. 24**    All documents relating to communications regarding the audit committee

including, without limitation, presentations, proposals, minutes and resolutions of all board

meetings, and any other materials (and all drafts thereof) provided to or by the members of the

audit committee that concern or relate to the Financial Statements including, without limitation, the restatement of the Financial Statements for the first three quarters of the fiscal year ended 2002 and any investigation or inquiry concerning the Financial Statements.

**RESPONSE:**      Kindt objects to Request No. 24 on the grounds that it is overly broad and burdensome, and is vague, ambiguous, requires speculation to determine its meaning, fails to specify the documents with sufficient particularity to allow Kindt to determine which documents are requested and a reasonable method of searching for such documents, and is not sufficiently limited in scope to the relevant time period. Kindt also objects to the request to the extent that it seeks production of documents that could be obtained from third parties or other sources over which Kindt does not have possession or control or of documents that have previously been made available to Plaintiffs through its prolific litigation in the NorthWestern Bankruptcy proceeds, and against NorthWestern, PHJW, BONY and others.

Subject to, and without waiver of, this Objection and the General Objections set forth above, Kindt will produce relevant, responsive, non-privileged documents, to the extent the same can be located and are in Kindt's possession.

**REQUEST NO. 25**   All documents concerning any analysis performed as of or prior to the date of the Transfer to determine whether following the Transfer NorthWestern would be able to pay its liabilities (including without limitation the liabilities it had assumed with respect to the Junior Debentures and the QUIPS) as they became due in the ordinary course of its business.

**RESPONSE:**      Kindt objects to Request No. 25 on the grounds that it is overly broad, unduly burdensome, and is not sufficiently limited in scope to the relevant time period, and fails to specify the documents with sufficient particularity to allow Kindt to determine which documents are requested and a reasonable method of searching for such documents. Further objects to the request to the request on the grounds that it is vague and ambiguous, and therefore requires speculation to determine its meaning. Kindt further objects to the Request to the extent it seeks the production of documents that are available from public sources or from third parties

over which Kindt does not have possession or control or of documents that have previously been made available to Plaintiffs through its prolific litigation in the NorthWestern Bankruptcy proceeds, and against NorthWestern, PHJW, BONY and others.

Subject to, and without waiver of, this Objection and the General Objections set forth above, Kindt will produce relevant, responsive, non-privileged documents, to the extent the same can be located and are in Kindt's possession.

**REQUEST NO. 26**    All documents constituting or concerning any instructions given by NorthWestern to you to execute documents or take other actions in connection with the Transfer.

**RESPONSE:**    Kindt objects to Request No. 26 on the grounds that is overly broad, unduly burdensome, and is not sufficiently limited in scope to the relevant time period. Further, Kindt objects to the request on the grounds that it is vague and ambiguous, and therefore requires speculation to determine its meaning, and calls for production of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Kindt also objects to the request to the extent that it seeks production of documents that could be obtained from third parties over which Kindt does not have possession or control or of documents that have previously been made available to Plaintiffs through its prolific litigation in the NorthWestern Bankruptcy proceeds, and against NorthWestern, PHJW, BONY and others.

**REQUEST NO. 27**    All documents concerning any actual or potential write down by NorthWestern of the Expanets Investment.

**RESPONSE:**    Kindt objects to Request No. 27 on the grounds that it is overly broad, unduly burdensome, and is not sufficiently limited to scope to the relevant time period, and fails to specify the documents with sufficient particularity to allow Kindt to determine which documents are requested and a reasonable method of searching for such documents. Further, Kindt objects to the request to the extent that it seeks the production of publicly available documents or documents that could be obtained from third parties or other sources over which Kindt does not have possession or control or of documents that have previously been made

available to Plaintiffs through its prolific litigation in the NorthWestern Bankruptcy proceeds,
and against NorthWestern, PHJW, BONY and others.

Subject to, and without waiver of, this Objection and the General Objections set forth
above, Kindt will produce relevant, responsive, non-privileged documents, to the extent the same
can be located and are in Kindt's possession.

**REQUEST NO. 28**

All operating agreements for Clark For, or any other documents setting forth your rights,
duties, and/or responsibilities as an officer, employee or agent of Clark Fork.

