# **Exhibit H**

Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004-1980
Tel: 212.859.8000
Fax: 212.859.4000
www.friedfrank.com



Direct Line: 212.859.8004
Fax: 212.859.8583
steinbo@ffhsj.com

November 3, 2006

**VIA ELECTRONIC MAIL**

Stanley T. Kaleczyc, Esq.
Kimberly A. Beatty, Esq.
Browning, Kaleczyc Berry and Hoven P.C.
139 North Last Chance Gulch
P.O. Box 1697
Helena, Montana 59624

Re:   Magten Asset Management Corp. v. Mike J. Hanson and Ernie J. Kindt; C.A. No. 05-0499-JJF

Dear Counsel:

We are writing regarding Defendants Hanson's and Kindt's Responses and Objections to Plaintiffs' First Request for Document Production, dated October 27, 2006 (the "Responses & Objections"). We note that you have acknowledged, without prejudice to your objections, your obligation to produce documents responsive to the requests numbered 1, 2, 5, 7, 9-11, 13-15, 18, 19, 21-25, 27 and 31. However, you have to date not actually produced *any* documents, nor have you given any indication of when you intend to do so. In an email sent to plaintiff's counsel John Brewer on October 18, you indicated that your contemplated schedule for a rolling production would be forthcoming shortly. Over two weeks have gone by since then. Please provide us immediately with dates certain on which you will commit to commence and complete the production of these documents. Absent such a firm commitment to dates reasonably acceptable to plaintiff, you will be in default of your obligations under the Federal Rules. We assume you will provide a satisfactory privilege log no later than the date on which you complete production.

We also note your "General Objection" to producing documents "created on or after or related to events occurring after November 15, 2002", the date on which the key

Fried, Frank, Harris, Shriver & Jacobson LLP

November 3, 2006
Page 2

transaction at issue – the transfer of the assets from Clark Fork to NorthWestern – was consummated. It is not entirely clear to us whether you nonetheless intend to produce otherwise responsive documents created subsequent to this date subject to the objection, or whether you are instead refusing to produce any such documents. If the latter, this position is unacceptable. It is implausible and wholly unbelievable that Hanson, Kindt, and other Clark Fork and NorthWestern personnel suddenly ceased to generate any records evidencing their understanding and recollection of the relevant facts and circumstances on the day the transaction closed. Moreover, the restatement of NorthWestern's financials, which indicated that NorthWestern was indeed insolvent at the time of the transfer of the Clark Fork assets, occurred nearly six months after the transaction. Frankly, while it is not uncommon for a *beginning* cut-off date to be used for document productions, we are aware of no authority for an *ending* cut-off date to be unilaterally imposed – particularly a date that cuts-off significant events directly related to the allegations in the complaint.

Moreover, as to a significant portion of plaintiff's requests (numbers 3, 4, 6, 8, 12, 16, 17, 20, 26, 28-30), it appears that you are refusing to produce any responsive documents. Your boilerplate objections to these requests are both substantively groundless and, just as importantly, contrary to Judge Farnan's prior rulings. For example, this is a breach of fiduciary duty action in which plaintiffs allege that Hanson and Kindt breached their duties to Clark Fork by transferring Clark Fork's assets to NorthWestern for inadequate consideration at the harm of Clark Fork's creditors. Your contention that documents showing the value of the assets NorthWestern acquired from Clark Fork (request number 3) and the value of any consideration provided to Clark Fork in return for those assets (request number 4) are "neither relevant nor reasonably calculated to lead to the discovery of admissible evidence" is thus specious on its face. Likewise, your refusal to produce any documents responsive to more than a dozen requests "that are available from public sources or from third parties" is contrary to law. Hanson and Kindt are the defendants in this action, and cannot refuse to produce relevant documents in their own possession. Whatever limited right third parties served with Rule 45 subpoenas might have to resist the production of documents that could be obtained from the parties to the litigation, there is absolutely no legal ground for a party to the litigation to seek to shift the burden of discovery in the other direction.

In any event, your blunderbuss burden and relevance objections have already been raised and have already been rejected. Judge Farnan had the full text of our document requests in front of him when ruling on NorthWestern's motion for protective order, in which Hanson and Kindt joined in. In his memorandum decision and order denying the motion, he expressly found that "Defendant has not demonstrated that it will suffer any annoyance embarrassment or oppression if it complies with [the] pending discovery requests." He further held that "Defendant has not overcome Plaintiffs' contention that the information sought in its discovery requests is relevant

Fried, Frank, Harris, Shriver & Jacobson LLP

November 3, 2006
Page 3

and necessary." Without prejudice to the binding force of Judge Farnan's ruling, if you have a reasonable good faith proposal to narrow the scope of a particular request, combined with a willingness to produce documents responsive to the request as so narrowed, we will be willing to consider it. Your current position, however, is both untenable and unacceptable.

Please provide us no later than November 8, with (i) dates certain for your production to be commenced and completed (ii) a satisfactory response to the other issues raised in this letter, or else we will have no alternative but to seek appropriate relief compelling full and timely compliance with our document requests, including costs.

Counsel is available by phone should you wish to discuss.

Sincerely,

Bonnie Steingart /ko

Bonnie Steingart

-and-

Dale R. Dubé
Blank Rome LLP

cc:   John E. James, Esquire (courtesy copy, via hand delivery)
      Gary L. Kaplan, Esquire
      John W. Brewer, Esquire
      Bijan Amini, Esquire
      Jesse H. Austin, III, Esquire
      Victoria W. Counihan, Esquire
      Nancy E. Delaney, Esquire
      Karol K. Denniston, Esquire
      Dennis E. Glazer, Esquire
      Miriam K. Harwood, Esquire
      David A. Jenkins, Esquire
      Paul Spagnoletti, Esquire
      Joseph D. Pizzuro, Esquire

Fried, Frank, Harris, Shriver & Jacobson LLP

November 3, 2006
Page 4

Steven J. Reisman, Esquire
Denise Seastone Kraft, Esquire
Adam G. Landis, Esquire
Dennis A. Meloro, Esquire
Curtis S. Miller, Esquire
Kathleen M. Miller, Esquire
John V. Snellings, Esquire