# Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| NORTHWESTERN CORPORATION, | ) ) | Case No. 03-12872 (JLP) |
| Reorganized Debtor. | ) ) ) | |
| | ) | |
| MAGTEN ASSET MANAGEMENT CORPORATION, and LAW DEBENTURE TRUST COMPANY OF NEW YORK, | ) ) ) ) | |
| Plaintiff, | ) ) | Adv. No. 04-53324 (JLP) |
| v. | ) ) ) | |
| NORTHWESTERN CORPORATION, | ) ) | |
| Defendant. | ) ) ) | |

**AMENDED ANSWER, AFFIRMATIVE DEFENSES AND
WITHDRAWAL OF COUNTERCLAIMS TO FIRST AMENDED
COMPLAINT, OTHER THAN OBJECTION TO THE QUIPS
LITIGATION CLAIM (AS DEFINED HEREIN)**

NorthWestern Corporation, a Delaware corporation (**"NorthWestern"** or the **"Defendant"**), by and through its undersigned counsel, hereby files its Amended Answer and Affirmative Defenses to the First Amended Complaint to Avoid the Transfer of Assets of Clark Fork and Blackfoot LLC (F/K/A NorthWestern Energy LLC) to NorthWestern Corporation (the **"Complaint"**), filed by Magten Asset Management Corporation (**"Magten"**) and Law Debenture Trust Company of New York (**"Law Debenture,"** and together with Magten, the **"Plaintiffs"**), pursuant to Federal Rule of Bankruptcy Procedure 7012 and in conformity with Form 20 of the Federal Rules of Civil Procedure, and hereby states in paragraph order in response to the specific allegations of Plaintiffs' Complaint as follows:

NY55/435067.2

1.     NorthWestern specifically denies that it received, in fraudulent conveyance, substantially all of the assets of its wholly owned subsidiary, Clark Fork and Blackfoot LLC (f/k/a NorthWestern Energy LLC) (**"Clark Fork"**).  NorthWestern is without sufficient knowledge and information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 1, and therefore denies same and demands strict proof thereof.

2.     NorthWestern admits that at the time of the transfer of the assets of Clark Fork to NorthWestern, NorthWestern was the sole member of Clark Fork.  NorthWestern admits that certain assets and liabilities of Clark Fork were transferred to the Debtor as part of the "going flat" transaction.  NorthWestern admits that it did file a voluntary petition for relief under chapter 11 of the Bankruptcy Code on September 14, 2003.  NorthWestern denies the remaining allegations contained in paragraph 2.

3.     The allegations set forth in Paragraph 3 constitute legal conclusions to which no answer is required.

4.     The allegations set forth in Paragraph 4 constitute legal conclusions to which no answer is required.

5.     On November 3, 2004, NorthWestern filed a motion to dismiss the First Cause of Action in the Complaint (the **"PUHCA Count"**) and certain requested relief contained therein (the **"Requested Relief"**) on the basis that these issues were overruled by this Court in the context of NorthWestern's Confirmation Hearing and are now barred by the doctrines of *res judicata* and law of the case [Docket No. 28 and 29] (the **"Motion to Dismiss"**).  The allegations set forth in Paragraph 5 constitute facts in support of the precluded PUCHA Count and are not relevant to a determination of this adversary proceeding.  By answering this Complaint, NorthWestern does not intend to waive any of the relief requested in the Motion to Dismiss, and

expressly reserves all of its rights pertaining thereto. Without waiving any of its rights in the Motion to Dismiss, NorthWestern admits that on February 12, 2002 it filed, in good faith, an exemption application (the "**Application**") under the Public Utility Holding Company Act of 1935, 15 U.S.C. §79a, *et seq.* ("**PUHCA**"). NorthWestern denies the remaining allegations contained in paragraph 5 and refers to the Application for its terms.

6.    Without waiving any of its rights in the Motion to Dismiss, NorthWestern denies that before the Second Supplemental Indenture or Third Supplemental Indenture were issued the Debtor's predominant business was focused on its profitable utility operations and was, therefore, ineligible for a PUCHA exception. NorthWestern denies the remaining allegations contained in paragraph 6, and refers to the Debtor's public statements, public filings, including SEC filings, and documents related to the transaction for their contents.

7.    Without waiving any of its rights in the Motion to Dismiss, the allegations set forth in Paragraph 7 constitute legal conclusions to which no answer is required.

