# **Exhibit D**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAGTEN ASSET MANAGEMENT CORPORATION and LAW DEBENTURE TRUST COMPANY OF NEW YORK,<br><br>Plaintiffs,<br><br>v.<br><br>NORTHWESTERN CORPORATION,<br><br>Defendant. | C.A. No. 04-1494-JJF |

## DEFENDANT NORTHWESTERN CORPORATION'S
## RESPONSES AND OBJECTIONS TO PLAINTIFFS'
## SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

In accordance with Fed. R. Civ. P. 34, defendant NorthWestern Corporation

("NorthWestern") by its attorneys, Curtis, Mallet-Prevost, Colt & Mosle LLP and Greenberg Traurig,

LLP, responds to Plaintiffs' Second Request for Production of Documents from NorthWestern

Corporation (the "Second Document Requests").

## GENERAL OBJECTIONS

1.      NorthWestern objects to the Second Document Requests because they are not

tailored to the allegations in Plaintiffs' First Amended Complaint dated October 4, 2004, and are

therefore overbroad, oppressive, and seek information that is irrelevant and not reasonably calculated

to lead to the discovery of admissible evidence.  In responding or objecting to the Second Document

Requests, NorthWestern does not concede that any of the information sought therein is relevant or

material to the claims or defenses of either Plaintiffs or NorthWestern, admissible in evidence, or

reasonably calculated to lead to discovery of admissible evidence.

3368467v1

2.     NorthWestern objects to the Second Document Requests to the extent that they call for the production of documents that have been produced and/or made available for inspection to Plaintiffs.

3.     By responding to the Second Document Requests, NorthWestern does not acknowledge or concede the truth or accuracy of any characterization, allegation, or statement made in the Second Document Requests.

4.     NorthWestern reserves its right to object on any ground to the use of any of the Responses to or the subject matter of the Second Document Requests in any subsequent proceeding, and at the trial of this action.

5.     NorthWestern objects to the Second Document Requests as a whole on the grounds that they are vague, ambiguous, require speculation to determine their meanings, and are unnecessarily burdensome.

6.     NorthWestern objects to the Second Document Requests, including the Definitions and the Instructions set forth therein, to the extent that they seek to impose on NorthWestern discovery obligations greater than or different from those imposed by the Federal Rules of Civil Procedure and the Local Rules for the District of Delaware.

7.     NorthWestern objects to the Second Document Requests to the extent that they seek documents which are protected from discovery by reason of the attorney-client privilege, the attorney work-product doctrine and/or any other privilege, immunity or protection. Inadvertent identification or production of any such document shall not constitute a waiver of any such privilege with respect to the document produced or the subject matter thereof, or a waiver of NorthWestern's right to object to the use of any such document during trial or any subsequent proceeding. To the extent that any such protected information is inadvertently produced in response to a Request, the production of such document shall not constitute a waiver of NorthWestern's right to assert the

-2-

3368467v1

applicability of any privilege or immunity to the document, and any such document and all copies or images thereof shall be returned to NorthWestern upon demand.

8.    NorthWestern objects to the Second Document Requests to the extent that they impose an undue burden upon NorthWestern, including searching for documents: (a) the value of which, if any, is substantially outweighed by the burden or cost of searching for them; or (b) that are equally available to Plaintiffs or already in Plaintiffs' possession.

9.    NorthWestern objects to the Second Document Requests to the extent that they seek production of documents not in the possession, custody and/or control of NorthWestern. Specifically, NorthWestern objects to the Second Document Requests to the extent that they call for documents in the possession of third parties over which NorthWestern does not have control.

10.    NorthWestern objects to the Second Document Requests to the extent that they seek production of any documents created on or after September 14, 2003, the date which NorthWestern filed its Petition for Reorganization under the Bankruptcy Laws.

11.    NorthWestern objects to each of the Second Document Requests to the extent that it is unreasonably cumulative or duplicative.

