IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAGTEN ASSET MANAGEMENT CORPORATION,<br><br>        Plaintiff,<br><br>v.<br><br>MIKE J. HANSON and ERNIE J. KINDT,<br><br>        Defendants. | Civil Action No. 05-499-JJF |

**<u>JOINT MOTION OF MAGTEN ASSET MANAGEMENT CORPORATION
AND LAW DEBENTURE TRUST COMPANY OF NEW YORK FOR LEAVE
TO AMEND THE COMPLAINT AND/OR, IN THE ALTERNATIVE, FOR
EXTENSION OF TIME TO SEEK LEAVE TO AMEND THE COMPLAINT</u>**

Plaintiff Magten Asset Management Corporation ("Magten") and Proposed Co-Plaintiff Law Debenture Trust Company of New York ("Law Debenture") respectfully submit this Motion for Leave to Amend the Complaint and/or, in the Alternative, for Extension of Time to Seek Leave to Amend the Complaint (the "Motion"), and in support thereof state as follows.

This filing is necessitated by the sudden decision of defendants' Hanson and Kindt, in a motion filed yesterday (D.I. 141) and a letter sent to Magten's counsel at the beginning of the week, to raise a belated challenge to the sufficiency of the existing complaint (which has been on file since April 2004) on the eve of the previously-scheduled deadline for motions seeking leave to amend the pleadings. The proposed amendment would be generally limited to: (a) adding Law Debenture as a co-plaintiff; and (b) repleading the existing breach of fiduciary duty claims in the alternative as derivative claims as well as direct claims. These changes would not change the underlying factual dispute or affect the scope of necessary discovery, nor would they expose

120087.01600/40167030v.1

the defendants to greater or different potential damages exposure, since Magten has been litigating all along not only for itself but on behalf of the trust for which Law Debenture serves as trustee.

To briefly summarize the timing of the events that have required this protective filing, this action has been pending for almost three years, and defendants' challenges to the sufficiency of the complaint were rejected in early 2005. Only four days ago, defendants informed plaintiff Magten that they intended to bring a renewed challenge to the sufficiency of the existing complaint. Pursuant to the scheduling order herein (D.I. 121), the deadline for motions for leave to amend the pleadings is today, February 2, 2007. Movants do not believe that this deadline was intended to or should prevent a potentially meritorious amendment to the complaint if the Court were subsequently to permit the defendants to launch a belated attack (indeed, a third bite at the apple) on the existing complaint and rule in their favor. However, because of possible uncertainty as to the applicability of the deadline under these unusual circumstances, and because defendants refused to agree to even a one-week stipulated extension of that deadline, movants have been forced to submit this Motion on an emergency basis in order to protect their rights.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Magten filed this action on April 15, 2004 in the U.S. District Court for the District of Montana. It was subsequently transferred to this District on motion of defendants Hanson and Kindt.

Prior to transfer, defendants Hanson and Kindt filed both a Rule 12(b)(6) motion to dismiss the complaint herein and a Rule 56 motion for summary judgment, both of which were denied in their entirety in written opinions by Judge Cebull of the District of Montana. See Exhs. A (opinion dated April 18, 2005 denying 12(b)(6) motion), and B (opinion dated January

27, 2005 denying summary judgment motion). In denying the summary judgment motion, Judge Cebull expressly held that the undisputed fact that Magten had purchased its QUIPs subsequent to the transaction at issue was not relevant, because under the governing documents Magten had standing to assert the rights of the trust which had issued the QUIPs, which had been a creditor of Clark Fork at the time of the transaction. See Exh. B. at 6-7. After these motions were denied, Hanson and Kindt then answered the complaint on April 21, 2005.

Hanson and Kindt did not raise any argument in either of their unsuccessful motions that Magten's claims were derivative in nature and/or barred by section 35-8-1104 of the Montana Code (which they apparently now wish to rely on), nor did they raise such a contention in their answer, or in any other fashion at any time prior to January 29, 2007, almost three years after the complaint was filed.

At no time from Judge Cebull's denial of their prior motions and the filing of their answer through this past Monday, January 29, 2007, did Hanson or Kindt suggest that the existing complaint herein was legally insufficient and/or that they would seek to relitigate its adequacy.

On January 12, 2007, this Court issued an opinion in case no. 04-1256, which had been consolidated with this case for discovery, granting the motion of defendant Paul Hastings Janofsky & Walker LLP for judgment on the pleadings (the "January 12 Decision").[1]

On the afternoon of Monday, January 29, 2007, Hanson & Kindt's counsel sent Magten a letter taking the position that the rationale of the January 12 Decision should lead to dismissal of the complaint herein and that Hanson and Kindt were not bound by the prior decisions of Judge

---

[1] Magten is the plaintiff in that action, although it is represented by different counsel. Magten's time to file a notice of appeal to the Third Circuit from the January 12 Decision has not yet run.

