IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAGTEN ASSET MANAGEMENT CORPORATION,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>MIKE J. HANSON and ERNIE J. KINDT,<br><br>　　　　　　　Defendants. | :<br>:<br>:<br>:<br>:<br>:  Civil Action No. 05-499-JJF<br>:<br>:<br>:<br>:<br>: |

**OPPOSITION OF MAGTEN ASSET MANAGEMENT CORPORATION
TO THE MOTION OF DEFENDANTS MICHAEL J. HANSON AND ERNIE J. KINDT
FOR LEAVE TO FILE A DISPOSITIVE MOTION [CORRECTED]**

Plaintiff Magten Asset Management Corporation ("Magten") respectfully submits this Opposition to the Motion of Defendants Michael J. Hanson and Ernie J. Kindt for Leave to File a Dispositive Motion.

**PRELIMINARY STATEMENT**

The Court's Scheduling Order dated November 3, 2006 provides, as is common in this District, that no new dispositive motions may be filed until after discovery is closed. Hanson and Kindt previously filed two separate dispositive motions, both of which were denied in their entirety. They now seek a third bite at the apple at a time inconsistent with the schedule this Court has set and, moreover, at a time when briefing and arguing such a motion would be a disruptive distraction to Plaintiff's ability to complete fact discovery in both this case and no. 04-1494, which has been consolidated with it for discovery by the May 2 deadline set by this Court.

At a bare minimum, there can be no presumption that Hanson and Kindt's proposed motion is meritorious. The arguments they wish to make either were expressly or necessarily

decided implicitly in their two prior dispositive motions. Those adverse decisions bind them as law of the case. No obvious grounds for an exception from the law of the case doctrine apply here. Certainly this Court's recent decision granting the defendant's motion for judgment on the pleadings in a related case, no. 04-1216 (the "January 12 Decision"), does not support any clear exception to the doctrine.[1]

Moreover, to the extent the proposed motion might be deemed meritorious as applied to the existing Complaint, any perceived defects in the existing Complaint can be fully cured by amendment, as indicated in the Motion for Leave to Amend Complaint and/or for Extension of Time to Seek Leave to Amend (the "Motion for Leave to Amend") filed on February 2, 2007 by Magten and proposed co-plaintiff Law Debenture Trust Company of New York ("Law Debenture"). The necessary amendments would be technical and would not change the underlying facts at issue, the relief requested, or the necessary scope of discovery. Accordingly, there is no pressing reason for these issues to be litigated and resolved now, almost three years after this action was commenced but less than three months before fact discovery is scheduled to be completed.[2] The efficient management of the consolidated litigation now before the Court and other related disputes involving the same underlying events will be best served by adhering to the existing schedule for the filing of dispositive motions.

---

[1] On February 12, 2007, Magten (which is represented in no. 04-1216 by different counsel) appealed the January 12 Decision to the Third Circuit.

[2] Until the Court decided Hanson and Kindt's Joinder to the Motion for Protective Order, Hanson and Kindt relied on Local Rule 30.2, which stays discovery pending the Court's decision on a motion for protective order, and refused to proceed with discovery.

2

I.  **LEAVE SHOULD NOT BE GRANTED FOR THE PROPOSED MOTION TO BE FILED SOONER THAN PERMITTED BY THE EXISTING SCHEDULE BECAUSE HANSON AND KINDT HAVE NOT EXPLAINED AND CANNOT EXPLAIN HOW THEY CAN AVOID REJECTION OF THEIR PROPOSED ARGUMENTS DUE TO THE LAW OF THE CASE EFFECT OF THE BINDING COURT DECISIONS DENYING THEIR TWO PRIOR ATTEMPTED DISPOSITIVE MOTIONS IN THIS CASE**

