IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAGTEN ASSET MANAGEMENT CORP., | : |
| Plaintiff, | : |
| v. | : Civil Action No. 05-499-JJF |
| MIKE J. HANSON and ERNIE J. KINDT, | : |
| Defendants. | : |

**REPLY TO MOTION FOR LEAVE TO FILE
A DISPOSITIVE MOTION**

EDWARDS ANGELL PALMER & DODGE LLP
Denise S. Kraft (Bar No. 2778)
919 N. Market Street, Suite 1500
Wilmington, DE 19801
(302) 425-7106
(302) 777-7263 (facsimile)
dkraft@eapdlaw.com

and

BROWNING, KALECZYC, BERRY
  & HOVEN, P.C.
Stanley T. Kaleczyc
Kimberly A. Beatty
139 North Last Chance Gulch
P.O. Box 1697
Helena, MT 59624

Dated: February 23, 2007

_508047_1.DOC/

**TABLE OF CONTENTS**

TABLE OF CONTENTS ....................................................................................................... i
TABLE OF AUTHORITIES ................................................................................................. ii
I.   MAGTEN HAS THE BURDEN OF PROVING ITS STANDING TO BRING THIS LAWSUIT AGAINST HANSON AND KINDT. ........................................................... 1
II.  THE LAW OF THE CASE DOCTRINE DOES NOT PROVIDE MAGTEN WITH RESPITE FROM ITS BURDEN OF PROVING ITS STANDING TO BRING THIS LAWSUIT AGAINST HANSON AND KINDT. ........................................................... 5
III. AMENDMENT OF THE COMPLAINT WILL NOT CURE THE STANDING DEFECT. .................................................................................................................... 9
IV.  CONCLUSION. ......................................................................................................... 11

# **TABLE OF AUTHORITIES**

**Cases**

*Allen v. Wright*, 468 U.S. 737, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984) ..........................................2

Arizona v. California, 460 U.S. 605, 103 S.Ct. 1382, (1983) ..........................................7, 8

*Baker v. Carr*, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962) ..........................................2

*Borelli v. City of Reading*, 532 F.2d 950, (3d Cir. 1976) ..........................................4

*Chabal v. Reagan*, 822 F.2d 349, (3d Cir. 1987) ..........................................2

*Coca-Cola Bottling Co. of Shreveport, Inc. v. Coca-Cola Co.*,
  988 F.2d 414, (3d Cir. 1993) ..........................................5, 6, 7

*Fogel v. Chestnut,*, 668 F.2d 100 (2d Cir. 1981) ..........................................6, 7

*FW/PBS Inc. v. City of Dallas*, 493 U.S. 215, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990) ................2

*Hayman Cash Register Co. v. Sarokin*, 669 F.2d 162 (3d Cir. 1982) ..........................................6, 7, 8

*In re City of Philadelphia Litigation*, 158 F.3d 711, (3d Cir.1998) ..........................................5, 8

*Lujan v. Defenders of Wildlife*, 504 U.S. 55, (1992) ..........................................2

*Messenger v. Anderson*, 225 U.S. 436, 32 S.Ct. 739, 56 L.Ed. 1152 (1912) ..........................................8

*National Organization for Women, Inc. v. Scheidler*,
  510 U.S. 249, 114 S.Ct. 798, 127 L.Ed.2d 99 (1994) ..........................................2

*Public Interest Research Group of New Jersey, Inc. v. Magnesium Elektron, Inc.*,
  123 F.3d 111 (3d Cir. 1997) ..........................................2, 3, 5, 8

*Schiaffo v. Helstoski*, 492 F.2d 413, (3d Cir. 1974) ..........................................4

*Schultz v. Onan Corporation*, 737 F.2d 339, (3d Cir. 1984) ..........................................7, 8

*Southern R. v. Clift*, 260 U.S. 316, 43 S.Ct. 126, 67 L.Ed. 283 (1922) ..........................................8

