IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MAGTEN ASSET MANAGEMENT CORP., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 05-499-JJF |
| | : | |
| MIKE J. HANSON and ERNIE J. KINDT, | : | |
| | : | |
| Defendants. | : | |

**ANSWERING BRIEF OF MIKE J. HANSON AND
ERNIE J. KINDT IN OPPOSITION TO
<u>JOINT MOTION TO AMEND COMPLAINT</u>**

EDWARDS ANGELL PALMER & DODGE LLP
Denise S. Kraft (Bar No. 2778)
919 N. Market Street, Suite 1500
Wilmington, DE  19801
(302) 425-7106
(888) 325-9741 (facsimile)
dkraft@eapdlaw.com

and

BROWNING, KALECZYC, BERRY
  & HOVEN, P.C.
Stanley T. Kaleczyc
Kimberly A. Beatty
139 North Last Chance Gulch
P.O. Box 1697
Helena, MT 59624

Dated:  February 28, 2007

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................. i, ii

TABLE OF AUTHORITIES ........................................................................................... iii, iv

SUMMARY OF ARGUMENT ........................................................................................ 1

COUNTERSTATEMENT OF FACTS ........................................................................... 1

ARGUMENT ................................................................................................................. 4

I.      MAGTEN'S "JOINT MOTION" MUST BE DENIED
        BECAUSE IT DOES NOT COMPLY WITH THE RULES OF CIVIL
        PROCEDURE OR WITH LOCAL RULES ........................................................ 4

        A.      Magten's Joint Motion Should Be Denied Because It Violates
                Fed. R. Civ. P. 15 And Local Rule 15.1. ............................................... 4

        B.      Magten's Joint Motion Should Be Denied Because It
                Circumvents the Federal Rules of Civil Procedure. ............................. 5

        C.      Magten's Joint Motion Should Be Denied Because It
                Violates Local Rule 7.1.1. ...................................................................... 7

II.     MAGTEN'S "JOINT MOTION" MUST BE DENIED BECAUSE IT DOES
        NOT COMPLY WITH THE REQUIREMENTS OF FED. R. CIV. P. 15 .............. 8

        A.      Magten And Law Debenture Should Not Be Granted Leave To Amend
                The Complaint Because of Their Undue Delay and Bad Faith. .................... 9

        B.      Magten And Law Debenture Should Not Be Granted Leave To Amend
                The Complaint Because Any Amendment Is Futile. ..................................... 11

                1.      Magten and Law Debenture lack standing to sue Hanson
                        and Kindt ...................................................................................... 12

                2       Law Debenture's claims against Hanson and Kindt are
                        time-barred..................................................................................... 13

        C.      Magten And Law Debenture Should Not Be Granted Leave To
                Amend The Complaint Because Amendment is Prejudicial to
                Hanson and Kindt. .................................................................................. 16

III.    THE REQUEST BY MAGTEN AND LAW DEBENTURE TO EXTEND
        THE COURT'S FEBRUARY 2 DEADLINE TO AMEND PLEADINGS
        SHOULD BE DENIED. .......................................................................................... 19

CONCLUSION ..................................................................................................................... 20

# TABLE OF AUTHORITIES

**Cases**

*Adams v. Gould, Inc.*, 730 F.2d 858 (3rd Cir. 1984) .................................................................8, 18

*Arthur v. Maersk, Inc.*, 434 F.3d 196 (3rd Cir. 2006) ...................................8, 11, 13, 14

*Cornell & Co., Inc. v. OSHRC*, 573 F.2d 820 (3d. Cir. 1978) ...........................................18

*Cureton v. National Collegiate Athletic Ass'n.*, 252 F.3d 267 (3rd Cir. 2001) .........................5, 18

*Forman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)......................................8, 13

*Garr v. Clayville*, 71 F.R.D. 553 (D.Del., 1976)...............................................................14, 17

*Glassman v. Computervision Corp.,*, 90 F.3d 617 (1st Cir. 1996) .................................................11

*Grayson v. Mayview State Hospital*, 293 F.3d 103 (3rd Cir. 2002) .......................................11

*In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410 (3rd Cir. 1997) ....................11

*Lake v. Arnold*, 232 F.3d 360, (3rd Cir. 2000) .........................................................................5, 9

*Nelson v. County of Allegheny*, 60 F.3d 1010 (3rd Cir. 1995) .......................................................14

*Public Interest Research Group of New Jersey, Inc. v. Magnesium Elektron, Inc.*,
    123 F.3d 111, (3rd Cir. 1997) ....................................................................................................2, 3

*Railroad Telegraphers v. Railway Express Agency,* 321 U.S. 342, 64 S.Ct. 582, 88
    L.Ed. 788 (1944)....................................................................................................................17

*Rolo v. City of Investing Co. Liquidating Trust,* 155 F.3d 644 (3d Cir. 1998)..........................18

*Ross v. Johns-Manville Corp.*, 766 F. 2d 823 (3d Cir. 1985)........................................................17

*United States v. Kubrick*, 44 U.S. 111, 100 S. Ct. 352 (1979) ................................................16, 17

**Statutes**

Mont Code Ann. § 35-8-1104(2)(a) ........................................................................................12

Mont. Code Ann. § 27-2-204.............................................................................................10, 13

