IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MAGTEN ASSET MANAGEMENT
CORPORATION,

    Plaintiff,

v.

MIKE J. HANSON and ERNIE J. KINDT

    Defendants.

Civil Action No. 05-499-JJF

## MOTION TO STRIKE PROPOSED FIRST AMENDED COMPLAINT

Defendants Michael J. Hanson ("Hanson") and Ernie J. Kindt ("Kindt"), by and through their counsel of record, hereby respectfully request this Court strike the Proposed First Amended Complaint submitted by Magten Asset Management Corporation ("Magten") and Law Debenture Trust Company of New York ("Law Debenture") for the first time as Exhibits 1 and 2 to their *Reply in Further Support of Motion for Leave to Amend the Complaint* ("Reply Brief") [D.I. 153]. Hanson and Kindt are forced to bring this Motion to Strike to address the continuing violations of this Court's Local Rules perpetrated by Magten and Law Debenture.

Rule 15.1 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware requires:

> [a] party who moves to amend a pleading shall attach the pleading as amended, and one copy, to the motion. In addition, the motion shall include a form of the amended pleading which shall indicate in what respect it differs from the pleading which it amends, by bracketing materials to be deleted and underlining materials to be added. Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of Court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference. A failure to comply with this rule is not grounds for denial of the motion. The amended pleading shall be deemed filed as of the date of an order allowing the amendment, unless the order otherwise provides.

D. Del. LR 15.1 (Emphasis added.) The purpose behind this rule is to allow the Court and opposing parties to evaluate the amended pleading to determine whether amendment is proper

and warranted. As these Defendants pointed out in their Opposition Brief to the Motion for Leave to Amend Complaint [D.I. 149], Magten and Law Debenture failed to submit their proposed amended complaint as required by District Court Rule 15.1, thus depriving Hanson and Kindt of the opportunity to analyze and comment on the substance of the amendments and whether the amendments are proper or warranted.

Rather, Magten and Law Debenture opted to hide their proposed amended complaint, springing it on this Court and these Defendants only with their Reply Brief and after the time for additional briefing by the Defendants had passed. This type of sharp practice is not permitted by this Court's Local Rules. In fact, District Court Rule 7.1.3(c)(2) expressly prohibits this practice, stating in relevant part: "Reply Briefs. The party filing the opening brief <u>shall not reserve material for the reply brief which should have been included in a full and fair opening brief</u>." (Emphasis added.)

Clearly, District Court Rule 15.1 required that the proposed amended complaint be attached to the opening brief. Magten and Law Debenture failed to do so. The arguments asserted by Magten and Law Debenture that had counsel for Hanson and Kindt "asked to be provided with a proposed form of amended complaint before they filed their response, we would have agreed to do so" (*see*, Reply Brief at 3)[1] ring hollow and is not an adequate excuse for their violation of the affirmative duty placed upon them by District Court Rule 15.1. It is not incumbent upon the non-moving party to ask for a copy of the proposed amended complaint. It is the duty of the moving party to affirmatively provide such copy so that the parties and the Court have a fair opportunity to review it and comment upon it. District Court Rule 7.1.3(c)(2) clearly prohibits their attempt to belatedly file the proposed amended complaint after the time for opposition briefs has been closed. To permit the proposed amended complaint to be lodged with

---

[1] This statement by Magten and Law Debenture is all the more troubling because it is an admission that a proposed amended complaint either had already been prepared, or could have been prepared, in advance of the date the Opposition Brief was due, and could, therefore, have properly been provided to counsel for Hanson and Kindt before the Opposition Brief was required to be filed. This admission by Magten and Law Debenture that they intentionally failed to provide the proposed amended complaint and thus willfully violated the rules is shocking and smacks of bad faith.

this Court denies Hanson and Kindt the opportunity to comment on the substance of the amendment or its propriety. The Motion for Leave to Amend Complaint must be reviewed based upon the filings made with the opening brief and based on the arguments raised in the opposition brief. To the extent the reply brief raises new material that should have otherwise "been included in a full and fair opening brief," then that material should be stricken from the record and not considered by the Court. Magten and Law Debenture's end run around the applicable rules simply should not be permitted.

Moreover, it is not a sufficient remedy to simply re-open the briefing on the Motion for Leave to Amend the Complaint. Such a process merely condones Magten's and Law Debenture's violations of the rules and permits them the advantage they seek: to delay as long as possible the filing of a meritorious dispositive motion by Hanson and Kindt, thereby keeping them in this litigation as defendants so Magten and Law Debenture can exert maximum pressure on NorthWestern Corporation to settle all claims.

Magten and Law Debenture should not be permitted to benefit from their voluntary decision to violate clear Local Rules to obtain a litigation advantage. For these reasons, Exhibits 1 and 2 should be stricken from the Reply Brief and should not be considered by this Court. Further, Hanson and Kindt request that legal fees and costs incurred by them in filing this Motion to Strike be awarded in their favor based on the continuing bad faith and flagrant disregard for the rules demonstrated by Magten and Law Debenture.

Pursuant to District Court Rule 7.1.1, counsel for Hanson and Kindt have made a reasonable effort to reach agreement with counsel for Magten and Law Debenture on the matters set forth in the Motion to Strike. Counsel for Hanson and Kindt contacted counsel for Magten and counsel indicated opposition to the Motion to Strike. Counsel for Law Debenture was not available but Hanson and Kindt presume that Law Debenture also oppose this Motion for the same reasons as Magten.

Pursuant to District Court rule 7.1.2(a), Defendants waive their right to file an opening brief on this Motion to Strike but reserve the right to file a reply in the event Magten and Law Debenture oppose this motion.

DATED March 15, 2007.                    EDWARDS ANGELL PALMER & DODGE, LLP

*[signature]*

Denise Seastone Kraft (No. 2778)
919 North Market Street
Suite 1500
Wilmington, DE 19801
(302) 425-7106
(888) 325-9741 Fax

and

Stanley T. Kaleczyc
Kimberly A. Beatty
Browning, Kaleczyc, Berry & Hoven, P.C.
139 North Last Chance Gulch
P.O. Box 1697
Helena, MT 59624

*Counsel to Michael J. Hanson and Ernie J. Kindt*