## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAGTEN ASSET MANAGEMENT CORPORATION and LAW DEBENTURE TRUST COMPANY OF NEW YORK,<br><br>Plaintiffs,<br><br>v.<br><br>NORTHWESTERN CORPORATION,<br><br>Defendant. | C.A. No. 04-1494-JJF |
| MAGTEN ASSET MANAGEMENT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>MIKE J. HANSON & ERNIE J. KINDT,<br><br>Defendants. | C.A. No. 05-499-JJF |

## STIPULATED PROTECTIVE ORDER

WHEREAS, the parties ("the Parties") are engaged in discovery which includes the production by the Parties of information and documents solely in connection with the above-captioned actions ("the Actions");

WHEREAS, such discovery may involve the disclosure of confidential or proprietary information; and

WHEREAS, the Parties have voluntarily agreed to enter into this stipulation governing discovery and the protection of confidential information (the "Protective Order") in

order to limit the use and disclosure of confidential or proprietary information and documents provided hereunder;

IT IS HEREBY AGREED, by and between the Parties, that the following restrictions and procedures shall apply to confidential or proprietary information and documents:

1. As used herein, "Confidential Information" shall include any materials designated by any party as "Confidential" or "Confidential – Attorneys' Eyes Only" to the extent that its counsel believes in good faith that such materials contain confidential or proprietary information. Confidential Information shall include such materials and any information derived therefrom or referring thereto.

2. Should any party receive such Confidential Information, they shall use it and allow access to it only as allowed under this Protective Order and solely for the purpose of evaluating and/or pursuing any claims to be brought by or on behalf of that party in connection with the Actions and objecting to any such claim or lawsuit. Such Confidential Information may not be used for any other purpose or lawsuit.

3. Confidential Information designated as "Confidential" may only be disclosed to the following categories of persons:

   a. Counsel for the Parties and employees of such counsel assigned to and necessary to assist such counsel in connection with the Actions;

   b. Nonparty experts or consultants retained in good faith to assist counsel in the Actions and who have a need for such information to assist in the Actions; provided that such expert or consultant is first provided with a copy of this Protective Order and agrees, in writing, to be bound thereby with respect to the treatment of Confidential Information;

c. Persons who have been noticed for depositions or subpoenaed for trial testimony where necessary to the testimony of such witness; provided that such persons are first provided with a copy of this Protective Order and (except as may be otherwise directed by the Court or Special Master) agree, in writing, to be bound thereby with respect to the treatment of Confidential Information;

d. Officers or employees of any party who may be necessary to assist its counsel in connection with the Actions; provided that such persons are first provided with a copy of this Protective Order and agree, in writing, to be bound thereby with respect to the treatment of Confidential Information;

e. Court reporters, stenographers or video operators at depositions, court or arbitral proceedings at which Confidential Information is disclosed;

f. Clerical and data processing personnel involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, and review of Confidential Information, to the extent reasonably necessary to assist the other persons identified in paragraph 3 with respect to the Actions; and

g. The Court and any other person designated by the Court, upon such terms as the Court may deem proper.

4.   a. Confidential Information designated as "Confidential – Attorneys' Eyes Only" may only be shown to or used by persons described in paragraph 3.a., above. In addition, such information may be shown to persons described in paragraphs 3.b.-c., 3.e., and 3.g., only upon prior notice to the designating party. Confidential Information designated as "Confidential – Attorneys' Eyes Only"

will only be used with respect to documents or information that contain highly sensitive proprietary, financial or trade secret information, or involve highly confidential, non-public proceedings.

  b. If the producing party objects to a request by counsel to show "Attorneys-Eyes-Only" documents to a non-counsel person as listed in paragraph 4(a), counsel shall promptly confer, in good faith, to resolve the dispute. In the event counsel are unable to resolve the issue of whether documents designated "Attorneys-Eyes-Only" are being appropriately shown to such persons, counsel shall immediately submit the issue to the Special Master and agree to be bound by his decision.

