# EXHIBIT A

EPS Judicial Process Service, Inc.
29-27 41st Avenue, Suite 812
Long Island City, NY 11101
Telephone: 718-472-2900
Facsimile: 718-472-2909

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
------------------------------------------------------------------X
MAGTEN ASSET MANAGEMENT CORPORATION,
& LAW DEBENTURE TRUST COMPANY OF
NEW YORK,

                Plaintiff (s),

-against-

NORTHWESTERN CORPORATION,

                Defendant (s).
------------------------------------------------------------------X

Index No. 04-1494-JJF
Pending in the U.S. District
Court for the District of
Delaware
**AFFIDAVIT OF SERVICE**

MAGTEN ASSET MANAGEMENT CORPORATION,

                Plaintiff (s),

-against-

NORTHWESTERN CORPORATION,

                Defendant (s).
------------------------------------------------------------------X

Index No. 05-499-JJF
Pending in the U.S. District
Court for the District of
Delaware
**AFFIDAVIT OF SERVICE**

STATE OF WISCONSIN    )
                                :s.s.:
COUNTY OF MILLWAUKEE  )

      ROBERT BUFORD, being duly sworn, deposes and says:

      I am not a party to this action, am over the age of eighteen years of age and reside in the State of Wisconsin.

      I am an agent for EPS Judicial Process Service, Inc. and received the Subpoena in a Civil Case for the above entitled-action to be served upon American Appraisal Associates, Inc.

On the 16th day of March, 2007, at approximately 1:10 p.m. at 411 East Wisconsin Avenue, Suite 1900, Milwaukee, Wisconsin, I served a true copy of the SUBPOENA IN A CIVIL CASE, in the above-entitled action upon, AMERICAN APPRAISAL ASSOCIATES, INC., by personally delivering to and leaving thereat, a true copy of the above mentioned document with Paula Bost. At time of service, Ms. Bost identified herself as the person in charge of American Appraisal Associates, Inc. and as a person authorized to accept service of process for American Appraisal Associates, Inc. Also at time of service, I tendered Ms. Bost the $50.00 witness fee and traveling expenses for American Appraisal Associates, Inc.

Ms. Bost is an African-American female, approximately 45 years of age, 5'6" tall, 155 lbs, with dark hair and dark eyes.

Sworn to before me this
16th day of March, 2007.

_Chau__ _____
NOTARY PUBLIC
STATE OF WISCONSIN

_Robert Buford_____
ROBERT BUFORD

A088 Subpoena in a Civil Case (12/06)

Issued by the

# United States District Court
EASTERN DISTRICT OF WISCONSIN

**SUBPOENA IN A CIVIL CASE**

Magten Asset Management Corporation
& Law Debenture Trust Company
of New York,
          Plaintiffs

v.

NorthWestern Corporation,

          Defendant

Civil Action No. 04-1494-JJF
Pending in the U.S. District Court for the District of Delaware

Magten Asset Management Corporation

          Plaintiff

v.

Mike J. Hanson and Ernie J. Kindt,

          Defendants

Civil Action No. 05-499-JJF
Pending in the U.S. District Court for the District of Delaware

To: American Appraisal Associates, Inc.
411 East Wisconsin Avenue - Suite 1900
Milwaukee, Wisconsin 53202

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above proceedings.

| PLACE | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above proceedings. The testimony will be recorded by stenographic and/or sound-and-visual means. See attached Schedule B.

| PLACE | DATE AND TIME |
|---|---|
| Gramann Reporting, Ltd.<br>710 N. Plankinton Ave<br>Suite 710<br>Milwaukee, WI 53203<br><br>Phone: 800-899-7222<br>Fax: 414-272-1806 | Wednesday, April 18, 2007, 9:30 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See attached Schedule A.

| PLACE | DATE AND TIME |
|---|---|
| Gramann Reporting, Ltd.<br>710 N. Plankinton Ave<br>Suite 710<br>Milwaukee, WI 53203<br><br>Phone: 800-899-7222<br>Fax: 414-272-1806 | Tuesday, April 10, 2007, 4:00p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

Any subpoenaed organization not a party to this adversary proceeding shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed.R.Civ.P. 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| Attorney for Plaintiff Magten Asset Management Corp. *[signature]* | 3/16/07 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
John W. Brewer
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004
(212) 859-8000

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty and perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.
(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

Ffny02/547162.1

## **SCHEDULE A to Subpoena Directed to American Appraisal Associates, Inc.**

### **DEFINITIONS**

The terms used herein shall have the meanings ascribed to them in the definitions set forth below:

1. The terms "you" and "your" mean or refer to American Appraisal Associates, Inc., as well as all persons and/or entities affiliated with American Appraisal Associates, Inc., acting in concert with or under the direction of American Appraisal Associates, Inc., or purporting to act on American Appraisal Associates, Inc.'s behalf.

