IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAGTEN ASSET MANAGEMENT CORP.,<br><br>    Plaintiff,<br>v.<br><br>MICHAEL J. HANSON and ERNIE J. KINDT,<br><br>    Defendants. | Civil Action No. 05-499 (JJF) |

**MAGTEN ASSET MANAGEMENT CORPORATION AND LAW DEBENTURE TRUST COMPANY OF NEW YORK'S OPPOSITION TO MICHAEL J. HANSON AND ERNIE J. KINDT'S MOTION TO STRIKE PROPOSED FIRST AMENDED COMPLAINT**

Plaintiff Magten Asset Management Corporation ("Magten") and Proposed Co-Plaintiff Law Debenture Trust Company of New York ("Law Debenture") respectfully submit this Opposition to Defendants Hanson and Kindt's Motion to Strike Proposed First Amended Complaint (the "Motion to Strike") [D.I. 154].

The Motion to Strike is remarkable for its evasion of the substance of the issues before the Court. As we said in our Reply in support of the Motion for Leave to Amend [D.I. 153] ("Leave to Amend Reply"), Hanson and Kindt should not be permitted to bring an extraordinarily belated technical challenge to the sufficiency of the existing Complaint but then seek to deny Magten and Law Debenture a fair opportunity to cure the alleged defects. There is no basis for striking the proposed amended complaint Magten and Law Debenture submitted with the Leave to Amend Reply.

It is undisputed that, due to the emergency circumstances under which the Joint Motion of Magten and Law Debenture for Leave to Amend the Complaint and/or, In the Alternative, for Extension of Time to Seek Leave to Amend the Complaint ("Leave to Amend Motion") [D.I.

142] was filed – less than 24 hours after Hanson and Kindt's counsel refused to stipulate to an extension of the February 2 deadline and only four days after they first indicated they would seek to relitigate the multiple prior decisions affirming Magten's standing to sue and the legal sufficiency of the existing complaint -- no actual form of the proposed amended complaint was attached to the original papers, although the substance of the contemplated amendment was set forth in detail. (Id. at 7-9). Moreover, although it is undisputed that Local Rule 15.1 contemplates that the proposed amendment be submitted with the moving papers, it is equally undisputed that the Rule's express language states that failure to do so "is not grounds for denial of the motion." In their opposition [D.I. 149] to the Leave to Amend Motion, Hanson and Kindt complained that Magten and Law Debenture had not provided them with a proposed amended complaint. Now that Magten and Law Debenture have responded by doing exactly that, they seek to have it stricken.

It is worth again repeating exactly what was said on this subject in the Leave to Amend Motion (at 7):

> Under the exigent circumstances under which it has been necessary to file this motion, it has not been feasible to prepare a proposed form of amended complaint. It is anticipated that the amended complaint would be substantially identical to the existing complaint except for: (a) adding Law Debenture as a plaintiff; (b) adding factual allegations relevant to Law Debenture's standing; and (c) adding, to the extent necessary, allegations pleading the claims in the alternative as derivative claims and explaining why pre-action demand on NorthWestern (Clark Fork's sole member and manager) would have been futile and thus excused under the relevant law.

The situation was thus fully explained and the substance of the proposed amendment was set forth. Accordingly, they were fully able to respond to the substance of the proposed changes in their opposition to that motion [D.I. 149]. Hanson and Kindt do not allege that the substance of the proposed amendment goes beyond what was stated in the original Leave to Amend

Motion. Indeed, they expressly state that they do not seek leave to file a surreply in order to address the substance of the proposed amended complaint, presumably because they have no additional arguments to make that were not included in their prior opposition. This simply confirms that they have suffered no prejudice.

Third Circuit precedent such as <u>Shane v. Fauver</u>, 213 F.3d 113, 115-16 (3d Cir. 2000) makes clear that this Court would generally be required to consider whether any alleged defect in the existing complain could be cured by amendment even without an express request for leave to amend. Here, the Court has not yet ruled on Hanson and Kindt's belated application to change the existing schedule to let them file their purportedly dispositive motion. We do not believe that the February 2 deadline for motions for leave to amend was ever intended to apply to amendments made potentially necessary by attacks on the sufficiency of the existing complaint which had not yet been filed, much less adjudicated, by February 2, especially where, as here, the sufficiency of the existing complaint has already been adjudicated not once but twice. For all of these reasons we believe, as we have previously stated, that it may be premature for the Court to resolve the Leave to Amend Motion at present, until it has decided whether to permit Hanson and Kindt to file their proposed 12(c) motion contrary to the existing schedule and, if so, has considered the merits of that motion after full briefing and argument. If and when the Court considers it appropriate to resolve the Leave to Amend Motion, we believe that it should be free to review the form of proposed amended complaint submitted with the Leave to Amend Reply to the extent it finds it helpful to its determination. The Motion to Strike seeks to require the Court to close its eyes and disregard a submission properly before it.

