# EXHIBIT A

EPS Judicial Process Service, Inc.
29-27 41st Avenue, Suite 812
Long Island City, NY 11101
Telephone: 718-472-2900
Facsimile: 718-472-2909

UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
------------------------------------------------------------------X
MAGTEN ASSET MANAGEMENT CORPORATION,
& LAW DEBENTURE TRUST COMPANY OF
NEW YORK,

                Plaintiff(s),

    -against-

NORTHWESTERN CORPORATION,

                Defendant(s).
------------------------------------------------------------------ X

Index No. 04-1494-JJF
Pending in the U.S. District Court for the District of Delaware
AFFIDAVIT OF SERVICE

MAGTEN ASSET MANAGEMENT CORPORATION,

                Plaintiff(s),

    -against-

MIKE J. HANSON and ERNIE J. KINDT,

                Defendant(s).
------------------------------------------------------------------ X

Index No. 05-499-JJF
Pending in the U.S. District Court for the District of Delaware
AFFIDAVIT OF SERVICE

STATE OF COLORADO    )
                                :s.s.:
COUNTY OF DENVER    )

    BRIAN M. OLDS, being duly sworn, deposes and says:

    I am not a party to this action, am over the age of eighteen years of age and reside in the State of Colorado.

    I am an agent for EPS Judicial Process Service, Inc. and received the Subpoena in a Civil Case for the above entitled-action to be served upon Securities and Exchange Commission.

On the 27th day of March, 2007, at approximately 3:40 p.m. at 1801 California Street, Suite 1500, Denver, Colorado, I served a true copy of the SUBPOENA IN A CIVIL CASE, in the above-entitled action upon, SECURITIES AND EXCHANGE COMMISSION, by personally delivering to and leaving thereat, a true copy of the above mentioned document with Debbie Sheffield. At time of service, Ms. Sheffield identified herself as the Administrative Assistant for Securities and Exchange Commission and as a person authorized to accept service of process for Securities and Exchange Commission. Also at time of service, I tendered Ms. Sheffield the $50.00 witness fee and traveling expenses for Securities and Exchange Commission.

Ms. Sheffield is a Caucasian female, approximately 50 years of age, 5'6" tall, 145 lbs, with light hair, dark eyes and wore glasses.

Sworn to before me this
29th day of March, 2007

_____
NOTARY PUBLIC

_____
BRIAN M. OLDS

DONALD D. COLEMAN
NOTARY PUBLIC
STATE OF COLORADO

My Commission Expires 01/19/2010

A088 Subpoena in a Civil Case (12/06)

**Issued by the**
# United States District Court
DISTRICT OF COLORADO

Magten Asset Management Corporation
& Law Debenture Trust Company
of New York,
        Plaintiffs
   v.

NorthWestern Corporation,

        Defendant

**SUBPOENA IN A CIVIL CASE**

Civil Action No. 04-1494-JJF
Pending in the U.S. District Court for the District of Delaware

Magten Asset Management Corporation
        Plaintiff
   v.

Mike J. Hanson and Ernie J. Kindt,

        Defendants

Civil Action No. 05-499-JJF
Pending in the U.S. District Court for the District of Delaware

To: Securities and Exchange Commission
Donald M. Hoerl, Acting Regional Director
1801 California Street Suite 1500
Denver, CO 80202-2656

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above adversary proceeding.

| PLACE | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above adversary proceeding.

| PLACE | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See attached Schedule

| PLACE  Hunter & Geist, Inc.<br>1900 Grant Street<br>Suite 1800<br>Denver, CO 80203 | DATE AND TIME<br>Friday, April 13, 2007 at 4:00 p.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PLACE | DATE AND TIME |
|---|---|

Any subpoenaed organization not a party to this adversary proceeding shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed.R.Civ.P. 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| Attorney for Magten Asset Management Corporation *[signature]* | March 27, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Bonnie Steingart, Esq.
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004
(212) 859-8000

