

April 13, 2007

**VIA CM/ECF AND HAND DELIVERY**

John E. James, Esquire
Potter Anderson & Corroon LLP
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951

      Re:   *Magten Asset Management Corp. and Law Debenture Trust Co. v. NorthWestern Corp.*; C.A. No. 04-1494-JJF;
*Magten Asset Management Corp. v. Mike J. Hanson and Ernie J. Kindt*; C.A. No. 05-0499-JJF

Dear Special Master James:

     Today plaintiffs Magten Asset Management Corporation and the Law Debenture Trust Company of New York filed an emergency motion (the "Motion") seeking relief from certain discovery tactics being employed by defendant NorthWestern Corporation that threaten to disrupt deposition discovery currently underway. A courtesy copy of the Motion is enclosed.

     The Motion has unusual urgency because, within the past week, NorthWestern began advising Plaintiffs that it is recalling thousands of pages of documents it previously produced (some as long as three months ago) under claims of inadvertent production and privilege, which claims are disputed by the Plaintiffs. Additionally, although the Special Master previously ordered NorthWestern to substantially complete its document production by March 16, 2007, NorthWestern confirmed only a few days ago that it has withheld numerous and necessary SEC-related documents under a claim of privilege that is totally unsupportable under controlling Third Circuit law.

     NorthWestern's discovery tactics threaten to disrupt Plaintiffs' ability to prepare for and efficiently conduct depositions that are scheduled during the next 2-3 weeks. Many of the deponents are third parties who are appearing pursuant to subpoenas, who likely will not be subject to recall to testify about documents produced after their depositions.

     Accordingly, Plaintiffs find it necessary to seek the unusual relief of respectfully requesting that the Special Master immediately enter an order requiring NorthWestern to respond to the Motion **within three business days**, so as to permit the Special Master to set a hearing

**BLANK ROME** LLP
COUNSELORS AT LAW

John E. James, Esquire
April 13, 2007
Page 2

date on fully briefed issues at the Special Master's earliest convenience. Plaintiffs are willing to waive reply for briefing for the sake of expedition.

Plaintiffs believe that the shortened response time requested is not unreasonable given that the parties have already fully vetted the issues raised by the Motion in their communications with each other. Additionally, because Plaintiffs cannot proceed with depositions until these issues are resolved, the requested expedited briefing and hearing schedule is of utmost priority.

An additional issue of note involves the requested review of those documents that NorthWestern has identified for recall, to permit a determination as to whether privilege has been properly asserted. Those documents have been compiled into six large three-ring binders being held at my office, and are available for delivery to the Special Master at his convenience.

Counsel for the Plaintiffs apologize for this imposition on the Special Master's schedule, but would greatly appreciate the Special Master's attention to the Motion at his earliest convenience. Counsel are available by telephone should the Special Master have any questions.

Respectfully submitted,

Dale Dubé

Dale R. Dubé
I.D. No. 2863

Bonnie Steingart
FRIED, FRANK, HARRIS, SHRIVER &
 JACOBSON LLP
New York, NY 10004

- and -

Kathleen M. Miller (DE No. 2898)
SMITH, KATZENSTEIN & FURLOW, LLP
Wilmington, DE 19801

John V. Snellings
NIXON PEABODY LLP
Boston, MA 02110

**BLANK ROME LLP**
COUNSELORS AT LAW

John E. James, Esquire
April 13, 2007
Page 3

DRD/pb
Enclosure
cc:   Clerk of Court (via CM/ECF and hand delivery) (w/o enclosure)
      Kimberly A. Beatty, Esquire  (via e-mail and Federal Express) (w/o enclosure)
      John W. Brewer, Esquire (w/o enclosure)
      David W. Carickhoff, Jr. (w/o enclosure)
      Victoria W. Counihan, Esquire  (via e-mail and hand delivery) (w/o enclosure)
      Amanda Darwin, Esquire  (via e-mail and Federal Express) (w/o enclosure)
      Nancy E. Delaney, Esquire  (via e-mail and Federal Express) (w/o enclosure)
      Bonnie G. Fatell, Esquire(w/o enclosure)
      Miriam K. Harwood, Esquire  (via e-mail and Federal Express) (w/o enclosure)
      Stanley T. Kaleczyc, Esquire  (via e-mail and Federal Express) (w/o enclosure)
      Gary L. Kaplan, Esquire (w/o enclosure)
      Denise Seastone Kraft, Esquire  (via e-mail and hand delivery) (w/o enclosure)
      Dennis A. Meloro, Esquire  (via e-mail and hand delivery) (w/o enclosure)
      Jordanna L. Nadritch, Esquire  (w/o enclosure)
      Sherita M. Perry, Esquire (w/o enclosure)
      Joseph D. Pizzurro, Esquire  (via e-mail and Federal Express) (w/o enclosure)
      Steven J. Reisman, Esquire  (via e-mail and Federal Express) (w/o enclosure)