Westlaw.

Not Reported in A.2d                                                                                              Page 1

Not Reported in A.2d, 1992 WL 149502 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

H
International Business Machines Corp. v.
Comdisco, Inc.
Del.Super.,1992.
Only the Westlaw citation is currently available.
UNPUBLISHED OPINION. CHECK COURT
RULES BEFORE CITING.
   Superior Court of Delaware, New Castle County.
   INTERNATIONAL BUSINESS MACHINES
  CORPORATION, a New York corporation, IBM
   Credit Corporation, a Delaware corporation, and
  Greenwich Liberty 1985 Limited Partnership, a
    Delaware limited partnership, Plaintiffs,
v.
   COMDISCO, INC., a Delaware corporation,
Defendant.
**C.A. No. 91-C-07-199.**

Submitted: June 9, 1992.
Decided: June 22, 1992.

Comdisco's Motion to Compel Production of Defendant's Deposition Exhibit No. 275. Denied.

R. Franklin Balotti, John A. Parkins, Jr., Ann C. Foster, Richards, Layton & Finger, Wilmington, for plaintiffs.
A. Gilchrist Sparks, III, Donald F. Parsons, Jr., Donald E. Reid, Morris, Nichols, Arsht & Tunnell, Wilmington, for defendants.

*OPINION AND ORDER*
GOLDSTEIN, Judge.
*1 This case arises out of a series of transactions involving an expensive and highly sophisticated computer system manufactured and owned by plaintiffs and subleased by Defendant; Defendant is alleged to have committed various torts by selling and further subleasing components of the machine during the lease period.

On May 20, 1992, Defendant Comdisco filed a Motion to Compel Production of Defendant's Deposition Exhibit No. 275. The document is a one-page memorandum that does not indicate who the intended recipients were, and has only the initials of one of the authors, Gary Musto, in the bottom left-hand corner. [FN1] This document had been produced by plaintiffs to defendant during discovery and then returned to plaintiffs on request. [FN2] Plaintiffs asserted that the document was protected by the attorney-client privilege and had been inadvertently produced.

Defendant argues first that the document is not privileged because Gary Musto was unaware that it was being written for the purpose of receiving legal advice.

Delaware Uniform Rules of Evidence, Rule 502, concerning Lawyer-Client Privilege, provides, in pertinent part:
(b) General Rule of Privilege. A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client (1) between himself or his representative and his lawyer or his lawyer's representative, ...

The burden of proving that the privilege applies to a communication is on the person asserting the privilege. *Moyer v. Moyer,* Del.Supr., 602 A.2d 68, 72 (1992).

The affidavits and deposition excerpts provided to the Court support plaintiffs' assertion that the document is privileged. IBM Credit Corporation's counsel requested the preparation of the memorandum from IBM Credit employee Kurt Graham, for the purpose of rendering legal advice. Mr. Graham instructed IBM Credit employee Mr. Musto to gather some information for the document. Mr. Musto did so and wrote several paragraphs of the one page memorandum, although he did not know the purpose of the assignment. Mr. Graham wrote the remaining portions of the memo and

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                  Page 2
Not Reported in A.2d, 1992 WL 149502 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

assured the document's delivery to counsel. Under these circumstances I find plaintiffs have sustained their burden of proving that the document is protected by the attorney-client privilege. *See Moyer v. Moyer, supra.*

Defendant also argues that even if the document is privileged, plaintiffs waived the privilege because the document was produced 14 months before the privilege was asserted, it was introduced and discussed at five depositions, including Mr. Musto's, before the privilege was asserted, and plaintiffs provided the names of Messrs. Musto and Graham as the authors of the memo in answer to an interrogatory months before asserting the privilege.

Through the affidavit of Howard Weber, an attorney for plaintiffs in this lawsuit, plaintiffs counter that they have reviewed more than 2.2 million pages of documents, and have produced more than 1.6 million pages of materials to defendant. An elaborate review process has been set up to avoid inadvertent disclosure. Moreover, since nothing on the face of the document indicates its privileged nature, it was not until the day before Mr. Graham's deposition, when counsel was reviewing various documents with Mr. Graham in preparation for the deposition, that the privileged nature of the document was discovered. On that day, May 12, 1992, plaintiffs immediately asserted the privilege and requested the return of the document. Based on these facts I find that disclosure was inadvertent and the attorney-client privilege has not been waived.[FN3] *See Monsanto Co. v. Aetna Casualty and Surety Co.,* Del.Super., C.A. No. 88C-JA-118, Poppiti, J. (5/2/91) (fair and just to conclude disclosure inadvertent and privilege not waived given the volume of production and use of reasonable precautions to prevent disclosure).

*2 For the foregoing reasons, defendant's motion is DENIED.

IT IS SO ORDERED.

FN1. Plaintiffs have produced the document for the Court's *in camera* inspection.

FN2. The parties in this case have entered into a stipulated umbrella protective order governing confidential and privileged documents, which I signed into an order on February 18, 1992. Paragraph 13 of the Order provides that privileged documents inadvertently produced during discovery must be returned to the producing party on request without prejudice to or waiver of the privileged nature of the documents.
The paragraph further provides, "The party returning such material may then move the Court for an Order compelling production of the material, but said motion shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production."

FN3. Plaintiffs also point out that ¶ 13 of the stipulated protective order (*see* fn 2, *supra*) provides that the circumstances surrounding any inadvertent production of privileged documents may not be raised as grounds for an order compelling production of such documents. It appears that this mandate is applicable here, given that Defendant is asserting as a ground for compelled production the circumstances surrounding plaintiffs' inadvertent disclosure.

Del.Super.,1992.
International Business Machines Corp. v. Comdisco, Inc.
Not Reported in A.2d, 1992 WL 149502 (Del.Super.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.