IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MAGTEN ASSET MANAGEMENT CORP. and LAW DEBENTURE TRUST COMPANY OF NEW YORK, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 04-1494-JJF |
| | : | |
| NORTHWESTERN CORPORATION, | : | |
| | : | |
| Defendant. | : | |
| MAGTEN ASSET MANAGEMENT CORP., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 05-0499-JJF |
| | : | |
| MIKE J. HANSON and ERNIE J. KINDT, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW OF DEFENDANTS NORTHWESTERN CORPORATION, MICHAEL J. HANSON AND ERNIE J. KINDT IN SUPPORT OF THEIR JOINT MOTION FOR A PROTECTIVE ORDER**

NorthWestern Corporation ("NorthWestern"), along with Michael J. Hanson and Ernie J. Kindt, by and through their counsel hereby submit this memorandum of law, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Local Rule 30.2, for a Protective Order preventing Plaintiffs from deposing NorthWestern's employees and contractors at any location other than NorthWestern's principal place of business in Sioux Falls, South Dakota and further preventing NorthWestern's employees and contractors from being deposed twice in the consolidated discovery.

## PRELIMINARY STATEMENT

By this motion, NorthWestern, Mr. Hanson and Mr. Kindt (collectively the "Defendants") seek to stop the gamesmanship being employed by the plaintiffs Magten Asset Management Corp. ("Magten") and Law Debenture Trust Company of New York ("Law Debenture") (collectively the "Plaintiffs") regarding what should be the simple and straightforward task of scheduling depositions. In mid-March, Plaintiff Magten requested available dates during the weeks of April 16 and April 23 for several NorthWestern witnesses they wanted to depose. However, three weeks before the close of discovery, Plaintiffs' belatedly announced that 5 of the 10 days they asked NorthWestern, Mr. Hanson and Mr. Kindt to set aside for depositions are in fact no longer convenient for Plaintiffs. Plaintiffs also reneged on their prior agreement among counsel to hold the depositions in a mutually convenient place for both witnesses and counsel and to cluster depositions in a few cities thus avoiding the need to criss-cross the country to attend depositions at a wide variety of locations. After weeks of revising the deposition schedule to accommodate Plaintiffs' scheduling difficulties – due mainly to the failure of Plaintiffs' counsel to consult with each other before seeking the initial schedule – Plaintiffs have now served deposition notices upon Mr. Hanson and Mr. Kindt for April 23 and 24 in Wilmington, Delaware, after they were specifically told that Delaware was not an appropriate forum and that Mr. Hanson was not available on either April 23 or April 24 in any location due to other pre-existing scheduling commitments.

Depositions of NorthWestern witnesses should take place in Sioux Falls, South Dakota. Sioux Falls is NorthWestern's principal place of business. Mr. Hanson and several other NorthWestern witnesses that Plaintiffs have asked to depose reside and/or work in South Dakota and should not be required to travel to Delaware. Mr. Kindt resides and works in Butte, Montana and, while he performs services for NorthWestern on an independent consultant basis,

–2–

he is no longer an employee of NorthWestern. Although Defendants have offered to compromise and make all NorthWestern witnesses available in Minneapolis,[1] Plaintiffs' counsel rejected that offer. Furthermore, Plaintiffs should only be entitled to depose NorthWestern's witnesses once. These cases were consolidated for discovery purposes to ensure duplicative discovery would not be conducted. Plaintiffs now imply that they may seek to depose Mr. Hanson twice, and have demanded to reserve the right to re-open the depositions of all NorthWestern witnesses in the future if they ultimately prevail on their motion to compel the production of privileged documents (Pizzurro Aff. Ex. C). Plaintiffs' efforts seek to eviscerate the very reason for the consolidation of discovery. As a result, NorthWestern, Mr. Hanson and Mr. Kindt seek an order from this Court protecting them from such sharp practices and requiring them to only be deposed once, at the location of NorthWestern's corporate headquarters.

