IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAGTEN ASSET MANAGEMENT CORP. and LAW DEBENTURE TRUST COMPANY OF NEW YORK,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>NORTHWESTERN CORPORATION,<br><br>　　　　　Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:   Civil Action No. 04-1494-JJF<br>:<br>:<br>:<br>:<br>: |
| MAGTEN ASSET MANAGEMENT CORP.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MIKE J. HANSON and ERNIE J. KINDT,<br><br>　　　　　Defendants. | :<br>:<br>:<br>:<br>:   Civil Action No. 05-499-JJF<br>:<br>:<br>:<br>: |

**MOTION OF MAGTEN ASSET MANAGEMENT CORPORATION
FOR A PROTECTIVE ORDER WITH RESPECT TO
<u>THE DEPOSITION OF TALTON R. EMBRY</u>**

Plaintiff Magten Asset Management Corporation ("Magten"), by and through its counsel, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Delaware Local Rule 30.2, hereby moves (the "Motion") for the entry of a protective order relieving its principal and Managing Director, Talton R. Embry, from appearing for a deposition on April 23, 2007 pursuant to that notice of deposition issued by counsel for Mike J. Hanson and Ernie J. Kindt on April 11, 2007 (the "Deposition Notice")[1] and preventing Mr. Embry from being deposed twice in the consolidated discovery. Counsel's certification under Local Rule 7.1.1 is attached hereto

---

[1]   Magten contends that the Deposition Notice is defective in that it was never filed with the Court. Notwithstanding that deficiency, and in an abundance of caution, Magten addresses herein the additional grounds that support the issuance of a protective order.

as Exhibit "A" and a proposed order granting this Motion is attached hereto as Exhibit "B". In support of this Motion, Magten states as follows:

## Background

1. This Motion is necessitated by defendants Hanson and Kindt's refusal to withdraw the Deposition Notice issued for a day when counsel for Messrs. Hanson and Kindt were told that Mr. Embry was not available, despite counsel for Magten having offered Mr. Embry on an alternate date consistent with prior discussions. While Magten remains willing to resolve this dispute consensually, counsel for Messrs. Hanson and Kindt were unwilling to withdraw the Deposition Notice prior to the resolution of numerous other issues which could not be fully addressed in the limited time available, thus requiring the filing of this Motion. We note that counsel for NorthWestern and Messrs. Hanson and Kindt have also moved for a protective order for against the deposition notices issued to their witnesses. D.I. 151.

2. Counsel for Magten has engaged in lengthy and exhaustive communication with counsel for NorthWestern Corporation ("NorthWestern") and counsel for Messrs. Hanson and Kindt in an effort to finalize the schedule for various depositions to be taken in connection with fact discovery in the litigations. As detailed below, there has been much back and forth communication between the parties, necessitated by the complexity of coordinating all of the various depositions that need to be scheduled, including the deposition of Mr. Embry. Throughout, counsel for Magten has consistently relayed to both counsel for NorthWestern and counsel for Messrs. Hanson and Kindt that Mr. Embry would not be available for deposition during the week of April 23 and, due to other already firmly scheduled depositions, offered Mr. Embry for deposition on May 4.

3. The scheduling of depositions has been made more complicated by the fact that virtually all of NorthWestern's entire senior management team for the relevant time period is no longer with the company and, therefore, many of the deponents are non-parties whose own scheduling issues need to be accommodated. Furthermore, deposition scheduling has been further complicated by NorthWestern's refusal to produce hundreds upon hundreds of responsive non-privileged documents along with its unjustified demand for the return of thousands of pages of documents that it has already produced, which are both the subject of Magten's pending emergency motion to compel filed with the District Court on Friday, April 13, D.I. 175 (the "Emergency Motion").[2]

4. Following a series of telephone conversations in late March and early April on scheduling issues, on April 3, 2007, counsel for NorthWestern sent counsel for Magten a letter based on those discussions. (This letter is Exhibit 1 to the Declaration of Bonnie Steingart ("Steingart Decl.") filed concurrently herewith). Specifically, the April 3 letter set forth a potential schedule for various depositions, including Mr. Embry's deposition, scheduled for Friday, May 4, 2007 in accordance with discussions with counsel. *See* Steingart Decl. Exh. 1.

5. On April 5, 2007, after further back and forth between the parties concerning the deposition schedules, counsel for Messrs. Hanson and Kindt sent counsel for NorthWestern and counsel for Magten an e-mail proposing an alternative deposition schedule, which included a deposition date of Thursday, May 3, 2007 for Mr. Embry and other deposition dates that ran through May 10. *See* Steingart Decl. Exh. 2.

6. On April 10, 2007 at 4:07 p.m., counsel for NorthWestern sent counsel for Messrs. Hanson and Kindt and counsel for Magten an e-mail noting that after conferring with counsel for

---

[2] Among the relief requested in the Emergency Motion is a request for extending the deadline for completing depositions until a time following the production of the documents in dispute.

