IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAGTEN ASSET MANAGEMENT CORPORATION and LAW DEBENTURE TRUST COMPANY OF NEW YORK,<br><br>Plaintiffs,<br><br>v.<br><br>NORTHWESTERN CORPORATION,<br><br>Defendant. | C.A. No. 04-1494 (JJF) |
| MAGTEN ASSET MANAGEMENT CORP.,<br><br>Plaintiff,<br><br>v.<br><br>MIKE J. HANSON and ERNIE J. KINDT,<br><br>Defendants. | C.A. No. 05-499 (JJF) |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
NORTHWESTERN CORPORATION'S EMERGENCY CROSS MOTION FOR AN
ORDER TRUNCATING THE BRIEFING SCHEDULE UNDER LOCAL RULE 7.1.2
AND SETTING AN IMMEDIATE TELEPHONIC HEARING AND FOR AN ORDER
THAT PLAINTIFFS AND THEIR COUNSEL IMMEDIATELY COMPLY WITH
THEIR OBLIGATIONS PURSUANT TO PARAGRAPH 8 OF THE
STIPULATED PROTECTIVE ORDER OF MARCH 21, 2007**

NorthWestern Corporation ("NorthWestern") by and through its counsel, respectfully submits this memorandum of law in support of its emergency cross motion (the "Motion") pursuant to Rule 26(b)(5)(B) of the Fed. R. Civ. P. and Paragraph 8 of the Stipulated Protective Order signed by the Court on March 21, 2007 (the "Order") for the entry of an order truncating the briefing schedule under Local Rule 7.1.2 and setting an immediate telephonic hearing and for an order that Plaintiffs and their counsel to immediately comply with their

3595818v1

obligations under Paragraph 8 of the Order and: (a) immediately cease making any use of the documents listed on Exhibit A hereto (the "designated documents"); (b) forthwith return any and all copies of the designated documents to counsel for NorthWestern or destroy said documents and any and all copies thereof and provide an immediate certification that such destruction has occurred; (c) forthwith destroy any and all notes, memoranda or other work product based upon or derived from the designated documents and provide an immediate certification that such destruction has occurred; and (d) that Magten and its counsel be sanctioned for their prior violations of the Order in the amount of costs incurred by NorthWestern in connection with this Motion, including reasonable attorneys' fees.

## PRELIMINARY STATEMENT

Plaintiffs continue to ignore the plain terms of this Court's Order and insist they have a right to retain the designated documents and that NorthWestern's notice of inadvertent production was deficient. Now, however, Plaintiffs seek to rely on Fed. R. Civ. P. 26(b)(5)(B) to justify their retention of the designated documents, notwithstanding the fact that Order trumps the Rule and clearly provides that the documents must be returned or destroyed. Plaintiffs' other assertions are simply a rehash of their initial arguments. None of them, however, can withstand scrutiny in face of clear case law recognizing that a notice of inadvertent production such as that provided by NorthWestern here is clearly "prompt" and the fact that, under the terms of the Order, Plaintiffs are simply not permitted to argue that either the fact of the inadvertent disclosure, or the circumstances thereof, constitutes a waiver of any privilege to which the documents are otherwise entitled.

3595818v1

## ARGUMENT

Plaintiffs assert they are not in violation of any obligations they may have to return or destroy the designated documents because under Fed. R. Civ. P. 26(b)(5)(B) they have the right, after receiving notification of inadvertent production, to retain the documents and present the information to the Court under seal for a determination of the claim of privilege. The problem is, this provision of Rule 26(b)(5)(B) does not apply in this case because it is in clear conflict with the Court's Order which is unequivocal that Plaintiffs must now return or destroy the designated documents.

The Advisory Committee Notes to the 2006 amendments to Rule 26, which added Rule 26(b)(5)(B), make clear that, notwithstanding the provisions of the Rule, where the parties have reached agreement, such as the Order in this case, governing waiver of any privileges, "Such agreements and orders ordinarily control if they adopt procedures different from those in Rule 26(b)(5)(B)." (Fed. R. Civ. P. 26(b)(5) advisory committee's notes.) Thus, while the Rule may permit Plaintiffs to retain the designated documents and present them to the Court under seal for a determination of privilege, the Order clearly does not. The Order is unequivocal. Once a party receives a notice of inadvertent disclosure the documents "shall be returned to the producing party, or destroyed." There is no option to retain the documents in connection with a motion to compel the production. In light of this inconsistency between the Rule and the Order, the Order clearly governs.

