## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| MAGTEN ASSET MANAGEMENT CORP. and LAW DEBENTURE TRUST COMPANY OF NEW YORK, <br><br> Plaintiffs, <br> v. <br><br> NORTHWESTERN CORPORATION, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 04-1494 (JJF) |
| MAGTEN ASSET MANAGEMENT CORP., <br><br> Plaintiff, <br> v. <br><br> MICHAEL J. HANSON and ERNIE J. KINDT, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 05-499 (JJF) |

### NOTICE OF DEPOSITION OF NORTHWESTERN CORPORATION PURSUANT TO RULE 30(b)(6)

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff Magten Asset Management Corporation ("Magten") will take the deposition of one or more representatives of NorthWestern Corporation ("NorthWestern Corporation"), on May 2, 2007 at 10:00 a.m. at the offices of Blank Rome LLP, 1201 N. Market Street, Suite 800, Wilmington, DE 19801.

PLEASE TAKE FURTHER NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, NorthWestern is required to designate one or more officers, directors, managing agents or other persons prepared to testify with respect to the Noticed Topics listed below, based on all information known or reasonably available to NorthWestern.

120087.01600/40168503v.1

Counsel for NorthWestern is required to provide Magten's counsel with written notice, at least three (3) business days in advance of the deposition, of the name and employment position of each designee testifying on behalf of NorthWestern, together with a list of the Noticed Topics on which each designee will provide testimony.

The deposition will be taken before a notary public or other officer authorized by law to administer oaths, and may be recorded by stenographic and videographic means. Counsel for the parties are invited to attend and cross-examine.

## NOTICED TOPICS

(i)   NorthWestern's Prior Financials.

(ii)  The restatement of the First Quarter 2002 Financials, the Second Quarter 2002 Financials and the Third Quarter 2002 Financials, including the various write downs and charges announced in connection with the Restatement and NorthWestern's 10K for the period ending December 31, 2002.

(iii) The issues raised in the SEC Order.

(iv)  The issues raised in the pending Thielbar Action.

(v)   The appraisals, valuations and/or analyses performed by American Appraisal Associates, Inc. for, or in relation to, NorthWestern or any subsidiary or affiliate thereof at any time between January 1, 2001 and December 31, 2003, and the impact of such appraisals, valuations and/or analyses on NorthWestern's 10K for the period ending December 31, 2002 and NorthWestern's reporting in its Prior Financials.

(vi)  NorthWestern's solvency, liquidity, and anticipated future cash flow as of the date of the Transfer.

(vii) Clark Fork's solvency, liquidity, and anticipated future cash flow immediately

following the Transfer.

(viii) The internal financial reporting, monitoring, budgeting and planning processes of NorthWestern and any of its subsidiaries and affiliates during the period between January 1, 2001 and September 14, 2003.

## Definitions

1. "Clark Fork" means Clark Fork and Blackfoot, LLC, formerly known as, among other things, NorthWestern Energy, LLC and Montana Power, LLC, and any of its affiliates, subsidiaries, predecessors and any person or entity acting or purporting to act on behalf of, at the direction of or in concert with it, including but not limited to Clark Fork's present and former officers, directors, employees, servants, agents, representatives and attorneys.

2. "First Quarter 2002 Financials" means the publicly-announced financial results of NorthWestern for the period ending March 31, 2002 as set forth in the press releases dated April 15, 2002, April 30, 2002, May 16, 2002, and May 17, 2002 and the 10Q dated May 15, 2002.

3. "Fourth Quarter 2001 Financials" means the publicly-announced financial results of NorthWestern for the period ending December 31, 2001 as set forth in the press releases dated January 18, 2002 and February 7, 2002 and the 10K dated April 1, 2002 and amended on April 19, 2002 and September 20, 2002.

4. "NorthWestern" means NorthWestern Corporation, its affiliates and any parent, subsidiaries, predecessors and successors, provided, however, that NorthWestern shall not be construed to include Clark Fork, which has been separately defined herein.

5. "Prior Financials" means Third Quarter 2001 Financials, Fourth Quarter 2001 Financials, First Quarter 2002 Financials, Second Quarter 2002 Financials, and Third Quarter 2002 Financials.

