**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| MAGTEN ASSET MANAGEMENT CORP. and LAW DEBENTURE TRUST COMPANY OF NEW YORK, <br><br> Plaintiff, <br><br> v. <br><br> NORTHWESTERN CORPORATION, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 04-1494-JJF |
| MAGTEN ASSET MANAGEMENT CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> MIKE J. HANSON and ERNIE J. KINDT, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 05-499-JJF |

**DEFENDANTS MICHAEL J. HANSON AND ERNIE J. KINDT'S
OPPOSITION TO MAGTEN ASSET MANAGEMENT COPORATION'S
MOTION FOR PROTECTIVE ORDER WITH RESPECT TO THE
DEPOSITION OF TALTON R. EMBRY**

Defendants, Michael J. Hanson ("Hanson") and Ernie J. Kindt ("Kindt"), by and through

counsel of record, hereby submit this Opposition to Magten Asset Management Corporation's

("Magten") Motion for Protective Order with Respect to the Deposition of Talton R. Embry

("Magten's Motion for Protective Order").

Magten's Motion for Protective Order is not well taken.  However, by simply filing the

Motion, Magten has already accomplished its desired goals:  to refuse to make Mr. Embry

available for his deposition prior to the close of discovery deadline set forth in the Scheduling

Order and to push Mr. Embry's deposition indefinitely into the future. Thus, Mr. Hanson and Mr. Kindt will not waste the Court or the Special Master's time by engaging in a detailed discussion of the events that led to the filing of Magten's Motion for Protective Order. Such recitation now serves no purpose. However, a brief response is required to address Magten's continued and unrelenting sharp litigation tactics aimed to give Magten some tactical advantage.

First, Mr. Hanson and Mr. Kindt repeatedly suggested dates for Mr. Embry's deposition to occur prior to the May 2 close of discovery deadline. Each suggested date was rebuffed with no explanation other than that Mr. Embry was not available. It quickly became clear that Mr. Embry was not going to be made available at any time prior to the close of discovery. Therefore, his deposition was noticed for April 23. Counsel for Mr. Embry had previously stated that Mr. Embry was not available on April 24, but at no time until after the notice of deposition was served for April 23 was it explained that Mr. Embry was not available for the entire week of April 23, leaving just three business days prior to the close of discovery in which to conduct his deposition. However, there were already three other depositions scheduled for two of those three days, depositions which had unilaterally been scheduled by counsel for Mr. Embry without consultation with the other parties. Further, in addition to not being available the entire week of April 23, Mr. Embry was likewise not made available on May 1, the only other "open" day before the close of discovery.

As a result, Mr. Hanson and Mr. Kindt were forced to agree to depose Mr. Embry on May 4, after the close of discovery. On April 19 and April 20, prior to the filing of Magten's Motion for Protective Order, counsel for Mr. Hanson and Mr. Kindt sent letters to counsel for Mr. Embry discussing again the need to schedule Mr. Embry's deposition. *See* Exh. 1 and Exh. 2 of the Declaration of Kimberly A. Beatty ("Beatty Declaration") submitted herewith. In

WLM_508865_1.DOC/DKRAFT

its April 20 letter, sent and received by counsel for Magten prior to the filing of Magten's Motion

for a Protective Order, Mr. Hanson and Mr. Kindt acquiesced to taking Mr. Embry's deposition

in New York on May 4. Thus, Magten had no need to file the Motion, and indeed should have

withdrawn the Motion. In fact, on April 23, counsel for Mr. Hanson and Mr. Kindt requested

that Magten clarify its intentions with respect to Mr. Embry's deposition and withdraw Magten's

Motion for Protective Order. *See* Beatty Declaration, Exh. 3. Magten refused. *See* Beatty

Declaration, Exh. 4 and Exh. 5.

That Mr. Hanson and Mr. Kindt actually agreed to depose Mr. Embry on May 4 and that

Magten refused to withdraw its Motion for Protective Order demonstrates the opening sentences

of Magten's Motion for Protective Order are simply false. Magten disingenuously asserts

"While Magten remains willing to resolve this dispute consensually, counsel for Messrs. Hanson

and Kindt were unwilling to withdraw the Deposition Notice prior to the resolution of numerous

other issues which could not be fully addressed in the limited time available, thus requiring the

filing of this Motion." The written record in this case belies this statement and exposes Magten's

propensity to twist facts to suit their ever-changing needs.

However, now that the damage has been done with the filing of the Motion, that May 4

has come and gone without the withdrawal of the Motion, and that Mr. Hanson and Mr. Kindt

are still entitled to and still want to depose Mr. Embry, all that can now be done is to schedule

Mr. Embry's deposition. However, Mr. Hanson and Mr. Kindt should be awarded their fees and

costs incurred in responding to this meritless Motion as an appropriate sanction against Magten.

