**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| MAGTEN ASSET MANAGEMENT CORP. and LAW DEBENTURE TRUST COMPANY OF NEW YORK, | ) ) ) ) | Civil Action No. 04-1494-JJF |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | |
| NORTHWESTERN CORPORATION, | ) ) ) | |
| Defendants. | ) ) ) | |
| MAGTEN ASSET MANAGEMENT CORPORATION, | ) ) ) | Civil Action No. 05-499-JJF |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | |
| MIKE J. HANSON and ERNIE J. KINDT, | ) ) ) | |
| Defendants. | ) ) | |

## DECLARATION OF KIMBERLY A. BEATTY

KIMBERLY A. BEATTY, pursuant to 28 U.S.C. § 1746, declares as follows:

1.      I am an attorney and a shareholder of the firm Browning, Kaleczyc Betty & Hoven, P.C., counsel to Michael J. Hanson and Ernie J. Kindt in connection with Civil Action No. 05-499-JJF referenced above.  I submit this declaration (the "Beatty Declaration") in support of the Opposition of Defendants Hanson and Kindt to Magten's Motion for Protective Order with Respect to the Deposition of Talton R. Embry ("Magten's Motion for Protective Order").

2.      Attached hereto as Exhibit 1 is a true and correct copy of a letter dated April 19, 2007 from Counsel for Michael Hanson and Ernie Kindt to counsel for Magten Asset Management.

3.      Attached hereto as Exhibit 2 is a true and correct copy of a letter dated April 20, 2007 from Counsel for Michael Hanson and Ernie Kindt to counsel for Magten Asset Management.

4.      Attached hereto as Exhibit 3 is a true and correct copy of a letter dated April 23, 2007 from Counsel for Michael Hanson and Ernie Kindt to counsel for Magten Asset Management.

5.      Attached hereto as Exhibit 4 is a true and correct copy of a letter dated April 26, 2007 from Counsel for Magten Asset Management to Counsel for Michael Hanson and Ernie Kindt.

6.      Attached hereto as Exhibit 5 is a true and correct copy of a letter dated April 30, 2007 from Counsel for Michael Hanson and Ernie Kindt to counsel for Magten Asset Management.

7.      Attached hereto as Exhibit 6 is a true and correct copy of an email dated April 18, 2007 from for Magten Asset Management to counsel for NorthWestern Corporation.

I declare under the penalty of perjury that the foregoing is true and correct

Dated: May 4, 2007

By _____
Kimberly A. Beatty

- 2 -

WLM_508865_1.DOC/DKRAFT

# Exhibit 1



G. ANDREW ADAMEK
CHAD E. ADAMS
DANIEL J. AUERBACH
KIMBERLY A. BEATTY
SARA S. BERG
LEO BERRY
BRAND G. BOYAR
MARK D. ETCHART
OLIVER H. GOE
ADAM GRACZULE
J. DANIEL HOVEN
JASON B. JEWETT

STANLEY T. KALECZYC
KATE G. KINTLI
MATTHEW KUNTZ
CATHERINE A. LAUGHNER
DAVID M. McLEAN
MARK R. TAYLOR
W. JOHN TIETZ
TREVOR L. UFFELMAN
CHAD R. VANISKO
STEVEN T. WADE
LEO J. WARD
RYAN C. WILLMORE

ED BARTLETT, Of Counsel
R. STEPHEN BROWNING, Retired

Mailing Address
POST OFFICE BOX 1697
HELENA, MONTANA 59624
TELEPHONE (406) 443-6820
bkbh@bkbh.com

Street Address
139 NORTH LAST CHANCE GULCH
HELENA, MONTANA 59601
TELEFAX (406) 443-6863
www.bkbh.com

April 19, 2007

Bonnie Steingart, Esq.
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004-1980

*Via Email and First Class Mail*

     RE:    Magten vs. Hanson and Kindt, et al.

Dear Bonnie:

     This is in response to your letter of yesterday, April 18, 2007, concerning the scheduling of the deposition of Mr. Embry.

