# EXHIBIT 35

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SECURITIES AND EXCHANGE
COMMISSION,

       Plaintiff,

v.

MERLE D. LEWIS,

       Defendant.

**Civil Action Number:**

**FINAL JUDGMENT AS
TO DEFENDANT
MERLE D. LEWIS**

The Securities and Exchange Commission having filed a Complaint and Defendant

Merle D. Lewis ("Defendant") having entered a general appearance; consented to the Court's

jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final

Judgment without admitting or denying the allegations of the Complaint (except as to

jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal

from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and

Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)], by using any means or instruments of transportation or communication in interstate commerce or by using the mails, directly or indirectly:

      (a)     to employ any device, scheme, or artifice to defraud, or

      (b)     to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

      (c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

      (a)     to employ any device, scheme, or artifice to defraud;

2

(b)   to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)   to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Rule 13b2-2 under the Exchange Act [17 C.F.R. § 240.13b2-2] by directly or indirectly making or causing to be made materially false or misleading statements, or omitting to state or causing other persons to omit to state material facts necessary in order to make statements made, in light of the circumstances under which such statements are made, not misleading to an accountant in connection with: (1) an audit or examination of the financial statements of an issuer required to be made pursuant to the Exchange Act; or (2) the preparation or filing of any document or report required to be filed with the Commission pursuant to the Exchange Act or otherwise.

### IV.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section

3

13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] and Rule 13b2-1 promulgated thereunder [17 C.F.R. § 240.13b2-1] by:

    (a)    falsifying or causing to be falsified any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act; or

    (b)    knowingly circumventing or knowingly failing to implement a system of internal accounting controls.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violations of Sections 13(a), 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(a), 78m(b)(2)(A) and 78m(b)(2)(B)] and Rules 12b-20, 13a-11 and 13a-13 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-11 and 240.13a-13], by knowingly providing substantial assistance to an issuer that:

    (a)    fails to file with the Commission any report or statement required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act and the rules and regulations promulgated thereunder, or information and documents required by the Commission to keep reasonably current the information and documents required to be included in or filed with an application or registration statement filed pursuant to Section 12 of the Exchange Act;

4

(b)    fails, in addition to the information expressly required to be included in a statement or report, to add such further material information as is necessary to make the required statements, in the light of the circumstances under which they were made not misleading;

(c)    fails to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of assets of the issuer; and

(d)    fails to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that: transactions are executed in accordance with management's general or specific authorization; transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and to maintain accountability for assets; access to assets is permitted only in accordance with management's general or specific authorization; and the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $150,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)]. Defendant shall make this payment within ten (10) business days after entry of this Final Judgment by certified

5

check, bank cashier's check, or United States postal money order payable to the Securities and
Exchange Commission. The payment shall be delivered or mailed to the Office of Financial
Management, Securities and Exchange Commission, Operations Center, 6432 General Green
Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter
identifying Merle D. Lewis as a defendant in this action; setting forth the title and civil action
number of this action and the name of this Court; and specifying that payment is made pursuant
to this Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts
pursuant to 28 USC § 1961.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section
21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant is prohibited for five years
following the date of entry of this Final Judgment, from acting as an officer or director of any
issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15
U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15
U.S.C. § 78o(d)].

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is
incorporated herein with the same force and effect as if fully set forth herein, and that Defendant
shall comply with all of the undertakings and agreements set forth therein.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain
jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

6

X.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____, _____

_____
UNITED STATES DISTRICT JUDGE

# EXHIBIT 36

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v. .

.RICHARD R. HYLLAND,

    Defendant.

Civil Action Number:

FINAL JUDGMENT AS
TO DEFENDANT
RICHARD R. HYLLAND

The Securities and Exchange Commission having filed a Complaint and Defendant

Richard R. Hylland ("Defendant") having entered a general appearance; consented to the Court's

jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final

Judgment without admitting or denying the allegations of the Complaint (except as to

jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal

from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and

Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], by using any means or instruments of transportation or communication in interstate commerce or by using the mails, directly or indirectly:

(a)  to employ any device, scheme, or artifice to defraud, or

(b)  to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)  to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)  to employ any device, scheme, or artifice to defraud;

2

(b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## III.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] and Rule 13b2-1 promulgated thereunder [17 C.F.R. § 240.13b2-1] by:

(a)    falsifying or causing to be falsified any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act; or

(b)    knowingly circumventing or knowingly failing to implement a system of internal accounting controls.

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violations of Sections 13(a), 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(a),

3

78m(b)(2)(A) and 78m(b)(2)(B)] and Rules 12b-20, 13a-11 and 13a-13 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-11 and 240.13a-13], by knowingly providing substantial assistance to an issuer that:

    (a)    fails to file with the Commission any report or statement required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act and the rules and regulations promulgated thereunder, or information and documents required by the Commission to keep reasonably current the information and documents required to be included in or filed with an application or registration statement filed pursuant to Section 12 of the Exchange Act;

    (b)    fails, in addition to the information expressly required to be included in a statement or report, to add such further material information as is necessary to make the required statements, in the light of the circumstances under which they were made not misleading;

    (c)    fails to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of assets of the issuer; and

    (d)    fails to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that: transactions are executed in accordance with management's general or specific authorization; transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and to maintain accountability for assets; access to

assets is permitted only in accordance with management's general or specific authorization; and the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $150,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)]. Defendant shall make this payment within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Richard R. Hylland as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant is prohibited for five years following the date of entry of this Final Judgment, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15

5

U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

### VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

### VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

### IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____, _____

_____

**UNITED STATES DISTRICT JUDGE**

6

# EXHIBIT 37

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>     Plaintiff,<br><br>v.<br><br>KURT D. WHITESEL,<br><br>     Defendant. | **Civil Action Number:**<br><br>**FINAL JUDGMENT AS TO DEFENDANT KURT D. WHITESEL** |

The Securities and Exchange Commission having filed a Complaint and Defendant

Kurt D. Whitesel ("Defendant") having entered a general appearance; consented to the Court's

jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final

Judgment without admitting or denying the allegations of the Complaint (except as to

jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal

from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and

Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)], by using any means or instruments of transportation or communication in interstate commerce or by using the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud, or

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

2

(b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Rule 13b2-2 under the Exchange Act [17 C.F.R. § 240.13b2-2] by directly or indirectly making or causing to be made materially false or misleading statements, or omitting to state or causing other persons to omit to state material facts necessary in order to make statements made, in light of the circumstances under which such statements are made, not misleading to an accountant in connection with: (1) an audit or examination of the financial statements of an issuer required to be made pursuant to the Exchange Act; or (2) the preparation or filing of any document or report required to be filed with the Commission pursuant to the Exchange Act or otherwise.

