IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAGTEN ASSET MANAGEMENT CORPORATION and LAW DEBENTURE TRUST COMPANY OF NEW YORK,<br><br>Plaintiffs,<br><br>v.<br><br>NORTHWESTERN CORPORATION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 04-1494-(JJF)<br>)<br>)<br>)<br>)<br>)<br>) |
| MAGTEN ASSET MANAGEMENT CORP.,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. HANSON and ERNIE J. KINDT,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) C.A. Action No. 05-499 (JJF)<br>)<br>)<br>)<br>) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION OF MAGTEN ASSET MANAGEMENT CORPORATION FOR A PROTECTIVE ORDER WITH RESPECT TO THE DEPOSITION OF TALTON R. EMBRY**

Plaintiff Magten Asset Management Corporation ("Magten"), by and through its counsel, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Delaware Local Rule 30.2, respectfully submits this reply memorandum of law (the "Reply") in further support of its motion (the "Motion") for the entry of a protective order relieving its principal and Managing Director, Talton R. Embry, from appearing for a deposition on April 23, 2007 pursuant to that notice of deposition issued by counsel for Mike J. Hanson and Ernie J. Kindt on April 11, 2007 (the "Deposition Notice") and from preventing Mr. Embry from being deposed twice in the consolidated discovery.

120087.01600/40168898v.1

## ARGUMENT

I. **Hanson and Kindt's Contention That Their Last Minute Change of Position Made a Protective Order Unnecessary is Groundless**

Although Magten believes that most of the facts necessary for the disposition of this issue was set forth in the opening papers and/or can be discussed at oral argument, Magten is submitting this reply to clarify the misstatements and characterizations made by Messrs. Hanson and Kindt in their opposition to Magten's Motion.

As explained in our Motion, and a point worth reiterating, counsel for Messrs. Hanson and Kindt were repeatedly told that Mr. Embry was not available for deposition on April 23 or any date that week. On April 18, 2007, after having heard nothing in response to an April 12 e-mail to counsel for NorthWestern and counsel for Messrs. Hanson and Kindt that offered Mr. Embry for May 4 (see Exhibit 9 of the Declaration of Bonnie Steingart submitted with the original motion (the "Steingart Decl.")), counsel for Magten e-mailed a letter to counsel for NorthWestern and counsel for Hanson and Kindt, reminding them that it was never suggested that Mr. Embry's deposition would be scheduled during the week of April 23 as Mr. Embry was not available at that time, and asking that Messrs. Hanson and Kindt formally withdraw the Deposition Notice to avoid engaging in wasteful motion practice. *See* Steingart Decl. Exh. 10. The letter, which asked for a response by noon the following day, also repeated the offer made the previous week – offering to make Mr. Embry available for deposition on May 4 – and alternatively offering to make Mr. Embry available at a date during the week of May 7.

The response that Magten received from counsel for Hanson and Kindt on April 19 at 2:02 p.m. Eastern Time,[1] did not satisfactorily respond to the concerns raised in Magten's April

---

[1]   To be fair, the response was e-mailed by counsel for Hanson and Kindt slightly after noon Montana time, so it may have been a reasonable attempt at a timely response from their perspective.

18 letter for the reasons set forth in Magten's Motion on page 6. *See* Exhibit 1 attached to the Declaration of John W. Brewer ("Brewer Decl.") submitted herewith. Their April 19 letter indicated that they were unwilling to withdraw the Deposition Notice absent a comprehensive agreement on numerous other outstanding scheduling issues. Because Magten believed that it would be impossible to immediately resolve the numerous issues raised by Messrs. Hanson and Kindt, especially since their proposal would require rescheduling the depositions of numerous separately represented third parties, Magten was constrained to draft and prepare the Motion to ensure that Mr. Embry's deposition would not go forward on April 23 – a date on which, in no uncertain terms, he could not be made available.

