IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAGTEN ASSET MANAGEMENT CORPORATION and LAW DEBENTURE TRUST COMPANY OF NEW YORK, <br><br> Plaintiffs, <br><br> v. <br><br> NORTHWESTERN CORPORATION, <br><br> Defendant. | C.A. No. 04-1494 (JJF) |
| MAGTEN ASSET MANAGEMENT CORP., <br><br> Plaintiff, <br><br> v. <br><br> MIKE J. HANSON and ERNIE J. KINDT, <br><br> Defendants. | C.A. No. 05-499 (JJF) |

**DEFENDANTS' JOINT MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' JOINT MOTION TO AMEND THE SCHEDULING ORDER**

Defendants NorthWestern Corporation ("NorthWestern"), Michael J. Hanson and Ernie J. Kindt (collectively, the "Defendants") respectfully submit this memorandum in opposition to the motion by Magten Asset Management Corporation ("Magten") and Law Debenture Trust Company of New York ("Law Debenture") (collectively, the "Plaintiffs") to amend the current Scheduling Order to permit Plaintiffs to take four additional depositions, beyond the ten depositions they are permitted pursuant to the Scheduling Order, and to extend the time to take those depositions beyond the cutoff date of May 2, 2007 to some date in the future.

DEL 86183463v1 5/16/2007

## BACKGROUND

In February 2006, in an effort to structure an efficient and expeditious resolution of these matters, NorthWestern moved for a Protective Order limiting discovery to the key issues presented in these cases – whether, in the context of the "Going Flat Transaction," the Bank of New York as Indenture Trustee was defrauded into executing the Third Supplemental Indenture which replaced NorthWestern Energy LLC, later renamed Clark Fork and Blackfoot LLC, as obligor on the securities known as the "QUIPS." (D.I. 56.) The motion was predicated on a decision by the Bankruptcy Court which permitted Plaintiffs to pursue a theory, subsequently set forth in the Amended Complaint, that the release of Clark Fork had been induced by fraud because the Trustee had relied on NorthWestern's allegedly misleading financial statements.[1] Messrs. Hanson and Kindt joined in this motion because if NorthWestern did not perpetrate fraud against the trustee, then *a fortiori* Messrs. Hanson and Kindt could not have breached any fiduciary duty related to the said "Going Flat Transaction." Defendants sought to limit discovery because Plaintiffs' Initial Disclosures listed more than thirty witnesses as individuals from whom they would seek deposition testimony, along with broad document requests, none of which were relevant to their fraud theory. The District Court declined to grant the protection. However, in the Rule 16 Scheduling Order, the Court limited Plaintiffs to ten depositions.

Two events have recently taken place which demonstrate that Plaintiffs' only remaining theory is baseless. On May 2, 2007, the Bank of New York, through the testimony of Mary

---

[1] *Magten Asset Management Corp. and Law Debenture Co. of New York v. NorthWestern Corp.*, Adv. Pro. No. 04-53324 (U.S. Bankruptcy Court, District of Delaware), Under Advisement Decision dated August 20, 2004, at pp. 10-11 (Docket No. 25) (Hon. Charles G. Case). A copy of the Bankruptcy Court's decision is attached as Exhibit A to the Affidavit of Joseph D. Pizzurro ("Pizzurro Aff."), dated May 17, 2007, submitted in support of Defendants' opposition to Plaintiffs' latest motion. (*See also* ¶ 68 of the Amended Complaint, D.I. 27 at Case No. 04-53324.)

Lewicki, confirmed that the Bank of New York did not review or rely upon NorthWestern's financial statements in executing the Third Supplemental Indenture. (Pizzurro Aff., Ex. B.)

Then, on May 8, 2007, the New York Supreme Court dismissed Magten's complaint against the Bank of New York holding that NorthWestern's statements in a Form 8-K made in April 2003, when it restated its 10-Qs for the first three quarters of 2002, did not constitute an event of default under the Indenture and that, after those statements were made, Bank of New York as Indenture Trustee had no independent duty to conduct an investigation into NorthWestern's financial condition. The Court stated:

> Whether BNY had a duty to investigate NorthWestern's financial condition is governed by the standards applied to an indenture trustee's pre-default duty. Neither the law regarding an indenture trustee's duties, nor the Indenture, supports Magten's contention that BNY was duty bound to examine NorthWestern's financial condition in order to decide whether NorthWestern had made the admission or was actually able to pay its debts.

