# EXHIBIT A



May 25, 2007

**VIA HAND DELIVERY**

John E. James, Esquire
Potter Anderson & Corroon LLP
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951

> Re: *Magten Asset Management Corp. and Law Debenture Trust Co. v. NorthWestern Corp.*; C.A. No. 04-1494-JJF;
> *Magten Asset Management Corp. v. Mike J. Hanson and Ernie J. Kindt*; C.A. No. 05-0499-JJF

Dear Special Master James:

We write this letter in brief response to Mr. Pizzurro's affidavit ("Pizzurro Aff.") concerning provision of the Report of the Special Committee to Mr. Hylland. While we disagree with many of the arguments in the Pizzurro Aff. and many of the 'factual' assertions are unsupported by any document whatsoever and therefore are not evidence but merely arguments, two such 'facts' merit a reply.

First: Mr. Pizzurro's bald allegation in ¶ 8 that "Although the NorthWestern Board minutes state that Mr. Hylland resigned as a director pursuant to a letter dated April 28, 2003, this is an error" is inadmissible. The May 6, 2003 minutes referenced by Mr. Pizzurro dealt with an issue of importance to NorthWestern – an issue that was hotly and vigorously contested by Mr. Hylland – and were presumably carefully prepared and thereafter reviewed and approved by the NorthWestern Board of Directors. In concluding that Mr. Hylland resigned as a director, it is entirely possible that the Board considered the April 28 letter from Mr. Hylland (also referenced in ¶ 8 of the Pizzurro Aff. and referenced in Ex. E thereto) to be a resignation from the Board or that the other disputes with Mr. Hylland led the Board to conclude that by his April 28 letter (which is not attached and has not otherwise been produced), Mr. Hylland resigned as a director as well as President and Chief Operating Officer. Mr. Hylland held all positions pursuant to section 1(a) of his employment agreement.

Without intending any disrespect to Mr. Pizzurro, he was neither a participant in the process of the Special Committee nor present at the time those matters were considered by the Board. In any event, Mr. Pizzurro's say so is not competent evidence on this issue. The statement that the Hylland resignation was ". . . by letter dated April 28. . ., effective immediately. . ." contained as part of a resolution voted upon by the Board and recorded in the



John E. James, Esquire
May 25, 2007
Page 2

May 6 Board minutes is binding on NorthWestern.

    <u>Second</u>: There is an important inconsistency in the statement contained in ¶ 7 of the Pizzurro Aff. and the statement made by Alan Dietrich in his letter dated May 7 (attached as Ex. F to Pizzurro Aff.). Mr. Pizzurro states without actual knowledge that the Special Committee Report was delivered to Mr. Hylland on April 28. The email referenced in ¶ 7 does not show the Special Committee Report as an attachment and given its size, it was likely sent separately and there is no proof that this delivery actually occurred. In contrast, Mr. Dietrich's letter affirmatively states that Mr. Hylland received the report on April 29. Again, given Mr. Pizzurro's lack of knowledge and Mr. Dietrich's presence and participation in the events of late April and early May 2003, no reliance can be placed on the statement in Mr. Pizzurro's affidavit.

    It is apparent from the Dietrich letter and the Board minutes that Mr. Hylland received the report in connection with his position as an employee who was being terminated for cause. Because NorthWestern chose to provide Mr. Hylland with the grounds for his termination in that manner rather than in some other form, NorthWestern waived any privilege that may have attached to the Special Committee Report. Even if Mr. Hylland's contract required NorthWestern to provide the Report to Mr. Hylland, the privilege was waived nevertheless because it is explicit in the contract (" . . . Executive, together with Executive's counsel . . .") that NorthWestern and Mr. Hylland would by that time be (and, in fact, were) separately represented and adversaries

                                              Respectfully submitted,

                                              Dale R. Dubé
                                              (I.D. No. 2863)

Bonnie Steingart
FRIED, FRANK, HARRIS, SHRIVER &
   JACOBSON LLP
New York, NY 10004

Attorneys for Magten Asset Management Corp.

                                  - and -



John E. James, Esquire
May 25, 2007
Page 3

                                        Kathleen M. Miller (DE No. 2898)
                                        SMITH, KATZENSTEIN & FURLOW, LLP
                                        Wilmington, DE 19801

                                        John V. Snellings
                                        NIXON PEABODY LLP
                                        Boston, MA 02110

                                        Attorneys for the Law Debenture Trust Company
                                        of New York

DRD/pb
Enclosures
cc:    Kimberly A. Beatty, Esquire  (via e-mail and Federal Express)
       John W. Brewer, Esquire
       David W. Carickhoff, Jr.
       Victoria W. Counihan, Esquire  (via e-mail and hand delivery)
       Amanda Darwin, Esquire  (via e-mail and Federal Express)
       Nancy E. Delaney, Esquire  (via e-mail and Federal Express)
       Miriam K. Harwood, Esquire  (via e-mail and Federal Express)
       Stanley T. Kaleczyc, Esquire  (via e-mail and Federal Express)
       Gary L. Kaplan, Esquire
       Denise Seastone Kraft, Esquire  (via e-mail and hand delivery)
       Dennis A. Meloro, Esquire  (via e-mail and hand delivery)
       Jordanna L. Nadritch, Esquire
       Sherita M. Perry, Esquire
       Joseph D. Pizzurro, Esquire  (via e-mail and Federal Express)
       Steven J. Reisman, Esquire  (via e-mail and Federal Express)
       Peter B. Siroka, Esquire