# Exhibit A

≈AO88 (DE Rev. 01/07) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| MAGTEN ASSET MANAGEMENT CORPORATION, | **SUBPOENA IN A CIVIL CASE** - DUCES TECUM |
|---|---|
| V. | |
| MIKE J. HANSON AND ERNIE J. KINDT. | Case Number:[1] 05-499-JJF |

TO:  TALTON EMBRY
c/o Bonnie Steingart & John W. Brewer
FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP
One New York Plaza, New York, NY 10004-1980

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Curtis, Mallet-Prevost, Colt & Mosle LLP, 101 Park Avenue, New York, NY 10178-0061 | 7/12/2007 9:30 am |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attached Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| Curtis, Mallet-Prevost, Colt & Mosle LLP, 101 Park Avenue, New York, NY 10178-0061 | 7/12/2007 9:30 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] | 6/18/07 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Denise Seastone Kraft (No. 2778), Edwards Angell Palmer & Dodge, LLP
919 North Market Street, Wilmington, DE 19801, Telephone (302) 425-7106

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | 6/18/07 | Fried, Frank, Harris, Shriver + Jacobson, One New York Plaza, NY, NY 10004-1980 VIA Acceptance by email |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Bonnie Steingart + John Brewer | VIA Acceptance by email |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Denise S. Kraft | Attorney |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    6/18/07
                 DATE

SIGNATURE OF SERVER: Denise S. Kraft

ADDRESS OF SERVER: 919 N. Market St., Ste 1500
Wilmington, DE 19801

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**EXHIBIT A**

Pursuant to Rules 34 and 45 of the Federal Rules of Civil Procedure, Mike J. Hanson and Ernie J. Kindt ("Hanson/Kindt") request that Talton Embry ("Embry") produce for examination, inspection and copying at the offices of Curtis, Mallet-Prevost, Colt & Mosle LLP, 101 Park Avenue, New York, New York at 9:30 a.m. on July 12, 2007 all of the documents described below which are in the possession, custody or control of Talton Embry, or of any persons acting on his behalf.

**DEFINITIONS**

The terms used herein shall have the meaning ascribed to them in the definition set forth below:

1. "All" means "any and all," and "any" means "any and all."

2. "Complaints" means the complaints filed in the above captioned actions.

3. "Communication" means the transmittal of information (in the forms of facts, ideas, inquiries or otherwise) by any medium - oral, written or otherwise.

4. "Concerning" includes referring to, relating to, embodying, in connection with, commenting on, responding to, showing, demonstrating, declaring, describing, analyzing, reflecting, containing or constituting.

5. "Document" is used herein in the broadest sense and includes, but is not limited to, all originals, whether printed or handwritten, non-identical copies, copies with marginal notations or interlineations of any writing, recording, photograph, computer data, film, e-mail, video or audio tape (including transcripts or memoranda reflecting or referring to the contents thereof), any written, typewritten or other tangible form of recording or preserving communication or thought (including computerized record s of any kind), including any non-identical copy thereof, or any other items containing information of any kind or nature, however produced or reproduced, whatever its origin or location and regardless of the form in which such information exists or is maintained.

6. "Person" includes any natural person, group, investigatory body, governmental unit, governmental agency or department, corporation, association, partnership, limited partnership, joint venture, sole proprietorship, business, business entity, organization, or institution.

7. "QUIPS" means the Series A 8.45% Quarterly Income Preferred Securities issued by Montana Capital Power Trust I pursuant to the Trust Agreement between The Montana Power Company, The Bank of New York, and various other persons dated on or about November 1, 1996.

8. "Relating to" mean s, without limitation, consisting of, containing, constituting, concerning, discussing, describing, reflecting, transmitted in connection with, touching upon or summarizing, showing or relating or referring to in any way, directly or indirectly, and is meant to include, among other documents, documents underlying, supporting, now or previously attached or appended to, or used in the preparation of, any document called for by each request.

## INSTRUCTIONS

1. Every request shall be answered separately and fully in writing. If any answer or part of any answer is based upon information and belief rather than personal knowledge, you shall state that it is made on that basis.

2. If any part of a request is objected to, the reasons for the objection should be stated with particularity. If an objection is made to part of any item or category, the part should be specified.

3. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request all responses that might otherwise be construed to be outside of its scope.

4. References to the singular shall include the plural, and references to the plural shall include the singular.

5. The documents covered by this request include all documents in the possession, custody or control of Magten, or any documents that were generated or received by Magten or

otherwise came into existence or were utilized by Magten through the date of production. This request also calls for the production of documents kept or maintained by counsel for Magten and/or other professionals utilized by Magten.

6. A request for a document shall be deemed to include a request for any transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document, and any file folder in which the document was maintained, in addition to the document itself.

7. A request for a document shall be deemed to include a request for all drafts and successive iterations thereof and all modifications thereto, in addition to the document itself.

8. If any document is withheld in whole or part on the ground that it is privileged or otherwise not discoverable, state:

 (a) the date of the document;

 (b) the name of each person to whom the document is addressed;

 (c) the name of each person, other than the addressee (s), to whom the document has been sent or shown, or by whom it has been reviewed;

 (d) the name of each person who signed or authored the document;

 (e) the title and job description of each person identified in (b), (c), and (d) above;

 (1) the subject of the document and the number of pages in the document;

 (g) the specific privilege claimed and the grounds for any such claim; and

 (h) the name and address of the person who has custody of the document.

9. If any requested document or other document potentially relevant to this action is subject to destruction under any document retention or destruction program, the document(s) should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this lawsuit or unless otherwise permitted by the Court.

10. All documents requested are to be produced in a form which renders the documents susceptible to copying and examination for content in the language or numeric al expression of the original.

