IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAGTEN ASSET MANAGEMENT CORP., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 05-499 (JJF) |
| ) | |
| MICHAEL J. HANSON and ERNIE J. KINDT, ) | |
| ) | |
| Defendants. ) | |

**NON-PARTY TALTON R. EMBRY'S OBJECTION TO
MIKE J. HANSON AND ERNIE J. KINDT'S SUBPOENA DUCES TECUM**

Pursuant to Rules 26, 34 and 45 of the Federal Rules of Civil Procedure ("FRCP"), non-party Talton R. Embry hereby objects to Mike J. Hanson and Ernie J. Kindt's subpoena of Mr. Embry, dated June 18, 2007 (the "Subpoena") to the extent it commands the production of documents, as follows:

**GENERAL OBJECTIONS AND RESERVATIONS**

1.  Mr. Embry objects to the Subpoena to the extent that it calls for the production of documents in addition to oral testimony, because it was served in violation of the Court's Scheduling Order which required all discovery to be propounded at a time calculated to be completed by May 2. Hanson and Kindt never sought any relief from the Scheduling Order in this regard either prior to or after May 2. The May 2 deadline applies to all discovery, including requests for productions of documents, excepting only the completion of the taking of depositions which deadline was extended to June 30 by the Special Master. In addition, even if the Special Master had extended the deadline for other fact discovery to June 30, which he did not, the Subpoena does not contemplate the production of documents until July 12. Mr. Embry's

agreement to be deposed after June 30 at the request of and for the convenience of counsel for Hanson and Kindt did not constitute consent for Hanson and Kindt to serve additional document discovery. In addition, Magten Asset Management Corporation's ("Magten") responses to NorthWestern Corporation's ("NorthWestern") Second Request for Productions of Documents and NorthWestern's First Set of Interrogatories were expressly made voluntarily and did not contemplate or encompass discovery requests that were not extent at that time. Accordingly, Mr. Embry will not produce any documents in response to the Subpoena and Mr. Embry reserves all of his rights with respect to these objections and any potential subsequent use of these objections in these proceedings.

2.   Mr. Embry objects to the Subpoena as it is invalid on its face, as it was issued by the United States District Court for the District of Delaware but calls for the production of documents outside of that district in violation of Rule 45(a)(2)(C) of the FRCP.

3.   Mr. Embry objects to the Subpoena to the extent that it purports to seek any documentation Mr. Embry's might possess other than in his personal capacity. To the extent that Hanson and Kindt are seeking documentation in the possession, custody or control of Magten, a subpoena served pursuant to Rule 45 of the FRCP on an individual non-party is not an appropriate mechanism for seeking documents in possession of a corporate party.

4.   Mr. Embry objects to the Subpoena to the extent it calls for the production of documents or information which are equally or more readily available to Hanson and Kindt, or which are not in the possession, custody or control of Mr. Embry. Mr. Embry also objects to the Subpoena to the extent that it calls for the production of documents in the possession of outside counsel. Mr. Embry will not produce such documents and notes that Hanson and Kindt have not produced documents in the possession of outside counsel. Mr. Embry can only be expected to

respond to document requests on behalf of himself and not on behalf of any other affiliates, corporations, agents or individuals.

5.    Mr. Embry objects to the Subpoena to the extent that it seeks information that is protected from disclosure by the attorney-client privilege or the work-product doctrine, or which falls within any other privilege, immunity, protection, statute, regulation, rule, or restriction.

6.    Mr. Embry objects to the Subpoena to the extent that it seeks information or documents available to Hanson and Kindt through public sources or records on the grounds that it is burdensome and duplicative, and such materials will not be produced.

7.    Mr. Embry objects to the Subpoena to the extent that it seeks information and/or documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

8.    Mr. Embry objects to the Subpoena to the extent that it seeks information and/or documents concerning the identity of accounts that are managed by Magten but belong to persons not affiliated with Magten as such information is confidential, irrelevant to the subject matter and not reasonably calculated to lead to the discovery of admissible evidence.

9.    Mr. Embry submits these objections without conceding the relevance or materiality of the subject matter of any document or document request, and without prejudice to Mr. Embry's right to object to further discovery, or to object to their admissibility at trial or at any other proceeding.

