IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAGTEN ASSET MANAGEMENT CORP. <br> and LAW DEBENTURE TRUST COMPANY <br> OF NEW YORK, <br><br> Plaintiffs, <br> v. <br><br> NORTHWESTERN CORPORATION, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 04-1494-JJF <br> ) <br> ) <br> ) <br> ) <br> ) |
| MAGTEN ASSET MANAGEMENT CORP., <br><br> Plaintiff, <br> v. <br><br> MIKE J. HANSON and ERNIE J. KINDT, <br><br> Defendants. | ) <br> ) <br> ) <br> ) Civil Action No. 05-499-JJF <br> ) <br> ) <br> ) <br> ) <br> ) |

**REPORT AND RECOMMENDATION OF SPECIAL MASTER
WITH RESPECT TO APPLICATION OF DEFENDANTS
TO COMPEL PLAINTIFF, MAGTEN ASSET MANAGEMENT CORP.,
TO PRODUCE DOCUMENTS**

1.  On February 8, 2006, the Honorable Joseph J. Farnan, Jr. appointed me to serve as Special Master in the above-referenced actions.

**Defendants' Application**

2.  On May 2, Judge Farnan advised me that he was referring certain motions filed by Plaintiffs and Defendants in the above-captioned action.

3.  One of those motions was Plaintiffs' Emergency Motion Seeking Orders (a) Shortening the Briefing Schedule under Local Rule 7.1.2 and Setting a Hearing Date Before the Special Master; (b) Determining Privilege Status of Documents Northwestern Seeks to Recall

Under Claim of Inadvertent Production and Privilege; (c) Compelling Northwestern to Produce Non-Privileged Documents; (d) Compelling Northwestern to Produce Legible Versions of Documents Produced in Illegible Form; (e) Extending the Period for Completing Depositions; and (f) Assessing Fees and Costs Against Northwestern ("Plaintiffs' Emergency Motion Seeking Orders, etc."). The current application by Defendants concerns that part of the above motion relating to the extension of time to complete depositions, subsection (e) above.

4. Consistent with the Court's direction to me, I heard oral argument on the parties' motions, including the above-referenced Plaintiffs' Emergency Motion Seeking Orders, etc., on May 18, 2007.

5. Subsequently, I issued a Report and Recommendation of Special Master with Respect to Certain Discovery Motions Filed by Plaintiffs and Defendants dated June 1, 2007 (the "June 1 Report and Recommendation") that was docketed by the Court on June 4, 2007 (Docket Nos. 201 and 202).

6. On June 26, 2007, the Court issued an Order adopting the June 1 Report and Recommendation, no objections having been filed with respect to that Report and Recommendation (Docket No. 212).

7. After the hearing held on May 18, 2007, in the above-referenced actions, Defendant Northwestern Corporation ("Northwestern") filed and served a Third Request for Production of Documents Directed to Plaintiff Magten Asset Management Corp. ("Magten") on June 8, 2007. Northwestern's Third Request contained 13 document requests, all of which related to Magten Asset Management Corporation's "investment authority" with respect to certain of the QUIPS that were purchased by Magten. Of course, Magten's purchase of the

2

QUIPS constitutes the principal basis for Plaintiff Magten's common law fraud claims in the above-referenced actions.

8. The cutoff for written fact discovery in the above actions, as set by the Court, was May 2, 2007. That was also the deadline for the completion of deposition fact discovery.

9. As part of Plaintiffs' Emergency Motion Seeking Orders, etc., Plaintiffs sought the extension of the fact discovery period, for depositions only, until some later point in time. No party, including Defendants Northwestern, Hanson, and Kindt, filed a motion requesting that the ***written fact discovery period be extended as well***.

10. On July 10, 2007, counsel for Defendants applied to me by letter for an emergency conference to address the position taken by Plaintiff Magten that it was not obligated to respond to Defendant Northwestern's Third Request for Production of Documents. The urgency of this request arose in the context of the scheduling of the deposition, on July 12, 2007, of Magten's Rule 30(b)(6) witness, Talton Embry, a principal in Plaintiff Magten. In the letter from counsel for Defendant Northwestern, requesting the emergency hearing, counsel asserted that, "[i]t is Northwestern's understanding . . . that the June 30 deadline applied to all fact discovery. Indeed, during the May 18 hearing, the discussion of this issue focused upon a general extension of discovery." July 10, 2007 Letter from Joseph D. Pizzarro to Special Master John E. James at p. 2.