**RESPONSE:**       Kindt objects to Request No. 28 on the grounds that it is overly broad,
unduly burdensome, and is not limited in scope to the relevant time period. Further, Kindt
objects to the request on the grounds that it is vague, ambiguous, and calls for production of
information that is neither relevant nor reasonably calculated to lead to the discovery of
admissible evidence. Finally, Kindt objects to the request to the extent that it seeks the
production of publicly available documents or documents that could be obtained from third
parties other sources over which Kindt does not have possession or control or of documents that
have previously been made available to Plaintiffs through its prolific litigation in the
NorthWestern Bankruptcy proceeds, and against NorthWestern, PHJW, BONY and others.

**REQUEST NO. 29**

All documents reflecting any compensation paid to any law firm(s), investment bank(s),
accountant(s), and/or other financial advisor(s) in connection with the Transfer.

**RESPONSE:**       Kindt objects to Request No. 29 on the grounds that it is overly broad and
unduly burdensome. Kindt further objects to the request on the grounds that it is vague,
ambiguous, and calls for production of information that is neither relevant nor reasonably
calculated to lead to the discovery of admissible evidence. Kindt also objects to the request to
the extent that it seeks production of documents that could be obtained from third parties or other
sources over which Kindt does not have possession or control or of documents that have

previously been made available to Plaintiffs through its prolific litigation in the NorthWestern

Bankruptcy proceeds, and against NorthWestern, PHJW, BONY and others.

**REQUEST NO. 30**

      All documents concerning the amount of compensation you have received form

NorthWestern since the Transfer.

**RESPONSE:**      Kindt objects to this request because it is not specifically limited in scope

to the relevant time period and therefore calls for production of information that is neither

relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 31**

      All insurance policies referred to in section M of the Preliminary Pretrial Statement of

Mike J. Kindt and Ernie J. Kindt, dated May 17, 2005, in the action captioned <u>Magten Asset</u>

<u>Management Corporation v. Mike J. Kindt & Ernie J. Kindt</u>.

**RESPONSE:**      Kindt objects to Request No. 31 to the extent that it seeks production of

documents that could be obtained from other parties and is therefore duplicative.

      Subject to, and without waiver of, this Objection and the General Objections set forth

above, Kindt will produce relevant, responsive, non-privileged documents, to the extent the same

can be located and are in Kindt's possession.


      DATED this 27th day of October, 2006.

                BROWNING, KALECZYC, BERRY & HOVEN, P.C.


                By _____
                   Stanley T. Kaleczyc
                   Kimberly A. Beatty

                 Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of October, 2006, a true copy of the foregoing was mailed by first-class mail, postage prepaid, addressed as follows:

Bonnie Steingert
John W. Brewer
Fried, Frank, Harris, Shriver & Jacobson, LLP
One New York Plaza
New York, NY 10004

Dale R. Dube
Elio Battista, Jr.
BLANK ROME LLP
1201 Market Street, Suite 800
Wilmington, DE 19801

John V. Snellings
Amanda D. Darwin
Nixon Peabody, LLP
John Snellings
100 Summer Street
Boston, MA 02110

Kathleen M. Miller
David A. Jenkins
Smith Katzenstein & Furlow, LLP
800 Delaware Aveneue
P.O. Box 410
Wilmington, DE 19899

Bijon Amini
Avery Samet
Storch Amini & Munves, PC
2 Grand Central Tower
140 East 45th Street, 25th Floor
New York, NY 10017-2131

Steven J. Reisman/Joseph D. Pizzurro/
Nancy E. Delaney/Miriam K. Harwood
Curtis, Mallet-Prevost, Colt & Mosle LLP
101 Park Avene
New York, NY 10178-0061

Victoria W. Couniham
Dennis A. Meloro
Greenberg Traurig LLP
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801

Dennis E. Glazer
Paul Spagnoletti
Davis, Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

Robert J. Dehney
Curtis S. Miller
Morris Nichols Arsht & Tunnell LLP
1201 Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

Denise Seastone Kraft
Edwards & Angell LLP
919 Market Street
Wilmington, Delaware 19801

_____

BROWNING, KALECZYC, BERRY & HOVEN, P.C.