8.    Without waiving any of its rights in the Motion to Dismiss, NorthWestern states that to the extent that paragraph 8 of the Complaint states a legal conclusion, no responsive pleading is required and to the extent that paragraph 8 of the Complaint states a factual conclusion, Defendant is without sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph 8, and therefore denies same and demands strict proof thereof. By way of further response, it is specifically denied that the Application was not filed in good faith.

9.    Without waiving any of its rights in the Motion to Dismiss, NorthWestern denies the allegations in paragraph 9 as the Complaint speaks for itself.

## JURISDICTION AND VENUE

10. The allegations set forth in Paragraph 10 constitute legal conclusions to which no answer is required.

11. The allegations set forth in Paragraph 11 constitute legal conclusions to which no answer is required.

12. The allegations set forth in Paragraph 12 constitute legal conclusions to which no answer is required.

## THE PARTIES

13. NorthWestern is without sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph 13, and therefore denies same and demands strict proof thereof.

14. NorthWestern is without sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph 14, and therefore denies same and demands strict proof thereof.

15. NorthWestern denies the allegations in paragraph 15 as the Trust and the Indenture governing the Junior Debentures speak for themselves.

16. NorthWestern denies the allegations in paragraph 16 as the Indenture governing the Junior Debentures speaks for itself.

17. NorthWestern is without sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph 17, and therefore denies same and demands strict proof thereof.

18. NorthWestern is without sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph 18, and therefore denies same and demands strict proof thereof.

19.    Admitted.

20.    Admitted.

21.    Admitted, however, the Debtor's Plan of Reorganization became effective on November 1, 2004, and therefore, NorthWestern is no longer a debtor in possession.

22.    Admitted.

## BACKGROUND

### The Montana Power Company

23.    NorthWestern is without sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph 23, and therefore denies same and demands strict proof thereof.

24.    NorthWestern is without sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph 24, and therefore denies same and demands strict proof thereof.

25.    NorthWestern denies the allegations in paragraph 25 as the Indenture speaks for itself.

26.    NorthWestern is without sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph 26, and therefore denies same and refers to the Trust Agreement for its contents.

27.    NorthWestern denies the allegations in paragraph 27 as the Trust Agreement speaks for itself.

28.    NorthWestern is without sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph 28, and therefore denies same and refers to the Trust Agreement for its terms.

29.    NorthWestern is without sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph 29, and therefore denies same and refers to the Trust Agreement for its terms.

30.    NorthWestern denies the allegations in paragraph 30 as the Indenture governing the Junior Debentures speaks for itself.

31.    NorthWestern is without sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph 31, and therefore denies same and refers to the Guarantee Agreement for its terms.

32.    NorthWestern denies the allegations in paragraph 32 as the Indenture, the Trust Agreement, the Expense Agreement and the Guarantee Agreement speak for themselves.

**The Sale of the Montana Power Company's Utility Assets & the PUHCA Application**

33.    NorthWestern is without sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph 33, and therefore denies same and demands strict proof thereof.

34.    NorthWestern admits that Montana Power entered into the Unit Purchase Agreement with NorthWestern. NorthWestern denies the remaining allegations contained in paragraph 34, and refers to the documents related to the transaction for their contents.

35.    It is admitted that on February 13, 2002, not February 1, 2002, MPC merged all of its assets into MPLLC.

36.    Without waiving any of its rights in the Motion to Dismiss, NorthWestern admits the allegations contained in paragraph 36.

37.    NorthWestern admits that on February 15, 2002, NorthWestern purchased all unit interests of MPLLC. NorthWestern denies the remaining allegations contained in paragraph 37, and refers to the documents related to the transaction for their contents.

38.    NorthWestern admits that MPLLC became a wholly owned subsidiary of NorthWestern. NorthWestern denies the remaining allegations contained in paragraph 38, and refers to the documents related to the transaction for their contents.

39.    Without waiving any of its rights in the Motion to Dismiss, NorthWestern denies the allegations in paragraph 39 as the Application speaks for itself.

40.    Without waiving any of its rights in the Motion to Dismiss, NorthWestern denies the allegations in paragraph 40 as the Application, the Debtor's public statements, public filings, including SEC filings, and documents related to the transaction speak for themselves.

41.    Without waiving any of its rights in the Motion to Dismiss, NorthWestern denies the allegations in paragraph 41 as the Application, the Debtor's public statements, public filings, including SEC filings, and documents related to the transaction speak for themselves.