12.    The failure of NorthWestern to make a specific objection to a particular document request is not, and shall not be construed as, an admission that responsive information or documents exist. Likewise, any statement herein that NorthWestern will provide information or produce documents in response to an individual request does not mean that NorthWestern in fact has any such information or documents, or that any such information or documents exist. Rather, any such statement reflects the intention of NorthWestern, subject to its objections, to conduct a reasonable search for responsive documents and information.

13.    NorthWestern objects to the definition of "Clark Fork" contained in paragraph 3 of the Definitions on the grounds that it is overly broad and vague insofar as it purports to cover "any of its affiliates, subsidiaries, predecessors and any person or entity acting or purporting

-3-

to act on behalf of, at the direction of or in concert with it, including but not limited to Clark Fork's present and former officers, directors, employees, servants, agents, representatives and attorneys" or any entity other than Clark Fork. Further, Plaintiffs' definition purports to impose obligations broader than those arising under the Federal Rules of Civil Procedure.

14.    NorthWestern objects to the definition of "Investigation" on the grounds that it is overly broad and vague insofar as it purports to include matters beyond the scope of the transaction forming the basis of Plaintiffs' claims.

15.    NorthWestern objects to the definition of "SEC Investigation" contained in paragraph 19 of the Definitions on the grounds that it is overly broad and vague insofar as it purports to include "any current or former NorthWestern employee, and/or any of the allegations contained in Plaintiffs' Complaint, including without limitation, the issuance of 'Wells notices.'"

16.    NorthWestern objects to the definition of "Transfer" contained in paragraph 20 of the Definitions on the grounds that it is overly broad and vague insofar as it purports to include not just the transaction that occurred on or about November 15, 2002, but also "any and all strategies for the eventual acquisition and direct ownership of the Transferred Assets by NorthWestern."

17.    NorthWestern objects to the definition of "Transferred Assets" contained in paragraph 21 of the Definitions as being vague and ambiguous, and therefore requiring speculation to determine its meaning.

18.    NorthWestern objects to each and every Request which seeks the production of documents from, or relating to, any Person other than NorthWestern.

19.    In each and every response to the Second Document Requests, or subpart thereof, where an objection is interposed, such objection shall be construed to preserve all rights to enter similar objections as to any future supplemental answer to such requests. Moreover, a failure to object herein shall not constitute a waiver of any objection that may be interposed as to future supplemental answers.

-4-

20.    NorthWestern reserves the right at any time to revise, correct, supplement, amend, or clarify any Response.

## SPECIFIC OBJECTIONS AND RESPONSES

### REQUEST NO. 32

All document requests, information requests, and/or subpoenas issued by the SEC in connection with the SEC investigation.

### RESPONSE TO REQUEST NO. 32

NorthWestern objects to Request No. 32 on the grounds that it is overly broad and unduly burdensome. NorthWestern further objects to the request on the grounds that it is vague, ambiguous, and calls for the production of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. NorthWestern also objects to the request to the extent that it seeks production of documents from, or that could be obtained from, third parties or other sources over which NorthWestern does not have possession or control.

Subject to, and without waiver of this Objection and the General Objections set forth above, NorthWestern will produce relevant, responsive, non-privileged documents, to the extent the same exist and can be located.

### REQUEST NO. 33

All documents provided to the SEC by NorthWestern or any other Person concerning or in connection with the SEC Investigation.

### RESPONSE TO REQUEST NO. 33

NorthWestern objects to Request No. 33 on the grounds that it is overly broad and unduly burdensome. NorthWestern further objects to the request on the grounds that it is vague, ambiguous, and calls for the production of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. NorthWestern also objects to the request

-5-

to the extent that it seeks production of documents from, or that could be obtained from, third parties or other sources over which NorthWestern does not have possession or control.

**REQUEST NO. 34**

All documents concerning or reflecting oral or written communications between NorthWestern or any other Person on the one hand and the SEC on the other hand, including without limitation (a) any report or presentation by NorthWestern or any other Person to the SEC, concerning or in connection with the SEC Investigation, and (b) any "Wells notice" issued by the SEC to NorthWestern or any Person in connection with the SEC Investigation.