120087.01600/40167030v.1

Cebull denying motions based on similar grounds. See Exh. C (letter from Hanson & Kindt's counsel dated January 29, 2007). This letter demanded that Magten agree within 72 hours to dismiss its claims with prejudice or else Hanson and Kindt would file a motion seeking dismissal on the basis of the January 12 Decision. Such a motion would constitute not a second but a third bite at the apple in light of Judge Cebull's decisions.

At the time they sent this letter (shortly after 1 pm, Eastern time), Hanson and Kindt's counsel had actual knowledge that Magten's lead counsel (as well as Law Debenture's lead counsel) had long since left their offices to travel to Wilmington for a 2 pm hearing with the Special Master in this action. They also knew or should have known that those lead counsel would be back in Wilmington for a hearing in the Bankruptcy Court on a post-confirmation issue in NorthWestern's chapter 11 case on Thursday, February 1, 2007, the same day as their self-imposed deadline.

In order to have time to analyze Hanson and Kindt's newly-raised argument that the January 12 Decision entitled them to relief despite Judge Cebull's prior contrary decisions and/or the waiver caused by their prior failure to raise the argument that the claims ought to have been raised in a derivative action, Magten asked for an additional week to consider the issues raised by Hanson & Kindt. In an exchange of correspondence on January 30 and 31, Hanson and Kindt's counsel agreed to maintain the status quo up to February 9, on condition that Magten respond sooner if it reached a conclusion on the issues raised by the January 29 letter. See Exhs. D (letter from Magten's counsel dated January 30, 2007), E (letter from Hanson and Kindt's counsel dated January 30, 2007), and F (letter from Magten's counsel dated January 31, 2007). Magten explicitly agreed to that condition. See Exh. F.

120087.01600/40167030v.1

As they began to analyze Hanson and Kindt's newly-announced position, Magten's counsel began to consider whether, to the extent (a) Hanson and Kindt were permitted to avoid the consequences of Judge Cebull's prior decisions and their failure to raise the derivative-claims defense at any point in the preceding 33 months of litigation and (b) the Court were to consider the reasoning of the January 12 Decision applicable by analogy to this case, any negative implications of the January 12 Decision for the present complaint in this case could be cured by an amendment of the complaint and/or by the joinder of Law Debenture as a co-plaintiff.

Law Debenture is the successor indenture trustee for the QUIPs and the debt securities which underlie them. The primary factual ground for the January 12 Decision, that Magten had not owned any QUIPs at the time of the transaction complained of, would not be applicable to Law Debenture. Moreover, Judge Cebull had expressly rejected Hanson and Kindt's summary judgment motion premised on the timing of Magten's QUIPs ownership, and had held (directly contrary to this Court's ruling on a similar issue in the January 12 Decision) that Magten had standing to assert the rights of the underlying trust for which Law Debenture is trustee. Accordingly, Law Debenture has relied on that fact and Judge Cebull's holding in connection with its prior consideration of whether it ought to seek to join this action as a co-plaintiff. Law Debenture has been and continues to be a co-plaintiff with Magten in action no 04-1494 against NorthWestern, which is consolidated with this case for discovery and involves the same underlying transaction.

Realizing that the previously-set deadline for motions for leave to amend the pleadings was February 2, only two days away, on January 31, Magten's counsel asked Hanson and Kindt's counsel to stipulate to a one-week extension of that deadline to preserve the status quo while the parties continued to consider the implications of the January 12 Decision. See Exh. G.

On February 1, Hanson and Kindt's counsel refused to consent to such an extension. See Exh. H. At the same time they reneged on their prior promise to maintain the status quo through February 9, and immediately filed a motion with the Court for leave to file a dispositive motion based on the January 12 Decision (D.I. 141). That motion failed to acknowledge Judge Cebull's prior decisions sustaining Magten's standing to sue, failed to offer any explanation as to why those decisions did not bind Hanson and Kindt as law of the case, and failed to offer any explanation or excuse for Hanson and Kindt's failure to raise the derivative-action defense at any point during the more than 33 months the action had been pending.

## I.  LEAVE TO AMEND THE COMPLAINT AND TO JOIN LAW DEBENTURE AS A CO-PLAINTIFF SHOULD BE GRANTED

Leave to amend should of course be "freely given when justice so requires." Fed. R. Civ. P. 15(a). There is an extraordinarily strong presumption in the Third Circuit that any motion to dismiss a complaint, if meritorious, should be granted without prejudice and with leave to amend unless it is absolutely clear that any amendment would be futile. Indeed, the Third Circuit generally requires an opportunity to amend to be offered in such circumstances even if the plaintiff has not expressly requested it. Shane v. Fauver, 213 F.3d 113, 115-16 (3d Cir. 2000) (Alito, J.). See also Adams v. Gould Inc., 739 F.2d 858 (3d Cir. 1984) (abuse of discretion for district court to deny leave to file amended complaint even after granting summary judgment in favor of defendant on theories pled in initial complaint).