As already described in the Motion for Leave to Amend (the arguments of which are respectfully incorporated herein by reference), before this case was transferred to this District, Judge Cebull of the U.S. District Court for the District of Montana denied both a 12(b)(6) motion and a summary judgment motion, rejecting claims that, among other things, Magten lacked standing because it had not owned QUIPs at the time of the transaction at issue and that the case should be dismissed because Hanson and Kindt owed no fiduciary duties directly to Clark Fork's creditors. See Declaration of John W. Brewer dated February 15, 2007 filed contemporaneously herewith (the "Brewer Decl."), Exh. A and B. It appears that the dispositive motion they now wish to make would be based on precisely those arguments: the alleged legal insufficiency of the same complaint that survived the prior motions because of an alleged lack of duty to creditors (only duties to Clark Fork itself, which could be asserted only in a derivative action) and an attack on standing based on the timing of Magten's purchase of QUIPs. Although there is no reason why they could not have done so, Hanson and Kindt did not explicitly include arguments in their briefs to Judge Cebull that the claims should have been pled as derivative rather than direct, and they did not cite Montana Code § 35-1108-4, which this Court cited in the January 12 Decision. See Brewer Decl., Exh. C-F. Nor did they do so in their answer. See Brewer Decl., Exh. G. However, notwithstanding Hanson's and Kindt's failure to cite to Section 35-1108-4 of the Montana Code, denials of both the motion to dismiss and the summary judgment motion necessarily decided by implication that there was no basis to dispute Magten's standing to assert its claims against the Defendants. In denying both the motion to dismiss and the summary

judgment motion, Judge Cebull held that Magten has standing regardless of the timing of its purchases. Any argument now to the contrary by Defendants – despite their belated attempt to proffer additional citations (which existed at the time of both motions) – may not be used to circumvent Judge Cebull's rulings.

Tellingly, in their Motion to this Court, Hanson and Kindt did not even acknowledge the existence of Judge Cebull's prior decisions rejecting their prior dispositive motions, but those decisions are law of the case. "Under the law of the case doctrine, once an issue is decided, it will not be relitigated in the same case, except in unusual circumstances." Hayman Cash Register Co. v. Sarokin, 669 F.2d 162, 165 (3d Cir. 1982). No such circumstances are presented here. The fact that the case was transferred to this District from the District of Montana does not create an exception to the doctrine: indeed, such a transfer had occurred in Hayman, and the Third Circuit squarely held that the doctrine "is even more important" in transferred cases because "the principles of comity among courts of the same level of the federal system provide a further reason why the transferee court should not independently re-examine an issue already decided by a court of equal authority." Id. at 169.

Nor can Hanson and Kindt claim that they may evade Judge Cebull's decisions because he did not specifically rule on the applicability of section 35-8-1104. Indeed, they have no one to blame but themselves for their failure to specifically invoke that statute before Judge Cebull. Moreover, the applicability of section 35-8-1104 was necessarily decided implicitly by Judge Cebull's previous dispositive motions. See Fogel v. Chestnut, 668 F.2d 100, 109 (2d Cir. 1981) (holding that the law of the case doctrine applies also to everything decided by necessary implication) ("It would be absurd that a party who has chosen not to argue a point on first appeal should stand better as regards [to] the law of the case than one who has argued and lost."). The

Third Circuit has also expressly held that the law of the case effect of a prior adverse decision cannot be evaded by failing to brief a relevant argument before the original decision and then subsequently distinguishing the decision on the grounds that it did not address the omitted point. In re City of Philadelphia Litig., 158 F.3d 711, 720 (3d Cir. 1998). See also In re Mercedes-Benz Antitrust Litig., 364 F. Supp.2d 468, 475-76 (D.N.J. 2005) (holding that earlier rejection of motion to dismiss complaint was binding as law of the case and had necessarily, if implicitly, rejected any and all arguments that the complaint did not state a claim).[3]

Thus, Hanson and Kindt cannot avoid the preclusive effect of Judge Cebull's prior decisions and their own waiver of potential additional arguments by belatedly seeking to piggy-back on the January 12 Decision. Even if its rationale were deemed both correct and applicable to Magten's claims against them, they are simply not similarly situated to Paul Hastings due to their prior unsuccessful litigation of the relevant issues.[4]

If leave to file the proposed motion is granted, Magten will argue these issues more fully as well as setting forth the reasons Hanson and Kindt's arguments should be rejected as to their substance even if Hanson and Kindt are not precluded from making them by the law of the case and waiver doctrines. We discuss the merits of the proposed motion here only briefly in order to