*Valley Forge Christian College v. Americans United for Separation of Church and
  State*, 454 U.S. 471, 102 S. Ct. 752, 70 L.Ed.2d 700 (1982) ..........................................2

*Warth v. Seldin*, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975) ..........................................2

**Statutes**

Mont Code Ann. § 35-8-1104 ................................................................................................ 6, 9

**Other Authorities**

1B J. Moor & T Currier, ¶ 0.404 (1980) ..................................................................................... 7

Wright, Miller and Cooper, Vol. 13A, § 3531.15 ....................................................................... 3

Plaintiff Magten ("Magten") asserts essentially three arguments opposing the Motion for Leave to File a Dispositive Motion brought by Defendants Hanson and Kindt: first, the law of the case precludes such motion; second, there is no "pressing" reason to litigate important standing issues now, rather this Court should require Defendants to expend additional time and resources in the discovery process before their meritorious standing issue should be heard more than 6 months hence; and third, a "simple" amendment to the Complaint will cure the defect and permit the case to proceed, and such defect should be cured following the close of discovery. None of Magten's arguments are compelling or warrant consideration by this Court.

What Magten is really concerned about is its recognition that it has a fatally flawed Complaint that will not ultimately withstand a dispositive motion on standing. Magten is concerned that if Defendants Hanson and Kindt are released from this case at this time, it loses some of its ability to exert pressure on NorthWestern to settle Magten's claims. Magten's complaints about "distraction and disruption of this case" and its plea to focus on its other appeals rather than being bothered now with responding to challenges to its standing, must be viewed in the stark light that Magten now faces pressure on multiple fronts. These pressures, however, are the sole and direct result of Magten's own conscious decision to engage in aggressive litigation tactics against numerous parties in several separate forums -- all carefully designed to exert maximum pressure on its true target, NorthWestern Corporation, to settle claims NorthWestern apparently has a good faith basis to dispute. Magten should not be permitted to forestall its burden of proving its own standing to bring this suit by arguing it has other more important issues to pursue at this time.

I.  **MAGTEN HAS THE BURDEN OF PROVING ITS STANDING TO BRING THIS LAWSUIT AGAINST HANSON AND KINDT.**

It has long been settled that a plaintiff may not avail itself of the federal courts unless an actual case or controversy exists. In other words, the plaintiff must prove it has standing to bring the lawsuit. The "gist of the question of standing" is "[h]ave the appellants alleged such a personal stake in the outcome of the controversy as to assure that concrete adverseness which

1

sharpens the presentation of issues." *Baker v. Carr*, 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962). The United States Supreme Court has held:

> The rules of standing, whether as aspects of the Art. III case-or-controversy requirement or as reflections of prudential considerations defining and limiting the role of the courts, are threshold determinants of the propriety of judicial intervention. It is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers.

*Warth v. Seldin*, 422 U.S. 490, 517-18, 95 S.Ct. 2197, 2215, 45 L.Ed.2d 343 (1975).

The Third Circuit recently reiterated the importance of standing. In *Public Interest Research Group of New Jersey, Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111 (3d Cir. 1997) (PIRG v. MEI), the appellate court was asked to re-examine a decision by the district court that a party had standing to sue. The Third Circuit instructed:

> Standing is a threshold jurisdictional requirement, derived from the "case or controversy" language of Article III of the Constitution. *See Valley Forge Christian College v. Americans United for Separation of Church and State*, 454 U.S. 471-73, 102 S. Ct. 752, 757-59, 70 L.Ed.2d 700 (1982). Plaintiffs must have standing at all stages of the litigation, *see National Organization for Women, Inc. v. Scheidler*, 510 U.S. 249, 114 S.Ct. 798, 127 L.Ed.2d 99 (1994), and they bear the burden of proving it "with the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561, 112 S.Ct. at 2136. In addition, federal appellate courts have a bedrock obligation to examine both their own subject matter jurisdiction and that of the district courts. *See FW/PBS Inc. v. City of Dallas*, 493 U.S. 215, 230-231, 110 S.Ct. 596, 607, 107 L.Ed.2d 603 (1990). *See also Chabal v. Reagan*, 822 F.2d 349, 355 (3d Cir. 1987) (speaking of "overarching principle that requires us continually to inquire into our own jurisdiction"). The Supreme Court has remarked that standing is "perhaps the most important" of jurisdictional doctrines. *FW/PBS Inc.*, 493 U.S. at 230, 110 S.Ct. at 607, *quoting Allen v. Wright*, 468 U.S. 737, 750, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984). As a jurisdictional prerequisite, standing prevents the federal courts from becoming forums for the "ventilation of public grievances" and protects the delicate balance of power shared by the executive, legislature, and judiciary. *See Valley Forge*, 454 U.S. at 473, 102 S.Ct. at 759; *Allen*, 468 U.S. at 759, 104 S.Ct. at 3329. Therefore, PIRG cannot hide behind the law of the case."

*PIRG v. MEI*, 123 F.3d at 117. The *PIRG* court also noted: "Like any jurisdictional requirement, <u>standing cannot be waived</u>. Therefore, throughout the entire litigation, it remained

2

PIRG's responsibility to demonstrate that it has standing to pursue this case." *Id.* (emphasis added).

Contrary to Magten's assertions, a defendant does not "waive" its right to contest standing simply because it is not raised at the earliest stage of the case. Indeed, standing may be raised at the motion to dismiss stage, at the summary judgment stage, at trial, or upon appeal. *See, generally*, WRIGHT, MILLER AND COOPER, Vol. 13A, § 3531.15, p. 95-99, (and cases cited therein). Further, even if the parties do not raise the issue of standing, it is incumbent upon the Court, whether at the trial stage or on appeal, to do so on its own motion. *Id. See also, PIRG v. MEI*, 123 F.3d at 117.

On January 12, this Court issued an order in a related case, Magten v. Paul Hastings Janofsky and Walker, Cause No. 04-1256-JJF, (the "PHJW Opinion") which clearly demonstrated Magten lacked standing to bring that case and also lacks standing to bring this case against Hanson and Kindt. Upon reading and analyzing the PHJW Opinion, Hanson and Kindt promptly filed the instant motion seeking leave to file a dispositive motion. Contrary to Magten's assertions, Hanson and Kindt were not untimely in bringing the motion. Hanson and Kindt were simply not bound by the timing of the briefing in Cause No. 04-1256 related to the PHJW Opinion, they were not required to file this motion any earlier or join in PHJW's motion for judgment on the pleadings. In fact, joinder – as Magten suggests to be the appropriate choice – would not have been permitted since Magten has asserted separate and distinct cases against separate parties alleging distinct legal theories.

Importantly, Magten cites to no authority to support its contention that Hanson and Kindt should have raised the possibility of a dispositive motion based on standing at an earlier stage in these proceedings, nor can it find any such authority. The bottom line is that standing is a constitutional requirement, and without the requisite standing, the case is barred. The timing of when the challenge to standing is made, is largely irrelevant. Before a judgment may be entered and enforced, the plaintiff must be found to have had standing to sue.

3

In fact, the Third Circuit has held that the results of discovery are not relevant to the issue of standing, holding "[t]he question of standing is generally determined from the face of the complaint." *Borelli v. City of Reading*, 532 F.2d 950, 951 (3d Cir. 1976) (*citing Schiaffo v. Helstoski*, 492 F.2d 413, 423 (3d Cir. 1974) (*which held* "The Supreme Court when reviewing the standing of a particular litigant has focused on the allegations set forth in the claimant's complaint to determine whether he meets the relevant standing test. (citations omitted) Since the fact that a plaintiff's claim subsequently proves to lack merit has no bearing on his right, or standing, to bring suit in the first place, it would seem that logic dictates reliance on the plaintiff's pleadings to determine standing.")). Thus, it is unnecessary, and a waste of the limited resources of both the Court and the parties, to proceed through an expensive and extensive discovery period and into the trial preparation stages, or into the proof at trial itself, if the plaintiff lacks standing to bring the suit in the first instance.

It is clear, then, that Magten's argument that Hanson and Kindt somehow "waived" their right to challenge Magten's standing is wholly without merit and is contrary to the holdings of the Supreme Court and the Third Circuit. It is also clear that Magten's argument that the question of standing should be delayed so discovery can be completed is equally without merit. The only result of accepting Magten's argument is that any further delay in requiring Magten to prove its standing will allow Magten to increase the overall cost and burden to these defendants and hopefully force NorthWestern Corporation to settle claims it has to date challenged in good faith. Such tactics fly in the face of the rights and obligations established by our litigation system. A litigant should not be required to continue with litigation that the asserting party is not entitled to bring in the first instance.

Because standing is a threshold judicial determination that must be made to ensure the propriety of judicial intervention, and because it is the claimant's burden to allege facts sufficient in its complaint to demonstrate it is a proper party entitled to judicial resolution of the dispute, and in light of this Court's PHJW Opinion that Magten in fact lacks standing, there is no reason

4

to require Hanson and Kindt to wait more than 6 months to bring a dispositive motion based on meritorious questions of standing.

II. **THE LAW OF THE CASE DOCTRINE DOES NOT PROVIDE MAGTEN WITH RESPITE FROM ITS BURDEN OF PROVING ITS STANDING TO BRING THIS LAWSUIT AGAINST HANSON AND KINDT.**

Contrary to its assertions, Magten cannot take solace in any of Judge Cebull's prior Orders denying the Motion to Dismiss or the Motion for Summary Judgment as "the law of the case." As the Third Circuit noted in *PIRG v. MEI, supra*, when faced with important questions of standing, a party simply "cannot hide behind the law of the case." *PIRG*, 123 F3d at 117. Rather, the plaintiff must affirmatively prove it has standing to bring the suit and the Court has an obligation "continually to inquire into [its] own jurisdiction." *Id.* Thus, Magten's reliance on the law of the case doctrine is inapposite.

Magten's assertions that considerations of comity and judicial precedent should preclude this court from hearing issues of standing are likewise without merit. In *PIRG v. MEI*, the Third Circuit "recognized the principle that the federal courts' unyielding obligation to uphold statutory and constitutional limitations on jurisdiction should not bend to less important prudential notions of comity and finality." *PIRG*, 123 F.3d at 119.

Even if this Court nonetheless decides to consider the law of the case doctrine, the doctrine only applies when the prior court <u>actually ruled upon the issue</u>. *See, In re City of Philadelphia Litigation*, 158 F.3d 711, 718 (3d Cir.1998), (*holding* the law of the case doctrine "acts to preclude review of only those legal issues that the court in a prior appeal actually decided, either expressly or by implication …"). *See also, Coca-Cola Bottling Co. of Shreveport, Inc. v. Coca-Cola Co.*, 988 F.2d 414, 429 (3d Cir. 1993). None of Judge Cebull's prior orders specifically addressed the standing issues decided by this Court in the PHJW Opinion.

First, Judge Cebull did not address whether Magten may properly seek to impose liability pursuant to the Montana Uniform Fraudulent Transfer Act against a party who did not receive

5

the assets in question. Therefore, Judge Cebull did not address Magten's standing to bring its action. Second, Judge Cebull did not address the derivative nature of these claims or the impact of Mont Code Ann. § 35-8-1104 on this case. However, Judge Cebull did acknowledge that all parties, including Magten and Judge Case, admitted Magten was not a creditor of Clark Fork at the time of the Transfer. *See* Order Denying Motion to Dismiss, at p. 4; Order Denying Motion for Summary Judgment, at p. 5. In fact, Judge Cebull simply acknowledged that, notwithstanding that Magten was not a creditor of Clark Fork at the time of the Transfer, there had been no prior judicial determination as to whether Magten had standing to assert these claims. *Id.* So, while Judge Cebull found that Judge Case's prior orders did not preclude Magten's standing, neither did Judge Cebull find Magten possessed standing. Finally, Judge Cebull did not address whether Magten was a member of Clark Fork at the time of the Transfer, nor did Judge Cebull preclude the argument of Hanson and Kindt that they had no ability to direct the actions of Clark Fork. Rather, Judge Cebull himself recognized that he did not have the requisite corporate documents in the record to decide that issue one way or the other. *See* Order Denying Motion to Dismiss, at p. 4.

Despite that a dispositive motion based on the PHJW Opinion is substantively different from any of the motions brought before Judge Cebull, Magten tries to cite *Hayman Cash Register Co. v. Sarokin*, *Fogel v. Chestnut*, and *In Re Mercedes-Benz Antitrust Litigation* to create the illusion that the "law of the case" doctrine is an iron-tight doctrine requiring a subsequent judge to forebear hearing issues of standing that were not raised before the prior

judge. Not only are the *Hayman Cash Register*,[1] *Fogel*,[2] and *Mercedes-Benz*[3] cases clearly distinguishable, but Magten's argument also contravenes the constitutional requirement that a plaintiff must have standing to sue and has the burden of proving its standing. Magten simply misapplies the "law of the case" doctrine.

The Supreme Court describes the law of the case doctrine in far different terms. It stated that "[u]nlike the more precise requirements of res judicata, law of the case is an amorphous concept." *Arizona v. California*, 460 U.S. 605, 618 103 S.Ct. 1382, 1391 (1983). The law of the case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case. *Id. citing* 1B J. Moor & T Currier, ¶ 0.404 (1980). Thus, the law of the case doctrine only applies when the prior court actually ruled upon the issue. *In re City of Philadelphia Litigation, supra,* 158 F.3d at 718. *See also, Coca-Cola Bottling Co., supra,* 988 F.2d at 429; *Schultz v. Onan Corporation*, 737 F.2d 339, 345 (3d Cir. 1984). Here, contrary to Magten's arguments, Judge Cebull did not explicity

---

[1] In *Hayman Cash Register*, 669 F.2d 162 (3d Cir. 1982), the issue was whether a transferee court was permitted to revisit a finding of a transferor court that the transferee court had personal jurisdiction to accept the transfer of venue of the case. The Third Circuit found that the transferee court was bound by the law of the case doctrine when the transferor court expressly made the requisite personal jurisdiction determination. The personal jurisdiction question at issue in *Hayman* was clearly and expressly decided by the transferor court. That is not the case in this instance nor is personal jurisdiction at issue here. Thus, Magten's reliance upon *Hayman* is misplaced and this Court should look to the Third Circuit's holding in *PIRG* v. *MEI* discussed elsewhere in this brief.

[2] In *Fogel*, 668 F.2d 100 (2d Cir. 1981), the issues presented to the court revolved around the sometimes confusing interpretation of lack of jurisdiction of the court and a dismissal on the merits for a failure of the complaint to state a claim on which relief can be granted, and whether the defendant had abandoned a particular defense prior to trial. The *Fogel* court found the defendant had indeed abandoned the defense, and then determined that the law of the case doctrine precluded that defendant from subsequently litigating the existence of an implied cause of action based on the same abandoned defense. The *Fogel* court was not faced with a challenge to the plaintiff's standing. Thus, this Second Circuit opinion is not applicable here, especially in light of the controlling precedent of the Third Circuit cited elsewhere in this brief.

[3] In *Mercedes-Benz*, 364 F.Supp.2d 468 (D. NJ 2005), the New Jersey district court was faced with whether its original denial of the motion to dismiss the complaint was an implicit determination by the court of the sufficiency of the plaintiff's allegations in the complaint which later precluded the defendant from seeking a partial motion for summary judgment. Relying upon a Seventh Circuit decision, the *Mercedes-Benz* court determined it had previously upheld the sufficiency of the plaintiff's allegations, and thus the law of the case doctrine precluded a motion for partial summary judgment. The *Mercedes-Benz* court was not, however, faced with a challenge to standing. Therefore, this decision is not applicable here, especially in light of the controlling precedent of the Third Circuit cited elsewhere in this brief. Further, the rulings by Judge Cebull were specific findings, leaving nothing to be implied and did not address the standing issues contained in the PHJW Opinion. Finally, as noted throughout this brief, challenges to standing may not be waived and may be raised at any time during the proceedings.

7

or impliedly speak to Magten's standing to sue. As discussed above, the issues presented to Judge Cebull differed from those issues Hanson and Kindt will present to this Court based on the PHJW Opinion. Therefore, the law of the case doctrine simply does not apply to bar the requested dispositive motion.

Further, the Supreme Court has also repeatedly held that the "[l]aw of the case directs a court's discretion, it does not limit the tribunal's power." *Arizona, supra*, 460 U.S. at 618, 103 S.Ct. at 1391 (*citing Southern R. v. Clift,* 260 U.S. 316, 319, 43 S.Ct. 126, 126, 67 L.Ed. 283 (1922); *Messenger v. Anderson,* 225 U.S. 436, 444, 32 S.Ct. 739, 740, 56 L.Ed. 1152 (1912). *See also, In Re City of Philadelphia Litigation, supra,* 158 F.3d at 718; *PIRG, supra,* 123 F.3d at 116. The fact is that a judge should readily use his or her discretion and not limit the Court's powers or bind the Court's hands by blindly applying the law of the case doctrine. Given that questions of standing are threshold determinations for access to the courts in the first instance, this Court should not be bound by any prior determination on standing.

Moreover, there are several exceptions to the law of the case doctrine, including where: "(1) new evidence is available; (2) a supervening new law has been announced; or (3) the earlier decision was clearly erroneous and would create manifest injustice." *In re City of Philadelphia Litigation*, 158 F.3d at 718. *See also, PIRG v. MEI,* 123 F.3d at 116-117; *Schultz,* 737 F.2d at 345; *Hayman Cash Register,* 669 F.2d at 169-70.

If "new evidence is available to the second judge when hearing the issue" *see, Schultz,* 737 F.2d at 345, the law of the case doctrine does not apply. The reasoning for this exception is that "the question has not really been decided earlier and is posed for the first time; the second judge ought, therefore, to be free to render the decision.'" *Id.* In *PIRG v. MEI*, the Third Circuit specifically determined that this exception applied to a later court's decision to revoke a plaintiff's standing based upon the inclusion of additional evidence even though the evidence had been previously made available to the first court. *PIRG, 123 F.3d at 116 (noting* "[a]lthough in *MEI I*, the district court referred to Keating's affidavit as "conclusory," the Court nevertheless eventually concluded [in *MEI II*] that her findings of no injury or threat of injury to the Creek

8

were persuasive" and thus *holding* the court's eventual finding of no injury undermined its original determination of standing). Further, to the extent that an argument can be made that Judge Cebull did address the applicability of Mont. Code Ann. § 35-8-1104 by implication and found Magten has standing, a proposition Hanson and Kindt strenuously dispute, this Court has the discretion to examine such order to determine whether the earlier decision was clearly erroneous and would create manifest injustice. In light of the PHJW Opinion, it is clear that any prior determination by Judge Cebull that Magten had standing is clearly erroneous and would create manifest injustice if permitted to stand.

Thus, it matters not that the information could have been provided earlier or that Hanson and Kindt could have brought this dispositive motion earlier. Because standing is still of paramount constitutional concern, at the end of the day if the plaintiff lacks standing, the suit is barred. As a result, the exceptions to the law of the case doctrine, to the extent the law of the case doctrine applies at all, also apply here.

### III. AMENDMENT OF THE COMPLAINT WILL NOT CURE THE STANDING DEFECT.

Magten alleges that its defective standing can be cured simply by adding Law Debenture as a new party to this litigation and engaging in a "technical" repleading of its causes of action. Magten's arguments are without merit. Hanson and Kindt believe Magten should not be permitted to amend its Complaint for a variety of reasons. Hanson and Kindt will not, however, preview all of its arguments in opposition here, but will respond in detail to Magten's motion to amend its Complaint when such opposition brief is due on February 28. However, even if this Court permitted Magten to amend its Complaint, amendment will not cure Magten's defective standing. Amendment, therefore, would be futile; is not a defense to a dispositive motion brought by Hanson and Kindt; and would merely permit Law Debenture to attempt to circumvent the running of the statute of limitations on its own claims while permitting Magten to attempt to disguise its own flawed allegations from summary disposition.

In the PHJW Opinion, this Court found that a party who is not the transferee of the assets in question will not be liable for any alleged fraudulent transfer. *See* PHJW Order, at 6. Just like PHJW, neither Hanson or Kindt received the assets in question; therefore, we believe that based on the reasoning in the PHJW Opinion, the Court will also hold neither Magten nor Law Debenture can establish its claims against Hanson and Kindt. Further, this Court specifically held Magten lacks standing to pursue its claims because its claims are derivative claims. *See* PHJW Order at p. 8. Because Montana's Limited Liability Company Act only permits derivative claims against a limited liability company to be brought by a <u>member of the Company who was a member at the time of the transaction at issue</u>, and because neither Magten nor Law Debenture were members at the time of the Transfer at issue, both Magten and Law Debenture lack standing to pursue these claims. Further, this Court held Magten lacks standing to bring a derivative claim against Clark Fork as a creditor because the Court found Magten was not a creditor of Clark Fork at the time of the Transfer. *See* PHJW Order, at p. 9. Thus, the Court found Magten cannot satisfy the "contemporaneous ownership" requirement under Montana's Limited Liability Company Act. For these reasons, we believe Magten lacks standing for each of the three reasons stated above and that Law Debenture lacks standing for each of the two reasons stated above. That Law Debenture may have been a creditor of Clark Fork at the time of the Transfer does not cure its lack of standing to assert these claims.

For these reasons, amendment of the Complaint by Magten to add Law Debenture as a party will not save the defective pleading. As a result, there is no reason for this Court to first require discovery be completed, then allow Magten to amend its complaint, and only then consider any dispositive motion brought by Hanson and Kindt. Hanson and Kindt are entitled to require Magten to prove its standing based on the status of the pleadings as they exist today[4].

---

[4] Hanson and Kindt further object to Magten's blanket request that it be permitted 30 days to file an opposition brief to any dispositive motion brought by Hanson and Kindt. The rules permit a party 10 days from the date of service to file an opposition brief. Hanson and Kindt have been willing to work with Magten and have in fact granted requests for extensions to briefing schedules due to scheduling conflicts of Magten's lawyers. There is no reason for this Court to address this request, which is based on speculation that its lawyers <u>may</u> need more time, at this juncture. If Magten requires an extension of time permitted by the rules, Magten's counsel should be directed to meet and confer directly with counsel for Hanson and Kindt without first addressing this issue of professional courtesy with the Court.

## IV. CONCLUSION.

For all of these reasons, and for the reasons set forth in their Motion for Leave to File a Dispositive Motion and Brief in Support, Hanson and Kindt respectfully request this Court grant them leave to file a dispositive motion challenging Magten's standing to bring this litigation without requiring Hanson and Kindt to wait until the September deadline for the filing of dispositive motions set in this Court's Scheduling Order.

DATED: February 23, 2007.

EDWARDS ANGELL PALMER & DODGE LLP

/s/ Denise Seastone Kraft
Denise Seastone Kraft (No. 2778)
919 North Market Street
Wilmington, DE 19801
Telephone: (302) 425-7106

and

Stanley T. Kaleczyc
Kimberly A. Beatty
Browning, Kaleczyc, Berry & Hoven, P.C.
139 North Last Chance Gulch
P.O. Box 1697
Helena, MT 59624

*Counsel to Michael J. Hanson and Ernie J. Kindt*