**Other Authorities**

3 James Wm. *Moore et al., Moore's Federal Practice - Civil* ¶ 15.08[4], (2d ed. 1993)............11

3 James Wm. Moore et al., *Moore's Federal Practice – Civil* § 15.19[3][d] (3d ed. 1997)........14

6 WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d §1473 (1990) ........8

6 WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d §1485 (1990) ........4

Advisory Committee Note to 1966 amendment to Rule 17(a)......................................................15

BAICKER-MCKEE, JANSSEN, AND CORR, FEDERAL CIVIL RULES HANDBOOK (2007) .............14, 15

Restatement (Second) of Conflicts of Law § 142 comment d (1971)..........................................17

**Rules**

D. Del. L. R. 15.1 ........................................................................................................................5

D. Del. L. R. 7.1.1 .......................................................................................................................7

Fed. R. Civ. P. 12..........................................................................................................................6

Fed R. Civ. P. 12(b)(6) ...............................................................................................................11

Fed. R. Civ. P. 15.....................................................................................................................5, 17

Fed. R. Civ. P. 15(a) .........................................................................................................4, 8, 9, 13

Fed. R. Civ. P. 15(c) ...............................................................................................8, 13, 14, 17

Fed. R. Civ. P. 15(c)(3) .............................................................................................................14

Fed. R. Civ. P. 17....................................................................................................................15, 17

Fed. R. Civ. P. 17(a) ...................................................................................................................15

Fed. R. Civ. P. 19.......................................................................................................................6, 17

Fed. R. Civ. P. 20..........................................................................................................................6

Fed. R. Civ. P. 21........................................................................................................................17

Fed. R. Civ. P. 24..........................................................................................................................6

Fed. R. Civ. P. 26(c) .....................................................................................................................7

## SUMMARY OF ARGUMENT

Defendants Michael J. Hanson ("Hanson") and Ernie J. Kindt ("Kindt"), hereby oppose the meritless attempt by Plaintiff Magten Asset Management Corporation ("Magten") to cure its own lack of standing by attempting to add Law Debenture Trust Company of New York ("Law Debenture") as a party to this case. Not only is the "Joint Motion for Leave to Amend the Complaint" ("Joint Motion") itself defective and in violation of several Local Rules, it is a clear attempt by Magten to avoid dismissal of its claim and an effort by Law Debenture to circumvent the statute of limitations which has run on its own claims. Moreover, no amendment of the Complaint, whether it be to add Law Debenture as a party or to re-plead certain allegations, will be successful. At the end of the day, both Magten and Law Debenture lack the requisite standing to bring this litigation against these Defendants and any claim asserted by Law Debenture is clearly beyond the statute of limitations. Further, Hanson and Kindt will suffer prejudice if Magten is permitted to amend its Complaint. Therefore, the attempt to amend the Complaint must be rejected.

## COUNTERSTATEMENT OF FACTS

Much of the first six (6) pages of Magten's Joint Motion is misleading and inaccurate, and is little more than a thinly veiled effort by Magten to repeat its arguments as to why the Defendants' request to file a dispositive motion should be denied. In this case, Magten has alleged Hanson and Kindt, acting as officers of Clark Fork and Black Foot, LLC ("Clark Fork"), breached fiduciary duties owed to Magten in connection with the transfer of assets and liabilities from Clark Fork to NorthWestern Corporation made at the direction of NorthWestern, the sole Member of Clark Fork. This Court recently dismissed Magten's related claims against Paul Hastings Janofsky and Walker ("PHJW") because the Court found (1) a non-transferee cannot be

held liable for a fraudulent transfer as a matter of law and (2) Magten does not have standing to assert derivative claims on behalf of Clark Fork. Memorandum Opinion, Civil Action No. 04-1256-JJF (the "PHJW Opinion"). The PHJW Opinion is equally applicable to the allegations Magten asserts against Hanson and Kindt, and directly places Magten's standing to bring the instant case at issue.

In response to this Court's PHJW Opinion, Hanson and Kindt wrote a letter to Magten requesting that Magten voluntarily dismiss its claims against Hanson and Kindt for the reason set forth in this Court's substantive findings in the PHJW Opinion. *See* Exhibit C to Joint Motion. In the letter, Hanson and Kindt discussed these substantive findings and why the prior rulings by Judge Cebull are inapposite. *Id.* Magten ultimately refused to voluntarily dismiss, opting instead to exploit professional courtesies extended by counsel for Hanson and Kindt in an obvious effort to gain more time to attempt to cure a defective Complaint and avoid a dismissal of this action. *See*, Exhibits D-H to Joint Motion. As a result, Hanson and Kindt filed a motion with the Court for leave to file a dispositive motion based upon the PHJW Opinion.[1] In response, Magten concocted a scheme to pull Law Debenture into this case well after the statute of limitations had run on any possible claims Law Debenture might have alleged against Hanson and Kindt.

As the Defendants discussed in their Motion for Leave to File Dispositive Motion [Docket No. 141], and their Reply Brief [Docket No. 148], Magten clearly lacks standing in this case. The Third Circuit has held: "Plaintiffs must have standing at all stages of the litigation, and they bear the burden of proving it 'with the manner and degree of evidence required at the successive stages of the litigation.'" *Public Interest Research Group of New Jersey, Inc. v.*

---

[1] The Motion for Leave to File Dispositive Motion [Docket No. 141] is now fully briefed and awaiting this Court's determination.