  5. Any party may designate information as Confidential Information by marking or stamping documents (or the first page of a multi-page document provided that the document is securely bound), other information, or electronic media as "Confidential" or "Confidential – Attorneys' Eyes Only," or by informing the other Parties in writing of its Confidential designation. The producing party shall additionally call attention to any designation of material as "Confidential – Attorneys' Eyes Only" by specifying in the cover letter accompanying the production of documents, the Bates numbers of the documents so designated. Any party receiving information designated as Confidential Information shall treat print-outs of any data (such as e-mails) from a CD or other form of electronic media designated as Confidential Information in accordance with the terms of this Protective Order. Failure to designate materials as Confidential Information may be remedied by supplemental written notice and, upon receiving such supplemental notice, the party shall thereafter treat the designated materials in accordance with the terms of this Protective Order.

6. Any party may, on the record of a deposition, or within ten (10) business days after receipt of each volume of transcript of such deposition, designate any portion or portions of such transcript, including exhibits, as Confidential Information under the terms of this Protective Order. Until such time period expires, the entire volume of deposition transcript shall be treated as Confidential Information unless otherwise specified in writing or on the record of the deposition. All copies of deposition transcripts that contain information or material designated as Confidential Information shall be prominently marked "Confidential" or "Confidential – Attorneys' Eyes Only", as the case may be, on the cover thereof and, if filed with the Court, the portions of such transcripts so designated shall be filed under seal or the equivalent.

7. If any party objects to the designation of any materials designated as Confidential Information or seeks to use such materials other than as permitted by this Protective Order, that party shall so state by letter to counsel for the producing party, with copies to all Parties to this Protective Order. The producing party and the party objecting to the Confidential Information designation Parties shall promptly confer, in good faith, to resolve any dispute concerning the designation and treatment of such information pursuant to the terms of this Protective Order. In the event they are unable to resolve any dispute concerning treatment of information as Confidential Information, the producing party shall, if it wishes to adhere to its designation, give written notice of its adherence to the designation with three (3) business days of receipt of a notice contesting such designation and, within five (5) business days thereafter, shall, upon motion made to the Court or Special Master on notice to all Parties to this Protective Order, seek an order from the Court directing that such information shall be treated as Confidential Information pursuant to this Protective Order. Pending determination of such

motion, any information previously designated as Confidential Information shall continue to be treated in accordance with its original designation.

8. Inadvertent production of documents subject to work-product immunity, the attorney-client privilege or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege, provided that the producing party shall promptly notify all receiving Parties in writing of such inadvertent production. Upon reasonable notice, such inadvertently produced documents and all copies thereof, as well as all notes or other work product reflecting the contents of such materials, shall be returned to the producing party or destroyed, upon request, and such returned or destroyed material shall be deleted from any litigation-support or other database. No use shall be made of such documents during any deposition, mediation, hearing or trial, nor shall they be shown to anyone who was not given access to them prior to the request to return or destroy them. The receiving party then may move the Court for an order compelling production of the material, but such motion shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

9. Subject to the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the District of Delaware and any other procedures that may be established or that govern the Actions, Confidential Information may be offered into evidence at any hearing in open court in the Actions provided that the party which designated the materials as Confidential Information be given sufficient advance notice so as to allow it to apply for an order that the evidence be reviewed in camera or under other conditions to prevent its disclosure.

10. This Protective Order shall have no effect on the admissibility or discoverability of any Confidential Information. By signing this Protective Order, the Parties do

not agree that the information designated by any party as Confidential Information is in fact confidential.

11. The Parties intend that this Protective Order bars production of Confidential Information to third parties to the maximum extent permitted by law. In the event that any party is served with a subpoena or other notice compelling the production of Confidential Information, such party shall give prompt written notice, to the extent reasonably possible, sufficiently in advance of the requested production date, to the party which designated the information as Confidential Information so as to allow for an opportunity to object to production. The party to whom the subpoena or notice is directed shall not produce the Confidential Information until the designating party seeking to maintain confidentiality has had thirty (30) days to obtain an appropriate order.

12. This Protective Order has no effect upon, and its scope shall not extend to, any party's use of its own Confidential Information for any purpose.

13. Nothing herein shall prevent or prejudice any party from seeking additional or greater protection with respect to the use or disclosure of Confidential Information in connection with any hearing or other proceeding in the Actions or otherwise. Likewise, nothing herein shall prevent the Parties from seeking lesser protection with respect to the use or disclosure of Confidential Information in any hearing or other proceeding including any future litigation between or among the Parties.

14. In the event that counsel for any party determines to file with the Court any pleadings, motions, briefs or other papers that contain or disclose the contents of Confidential Information, such papers (or the portion that may cause such disclosure) shall be filed under seal or its equivalent. In the event that the filing party believes that Confidential

Information should not be filed under seal or its equivalent, it shall follow the objection procedure set forth in paragraph 7 above, and shall file a motion with the Court as set forth in paragraph 6 above.