2. "Blue Dot" means Blue Dot Services, Inc., which as of 2002 was a subsidiary of NorthWestern, together with its own subsidiaries, predecessors and/or successors.

3. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) by any medium -- oral, written or otherwise.

4. "Concerning" includes referring to, relating to, embodying, in connection with, commenting on, responding to, showing, demonstrating, declaring, describing, analyzing, reflecting, containing or constituting.

5. "Document" is used herein in the broadest sense and includes, but is not limited to, all originals, whether printed or handwritten, non-identical copies, copies with marginal notations or interlineations of any writing, recording, photograph, computer data, film, e-mail, video or audio tape (including transcripts or memoranda reflecting or referring to the contents thereof), any written, typewritten or other tangible form of recording or preserving communication or thought (including computerized records of any kind), including any non-identical copy thereof, or any other items containing information of any kind or nature, however

produced or reproduced, whatever its origin or location and regardless of the form in which such information exists or is maintained.

6. "Expanets" means Expanets, Inc., which as of 2002 was a subsidiary of NorthWestern, together with its own subsidiaries, predecessors and/or successors.

7. "NorthWestern" means NorthWestern Corporation, its affiliates and any parent, subsidiaries, predecessors and successors, and any person or entity acting or purporting to act on behalf of, at the direction of, or in concert with it, including but not limited to NorthWestern's present and former officers, directors, employees, servants, agents, representatives, and attorneys.

8. "Relating to" means, without limitation, consisting of, containing, constituting, concerning, discussing, describing, reflecting, transmitted in connection with, touching upon or summarizing, showing or relating or referring to in any way, directly or indirectly, and is meant to include, among other documents, documents underlying, supporting, now or previously attached or appended to, or used in the preparation of, any document called for by each request.

## INSTRUCTIONS

1. Every request shall be answered separately and fully in writing. If any answer or part of any answer is based upon information and belief rather than personal knowledge, you shall state that it is made on that basis.

2. If any part of a request is objected to, the reasons for the objection should be stated with particularity. If an objection is made to part of any item or category, the part should be specified.

2

3. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request all responses that might otherwise be construed to be outside of its scope.

4. References to the singular shall include the plural, and references to the plural shall include the singular.

5. The documents covered by this request include all documents in your possession, custody or control.

6. A request for a document shall be deemed to include a request for any transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document, and any file folder in which the document was maintained, in addition to the document itself.

7. A request for a document shall be deemed to include a request for all drafts and successive iterations thereof and all modifications thereto, in addition to the document itself.

8. If any document is withheld in whole or part on the ground that it is privileged or otherwise not discoverable, state:

    (a) the date of the document;

    (b) the name of each person to whom the document is addressed;

    (c) the name of each person, other than the addressee(s), to whom the document has been sent or shown, or by whom it has been reviewed;

    (d) the name of each person who signed or authored the document;

    (e) the title and job description of each person identified in (b), (c), and (d) above;

    (f) the subject of the document and the number of pages in the document;

    (g) the specific privilege claimed and the grounds for any such claim; and

    (h) the name and address of the person who has custody of the document.

9. If any requested document or other document potentially relevant to this action is subject to destruction under any document retention or destruction program, the document(s)

should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this lawsuit or unless otherwise permitted by the Court.

10. All documents requested are to be produced in a form which renders the documents susceptible to copying and examination for content in the language or numerical expression of the original.

11. Each request for production of documents herein shall be construed as continuing in nature, requiring supplemental responses if further or different documents responsive to any request are discovered or obtained at any time prior to any judgment on the merits.

### SPECIFIC DOCUMENTS REQUESTED

1. All documents or communications, including without limitation final appraisals or valuations, drafts, notes, analyses, workpapers, invoices or information received from management, relating to or concerning any and all appraisal or valuation work you performed for or in relation to NorthWestern or any subsidiary or affiliate thereof at any time between January 1, 2001 and December 31, 2003, including without limitation any appraisal or valuation of Expanets or Blue Dot for SFAS 142 purposes or any other purpose.

4

**SCHEDULE B to Subpoena Directed to American Appraisal Associates, Inc.**

The definitions set forth in Schedule A are incorporated herein by reference.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, you are required to designate one or more officers, directors, managing agents or other persons to testify, who have knowledge about the following matters:

1. Any and all appraisal or valuation work you performed for or in relation to NorthWestern or any subsidiary or affiliate thereof at any time between January 1, 2001 and December 31, 2003, including without limitation any appraisal or valuation of Expanets or Blue Dot for SFAS 142 purposes or any other purpose.

2. Your production of the documents called for in Schedule A to this subpoena.

Ffny02/547226.1