The Motion to Strike is a needless addition to an increasing number of filings that would have been totally unnecessary if Hanson and Kindt were willing to abide by the existing

120087.01600/40168043v.1

Scheduling Order, or had sought leave for a third bite at the apple attacking Magten's standing at an earlier time when it would not have disrupted the existing schedule. The Motion to Strike is the fourth filing they have made on this subject since the beginning of February. In none of those filings have they even attempted to explain their consistent failure to cite the Montana statute they now contend should entitle them to dismissal (Montana Code § 35-8-1104(2)(a)) in any of their four separate briefs filed before Judge Cebull. Nor have they explained why they did not seek to raise it before this Court last year, when Paul Hastings first raised it in no. 04-1256.

This action was first filed in Montana, and Hanson and Kindt retained Montana counsel (their present lead counsel) to defend them. Hanson and Kindt nonetheless apparently considered the Montana statute they now wish to invoke to be irrelevant or unhelpful until the case had been pending for almost three years. There is no reason why Hanson and Kindt should be relieved of the consequences of their prior tactical decisions. But if they are permitted to have a third bite at the apple, and if the Court were to conclude that their belated arguments are not precluded and have merit, justice requires that a curative amendment be permitted, and that this Court be able to consider all material relevant to such amendment.

For the foregoing reasons, the Motion to Strike should be denied in its entirety.

Dated: Wilmington, Delaware
March 29, 2007

BLANK ROME LLP

*/s/ Dale R. Dubé*
Dale R. Dubé (DE No. 2863)
Bonnie Glanze Fatell (DE No. 3809)
David W. Carickhoff, Jr. (DE No. 3715)
1201 Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 425-6400
Facsimile: (302) 425-6464

120087.01600/40168043v.1

- and -

FRIED, FRANK, HARRIS, SHRIVER &
   JACOBSON LLP
Bonnie Steingart
Gary L. Kaplan
John W. Brewer
One New York Plaza
New York, NY 10004
Telephone: (212) 859-8000
Facsimile: (212) 859-4000

Counsel for Magten Asset Management
   Corporation


SMITH, KATZENSTEIN & FURLOW, LLP


/s/ Kathleen M. Miller
Kathleen M. Miller (DE No. 2898)
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE 19899
Telephone:   (302) 652-8400
Facsimile:   (302) 652-8405

- and -

NIXON PEABODY LLP
John V. Snellings
Amanda Darwin
100 Summer Street
Boston, MA 02110
Telephone:   (617) 345-1000
Facsimile:   (866) 947-1732

Counsel for Law Debenture Trust Company

120087.01600/40168043v.1

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of March, 2007, I served by hand delivery and electronic filing MAGTEN ASSET MANAGEMENT CORPORATION AND LAW DEBENTURE TRUST COMPANY OF NEW YORK'S OPPOSITION TO MICHAEL J. HANSON AND ERNIE J. KINDT'S MOTION TO STRIKE PROPOSED FIRST AMENDED COMPLAINT, using CM/ECF which will send notification of such filing(s) to the following:

Denise Seastone Kraft, Esquire
Edwards Angell Palmer & Dodge LLP
919 North Market Street, 15th Floor
Wilmington, DE 19801

David A. Jenkins, Esquire
Smith Katzenstein & Furlow LLP
800 Delaware Avenue
P. O. Box 410
Wilmington, DE 19899

Victoria Watson Counihan, Esquire
Dennis A. Meloro, Esquire
Greenberg Traurig LLP
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801

I also certify that, on this 29th day of March, 2007, I served the aforementioned document, by e-mail and Federal Express, upon the following participants:

Stanley T. Kaleczyc, Esquire
Kimberly A. Beatty, Esquire
Browning, Kaleczyc, Berry & Hoven, P.C.
139 North Last Chance Gulch
P.O. Box 1697
Helena, Mt 59624

Bijan Amini, Esquire
Avery Samet, Esquire
Bradley F. Silverman, Esquire
Storch Amini & Munves PC
2 Grand Central Tower
140 East 45th Street, 25th Floor
New York, New York 10017

Steven J. Reisman, Esquire
Joseph D. Pizzurro, Esquire
Nancy E. Delaney, Esquire
Miriam K. Harwood, Esquire
Curtis, Mallet-Prevost, Colt & Mosle LLP
101 Park Avenue
New York, New York 10178-0061

/s/ Dale R. Dubé
Dale R. Dubé (I.D. No. 2863)

120087.01600/40168043v.1