B255 (11/97) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty and perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE                              SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.
(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**Schedule A**

Pursuant to Rules 34 and 45 of the Federal Rules of Civil Procedure, made applicable in cases under the Bankruptcy Code by Rule 9016 of the Federal Rules of Bankruptcy Procedure, Law Debenture Trust Company of New York ("Law Debenture") and Magten Asset Management Corporation ("Magten", together with Law Debenture, the "Plaintiffs") request that the Securities and Exchange Commission (the "SEC") produce for examination, inspection and copying at the offices of Hunter & Geist, Inc., 1900 Grant Street, Suite 1800, Denver, Colorado at 4 p.m. on April 13, 2007 all of the documents described below which are in the possession, custody or control of the SEC, or of any persons acting on its behalf.

The terms used herein shall have the meanings ascribed to them in the definitions set forth below:

1. The term "you" and "your" means or refers to the SEC, as well as all divisions and/or offices thereof acting in concert with or under the direction of the SEC, or purporting to act on the SEC's behalf or under its control.

2. "All" means "any and all," and "any" means "any and all."

3. "Clark Fork" means Clark Fork and Blackfoot, LLC, formerly known as, among other things, NorthWestern Energy, LLC and Montana Power, LLC, and any of its affiliates, subsidiaries, predecessors and any person or entity acting or purporting to act on behalf of, at the direction of or in concert with it, including but not limited to Clark Fork's present and former officers, directors, employees, servants, agents, representatives and attorneys.

4. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) by any medium -- oral, written or otherwise.

5. "Concerning" includes referring to, relating to, embodying, in connection with, commenting on, responding to, showing, demonstrating, declaring, describing, analyzing, reflecting, containing or constituting.

6. "Document" is used herein in the broadest sense and includes, but is not limited to, all originals, whether printed or handwritten, non-identical copies, copies with marginal notations or interlineations of any writing, recording, photograph, computer data, film, e-mail, video or audio tape (including transcripts or memoranda reflecting or referring to the contents thereof), any written, typewritten or other tangible form of recording or preserving communication or thought (including computerized records of any kind), including any non-identical copy thereof, or any other items containing information of any kind or nature, however produced or reproduced, whatever its origin or location and regardless of the form in which such information exists or is maintained.

7. "NorthWestern" means NorthWestern Corporation, its affiliates and any parent, subsidiaries, predecessors and successors, and any person or entity acting or purporting to act on behalf of, at the direction of, or in concert with it, including but not limited to NorthWestern's present and former officers, directors, employees, servants, agents, representatives and attorneys; provided, however, that NorthWestern shall not be construed to include Clark Fork, which has been separately defined herein.

8. "NorthWestern Growth" refers to NorthWestern Growth Corporation and includes any investment, operating company or subsidiary thereof, including, without limitation, Expanets Inc. and Blue Dot Services Inc.

9. "Person" includes any natural person, group, investigatory body, governmental unit, governmental agency or department, corporation, association, partnership, limited

2

partnership, joint venture, sole proprietorship, business, business entity, organization, or institution.

10. "Relating to" means, without limitation, consisting of, containing, constituting, concerning, discussing, describing, reflecting, transmitted in connection with, touching upon or summarizing, showing or relating or referring to in any way, directly or indirectly, and is meant to include, among other documents, documents underlying, supporting, now or previously attached or appended to, or used in the preparation of, any document called for by each request.

11. "Restatement" refers to NorthWestern's restatement of its quarterly financials for the periods ending March 31, 2002, June 30, 2002, and Sept. 30, 2002, as well as the approximate $880 million of asset impairment charges for the fiscal year ending December 31, 2002, as announced in NorthWestern's press release dated April 16, 2003.

12. "SEC" refers to the Securities and Exchange Commission and includes any division or office thereof and any present or former officer, employee, agent or other individual acting or purporting to act on its behalf or under its control.

13. "SEC Investigation" refers to any formal or informal investigation or inquiry conducted by the SEC, concerning NorthWestern, NorthWestern Growth, any current or former NorthWestern or NorthWestern Growth employee, and/or the Transfer, including, without limitation, the issuance of "Wells notices" and NorthWestern's Restatement.

14. "Transfer" means the transfer of the Transferred Assets from Clark Fork to NorthWestern that occurred on or about November 15, 2002. Transfer shall also include any and all strategies for the eventual acquisition and direct ownership of the Transferred Assets by NorthWestern.

15. "Transferred Assets" means those assets that were transferred from Clark Fork to NorthWestern on or about November 15, 2002.

## INSTRUCTIONS

1. Every request shall be answered separately and fully in writing. If any answer or part of any answer is based upon information and belief rather than personal knowledge, you shall state that it is made on that basis.

2. If any part of a request is objected to, the reasons for the objection should be stated with particularity. If an objection is made to part of any item or category, the part should be specified.

3. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request all responses that might otherwise be construed to be outside of its scope.

4. References to the singular shall include the plural, and references to the plural shall include the singular.

5. The documents covered by this request include all documents in the possession, custody or control of the SEC, or any documents that were generated or received by the SEC or otherwise came into existence or were utilized by the SEC through the date of production.

6. A request for a document shall be deemed to include a request for any transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document, and any file folder in which the document was maintained, in addition to the document itself.

7. A request for a document shall be deemed to include a request for all drafts and successive iterations thereof and all modifications thereto, in addition to the document itself.

8. If any document is withheld in whole or part on the ground that it is privileged or otherwise not discoverable, state:

    (a) the date of the document;

    (b) the name of each person to whom the document is addressed;

    (c) the name of each person, other than the addressee(s), to whom the document has been sent or shown, or by whom it has been reviewed;

    (d) the name of each person who signed or authored the document;

    (e) the title and job description of each person identified in (b), (c), and (d) above;

    (f) the subject of the document and the number of pages in the document;

    (g) the specific privilege claimed and the grounds for any such claim; and

    (h) the name and address of the person who has custody of the document.

9. If any requested document or other document potentially relevant to this action is subject to destruction under any document retention or destruction program, the document(s) should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this lawsuit or unless otherwise permitted by the Court.

10. All documents requested are to be produced in a form which renders the documents susceptible to copying and examination for content in the language or numerical expression of the original.

11. Unless otherwise expressly stated, the documents covered by this request include any documents that were generated, created, circulated, dated or otherwise came into existence during the period of January 1, 2001 to present.

5

12.     Each request for production of documents herein shall be construed as continuing in nature, requiring supplemental responses if further or different documents responsive to any request are discovered or obtained at any time prior to any judgment on the merits.

### REQUESTS FOR PRODUCTION

**REQUEST NO. 1**

All document requests, information requests, and/or subpoenas issued by the SEC to NorthWestern in connection with the SEC Investigation.

**REQUEST NO. 2**

All documents provided to the SEC by NorthWestern concerning or in connection with the SEC Investigation.

**REQUEST NO. 3**

All written communications between NorthWestern on the one hand and the SEC on the other hand, including without limitation (a) any report or presentation by NorthWestern to the SEC, concerning or in connection with the SEC Investigation, and (b) any "Wells notice" issued by the SEC to NorthWestern in connection with the SEC Investigation.

**REQUEST NO. 4**

All transcriptions and video recordings of formal or informal testimony before the SEC concerning or in connection with the SEC Investigation. If any testimony otherwise responsive to this Request has not been transcribed or videotaped, please produce any audio or other recording of such testimony.

**REQUEST NO. 5**

With respect to Request No. 4 above, all documents referenced in such transcriptions or other recordings, whether or not formally designated as an exhibit. If any such document is

designated as an exhibit, Plaintiffs request that the document be produced bearing the exhibit number referenced in the transcription or other recording.