## STATEMENT OF FACTS

### A.    The Genesis of the Magten v. NorthWestern Action

Plaintiffs each filed a Proof of Claim against NorthWestern's bankruptcy estate in the United States Bankruptcy Court for the District of Delaware or about January 2004 (the "QUIPS Claims"), asserting that a pre-petition transaction in which substantially all of the assets of a NorthWestern subsidiary, Clark Fork and Blackfoot LLC ("Clark Fork"), were transferred to NorthWestern, in exchange for NorthWestern's assumption of its liabilities (the "Going Flat Transaction"), constituted a fraudulent conveyance. Plaintiffs then commenced an Adversary Proceeding against NorthWestern in the Bankruptcy Court in April 2004 (the "Adversary Proceeding"), asserting that the Going Flat Transaction was a fraudulent conveyance, and

---

[1] Because Mr. Kindt is no longer an employee of NorthWestern, arguably, Plaintiffs must depose Mr. Kindt in the location in which he resides and is employed – Butte, Montana. However, Defendants have offered to have Mr. Kindt travel either to Minneapolis or to Sioux Falls, NorthWestern's corporate headquarters.

seeking to: (1) avoid the transfer of assets; (2) declare that those assets were not property of the estate; and (3) impose a constructive trust upon those assets on behalf of the QUIPS holders.[2]

Despite Plaintiffs' objections to the Confirmation of NorthWestern's Chapter 11 Plan, the Bankruptcy Court confirmed the Plan, and NorthWestern emerged from bankruptcy as of November 1, 2004. However, under the Plan, a reserve of shares of the Reorganized Debtor was set aside in the Disputed Claims Reserve to cover a potential recovery in the event the QUIPS claimants succeeded in obtaining final judgment in their favor in litigating their claims against the estate. This Court withdrew the reference from the Bankruptcy Court in the Magten/NorthWestern Action on September 22, 2005.

B.    The Genesis of the Magten v. Hanson and Kindt Action

Plaintiffs originally filed this matter against Mr. Hanson and Mr. Kindt in their capacity as officers of Clark Fork, a wholly-owned subsidiary of NorthWestern located in Butte, Montana, alleging these officers breached a fiduciary duty allegedly owed to creditors in connection with the consummation of the Going Flat Transaction. Because of the numerous other proceedings initiated by and involving Magten in the Delaware bankruptcy and district courts pending at that time, upon motion of Messrs. Hanson and Kindt, the United States Court for the District of Montana transferred the case to this Court to save the parties time, energy and money.

---

[2] In August 2004, the Bankruptcy Court dismissed Plaintiffs' fraudulent conveyance claims, holding that as a result of the Going Flat Transaction, Clark Fork was released from all liability under the QUIPS, which had been assumed by NorthWestern, and therefore Plaintiffs lacked any standing to sue. The Bankruptcy Court allowed, however, the Plaintiffs to pursue a theory that the release of Clark Fork had been induced by fraud because the Indenture Trustee, Bank of New York, had relied on NorthWestern's allegedly misleading financial statements.

This Court then consolidated Magten's cases against NorthWestern and against Mr. Hanson and Mr. Kindt for discovery.[3]

C.     The Dispute

On March 14, 2007, counsel for Magten informed Defendants' counsel that Plaintiffs intended to take the depositions of Messrs. Hanson and Kindt, as well as NorthWestern employees Bart Thielbar and Kendall Kliewer during the weeks of April 16 and 23 and asked for convenient dates in those two weeks.  (Pizzurro Aff. ¶2, Ex. A.)[4]

Subsequently, counsel for Magten and NorthWestern conferred by telephone and counsel for Magten suggested that the party depositions be clustered with the non-party depositions which had already been noticed by the Plaintiffs for Minneapolis, Chicago and New York.[5]  Counsel for NorthWestern agreed and suggested that, because Plaintiffs had noticed one non-party witness on April 17 in Minneapolis, Defendants, as a concession to Plaintiffs, would be willing to bring Messrs. Hanson, Kindt and Kliewer to Minneapolis that same week, and not insist that they be deposed at the location of the corporate headquarters in Sioux Falls, South Dakota as is the standard and accepted practice in civil litigation involving corporate witnesses or persons sued in their corporate capacities.  Counsel also discussed clustering other depositions in Chicago and New York.  (Pizzurro Aff. ¶3.)

---

[3] Magten also sued NorthWestern's legal advisors, Paul Hastings, Janofsky & Walker ("Paul Hastings") stemming from their role in rendering advice to NorthWestern related to the same Going Flat Transaction.  That case, originally brought by Magten in Montana, was likewise transferred to Delaware.  Recently, on or about January 12, 2007, this Court dismissed Magten's lawsuit against Paul Hastings finding Magten lacked the requisite standing to sue.  Prior to dismissing this lawsuit, this Court likewise had consolidated for discovery purposes the Magten v. Paul Hastings litigation with the litigation against NorthWestern and against Mr. Hanson and Mr. Kindt.

[4] References in the form "Pizzurro Aff. ¶___" to the Affidavit of Joseph D. Pizzurro dated April 19, 2007 filed in support of this motion.

[5] It should be noted that Magten subpoenaed these non-parties for depositions without any advance notice to or consultation with counsel for Defendants as to the availability of such counsel.  Further, despite Defendants' counsel's repeated requests to be copied on all communications Plaintiffs had with non-parties concerning discovery matters, Plaintiffs failed to provide any notice to Defendants' counsel that these depositions had been set, until Plaintiffs filed with this Court notices that the deposition subpoenas had actually been served.

2686958v7

On or about April 9, counsel for Magten informed NorthWestern's counsel that the proposed schedule would have to be changed because counsel for Law Debenture was not available for 5 of the 10 days proposed in the last weeks of April – two weeks prior to the close of discovery on May 2. (Pizzurro Aff. ¶5.)

As Defendants' counsel tried to work around these last minute limitations in scheduling the deposition of the officers and employees of NorthWestern, Plaintiffs also announced they were withdrawing the non-party deposition subpoena for Mr. Lewis on April 17 in Minneapolis and demanded that the depositions of NorthWestern's witnesses take place in New York or Delaware and that those depositions remain open until Plaintiffs' issues with NorthWestern's privilege designations were resolved. (Pizzurro Aff. ¶6.) Counsel for NorthWestern could not agree to this proposal, but in another effort to compromise, offered again to produce the NorthWestern witnesses in Minneapolis. (Pizzurro Aff. ¶7, Ex. B.) On April 12, 2007, Plaintiff Magten served Defendants with deposition notices for Mr. Kindt and Mr. Hanson for April 23 and 24 in Wilmington, Delaware. (Pizzurro Aff. ¶8, Ex. C.) Magten had previously been specifically advised that Mr. Hanson was not available for his deposition on that date in any location, let alone Delaware, due to pre-existing scheduling conflicts.[6] (Pizzurro Aff. ¶9, Ex. D.)

In this same time period a dispute has arisen between the parties concerning whether certain documents which NorthWestern has designated as subject to the attorney-client and work product privileges should be produced. The substance of these disputes is set forth in Plaintiffs' Emergency Motion dated April 13, 2007 to compel production of documents and NorthWestern's Emergency Cross Motion dated April 16, 2007 to compel Plaintiffs' compliance

---

[6] Magten had been advised that during the two weeks that Magten originally requested available dates, Mr. Hanson was available on April 18, April 26 and April 27 (Pizzurro Aff. ¶9. Two of these dates, April 26 and 27, are dates that Law Debenture's counsel belatedly informed Defendants' counsel that he was not available.

with the Stipulated Protective Order.  It is believed that, without an appropriate Protective Order, Plaintiffs will attempt to have NorthWestern's witnesses testify twice, once on the current schedule and once again if NorthWestern is ordered to produce additional documents.  Indeed, counsel for Magten has asked that NorthWestern agree to such a procedure.  (Pizzurro Aff. ¶10, Ex. E.)  NorthWestern declined.  NorthWestern's witnesses should only be required to testify on a single occasion and an appropriate order should be entered to prevent multiple depositions of the same witness.

Mr. Hanson is the Chief Executive Officer and Director of NorthWestern.  He resides in South Dakota.  The Affidavit of Mr. Hanson is attached as Exhibit F to the Pizzurro Affidavit.  Mr. Kindt is a former Vice President and Chief Administrative Officer of Clark Fork and Blackfoot and worked for NorthWestern's Montana utility business based in Butte, Montana.  Although Mr. Kindt is no longer an employee, he provides accounting services to NorthWestern in Butte, Montana on a part time, consulting basis.  Mr. Kindt resides in Butte, Montana, NorthWestern's principal place of business in Montana.  The Affidavit of Mr. Kindt is attached as Exhibit G to the Pizzurro Affidavit.  Mr. Thielbar is the former Vice President of NorthWestern Communications Solutions, an operating division of NorthWestern, and former Senior Vice President of Information Technology and Chief Information Officer of NorthWestern Energy.  He is now Director, Special Projects.  Mr. Thielbar resides in Minnesota but works in Sioux Falls, South Dakota.  (Pizzurro Aff. ¶13.)  Mr. Kliewer is the Vice President, Controller of NorthWestern.  He resides in Sioux Falls, South Dakota.  (Pizzurro Aff. ¶14.)  Other than Mr. Kindt, all of the witnesses live and/or work at NorthWestern's principal place of business in Sioux Falls and that is where they should be deposed.

## ARGUMENT

Federal Rule of Civil Procedure 26(c) permits the court to issue, "for good cause shown . . . any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). In particular, subsection (c)(2) provides the court with "broad discretion to alter the *place* of a noticed deposition." *Chris-Craft Indus. Prod., Inc. v. Kuraray Co., Ltd.*, 184 F.R.D. 605, 607 (N.D. Ill. 1999) (emphasis added).

Agents and officers of a corporate party are typically deposed at the corporation's principal place of business. *See* 8A CHARLES A. WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2112 (1994) ("The deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business"). This is particularly true when the corporation is the defendant. *See Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979) ("It is well settled that 'the deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business,' especially when . . . the corporation is the defendant") (internal citations omitted); 6 Moore's Federal Practice § 26.105[3][b] (Matthew Bender 3d ed.) ("When a defendant is an organization, the presumption is that the depositions of its officers or agents will be taken at its principal place of business, unless justice requires otherwise").

Accordingly, "where a deposition is noticed to be taken at a location other than the corporation's principal place of business, 'the purposes underlying the general rule that the depositions should proceed at the corporation's principal place of business create a presumption that the corporation has good cause for a protective order.'" *Chris-Craft*, 184 F.R.D. at 607 (internal citations removed). A court will therefore sustain a corporation's objection to depositions being taken at a location other than its principal place of business absent a showing

of "unusual circumstances which justify such an inconvenience to the corporation." *Id.*; *see also Salter*, 593 F.2d at 652.

The United States District Court for the Northern District of Texas has explicitly laid out five factors "for consideration when determining whether sufficient circumstances [have] been shown to overcome the presumption":

1. Counsel for the parties are located in the forum district;

2. The deposing party is seeking to depose only one corporate representative;

3. The corporation chose a corporate representative that resides outside the location of the principal place of business and the forum district;

4. Significant discovery disputes may arise and there is an anticipated necessity of the resolution by the forum court; and

5. The claim's nature and the parties' relationship is such that 'an appropriate adjustment of the equities favors a deposition site in the forum district.'

*Tailift USA, Inc. v. Tailift Co., Ltd.*, 2004 U.S. Dist. LEXIS 28648, at *5-6 (citing *Resolution Trust Corp. v. Worldwide Ins. Mgmt. Corp.*, 147 F.R.D. 125, 127 (N.D. Tex. 1992); *see also Turner v. Prudential Ins. Co. of Am.,* 119 F.R.D. at 381, 383 (M.D.N.C. 1988) (laying out similar factors for consideration and citing cases from which those factors were gleaned).

Although the District of Delaware has not adopted this list of factors, consideration of these factors mandates the entry of a protective order. Lead counsel for Magten and NorthWestern are located in New York. Lead counsel for Law Debenture is located in Massachusetts. Lead counsel for Defendants Hanson and Kindt are located in Montana. No party's lead counsel is located in Delaware. Plaintiffs' demand to require the NorthWestern witnesses, and all counsel, to travel to Delaware is plainly unreasonable.

Plaintiffs also fail on the second factor. All but one of the four witnesses live and/or work at the location of NorthWestern's principal place of business in Sioux Falls, South Dakota and Butte, Montana.

Plaintiffs also fail on the third factor. NorthWestern did not choose these individuals to testify because they reside outside the forum district. Plaintiffs chose the witnesses knowing full well that none resided or worked in Delaware.

With respect to the fourth factor, this motion would tend to suggest that discovery disputes may arise during the conduct of the depositions that may require resolution by the forum court. However, those disputes are typically addressed by phone which can just as easily be done from South Dakota as from Delaware. In addition, the Court has assigned a Special Master to deal with discovery disputes, who likely could be even more accessible by phone.

With respect to the last factor, neither the nature of the claim nor the parties' relationship mandates a departure from the rule that the depositions of the NorthWestern witnesses take place in Sioux Falls. Neither Magten nor Law Debenture is a cash strapped individual seeking to avoid the expense of traveling far from their residence. Magten Asset Management is a company located on Park Avenue in New York City and owned by one individual. It has been in the business of asset management since 1978 and invests in stocks, bonds and lower grade securities. Magten began acquiring QUIPS at the end of April 2003 – after NorthWestern issued its restated financials. (Pizzurro Aff. Ex. H.) From April 2003 through 2004, Magten continued to acquire QUIPS, either for its own account or the accounts of others, for between $6 and $15 each and presently holds 1,098,431 QUIPS. (Pizzurro Aff. Exs. I. and J.) Plaintiff Law Debenture is an institutional trustee. There is nothing about these Plaintiffs or their claim that would mandate a change in the location of the depositions of the NorthWestern witnesses to any location other than Sioux Falls. *Cf. Turner*, 119 F Rd. at 384 (plaintiff's choice of location upheld where plaintiff was small business person with large medical bills and defendant was a large insurance company).

Although the equities clearly favor that the depositions of Defendants be held in Sioux Falls, South Dakota, NorthWestern continues to offer Minneapolis, Minnesota as compromise location.

## CONCLUSION

For the above reasons, NorthWestern respectfully requests that this Court issue a Protective Order which provides that:  1) the NorthWestern witness depositions be held in Sioux Falls, South Dakota; and 2) Plaintiffs shall only be permitted to depose the NorthWestern witnesses once.

Dated:  Wilmington, Delaware
April 19, 2007

Respectfully submitted,

**GREENBURG TRAURIG LLP**

By: _____

Victoria W. Counihan, Esq. (No. 3488)
Dennis A. Meloro, Esq. (No. 4435)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
Tel:  (302) 661-7000
Fax:  (302) 661-7360

and

**CURTIS, MALLET-PREVOST,**
**COLT &  MOSLE LLP**

Joseph D. Pizzurro, Esq.
Steven J. Reisman, Esq.
Nancy E. Delaney, Esq.
Miriam K. Harwood, Esq.
101 Park Avenue
New York, NY 10178
Tel:  (212) 696-6000`
Fax:  (212) 697-1559

Co-Counsel for Defendant NorthWestern
Corporation

2686958v7

Dated: April 19, 2007

**EDWARDS ANGELL PALMER & DODGE LLP**

Denise Seastone Kraft (No. 2778)
919 North Market Street
15th Floor
Wilmington, DE 19801
Telephone: (302) 425-7106

and

Stanley T. Kaleczyc
Kimberly A. Beatty
**BROWNING, KALECZYC, BERRY & HOVEN, P.C.**
139 North Last Chance Gulch
P.O. Box 1697
Helena, Mt 59624
Telephone: (406) 443-6820

Counsel to Michael J. Hanson And Ernie J. Kindt

2686958v7