Messrs. Hanson and Kindt, they would like to re-schedule Mr. Embry's deposition for Tuesday, May 1, 2007. *See* Steingart Decl. Exh. 3.

7. Later that evening, on April 10, 2007 at 9:05 p.m., in an attempt to accommodate the re-scheduling request, counsel for Magten sent counsel for NorthWestern and counsel for Messrs. Hanson and Kindt a reply, noting that since five other depositions were then contemplated to occur during the week of April 30, counsel for Magten could not hold Mr. Embry's deposition earlier that week, and instead suggested May 8, 2007 as a viable date. *See* Steingart Decl. Exh. 4.[3]

8. On April 11, 2007 at 7:05 p.m., counsel for NorthWestern, on behalf of itself and counsel for Messrs. Hanson and Kindt, sent counsel for Magten a letter representing that counsel for Messrs. Hanson and Kindt were, "[i]n a last effort to be cooperative ... prepared to offer to depose Mr. Embry in New York City on either April 23 or April 30." *See* Steingart Decl. Exh. 5. The letter then continued to say that because counsel for Magten had moved a different non-party deponent's deposition from May 1 to April 30 as an accommodation to the deponent, Mr. Embry's deposition would now be unilaterally noticed by defendants for Monday, April 23, 2007. *See* Steingart Decl. Exh. 5.

9. On April 11, 2007 at 9:19 p.m., counsel for Magten replied to counsel for NorthWestern and Hanson and Kindt's letter sent at 7:05 p.m. that evening, reiterating that counsel for Magten has consistently said that Mr. Embry is not available to be deposed on April 23, that at no time during the lengthy prior discussions had any date for Mr. Embry's deposition during the week of April 23 been suggested, but that Magten was willing to revisit the week of April 30. *See* Steingart Decl. Exh. 6.

---

[3] One of the depositions that was then scheduled for the week of April 30 has since been postponed due to a crisis involving the health of a family member of the witness.

10. A few minutes prior to this correspondence, counsel for Messrs. Hanson and Kindt issued by email the Deposition Notice, noticing Mr. Embry's deposition for April 23, 2007. *See* Steingart Decl. Exh. 7. The Deposition Notice is deficient in that it was never filed with the Court.[4]

11. On April 11, 2007 at 9:26 p.m., counsel for NorthWestern replied to counsel for Magten's message sent a few minutes earlier and inquired when Mr. Embry would be available during the week of April 30. *See* Steingart Decl. Exh. 8.

12. On April 12, 2007 at 11:24 a.m., counsel for Magten replied to counsel for NorthWestern and counsel for Messrs. Hanson and Kindt, stating that Mr. Embry is available to be deposed on May 4, 2007. *See* Steingart Decl. Exh. 9.

13. Having heard nothing in response to the April 12 e-mail to counsel for NorthWestern and counsel for Messrs. Hanson and Kindt that offered Mr. Embry for May 4, on April 18, 2007, counsel for Magten sent a letter to counsel for NorthWestern and counsel for Messrs. Hanson and Kindt reminding them that it was never suggested that Mr. Embry's deposition would be scheduled during the week of April 23 as Mr. Embry is not available at that time and asking that Messrs. Hanson and Kindt formally withdraw the Deposition Notice to avoid engaging in wasteful motion practice. The letter also repeated the offer made the previous week – offering to make Mr. Embry available for deposition on May 4 – and alternatively offering to make Mr. Embry available at a date during the week of May 7. *See* Steingart Decl. Exh. 10.

---

[4] Delaware Local Rule 5.4(a) providing that certain discovery materials need not be filed, does not apply to discovery under Fed. R. Civ. P. 30. Even if it did, Local Rule 5.4(a) affirmatively requires that notices of any discovery served be filed with the Court.

5

14. On April 19, 2007, counsel for Messrs. Hanson and Kindt indicated that they were unwilling to withdraw the Deposition Notice absent a comprehensive agreement on numerous other outstanding scheduling issues, which Magten believed were not capable of being definitively resolved immediately, especially since their proposal would potentially require rescheduling the depositions of numerous third parties. Counsel for Hanson and Kindt also indicated, contrary to their prior position, that they demanded that Mr. Embry's deposition had to take place prior to May 2 – the original discovery cut-off date. *See* Steingart Decl. ¶ 12.

15. Both in correspondence attached and in various telephone conversations, in every scheduling discussion since at least the beginning of April, counsel for all parties have recognized and agreed that it will be logistically necessary for depositions to continue after May 2 and into the week of May 7. *See* Steingart Decl. ¶ 13. For example, the tentative schedules proposed by counsel for NorthWestern and counsel to Messrs. Hanson and Kindt on April 3 and April 5, respectively, contemplated that Mr. Embry would be deposed on May 4 and May 3, respectively, and that other depositions would continue to May 7 and May 10, respectively. Moreover, NorthWestern has served discovery demands on Magten (D.I. 138), which are not even due until May 11.

### Argument

16. Rule 26(c) of the Federal Rules of Civil Procedure provides, in pertinent part:

> Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> …

6

>   (2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place.

17. Delaware Local Rule 30.2 provides, in pertinent part:

> Pending resolution of any motion under Fed. R. Civ. P. 26(c) or 30(d), neither the objecting party, witness, nor any attorney is required to appear at the deposition to which the motion is directed until the motion is ruled upon. The timely filing of a motion under either of these rules shall stay the discovery to which the motion is directed pending further order of the Court.

18. Counsel for Magten has repeatedly informed counsel for NorthWestern and counsel for Messrs. Hanson and Kindt that Mr. Embry was not available to be deposed during the week of April 23. After it appeared that there was general agreement that Mr. Embry would be deposed on May 3 or May 4, counsel for Messrs. Hanson and Kindt sought to move that date and then unilaterally noticed Mr. Embry's deposition for April 23, 2007, despite knowing that Mr. Embry was not available to be deposed at that time.

19. In addition, NorthWestern and Hanson and Kindt should only be entitled to depose Mr. Embry once, either individually or on behalf of Magten.[5] Curiously, the Notice of Deposition was only served by counsel for Hanson and Kindt in connection with the caption of their litigation and thus it appears that NorthWestern may be under the impression that it will get a separate opportunity to depose Mr. Embry at a later date. There is no second bite at the apple – these cases were consolidated for discovery purposes to prevent duplicative discovery. Accordingly, Mr. Embry should only be required to be deposed by all defendants on a single occasion.

---

[5] Although the defendants have not yet noticed a deposition of Magten pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Mr. Embry would be the only deponent that Magten could designate in response to such a potential notice.

20.  Counsel for Magten hereby certifies that they have made reasonable and good faith efforts to reach agreement with counsel for Messrs. Hanson and Kindt on the matters set forth in this Motion and have been unable to do so.

21.  Because this Motion presents no novel issues of law and the legal predicates relied upon by Magten are set forth herein, Magten is not filing a brief in support of this Motion. Magten reserves the right to file a brief in reply to any objection or other response to this Motion, or as otherwise deemed necessary by Magten in accordance with the applicable rules of this Court.

WHEREFORE, Magten requests the entry of an order in the form attached hereto.

Dated: Wilmington, Delaware
April 20, 2007

**BLANK ROME LLP**

_/s/ Dale R. Dubé_
Dale R. Dubé (DE No. 2863)
Bonnie G. Fatell (DE No. 3809)
David W. Carickhoff (DE No. 3715)
1201 Market Street, Suite 800
Wilmington, DE 19801
Telephone:  (302) 425-6400
Facsimile:   (302) 425-6464

- and -

**FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP**
Bonnie Steingart
Gary Kaplan
John W. Brewer
One New York Plaza
New York, NY 10004
Telephone:  (212) 859-8000
Facsimile:   (212) 859-4000

Counsel for Magten Asset Management Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of April, 2007, I served by hand delivery and electronic filing the MOTION OF MAGTEN ASSET MANAGEMENT CORPORATION FOR A PROTECTIVE ORDER WITH RESPECT TO THE DEPOSITION OF TALTON R. EMBRY, using CM/ECF which will send notification of such filing(s) to the following:

### BY EMAIL AND HAND DELIVERY

Denise Seastone Kraft, Esquire
Edwards Angell Palmer & Dodge LLP
919 North Market Street, 15th Floor
Wilmington, DE 19801

Kathleen M. Miller, Esquire
Smith Katzenstein & Furlow LLP
800 Delaware Avenue
P. O. Box 410
Wilmington, DE 19899

Victoria Watson Counihan, Esquire
Dennis A. Meloro, Esquire
Greenberg Traurig LLP
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801

I also certify that, on this 20th day of April, 2007, I served the aforementioned document, by e-mail and Federal Express, upon the following participants:

### BY EMAIL AND FEDERAL EXPRESS

Stanley T. Kaleczyc, Esquire
Kimberly A. Beatty, Esquire
Browning, Kaleczyc, Berry & Hoven, P.C.
139 North Last Chance Gulch
P.O. Box 1697
Helena, Mt 59624

John V. Snellings, Esquire
Amanda D. Darwin, Esquire
Nixon Peabody LLP
100 Summer Street
Boston, Massachusetts 02110-1832

Steven J. Reisman, Esquire
Joseph D. Pizzurro, Esquire
Nancy E. Delaney, Esquire
Miriam K. Harwood, Esquire
Curtis, Mallet-Prevost, Colt & Mosle LLP
101 Park Avenue
New York, New York 10178-0061

*Dale R. Dubé*
Dale R. Dubé (No. 2863)