Plaintiffs continue to argue that NorthWestern's notice was not prompt and did not provide any basis for the claim of privilege. As demonstrated in NorthWestern's Memorandum of Law in support of this motion, the relevant time for determining promptness is not the date of the inadvertent disclosure but the date the party discovers the inadvertent disclosure. Here the initial notice was given just hours after the initial discovery that certain

privileged documents had been inadvertently produced, and the following notices just days after that. Each new notice was sent immediately after discovery of additional inadvertent disclosures as the review of the production continued.

Plaintiffs claim the notice does not comply with the requirements with Rule 26(b)(5)(B) because it did not include both "the claim and the basis for it." Again, Plaintiffs ignore the Order as it suits their purpose. The Order does not contain any such provision. But even if it did, each notice specifically identified the documents at issue and stated the privilege asserted. And Plaintiffs ignore the fact that a supplemental privilege log was provided together with NorthWestern's April 5, 2007 demand letter which includes those inadvertently produced documents not already on the original privileged log and provides the specific information about the documents required by Rule 26. (Pizzurro Aff. at ¶ 2; Exhibit 1.)[1] A further supplemental log was sent to Plaintiffs' counsel on April 24, 2007, adding the documents contained in the April 12 and 16, 2007 demand letters and cross-referencing all documents which were inadvertently produced and which were on the original privilege log. (Pizzurro Aff. ¶ 3; Exhibit 2.) In addition, eleven replacement discs containing NorthWestern's document production, from which all inadvertently produced privileged documents referenced in the April 3, 5, 12 and 16, 2007 demand letters were removed, were sent to Plaintiffs' counsel on April 24, 2007. (Pizzurro Aff. ¶ 4.)

Finally, Plaintiffs continue to claim that the disclosure could not have been inadvertent and so the Order does not apply. This argument is no more than an attempt to bypass the clear language of paragraph 8 of the Order which states that inadvertent production "shall not constitute a waiver of the immunity or privilege" and that, on a motion for an order compelling

---

[1] References in the form "Pizzurro Aff. __" to the affidavit of Joseph D. Pizzurro dated April 24, 2007 and submitted concurrently with this Reply Memorandum.

-4-

3595818v1

production the receiving party "shall not assert as a ground for entering such an order, the facts or circumstances of the inadvertent production." The language in the Order was designed to deal with the issues presented by Plaintiffs' insistence that NorthWestern review and produce a huge amount of electronic documents in a short period of time. As counsel for Magten stated at the hearing before the Special Master on January 29, 2007:

> Right. So from our point of view as to timing, relevance, scope and burden, really those problems are in a sense, Your Honor, ours because they have the stuff assembled, they have a confidentiality agreement, they have sifted through it. If they want an agreement as to inadvertent waiver if they give us stuff, you know, we will give them an agreement as to inadvertent waiver.

(*See* Docket Entry No. 116, Special Master James's Report and Recommendation, Exhibit A at 19.) Plaintiffs cannot now avoid the very protections they suggested to induce the Special Master to rule in their favor.

In any event, this case presents facts far different from facts in the cases cited by Plaintiffs. All of those cases predated the enactment of Rule 26(b)(5)(B). And only one case involved a confidentiality order providing that the inadvertent production of documents cannot constitute a waiver of any privilege. *IBM Corp. v. Comdisco Inc.*, C.A. No. 91-C-07-199, 1992 WL 149502 at *2 n.1 (Del. Super. Ct. June 22, 1992). In that case the court refused to find any waiver of the privilege based upon an inadvertent disclosure because of the provisions of that order. *Id.* at *2 n.3.

In sum, Plaintiffs have utterly failed to justify their refusal to comply with the terms of this Court's Order, which they themselves helped to draft and which they signed. Plaintiffs should be compelled to return or destroy the designated documents and should be restrained from using those documents for any purpose.

3595818v1

## CONCLUSION

NorthWestern's emergency cross motion should be granted in all respects.

Dated: April 25, 2007

**GREENBERG TRAURIG LLP**

*/s/ Victoria W. Counihan*

Victoria W. Counihan (No. 3488)
Dennis A. Meloro (No. 4435)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
(302) 661-7000

and

**CURTIS, MALLET-PREVOST, COLT & MOSLE LLP**
Joseph D. Pizzurro
Steven J. Reisman
Nancy E. Delaney
101 Park Avenue
New York, NY 10178
(212) 696-6000
Facsimile: (212) 697-1559

Attorneys for NorthWestern Corporation

3595818v1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAGTEN ASSET MANAGEMENT CORPORATION and LAW DEBENTURE TRUST COMPANY OF NEW YORK,<br><br>Plaintiffs,<br><br>v.<br><br>NORTHWESTERN CORPORATION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 04-1494 (JJF)<br>)<br>)<br>)<br>)<br>) |
| MAGTEN ASSET MANAGEMENT CORP.,<br><br>Plaintiff,<br><br>v.<br><br>MIKE J. HANSON and ERNIE J. KINDT,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) C.A. No. 05-499 (JJF)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

I, Victoria W. Counihan, being duly sworn according to law, deposes and says that I am employed by Greenberg Traurig, LLP, which is counsel for the NorthWestern Corporation, and that on the 25th of April 2007, I caused to be served copies of following upon the parties listed below via Electronic Mail, Hand Delivery upon Local Counsel and via First Class, United States Mail upon the remaining parties.

- Reply Memorandum Of Law In Support Of Northwestern Corporation's Emergency Cross Motion For An Order Truncating The Briefing Schedule Under Local Rule 7.1.2 And Setting An Immediate Telephonic Hearing And For An Order That Plaintiffs And Their Counsel Immediately Comply With Their Obligations Pursuant To Paragraph 8 Of The Stipulated Protective Order Of March 21, 2007

- Affidavit of Joseph D. Pizzurro, Esq.

| | |
|---|---|
| Dale Dube, Esq.<br>David Carickhoff, Esq.<br>Blank Rome LLP<br>1201 Market Street, Suite 800<br>Wilmington DE 19801<br>(Magten) | Bonnie Steingart, Esq.<br>Gary L. Kaplan, Esq.<br>Fried Frank Harris Shriver & Jacobson LLP<br>One New York Plaza<br>New York NY 10004<br>(Magten) |

| | |
|---|---|
| Kathleen M. Miller, Esquire<br>Smith Katzenstein & Furlow LLP<br>800 Delaware Avenue, 7th Floor<br>Wilmington, DE 19801<br>(Law Debenture) | John V. Snellings, Esq.<br>Amanda Darwin, Esq.<br>Nixon & Peabody LLP<br>100 Summer Street<br>Boston, Massachusetts 02100<br>(Law Debenture) |
| Neil Glassman, Esq.<br>Charlene Davis, Esq.<br>Eric Sutty, Esq.<br>The Bayard Firm<br>222 Delaware Avenue, Suite 900<br>Wilmington DE 19801<br>(NW Plan Committee) | Alan Kornberg, Esq.<br>Margaret Phillips, Esq.<br>Ephraim Diamond, Esq.<br>Paul Weiss Rifkind Wharton & Garrison LLP<br>1285 Avenue of the Americas<br>New York NY 10019<br>(NW Plan Committee) |
| Stanley T. Kaleczyc<br>Kimberly A. Beatty<br>Browning, Kaleczyc, Berry & Hoven, P.C.<br>139 North Last Chance Gulch<br>P.O. Box 1697<br>Helena, Mt 59624<br>(M Hanson/E Kindt) | Denise Seastone Kraft<br>Edwards Angell Palmer & Dodge LLP<br>919 North Market Street, 15th Floor<br>Wilmington, DE 19801<br>(M Hanson/E Kindt) |

Date: April 25, 2007

GREENBERG TRAURIG, LLP

*/s/ Victoria W. Counihan*

Victoria W. Counihan (No. 3488)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
Telephone: 302-661-7000