120087.01600/40168503v.1

6.  "Restatement" refers to NorthWestern's restatement of its quarterly financials for the periods ending March 31, 2002, June 30, 2002, and Sept. 30, 2002, as well as the approximate $880 million of asset impairment charges for the fiscal year ending December 31, 2002, as announced in NorthWestern's press release dated April 16, 2003.

7.  "SEC Order" means the Securities and Exchange Commission's Order Instituting Cease-and-Desist Proceedings, Making Findings and Imposing a Cease-and-Desist Order Pursuant to Section 21C of the Securities Exchange Act of 1934, Accounting and Auditing Enforcement Release No. 2573, dated March 7, 2007 and entered in the administrative proceeding known as In the Matter of NorthWestern Corporation,

8.  "Second Quarter 2002 Financials" means the publicly-announced financial results of NorthWestern for the period ending June 30, 2002 as set forth in the press releases dated July 23, 2002 and August 8, 2002, and the 10Q dated August 14, 2002.

9.  "Thielbar Action" means the action commenced by the Securities and Exchange Commission in the United States District Court for the District of South Dakota against, among others, Bart A. Thielbar, Civil Action Number 06-4253.

10. "Third Quarter 2001 Financials" means the publicly-announced financial results of NorthWestern for the period ending September 30, 2001 as set forth in the press releases dated October 12, 2001 and November 6, 2001, and the 10Q dated November 14, 2001.

11. "Third Quarter 2002 Financials" means the publicly-announced financial results of NorthWestern for the period ending September 30, 2002 as set forth in the press releases dated October 21, 2002 and November 7, 2002, and the 10Q dated November 14, 2001 and amended on November 19, 2002.

12.  "Transferred Assets" means those assets that were transferred from Clark Fork to NorthWestern on or about November 15, 2002.

13.  "Transfer" means the transfer of the Transferred Assets from Clark Fork to NorthWestern that occurred on or about November 15, 2002.

Dated: April 25, 2007

BLANK ROME LLP

*Dale R. Dubé*

Dale R. Dubé (DE No. 2863)
Bonnie G. Fatell (DE No. 3809)
David W. Carickhoff (DE No. 3715)
1201 N. Market Street, Suite 800
Wilmington, DE 19801
Telephone: 302-425-6400
Facsimile: 302-425-6464


FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP
Bonnie Steingart, Esq.
Gary Kaplan, Esq.
John Brewer, Esq.
One New York Plaza
New York, NY 10004
Telephone: (212) 859-8000
Facsimile: (212) 859-4000

Counsel for Magten Asset Management Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of April, 2007, I served by hand delivery and electronic filing the Notice of Deposition of NorthWestern Corporation Pursuant to Rule 30(b)(6), using CM/ECF which will send notification of such filing(s) to the following:

### BY EMAIL AND HAND DELIVERY

Kathleen M. Miller, Esquire
Smith Katzenstein & Furlow LLP
800 Delaware Avenue
P. O. Box 410
Wilmington, DE 19899

Victoria Watson Counihan, Esquire
Dennis A. Meloro, Esquire
Greenberg Traurig LLP
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801

Denise Seastone Kraft, Esquire
Edwards Angell Palmer & Dodge LLP
919 North Market Street, 15th Floor
Wilmington, DE 19801

I also certify that, on this 25th day of April, 2007, I served the aforementioned document, by e-mail and Federal Express, upon the following participants:

### BY EMAIL AND FEDERAL EXPRESS

Stanley T. Kaleczyc, Esquire
Kimberly A. Beatty, Esquire
Browning, Kaleczyc, Berry & Hoven, P.C.
139 North Last Chance Gulch
P.O. Box 1697
Helena, Mt 59624

Steven J. Reisman, Esquire
Joseph D. Pizzurro, Esquire
Nancy E. Delaney, Esquire
Miriam K. Harwood, Esquire
Curtis, Mallet-Prevost, Colt & Mosle LLP
101 Park Avenue
New York, New York 10178-0061

John V. Snellings, Esquire
Amanda D. Darwin, Esquire
Nixon Peabody LLP
100 Summer Street
Boston, Massachusetts 02110-1832

_____
Dale R. Dubé (No. 2863)

120087.01600/40168503v.1