Second, Magten asserts in its Motion that the Notice of Deposition served on Mr. Embry

was defective, thus implying that Mr. Embry would not have been made available for his

WLM_508865_1.DOC/DKRAFT

deposition regardless of whether the parties could have reached agreement on the date for the deposition. Magten's assertion that the Notice was defective is wholly without merit.

Footnote 1 in Magten's Motion for Protective Order incorrectly states that "the Deposition Notice is defective in that it was never filed with the Court." Magten's statement is repeated in footnote 4. These statements, however, are simply false. On April 12, 2007, counsel for Mr. Hanson and Mr. Kindt filed a Notice of Service of the Notice of Deposition of Talton Embry [D. I. 174]. The Notice of Service complies with District of Delaware Local Rule 5.4 which provides in pertinent part:

**Rule 5.4.     Discovery materials not filed unless ordered or needed.**

(a)     *Service without filing.* Except in cases involving *pro se* parties, all requests for discovery under Fed. R. Civ. P. 31, 33 through 36, and 45, and answers and responses thereto, and all required disclosures under Fed. R. Civ. P. 26(a), shall be served upon other counsel or parties but shall not be filed with the Court. In lieu thereof, the party requesting discovery and the party serving responses thereto shall file with the Court a "Notice of Service" containing the following:

(1)     a certification that a particular form of discovery or response was served on other counsel or opposing parties, and

(2)     the date and manner of service.

Filing the notice of taking of oral depositions required by Fed. R. Civ. P. 30(b)(1), and filing of proof of service under Fed. R. Civ P. 45(b)(3) in connection with subpoenas, will satisfy the requirement of filing a "Notice of Service."

Filing the actual notice of taking of deposition will satisfy the requirements of Rule 5.4(a)(1) and (2) but it is not stated as the only method of satisfying the requirement. Accordingly, filing the Notice of Service of the Notice of Deposition of Talton Embry satisfied the requirements. By previous agreement and practice of the parties in the consolidated cases, in addition to serving the document through CM/ECF electronic means, the Notice of Service was also served out the same day it was filed via email upon counsel to all parties in the consolidated cases, including

WLM_508865_1.DOC/DKRAFT

local and out-of-state counsel for Magten. Again, Magten's position is without merit and was designed only to create some tactical advantage by giving Magten a fabricated argument to support its Motion for Protective Order.

Third, in a throw-away paragraph, Magten asserts that the parties should only be permitted to depose Mr. Embry once, but that because the Notice of Deposition was formatted with only the Civil Action No. 05-499-JJF pleading caption and not the consolidated pleading caption, Magten was concerned that NorthWestern might try to serve a second notice of deposition. Such concerns are nonsense. First, had NorthWestern attempted to do so, Magten could certainly at that time have sought a protective order to prevent two separate depositions. Second, Magten's position here demonstrates their own unscrupulous practices in that Magten has asserted that they are entitled to depose Mr. Hanson twice because not only has he been sued directly by Magten, but he is also a representative of NorthWestern, thus permitting Magten to conduct a separate deposition of Mr. Hanson in Magten's lawsuit against NorthWestern. *See* Beatty Declaration, Exh. 6. Such positions contradict the intent of consolidated discovery and must not be countenanced. Third, Magten's concern about avoiding duplicate depositions could have been resolved had counsel simply called counsel for the other parties and discussed the concerns professionally rather than filing an unnecessary Motion for Protective Order.

Finally, any difficulties encountered by Magten in scheduling other third party depositions or with obtaining access to NorthWestern's privileged documents is entirely irrelevant and has no bearing on scheduling Mr. Embry's deposition. Rather, these excuses are asserted by Magten only to deflect attention from its own decisions to refuse to make Mr. Embry available for deposition. These red herrings should be recognized for what they are and ignored.

WLM_508865_1.DOC/DKRAFT

For all of these reasons, Magten's Motion for Protective Order is without merit and should be denied.  Mr. Embry should be compelled to be available for his deposition at a time reasonably available for counsel, and Magten should be required to pay fees and costs incurred by Mr. Hanson and Mr. Kindt in responding to this meritless Motion.

Dated: May 4, 2007                         EDWARDS ANGELL PALMER & DODGE LLP


                                            */s/ Denise Seastone Kraft*
                                            Denise Seastone Kraft (No. 2778)
                                            919 North Market Street
                                            Wilmington, DE 19801
                                            Phone: (302) 425-7106
                                            Fax:    (888) 325-9741

                                                    - and -

                                            Stanley T. Kaleczyc
                                            Kimberly A. Beatty
                                            Browning, Kaleczyc, Berry & Hoven, P.C.
                                            139 North Last Chance Gulch
                                            P.O. Box 1697
                                            Helena, MT 59624

                                            *Counsel to Michael J. Hanson and Ernie J. Kindt*

WLM_508865_1.DOC/DKRAFT