     As you know from our prior correspondence and communications, we have been attempting for some time to schedule Mr. Embry's deposition, to no avail. As stated in our email of April 11, 2007 to your co-counsel, Mr. Brewer, (a copy of which was also sent to you), we first suggested April 24 for Mr. Embry's deposition. We were told that he was not available on that specific date – we were not told that he was unavailable the previous day, April 23 or that he would not be available at any time during the week of April 23. We then suggested May 1 for his deposition and that date was also rejected by you. We most recently had suggested May 3 when it appeared that the parties were willing to informally extend the discovery schedule passed the May 2 cut-off of fact discovery. That date was also rejected. You have also stated that you intend to go forward with Mr. Hylland's deposition which you unilaterally scheduled for May 2, so that date is also unavailable. And, until yesterday, April 30 was also unavailable because you had unilaterally scheduled Mr. Fresia's deposition for that date.

     In light of the difficulties in scheduling Mr. Embry's deposition, we had no choice but to notice his deposition for April 23 as the only available date before fact discovery closes. We understand that the global mediation which was scheduled for April 23 (which we assume Mr. Embry was going to attend) has now been cancelled. We thus assume that this date is now available for his deposition.

     We further understand that Mr. Brewer is contacting various third parties whose depositions Magten might desire to take before the close of discovery. We also understand that Mr. Brewer will be communicating with all counsel concerning the date(s) for such depositions. (We have also just been informed by Mr. Brewer that Mr. Drook's deposition will go forward on

EXHIBIT
1



Bonnie Steingart, Esq.
RE: Magten vs. Hanson and Kindt, et al.
April 19, 2007
Page 2

April 25 in Chicago.) When we have received the proposed revised schedule of these
depositions from Mr. Brewer or you, we can explore whether there is any date other than April
23 which is available for Mr. Embry's deposition before discovery closes. However, given the
representations in your letter of yesterday that Mr. Embry is not available at any time during the
week of April 23 or any day during the week of April 30 prior to the close of discovery, it is
clear that Mr. Embry will have to make some concessions in his own schedule to make himself
available prior to the close of discovery on a date you have not already otherwise scheduled
depositions in this matter.

Finally, while you have suggested dates after the close of discovery, as we have
repeatedly advised you, even if the parties agreed to a brief extension of the discovery deadline, I
am currently not available the week of May 7, May 14 or May 21 because of a previously
scheduled trial and other commitments which were planned with Judge Farnan's Order closing
discovery on May 2 in mind.

As noted above, when we receive the communication concerning dates from Mr. Brewer
which your firm has committed to providing today, we can discuss an alternative date for Mr.
Embry's deposition prior to May 2.

Sincerely,

BROWNING, KALECZYC, BERRY & HOVEN, P.C.

By _____

Stanley T. Kaleczyc
Kimberly A. Beatty

cc:    Gary L. Kaplan, Esq.
       John W. Brewer, Esq.
       Bijan Amini, Esq.
       Jesse H. Austin, III, Esq.
       Victoria W. Counihan, Esq.
       Karol K. Denniston, Esq.
       Dennis E. Glazer, Esq.
       David A. Jenkins, Esq.
       Paul Spagnoletti, Esq.
       Adam G. Landis, Esq.
       Dennis A. Meloro, Esq.
       Curtis S. Miller, Esq.
       Kathleen M. Miller, Esq.
       John V. Snellings, Esq.
       Joseph D. Pizzurro, Esq.
       Denise Seastone Kraft, Esq.

266883/1674.044

# Exhibit 2



| | | |
|---|---|---|
| G. ANDREW ADAMEK | | STANLEY T. KALECZYC |
| CHAD E. ADAMS | | KATE G. KEITH |
| DANIEL J. AUERBACH | | MATTHEW KUNTZ |
| KIMBERLY A. BEATTY | | CATHERINE A. LAUGHNER |
| SARA S. BERG | | DAVID M. MCLEAN |
| LEO BERRY | | MARK R. TAYLOR |
| BRAND G. BOYAR | | W. JOHN TIETZ |
| MARK D. ETCHART | | TREVON L. UFFELMAN |
| OLIVER H. GOE | | CHAD R. VANISKO |
| AIMEE GRMOLJEZ | | STEVEN F. WADE |
| J. DANIEL HOVEN | | LEO S. WARD |
| JASON B. JEWETT | | RYAN C. WILLMORE |
| | | ED BARTLETT: Of Counsel |
| | | R. STEPHEN BROWNING: Retired |

## BROWNING, KALECZYC, BERRY AND HOVEN, P.C.
### ATTORNEYS AT LAW

**Mailing Address**
POST OFFICE BOX 1697
HELENA, MONTANA 59624
TELEPHONE (406) 443-6820
bkbh@bkbh.com

**Street Address**
139 NORTH LAST CHANCE GULCH
HELENA, MONTANA 59601
TELEFAX (406) 443-6883
www.bkbh.com

April 20, 2007

Bonnie Steingart, Esq.
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY 1004-1980

RE:     Magten vs. Hanson and Kindt, et al.

Dear Bonnie:

This letter is to address the continuing difficulties scheduling Talton Embry's deposition. We have repeatedly requested we be permitted to depose Mr. Embry prior to the May 2 close of discovery deadline. You have repeatedly refused to make him available prior to May 2. Instead, you have offered to make him available on only May 4 or sometime during the week of May 7. As we have also told you, due to other trial scheduling conflicts, we are not available the week of May 7. As a result, since you refuse to be otherwise cooperative, we will agree to amend our notice of deposition and will agree to depose Mr. Embry on May 4. The time and location of Mr. Embry's deposition shall be as set forth in the original notice of deposition. Please advise whether you will require us to issue a formal amended notice of deposition or whether this letter will suffice. Please be advised, however, that despite our acquiescence to deposing Mr. Embry on May 4 after the close of discovery solely to accommodate Mr. Embry's schedule, we are not waiving any rights we may have pursuant to any court orders or the federal rules of civil procedure.

Sincerely,

BROWNING, KALECZYC, BERRY & HOVEN, P.C.

By _____
Stanley T. Kaleczyc
Kimberly A. Beatty

**EXHIBIT 9**

 LEGAL & ACCOUNTING
NETWORK WORLDWIDE

267173/1674.044

Bonnie Steingart, Esq.
RE: Magten vs. Hanson and Kindt, et al.
April 20, 2007
Page 2

cc:     Gary L. Kaplan, Esq.
        John W. Brewer, Esq.
        Bijan Amini, Esq.
        Victoria W. Counihan, Esq.
        Dennis E. Glazer, Esq.
        David A. Jenkins, Esq.
        Paul Spagnoletti, Esq.
        Adam G. Landis, Esq.
        Dennis A. Meloro, Esq.
        Curtis S. Miller, Esq.
        Kathleen M. Miller, Esq.
        John V. Snellings, Esq.
        Joseph D. Pizzurro, Esq.
        Denise Seastone Kraft, Esq.

# Exhibit 3



BROWNING, KALECZYC,
BERRY AND HOVEN, P.C.
A T T O R N E Y S   A T   L A W

G. ANDREW ADAMEK
CHAD E. ADAMS
DANIEL J. AUERBACH
KIMBERLY A. BEATTY
SARA S. BERG
LEO BERRY
BRAND G. BOYAR
MARK D. ETCHART
OLIVER H. GOE
AIMEE GRMOLYEZ
J. DANIEL HOVEN
JASON B. JEWETT

STANLEY T. KALECZYC
KATE G. KENTU
MATTHEW KUNTZ
CATHERINE A. LAUGHNER
DAVID M. MCLEAN
MARK R. TAYLOR
W. JOHN TIETZ
TREVOR L. UFFELMAN
CHAD R. VANISKO
STEVEN T. WADE
LEO S. WARD
RYAN C. WILLMORE

ED BARTLETT: Of Counsel
R. STEPHEN BROWNING: Retired

Mailing Address
POST OFFICE BOX 1697
HELENA, MONTANA 59624
TELEPHONE (406) 443-6820
bkbh@bkbh.com

Street Address
139 NORTH LAST CHANCE GULCH
HELENA, MONTANA 59601
TELEFAX (406) 443-6883
www.bkbh.com

April 23, 2007

Bonnie Steingart
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY 1004-1980

*Via E-Mail and First Class Mail*

    RE:   <u>Magten v. Hanson and Kindt, et al.</u>

Dear Bonnie:

    We write today following the filing of your Motion for Protective Order concerning Talton Embry's deposition. We were surprised to receive your Motion for Protective Order an hour after we sent you our letter agreeing to depose Mr. Embry on the only date you made him available to us, May 4. Because you had received copies of all prior correspondence, and because your Motion for Protective Order was filed after you received our letter and you have not yet withdrawn your Motion for Protective Order, we are left to presume that you have rescinded your prior offer to make Mr. Embry available on May 4 and have effectively cancelled his deposition. (In reviewing the correspondence we sent to you on April 19 and 20, it has come to our attention that we inadvertently omitted Dale Dubé from service of those letters. Therefore, we will forward copies of these prior letters to her together with a copy of this letter.)

    Please confirm your intentions with respect to his deposition on or before **5:00 pm EDT tomorrow, Tuesday, April 24, 2007**. If we do not hear from you by this time, we will presume you will not make Mr. Embry available on May 4 and that you will require the Court to resolve these scheduling issues along with all other discovery matters raised in the various parties' pending motions. In such event, we will respond to your Motion for Protective Order in due



EXHIBIT 3



msi LEGAL & ACCOUNTING NETWORK 267631/1674 044

Browning, Kaleczyc, Berry & Hoven, P.C. is a member of MSI, a network of Independent Professional Firms

Bonnie Steingart
RE: Magten v. Hanson and Kindt, et al.
April 23, 2007
Page 2

course pursuant to the time permitted by the Federal Rules of Civil Procedure and by the local
Delaware rules.

Sincerely,

BROWNING, KALECZYC, BERRY & HOVEN, P.C.

By

Stanley T. Kaleczyc
Kimberly A. Beatty

cc:    Gary L. Kaplan, Esq.
       John W. Brewer, Esq.
       Dale Dubé, Esq.
       Bijan Amini, Esq.
       David A. Jenkins, Esq.
       John V. Snellings, Esq.
       Kathleen M. Miller, Esq.
       Joseph D. Pizzurro, Esq.
       Nancy Delaney, Esq.
       Victoria W. Counihan, Esq.
       Dennis A. Meloro, Esq.
       Paul Spagnoletti, Esq.
       Curtis S. Miller, Esq.
       Denise Seastone Kraft, Esq.

# Exhibit 4

**Fried, Frank, Harris, Shriver & Jacobson LLP**

One New York Plaza
New York, New York 10004-1980
Tel: +1.212.859.8000
Fax: +1.212.859.4000
www.friedfrank.com



Direct Line:  212.859.8004
Fax:  212.859.4000
steinbo@ffhsj.com

April 26, 2007

### VIA EMAIL

Stanley T. Kaleczyc
Kimberly A. Beatty
Browning, Kaleczyc, Berry & Hoven P.C.
139 North Last Chance Gulch
Helena, MT 59601

**Re: Deposition of Talton R. Embry**

Dear Stan and Kim:

I am responding to your letter of April 23 regarding Mr. Embry's deposition. I apologize for the delay in response, due to the press of other business. I do think that especially given other developments, including the defendants' motion for protective order filed late in the day on April 19 with respect to our depositions of the individual defendants and witnesses associated with NorthWestern, it makes sense for both motions for protective orders regarding party depositions to proceed until resolved by the Court or Special Master or mooted by a satisfactory agreement among the parties. Your letter of April 20, taking a different position than your prior letter of April 19, was not received until our motion papers had been finalized and were in the process of being filed. I do appreciate your recognition of your initial oversight in failing to copy our co-counsel Ms. Dube on your letters of the 19th and 20th. Especially on time-sensitive matters, it probably makes sense for everyone to be certain to copy Delaware counsel on relevant correspondence going forward.

Sincerely,

Bonnie Steingart

cc:    Gary Kaplan
       John W. Brewer
       Dale Dube
       John Snellings
       Kathleen Miller

New York • Washington DC • London • Paris • Frankfurt
Fried, Frank, Harris, Shriver & Jacobson LLP is a Delaware Limited Liability Partnership

**EXHIBIT**

**4**

Fried, Frank, Harris, Shriver & Jacobson LLP

Joseph Pizzurro
Nancy Delaney
Jennifer A. Bagnato
Victoria Counihan
Denise Seastone Kraft

# Exhibit 5



G. ANDREW ADAMEK
CHAD F. ADAMS
DANIEL J. AUERBACH
KIMBERLY A. BEATTY
SARA Y. BERG
LEO BERRY
BRAND G. BOYAR
MARK D. ETCHART
OLIVER H. GOE
AIMEE GRMOLJEZ
J. DANIEL HOVEN
JASON H. JEWETT

BROWNING, KALECZYC,
BERRY AND HOVEN, P.C.
ATTORNEYS AT LAW

STANLEY T. KALECZYC
KATE G. KINTLI
MATTHEW KUNTZ
CATHERINE A. LAUGHNER
DAVID M. McLEAN
MARK R. TAYLOR
W. JOHN TIETZ
TREVOR L. UFFELMAN
CHAD R. VANISKO
STEVEN T. WADE
LEO S. WARD
RYAN C. WILLMORE

ED BARTLETT: Of Counsel
R. STEPHEN BROWNING: Retired

**Mailing Address**
POST OFFICE BOX 1697
HELENA, MONTANA 59624
TELEPHONE (406) 443-6820
bkbh@bkbh.com

**Street Address**
139 NORTH LAST CHANCE GULCH
HELENA, MONTANA 59601
TELEFAX (406) 443-6883
www.bkbh.com

April 30, 2007

Bonnie Steingart
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY 1004-1980

*Via Email and First Class Mail*

    RE:    <u>Magten v. Hanson and Kindt, et al.</u>

Dear Bonnie:

    We write in response to your April 26 letter concerning the deposition of Talton Embry. We want to be clear as to the status of this deposition. Contrary to the statements and implications contained in your most recent letter, you did indeed have our April 20 letter, in which we agreed to depose Mr. Embry on the only date you were willing to make him available, prior to your filing of your motion for protective order. Thus, we acquiesced to your demands and deposition schedule prior to the filing of your motion. Further, in our April 19 letter, we told you that we would respond to your offer to make Mr. Embry available on May 4 after we heard from John Brewer about the other depositions he had already scheduled for the week of April 30 through May 4. We did not hear from Mr. Brewer until late in the day on April 19; therefore, our April 20 letter was timely, should have been expected by you, and in fact was received by you prior to your filing of the protective order.

    We will no longer be traveling to New York to take Mr. Embry's deposition on May 4. Rather, we will forego taking his deposition at this time to allow the Court to resolve the motions for protective order as you suggested in your April 26 letter. However, nothing contained in this letter or in our prior correspondence should be deemed a waiver by our clients of any of their





**msi** LEGAL & ACCOUNTING
NETWORK WITH TRUST

269059/1674 044

Browning, Kaleczyc, Berry & Hoven, P.C. is a member of MSI, a network of Independent Professional Firms

Bonnie Steingart
RE: Magten v. Hanson and Kindt, et al.
April 30, 2007
Page 2

rights with respect to the underlying issues in Magten's complaint or their Answer, any pending motions, or their right to conduct discovery.

Sincerely,

BROWNING, KALECZYC, BERRY & HOVEN, P.C.

By _____
Stanley T. Kaleczyc
Kimberly A. Beatty

cc:    Gary Kaplan, Esq.
       John W. Brewer, Esq.
       Dale Dubé, Esq.
       Bijan Amini, Esq.
       David A. Jenkins, Esq.
       John V. Snellings, Esq.
       Kathleen M. Miller, Esq.
       Joseph D. Pizzurro, Esq.
       Nancy Delaney, Esq.
       Victoria W. Counihan, Esq.
       Dennis A. Meloro, Esq.
       Paul Spagnoletti, Esq.
       Curtis S. Miller, Esq.
       Denise Seastone Kraft, Esq.

# Exhibit 6

-----Original Message-----
From: Steingart, Bonnie [mailto:SteinBo@friedfrank.com]
Sent: Wednesday, April 18, 2007 4:56 PM
To: Pizzurro, Joseph D.
Subject: RE: Update re Friesa Deposition

I do not want to leave you with a misimpression about the depositions.
While we could agree to try to put off the depositions until the court
may decide on the claims of privilege, it is important to complete the
deposition of Mr. Hanson as soon as possible. Mr. Hanson must be
produced by Northwestern regardless of his testimony as a party to the
other lawsuit. So to the extent that Mr. Hanson is not deposed on either
April 26 or April 27, his deposition must be scheduled within the time
remaining for fact discovery or within some modest extension thereof to
accommodate his schedule. If you or his other counsel agree to a
reasonable schedule, we are willing to withdraw the notices served on
Messrs. Hanson and Kindt. If you are unable to suggest such a schedule,
I guess you have no choice but to move for a protective order. As to
the third parties, John Brewer will get back to you about that schedule
tomorrow. We are trying to contact them to see if some movement of
dates is possible so that we can use all available documents with them.


-----Original Message-----
From: Pizzurro, Joseph D. [mailto:jpizzurro@cm-p.com]
Sent: Wednesday, April 18, 2007 3:46 PM
To: Brewer, John W.; Steingart, Bonnie; Delaney, Nancy E.; John V.
Snellings Esq. (E-mail); Kaplan, Gary; Nadritch, Jordanna
Cc: Stanley T. Kaleczyc Esq. (E-mail); Kimberly A. Beatty Esq. (E-mail);
Bagnato, Jennifer A.
Subject: RE: Update re Friesa Deposition

John,
With all the changes could you let us all know what depositions are
still scheduled to go forward and on what dates. Thanks

Joseph D.Pizzurro

EXHIBIT
6

Curtis, Mallet-Prevost, Colt & Mosle LLP
101 Park Avenue
New York, NY 10178
Tel:  212 696 6196
Fax: 212 697 1559
Email: jpizzurro@cm-p.com

-----Original Message-----
From: Brewer, John W. [mailto:BreweJo@friedfrank.com]
Sent: Wednesday, April 18, 2007 3:27 PM
To: Steingart, Bonnie; Delaney, Nancy E.; John V. Snellings Esq.
(E-mail); Kaplan, Gary; Nadritch, Jordanna
Cc: Stanley T. Kaleczyc Esq. (E-mail); Kimberly A. Beatty Esq. (E-mail);
Pizzurro, Joseph D.; Bagnato, Jennifer A.
Subject: Update re Friesa Deposition

Dear Counsel:

You will recall that in a series of emails last week I advised
you that the originally-noticed May 1 date for Rick Fresia had become
problematic and then (following a series of communications with Mr.
Fresia's counsel) that April 30 was a firm date for Mr. Fresia's
deposition.  Unfortunately, subsequent developments have made the April
30 date problematic as well.  In particular, we have been advised that
Mr. Fresia is now dealing with a family crisis involving the suddenly
declining health of an elderly parent.  He has apparently had to leave
Denver for a to-be-determined length of time to attend to the situation
and try to arrange for long-term care and the like, necessitating
cancellation of previously-scheduled business travel and other items on
his calendar.  Per my last conversation with his lawyer, it is not
possible at this time to confirm a specific alternative date due to the
circumstances.  I have asked Mr. Fresia's lawyer to keep me updated and
will keep the rest of you updated as well.

JWB

-----Original Message-----
From: Brewer, John W.
Sent: Wednesday, April 11, 2007 5:10 PM
To: Steingart, Bonnie; 'Delaney, Nancy E.'; 'John V. Snellings Esq.
(E-mail)'; Kaplan, Gary
Cc: 'Stanley T. Kaleczyc Esq. (E-mail)'; 'Kimberly A. Beatty Esq.
(E-mail)'; 'Pizzurro, Joseph D.'; 'Bagnato, Jennifer A.'
Subject: Schedule Update

I wanted to let everyone know that further to point 3 in Bonnie's email
of yesterday evening we have now confirmed April 30 as a firm date for
Mr. Friesa with his counsel.

Confidentiality Notice: The information contained in this e-mail and any
attachments may be legally privileged and confidential. If you are not
an intended recipient, you are hereby notified that any dissemination,
distribution or copying of this e-mail is strictly prohibited. If you

have received this e-mail in error, please notify the sender and
permanently delete the e-mail and any attachments immediately. You
should not retain, copy or use this e-mail or any  attachment for any
purpose, nor disclose all or any part of the contents to any other
person. Thank you .

ANY STATEMENTS REGARDING FEDERAL TAX LAW CONTAINED HEREIN ARE NOT
INTENDED OR WRITTEN TO BE USED, AND CANNOT BE USED, FOR THE PURPOSES OF
AVOIDING PENALTIES THAT MAY BE IMPOSED UNDER FEDERAL TAX LAW OR TO
MARKET ANY ENTITY, INVESTMENT PLAN OR ARRANGEMENT.

This e-mail, including any attachments, may contain information that is
protected by law as privileged and confidential, and is transmitted for
the sole use of the intended recipient.  If you are not the intended
recipient, you are hereby notified that any use, dissemination, copying
or retention of this e-mail or the information contained herein is
strictly prohibited.  If you have received this e-mail in error, please
immediately notify the sender by telephone or reply e-mail, and
permanently delete this e-mail from your computer system.  Your privacy
is very important to our firm.  Therefore, if this message contains
unsolicited commercial content, you may forward this e-mail to
unsubscribe@cm-p.com or click here (www.cm-p.com/unsubscribe.htm) if you
do not want to receive further messages of this nature.  Thank you.

Curtis, Mallet-Prevost, Colt & Mosle LLP (101 Park Avenue, New York, NY
10178)

Confidentiality Notice: The information contained in this e-mail and any
attachments may be legally privileged and confidential. If you are not an
intended recipient, you are hereby notified that any dissemination,
distribution or copying of this e-mail is strictly prohibited. If you have
received this e-mail in error, please notify the sender and permanently
delete the e-mail and any attachments immediately. You should not retain,
copy or use this e-mail or any  attachment for any purpose, nor disclose all
or any part of the contents to any other person. Thank you .

ANY STATEMENTS REGARDING FEDERAL TAX LAW CONTAINED HEREIN ARE NOT
INTENDED OR WRITTEN TO BE USED, AND CANNOT BE USED, FOR THE PURPOSES
OF AVOIDING PENALTIES THAT MAY BE IMPOSED UNDER FEDERAL TAX LAW
OR TO MARKET ANY ENTITY, INVESTMENT PLAN OR ARRANGEMENT.

This e-mail, including any attachments, may contain information that is
protected by law as privileged and confidential, and is transmitted for
the sole use of the intended recipient.  If you are not the intended
recipient, you are hereby notified that any use, dissemination, copying
or retention of this e-mail or the information contained herein is
strictly prohibited.  If you have received this e-mail in error, please
immediately notify the sender by telephone or reply e-mail, and
permanently delete this e-mail from your computer system.  Your privacy
is very important to our firm.  Therefore, if this message contains
unsolicited commercial content, you may forward this e-mail to
unsubscribe@cm-p.com or click here (www.cm-p.com/unsubscribe.htm) if
you do not want to receive further messages of this nature.  Thank you.

Curtis, Mallet-Prevost, Colt & Mosle LLP (101 Park Avenue, New York, NY 10178)

**CC:**          "Delaney, Nancy E." <ndelaney@cm-p.com>