IV.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section

3

13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] and Rule 13b2-1 promulgated thereunder [17 C.F.R. § 240.13b2-1] by:

    (a)    falsifying or causing to be falsified any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act; or

    (b)    knowingly circumventing or knowingly failing to implement a system of internal accounting controls.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violations of Sections 13(a), 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(a), 78m(b)(2)(A) and 78m(b)(2)(B)] and Rules 12b-20, 13a-11 and 13a-13 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-11 and 240.13a-13], by knowingly providing substantial assistance to an issuer that:

    (a)    fails to file with the Commission any report or statement required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act and the rules and regulations promulgated thereunder, or information and documents required by the Commission to keep reasonably current the information and documents required to be included in or filed with an application or registration statement filed pursuant to Section 12 of the Exchange Act;

4

(b)    fails, in addition to the information expressly required to be included in a
statement or report, to add such further material information as is necessary to
make the required statements, in the light of the circumstances under which they
were made not misleading;

(c)    fails to make and keep books, records, and accounts, which, in reasonable detail,
accurately and fairly reflect the transactions and dispositions of assets of the
issuer; and

(d)    fails to devise and maintain a system of internal accounting controls
sufficient to provide reasonable assurances that:  transactions are executed
in accordance with management's general or specific authorization; transactions
are recorded as necessary to permit preparation of financial statements in
conformity with generally accepted accounting principles or any other criteria
applicable to such statements, and to maintain accountability for assets; access to
assets is permitted only in accordance with management's general or specific
authorization; and the recorded accountability for assets is compared with the
existing assets at reasonable intervals and appropriate action is taken with respect
to any differences.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a
civil penalty in the amount of $25,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C.
§ 77t(d)] and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)].  Defendant shall make this
payment within three-hundred and sixty (360) days after entry of this Final Judgment by certified

5

check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Kurt D. Whitesel as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant is prohibited for five years following the date of entry of this Final Judgment, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

6

X.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____, _____

_____
UNITED STATES DISTRICT JUDGE

7

# EXHIBIT 38

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SECURITIES AND EXCHANGE
COMMISSION,

     Plaintiff,

v.

KIPP D. ORME,

     Defendant.

**Civil Action Number:**

**FINAL JUDGMENT AS
TO DEFENDANT
KIPP D. ORME**

The Securities and Exchange Commission having filed a Complaint and Defendant

Kipp D. Orme ("Defendant") having entered a general appearance; consented to the Court's

jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final

Judgment without admitting or denying the allegations of the Complaint (except as to

jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal

from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and

Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], by using any means or instruments of transportation or communication in interstate commerce or by using the mails, directly or indirectly:

      (a)     to employ any device, scheme, or artifice to defraud, or

      (b)     to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

      (c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

      (a)     to employ any device, scheme, or artifice to defraud;

2

(b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Rule 13b2-2 under the Exchange Act [17 C.F.R. § 240.13b2-2] by directly or indirectly making or causing to be made materially false or misleading statements, or omitting to state or causing other persons to omit to state material facts necessary in order to make statements made, in light of the circumstances under which such statements are made, not misleading to an accountant in connection with: (1) an audit or examination of the financial statements of an issuer required to be made pursuant to the Exchange Act; or (2) the preparation or filing of any document or report required to be filed with the Commission pursuant to the Exchange Act or otherwise.

### IV.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Rule

3

13b2-1 promulgated under the Exchange Act [17 C.F.R. § 240.13b2-1] by falsifying or causing
to be falsified any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant
and Defendant's agents, servants, employees, attorneys, and all persons in active concert or
participation with them who receive actual notice of this Final Judgment by personal service or
otherwise are permanently restrained and enjoined from aiding and abetting any violations of
Sections 13(a), 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(a),
78m(b)(2)(A) and 78m(b)(2)(B)] and Rules 12b-20, 13a-11 and 13a-13 thereunder [17 C.F.R. §§
240.12b-20, 240.13a-11 and 240.13a-13], by knowingly providing substantial assistance to an
issuer that:

(a)     fails to file with the Commission any report or statement required to be filed with
        the Commission pursuant to Section 13(a) of the Exchange Act and the rules and
        regulations promulgated thereunder, or information and documents required by
        the Commission to keep reasonably current the information and documents
        required to be included in or filed with an application or registration statement
        filed pursuant to Section 12 of the Exchange Act;

(b)     fails, in addition to the information expressly required to be included in a
        statement or report, to add such further material information as is necessary to
        make the required statements, in the light of the circumstances under which they
        were made not misleading;

4

(c)     fails to make and keep books, records, and accounts, which, in reasonable detail,
accurately and fairly reflect the transactions and dispositions of assets of the
issuer; and

(d)     fails to devise and maintain a system of internal accounting controls
sufficient to provide reasonable assurances that: transactions are executed
in accordance with management's general or specific authorization; transactions
are recorded as necessary to permit preparation of financial statements in
conformity with generally accepted accounting principles or any other criteria
applicable to such statements, and to maintain accountability for assets; access to
assets is permitted only in accordance with management's general or specific
authorization; and the recorded accountability for assets is compared with the
existing assets at reasonable intervals and appropriate action is taken with respect
to any differences.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a
civil penalty in the amount of $100,000 pursuant to Section 20(d) of the Securities Act [15
U.S.C. § 77t(d)] and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)]. Defendant shall
make this payment within ten (10) business days after entry of this Final Judgment by certified
check, bank cashier's check, or United States postal money order payable to the Securities and
Exchange Commission. The payment shall be delivered or mailed to the Office of Financial
Management, Securities and Exchange Commission, Operations Center, 6432 General Green
Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter

5

identifying Kipp D. Orme as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

### VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant is prohibited for five years following the date of entry of this Final Judgment, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

### VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

### IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

6

X.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____, _____

_____
UNITED STATES DISTRICT JUDGE

7

# EXHIBIT 39
# REDACTED IN ITS ENTIRETY

# EXHIBIT 40



4/16/2007 NLJ 3, (Col. 3)                                                    Page 1
 4/16/2007 Nat'l L.J. 3, (Col. 3)

                          The National Law Journal
                               Vol. 29, No. 32
              Copyright 2007 by American Lawyer Media, ALM, LLC

                              April 16, 2007

                                In Brief

            JUDICIAL CONFERENCE REJECTS **SELECTIVE WAIVER**

 A FEDERAL JUDICIAL committee has given thumbs down to changes in evidence Rule 502
that would have allowed partial waivers of attorney-client privilege.

 The decision came on April 13 during a meeting of the Judicial Conference Advisory
Committee on Rules of Evidence in San Diego, according to Dan Capra, committee
reporter and Fordham University School of Law professor.

 Companies seeking breaks for cooperating with government investigations have
attempted to use partial waivers of attorney-client privilege to supply results of
internal investigations but limit their use to government investigators.

From ALM staff and wire services

4/16/2007 NLJ 3, (Col. 3)

END OF DOCUMENT

                  Copyright ©  2007 The New York Law Pub. Co.

# EXHIBIT 41

Final Version, Rule 502, April 13, 2007

1    **Rule 502. Attorney-Client Privilege and Work Product; Limitations on Waiver**

2        The following provisions apply, under the circumstances set out, to disclosure of a communication
3    or information protected by an attorney-client privilege or as work product.

4        **(a) Scope of a waiver.** — If the disclosure is made in a federal proceeding or to a federal office
5    or agency and waives the attorney-client privilege or work-product protection, the waiver extends to an
6    undisclosed communication or information in any federal or state proceeding only if
7            (1) the waiver is intentional;
8            (2) the disclosed and undisclosed communication or information concern the same subject
9            matter; and
10           (3) they ought in fairness to be considered together.

11       **(b) Inadvertent disclosure.** — If the disclosure is made in a federal proceeding or to a federal
12    office or agency, the disclosure does not operate as a waiver in a federal or state proceeding if:
13           (1) the disclosure is inadvertent;
14           (2) the holder of the privilege or work-product protection took reasonable steps to prevent
15           disclosure; and
16           (3) the holder took reasonable and prompt steps to rectify the error, including (if
17           applicable) following Fed. R. Civ. P. 26(b)(5)(B).

18       **(c) Controlling effect of court orders.** — A federal court may order that the privilege or work-
19    product protection is not waived by disclosure connected with the litigation pending before the court. The
20    order governs all persons and entities in all federal or state proceedings, whether or not they were parties
21    to the litigation.

22       **(d) Controlling effect of party agreements.** — An agreement on the effect of disclosure is
23    binding on the parties to the agreement, but not on other parties unless it is incorporated into a court order.

24       **(e) Definitions.** — In this rule:
25           1) "attorney-client privilege" means the protection that applicable law provides for
26           confidential attorney-client communications; and
27           2) "work-product protection" means the protection that applicable law provides for
28           tangible material or its intangible equivalent, prepared in anticipation of litigation or for trial.

29       **(f) Federal or state law as the rule of decision.** — Notwithstanding Rule 501, this rule applies
30    even if state law provides the rule of decision.

31       **(g) State proceedings.** — Notwithstanding Rules 101 and 1101, this rule applies to state

1

32    proceedings, under the circumstances set out in the rule.

33    **(h) Disclosures made in a state proceeding.** — When the disclosure is made in a state
34    proceeding,  is not the subject of an order of the state court, and the disclosed communication or
35    information is offered in a federal proceeding, the disclosure is not a waiver if it:

36    (1)  would not be a waiver under this rule if it had been made in a federal proceeding; or

37    (2)  is not a waiver under the law of the state where the disclosure occurred.


38    **Committee Note**

39    This new rule has two major purposes:

40    1) It resolves some longstanding disputes in the courts about the effect of certain
41    disclosures of communications or information protected by the attorney-client privilege or the work
42    product doctrine— specifically those disputes involving inadvertent disclosure and subject matter
43    waiver.

44    2) It responds to the widespread complaint that litigation costs necessary to protect against
45    waiver of attorney-client privilege or work product have become prohibitive due to the concern
46    that any disclosure (however innocent or minimal) will operate as a subject matter waiver of all
47    protected communications or  information. This concern is especially troubling in cases involving
48    electronic discovery. *See, e.g., Rowe Entertainment, Inc. v. William Morris Agency,* 205
49    F.R.D. 421, 425-26 (S.D.N.Y. 2002) (finding that in a case involving the production of e-mail,
50    the cost of pre-production review for privileged and work product  would cost one defendant
51    $120,000 and another defendant $247,000, and that such review would take months). *See also*
52    *Report to the Judicial Conference Standing Committee on Rules of Practice and Procedure*
53    *by the Advisory Committee on the Federal Rules of Civil Procedure,* September 2005 at 27
54    ("The volume of information and the forms in which it is stored make privilege determinations more
55    difficult and privilege review correspondingly more expensive and time-consuming yet less likely
56    to detect all privileged information."); *Hopson v. City of Baltimore,* 232 F.R.D. 228, 244 (D.Md.
57    2005) (electronic discovery may encompass "millions of documents" and  to insist upon "record-
58    by-record pre-production privilege review, on pain of subject matter waiver, would impose upon
59    parties costs of production that bear no proportionality to what is at stake in the litigation") .

60    The rule seeks to provide a predictable, uniform set of standards under which parties can
61    determine the consequences of a disclosure of a communication or information covered  by the

2

62    attorney-client privilege or work product protection. Parties to litigation  need to know, for
63    example, that if they exchange privileged information pursuant to a confidentiality order, the court's
64    order will be enforceable. Moreover, if a federal court's confidentiality order is not enforceable in
65    a state court then the burdensome costs of privilege review and retention are unlikely to be
66    reduced.

67         The Committee is well aware that a privilege rule proposed through the rulemaking process
68    cannot bind state courts, and indeed that a rule of privilege cannot take effect through the ordinary
69    rulemaking process. See 28 U.S.C § 2074(b). It is therefore anticipated that Congress must enact
70    this rule directly, through its authority under the Commerce Clause. Cf. Class Action Fairness Act
71    of 2005, 119 Stat. 4, PL 109-2 (relying on Commerce Clause power to regulate state class
72    actions).

73         The rule makes no attempt to alter federal or state law on whether a communication or
74    information is protected under the attorney-client privilege or work product immunity as an initial
75    matter. Moreover, while establishing some exceptions to waiver, the rule does not purport to
76    supplant applicable waiver doctrine generally.

77         The rule governs only certain waivers by disclosure. Other common-law waiver doctrines
78    may result in a finding of waiver even where there is no disclosure of privileged information or work
79    product. *See, e.g., Nguyen v. Excel Corp.*, 197 F.3d 200 (5th Cir. 1999) (reliance on an advice
80    of counsel defense waives the privilege with respect to attorney-client communications pertinent
81    to that defense); *Ryers v. Burleson*, 100 F.R.D. 436 (D.D.C. 1983) (allegation of lawyer
82    malpractice constituted a waiver of confidential communications under the circumstances). The rule
83    is not intended to displace or modify federal common law concerning waiver of privilege or work
84    product where no disclosure has been made.

85         **Subdivision (a).** The rule provides that a voluntary disclosure in a federal proceeding or
86    to a federal office or agency, if a waiver, generally results in a waiver only of the communication
87    or information disclosed; a subject matter waiver (of either privilege or work product) is reserved
88    for those unusual situations in which fairness requires a further disclosure of related, protected
89    information, in order to protect against a selective and misleading presentation of evidence to the
90    disadvantage of the adversary. *See, e.g., In re von Bulow*,  828 F.2d 94 (2d Cir. 1987)
91    (disclosure of privileged information in a book did not result in unfairness to the adversary in a
92    litigation, therefore a subject matter waiver was not warranted); *In re United Mine Workers of*
93    *America Employee Benefit Plans Litig.*, 159 F.R.D. 307, 312 (D.D.C. 1994)(waiver of work
94    product limited to materials actually disclosed, because the party did not deliberately disclose
95    documents in an attempt to gain a tactical advantage). Thus, subject matter waiver is limited to
96    situations in which a party intentionally puts protected information into the litigation in a selective,
97    misleading and unfair manner. It follows that an inadvertent disclosure of protected information can
98    never result in a subject matter waiver. See Rule 502(b).The rule rejects the result in *In re Sealed*

3

99      *Case,* 877 F.2d 976 (D.C.Cir. 1989), which held that inadvertent disclosure of documents during
100     discovery automatically constituted a subject matter waiver.
101

102         The language concerning subject matter waiver— "ought in fairness"— is taken from Rule
103     106, because the animating principle is the same. A party that makes a selective, misleading
104     presentation that is unfair to the adversary opens itself to a more complete and accurate
105     presentation. *See, e.g., United States v. Branch,* 91 F.3d 699 (5th Cir. 1996) (under Rule 106,
106     completing evidence was not admissible where the party's presentation, while selective, was not
107     misleading or unfair).

108         To assure protection and predictability, the rule provides that if a disclosure is made at the
109     federal level, the federal rule on subject matter waiver governs subsequent state court
110     determinations on the scope of the waiver by that disclosure.


111         **Subdivision (b).** Courts are in conflict over whether an inadvertent disclosure of a
112     communication or information protected as privileged or work product constitutes a waiver. A
113     few courts find that a disclosure must be intentional to be a waiver. Most courts find a waiver only
114     if the disclosing party acted carelessly in disclosing the communication or information and failed to
115     request its return in a timely manner. And a few courts hold that any inadvertent disclosure of a
116     communication or information protected under the attorney-client privilege or as work product
117     constitutes a waiver without regard to the protections taken to avoid such a disclosure. *See*
118     *generally Hopson v. City of Baltimore,* 232 F.R.D. 228 (D.Md. 2005) for a discussion of this
119     case law.

120         The rule opts for the middle ground: inadvertent disclosure of protected communications
121     or information in connection with a federal proceeding or to a federal office or agency does not
122     constitute a waiver if the holder took reasonable steps to prevent disclosure and also took
123     reasonable and prompt steps to rectify the error. This position is in accord with the majority view
124     on whether inadvertent disclosure is a waiver. See, e.g., *Zapata v. IBP, Inc.,* 175 F.R.D. 574,
125     576-77 (D. Kan. 1997) (work product); *Hydraflow, Inc. v. Enidine, Inc.,* 145 F.R.D. 626, 637
126     (W.D.N.Y. 1993) (attorney-client privilege); *Edwards v. Whitaker,* 868 F.Supp. 226, 229 (M.D.
127     Tenn. 1994) (attorney-client privilege). The rule establishes a compromise between two competing
128     premises. On the one hand, a communication or information covered by the attorney-client privilege
129     or work product protection should not be treated lightly. On the other hand, a rule imposing strict
130     liability for an inadvertent disclosure threatens to impose prohibitive costs for privilege review and
131     retention, especially in cases involving electronic discovery.

132         The rule applies to inadvertent disclosures made to a federal office or agency, including
133     but not limited to an agency that is acting in the course of its regulatory, investigative or enforcement

4

134   authority. The consequences of waiver, and the concomitant costs of pre-production privilege
135   review, can be as great with respect to such disclosures as they are in litigation.

136        Cases such as *Lois Sportswear, U.S.A., Inc. v. Levi Strauss & Co.*, 104 F.R.D. 103,
137   105 (S.D.N.Y. 1985) and *Hartford Fire Ins. Co. v. Garvey*, 109 F.R.D. 323, 332 (N.D.Cal.
138   1985), set out a multi-factor test for determining whether inadvertent disclosure is a waiver– the
139   reasonableness of precautions taken, the time taken to rectify the error, the scope of discovery, the
140   extent of disclosure and the overriding issue of fairness. The rule does not explicitly codify that test,
141   because it is really a set of non-determinative guidelines that vary from case to case. The rule is
142   flexible enough to accommodate any of those factors. Other relevant considerations include the
143   number of documents to be reviewed and the time constraints for production. Depending on the
144   circumstances, a holder that uses advanced analytical software applications and linguistic tools may
145   be found to have taken "reasonable steps" to prevent disclosure of protected communications or
146   information. Efficient systems of records management implemented before litigation will also be
147   relevant.

148        The rule does not require the producing party to engage in a post-production review to
149   determine whether any protected communication or information has been produced by mistake.
150   But the rule does require the producing party to follow up on any obvious indications that a
151   protected communication or information has been produced inadvertently.

152
153        The rule is intended to apply in all federal court proceedings, including court-annexed and
154   court-ordered arbitrations.

155        The rule refers to "inadvertent" disclosure, as opposed to using any other term, because
156   the word "inadvertent" is widely used by courts and commentators to cover mistaken or
157   unintentional disclosures of communications or information covered by the attorney-client privilege
158   or the work product protection. *See, e.g., Manual for Complex Litigation Fourth* § 11.44
159   (Federal Judicial Center 2004) (referring to the "consequences of inadvertent waiver"); *Alldread
160   v. City of Grenada*, 988 F.2d 1425, 1434 (5th Cir. 1993) ("There is no consensus, however, as
161   to the effect of inadvertent disclosure of confidential communications.").

162        **Subdivision (c).** Confidentiality orders are becoming increasingly important in limiting the
163   costs of privilege review and retention, especially in cases involving electronic discovery. *See
164   Manual for Complex Litigation Fourth* § 11.446 (Federal Judicial Center 2004) (noting that fear
165   of the consequences of waiver "may add cost and delay to the discovery process for all sides" and
166   that courts have responded by encouraging counsel "to stipulate at the outset of discovery to a
167   'nonwaiver' agreement, which they can adopt as a case-management order."). But the utility of
168   a confidentiality order in reducing discovery costs is substantially diminished if it provides no
169   protection outside the particular litigation in which the order is entered. Parties are unlikely to be
170   able to reduce the costs of pre-production review for privilege and work product if the

5

171      consequence of disclosure is that the communications or information could be used by non-parties
172      to the litigation.

173          There is some dispute on whether a confidentiality order entered in one case can bind non-
174      parties from asserting waiver by disclosure in a separate litigation. *See generally Hopson v. City*
175      *of Baltimore,* 232 F.R.D. 228 (D.Md. 2005) for a discussion of this case law. The rule provides
176      that when a confidentiality order governing the consequences of disclosure in that case is entered
177      in a federal proceeding, its terms are enforceable against non-parties in any federal or state
178      proceeding. For example, the court order may provide for return of documents without waiver
179      irrespective of the care taken by the disclosing party; the rule contemplates enforcement of "claw-
180      back" and "quick peek" arrangements as a way to avoid the excessive costs of pre-production
181      review for privilege and work product. As such, the rule provides a party with a predictable
182      protection that is necessary to allow that party to limit the prohibitive costs of privilege and work
183      product review and retention.

184          Under the rule, a confidentiality order is enforceable whether or not it memorializes an
185      agreement among the parties to the litigation. Party agreement should not be a condition of
186      enforceability of a federal court's order.

187
188          **Subdivision (d).** Subdivision (d) codifies the well-established proposition that parties can
189      enter an agreement to limit the effect of waiver by disclosure between or among them. *See, e.g.,*
190      *Dowd v. Calabrese,* 101 F.R.D. 427, 439 (D.D.C. 1984) (no waiver where the parties stipulated
191      in advance that certain testimony at a deposition "would not be deemed to constitute a waiver of
192      the attorney-client or work product privileges"); *Zubulake v. UBS Warburg LLC,* 216 F.R.D.
193      280, 290 (S.D.N.Y. 2003) (noting that parties may enter into "so-called 'claw-back' agreements
194      that allow the parties to forego privilege review altogether in favor of an agreement to return
195      inadvertently produced privilege documents"). Of course such an agreement can bind only the
196      parties to the agreement. The rule makes clear that if parties want protection in a separate litigation
197      from a finding of waiver by disclosure, the agreement must be made part of a court order.

198          **Subdivision (e).** The rule's coverage is limited to attorney-client privilege and work
199      product. The operation of waiver by disclosure, as applied to other evidentiary privileges, remains
200      a question of federal common law. Nor does the rule purport to apply to the Fifth Amendment
201      privilege against compelled self-incrimination.

202          The definition of work product "materials" is intended to include both tangible and
203      intangible information. *See In re Cendant Corp. Sec. Litig.,* 343 F.3d 658, 662 (3d Cir. 2003)
204      ("It is clear from *Hickman* that work product protection extends to both tangible and intangible
205      work product").

206          **Subdivision (f).** The costs of discovery can be equally high for state and federal causes
207     of action, and the rule seeks to limit those costs in all federal proceedings, regardless of whether
208     the claim arises under state or federal law. Accordingly, the rule applies to state causes of action
209     brought in federal court.

210          **Subdivision (g).** The protections against waiver provided by Rule 502 must be applicable
211     when disclosures of protected communications or information in federal proceedings are
212     subsequently offered in state proceedings. Otherwise the holders of protected communications and
213     information, and their lawyers, could not rely on the protections provided by the Rule, and the goal
214     of limiting costs in discovery would be substantially undermined. Rule 502(g) is intended to resolve
215     any potential tension between the provisions of Rule 502 that apply to state proceedings and the
216     possible limitations on the applicability of the Federal Rules of Evidence otherwise provided by
217     Rules 101 and 1101.

218          **Subdivision (h).** Difficult questions can arise when 1) a disclosure of a communication or
219     information protected by the attorney-client privilege or as work product is made in a state
220     proceeding, 2) the communication or information is offered in a subsequent federal proceeding on
221     the ground that the disclosure waived the privilege or protection, and 3) the state and federal laws
222     are in conflict on the question of waiver. The Committee determined that the proper solution for
223     the federal court is to apply the law that is most protective of privilege and work product. Where
224     the state law is more protective (such as where the state law is that an inadvertent disclosure can
225     never be a waiver), the holder of the privilege or protection may well have relied on that law when
226     making the disclosure in the state proceeding. Moreover, applying a more restrictive federal law
227     of waiver could impair the state objective of preserving the privilege or work-product protection
228     for disclosures  made in state proceedings. On the other hand, where the federal law is more
229     protective, applying the state law of waiver to determine admissibility in federal court is likely to
230     undermine the federal objective of limiting the costs of discovery.

231          The rule does not address the enforceability of a state court confidentiality order in a
232     federal proceeding, as that question is covered both by statutory law and principles of federalism
233     and comity. *See* 28 U.S.C. § 1738 (providing that state judicial proceedings "shall have the same
234     full faith and credit in every court within the United States . . . as they have by law or usage in the
235     courts of such State . . . from which they are taken."). *See also* 6 MOORE'S FEDERAL PRACTICE
236     § 26.106[1] n.5.2 (3d ed. 2006), citing *Tucker v. Ohtsu Tire & Rubber Co.,* 191 F.R.D. 495,
237     499 (D.Md. 2000) (noting that a federal court considering the enforceability of a state
238     confidentiality order is "constrained by principles of comity, courtesy, and . . . federalism"). Thus,
239     a state court order finding no waiver in connection with a disclosure made in a state court
240     proceeding is enforceable under existing law in subsequent federal proceedings.

7

# EXHIBIT 42

## Statutory language on selective waiver, 4/13/2007

( a ) **Selective waiver.** — In a federal [or state] proceeding, the disclosure of a communication or information protected by the attorney client privilege or as work product — when made for any purpose to a federal office or agency in the course of any regulatory, investigative, or enforcement process — does not waive the privilege or work-product protection in favor of any person or entity other than a [the] federal office or agency.

(b) **Rule of construction.** — This rule does not:

> 1) limit or expand a government office or agency's authority to disclose communications or information to other government offices or agencies or as otherwise authorized or required by law; or
>
> 2) limit any protection against waiver provided in any other Act of Congress.

(c) **Definitions**. — In this Act:

> 1) "attorney-client privilege" means the protection that applicable law provides for confidential attorney-client communications; and
>
> 2) "work-product protection" means the protection that applicable law provides for tangible material or its tangible equivalent, prepared in anticipation of litigation or for trial.

## Committee Note on Selective Waiver

Courts are in conflict over whether disclosure of privileged or protected communications or information to a government office or agency conducting an investigation of the client constitutes a general waiver of the communications or information disclosed. Most courts have rejected the concept of "selective waiver," holding that waiver of privileged or protected communications or information to a government office or agency constitutes a waiver for all purposes and to all parties. *See, e.g., Westinghouse Electric Corp. v. Republic of the Philippines,* 951 F.2d 1414 (3d Cir. 1991). Other courts have held that selective waiver is enforceable if the disclosure is made subject to a confidentiality agreement with the government office or agency. *See, e.g., Teachers Insurance & Annuity Association of America v. Shamrock Broadcasting Co.,* 521 F. Supp. 638 (S.D.N.Y. 1981). And a few courts have held that disclosure of privileged or protected communications or information to the government does not constitute a general waiver, so that the privilege or protection remains applicable against other parties. *See, e.g., Diversified Industries, Inc. v. Meredith,* 572 F.2d 596 (8th Cir. 1977).

1

The rule resolves this conflict by providing that disclosure of protected communications or information to a federal office or agency exercising regulatory, investigative or enforcement authority does not constitute a waiver of attorney-client privilege or work product protection as to any person or entity other than a [the] federal public office or agency; that protection of selective waiver applies when the disclosed communication or information is subsequently offered in [either] federal [or state court].

The rule does not purport to affect the disclosure of protected communications or information after receipt by the federal office or agency. The rule does, however, provide protection from waiver in favor of anyone other than federal offices or agencies, regardless of the extent of disclosure of the communications or information by any such office or agency. Even if the communications or information are used in an enforcement proceeding and so become publicly available, the communications or information will continue to be protected as against other persons or entities.

The rule provides that when protected communications or information are disclosed to a "federal office or agency" the disclosure does not operate as a waiver to any person or entity other than a [the] federal office or agency. As such, a disclosure covered by the rule does not operate as a waiver in any congressional investigation or hearing.

The rule is not intended to limit or affect any other Act of Congress that provides for selective waiver protection for disclosures made to government agencies or offices. *See, e.g.,* Financial Services Regulatory Relief Act of 2006, Pub.L.No. 109-351, § 607, 120 Stat. 1966, 1981 (2006).

# EXHIBIT 43

**DOCUMENTS SUBJECT TO NORTHWESTERN RETURN DEMANDS**

| ITEM | BATES RANGE | DATE PRODUCED | DATE RETURN DEMANDED | PRIVILEGE LOG NUMBER | DATE LOGGED | ADMITTEDLY DISCLOSED TO SEC | OTHERWISE NON-PRIVILEGED ON FACE OF LOG? |
|---|---|---|---|---|---|---|---|
| A | NOR053296 - NOR053297 | 1/4/2007 | 4/5/2007 | 436 | 3/23/2007 | Yes | Yes |
| B | NOR066570 - NOR066671 | 1/19/2007 | 4/5/2007 | 26 | 3/23/2007 | | |
| C | NOR075185 - NOR075186 | 1/19/2007 | 4/5/2007 | 26 | 3/23/2007 | | |
| D | NOR086411 - NOR086412 | 1/19/2007 | 4/5/2007 | 28 | 3/23/2007 | | |
| E | NOR086481 - NOR086559 | 1/19/2007 | 4/5/2007 | 31, 27 | 3/23/2007 | | |
| F | NOR131455 | 1/19/2007 | 4/5/2007 | 184 | 3/23/2007 | Yes | |
| G | NOR133865 - NOR133867 | 1/25/2007 | 4/5/2007 | 1381 | 3/23/2007 | | |
| H | NOR142061 | 1/25/2007 | 4/5/2007 | 422 | 3/23/2007 | Yes | Yes |
| I | NOR149263 - NOR149264 | 1/25/2007 | 4/5/2007 | 1381 | 3/23/2007 | | |
| J | NOR171136 - NOR173138 | 1/25/2007 | 4/5/2007 | 1381 | 3/23/2007 | | |
| K | NOR184691 - NOR184694 | 1/25/2007 | 4/5/2007 | 1381 | 3/23/2007 | Yes | |
| L | NOR184838 - NOR184859 | 1/25/2007 | 4/8/2007 | 64 | 3/23/2007 | | |
| M | NOR185818 - NOR185820 | 1/25/2007 | 4/5/2007 | 414 | 3/23/2007 | Yes | |
| N | NOR187057 - NOR187058 | 1/25/2007 | 4/5/2007 | 563 | 3/23/2007 | Yes | |
| O | NOR192884 - NOR192983 | 1/25/2007 | 4/5/2007 | 191 | 3/23/2007 | | |
| P | NOR193851 - NOR193853 | 1/25/2007 | 4/5/2007 | 115 | 3/23/2007 | | |
| Q | NOR240045 - NOR240046 | 1/25/2007 | 4/5/2007 | 1381 | 3/23/2007 | | |
| R | NOR265143 | 2/1/2007 | 4/5/2007 | 1 | 3/23/2007 | Yes | |
| S | NOR275785 | 2/9/2007 | 4/5/2007 | 174 | 3/23/2007 | Yes | |
| T | NOR374782 - NOR374792 | 2/9/2007 | 4/5/2007 | 174 | 3/23/2007 | Yes | |
| U | NOR411358 - NOR411450 | 3/5/2007 | 4/5/2007 | 1490 | 3/23/2007 | Yes | |
| V | NOR441828 - NOR441832 | 3/5/2007 | 4/5/2007 | 32 | 3/23/2007 | | |
| W | NOR453812 | 3/14/2007 | 4/5/2007 | 966,967 | 3/23/2007 | | |
| X | NOR453213 - NOR453215 | 3/14/2007 | 4/5/2007 | 119 | 3/23/2007 | | |
| Y | NOR453221 - NOR453826 | 3/14/2007 | 4/5/2007 | 1381 | 3/23/2007 | | |
| Z | NOR491919 - NOR491120 | 3/14/2007 | 4/5/2007 | 120 | 3/23/2007 | | |
| AA | NOR481063 - NOR481064 | 3/23/2007 | 4/5/2007 | 1455 | 3/23/2007 | | |
| BB | NOR481073 | 3/23/2007 | 4/5/2007 | 493 | 3/23/2007 | | |
| CC | NOR481065 - NOR481066 | 3/23/2007 | 4/5/2007 | 495 | 3/23/2007 | Yes | |
| DD | NOR482791 - NOR482793 | 3/23/2007 | 4/5/2007 | ? | 3/23/2007 | ? | |
| EE | NOR463654 | 3/23/2007 | 4/5/2007 | 464 | 4/24/2007 | Yes | ? |
| FF | NOR166675 - NOR160676 | 1/25/2007 | 4/5/2007 | 1747 | 3/23/2007 | | |
| GG | NOR371624 - NOR372806 | 3/5/2007 | 4/5/2007 | 169, 1732 | 3/23/2007 + 04/05/2007 | Yes, Yes | |
| HH | NOR374429 - NOR373523 | 3/5/2007 | 4/5/2007 | 1467, 1669 | 3/23/2007 + 4/5/2007 | Yes, Yes | |
| II | NOR413446 - NOR413500 | 3/5/2007 | 4/5/2007 | 1467, 1669 | 3/23/2007 + 4/5/2007 | Yes, Yes | |
| JJ | NOR414057 - NOR414114 | 3/5/2007 | 4/5/2007 | 1467, 1669 | 3/23/2007 + 4/5/2007 | Yes, Yes | ? |
| KK | NOR808303 - NOR808305 | 3/5/2007 | 4/5/2007 | 1467, 1669 | 3/23/2007 + 4/5/2007 | Yes, Yes | |
| LL | NOR121152 - NOR121713 | 1/19/2007 | 4/5/2007 | ? | ? | ? | ? |
| MM | NOR453810 - NOR453811 | 3/14/2007 | 4/5/2007 | ? | ? | ? | ? |
| NN | NOR453820 | 3/14/2007 | 4/5/2007 | ? | ? | ? | ? |
| OO | NOR063216 - NOR063217 | 4/5/2007 | 4/5/2007 | 1729 | ? | Yes | |
| PP | NOR066845 - NOR067886 | 1/19/2007 | 4/5/2007 | ? | ? | ? | |
| QQ | NOR072813 - NOR072814 | 1/19/2007 | 4/5/2007 | 1729 | 4/5/2007 | Yes | |
| RR | NOR072815 - NOR072816 | 1/19/2007 | 4/5/2007 | 1731 | 4/5/2007 | Yes | |
| SS | NOR073773 - NOR073774 | 1/19/2007 | 4/5/2007 | 1729 | 4/5/2007 | Yes | |
| TT | NOR076260 - NOR076261 | 1/19/2007 | 4/5/2007 | 1729 | 4/5/2007 | Yes | |
| UU | NOR077838 - NOR077859 | 1/19/2007 | 4/5/2007 | 1730 | 4/5/2007 | Yes | |
| VV | NOR081375 - NOR081376 | 1/19/2007 | 4/5/2007 | 1730 | 4/5/2007 | Yes | |
| WW | NOR087633 - NOR087634 | 1/19/2007 | 4/5/2007 | 1729 | 4/5/2007 | | |
| XX | NOR088910 - NOR088911 | 1/19/2007 | 4/5/2007 | 1730 | 4/5/2007 | Yes | |
| YY | NOR092308 - NOR092309 | 1/19/2007 | 4/5/2007 | 1729 | 4/5/2007 | Yes | |
| ZZ | NOR117952 - NOR117953 | 1/19/2007 | 4/5/2007 | 1729 | 4/5/2007 | Yes | |
| AAA | NOR119153 - NOR119159 | 1/19/2007 | 4/5/2007 | 1729 | 4/5/2007 | Yes | Yes |
| BBB | NOR124686 - NOR124687 | 1/19/2007 | 4/5/2007 | 1729 | 4/5/2007 | Yes | Yes |
| CCC | NOR160675 - NOR160676 | 1/25/2007 | 4/5/2007 | 1729 | 4/5/2007 | Yes | |
| DDD | NOR366792 - NOR366809 | 3/5/2007 | 4/5/2007 | 1733 | 4/5/2007 | Yes | Yes |

| ITEM | BATES RANGE | DATE PRODUCED | DATE RETURN DEMANDED | PRIVILEGE LOG NUMBER | DATE LOGGED | ADMITTEDLY DISCLOSED TO SEC | OTHERWISE NON-PRIVILEGED ON FACE OF LOG? |
|---|---|---|---|---|---|---|---|
| EEE | NOR367014 – NOR367041 | 3/5/2007 | 4/5/2007 | 1734 | 4/5/2007 | Yes | |
| FFF | NOR367140 – NOR367151 | 3/5/2007 | 4/5/2007 | 1735 | 4/5/2007 | Yes | |
| GGG | NOR368029 – NOR368037 | 3/5/2007 | 4/5/2007 | 1736 | 4/5/2007 | Yes | |
| HHH | NOR358234 – NOR358261 | 3/5/2007 | 4/5/2007 | 1737 | 4/5/2007 | Yes | |
| III | NOR358363 – NOR358370 | 3/5/2007 | 4/5/2007 | 1738 | 4/5/2007 | Yes | |
| JJJ | NOR405402 – NOR405403 | 3/5/2007 | 4/5/2007 | 1735 | 4/5/2007 | Yes | |
| KKK | NOR405928 – NOR405930 | 3/5/2007 | 4/5/2007 | 1739 | 4/5/2007 | Yes | |
| LLL | NOR405074 – NOR405075 | 3/5/2007 | 4/5/2007 | 1740 | 4/5/2007 | Yes | |
| MMM | NOR406175 – NOR406180 | 3/5/2007 | 4/5/2007 | 1741 | 4/5/2007 | Yes | |
| NNN | NOR405416 – NOR406455 | 3/5/2007 | 4/5/2007 | 1742 | 4/5/2007 | Yes | |
| OOO | NOR358032 – NOR458035 | 3/5/2007 | 4/5/2007 | 1743 | 4/5/2007 | Yes | |
| PPP | NOR409466 | 3/14/2007 | 4/5/2007 | 1744 | 4/5/2007 | | |
| QQQ | NOR479145 – NOR479146 | 3/23/2007 | 4/5/2007 | 1745 | 4/5/2007 | | |
| RRR | NOR481065 – NOR481066 | 3/23/2007 | 4/5/2007 | 1746 | 4/5/2007 | | |
| SSS | NOR374460 – NOR374530 | 3/23/2007 | 4/5/2007 | 1747 | 4/5/2007 | | |
| TTT | NOR076747 – NOR076749 | 3/5/2007 | 4/12/2007 | 1748 | 3/23/2007 | Yes | |
| UUU | NOR066481 – NOR066555 | 1/19/2007 | 4/12/2007 | ? | ? | | |
| VVV | NOR367071 – NOR367073 | 3/5/2007 | 4/12/2007 | 1749, 1750 | 4/24/2007 | ? | |
| WWW | NOR367124 – NOR367110 | 3/5/2007 | 4/12/2007 | 1751 | 4/24/2007 | ? | |
| XXX | NOR368038 – NOR368101 | 3/5/2007 | 4/12/2007 | 1752 | 4/24/2007 | ? | |
| YYY | NOR440103 – NOR440107 | 3/5/2007 | 4/12/2007 | 1753 | 4/5/2007 | Yes, Yes | |
| ZZ | NOR317953 – NOR317970 | 2/26/2007 | 4/16/2007 | 1828, 1829 | 4/24/2007 | ? | |
| AAA | NOR317980 – NOR317984 | 2/26/2007 | 4/16/2007 | 1754 | 4/24/2007 | ? | |
| BBB | NOR352700 – NOR352711 | 3/5/2007 | 4/16/2007 | 1755 | 4/24/2007 | ? | |
| CCC | NOR352712 – NOR352713 | 3/5/2007 | 4/16/2007 | 1756 | 4/24/2007 | ? | |
| DDD | NOR352714 – NOR352722 | 3/5/2007 | 4/16/2007 | 1754 | 4/24/2007 | ? | |
| EEE | NOR365576 – NOR365677 | 3/5/2007 | 4/16/2007 | 1757 | 4/24/2007 | ? | |
| FFF | NOR367925 – NOR367929 | 3/5/2007 | 4/16/2007 | 1758 | 4/24/2007 | ? | |
| GGG | NOR405298 – NOR405308 | 3/5/2007 | 4/16/2007 | 1759 | 4/24/2007 | ? | |
| HHH | NOR405532 – NOR405536 | 3/5/2007 | 4/16/2007 | 1760 | 4/24/2007 | ? | |
| III | NOR405683 – NOR405684 | 3/5/2007 | 4/16/2007 | 1759 | 4/24/2007 | ? | |
| JJJ | NOR405703 | 3/5/2007 | 4/16/2007 | 1761 | 4/24/2007 | ? | |
| KKK | NOR405713 – NOR405718 | 3/5/2007 | 4/16/2007 | 1762 | 4/24/2007 | ? | |
| LLL | NOR405789 – NOR405791 | 3/5/2007 | 4/16/2007 | 1763 | 4/24/2007 | ? | |
| MMM | NOR405830 – NOR405851 | 3/5/2007 | 4/16/2007 | 1794 | 4/24/2007 | ? | |
| NNN | NOR403857 – NOR405859 | 3/5/2007 | 4/16/2007 | 1765 | 4/24/2007 | ? | |
| OOO | NOR405920 – NOR405923 | 3/5/2007 | 4/16/2007 | 1766 | 4/24/2007 | ? | |
| PPP | NOR406065 – NOR406066 | 3/5/2007 | 4/16/2007 | 1787 | 4/24/2007 | ? | |
| QQQ | NOR406097 – NOR406099 | 3/5/2007 | 4/16/2007 | 1768 | 4/24/2007 | ? | |
| RRR | NOR406103 – NOR406104 | 3/5/2007 | 4/16/2007 | 1769 | 4/24/2007 | ? | |
| SSS | NOR406165 – NOR406169 | 3/5/2007 | 4/16/2007 | 1770 | 4/24/2007 | ? | |
| TTT | NOR406170 – NOR406174 | 3/5/2007 | 4/16/2007 | 1771 | 4/24/2007 | ? | |
| UUU | NOR406759 – NOR406797 | 3/5/2007 | 4/16/2007 | 1773 | 4/24/2007 | ? | |

# EXHIBIT 44
# REDACTED IN ITS ENTIRETY

# EXHIBIT 45
# REDACTED IN ITS ENTIRETY

# EXHIBIT 46

✔ = disclosed to SEC per 4/9 Letter

## Initial List of Apparently Non-Privileged Documents by Document No.

| | | | |
|---|---|---|---|
| Doc No. 2 ✓ | Doc No. 218 ✓ | Doc No. 352 ✓ | Doc No. 489 ✓ |
| Doc No. 16 ✓ | Doc No. 219 ✓ | Doc No. 361 | Doc No. 531 ✓ |
| Doc No. 29 | Doc No. 221 ✓ | Doc No. 364 ✓ | Doc No. 532 ✓ |
| Doc No. 41 | Doc No. 223 | Doc No. 367 ✓ | Doc No. 533 ✓ |
| Doc No. 55 | Doc No. 224 | Doc No. 368 ✓ | Doc No. 536 ✓ |
| Doc No. 56 | Doc No. 229 | Doc No. 369 ✓ | Doc No. 540 ✓ |
| Doc No. 61 | Doc No. 231 ✓ | Doc No. 370 ✓ | Doc No. 541 ✓ |
| Doc No. 69 | Doc No. 233 | Doc No. 373 ✓ | Doc No. 543 ✓ |
| Doc No. 87 | Doc No. 238 | Doc No. 389 ✓ | Doc No. 547 ✓ |
| Doc No. 91 ✓ | Doc No. 239 | Doc No. 391 | Doc No. 562 |
| Doc No. 92 | Doc No. 240 | Doc No. 392 ✓ | Doc No. 563 ✓ |
| Doc. No. 94 | Doc No. 241 | Doc No. 395 ✓ | Doc No. 564 ✓ |
| Doc No. 100 ✓ | Doc No. 243 ✓ | Doc No. 402 ✓ | Doc No. 565 ✓ |
| Doc No. 103 | Doc No. 246 | Doc No. 404 | Doc No. 567 |
| Doc No. 107 | Doc No. 247 | Doc No. 411 ✓ | Doc No. 568 |
| Doc No. 111 | Doc No. 248 | Doc No. 412 ✓ | Doc No. 569 |
| Doc No. 112 | Doc No. 255 | Doc No. 417 ✓ | Doc No. 572 |
| Doc No. 114 | Doc No. 261 | Doc No. 420 ✓ | Doc No. 577 |
| Doc No. 139 | Doc No. 262 | Doc No. 422 ✓ | Doc No. 579 ✓ |
| Doc No. 140 | Doc No. 263 | Doc No. 424 ✓ | Doc No. 582 |
| Doc No. 141 ✓ | Doc No. 264 | Doc No. 425 | Doc No. 583 |
| Doc No. 166 ✓ | Doc No. 265 | Doc No. 426 ✓ | Doc No. 584 |
| Doc No. 177 ✓ | Doc No. 266 | Doc No. 427 | Doc No. 586 |
| Doc No. 181 ✓ | Doc No. 267 | Doc No. 428 | Doc No. 592 |
| Doc No. 182 | Doc No. 268 | Doc No. 429 | Doc No. 594 |
| Doc No. 183 ✓ | Doc No. 269 | Doc No. 433 | Doc No. 596 ✓ |
| Doc No. 184 ✓ | Doc No. 270 | Doc No. 434 ✓ | Doc No. 597 |
| Doc No. 187 ✓ | Doc No. 271 | Doc No. 436 ✓ | Doc No. 598 |
| Doc No. 188 ✓ | Doc No. 274 | Doc No. 445 | |
| Doc No. 191 ✓ | Doc No. 275 ✓ | Doc No. 446 | |
| Doc No. 193 ✓ | Doc No. 276 | Doc No. 447 | |
| Doc No. 194 ✓ | Doc No. 277 | Doc No. 448 | |
| Doc No. 195 ✓ | Doc No. 278 | Doc No. 449 | |
| Doc No. 196 ✓ | Doc No. 280 | Doc No. 450 | |
| Doc No. 197 ✓ | Doc No. 281 | Doc No. 455 ✓ | |
| Doc No. 199 | Doc No. 282 | Doc No. 456 | |
| Doc No. 204 ✓ | Doc No. 338 | Doc No. 457 ✓ | |
| Doc No. 207 | Doc No. 341 | Doc No. 460 | |
| Doc No. 208 | Doc No. 344 ✓ | Doc No. 465 ✓ | |
| Doc No. 209 ✓ | Doc No. 348 ✓ | Doc No. 466 ✓ | |
| Doc No. 213 | Doc No. 349 | Doc No. 467 ✓ | |
| Doc No. 216 | Doc No. 350 ✓ | Doc No. 472 | |
| Doc No. 217 | Doc No. 351 ✓ | Doc No. 484 | |

√ = disclosed to SEC per 4/4 letter

**Second List of Apparently Non-Privileged Documents by Document No.**

| | | |
|---|---|---|
| Doc No. 611 | Doc No. 810 | Doc No. 1335 |
| Doc No. 612 | Doc No. 865 | Doc No. 1336 |
| Doc No. 613 | Doc No. 1051 | Doc No. 1337 |
| Doc No. 616 | Doc No. 1052 | Doc No. 1338 |
| Doc No. 617 | Doc No. 1154 | Doc No. 1378 |
| Doc No. 618 | Doc No. 1155 | Doc No. 1379 |
| Doc No. 620 √ | Doc No. 1156 | Doc No. 1404 |
| Doc No. 622 | Doc No. 1157 | Doc No. 1410 |
| Doc No. 631 | Doc No. 1158 | Doc No. 1411 |
| Doc No. 638 | Doc No. 1159 | Doc No. 1412 |
| Doc No. 641 | Doc No. 1182 | Doc No. 1413 |
| Doc No. 664 | Doc No. 1199 | Doc No. 1414 |
| Doc No. 671 | Doc No. 1214 | Doc No. 1419 |
| Doc No. 679 | Doc No. 1232 | Doc No. 1444 |
| Doc No. 687 | Doc No. 1233 | Doc No. 1462 |
| Doc No. 702 | Doc No. 1237 | Doc No. 1463 |
| Doc No. 704 | Doc No. 1242 | Doc No. 1521 |
| Doc No. 708 | Doc No. 1254 | |
| Doc No. 709 | Doc No. 1255 | |
| Doc No. 710 | Doc No. 1256 | |
| Doc No. 712 | Doc No. 1257 | |
| Doc No. 713 | Doc No. 1260 | |
| Doc No. 721 | Doc No. 1261 | |
| Doc No. 724 | Doc No. 1262 | |
| Doc No. 725 √ | Doc No. 1263 | |
| Doc No. 726 | Doc No. 1264 | |
| Doc No. 727 | Doc No. 1265 | |
| Doc No. 730 | Doc No. 1266 | |
| Doc No. 734 | Doc No. 1267 | |
| Doc No. 735 | Doc No. 1268 | |
| Doc No. 736 | Doc No. 1269 | |
| Doc No. 737 | Doc No. 1270 | |
| Doc No. 738 | Doc No. 1271 | |
| Doc No. 740 | Doc No. 1272 | |
| Doc No. 746 | Doc No. 1273 | |
| Doc No. 753 | Doc No. 1280 | |
| Doc No. 771 | Doc No. 1281 | |
| Doc No. 784 | Doc No. 1282 | |
| Doc No. 789 | Doc No. 1331 | |
| Doc No. 791 | Doc No. 1332 | |
| Doc No. 798 | Doc No. 1333 | |
| Doc No. 799 | Doc No. 1334 | |

Ffny01/583373