While Messrs. Hanson and Kindt take the position that "prior" to filing the Motion they acquiesced to taking Mr. Embry's deposition in New York on May 4, this is at best only half the story. Due to Messrs. Hanson and Kindt's April 19 response, Magten needed to file a motion as early as possible on April 20 – the last business day before the date the deposition was noticed for – and thus Magten's counsel was required to draft the motion papers for a protective order on an emergency basis. By 10:51 a.m. Eastern Time on Friday, April 20, Magten's papers with respect to the Motion were in substantial final form and Magten's Delaware counsel had the papers in hand to prepare the Motion for filing. *See* Brewer Decl. ¶ 3. At 12:04 p.m. Eastern Time, Magten's New York counsel received, by e-mail, a letter from counsel for Hanson and Kindt which reluctantly offered to depose Mr. Embry on May 4 and withdrew at least some of the numerous pre-conditions that had been demanded in their April 19 letter. *See* Brewer Decl. Exh. 2. While this eleventh hour letter seemed to indicate that Messrs. Hanson and Kindt were now belatedly changing their position, it was too little too late. In light of the circumstances and the time constraints Magten faced in ensuring that its Motion be timely filed, Magten was not

3

able to determine whether the belated and untimely change in Messrs. Hanson and Kindt's position adequately addressed Magten's issues and concerns.

As noted in the Motion, the night before Magten filed its motion for protective order with respect to Mr. Embry's deposition, counsel for both NorthWestern and Hanson and Kindt moved for their own protective order, refusing to produce any of their witnesses. By taking the depositions of Messrs. Hanson and Kindt (as well as the depositions of a 30(b)(6) designee and other employees of NorthWestern) off the table for an indefinite period until resolution of their motion, Defendants altered the entire context of scheduling discussions. While Messrs. Hanson and Kindt subsequently requested that Magten withdraw its Motion, in light of the breakdown of consensual dialogue with respect to the scheduling of the depositions of these witnesses, Magten believed that withdrawing the Motion absent a mutual agreement on at least some of the outstanding discovery disputes would not advance a productive dialogue on the remaining disputes and would only serve to further prejudice Magten. Magten remains willing to resolve this dispute consensually, however, Magten believes that given the passage of time and the numerous unresolved discovery issues, a global resolution (whether by the Court or Special Master or by agreement) on all points is the optimal solution.

With respect to Magten's request that Mr. Embry only be deposed once by Defendants, such concern is hardly "nonsense." Defendants have been playing fast and loose with the Court with respect to all discovery. The suggestion that Magten should wait to seek a protective order until after Mr. Embry is noticed for deposition for a second time is absurd. Magten should not be required to wait to file a protective order when it can preempt and prevent a second notice through the instant Motion, thereby saving all parties the time, expense and burden of briefing a separate motion.

120087.01600/40168898v.1

In addition, while Messrs. Hanson and Kindt argue that Magten has asserted that it be permitted to depose Mr. Hanson twice, this characterization is inaccurate and the circumstances simply are not comparable. As this Court and the Special Master are aware, because NorthWestern has refused to produce hundreds upon hundreds of responsive non-privileged documents and has unjustifiably demanded the return of documents that it has already produced, counsel for Magten was constrained to inform Defendants that going forward with the depositions of Messrs. Hanson and Kindt as scheduled before production of those documents would require the depositions to be subsequently resumed if and when NorthWestern ultimately provides such documents to Plaintiffs. *See* D.I. 155 in Case 04-1949; D.I. 189 in Case 05-499 at Exh. 4.[2] Given the possibility that NorthWestern may be required to produce additional documents (or cease its attempts to retrieve documents previously produced which Plaintiffs are refraining from making use of pending resolution of the Emergency Motion), it is simply too early to say how these future developments may impact deposition discovery.

### II. The Deposition Notice for Mr. Embry Was Never Properly Served and Filed

Contrary to the claim at pages 3-5 of the opposition brief, the Deposition Notice dated April 11, 2007, scheduling the deposition of Mr. Embry for April 23, 2007 in New York City was neither filed with the Court nor properly served. It was simply sent by e-mail at 9:07 p.m., well after the scheduled close of business. *See* Brewer Decl. Exh. 3. The next day, Hanson and

---

[2] Because there are no pending motions by any of the Defendants seeking additional documents from Magten, the situation that Defendants face with respect to the deposition of Mr. Embry is not parallel to the situation Magten faces in deposing Hanson and Kindt. Here, the concern is that because the Deposition Notice was issued on behalf of defendants Hanson and Kindt as opposed to on behalf of all Defendants, NorthWestern might serve its own notice (or depose Mr. Embry though a strategic back door tactic of requesting that Magten provide a 30(b)(6) designee, for which Mr. Embry is the only candidate). Obviously, given that Mr. Hanson is the CEO of NorthWestern and directs its litigation strategy, Hanson and Kindt could have arranged to provide a representation in their opposition to the Motion that NorthWestern would not pursue such a dubious strategy in order to depose Mr. Embry twice. The Court and Special Master can draw their own conclusions from the failure to make this representation.

Kindt's counsel electronically filed a document styled as a "Notice of Service of Notice of Deposition" (the "April 12 Notice of Service") (D.I. 174 in Case 05-499). *See* Brewer Decl. Exh. 4. Like the April 11 Deposition Notice, the April 12 Notice of Service is flawed. Additionally, by virtue of the administrative procedures governing service made only through the Court's electronic transmission facilities, it is also untimely. Because both the April 11 Deposition Notice and the April 12 Notice of Service are deficient under governing authority, Mr. Embry's deposition was not properly noticed.

a.  **The April 11 Deposition Notice Was Neither Filed Nor Properly Served**

The April 11 Deposition Notice, issued as an attachment to an e-mail sent out at 9:07 p.m., is flawed in several respects. First, it was never filed in accordance with Local Rule 5.4 (a) ("Filing the notice of taking of oral depositions required by Fed. R. Civ. P. 30(b)(6)(1) . . . will satisfy the requirement of filing a Notice of Service.") The local rule requirement that a notice of deposition be filed in lieu of a notice of service is intended to ensure that the information required by Rule 30(b)(6)(1) to be included in the deposition notice – the time and place for the taking of the deposition and the name and address of each person to be examined – is available of record to all interested parties and counsel.

Second, the April 11 Deposition Notice was not properly served by any of the methods permitted under Fed. R. Civ. P. 5. The Certificate of Service attached to the April 11 Deposition Notice reflects service – by e-mail only – only to Magten's counsel.[3] The purported service only to Magten's counsel does not meet the requirements of Fed. R. Civ. P. 5(a) which requires that deposition notices "shall be served upon each of the parties." Additionally, service by e-mail is

---

[3] The April 11 e-mail transmitting a copy of the Notice of Deposition in fact appears to have been sent to all counsel of record. As discussed, *infra*, e-mail delivery does not constitute proper service under Fed. R. Civ. P. 5(b)(2)(D) in the absence of written consent from the parties to be served by e-mail.

6

not a permitted method of service under Rule 5 unless the persons to be served have consented in writing to service by e-mail. *See* Fed. R. Civ. P. 5(b)(2)(D) ("Service under Rule 5(a) is made by . . . Delivering a copy by any other means, including electronic means, consented to in writing by the person served."). Magten has never consented to service only by e-mail. To the contrary, the service protocol agreed to by the parties, and followed consistently by at least Plaintiffs and NorthWestern, calls for same-day service by e-mail to all counsel of record in cases 04-1494 and 05-499, together with service of hard copy by hand delivery to local counsel and by express carrier or mail to out-of-town counsel.

In addition, Hanson and Kindt's decision to notice Mr. Embry's deposition only in case 05-499,[4] together with their omission of any reference to NorthWestern's counsel in the Certificate of Service, raises concern that the April 11 Deposition Notice is intended to be only the first of multiple notices to conduct multiple depositions of Mr. Embry, and that it would predictably be followed by a separate notice by NorthWestern for case 04-1494.[5]

Taken together, the irregular caption, the failure to file the April 11 Deposition Notice in accordance with Local Rule 5.4(a), and the failure to effect service upon all counsel of record in accordance with the parties' agreed upon service protocol (and/or other methods permitted under Fed. R. Civ. P. 5) render the April 11 Deposition Notice deficient in several respects. Moreover, these deficiencies are not cured by the April 12 Notice of Service.

---

[4] Because cases 04-1494 and 05-499 are consolidated by the Scheduling Order for purposes of discovery and pre-trial matters, all pleadings and other papers are routinely filed under both captions and served on all counsel of record in both cases.

[5] Perhaps this was merely an oversight, however, it tends to heighten the suspicions mentioned above (*see supra* note 2), regarding the failure to provide an assurance that NorthWestern will not seek to depose Mr. Embry a second time.

7

### b. The April 12 Notice of Service Was Flawed and Untimely

Likewise, contrary to the claim at pages 3-5 of the opposition brief, the April 12 Notice of Service is itself flawed and/or deficient in several respects. First, it incorrectly certifies "service" of the April 11 Deposition Notice although service was never properly effectuated. Second, it incorrectly represents that service of the April 11 Deposition Notice was served by mail on Magten's counsel at Fried Frank in contradiction to the Certificate of Service attached to the April 11 Deposition Notice that certifies all Magten counsel were served only by e-mail.

Moreover, the April 12 Notice of Service was served by filing through the Court's electronic transmission facilities. *See* Brewer Decl. Exh. 4. Because service (by filing) through the Court's electronic transmission facilities was not accompanied by service in accordance with the parties' agreed upon service protocol (and/or any of the other methods of service permitted under Rule 5), it is treated as if were served by mail and three days are added to the notice period. *See* "Revised Administrative Procedures Governing Filing and Service by Electronic Means" for the District of Delaware ("Service by electronic means [only] shall be treated the same as service by mail for the purpose of adding three (3) days to the prescribed period to respond."). *See* Brewer Decl. Exh. 5, p. 4.

Fed. R. Civ. P. 30(b)(1) requires "reasonable notice in writing to every other party to the action" for any deposition notice, and Delaware Local Rule 30.1 provides that "reasonable notice" for the taking of depositions under Fed. R. Civ. P. 30(b)(1) "shall be not less than five days." Because this was effectively service by mail, three days are added to this five day period. Because, April 23, 2007 is only the seventh business day after April 12, the April 12 Notice of Service is untimely.

Thus, for the reasons stated, the deposition of Mr. Embry was not properly noticed because the April 11 Deposition Notice was neither filed nor properly served, and the April 12 Notice of Service was itself flawed and untimely and, therefore, did not cure those deficiencies.

## CONCLUSION

For the foregoing reasons as well as those set forth in the original moving papers, the relief sought in the Motion should be granted in all respects.

Dated: Wilmington, Delaware
       May 11, 2007

**BLANK ROME LLP**

_/s/ Dale R. Dubé_
Dale R. Dubé (DE No. 2863)
David W. Carickhoff (DE No. 3715)
1201 Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 425-6400
Facsimile:  (302) 425-6464

- and -

**FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP**
Bonnie Steingart
Gary Kaplan
John W. Brewer
One New York Plaza
New York, NY 10004
Telephone: (212) 859-8000
Facsimile:  (212) 859-4000

Counsel for Magten Asset Management Corporation

120087.01600/40168898v.1

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of May, 2007, I served by hand delivery and electronic filing the REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION OF MAGTEN ASSET MANAGEMENT CORPORATION FOR A PROTECTIVE ORDER WITH RESPECT TO THE DEPOSITION OF TALTON R. EMBRY, using CM/ECF which will send notification of such filing(s) to the following:

Denise Seastone Kraft, Esquire
Edwards Angell Palmer & Dodge LLP
919 North Market Street, 15th Floor
Wilmington, DE 19801

Kathleen M. Miller, Esquire
Smith Katzenstein & Furlow LLP
800 Delaware Avenue
P. O. Box 410
Wilmington, DE 19899

Victoria Watson Counihan, Esquire
Dennis A. Meloro, Esquire
Greenberg Traurig LLP
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801

I also certify that, on this 11th day of May, 2007, I served the aforementioned document, by e-mail and Federal Express, upon the following participants:

Stanley T. Kaleczyc, Esquire
Kimberly A. Beatty, Esquire
Browning, Kaleczyc, Berry & Hoven, P.C.
139 North Last Chance Gulch
P.O. Box 1697
Helena, Mt 59624

John V. Snellings, Esquire
Amanda D. Darwin, Esquire
Nixon Peabody LLP
100 Summer Street
Boston, Massachusetts 02110-1832

Steven J. Reisman, Esquire
Joseph D. Pizzurro, Esquire
Nancy E. Delaney, Esquire
Miriam K. Harwood, Esquire
Curtis, Mallet-Prevost, Colt & Mosle LLP
101 Park Avenue
New York, New York 10178-0061

_____
Dale R. Dubé (No. 2863)

10

120087.01600/40168898v.1