*See* Pizzurro Aff., Ex. C at p.**19.

NorthWestern now faces an attempt by Plaintiffs to prolong the voluminous discovery they were permitted to take by extending the discovery cutoff date as well as increasing the number of witnesses the Court has ordered they may depose.[2] Plaintiffs should not be permitted to expand the time and scope of discovery, particularly in the face of the collapse of the only theory they have pled to support their standing to sue. The fishing expedition should be cancelled.

---

[2] This motion does not address or seek to limit the date by which Plaintiffs may depose certain NorthWestern witnesses, Michael J. Hanson, Ernie J. Kindt, Bart Thielbar, Kendall Kliewer and a Rule 30(b)(6) witness, or the time by which Defendants may depose Mr. Embry, as such depositions are the subject of pending motions for protective orders.

Further, Plaintiffs' statement that the depositions of these four non-parties "could not as a practical matter be completed before May 2" is simply wrong. (Plaintiffs Memo at 1.) As more fully discussed below, Plaintiffs have known of the existence of all of these witnesses for quite some time. There is no explanation, and none is offered, for why Plaintiffs waited until the eve of the discovery cutoff to notice the depositions. Plaintiffs should not be permitted to use their deliberate dilatory tactics as an excuse to extend the timing and scope of discovery.

## ARGUMENT

Eric Jacobsen

By letter dated December 5, 2006, counsel for Magten informed NorthWestern's counsel that Magten anticipated taking Mr. Jacobsen's deposition "in the near term" and asked for information regarding the identity of Mr. Jacobsen's counsel. (Pizzurro Decl., Ex. D.) On December 13, 2006, counsel for NorthWestern responded with the name and contact information of Mr. Jacobsen's counsel. (Pizzurro Decl., Ex. E.) Counsel for Plaintiffs did nothing until May 1, 2007 – one day prior to the close of discovery – when they forwarded a subpoena to Mr. Jacobsen's counsel, the same counsel NorthWestern identified almost four months earlier. (Brewer Decl., Ex. 5.) Magten sought to depose Mr. Jacobsen in Minneapolis on May 16, well after the close of discovery.

Incredibly, no explanation is offered for Plaintiffs' dilatory tactics other than a desire to fill in "certain gaps" in the testimony, including settlements with the SEC to which Mr. Jacobsen is not a party. Plaintiffs neglect to mention that the "gaps" are their failure to illicit a single piece of evidence that connects any of the financial misstatements to the Going Flat Transaction which is the basis for their claims. This frivolous request should be denied.

Merle Lewis

The story with Merle Lewis is just as egregious. As Plaintiffs concede, Mr. Lewis was subpoenaed and agreed to appear for deposition on April 17 in Minneapolis. Counsel for all parties were prepared to attend that deposition when, without explanation, Plaintiffs canceled it. In their motion, Plaintiffs now claim they "adjourn[ed]" the deposition because of "unresolved document disputes and the hope that certain other witnesses' testimony might make Mr. Lewis' testimony unnecessarily cumulative." (Plts.' Memo at 5.) That explanation is patently untrue. Plaintiffs never once requested a document or raised a single issue with counsel for Defendants with respect to a document they purportedly needed in order to depose Mr. Lewis. Indeed, the bulk of the inadvertently produced documents which are the subject of the emergency motions concern Mr. Hylland – but Plaintiffs went right ahead and deposed him on May 2. Plaintiffs' excuse that other witnesses' testimony might make Mr. Lewis' testimony cumulative is not credible. At the time Plaintiffs unilaterally canceled Mr. Lewis' testimony, they had deposed exactly one witness. They had no basis upon which to assume Mr. Lewis' testimony would be unnecessary. And Plaintiffs knew at the time they cancelled Mr. Lewis' deposition that he was unavailable for the remainder of April and the entire month of May. (Brewer Decl. ¶12) What Plaintiffs cannot do is make the decision to cancel a scheduled deposition, then use that decision to extend the discovery schedule.

Deloitte & Touche

Incredibly, Plaintiffs first noticed the deposition of Deloitte & Touche ("Deloitte") on January 27, 2006.[3] (Pizzurro Aff., Ex. F.) A review of that subpoena reveals that it sought

---

[3] The deposition was noticed in the matter of *Magten v. Paul Hastings Janofsky & Walker LLP*, Case Number: 04-1256 (JJF) prior to the time the cases were consolidated for discovery.

information relating to NorthWestern's financials and the Going Flat Transaction. Deloitte's response was stayed pending the determination of NorthWestern's Motion for a Protective Order which was joined by Messrs. Hanson and Kindt as well as Paul Hastings. After that motion was denied, Magten renewed its requests to Deloitte in November 2006. (*See* Pizzurro Aff., Ex. G.) The Court subsequently granted Paul Hastings' motion for judgment on the pleadings and dismissed Magten's complaint on January 12, 2007 – prior to the production of any documents by Deloitte. According to Plaintiffs, Deloitte asked for an amended subpoena reflecting the revised caption of the consolidated cases still pending. (Plts.' Memo at 4.) Inexplicably, Magten waited until March 21, 2007 to serve the amended subpoena to which Deloitte promptly responded on April 13, 2007. Magten then subsequently canceled the deposition noticed for April 18.

Plaintiffs now express shock, and use as an excuse for delay, the fact that Deloitte has requested that the deposition be held in Minneapolis. But Magten's original subpoena was issued from the District Court in Minnesota and the deposition was noticed for Minneapolis. (*See* Pizzurro Aff., Ex. F.) Magten also complains that Deloitte is suddenly insisting on producing three or four witnesses. But it was Magten who, for the first time on March 27, insisted upon a Rule 30(b)(6) deposition. (*See* Pizzurro Aff., Ex. H at p.6.)

This is another example of a witness known to Plaintiffs from the inception of these matters, and one whom Plaintiffs actually subpoenaed 15 months ago. Plaintiffs did not run out of time, and Plaintiffs' ability to depose Deloitte is not dependent upon the resolution of any motions seeking to compel the disclosure of additional documents. The request to depose this witness after the close of discovery should be denied.

American Appraisal Associates

On March 1, 2007, counsel for Magten contacted counsel for NorthWestern regarding American Appraisal Associates ("AAA"). Magten's counsel stated that footnote 4 of NorthWestern's 2002 10-K contained a reference to an appraisal report and asked NorthWestern's help in identifying where the report could be found in the production. On March 5, counsel for NorthWestern called back with the Bates number range where each of the AAA reports could be found. Once again, Plaintiffs waited an additional three weeks before serving a subpoena upon AAA. As Plaintiffs concede, there was no delay on the part of AAA, who was even able to retrieve and review their original files from the SEC in a matter of weeks ensuring a reasonably timely production to Plaintiffs.

In sum, it was Plaintiffs who insisted upon a massive document production; it was Plaintiffs who insisted on "immediate" document production; it was Plaintiffs who insisted upon an early document cutoff date; it was Plaintiffs who *began* serving non-party subpoenas with only one month remaining before the discovery cutoff date. And in that month, Plaintiffs took a grand total of five depositions. Plaintiffs' actions do not support their contention that they ran out of time despite their diligent and best efforts. This request is simply part of Plaintiffs' strategy to gain more time to review the voluminous document production that they demanded on an expedited basis, even as their case falls apart around them. And they have offered no rationale for why they need more witnesses than contemplated by Judge Farnan's Rule 16 Order.

## CONCLUSION

Plaintiffs' motion to extend the discovery cutoff date beyond May 2 in order to schedule four depositions of non-party witnesses should be denied.

Dated: May 16, 2007

**GREENBERG TRAURIG LLP**

_/s/_

Victoria W. Counihan (No. 3488)
Dennis A. Meloro (No. 4435)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
(302) 661-7000

and

**CURTIS, MALLET-PREVOST, COLT & MOSLE LLP**
Joseph D. Pizzurro
Steven J. Reisman
Nancy E. Delaney
101 Park Avenue
New York, NY 10178
(212) 696-6000
Facsimile: (212) 697-1559

Attorneys for NorthWestern Corporation

Dated: May 16, 2007

EDWARDS ANGELL PALMER & DODGE LLP

*/s/ Denise Seastone Kraft*

Denise Seastone Kraft (No. 2778)
919 North Market Street
15th Floor
Wilmington, DE 19801
Telephone: (302) 425-7106

and

Stanley T. Kaleczyc
Kimberly A. Beatty
**BROWNING, KALECZYC, BERRY & HOVEN, P.C.**
139 North Last Chance Gulch
P.O. Box 1697
Helena, Mt 59624
Telephone: (406) 443-6820

Attorneys for Michael J. Hanson And Ernie J. Kindt

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAGTEN ASSET MANAGEMENT CORPORATION and LAW DEBENTURE TRUST COMPANY OF NEW YORK,<br><br>Plaintiffs,<br><br>v.<br><br>NORTHWESTERN CORPORATION,<br><br>Defendant. | C.A. No. 04-1494 (JJF) |
| MAGTEN ASSET MANAGEMENT CORP.,<br><br>Plaintiff,<br><br>v.<br><br>MIKE J. HANSON and ERNIE J. KINDT,<br><br>Defendants. | C.A. No. 05-499 (JJF) |

## CERTIFICATE OF SERVICE

I, Dennis A. Meloro, being duly sworn according to law, deposes and says that I am employed by Greenberg Traurig, LLP, which is counsel for the NorthWestern Corporation, and that on the 16th of May 2007, I caused to be served copies of the following upon the parties listed below via Electronic Mail, Hand Delivery upon Local Counsel and via First Class, United States Mail upon the remaining parties.

- Defendants' Joint Memorandum Of Law In Opposition To Plaintiffs' Joint Motion To Amend The Scheduling Order
- Affidavit of Joseph D. Pizzurro

| | |
|---|---|
| Dale Dube, Esq.<br>David Carickhoff, Esq.<br>Blank Rome LLP<br>1201 Market Street, Suite 800<br>Wilmington DE 19801<br>(Magten) | Bonnie Steingart, Esq.<br>Gary L. Kaplan, Esq.<br>Fried Frank Harris Shriver & Jacobson LLP<br>One New York Plaza<br>New York NY 10004<br>(Magten) |

DEL 86168487v7 5/16/2007

| | |
|---|---|
| Kathleen M. Miller, Esquire<br>Smith Katzenstein & Furlow LLP<br>800 Delaware Avenue, 7th Floor<br>Wilmington, DE 19801<br>(Law Debenture) | John V. Snellings, Esq.<br>Amanda Darwin, Esq.<br>Nixon & Peabody LLP<br>100 Summer Street<br>Boston, Massachusetts 02100<br>(Law Debenture) |
| Neil Glassman, Esq.<br>Charlene Davis, Esq.<br>Eric Sutty, Esq.<br>The Bayard Firm<br>222 Delaware Avenue, Suite 900<br>Wilmington DE 19801<br>(NW Plan Committee) | Alan Kornberg, Esq.<br>Margaret Phillips, Esq.<br>Ephraim Diamond, Esq.<br>Paul Weiss Rifkind Wharton & Garrison LLP<br>1285 Avenue of the Americas<br>New York NY 10019<br>(NW Plan Committee) |
| Stanley T. Kaleczyc<br>Kimberly A. Beatty<br>Browning, Kaleczyc, Berry & Hoven, P.C.<br>139 North Last Chance Gulch<br>P.O. Box 1697<br>Helena, Mt 59624<br>(M Hanson/E Kindt) | Denise Seastone Kraft<br>Edwards Angell Palmer & Dodge LLP<br>919 North Market Street, 15th Floor<br>Wilmington, DE 19801<br>(M Hanson/E Kindt) |

Date: May 16, 2007

GREENBERG TRAURIG, LLP

_____
Dennis A. Meloro (No. 4435)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
Telephone: 302-661-7000