11. Unless otherwise expressly stated, the documents covered by this request include any documents that were generated, created, circulated, dated or otherwise came into existence during the period of January 1, 2001 to present.

12. Each request for production of documents herein shall be construed as continuing in nature, requiring supplemental responses as soon as further or different documents responsive to any request are discovered or obtained at any time prior to any judgment on the merits.

## DOCUMENTS TOBE PRODUCED

### REQUEST FOR PRODUCTION NO. 1

All contracts, agreements or other similar documents which form the basis for the assertion in Magten's June 1, 2007 Response and Objection to Interrogatory No. 1 contained in NorthWestern Corporation's First Set of Interrogatories to Magten Asset Management Corporation, that at the time of the filing of the First Amended Complaint, Magten had "investment authority" over more than 33% the QUIPS.

### REQUEST FOR PRODUCTION NO.2

All contracts, agreements or other similar documents which form the basis for the assertion in Magten's June 1, 2007 Response and Objection to Interrogatory No. 3 contained in NorthWestern Corporation's First Set of Interrogatories to Magten Asset Management Corporation, that Magten has "investment authority" over "The Account of: Talton R. Embry C/F Talton Oliver Tenney Embry UGMAINY c/o Magten Asset Mgmt" as referenced in document Bates numbered Magten (NOR) 00008.

**REQUEST FOR PRODUCTION NO.3**

All contracts, agreements or other similar documents which form the basis for the assertion in Magten's June 1, 2007 Response and Objection to Interrogatory No. 4 contained in NorthWestern Corporation's First Set of Interrogatories to Magten Asset Management Corporation, that Magten has "investment authority" over "The Account of Magten Group Trust 1/29/96 Custodial Trust Company Ttee Attn: Kevin Darmody" as referenced in document Bates numbered Magten (NOR) 000009.

**REQUEST FOR PRODUCTION NO.4**

All contracts, agreements or other similar documents which form the basis for your assertion in Magten's June 1, 2007 Response and Objection to Interrogatory No.5 contained in NorthWestern Corporation's First Set of Interrogatories to Magten Asset Management Corporation, that Magten has "investment authority" over "The Account of Talton R. Embry Cust for Eleanor L. Embry UGMAINY c/o Magten Asset Mgmt Corp" as referenced in document Bates numbered Magten (NOR) 000010.

**REQUEST FOR PRODUCTION NO. 5**

All contracts, agreements or other similar documents which form the basis for the assertion in Magten's June 1, 2007 Response and Objection to Interrogatory No. 6 contained in NorthWestern Corporation's First Set of Interrogatories to Magten Asset Management Corporation, that Magten has "investment authority" over "MET Embry IRA" as referenced in document Bates numbered Magten (H&K) 000026.

**REQUEST FOR PRODUCTION NO.6**

All contracts, agreements or other similar documents which form the basis for the assertion in Magten's June 1, 2007 Response and Objection to Interrogatory No.7 contained in NorthWestern Corporation's First Set of Interrogatories to Magten Asset Management

Corporation, that Magten has "investment authority" over "Sebonac RD" as referenced in document Bates numbered Magten (H&K) 000026.

**REQUEST FOR PRODUCTION NO. 7**

All contracts, agreements or other similar documents which form the basis for your assertion in Magten' s June 1, 2007 Response and Objection to Interrogatory No.8 contained in NorthWestern Corporation' s First Set of Interrogatories to Magten Asset Management Corporation, that Magten has "investment authority" over "TR Embry IRA" as referenced in document Bates numbered Magten (H&K) 000026.

**REQUEST FOR PRODUCTION NO. 8**

All contracts, agreements or other similar documents which form the basis for the assertion in Magten's June 1, 2007 Response and Objection to Interrogatory No. 9 contained in NorthWestern Corporation's First Set of Interrogatories to Magten Asset Management Corporation, that Magten has "investment authority" over "TRE Personal" as referenced in document Bates numbered Magten (H&K) 000026.

**REQUEST FOR PRODUCTION NO.9**

All contracts, agreements or other similar documents which form the basis for the assertion in Magten's June 1, 2007 Response and Objection to Interrogatory No.1 0 contained in North Western Corporation's First Set of Interrogatories to Magten Asset Management Corporation, that Magten has "investment authority" over "Embry Doris" as referenced in document Bates numbered Magten (H&K) 000027.

**REQUEST FOR PRODUCTION NO. 10**

All contracts, agreements or other similar documents which form the basis for the assertion in Magten's June 1, 2007 Response and Objection to Interrogatory No. **11** contained in

NorthWestern Corporation's First Set of Interrogatories to Magten Asset Management Corporation, that Magten has "investment authority" over "Embry/Kammerer" as referenced in document Bates numbered Magten (H&K) 000027.

**REQUEST FOR PRODUCTION NO. 11**

All contracts, agreements or other similar documents which form the basis for the assertion in Magten's June 1, 2007 Response and Objection to Interrogatory No. 12 contained in North Western Corporation's First Set of Interrogatories to Magten Asset Management Corporation, that Magten has "investment authority" over "Magten Group TR" as referenced in document Bates numbered Magten (H&K) 000027.

**REQUEST FOR PRODUCTION NO. 12**

All contracts, agreements or other similar documents which form the basis for the assertion in Magten's June 1, 2007 Responses and Objections to Interrogatory No. 13 contained in NorthWestern Corporation's First Set of Interrogatories to Magten Asset Management Corporation, that Magten has "investment authority" over "Magten Partners" as referenced in document Bates numbered Magten (H&K) 000029.

**REQUEST FOR PRODUCTION NO. 13**

All contracts, agreements or other similar documents relating to Magten's investment authority over any other accounts which hold the QUIPS and which are not referenced in the Requests for Production Nos. 2 through 12 above.