10.    Mr. Embry objects to the definition of "document" to the extent it purports to require Mr. Embry to produce more than one identical copy of the same item.

11.    Mr. Embry hereby incorporates all other contentions, objections and/or limitations asserted in all of Magten's prior discovery responses in this action, including without limitation

Magten's June 1, 2007 Response and Objection to NorthWestern's First Set of Interrogatories to Magten. The fact that such contentions, objections and/or limitations may not be repeated here shall not be deemed a waiver of any kind.

## OBJECTIONS TO REQUESTS FOR PRODUCTION

### REQUEST NO. 1

All contracts, agreements or other similar documents which form the basis for the assertion in Magten's June 1, 2007 Response and Objection to Interrogatory No. 1 contained in NorthWestern Corporation's First Set of Interrogatories to Magten Asset Management Corporation, that at the time of the filing of the First Amended Complaint, Magten had "investment authority" over more than 33% of the QUIPS.

### OBJECTIONS TO REQUEST NO. 1

Mr. Embry incorporates by reference the General Objections set forth above as though fully set forth herein. Mr. Embry objects to Request No. 1 to the extent that it requests the production of documents from Magten, a corporate party while the Subpoena was served on Mr. Embry, an individual non-party. Mr. Embry objects to Request No. 1 on the grounds that it is vague and ambiguous. Mr. Embry further objects to Request No. 1 on the grounds that it seeks information neither relevant to the issues in this matter nor reasonably calculated to lead to the discovery of admissible evidence. Mr. Embry also objects to Request No. 1 on the ground that it is unduly burdensome.

### REQUEST NO. 2

All contracts, agreements or other similar documents which form the basis for the assertion in Magten's June 1, 2007 Response and Objection to Interrogatory No. 3 contained in NorthWestern Corporation's First Set of Interrogatories to Magten Asset Management

Corporation, that Magten has "investment authority" over "The Account of: Talton R. Embry C/F Talton Oliver Tenney Embry UGMAINY c/o Magten Asset Mgmt" as referenced in document Bates numbered Magten (NOR) 000008.

**OBJECTIONS TO REQUEST NO. 2**

Mr. Embry incorporates by reference the General Objections set forth above as though fully set forth herein. Mr. Embry objects to Request No. 2 to the extent that it requests the production of documents from Magten, a corporate party while the Subpoena was served on Mr. Embry, an individual non-party. Mr. Embry objects to Request No. 2 on the grounds that it is vague and ambiguous. Mr. Embry further objects to Request No. 2 on the grounds that it seeks information neither relevant to the issues in this matter nor reasonably calculated to lead to the discovery of admissible evidence. Mr. Embry also objects to Request No. 2 on the ground that it is unduly burdensome.

**REQUEST NO. 3**

All contracts, agreements or other similar documents which form the basis for the assertion in Magten's June 1, 2007 Response and Objection to Interrogatory No. 4 contained in NorthWestern Corporation's First Set of Interrogatories to Magten Asset Management Corporation, that Magten has "investment authority" over "The Account of Magten Group Trust 1/29/96 Custodial Trust Company Ttee Attn: Kevin Darmody" as referenced in document Bates numbered Magten (NOR) 000009.

**OBJECTIONS TO REQUEST NO. 3**

Mr. Embry incorporates by reference the General Objections set forth above as though fully set forth herein. Mr. Embry objects to Request No. 3 to the extent that it requests the production of documents from Magten, a corporate party while the Subpoena was served on

Mr. Embry, an individual non-party. Mr. Embry objects to Request No. 3 on the grounds that it is vague and ambiguous. Mr. Embry further objects to Request No. 3 on the grounds that it seeks information neither relevant to the issues in this matter nor reasonably calculated to lead to the discovery of admissible evidence. Mr. Embry also objects to Request No. 3 on the ground that it is unduly burdensome.

**REQUEST NO. 4**

All contracts, agreements or other similar documents which form the basis for the assertion in Magten's June 1, 2007 Response and Objection to Interrogatory No. 5 contained in NorthWestern Corporation's First Set of Interrogatories to Magten Asset Management Corporation, that Magten has "investment authority" over "The Account of Talton R. Embry Cust for Eleanor L. Embry UGMAINY c/o Magten Asset Mgmt Corp" as referenced in document Bates numbered Magten (NOR) 000010.

**OBJECTIONS TO REQUEST NO. 4**

Mr. Embry incorporates by reference the General Objections set forth above as though fully set forth herein. Mr. Embry objects to Request No. 4 to the extent that it requests the production of documents from Magten, a corporate party while the Subpoena was served on Mr. Embry, an individual non-party. Mr. Embry objects to Request No. 4 on the grounds that it is vague and ambiguous. Mr. Embry further objects to Request No. 4 on the grounds that it seeks information neither relevant to the issues in this matter nor reasonably calculated to lead to the discovery of admissible evidence. Mr. Embry also objects to Request No. 4 on the ground that it is unduly burdensome.

**REQUEST NO. 5**

All contracts, agreements or other similar documents which form the basis for the assertion in Magten's June 1, 2007 Response and Objection to Interrogatory No. 6 contained in NorthWestern Corporation's First Set of Interrogatories to Magten Asset Management Corporation, that Magten has "investment authority" over "The MET Embry IRA" as referenced in document Bates numbered Magten (H&K) 000026.

**OBJECTIONS TO REQUEST NO. 5**

Mr. Embry incorporates by reference the General Objections set forth above as though fully set forth herein. Mr. Embry objects to Request No. 5 to the extent that it requests the production of documents from Magten, a corporate party while the Subpoena was served on Mr. Embry, an individual non-party. Mr. Embry objects to Request No. 5 on the grounds that it is vague and ambiguous. Mr. Embry further objects to Request No. 5 on the grounds that it seeks information neither relevant to the issues in this matter nor reasonably calculated to lead to the discovery of admissible evidence. Mr. Embry also objects to Request No. 5 on the ground that it is unduly burdensome.

**REQUEST NO. 6**

All contracts, agreements or other similar documents which form the basis for the assertion in Magten's June 1, 2007 Response and Objection to Interrogatory No. 7 contained in NorthWestern Corporation's First Set of Interrogatories to Magten Asset Management Corporation, that Magten has "investment authority" over "Sebonac RD" as referenced in document Bates numbered Magten (H&K) 000026.

**OBJECTIONS TO REQUEST NO. 6**

Mr. Embry incorporates by reference the General Objections set forth above as though fully set forth herein. Mr. Embry objects to Request No. 6 to the extent that it requests the production of documents from Magten, a corporate party while the Subpoena was served on Mr. Embry, an individual non-party. Mr. Embry objects to Request No. 6 on the grounds that it is vague and ambiguous. Mr. Embry further objects to Request No. 6 on the grounds that it seeks information neither relevant to the issues in this matter nor reasonably calculated to lead to the discovery of admissible evidence. Mr. Embry also objects to Request No. 6 on the ground that it is unduly burdensome.

**REQUEST NO. 7**

All contracts, agreements or other similar documents which form the basis for the assertion in Magten's June 1, 2007 Response and Objection to Interrogatory No. 8 contained in NorthWestern Corporation's First Set of Interrogatories to Magten Asset Management Corporation, that Magten has "investment authority" over "TR Embry IRA" as referenced in document Bates numbered Magten (H&K) 000026.

**OBJECTIONS TO REQUEST NO. 7**

Mr. Embry incorporates by reference the General Objections set forth above as though fully set forth herein. Mr. Embry objects to Request No. 7 to the extent that it requests the production of documents from Magten, a corporate party while the Subpoena was served on Mr. Embry, an individual non-party. Mr. Embry objects to Request No. 7 on the grounds that it is vague and ambiguous. Mr. Embry further objects to Request No. 7 on the grounds that it seeks information neither relevant to the issues in this matter nor reasonably calculated to lead to the

discovery of admissible evidence. Mr. Embry also objects to Request No. 7 on the ground that it is unduly burdensome.

**REQUEST NO. 8**

All contracts, agreements or other similar documents which form the basis for the assertion in Magten's June 1, 2007 Response and Objection to Interrogatory No. 9 contained in NorthWestern Corporation's First Set of Interrogatories to Magten Asset Management Corporation, that Magten has "investment authority" over "TRE Personal" as referenced in document Bates numbered Magten (H&K) 000026.

**OBJECTIONS TO REQUEST NO. 8**

Mr. Embry incorporates by reference the General Objections set forth above as though fully set forth herein. Mr. Embry objects to Request No. 8 to the extent that it requests the production of documents from Magten, a corporate party while the Subpoena was served on Mr. Embry, an individual non-party. Mr. Embry objects to Request No. 8 on the grounds that it is vague and ambiguous. Mr. Embry further objects to Request No. 8 on the grounds that it seeks information neither relevant to the issues in this matter nor reasonably calculated to lead to the discovery of admissible evidence. Mr. Embry also objects to Request No. 8 on the ground that it is unduly burdensome.

**REQUEST NO. 9**

All contracts, agreements or other similar documents which form the basis for the assertion in Magten's June 1, 2007 Response and Objection to Interrogatory No. 10 contained in NorthWestern Corporation's First Set of Interrogatories to Magten Asset Management Corporation, that Magten has "investment authority" over "Embry Doris" as referenced in document Bates numbered Magten (H&K) 000027.

**OBJECTIONS TO REQUEST NO. 9**

Mr. Embry incorporates by reference the General Objections set forth above as though fully set forth herein. Mr. Embry objects to Request No. 9 to the extent that it requests the production of documents from Magten, a corporate party while the Subpoena was served on Mr. Embry, an individual non-party. Mr. Embry objects to Request No. 9 on the grounds that it is vague and ambiguous. Mr. Embry further objects to Request No. 9 on the grounds that it seeks information neither relevant to the issues in this matter nor reasonably calculated to lead to the discovery of admissible evidence. Mr. Embry also objects to Request No. 9 on the ground that it is unduly burdensome.

**REQUEST NO. 10**

All contracts, agreements or other similar documents which form the basis for the assertion in Magten's June 1, 2007 Response and Objection to Interrogatory No. 11 contained in NorthWestern Corporation's First Set of Interrogatories to Magten Asset Management Corporation, that Magten has "investment authority" over "Embry/Kammerer" as referenced in document Bates numbered Magten (H&K) 000027.

**OBJECTIONS TO REQUEST NO. 10**

Mr. Embry incorporates by reference the General Objections set forth above as though fully set forth herein. Mr. Embry objects to Request No. 10 to the extent that it requests the production of documents from Magten, a corporate party while the Subpoena was served on Mr. Embry, an individual non-party. Mr. Embry objects to Request No. 10 on the grounds that it is vague and ambiguous. Mr. Embry further objects to Request No. 10 on the grounds that it seeks information neither relevant to the issues in this matter nor reasonably calculated to lead to the

discovery of admissible evidence. Mr. Embry also objects to Request No. 10 on the ground that it is unduly burdensome.

**REQUEST NO. 11**

All contracts, agreements or other similar documents which form the basis for the assertion in Magten's June 1, 2007 Response and Objection to Interrogatory No. 12 contained in NorthWestern Corporation's First Set of Interrogatories to Magten Asset Management Corporation, that Magten has "investment authority" over "Magten Group TR" as referenced in document Bates numbered Magten (H&K) 000027.

**OBJECTIONS TO REQUEST NO. 11**

Mr. Embry incorporates by reference the General Objections set forth above as though fully set forth herein. Mr. Embry objects to Request No. 11 to the extent that it requests the production of documents from Magten, a corporate party while the Subpoena was served on Mr. Embry, an individual non-party. Mr. Embry objects to Request No. 11 on the grounds that it is vague and ambiguous. Mr. Embry further objects to Request No. 11 on the grounds that it seeks information neither relevant to the issues in this matter nor reasonably calculated to lead to the discovery of admissible evidence. Mr. Embry also objects to Request No. 11 on the ground that it is unduly burdensome.

**REQUEST NO. 12**

All contracts, agreements or other similar documents which form the basis for the assertion in Magten's June 1, 2007 Response and Objection to Interrogatory No. 13 contained in NorthWestern Corporation's First Set of Interrogatories to Magten Asset Management Corporation, that Magten has "investment authority" over "Magten Partners" as referenced in document Bates numbered Magten (H&K) 000029.

**OBJECTIONS TO REQUEST NO. 12**

Mr. Embry incorporates by reference the General Objections set forth above as though fully set forth herein. Mr. Embry objects to Request No. 12 to the extent that it requests the production of documents from Magten, a corporate party while the Subpoena was served on Mr. Embry, an individual non-party. Mr. Embry objects to Request No. 12 on the grounds that it is vague and ambiguous. Mr. Embry further objects to Request No. 12 on the grounds that it seeks information neither relevant to the issues in this matter nor reasonably calculated to lead to the discovery of admissible evidence. Mr. Embry also objects to Request No. 12 on the ground that it is unduly burdensome.

**REQUEST NO. 13**

All contracts, agreements or other similar documents relating to Magten's investment authority over any other accounts which hold the QUIPS and which are not referenced in the Requests for Production Nos. 2 through 12 above.

## OBJECTIONS TO REQUEST NO. 13

Mr. Embry incorporates by reference the General Objections set forth above as though fully set forth herein. Mr. Embry objects to Request No. 13 to the extent that it requests the production of documents from Magten, a corporate party while the Subpoena was served on Mr. Embry, an individual non-party. Mr. Embry objects to Request No. 13 on the grounds that it is vague and ambiguous. Mr. Embry further objects to Request No. 13 on the grounds that it seeks information neither relevant to the issues in this matter nor reasonably calculated to lead to the discovery of admissible evidence. Mr. Embry also objects to Request No. 13 on the ground that it is unduly burdensome.

Dated: Wilmington, Delaware
       July 2, 2007

BLANK ROME LLP

By: _/s/ Dale R. Dubé_
Dale R. Dubé (No. 2863)
David W. Carickhoff, Jr. (No. 3715)
1201 Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 425-6400
Facsimile: (302) 425-6464

OF COUNSEL:

Bonnie Steingart
Gary Kaplan
John W. Brewer
FRIED, FRANK, HARRIS, SHRIVER
 & JACOBSON LLP
One New York Plaza
New York, New York 10004
Telephone: (212) 859-8000
Facsimile: (212) 859-4000

Counsel for Non-Party Talton R. Embry

13

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of July, 2007, I served by hand delivery and electronic filing the NON-PARTY TALTON R. EMBRY'S OBJECTION TO MIKE J. HANSON AND ERNIE J. KINDT'S SUBPOENA DUCES TECUM, using CM/ECF which will send notification of such filing(s) to the following:

Denise Seastone Kraft, Esquire
Edwards Angell Palmer & Dodge LLP
919 North Market Street, 15th Floor
Wilmington, DE 19801

Kathleen M. Miller, Esquire
Smith Katzenstein & Furlow LLP
800 Delaware Avenue
P. O. Box 410
Wilmington, DE 19899

Victoria Watson Counihan, Esquire
Dennis A. Meloro, Esquire
Greenberg Traurig LLP
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801

I also certify that, on this 2nd day of July, 2007, I served the aforementioned document, by e-mail and Federal Express, upon the following participants:

Stanley T. Kaleczyc, Esquire
Kimberly A. Beatty, Esquire
Browning, Kaleczyc, Berry & Hoven, P.C.
139 North Last Chance Gulch
P.O. Box 1697
Helena, Mt 59624

John V. Snellings, Esquire
Amanda D. Darwin, Esquire
Nixon Peabody LLP
100 Summer Street
Boston, Massachusetts 02110-1832

Steven J. Reisman, Esquire
Joseph D. Pizzurro, Esquire
Nancy E. Delaney, Esquire
Miriam K. Harwood, Esquire
Curtis, Mallet-Prevost, Colt & Mosle LLP
101 Park Avenue
New York, New York 10178-0061

_/s/ Dale R. Dubé_
Dale R. Dubé (No. 2863)

120087.01600/40169640v.1