11. Counsel for Defendants Hanson and Kindt also wrote to me on July 10, 2007 joining in the application of Defendant Northwestern. Counsel for Defendants Hanson and Kindt had separately served Magten's Rule 30(b)(6) designee, Mr. Embry, with a subpoena *ad testificandum* and *duces tecum* on or about June 18, 2007. The subpoena *duces tecum* sought production of essentially the same documents that were the subject of Defendant Northwestern's

Third Request for Production of Documents. Like Defendant Northwestern's document requests, Defendants Hanson and Kindt's subpoena *duces tecum* was also filed after May 2, 2007.

12. Finally, counsel for Plaintiff Magten replied on July 10, 2007 to the letters from counsel for the Defendants, objecting to any further written fact discovery because in their view no party had requested an extension of written fact discovery in the motions referred to me for decision. Also, Plaintiff Magten asserted that during the May 18, 2007, hearing with respect to Plaintiffs' Emergency Motion Seeking Orders, etc., the issue of an extension of discovery was addressed and I ordered an extension to June 30, 2007, but only as to deposition fact discovery, not written fact discovery.

13. I convened a hearing by telephone at 2:00 P.M. on July 10, 2007 in response to Defendants' emergency application. A copy of the transcript of that hearing is attached hereto as Exhibit A and incorporated by reference as if fully set forth herein.

14. During the hearing, counsel for Defendants, notwithstanding the earlier representations by counsel for Defendant Northwestern, conceded that no party had moved for an extension of the written fact discovery period in the above-referenced actions and that in my Bench Ruling of May 18, 2007 on the fact discovery extension issue, as well as in my Report and Recommendation dated June 1, 2007, I specifically held that only an extension for deposition fact discovery would be permitted and that the deadline for that discovery would be June 30, 2007.[1]

---

[1] I also ruled that to the extent that the schedule of counsel and the deponents, especially counsel for Defendants Hanson and Kindt (who were facing trial preparation obligations in another action during the month of June) necessitated some flexibility with respect to the timing of deposition fact discovery that it would be permitted upon mutual consent of the parties, and that

4

15. Specifically, in my June 1 Report and Recommendation, I held as follows with respect to Plaintiff's request for an extension with respect to deposition fact discovery:

> I determined at the hearing on May 18 that Plaintiffs had demonstrated good cause with respect to both of their applications for additional depositions, as well as for an extension of the discovery cutoff date. Accordingly, as reflected in the Bench Ruling that appears at page 191, line 21, through page 199, line 7, each side will be permitted to take 15 depositions ***and the revised fact deposition cutoff date*** will be moved from May 2 until June 30, 2007.

June 1 Report and Recommendation of Special Master at ¶30 (emphasis added). As reflected in my Bench Ruling of July 10, 2007, that is attached hereto as Exhibit A (at page 23, line 9, through page 26, line 1), after hearing argument as to whether Defendants had demonstrated good cause to obtain further written fact discovery, I held that good cause was lacking.

16. I have determined in my Bench Ruling of July 10, 2007 and reiterate here that Defendants should have propounded written discovery concerning the subject matters of the Defendant Northwestern's Third Request for Production of Documents and Defendants Hanson and Kindt's subpoena *duces tecum* before the May 2 written fact discovery cutoff. The subject matter of the untimely written discovery of Defendants is so basic and fundamental to the case that Defendants should have been able to discern the relevance of such material from earlier discovery made by Plaintiff Magten and should have propounded the more specific discovery requests that are the subject of Northwestern's Third Request for Production of Documents and the Hanson and Kindt subpoena *duces tecum* earlier in this action. Counsel for Plaintiff Magten represented that it had previously produced information to Defendants that would have provided Defendants with the necessary information to enable them to seek the more detailed document

---

leave would be given to the parties to return to me in the event that a dispute concerning the scheduling of a deposition arose.

5

production that is now being sought in the untimely Northwestern Third Request for Production of Documents and the Hanson and Kindt subpoena *duces tecum*.

17. Accordingly, Defendants' application to require Plaintiff Magten to respond to the written discovery requests contained in Defendant Northwestern's Third Request for Production of Documents and Defendants Hanson and Kindt's subpoena *duces tecum* is DENIED.

18. This Report and Recommendation will become a final order of the Court unless objection is timely taken in accordance with the provisions of Fed. R. Civ. P. 53(g).

IT IS SO ORDERED this 13th day of July, 2007.

John E. James
Special Master

cc: The Honorable Joseph J. Farnan, Jr.
Dale R. Dube, Esquire
Victoria Watson Counihan, Esquire
Denise Seastone Kraft, Esquire
Kathleen M. Miller, Esquire

806766/30048-001