42.    Without waiving any of its rights in the Motion to Dismiss, NorthWestern denies the allegations in paragraph 42 as the NorthWestern Corporation 8-K filed February 7, 2002 speaks for itself.

43.    Without waiving any of its rights in the Motion to Dismiss, NorthWestern denies the allegations in paragraph 43 as the Debtor's 2001 Annual Shareholder's Report and the Application speak for themselves.

44.    NorthWestern admits that MPLLC entered into the First Supplemental Indenture on February 13, 2002. NorthWestern denies the remaining allegations contained in paragraph 44, and refers to the First Supplemental Indenture for its terms.

NY55/435067.2                                    7

45.    NorthWestern denies the allegations contained in paragraph 45 in that the letter agreement and Guarantee Agreement speak for themselves.

46.    NorthWestern denies the allegations contained in paragraph 46, and refers to the documents related to the transaction for their contents.

47.    Admitted.

48.    NorthWestern admits that it entered into the Second Supplemental Indenture on August 13, 2002. NorthWestern denies the remaining allegations contained in paragraph 48, and refers to the Second Supplemental Indenture for its terms.

49.    NorthWestern admits that NorthWestern, NorthWestern Energy and The Bank of New York, as Trustee, executed the Amendment to Guaranty Agreement dated as of August 13, 2002. NorthWestern denies the remaining allegations contained in paragraph 49, and refers to the Amendment to Guaranty Agreement for its terms.

50.    NorthWestern denies the allegations contained in paragraph 50, and refers to the letter agreement for its terms.

51.    The allegations set forth in Paragraph 51 constitute legal conclusions to which no answer is required.

**The Transfer**

52.    NorthWestern admits that on or about November 15, 2002, NorthWestern Energy and NorthWestern entered into an Asset and Stock Transfer Agreement dated as of November 15, 2002, pursuant to which certain property and assets of NorthWestern Energy were transferred to NorthWestern, and NorthWestern assumed substantially all of the liabilities of NorthWestern Energy. The Debtor further admits that NorthWestern Energy retained the Milltown Dam that operates under a license that expires in 2007. NorthWestern denies the

remaining allegations contained in paragraph 52, and refers to the documents related to the transaction for their contents.

53.    The allegations set forth in the last sentence of Paragraph 53 constitute legal conclusions to which no answer is required.    NorthWestern denies the remaining allegations contained in paragraph 53.

54.    NorthWestern admits that it funds certain costs and expenses associated with the operation of the Milltown Dam.  The remaining allegations set forth in the Paragraph 54 constitute legal conclusions to which no answer is required.

55.    NorthWestern admits that on or about November 15, 2002, as part of the transfer of assets, NorthWestern and The Bank of New York, as Trustee, entered into the Third Supplemental Indenture.  NorthWestern denies the remaining allegations contained in paragraph 55, and refers to the Third Supplemental Indenture for its terms.

56.    NorthWestern denies the allegations contained in paragraph 56, and refers to the Guarantee Assumption Agreement for its terms.

57.    NorthWestern denies the allegations contained in paragraph 57, and refers to the Trust Assumption Agreement for its terms.

58.    Admitted.

59.    Admitted.

**The Debtor's Fraudulent Financial Statements and Subsequent chapter 11 Filing**

60.    NorthWestern admits that on or about April 16, 2003, the Debtor reported its financial results for the fiscal year ended ("FYE") 2002 and that these filings included a restatement of the previously unaudited quarterly results for the first three quarters of FYE 2002.

NorthWestern denies the remaining allegations contained in paragraph 60, and refers to the reported financial results for its terms.

61.    Admitted.

62.    Admitted.

63.    NorthWestern admits that on the petition date it filed the "Clark Fork Motion" and disclosed the existence of the "Support Agreement". NorthWestern denies the remaining allegations contained in paragraph 63, and refers to the Clark Fork Motion for its terms.

64.    NorthWestern admits that it received approval to pay up to $370,000 per month on behalf of Clark Fork in connection with the Support Agreement. NorthWestern denies the remaining allegations contained in paragraph 64, and refers to the Clark Fork Motion and Support Agreement for their terms.

**The Debtor's Attempt to Release Clark Fork**

65.    NorthWestern denies the allegations contained in paragraph 65 and refers to the Indenture for its terms.

66.    NorthWestern denies the allegations contained in paragraph 66 and refers to the Third Supplemental Indenture for its terms.

67.    NorthWestern is without sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph 67 and therefore denies same and demands strict proof thereof.

68.    NorthWestern is without sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph 68 and therefore denies same and refers to the Third Supplemental Indenture for its terms.

69.    The allegations set forth in Paragraph 69 constitute legal conclusions to which no answer is required.

## FIRST CAUSE OF ACTION

### (A declaration that all Documents Executed in Furtherance of the Transfer are Void)

70.    Debtor repeats and incorporates herein each of the answers set forth in paragraphs 1 through 69 above.

71.    Without waiving any of its rights in the Motion to Dismiss, the allegations set forth in Paragraph 71 constitute legal conclusions to which no answer is required.

72.    Without waiving any of its rights in the Motion to Dismiss, the allegations set forth in Paragraph 72 constitute legal conclusions to which no answer is required.

73.    Without waiving any of its rights in the Motion to Dismiss, it is specifically denied that the Application was not filed in good faith.  In addition, the allegations set forth in Paragraph 73 constitute legal conclusions to which no answer is required.

74.    Without waiving any of its rights in the Motion to Dismiss, it is specifically denied that the Application was not filed in good faith.  In addition, the allegations set forth in Paragraph 74 constitute legal conclusions to which no answer is required.

75.    Without waiving any of its rights in the Motion to Dismiss, it is specifically denied that the Application was not filed in good faith.  In addition, the allegations set forth in Paragraph 75 constitute legal conclusions to which no answer is required.

## SECOND CAUSE OF ACTION

### (The Transfer was Fraudulent Under Montana Law Because of an Actual Intent to Hinder, Delay, or Defraud Creditors)

76.    Debtor repeats and incorporates herein each of the answers set forth in paragraphs 1 through 75 above.

77.   The allegations set forth in Paragraph 77 constitute legal conclusions to which no answer is required.

78.   The allegations set forth in Paragraph 78 constitute legal conclusions to which no answer is required.

79.   NorthWestern admits that the QUIPS holders are subordinated creditors of the Debtor. NorthWestern specifically denies that the QUIPS holders are creditors of Clark Fork by operation of the Guarantee Agreement and the Indenture.

80.   NorthWestern admits that it is the parent of Clark Fork. The remaining allegations set forth in Paragraph 80 constitute legal conclusions to which no answer is required.

81.   NorthWestern admits that the value of the assets transferred from Clark Fork to the Debtor were valued between $1.15 billion and $1.4 billion. The remaining allegations set forth in Paragraph 81 are denied as the Debtor's public statements, public filings, including SEC filings, and documents related to the transaction speak for themselves.

82.   The allegations set forth in Paragraph 82 constitute legal conclusions to which no answer is required.

83.   The allegations set forth in Paragraph 83 constitute legal conclusions to which no answer is required.

84.   The allegations set forth in Paragraph 84 constitute legal conclusions to which no answer is required.

## THIRD CAUSE OF ACTION

### (The Transfer was Fraudulent as a Constructive Fraud Which Rendered Clark Fork Insolvent)

85-89. On May 14, 2004, NorthWestern filed its Motion and Supporting Brief, to Dismiss the Complaint of Magten Asset Management Corporation and Law Debenture Trust

Company of New York for Failure to State a Claim Upon Which Relief Can Be Granted (the "**Motion**") [Docket No. 5]. On August 20, 2004, the Court issued its Under Advisement Decision re: Motion to Dismiss (the "**Opinion**") granting in part and denying in part the Motion. Pursuant to the Court's ruling at the November 3, 2004 omnibus hearing in NorthWestern's bankruptcy case, the allegations set forth in Paragraphs 85-89 were dismissed by this Court in the Opinion and therefore no answer is required.

## FOURTH CAUSE OF ACTION

### (The Transfer was Fraudulent as a Constructive Fraud Because it Rendered Clark Fork Undercapitalized)

90-94. On May 14, 2004, NorthWestern filed its Motion and Supporting Brief, to Dismiss the Complaint of Magten Asset Management Corporation and Law Debenture Trust Company of New York for Failure to State a Claim Upon Which Relief Can Be Granted (the "**Motion**") [Docket No. 5]. On August 20, 2004, the Court issued its Under Advisement Decision re: Motion to Dismiss (the "**Opinion**") granting in part and denying in part the Motion. Pursuant to the Court's ruling at the November 3, 2004 omnibus hearing in NorthWestern's bankruptcy case, the allegations set forth in Paragraphs 90-94 were dismissed by this Court in the Opinion and therefore no answer is required.

## FIFTH CAUSE OF ACTION

### (Unjust Enrichment)

95.     Debtor repeats and incorporates herein each of the answers set forth in paragraphs 1 through 94 above

96.     Admitted.

97.     The allegations set forth in Paragraph 97 constitute legal conclusions to which no answer is required.

98.   NorthWestern states that to the extent that paragraph 98 of the Complaint states legal conclusions, no responsive pleading is required and to the extent that paragraph 98 of the Complaint states factual conclusions, NorthWestern denies the allegations contained in paragraph 98 as the Debtor's public statements, public filings, including SEC filings, and documents related to the transaction speak for themselves.

99.   NorthWestern states that to the extent that paragraph 99 of the Complaint states legal conclusions, no responsive pleading is required and to the extent that paragraph 99 of the Complaint states factual conclusions, NorthWestern denies the allegations contained in paragraph 99 as the Debtor's public statements, public filings, including SEC filings, and documents related to the transaction speak for themselves.

100.   NorthWestern is without sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph 100, and therefore denies same and demands strict proof thereof.

101.   NorthWestern admits that the Junior Debentures were subordinated obligations to the other debt owed by Montana Power and upon the assumption of liabilities by the Debtor, were junior to the Debtor's senior debt. The remainder of the allegations set forth in Paragraph 101 constitute legal conclusions to which no answer is required.

## AFFIRMATIVE DEFENSES

NorthWestern asserts the following affirmative defenses without assuming any burden of proof on issues where Plaintiffs bear such burdens:

## FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The claims asserted in the complaint are barred, in whole or in part, by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

The claims asserted in the complaint are barred, in whole or in part, under the doctrines of waiver, estoppel and laches.

## FOURTH AFFIRMATIVE DEFENSE

The claims asserted in the complaint are barred, in whole or in part, because the plaintiffs lack standing to assert some or all of the claims asserted in the complaint.

## FIFTH AFFIRMATIVE DEFENSE

The claims asserted in the complaint are barred, in whole or in part, because the plaintiffs do not have the legal authority to bring an action on behalf of a class of Clark Fork's creditors.

## SIXTH AFFIRMATIVE DEFENSE

The claims asserted in the complaint are barred, in whole or in part, because the plaintiffs are not or never were creditors of Clark Fork.

## SEVENTH AFFIRMATIVE DEFENSE

The claims asserted in the complaint are barred, in whole or in part, because the plaintiffs cannot prove reliance to the extent that the transaction at issue was publicly disclosed and/or completed before the securities that are the alleged basis for their claims were purchased.

## EIGHTH AFFIRMATIVE DEFENSE

The claims asserted in the complaint are barred, in whole or in part, by the doctrines of assumption of the risk and comparative negligence.

### NINTH AFFIRMATIVE DEFENSE

The claims asserted in the complaint are barred, in whole or in part, by the doctrine of unclean hands.

### TENTH AFFIRMATIVE DEFENSE

The claims asserted in the complaint are barred, in whole or in part, because the actions of the defendant were not the cause of the plaintiff's alleged losses.

### ELEVENTH AFFIRMATIVE DEFENSE

The claims asserted in the complaint are barred, in whole or in part, by the doctrines of avoidable consequences and mitigation of damages.

### TWELFTH AFFIRMATIVE DEFENSE

The claims asserted in the complaint are barred, in whole or in part, because the plaintiff's claimed injuries and resulting damages were not reasonably foreseeable by the defendant,

### THIRTEENTH AFFIRMATIVE DEFENSE

NorthWestern reserves the right to plead or withdraw such further affirmative defenses which are found to be applicable or inapplicable to the facts of this case.

WHEREFORE, Defendant respectfully requests (a) judgment dismissing the Complaint with prejudice or (b) upon trial of this matter, judgment denying all relief requested by the Plaintiffs and granting Defendant attorney's fees and costs in defending against Plaintiffs' Complaint and such other and further relief as this Court deems just and equitable.

### COUNTERCLAIMS

NorthWestern (hereinafter, the **"Debtor"** or the **"Counterclaim-Plaintiff"**), by and through its undersigned counsel, for (i) its counterclaims (**"Counterclaims"**) against

NY55/435067.2

16

counterclaim Defendant Magten Asset Management Corporation (hereinafter, **"Magten"** or the **"Counterclaim-Defendant"**), hereby alleges as follows:

## PARTIES

1.     Counterclaim-Plaintiff NorthWestern is a corporation organized under the laws of Delaware, having its principal place of business located in Sioux Falls, South Dakota.

2.     NorthWestern is a publicly traded Delaware corporation which was incorporated in 1923. NorthWestern and its direct and indirect non-NorthWestern subsidiaries comprise one of the largest providers of electricity and natural gas in the upper Midwest and Northwest regions of the United States, serving approximately 608,000 customers throughout Montana, South Dakota and Nebraska.

3.     Counterclaim-Defendant Magten is a corporation organized under the laws of Delaware, having its principal place of business located at 410 Park Avenue, 14th Floor, New York, New York 10022.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this Chapter 11 case and these Counterclaims are proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

5.     On September 14, 2003 (the **"Petition Date"**), NorthWestern filed its voluntary petition for relief under chapter 11 of The Bankruptcy Reform Act of 1978, as codified in title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (the **"Bankruptcy Code"**).

6.    No request has been made for the appointment of a trustee or examiner in this case. The Committee was appointed by the Office of the United States Trustee on September 30, 2003.

7.    By Order dated October 10, 2003, this Court established January 15, 2004 at 5:00 p.m. (Pacific Standard Time) (the **"Bar Date"**) as the deadline for creditors to file proofs of claim for each claim they assert against the Debtor that arose before the Petition Date. Notice of the Bar Date was mailed to all known creditors of the Debtor and published in numerous regional and national newspapers.

8.    Magten filed a Proof of Claim, designated claim number 842 by the Debtor's claims agent (the **"Magten Claim"**). The Magten Claim asserts unliquidated claims against the Debtor's estate for: (i) damages resulting from the alleged fraudulent transfer of the utility assets of NorthWestern Energy, LLC to the Debtor on November 15, 2002 (the **"QUIPS Litigation Claim"**); and (ii) the face amount of the QUIPS held by Magten as of the Petition Date.

### [COUNT III]

### <u>OBJECTION TO THE MAGTEN CLAIM</u>

1.    The Debtor repeats and realleges the answers set forth in paragraphs 1 through 101 above, and First through Thirteenth Affirmative Defenses above, as though fully set forth herein.

2.    The Magten Claim asserts unliquidated claims against the Debtor's estate for: (i) the QUIPS Litigation Claim; and (ii) the face amount of the QUIPS held by Magten as of the Petition Date.

3.    As set forth in the answer and affirmative defenses herein, the QUIPS Litigation Claim should be disallowed in its entirety.

NY55/435067.2

18

## RESERVATION OF RIGHTS

4.    The Debtor reserves the right to amend, modify or supplement its Counterclaims and to object further to the Magten Claim on any and all additional factual or legal grounds, including if such claim is not reduced or disallowed as requested herein or if additional information regarding the disallowance or reduction of such claim is discovered upon further review thereof or through discovery pursuant to the applicable provisions of the Bankruptcy Rules.

WHEREFORE, Plaintiff respectfully demands judgment against Magten as follows:

A.    For actual damages in an amount to be determined at trial;

B.    Sustaining the Debtor's objection to the Magten Claim; and

[CONCLUDED ON NEXT PAGE]

NY55/435067.2

19

C.    Granting such other and further relief as the Court deems just and

appropriate.

Dated: March 14, 2005

                              NORTHWESTERN CORPORATION

                              By its attorneys,

                              GREENBERG TRAURIG, LLP

                              By: _____
                              Scott D. Cousins (No. 3079)
                              Victoria W. Counihan (No. 3488)
                              William E. Chipman, Jr. (No. 3818)
                              The Brandywine Building
                              1000 West Street, Suite 1540
                              Wilmington, DE 19801
                              (302) 661-7000 (telephone)

                                        - and -

                              Jesse H. Austin, III, Esquire
                              Karol K. Denniston, Esquire
                              PAUL, HASTINGS, JANOFSKY
                              & WALKER LLP
                              600 Peachtree Street, N.E., 24th Floor
                              Atlanta, GA 30308
                              (404) 815-2400 (telephone)

                              *CO-COUNSEL FOR REORGANIZED
                              DEBTOR/DEFENDANT*

NY55/435067.2

                                        20