**RESPONSE TO REQUEST NO. 34**

NorthWestern objects to Request No. 34 on the grounds that it is overly broad and unduly burdensome. NorthWestern further objects to the request on the grounds that it is vague, ambiguous, and calls for the production of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. NorthWestern also objects to the request to the extent that it seeks production of documents from, or that could be obtained from, third parties or other sources over which NorthWestern does not have possession or control.

**REQUEST NO. 35**

All documents provided by the SEC to NorthWestern or any other Person in connection with the SEC Investigation.

**RESPONSE TO REQUEST NO. 35**

NorthWestern objects to Request No. 35 on the grounds that it is overly broad and unduly burdensome. NorthWestern further objects to the request on the grounds that it is vague, ambiguous, and calls for the production of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. NorthWestern also objects to the request to the extent that it seeks production of documents from, or that could be obtained from, third parties or other sources over which NorthWestern does not have possession or control.

3368467v1

**REQUEST NO. 36**

        All transcriptions and video recordings of formal or informal testimony before the SEC concerning or in connection with the SEC Investigation. If any testimony otherwise responsive to the Request has not been transcribed or videotaped, please produce any audio or other recording of such testimony.

**RESPONSE TO REQUEST NO. 36**

        NorthWestern objects to Request No. 36 on the grounds that it is overly broad and unduly burdensome. NorthWestern further objects to the request on the grounds that it is vague, ambiguous, and calls for the production of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. NorthWestern also objects to the request to the extent that it seeks production of documents from, or that could be obtained from, third parties or other sources over which NorthWestern does not have possession or control.

**REQUEST NO. 37**

        With respect to Request No. 36 above, all documents referenced in such transcriptions or other recordings, whether or not formally designated as an exhibit. If any such document is designated as an exhibit, Plaintiffs request that the document be produced bearing the exhibit number referenced in the transcription or other recording.

**RESPONSE TO REQUEST NO. 37**

        NorthWestern objects to Request No. 37 on the grounds that it is overly broad and unduly burdensome. NorthWestern further objects to the request on the grounds that it is vague, ambiguous, and calls for the production of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. NorthWestern also objects to the request to the extent that it seeks production of documents from, or that could be obtained from, third parties or other sources over which NorthWestern does not have possession or control.

3368467v1

**REQUEST NO. 38**

All documents indicating which documents were produced to the SEC by NorthWestern or any other Person after the testimony of the relevant witness had been taken.

**RESPONSE TO REQUEST NO. 38**

NorthWestern objects to Request No. 38 on the grounds that it is overly broad and unduly burdensome. NorthWestern further objects to the request on the grounds that it is vague, ambiguous, and calls for the production of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. NorthWestern also objects to the request to the extent that it seeks production of documents from, or that could be obtained from, third parties or other sources over which NorthWestern does not have possession or control.

**REQUEST NO. 39**

All document requests, information requests, and/or subpoenas issued by the DOJ, MSPC, MCC or any other federal or state governmental agency in connection with the Investigation.

**RESPONSE TO REQUEST NO. 39**

NorthWestern objects to Request No. 39 on the grounds that it is overly broad and unduly burdensome. NorthWestern further objects to the request on the grounds that it is vague, ambiguous, and calls for the production of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. NorthWestern also objects to the request to the extent that it seeks production of documents from, or that could be obtained from, third parties or other sources over which NorthWestern does not have possession or control.

**REQUEST NO. 40**

All documents provided to the DOJ, MPSC, MCC or any other federal or state governmental agency by NorthWestern or any other Person concerning or in connection with any Investigation.

3368467v1

**RESPONSE TO REQUEST NO. 40**

NorthWestern objects to Request No. 40 on the grounds that it is overly broad and unduly burdensome. NorthWestern further objects to the request on the grounds that it is vague, ambiguous, and calls for the production of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. NorthWestern also objects to the request to the extent that it seeks production of documents from, or that could be obtained from, third parties or other sources over which NorthWestern does not have possession or control.

**REQUEST NO. 41**

All documents concerning or reflecting oral or written communications between NorthWestern or any other Person on the one hand and the DOJ, MPSC, MCC or any other federal or state governmental agency on the other hand, including without limitation any report or presentation by NorthWestern or any other Person to the DOJ, MPSC, MCC or any other federal or state governmental agency concerning or in connection with any Investigation.

**RESPONSE TO REQUEST NO. 41**

NorthWestern objects to Request No. 41 on the grounds that it is overly broad and unduly burdensome. NorthWestern further objects to the request on the grounds that it is vague, ambiguous, and calls for the production of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. NorthWestern also objects to the request to the extent that it seeks production of documents from, or that could be obtained from, third parties or other sources over which NorthWestern does not have possession or control.

**REQUEST NO. 42**

All documents provided by the DOJ, MPSC, MCC or any other federal or state governmental agency to NorthWestern or any other Person in connection with any Investigation.

-9-

3368467v1

**RESPONSE TO REQUEST NO. 42**

NorthWestern objects to Request No. 42 on the grounds that it is overly broad and unduly burdensome. NorthWestern further objects to the request on the grounds that it is vague, ambiguous, and calls for the production of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. NorthWestern also objects to the request to the extent that it seeks production of documents from, or that could be obtained from, third parties or other sources over which NorthWestern does not have possession or control.

**REQUEST NO. 43**

All transcriptions and video recordings of formal or informal testimony before the DOJ, MPSC, MCC or any other federal or state governmental agency concerning or in connection with any Investigation. If any testimony otherwise responsive to this Request has not been transcribed or videotaped, please produce any audio or other recording of such testimony.

**RESPONSE TO REQUEST NO. 43**

NorthWestern objects to Request No. 43 on the grounds that it is overly broad and unduly burdensome. NorthWestern further objects to the request on the grounds that it is vague, ambiguous, and calls for the production of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. NorthWestern also objects to the request to the extent that it seeks production of documents from, or that could be obtained from, third parties or other sources over which NorthWestern does not have possession or control.

**REQUEST NO. 44**

With respect to Request No. 43 above, all documents referenced in such transcriptions or other recordings, whether or not formally designated as an exhibit. If any such document is designated as an exhibit, Plaintiffs request that the document be produced bearing the exhibit number referenced in the transcription or other recording.

-10-

3368467v1

**RESPONSE TO REQUEST NO. 44**

NorthWestern objects to Request No. 44 on the grounds that it is overly broad and unduly burdensome. NorthWestern further objects to the request on the grounds that it is vague, ambiguous, and calls for the production of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. NorthWestern also objects to the request to the extent that it seeks production of documents from, or that could be obtained from, third parties or other sources over which NorthWestern does not have possession or control.

**REQUEST NO. 45**

All documents indicating which documents were produced to the DOJ, MPSC, MCC or any other federal or state governmental agency by NorthWestern or any other Person after the testimony of the relevant witness has been taken.

**RESPONSE TO REQUEST NO. 45**

NorthWestern objects to Request No. 45 on the grounds that it is overly broad and unduly burdensome. NorthWestern further objects to the request on the grounds that it is vague, ambiguous, and calls for the production of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. NorthWestern also objects to the request to the extent that it seeks production of documents from, or that could be obtained from, third parties or other sources over which NorthWestern does not have possession or control.

**REQUEST NO. 46**

All documents provided to plaintiffs in the McGreevey Asset Transfer Action, by NorthWestern or any other Person.

**RESPONSE TO REQUEST NO. 46**

NorthWestern objects to Request No. 46 on the grounds that it is overly broad and unduly burdensome. NorthWestern further objects to the request on the grounds that it is vague,

-11-

ambiguous, and calls for the production of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of this Objection and the General Objections set forth above, NorthWestern is not aware of any responsive documents.

**REQUEST NO. 47**

All documents provided by plaintiffs in the McGreevey Asset Transfer Action, to NorthWestern or any other Person.

**RESPONSE TO REQUEST NO. 47**

NorthWestern objects to Request No. 47 on the grounds that it is overly broad and unduly burdensome. NorthWestern further objects to the request on the grounds that it is vague, ambiguous, and calls for the production of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of this Objection and the General Objections set forth above, NorthWestern is not aware of any responsive documents.

**REQUEST NO. 48**

All transcriptions and video recordings of depositions taken in connection with the McGreevey Asset Transfer Action. If any testimony otherwise responsive to the Request has not been transcribed or videotaped, please produce any audio or other recording or such testimony.

**RESPONSE TO REQUEST NO. 48**

NorthWestern objects to Request No. 48 on the grounds that it is overly broad and unduly burdensome. NorthWestern further objects to the request on the grounds that it is vague, ambiguous, and calls for the production of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of this Objection and the General Objections set forth above, NorthWestern is not aware of any responsive documents.

-12-

3368467v1

**REQUEST NO. 49**

With respect to Request No. 48 above, all documents referenced in such transcriptions, whether or not formally designated as an exhibit. If any such document is designated as an exhibit, Plaintiffs request that the document be produced bearing the exhibit number referenced in the transcription.

**RESPONSE TO REQUEST NO. 49**

NorthWestern objects to Request No. 49 on the grounds that it is overly broad and unduly burdensome. NorthWestern further objects to the request on the grounds that it is vague, ambiguous, and calls for the production of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of this Objection and the General Objections set forth above, NorthWestern is not aware of any responsive documents.

**REQUEST NO. 50**

Any and all documents relating to or concerning the allegations in the Fourth Cause of Action in the McGreevey Asset Transfer Action.

**RESPONSE TO REQUEST NO. 50**

NorthWestern objects to Request No. 50 on the grounds that it is overly broad and unduly burdensome. NorthWestern further objects to the request on the grounds that it is vague, ambiguous, and calls for the production of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. NorthWestern also objects to the request to the extent that it seeks production of documents from, or that could be obtained from, third parties or other sources over which NorthWestern does not have possession or control.

**REQUEST NO. 51**

All documents relating to or concerning NorthWestern Growth.

-13-

3368467v1

**RESPONSE TO REQUEST NO. 51**

NorthWestern objects to Request No. 51 on the grounds that it is overly broad and unduly burdensome. NorthWestern further objects to the request on the grounds that it is vague, ambiguous, and calls for the production of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 52**

All documents relating to or concerning the financial statements for NorthWestern Growth for the fiscal year ended 2001 through 2003.

**RESPONSE TO REQUEST NO. 52**

NorthWestern objects to Request No. 52 on the grounds that it is overly broad and unduly burdensome. NorthWestern further objects to the request on the grounds that it is vague, ambiguous, and calls for the production of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 53**

All documents related to Deloitte & Touche's review of financial information, operating, and other data related to NorthWestern Growth.

**RESPONSE TO REQUEST NO. 53**

NorthWestern objects to Request No. 53 on the grounds that it is overly broad and unduly burdensome. NorthWestern further objects to the request on the grounds that it is vague, ambiguous, and calls for the production of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. NorthWestern also objects to the request to the extent that it seeks production of documents from, or that could be obtained from, third parties or other sources over which NorthWestern does not have possession or control.

3368467v1

**REQUEST NO. 54**

   All documents relating to or concerning any internal investigation performed by

NorthWestern that resulted in the Restatement.

**RESPONSE TO REQUEST NO. 54**

   NorthWestern objects to Request No. 54 on the grounds that it is overly broad and

unduly burdensome. NorthWestern further objects to the request on the grounds that it is vague,

ambiguous, and calls for the production of information that is neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence.

   Subject to and without waiver of this Objection and the General Objections set forth

above, NorthWestern will produce relevant, responsive, non-privileged documents, to the extent the

same exist and can be located.


Dated:  Wilmington, Delaware       **GREENBURG TRAURIG LLP**
    January 22, 2007

                  Victoria W. Counihan (No. 3488)
                  Dennis A. Meloro (No. 4435)
                  The Nemours Building
                  1007 North Orange Street, Suite 1200
                  Wilmington, DE 19801


                  **CURTIS, MALLET-PREVOST,**
                    **COLT & MOSLE LLP**
                  Joseph D. Pizzurro
                  Nancy E. Delaney
                  101 Park Avenue
                  New York, NY 10178
                  Telephone:  (212) 696-6000
                  Facsimile:  (212) 697-1559


                  Attorneys for NorthWestern Corporation

3368467v1