That strong presumption of a right to amend if and when a court decides that the initial complaint is insufficient cannot and should not be lost because a defendant delays bringing a motion challenging the sufficiency of the complaint until after a prior deadline for leave to amend has expired or, as here, does not even raise the possibility of such a motion until four days

before the deadline (over 33 months after the complaint was filed), such that it could not possibly be briefed and adjudicated until well after the deadline.

Moreover, the February 2 deadline does not appear to apply to a request to join Law Debenture as an additional plaintiff, which would appear to be governed by Fed. R. Civ. P. 17(a) (prohibiting dismissal on ground that plaintiff is not real party in interest without providing opportunity for real party to be joined or substituted) rather than Fed. R. Civ. P. 15 (governing amendment of pleadings).

Nonetheless, out of an abundance of caution and to preclude defendants Hanson and Kindt from seeking to take tactical advantage of the passing of the original February 2 deadline, Magten and Law Debenture have brought this Motion to protect their interests.

Accordingly, Magten and Law Debenture hereby request leave to amend the existing complaint in this action and to join Law Debenture as a co-plaintiff. Under the exigent circumstances under which it has been necessary to file this motion, it has not been feasible to prepare a proposed form of amended complaint. It is anticipated that the amended complaint would be substantially identical to the existing complaint except for: (a) adding Law Debenture as a plaintiff; (b) adding factual allegations relevant to Law Debenture's standing; and (c) adding, to the extent necessary, allegations pleading the claims in the alternative as derivative claims and explaining why pre-action demand on NorthWestern (Clark Fork's sole member and manager) would have been futile and thus excused under the relevant law.

The movants are willing to extend Hanson and Kindt's time to respond to this Motion so that briefing may be coordinated with that on their proposed motion attacking the existing complaint, should the Court permit them to file it, or to prepare a proposed form of amended complaint on any reasonable schedule the Court may suggest or direct.

In any event, no amendment would be necessary if the Court concludes, as we believe law of the case requires, that: (a) Hanson and Kindt are precluded from seeking to raise the January 12 Decision by Judge Cebull's prior decisions and doctrines such as law of the case and waiver; and (b) the rationale of the January 12 Decision is inapplicable to the claims against Hanson and Kindt as currently pled. To the extent Hanson and Kindt are permitted to make the motion they seek leave to bring, we will present argument on each of those points in response. However, even if the Court were ultimately to rule in Hanson and Kindt's favor on these points, it cannot be said that the proposed amendment would be futile.

First, Law Debenture's presence in the case would cure any potential issue related to the timing of Magten's purchase of QUIPs. However, Law Debenture's addition would not prejudice defendants, because it would not change the nature of the case, the amount of defendant's financial exposure (since Magten has been litigating the rights of the trust all along) or the scope of necessary discovery. Under these circumstances, whether considered under Rule 15(c) or Rule 17(a), the addition of Law Debenture would relate back to the initial filing of the complaint and no statute of limitations issued would be presented. Garr v. Clayville, 71 F.R.D. 553 (D. Del. 1976) (analyzing joinder of additional plaintiff as relating back to filing of initial complaint under Rule 15(c) and thus rejecting limitations argument); Warpar Mfg. Corp. v. Ashland Oil, Inc., 102 F.R.D. 749 (N.D. Ohio 1983) (same result based on analysis under Rule 17(a)). Moreover, given Judge Cebull's express holding that Magten had standing to litigate the rights of the trust, there was no need for Law Debenture to seek to intervene to litigate those same rights, and any limitations period which might otherwise have been running against it would be tolled under the rationale of American Pipe & Constr. Co. v. Utah, 414 U.S. 538 (1974).

Second, any repleading in the alternative to add a derivative claim based on the same underlying facts would not change the nature of the case, the amount of defendant's financial exposure, or the scope of necessary discovery. Given that the only entity on which a prefiling demand to bring breach of fiduciary duty claims against Hanson and Kindt could have been made was NorthWestern (Clark Fork's sole member and manager), and that: (a) NorthWestern was the direct beneficiary of Hanson and Kindt's breaches of duty; (b) Hanson and Kindt have claimed that they are immune from liability because they acted at NorthWestern's express direction; and (c) NorthWestern has vigorously denied any liability to Magten and Law Debenture arising from the very same transaction, it should not be difficult to plead the futility of prefiling demand. See Metro Communication Corp. BVI v. Advanced MobileComm Technologies, Inc., 854 A.2d 121, 164-65 (Del. Ch. 2004) (ordering certain claims repled as derivative claims and noting that it appeared from the facts that demand would be excused but that demand excusal should be formally alleged in the amended pleading).

## II. IN THE ALTERNATIVE, THE FEBRUARY 2 DEADLINE SHOULD BE EXTENDED OR DEEMED INAPPLICABLE

Alternatively, the Court may wish to simply defer any consideration of whether leave to amend should be granted until such time as it has had the opportunity to rule on Hanson and Kindt's proposed motion. Movants believe that this course of action might well be the most efficient, and would seek only clarity that the February 2 deadline will be deemed either extended or inapplicable under the circumstances.

## CONCLUSION

For all of the foregoing reasons, the Motion should be granted, with such other and further relief as may be just and proper. An appropriate form of order is attached for the Court's convenience.

120087.01600/40167030v.1

Dated: Wilmington, Delaware
       February 2, 2007

**BLANK ROME LLP**

*Dale R. Dubé*
_____
Dale R. Dubé (DE No. 2863)
Bonnie G. Fatell (DE No. 3809)
1201 Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 425-6400
Facsimile:  (302) 425-6464

- and -

**FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP**
Bonnie Steingart
Gary Kaplan
John W. Brewer
One New York Plaza
New York, NY 10004
Telephone: (212) 859-8000
Facsimile:  (212) 859-4000

Counsel for Magten Asset Management Corporation


Dated: Wilmington, Delaware
       February 2, 2007

**SMITH KATZENSTEIN & FURLOW LLP**

/s/ Kathleen M. Miller
_____
Kathleen M. Miller (DE No. 2989)
800 Delaware Avenue
P.O. Box 410
Wilmington, DE 19899
Telephone: (302) 652-8400
Facsimile:  (302) 652-8405

- and -

120087.01600/40167030v.1

**NIXON PEABODY LLP**
John V. Snellings
Amanda D. Darwin
100 Summer Street
Boston, MA 02110-2131
Telephone: (617) 345-1000
Facsimile:  (617) 345-1300

Counsel for Law Debenture Trust Company of New York

120087.01600/40167030v.1

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of February, 2007, I served by hand delivery and electronic filing the JOINT MOTION OF MAGTEN ASSET MANAGEMENT CORPORATION AND LAW DEBENTURE TRUST COMPANY OF NEW YORK FOR LEAVE TO AMEND THE COMPLAINT AND/OR, IN THE ALTERNATIVE, FOR EXTENSION OF TIME TO SEEK LEAVE TO AMEND THE COMPLAINT using CM/ECF which will send notification of such filing(s) to the following:

Denise Seastone Kraft, Esquire
EDWARDS ANGELL PALMER &
   DODGE LLP
919 North Market Street, 15th Floor
Wilmington, DE 19801

Robert J. Dehney, Esquire
Curtis S. Miller, Esquire
MORRIS NICHOLS ARSHT
   & TUNNELL
1201 Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

Victoria Watson Counihan, Esquire
Dennis A. Meloro, Esquire
GREENBERG TRAURIG LLP
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801

David A. Jenkins, Esquire
SMITH KATZENSTEIN &
   FURLOW LLP
800 Delaware Avenue
P. O. Box 410
Wilmington, DE 19899

I also certify that, on this 2nd day of February, 2007, I served the aforementioned document, by e-mail and Federal Express, upon the following participants:

Dennis E. Glazer, Esquire
Paul Spagnoletti, Esquire
DAVIS POLK & WARDWELL
450 Lexington Avenue, Room 3004
New York, NY 10017

Stanley T. Kaleczyc, Esquire
Kimberly A. Beatty, Esquire
BROWNING, KALECZYC, BERRY
  & HOVEN, P.C.
139 North Last Chance Gulch
P.O. Box 1697
Helena, Mt 59624

Jesse H. Austin, III, Esq.
PAUL, HASTINGS, JANOFSKY
  & WALKER LLP
600 Peachtree Street, Suite 2400
Atlanta, GA 30308

Steven J. Reisman, Esquire
Joseph D. Pizzurro, Esquire
Nancy E. Delaney, Esquire
Miriam K. Harwood, Esquire
CURTIS, MALLET-PREVOST,
  COLT & MOSLE LLP
101 Park Avenue
New York, New York 10178-0061

Bijan Amini, Esquire
Avery Samet, Esquire
Bradley F. Silverman, Esquire
STORCH AMINI & MUNVES PC
2 Grand Central Tower
140 East 45th Street, 25th Floor
New York, New York 10017

_____
Dale R. Dubé  (I.D. No. 2863)