---

[3] Another exception to the law of the case doctrine is a trial court's "duty to apply a supervening rule of law despite its prior decisions to the contrary." Hayman, 669 F.2d at 170. This Court's January 12 Decision is not such a "supervening rule of law" since it does not have the binding effect that, for example, a precedential Third Circuit decision, or Montana Supreme Court case authoritatively construing the applicable Montana substantive law would have. See Hegler v. Borg, 50 F.3d 1472, 1475 (9th Cir. 1995), (intervening controlling authority is ground to depart from law of the case); see also 18 B Charles A. Wright, Arthur Miller & Edward H. Cooper Section 4478 (2d Ed. 2002) ("Ordinarily only an amendment of a statute or decision of a higher court will justify departure from the law of the case").

[4] Indeed, in its briefs Paul Hastings specifically argued that this Court should not follow Judge Cebull's decision on the ground that it did not address the specific standing requirements for a derivative action and did not discuss section 35-1108-4, both of which Hanson and Kindt had failed to raise in their briefs. See Brewer Decl., Exh. H, p. 15 n.10 and Exh. I, p. 9-10 n.7. It was one thing for this Court to treat Paul Hastings as not bound by Judge Cebull's decision, since it had not been before him (and had not previously litigated the question of Magten's standing in any other forum), but it would be quite another thing to allow Hanson and Kindt to evade it.

establish that, since they are, at a minimum, subject to serious dispute, there is no pressing need for the Court to allow the proposed motion to be filed ahead of the time provided for in the Scheduling Order.

II. **LEAVE SHOULD NOT BE GRANTED FOR THE PROPOSED MOTION TO BE FILED SOONER THAN PERMITTED BY THE EXISTING SCHEDULE BECAUSE ANY INFIRMITY IN THE EXISTING COMPLAINT CAN BE CURED BY TECHNICAL AMENDMENTS WHICH CAN BE ADDRESSED AFTER THE CLOSE OF DISCOVERY**

As noted above, any alleged defects in the existing Complaint in light of the January 12 Decision, if deemed applicable, can be satisfactorily addressed by amendment. As set forth in the Motion for Leave to Amend, such an amendment would include the addition of Law Debenture (as to which there is no possible issue related to the timing of the purchase of QUIPs) as a co-plaintiff and repleading the existing direct claims in the alternative as derivative claims, setting forth with particularity the reasons why pre-suit demand was excused. Thus, the proposed motion would not lead to the dismissal with prejudice of this action, even if ultimately deemed meritorious.[5] Since these curative amendments, even if ultimately determined to be necessary, would not affect the scope of discovery, there is no reason for the proposed motion and any possible need for amendment to be adjudicated now rather than on the existing schedule for dispositive motions.

---

[5] Separate and apart from the pending Motion for Leave to Amend, which Magten filed as a protective measure to avoid the possible need to seek an exception to the existing Scheduling Order, any decision in Hanson and Kindt's favor on their proposed motion would be subject to the requirement of Fed. R. Civ. P. 17(a) that a reasonable time be allowed for the joinder of Law Debenture, which, based on Hanson and Kindt's apparent standing arguments, would be considered a real party in interest.

III. **LEAVE SHOULD NOT BE GRANTED FOR THE PROPOSED MOTION TO BE FILED SOONER THAN PERMITTED BY THE EXISTING SCHEDULE DUE TO HANSON AND KINDT'S UNEXPLAINED AND UNJUSTIFIABLE DELAY IN RAISING THE ISSUE**

Even if Hanson and Kindt were considered to have grounds for avoiding the preclusive effect of Judge Cebull's prior decisions (both as to the issues decided and the issues waived by Hanson and Kindt's failure to raise them), they provide no excuse for their failure to raise these issues until only three months before the close of fact discovery. These issues were placed before this Court over ten months ago. Paul Hastings filed its 12(c) motion on March 31, 2006 and briefing was completed on June 2, 2006, all at a time when discovery was effectively stayed due to NorthWestern's meritless motion for protective order that this Court subsequently denied in its entirety. If Hanson and Kindt had deemed the arguments raised by Paul Hastings meritorious and believed they were not precluded from raising them by Judge Cebull's prior decisions, they could have and should have sought to do so at that time, when it would not have created disruption and distraction from other pressing issues in this case and related litigation.

Indeed, Hanson and Kindt knew that Paul Hastings' motion was fully briefed and awaiting decision as of October 2006, when the parties provided this Court with their respective views as to scheduling for the cases going forward. See Brewer Decl., Exh. J. Hanson and Kindt did not at that time seek to expressly reserve the right to attempt a belated tag-along motion if the Court found Paul Hastings' arguments persuasive. Having failed to raise these issues in a timely fashion previously, Hanson and Kindt cannot credibly object to being required to conform to the existing schedule, especially when a deviation from that schedule would cause unnecessary disruption and distraction.

120087.01600/40167267v.1

IV. **LEAVE SHOULD NOT BE GRANTED FOR THE PROPOSED MOTION TO BE FILED SOONER THAN PERMITTED BY THE EXISTING SCHEDULE BECAUSE IT WOULD BE EXCESSIVELY DISRUPTIVE TO THE PROGRESS OF THE CONSOLIDATED LITIGATION**

Under the existing schedule, fact discovery must be completed by May 2. While Magten (together with Law Debenture, the co-plaintiff in 04-1494) is committed to achieving this, this has been made substantially more challenging by delays in NorthWestern's document production which is now (after the intervention of the Special Master) not scheduled to be completed until March 16, 2007, leaving barely six weeks, including the Passover and Easter holidays, for depositions to be completed. Moreover, during the same time period Magten and Law Debenture will be briefing (hopefully on an expedited basis) an appeal in this Court (docketed as 3584 in Bankr. Case Docket 03-12872) from an order of the Bankruptcy Court in NorthWestern's chapter 11 case which, if not reversed on appeal, will impair Magten and Law Debenture's rights, if and when they prevail in no. 04-1494, to receive the remedy NorthWestern's confirmed chapter 11 plan promised them. Requiring Magten to brief the proposed motion in the midst of this will create added burden and distraction without corresponding benefit to the parties or the Court.

Even worse, while Hanson and Kindt's Motion artfully states (emphasis added) that they "are not <u>here</u> seeking a stay of discovery as to them," it falls far short of an undertaking to refrain from seeking such a stay in the future or otherwise invoking the mere pendency of their proposed motion to refuse to provide relevant discovery, or engage in hair-splitting arguments about whether a particular line of deposition questioning is relevant to no. 04-1494 as well as to this action. The efficiencies sought to be achieved by consolidation of discovery will be threatened if that occurs.

120087.01600/40167267v.1

As to burden on Hanson and Kindt, not only do they have no one but themselves to blame for not having raised the issue previously, they will not be unduly burdened by being required to adhere to the existing schedule for any further dispositive motions before having their third bite at the apple. They have represented that they have fully completed their response to Magten's document requests, and would be deposed as fact witnesses in no 04-1494 in any event, with most of the same questions being asked due to the substantial factual overlap between the cases.

Moreover, Hanson and Kindt nowhere pledge that, if they are granted leave to file their proposed motion and it is denied (or granted without prejudice to amendment), they will refrain from filing yet another dispositive motion after the completion of discovery which would constitute a fourth bite at the apple. The existing schedule already assures them an opportunity to seek dismissal of the action for a third time before being required to proceed to trial. By far the least disruptive course for the parties and the Court is to adhere to that schedule and require them to bring the arguments in the proposed motion, together with any others they may believe they have in light of what is revealed in discovery, at the same time in conformity with the Scheduling Order.

V.  **IN THE ALTERNATIVE, IF LEAVE TO AMEND WERE GRANTED IT SHOULD BE SUBJECT TO CONDITIONS MITIGATING DISRUPTION**

At a bare minimum, if the Court were to grant leave to file the proposed motion, it should make clear that Hanson and Kindt may not obstruct or limit discovery in any way based on the pendency of the motion. Moreover, to mitigate the burden and disruption of the need to respond to the motion in the middle of fact discovery and briefing of the urgent appeal from the Bankruptcy Court, a reasonable briefing schedule should be set providing Magten with at least 30 days to file its opposition brief.

## CONCLUSION

For all of the foregoing reasons, the Motion should be denied, without prejudice to the right of Hanson and Kindt to file whatever dispositive motions they believe there is a good faith basis for at the time provided in the existing Scheduling Order.

Dated: Wilmington, Delaware
February 15, 2007

                              BLANK ROME LLP

                              */s/ Dale R. Dubé*
                              Dale Dubé (DE No. 2863)
                              Bonnie Fatell (DE No. 3809)
                              1201 Market Street, Suite 800
                              Wilmington, DE 19801
                              Telephone:  (302) 425-6400
                              Facsimile:   (302) 425-6464

                                      -and --

                              FRIED, FRANK, HARRIS, SHRIVER &
                                  JACOBSON LLP
                              Bonnie Steingart
                              Gary L. Kaplan
                              John W. Brewer
                              One New York Plaza
                              New York, NY 10004
                              Telephone: (212) 859-8000
                              Facsimile: (212) 859-4000

                              Counsel for Magten Asset Management
                                 Corporation

120087.01600/40167267v.1

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of February, 2007, I served by hand delivery and electronic filing the **OPPOSITION OF MAGTEN ASSET MANAGEMENT CORPORATION TO THE MOTION OF DEFENDANTS MICHAEL J. HANSON AND ERNIE J. KINDT FOR LEAVE TO FILE A DISPOSITIVE MOTION [CORRECTED]** using CM/ECF which will send notification of such filing(s) to the following:

Victoria Watson Counihan, Esquire
Dennis A. Meloro, Esquire
GREENBERG TRAURIG LLP
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801

Robert J. Dehney, Esquire
Curtis S. Miller, Esquire
MORRIS NICHOLS ARSHT
 & TUNNELL LLP
1201 Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

Denise Seastone Kraft, Esquire
EDWARDS ANGELL PALMER &
 DODGE LLP
919 North Market Street, 15th Floor
Wilmington, DE 19801

Kathleen M. Miller, Esquire
SMITH KATZENSTEIN &
 FURLOW LLP
800 Delaware Avenue
P. O. Box 410
Wilmington, DE 19899

David A. Jenkins, Esquire
SMITH KATZENSTEIN &
 FURLOW LLP
800 Delaware Avenue
P. O. Box 410
Wilmington, DE 19899

I also certify that, on this 15th day of February, 2007, I served the aforementioned document, by e-mail and Federal Express, upon the following participants:

John V. Snellings, Esquire
Amanda D. Darwin, Esquire
NIXON PEABODY LLP
100 Summer Street
Boston, Massachusetts 02110-2131

Stanley T. Kaleczyc, Esquire
Kimberly A. Beatty, Esquire
BROWNING, KALECZYC, BERRY
  & HOVEN, P.C.
139 North Last Chance Gulch
P.O. Box 1697
Helena, Mt 59624

Bijan Amini, Esquire
Avery Samet, Esquire
Bradley F. Silverman, Esquire
STORCH AMINI & MUNVES PC
2 Grand Central Tower
140 East 45th Street, 25th Floor
New York, New York 10017

Steven J. Reisman, Esquire
Joseph D. Pizzurro, Esquire
Nancy E. Delaney, Esquire
Miriam K. Harwood, Esquire
CURTIS, MALLET-PREVOST,
  COLT & MOSLE LLP
101 Park Avenue
New York, New York 10178-0061

Jesse H. Austin, Esq.
PAUL, HASTINGS, JANOFSKY &
  WALKER, LLP
600 Peachtree Street, N.E.
Atlanta, GA 30308

Dennis E. Glazer, Esquire
Paul Spagnoletti, Esquire
DAVIS POLK & WARDWELL
450 Lexington Avenue, Room 3004
New York, NY 10017

*Dale R. Dubé*
Dale R. Dubé (I.D. No. 2863)