*Magnesium Elektron, Inc.*, 123 F.3d 111, 117 (3rd Cir. 1997) (citations omitted) ("*PIRG v. MEI*"). Challenges to standing cannot be waived. In *PIRG v. MEI* the Third Circuit held that the law of the case doctrine does <u>not</u> apply to bar a challenge to standing. *Id.* For these reasons alone, the emphasis placed on Judge Cebull's prior rulings is misplaced. Further, Magten's description of the prior Orders is inaccurate. A reading of Judge Cebull's prior rulings, and the briefs filed in support of the motions upon which he ruled, clearly shows that no challenge was previously made to Magten's standing on the same basis as set forth in the PHJW Opinion. See Exhibit A and B to Joint Motion and Exhibits A – F to the Declaration of John Brewer filed Feb. 15, 2007 [Docket No. 146]. Magten's plea for the law of the case doctrine to apply must be rejected and Hanson and Kindt should be granted leave to file their dispositive motion.

   With respect to the instant Joint Motion, the attempt by Magten to amend its Complaint and introduce a new party to this litigation should be denied. The Joint Motion itself is defective, as it violates several rule requirements as further detailed below. Magten's effort to bring Law Debenture into this case is nothing more than an attempt to circumvent the statute of limitations that bars Law Debenture's claims, and would only result in prejudice to these Defendants. Lastly, Magten's attempt to amend the Complaint would be futile because both Magten and Law Debenture lack standing to bring these allegations against Hanson and Kindt.

**ARGUMENT**

**I.    MAGTEN'S "JOINT MOTION" MUST BE DENIED BECAUSE IT DOES NOT COMPLY WITH THE RULES OF CIVIL PROCEDURE OR WITH LOCAL RULES.**

> **A.    Magten's Joint Motion Should Be Denied Because It Violates Fed. R. Civ. P. 15 And Local Rule 15.1.**

Magten's Joint Motion violates Rule 15.1 of the Local Rules of Civil Practice and

Procedure of the United States District Court for the District of Delaware.  Local Rule 15.1

requires:

> [a] party who moves to amend a pleading shall attach the pleading as amended, and one copy, to the motion.  In addition, the motion shall include a form of the amended pleading which shall indicate in what respect it differs from the pleading which it amends, by bracketing materials to be deleted and underlining materials to be added.  Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of Court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference.  A failure to comply with this rule is not grounds for denial of the motion.  The amended pleading shall be deemed filed as of the date of an order allowing the amendment, unless the order otherwise provides.

Local Rule 15.1 (Emphasis added.)  The purpose behind this rule is to allow the Court and

opposing parties to evaluate the amended pleading to determine whether amendment is proper

and warranted.  WRIGHT, MILLER AND KANE notes:

> A motion to amend under Rule 15(a), as is true of motions generally, is subject to the requirements of Rule 7(b), and must set forth with particularity the relief or order requested and the grounds supporting the application.  In order to satisfy these prerequisites, a copy of the amendment should be submitted with the motion so that the court and the adverse party know the precise nature of the pleading changes being proposed.

6 WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d §1485 (1990)

(emphasis added).  The Third Circuit has held that the failure to provide a draft amended

4

complaint to the district court is grounds for denying leave to amend[2]. *Lake v. Arnold*, 232 F.3d 360, 373-74 (3rd Cir. 2000) (*noting* that without the draft amended complaint, the district court cannot evaluate the merits of a plaintiff's request). *See also, Cureton v. National Collegiate Athletic Ass'n.*, 252 F.3d 267, 273 (3rd Cir. 2001).

Magten failed to attach the amended pleading to the Joint Motion as required by Local Rule 15.1. Further, Magten has not, to date, attempted to supplement its filing by attaching the draft amended Complaint. The reason is clear: Magten chose to wait until the Defendants' time to respond to the Joint Motion had passed before submitting any amendment, thereby denying Hanson and Kindt the opportunity to specifically comment on the new allegations and their merits. Absent the proposed amended complaint, neither this Court nor these Defendants can properly assess the validity of the request to amend and are left only to guess at the nature and extent of any proposed amendments. Therefore, Magten's Joint Motion should be denied.

B.    Magten's Joint Motion Should Be Denied Because It Circumvents the Federal Rules of Civil Procedure.

Magten's "Joint Motion," in which Law Debenture, a non-party to this action, attempts to file a motion and make an appearance as a "Proposed Co-Plaintiff," is a blatant attempt by both Magten and Law Debenture to circumvent the Federal Rules of Civil Procedure. Neither Magten nor Law Debenture cite any authority, nor does any authority exist, for the procedure they use in filing this "Joint Motion" pursuant to Fed. R. Civ. P. 15. Rule 15 by its plain language, is a procedure reserved to "parties." Law Debenture is simply not a party to this action. As a non-

---

[2] Despite Local Rule 15.1 stating that a failure to attach the amended complaint is not grounds to deny the motion, the analysis by the Third Circuit is no less compelling and should be followed. To grant the motion for leave to amend without allowing Hanson and Kindt to comment on the specific new allegations and whether such allegations are futile or prejudicial to these Defendants, is, in and of itself, prejudicial. Such prejudice is not permitted by the Rules, and in fact is contrary to the spirit of the Rules, the intent of Fed. R. Civ. P. 15, the specific language of Local Rule 15.1 and Third Circuit determinations.

party, Law Debenture had no right or ability to make an appearance, let alone attempt to file a "Joint Motion."

Rather, if Law Debenture wanted to appear in this litigation, it had several legitimate avenues open to it. Law Debenture could have (1) filed its own complaint, and then moved to consolidate its new case with this case brought by Magten; (2) filed a motion to intervene under Rule 24; or (3) filed a motion to join under Rules 19 and/or 20. If Law Debenture availed itself of any of these proper procedural avenues, an independent inquiry would then have been undertaken to determine the propriety of intervention under Rule 24 or of joinder under Rules 19 and 20, with Hanson and Kindt being afforded the opportunity to challenge such propriety based on the motion and arguments affirmatively asserted by Law Debenture. If Law Debenture had followed proper procedures, Hanson and Kindt would likewise have been afforded the opportunity to challenge Law Debenture's complaint pursuant to Rule 12, issues of standing, the statute of limitations, and any other applicable affirmative defenses. Finally, complying with these procedures would then have permitted this Court to exercise its discretion as to whether consolidation of a separate action was appropriate and warranted.

Instead, Law Debenture and Magten prefer to thumb their noses at the Rules, deny Hanson and Kindt the procedural safeguards the Rules afford them, and deny this Court the ability to make a determination based on the application of the appropriate Rules. Because Magten and Law Debenture are clearly attempting to circumvent the Rules of Civil Procedure, the Joint Motion must itself be deemed a defective pleading and denied.

C.    Magten's Joint Motion Should Be Denied Because It Violates Local Rule 7.1.1.

Magten's Joint Motion also violates Rule 7.1.1 of the Local Rules of Civil Practice and

Procedure of the United States District Court for the District of Delaware.  Local Rule 7.1.1

requires:

> Unless otherwise ordered, the Court will not entertain any non-dispositive motion,
> except those motions brought by a person appearing pro se and those brought
> pursuant to Fed. R. Civ. P. 26(c) by a person who is not a party, unless counsel for
> the moving party files with the Court, at the time of filing the motion, a statement
> showing that the attorney making the motion has made a reasonable effort to
> reach agreement with the opposing attorneys on the matters set forth in the
> motion.

Here, both Magten and Law Debenture are represented parties and are not acting *pro se*.  The

Joint Motion is not a motion brought pursuant to Fed. R. Civ. P. 26(c).  However, neither Magten

nor Law Debenture attempted to "reach an agreement with the opposing attorneys on the matters

set forth in the motion," namely, the content or subject matter of the proposed amendments to the

Complaint or the merits of raising any such amendments.  Law Debenture has never contacted

counsel for these Defendants in the course of this litigation or in connection with any other

proceeding.  Magten did seek agreement to extend the deadline set in this Court's Scheduling

Order for the amendment of the pleadings, but never attempted to discuss the type of

amendment, the reasons for the amendment, or the merits of the amendment.  *See* Exhibit G to

Joint Motion.

The failure of Magten and Law Debenture to comply with the clear requirements of Local

Rule 7.1.1 cannot be viewed as an isolated incident or an innocent lapse in judgment or thought.

As noted immediately above, this is but one more example of their attempts to skirt the Rules to

give themselves an unfair advantage.  Litigation rules, whether they are embodied in the Federal

Rules of Civil Procedure or the Local Rules of this District Court, are designed so that all parties

7

have notice of the procedures and limitations placed upon them, so that no party may gain an advantage over the other. These rules must be adhered to by everyone or our system of justice is placed in jeopardy. Because Magten and Law Debenture have demonstrated their inability (or unwillingness) to comply with the rules, the Joint Motion should be denied.

## II.    MAGTEN'S "JOINT MOTION" MUST BE DENIED BECAUSE IT DOES NOT COMPLY WITH THE REQUIREMENTS OF FED. R. CIV. P. 15.

The purpose of Rule 15(a) is to "enable a party to assert matters that were overlooked or were unknown at the time he interposed the original complaint or answer." 6 WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d §1473 (1990). Rule 15(c) "allows for misunderstandings and good-faith lapses in judgment, so long as the party thereafter acts reasonably and diligently." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 206 (3rd Cir. 2006) (*citing Adams v. Gould, Inc.*, 730 F.2d 858, 868-69 (3rd Cir. 1984). Rule 15(a) states in relevant part, that: "[o]therwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Here, justice requires that leave to amend be denied.

In discussing the requirements of Rule 15(a), the Third Circuit has held:

Under the Federal Rules of Civil Procedure, a plaintiff is entitled to amend her claim once; courts may grant subsequent amendments "when justice so requires." Fed. R. Civ. P. 15(a). While this Rule also requires that leave to amend should be "freely given," a district court has the discretion to deny this request if it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith, or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party. See *Forman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)."

8

*Lake, supra*, 232 F.3d at 373[3]. The Third Circuit also noted that a district court "has substantial

leeway in deciding whether to grant leave to amend." *Id.* In *Lake*, the Third Circuit also held

that failure to provide a district court with a draft amended complaint may be grounds for denial

of the motion for leave to amend because, when the district court cannot review the proposed

amendments, it cannot determine "whether 'justice so requires' the court to grant plaintiff's

request." *Id.* at 374. Here, not only did Magten and Law Debenture fail to attach a draft

amended complaint to their motion (see Section I(A) above), all of the elements cited by the

Supreme Court and the Third Circuit for reasons justifying the denial of leave to amend are

present here: (A) the moving party has demonstrated undue delay, bad faith, or dilatory motives,

(B) the amendment would be futile, and (C) the amendment would prejudice the other party.

A.   Magten And Law Debenture Should Not Be Granted Leave To Amend The Complaint Because of Their Undue Delay and Bad Faith.

In their Joint Motion, Magten and Law Debenture assert that "the proposed amendment

would be generally limited to: (a) adding Law Debenture as a co-plaintiff; and (b) repleading the

existing breach of fiduciary duty claims in the alternative as derivative claims as well as direct

claims." Joint Motion at p. 1. If Magten had believed these amendments were necessary to

Magten's Complaint, they could have and should have raised them much earlier in these

proceedings.

As Magten has repeatedly noted, this case has been pending since April 2004. To the

extent Magten now believes it prudent to amend its Complaint to assert derivative and direct

claims, it cites no reason in its Joint Motion why such amendments could not or should not have

been made over the preceding three years. In fact, the allegations raised by Magten in its

---

[3] The right to amend once is only a right to amend as a matter of course at any time before a responsive pleading is served or within 20 days after a responsive pleading is served. Fed. R. Civ. P. 15(a). Neither of these circumstances are present in this case, and thus Magten does not have the right to amend as a matter of course, but rather must first obtain leave of Court.

9

Complaint are derivative claims, and therefore there is no need to replead "the existing breach of fiduciary duty claims in the alternative as derivative claims." Rather, seeking to unnecessarily amend a Complaint at this stage in the litigation smacks of bad faith or dilatory practice. Further, as discussed in Hanson and Kindt's Motion for Leave to File Dispositive Motion, Magten lacks standing to assert derivative claims. [*See* Docket Nos. 141 and 148.] Therefore, as discussed below, any such amendment would be futile.

Moreover, Law Debenture has clearly acted with undue delay and in bad faith. Any direct claims Law Debenture may assert accrued no later than the date of the going flat transaction: November 15, 2002. Therefore, pursuant to Montana's applicable statute of limitations, Law Debenture had until November 15, 2005, three years from the accrual of the claim, to bring any Complaint. Mont. Code Ann. § 27-2-204 ("the period prescribed for the commencement of an action upon a liability not founded upon an instrument in writing is within 3 years.") Law Debenture clearly knew of the accrual of the claim, evidenced by the assertions it made in the Joint Motion that it has been monitoring this case and has previously considered "whether it ought to seek to join in this action as a co-plaintiff." Joint Motion at p. 5. Moreover, Law Debenture did, indeed, bring suit against NorthWestern Corporation raising claims arising from the same "going flat" transaction. See, Case No. 04-1494-JJF.

Law Debenture allowed the applicable statute of limitations to run on any claims it may have had against Hanson and Kindt approximately eighteen (18) months ago. It now acts in bad faith by attempting to bring a complaint, via Magten's proposed amended complaint, at this time. Law Debenture's blatant attempt to make an end-run around the statute of limitations must be rejected.

In addition, as discussed in Section II(B) below, based on the analysis set forth in the PHJW Opinion, the claims for breach of fiduciary duty are derivative claims. Therefore, it makes no difference whether Magten as a QUIPS holder, or Law Debenture as the Trustee, tries to assert the claims. Both entities lack the requisite standing to assert derivative claims under Montana's limited liability company statutes.

Magten knows it has a fatally flawed Complaint that will not withstand a dispositive motion on standing. Law Debenture knows its claims, to the extent it has any, are time-barred by the running of the applicable three year statute of limitations. These parties have now joined forces, each in an attempt to cure its own defects and participate, in a last-ditch attempt to keep this case alive in hopes that NorthWestern Corporation will settle the other litigation. Such dilatory practice and bad faith should not be countenanced by this Court. As the Third Circuit has held: "[w]here a party fails to take advantage of previous opportunities to amend, without adequate explanation, leave to amend is properly denied." *Arthur*, 434 F.3d at 204.

B.     Magten And Law Debenture Should Not Be Granted Leave To Amend The Complaint Because Any Amendment Is Futile.

In determining when an amendment is futile, the Third Circuit has provided the following guidance:

> "Futility" means that the complaint, as amended, would fail to state a claim upon which relief could be granted. *Glassman*, 90 F.3d at 623 (citing 3 *Moore's Federal Practice* ¶ 15.08[4], at 15-80 (2d ed. 1993)). In assessing "futility," the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6). *Id.* (citing *3 Moore's* at ¶15.08[4], at 15-81).

*In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1434 (3rd Cir. 1997) (*denying* amendments that would not survive a Rule 12(b)(6) motion even if pled with more particularity.) *See also, Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3rd Cir. 2002) (*holding* Court must inform plaintiffs he has leave to amend within a set period of time, "unless

11

amendment would be inequitable or futile." (emphasis added)).  The amendments proposed by the Joint Motion will not cure Magten's lack of standing to bring this suit, nor will they provide Law Debenture with standing.  Further, Law Debenture's claims are time-barred in their entirety.  Therefore, any amendment is futile and should not be permitted.

>        1.        Magten and Law Debenture lack standing to sue Hanson and Kindt.

In the PHJW Opinion, this Court found that a party who is not the transferee of the assets in question will not be liable for any alleged fraudulent transfer.  *See* PHJW Order, at 6.  Just like PHJW, neither Hanson nor Kindt received the assets in question; therefore, based on the reasoning in the PHJW Opinion, neither Magten nor Law Debenture can establish its claims against Hanson and Kindt.  This Court specifically held that Magten lacks standing to pursue its claims because its claims are derivative claims.  *See* PHJW Order at p. 8.  Because Montana's Limited Liability Company Act only permits derivative claims against a limited liability company to be brought by a <u>member of the Company who was a member at the time of the transaction at issue</u>, Mont Code Ann. § 35-8-1104(2)(a), and because neither Magten nor Law Debenture were members at the time of the Transfer at issue, both Magten and Law Debenture lack standing to pursue these claims.  This Court held Magten lacks standing to bring a derivative claim against Clark Fork as a creditor because the Court found Magten was not a creditor of Clark Fork at the time of the Transfer.  *See* PHJW Order, at p. 9.  Thus, the Court found Magten cannot satisfy the "contemporaneous ownership" requirement under Montana's Limited Liability Company Act.  For these reasons, Magten lacks standing for each of the three reasons stated above and Law Debenture lacks standing for each of the two reasons stated above.  That Law Debenture may have been a creditor of Clark Fork at the time of the Transfer does not cure its lack of standing to assert these derivative claims.

12

2.    Law Debenture's claims against Hanson and Kindt are time-barred.

As noted above in Section II(A), Law Debenture had at most until November 15, 2005,

three years from the date of the "going flat" transaction to bring any claims based on that

transaction. Mont. Code Ann. § 27-2-204 ("the period prescribed for the commencement of an

action upon a liability not founded upon an instrument in writing is within 3 years.") It is

undisputed that Law Debenture failed to bring any action within the applicable time period.

Therefore, Law Debenture's claims are time-barred.

Law Debenture seeks to avoid the statute of limitations bar by asserting that Fed. R. Civ.

P. 15(c) allows it to use the "relation back" concept of amendments to pleadings. There are

several fatal flaws in this argument. The relation back doctrine does not serve to protect those

who knowingly allow the statute of limitations to run before seeking to file a complaint. Rather,

in *Arthur*, the Third Circuit discussed that when Rule 15(a) and Rule 15(c) are "[c]ombined,

these provisions ensure that an inadvertent error in pleading will not preclude a party from

securing relief on the merits of a claim." *Arthur*, 434 F.3d at 202 (*citing to Forman v. Davis*, 371

U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

Rule 15(c) requires three distinct prerequisites for an amendment to relate back to the

original complaint:

> (1) the claims in the amended complaint must arise out of the same occurrences
> set forth in the original complaint, (2) the party to be brought in by amendment
> must have received notice of the action within 120 days of its institution, and (3)
> the party to be brought in by amendment must have known, or should have
> known, that the action would have been brought against the party but for a
> mistake concerning its identity.

*Arthur*, 434 F.3d at 203 (emphasis added, *citing* Fed.R.Civ.P. 15(c)). Further, the Delaware

District Court discussed Rule 15(c) requirements specifically when the desire is to amend the

pleadings to add a plaintiff:

1) Whether the defendant has received adequate notice of the claim of the
additional plaintiff, 2) whether the relation back of such an amendment would
unfairly prejudice the defendant in defending against the additional plaintiff and
3) whether there is an identity of interest between the original plaintiff and the
proposed additional plaintiff.

*Garr v. Clayville*, 71 F.R.D. 553, 556 (D.Del., 1976).

The Third Circuit has emphasized "relation back was properly denied when the plaintiffs,

who had delayed for three years in moving to amend the complaint, could not establish that their

failure to bring an earlier amendment was due to "mistake." *Arthur*, 434 F.3d at 204 (*citing to*

*Nelson v. County of Allegheny*, 60 F.3d 1010, 1011 (3rd Cir. 1995) in which denial of amendment

was "justified because the plaintiffs had been aware of their claims against the defendants at the

time the case was commenced, but had decided not to sue them in the original complaint."). *See*

*also*, BAICKER-MCKEE, JANSSEN, AND CORR, FEDERAL CIVIL RULES HANDBOOK (2007), p. 461

("if the party seeking to amend made no mistake, relation back is not permitted under Rule

15(c)(3).") The *Arthur* court also specifically noted: "a conscious choice to sue one party and

not another does not constitute a mistake and is not a basis for relation back." *Arthur*, 434 F.3d

at 204 (*citing* 3 James Wm. Moore et al., *Moore's Federal Practice – Civil* § 15.19[3][d] (3d ed.

1997)). Finally, the *Arthur* court noted: "the language of Rule 15(c) plainly implies that the

"mistake" must have occurred at the time the complaint was filed." *Arthur*, 434 F.3d at 207.

Here, Law Debenture did not make a mistake. Rather, it knowingly allowed the statute of

limitations to expire on any claims it may have alleged against Hanson and Kindt even as it

admittedly monitored the litigation. Rule 15(c) does not allow Law Debenture to "unfairly

prejudice the defendant[s]" by knowingly allowing the statute of limitations to expire and then

attempting to relate its untimely claims back to Magten's earlier, timely – albeit defective –

Complaint.

14

Further, Law Debenture seeks to avoid the impact of the expired statute of limitations by asserting it is the real party in interest under Fed. R. Civ. P. 17. The real party in interest rule protects defendants from actions by parties that are not entitled to recover. Rule 17(a) states that "every action shall be prosecuted in the name of the real party in interest." This rule ensures that suits are only initiated on behalf of persons whose interests will be materially affected by the outcome. BAICKER-MCKEE, JANSSEN, AND CORR, FEDERAL CIVIL RULES HANDBOOK, 2007, p. 485. That restriction protects "the defendant against a subsequent action by the party actually entitled to recover, and to ensure that the judgment will have its proper effect as res judicata." *See* Advisory Committee Note to 1966 amendment to Rule 17(a). This rule creates a real-party-in-interest defense that may be raised as a pleading or motion. FEDERAL CIVIL RULES HANDBOOK, at 374.

The real party in interest rule only becomes a tool for a subsequent plaintiff when the original plaintiff is dismissed because a defendant raises the real party in interest defense or a court *sua sponte* determines the original plaintiff was not a real-party-in-interest. Any protection the rule provides the plaintiff only comes into effect after a court has determined that the original plaintiff is not a real-party-in-interest. *See*, Rule 17 ("No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after the objection for" the addition of the real-party-in-interest.) (Emphasis added.) If dismissal of the action due to the real-party-in-interest rule is not a threat, then there is no need to apply the relation back rule to assure that the "ratification, joinder, or substitution" of the real party in interest "shall have the same effect as if the action had been commenced in the name of the real party in interest." *Id.*

15

Magten, in fact, is a real party in interest by virtue of the Indenture language that allows QUIPS holders to assert claims where the Trustee fails to act. Therefore, the real party in interest rule is inapposite since the proposed amendment will not substitute a real party in interest for a party who had no interest. The problem here is that neither real party in interest – Magten nor Law Debenture – has standing under applicable Montana law

C.    Magten And Law Debenture Should Not Be Granted Leave To Amend The Complaint Because Amendment is Prejudicial to Hanson and Kindt.

Defendants will be prejudiced if Magten is permitted to amend its Complaint and Law Debenture is permitted to inject itself into this lawsuit as an additional plaintiff.

As argued in the preceding sections, the applicable statute of limitations under which Law Debenture may have asserted a claim against Hanson and Kindt for breach of fiduciary duty has run, and the principle of relation back is inapplicable to the facts of this case. To permit Law Debenture to circumvent the statute of limitations is not only wrong as a matter of law but also would work manifest injustice on and prejudice these Defendants. As the United States Supreme Court has noted:

> It goes without saying that statutes of limitations often make it impossible to enforce what were otherwise perfectly valid claims. But this is their very purpose, and they remain as ubiquitous as the statutory rights or other rights to which they are attached or are applicable. We should give them effect in accordance with what we can ascertain the legislative intent to have been.

*United States v. Kubrick*, 44 U.S. 111,125, 100 S. Ct. 352, 361 (1979).

The Third Circuit has likewise acknowledged that it would be prejudicial to permit a plaintiff, such as Law Debenture here, to prosecute what otherwise has become a stale claim on which the statute of limitations has run:

> One of the major objectives in enacting a limitations statute is to protect defendants and the local courts against the prosecution of stale claims. *See* Restatement (Second) of Conflicts of Law § 142 comment d (1971). The limitations period for a given type of action reflects the legislature's judgment that

16

at that particular point in time "the right to be free of stale claims ... comes to prevail over the right to prosecute them." *United States v. Kubrick,* 444 U.S. 111, 117, 100 S.Ct. 352, 356, 62 L.Ed.2d 259 (1979) (quoting *Railroad Telegraphers v. Railway Express Agency,* 321 U.S. 342, 349, 64 S.Ct. 582, 586, 88 L.Ed. 788 (1944)).

*Ross v. Johns-Manville Corp.*, 766 F. 2d 823, 827 (3d Cir. 1985).[4]

In this case, the animating considerations which motivate the enactment of statutes of limitations apply to avoid prejudice to Hanson and Kindt. They are entitled to certainty and finality in assessing their exposure to the threat of suit for their past conduct in performing ministerial acts on behalf of Clark Fork at the direction of Clark Fork's sole Member. These same considerations and the same prejudice, as attach here, are of the type which animated the adoption of other Rules of Civil Procedure governing proper parties and the time for joinder of those parties, including: Rule 17, real party in interest, which prohibits a party from being sued by a "placeholder" who is not aggrieved; Rule 19, joinder of parties needed for just adjudication; and Rule 21, misjoinder and nonjoinder. While these rules may not directly apply in this case, the intent of these rules demonstrate the need to avoid prejudice by ensuring that the correct parties are present in a timely manner or otherwise forever hold their peace. To allow persons who could have been parties to the lawsuit to enter the action late, after the applicable statute of limitations has run, frustrates the purpose of such statutes and works a prejudice on defendants.

In addition, despite their statement to the contrary, an amendment to the pleadings to add a new party and a new theory to the case at this late stage will result in additional prejudice to the Defendants. The Third Circuit has consistently:

---

[4] *See also, Garr,* 71 F.R.D. at 555. In that case, the Delaware District Court was faced with whether to grant a requested leave to amend pursuant to Rule 15. The district court noted that the question in *Garr* involved "something more than a pro forma amendment meriting reflexive approval by the Court. Here, Garr and Home Indemnity are seeking to amend Garr's complaint to add Home Indemnity as a plaintiff and avoid Delaware's applicable two year bar through use of Rule 15(c)'s provisions for 'Relation Back of Amendments.' Ultimately, the district court granted leave because "the relationship between Garr and Home Indemnity, his subrogated insurer, is clearly close" and other unique facts were presented that are not present in this case.

considered whether allowing an amendment would result in additional discovery, cost and preparation to defend against new facts or new theories. *Compare id.* [*Adams*, 739 F.2d] at 869 (finding no prejudice because no new facts or additional discovery were required) with *Rolo*, 155 F.3d at 655 (finding duration of case and substantial effort and expense in resolving underlying motion to dismiss could constitute delay or prejudice to defendants) and *Cornell*, 573 F.2d at 823-24 (finding significant prejudice because proposed amendment changed legal and factual basis of claim and prevented defendant from presenting defense).

*Cureton*, 252 F.3d at 273 (*affirming* district court's denial of post-judgment motion for leave to amend due to plaintiff's undue delay in bringing a request to amend three years after the complaint was filed and conclusion "that the only real reason advanced by plaintiffs for the substantial lapse in time was plaintiff's misplaced confidence in their original disparate impact theory.")

Defendants here, of course, have not conducted discovery on Law Debenture because Law Debenture is not a party to this litigation. Discovery is scheduled to close on May 2, 2007. In order for Hanson and Kindt to submit timely written discovery to Law Debenture, they must do so no later than April 2. However, due to Magten's request for an extension of time, this Joint Motion will not be fully briefed and ready for disposition by this Court until March 9. This schedules leaves this Court just three weeks to grant or deny the Joint Motion and for the Defendants to serve written discovery on Law Debenture so that Law Debenture has the time allowed by the rules to respond to such discovery. Not only is this schedule unreasonably short, it ignores the time required for Magten and Law Debenture to file their proposed amended complaint, for the Defendants to file an answer to the proposed amended complaint or file other permitted dispositive motions, before requiring the Defendants to engage in discovery. The end result is that if the Joint Motion is granted, the discovery deadline in this case, and likely the other deadlines set in the Court's Scheduling Order including the trial date, must be vacated.

18

Since this case has been consolidated with Case No. 04-1494-JJF for discovery and pretrial

purposes, vacating the discovery deadline here will have a ripple effect in Case No. 04-1494-JJF

as well. Clearly, prejudice to the Defendants in this case, as well as for the defendant in Case

No. 04-1494-JJF, will result if the Joint Motion is granted.

## III.   THE REQUEST BY MAGTEN AND LAW DEBENTURE TO EXTEND THE COURT'S FEBRUARY 2 DEADLINE TO AMEND PLEADINGS SHOULD BE DENIED.

There is no reason to extend or declare inapplicable the February 2 deadline to amend

pleadings fixed by this Court in its Scheduling Order. Plaintiffs argue that this deadline was not

"intended to or should prevent a potentially meritorious amendment to the complaint." [5] But that

is precisely what the deadline is intended to do: It is intended to bring finality to the pleadings so

that the parties may litigate the claims asserted, not the claims which might have been, but were

not, timely raised. The deadline has now run, and this Court should permit Hanson and Kindt to

file their dispositive motion challenging Magten's standing based on the pleadings which have

been timely filed.

Not only will Hanson and Kindt suffer prejudice if the amendment is permitted, but any

amendments that Magten and Law Debenture might bring are futile because they both lack

standing to assert such claims and Law Debenture's claims are time-barred in their entirety.

Magten and Law Debenture have ignored and violated several Rules in bringing the Joint

Motion; in particular, they did not provide a draft amended complaint, thus denying this Court

and these Defendants the right to analyze the proposed amendment and comments on the merits

or flaws of any such amendment. Rather, both this Court and the Defendants are left to guess

---

[5]  See, Joint Motion at p. 2.

19

and speculate as to the nature, content and scope of any such amendment. Under these circumstances any further extensions of time to amend the pleadings should be denied.

## CONCLUSION

For all the foregoing reasons, it would be manifestly unjust and prejudicial to permit the amendment of the pleadings and the addition of a new party. Given the totality of the circumstances present here, the Joint Motion should be rejected and denied in its entirety. Further, legal fees and costs incurred in responding to the Joint Motion should be awarded to Mr. Hanson and Mr. Kindt based on the bad faith and futility demonstrated herein, in addition to the numerous violations of Federal and Local Procedural Rules in bringing the Joint Motion.

Dated: February 28, 2007

EDWARDS ANGELL PALMER & DODGE, LLP

Denise Seastone Kraft (No. 2778)
919 North Market Street
Wilmington, DE 19801
(302) 425-7106    Phone
(888) 325-9741    Fax

- and -

Stanley T. Kaleczyc
Kimberly A. Beatty
Browning, Kaleczyc, Berry & Hoven, P.C.
139 North Last Chance Gulch
P.O. Box 1697
Helena, MT 59624

*Counsel to Michael J. Hanson and Ernie J. Kindt*

20