15. The provisions of this Protective Order shall not terminate at the conclusion of the Actions. Because Confidential Information may only be used for purpose of the Actions, within 120 days after final conclusion of all aspects of the Actions, Confidential Information and all copies of same shall be returned to the producing party or, at the option of the receiving party, destroyed. This includes all notes, memoranda or other documents that summarize materials produced and designated as Confidential Information. Counsel of record for each party that has received Confidential Information shall certify that it has complied with this paragraph and shall deliver such certification to counsel for each party that has produced Confidential Information not more than 150 days after final termination of the Actions.

16. This Protective Order may be executed in counterparts.

Dated: March 16, 2007

GREENBURG TRAURIG LLP

_____
Victoria W. Counihan
Dennis A. Merloro
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801

- and –

Dated: March __, 2007

CURTIS, MALLET-PREVOST,
   COLT & MOSLE LLP
Joseph D. Pizzurro
Nancy E. Delaney
101 Park Avenue
New York, NY 10178

          Telephone: (212) 696-6000
          Facsimile: (212) 697-1559

*Attorneys for NorthWestern Corporation*

Dated: March __, 2007     **BROWNING KALECZYC BERRY & HOVEN, P.C.**

          Stanley T. Kaleczyc
          Kimberly A. Beatty
          139 Last Chance Gulch
          P.O. Box 1679
          Helena, MT 59624
          Telephone: (406) 443-6820
          Facsimile: (406) 443-6883

          - and -

Dated: March 16, 2007     **EDWARDS ANGELL PALMER & DODGE LLP**

          /s/ Denise S. Kraft
          Denise Seastone Kraft
          919 North Market Street, 15th Floor
          Wilmington, DE 19801
          Telephone: (302) 425-7106
          Facsimile: (888) 325-9741

*Attorneys for Michael J. Hanson and Ernie J. Kindt*

Dated: March __, 2007     **BLANK ROME LLP**

          Dale R. Dubé
          1201 Market Street, Suite 800
          Wilmington, DE 19801

          - and -

                    Telephone:  (212) 696-6000
                    Facsimile:  (212) 697-1559

*Attorneys for NorthWestern Corporation*

Dated: March __, 2007        **BROWNING KALECZYC BERRY & HOVEN, P.C.**

                    _____
                    Stanley T. Kaleczyc
                    Kimberly A. Beatty
                    139 Last Chance Gulch
                    P.O. Box 1679
                    Helena, MT 59624
                    Telephone:  (406) 443-6820
                    Facsimile:  (406) 443-6883

                    - and -

Dated: March __, 2007        **EDWARDS ANGELL PALMER & DODGE LLP**

                    _____
                    Denise Seastone Kraft
                    919 North Market Street, 15th Floor
                    Wilmington, DE 19801
                    Telephone:  (302) 425-7106
                    Facsimile:  (888) 325-9741

*Attorneys for Michael J. Hanson and Ernie J. Kindt*

Dated: March 16, 2007        **BLANK ROME LLP**

                    /s/ Dale R. Dubé
                    _____
                    Dale R. Dubé
                    1201 Market Street, Suite 800
                    Wilmington, DE 19801

                    - and -

Dated: March __, 2007

**FRIED, FRANK, HARRIS, SHRIVER & JACOBSEN LLP**
Bonnie Steingart
Gary Kaplan
John Brewer
One New York Plaza
New York, NY 10004
Telephone:   (212) 859-8000
Facsimile:   (212) 859-4000

*Attorneys for Magten Asset Management Corporation*

Dated: March __, 2007

**SMITH KATZENSTEIN & FURLOW LLP**
Kathleen M. Miller
800 Delaware Avenue
P.O. Box 410
Wilmington, DE 19899
Telephone:  (302) 652-8400
Facsimile:   (302) 652-8405

- and -

Dated: March __, 2007

**NIXON PEABODY LLP**
John Snellings
Amanda D. Darwin
100 Summer Street
Boston, MA 02110
Telephone:  (617) 345-1000
Facsimile:   (617) 345-1300

*Attorneys for Law Debenture Trust Company of New York*

SO ORDERED:

_____
U.S.D.J.

Dated: