IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAGTEN ASSET MANAGEMENT CORPORATION, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 05-499-JJF |
| MIKE J. HANSON and ERNIE J. KINDT, | : |
| Defendants. | : |

**MAGTEN ASSET MANAGEMENT CORPORATION'S AND LAW
DEBENTURE TRUST COMPANY OF NEW YORK'S
RENEWED MOTION FOR LEAVE TO AMEND THE COMPLAINT**

Pursuant to this Court's June 8, 2007 Order, Plaintiff Magten Asset Management Corporation ("Magten") and Proposed Co-Plaintiff Law Debenture Trust Company of New York ("Law Debenture") (together, "Movants") respectfully submit this Renewed Motion for Leave to Amend the Complaint (the "Motion"), and in support thereof state as follows.[1]

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Magten filed this action on April 15, 2004 in the U.S. District Court for the District of Montana. It was subsequently transferred to this District on motion of defendants Hanson and Kindt. The action alleges that Hanson and Kindt breached their fiduciary duties as officers of the entity now known as Clark Fork and Blackfoot LLC ("Clark Fork") by facilitating the November

---

[1] Pursuant to Local Civil Rule 15.1, a proposed amended complaint is attached hereto as Exhibit A and a redline showing changes from the prior pleading is attached as Exhibit B. With the exception of a few changes to correct typographical errors, stylistic inconsistencies, and the like, the proposed amended complaint is substantially identical to that previously submitted to the Court on March 9, 2007 as an exhibit to D.I. 153.

1

15, 2002 transaction which stripped Clark Fork of substantially all of its assets for the benefit of its controlling equityholder NorthWestern Corporation ("NorthWestern").

Prior to transfer, defendants Hanson and Kindt filed both a Rule 12(b)(6) motion to dismiss the complaint herein and a Rule 56 motion for summary judgment, both of which were denied in their entirety in written opinions by Judge Cebull of the District of Montana. See Exhs. C (opinion dated April 18, 2005 denying 12(b)(6) motion); and D (opinion dated January 27, 2005 denying summary judgment motion). In denying the summary judgment motion, Judge Cebull expressly held that the undisputed fact that Magten had purchased its QUIPs subsequent to the transaction at issue was not relevant, because under the governing documents Magten had standing to assert the rights of the trust which had issued the QUIPs (Montana Power Capital I -- the "Trust"), which itself had been a creditor of Clark Fork at the time of the transaction. See Exh. D at 6-7. After these motions were denied, Hanson and Kindt then answered the complaint on April 21, 2005.[2]

On January 12, 2007, this Court issued an opinion in case no. 04-1256, which had been consolidated with this case for discovery, granting the motion of defendant Paul Hastings et al. for judgment on the pleadings (the "January 12 Decision").[3]

On February 1, 2007, Hanson and Kindt filed a motion for leave to file a dispositive motion based on the January 12 Decision [D.I. 141], which this court ultimately denied in its June 8 Order. At no time from Judge Cebull's denial of their prior motions and the filing of their

---

[2]  However, Hanson and Kindt had not raised any argument in either of their unsuccessful motions before Judge Cebull that Magten's claims were derivative in nature and/or barred by section 35-8-1104 of the Montana Code (which they apparently now wish to rely on), nor did they raise such contentions in their answer, or in any other fashion at any time prior to January 2007, almost three years after the complaint was filed.

[3]  Magten is the plaintiff in that action, although it is represented by different counsel than those that represent it in this action. Magten has appealed the January 12 Decision to the Third Circuit.

answer until after the January 12 Decision had Hanson or Kindt suggested that the existing complaint herein was legally insufficient and/or that they would seek to relitigate its adequacy.

However, once Hanson and Kindt indicated that, despite Judge Cebull's prior decisions, they would seek to relitigate the adequacy of the existing complaint based on the alleged applicability by analogy of the January 12 Decision, counsel for Magten consulted with counsel for Law Debenture, which was already a plaintiff in the related action (no. 04-1494) against NorthWestern.

Law Debenture is the successor indenture trustee, property trustee, and guarantee trustee under the legally operative documents governing the QUIPs and the underlying Clark Fork debt securities held by the Trust. The primary factual ground for the January 12 Decision, that Magten had not owned any QUIPs at the time of the transaction complained of, is not applicable to Law Debenture. Moreover, Judge Cebull had expressly rejected Hanson and Kindt's summary judgment motion premised on the timing of Magten's QUIPs ownership, and had held (directly contrary to this Court's ruling on a similar issue in the January 12 Decision) that Magten had standing to assert the rights of the Trust for which Law Debenture is trustee. Accordingly, Law Debenture had relied on that fact and Judge Cebull's holding in connection with its prior consideration of whether it ought to seek to join this action as a co-plaintiff.

Pursuant to the scheduling order (D.I. 121), the deadline for motions for leave to amend pleadings was February 2, 2007. Because of possible uncertainty as to the applicability of that deadline under the unusual circumstances, and because Hanson and Kindt's counsel refused to stipulate to an extension of that deadline, Magten and Law Debenture filed a motion for leave to amend the complaint (including adding Law Debenture as a co-plaintiff) on an emergency basis in order to protect their rights. See D.I. 142.

3

On June 8, 2007 the Court denied Hanson and Kindt's motion for leave to file a dispositive motion ahead of the time set forth in the scheduling order. Since Magten and Law Debenture's motion for leave to amend had been brought as a defensive response to the potential dispositive motion Hanson and Kindt had sought leave to file in February, the Court also denied the motion for leave to amend as premature, specifying that the denial was with leave to renew at the appropriate time.

Pursuant to the Scheduling Order, as amended on October 18, 2007, dispositive motions are to be filed by today, November 30, 2007. Accordingly, as contemplated by the June 8, 2007 Order, Magten and Law Debenture are now renewing their motion to amend the complaint, in anticipation of a dispositive motion by Hanson and Kindt based on the same arguments previously raised in their motion for leave to file a dispositive motion.[4] Magten does not concede the validity of those arguments, and will oppose them on their merits at the appropriate time, but to the extent the Court might be inclined to grant such a motion, Magten and Law Debenture believe that any perceived issue based on the timing of Magten's purchase of QUIPs (as well as any issue of whether the breach of fiduciary duty claims against Hanson and Kindt should be considered derivative versus direct) can be fully cured by the proposed amendment, including the addition of Law Debenture as a co-plaintiff.

## ARGUMENT

Leave to amend should of course be "freely given when justice so requires." Fed. R. Civ. P. 15(a). Under controlling Third Circuit precedent, there is an strong presumption in favor of granting leave to amend where a motion to dismiss appears to be meritorious, unless it is

---

[4]   While the renewed motion for leave to amend might more appropriately be filed simultaneously with Magten's opposition to Hanson and Kindt's dispositive motion (due on December 21) rather than on the deadline for that motion, Magten and Law Debenture have elected to err on the side of caution and file this motion now, to avoid any unnecessary dispute over the timing of the renewed motion and to ensure that it may be fully briefed on the same schedule set for dispositive motions.

absolutely clear that any amendment would be futile. See Shane v. Fauver, 213 F.3d 113, 115-16 (3d Cir. 2000) ("[I]f a claim is vulnerable to dismissal under Rule 12(b)(6), but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency.") See also Adams v. Gould Inc., 739 F.2d 858 (3d Cir. 1984) (abuse of discretion for district court to deny leave to file amended complaint even after granting summary judgment in favor of defendant on theories pled in initial complaint).

Accordingly, Magten and Law Debenture hereby renew their request for leave to amend the existing complaint in this action and to join Law Debenture as a co-plaintiff. Beyond a few housekeeping changes intended to, e.g., address the transfer of the case from Montana to this district and the confirmation of NorthWestern's chapter 11 plan, the only substantive changes in the proposed amended complaint (Exh. A) are: (a) adding Law Debenture as a co-plaintiff; and (b) repleading the existing breach of fiduciary duty claims in the alternative as derivative claims as well as direct claims. These amendments would not change the underlying factual dispute, nor would they expose the defendants to greater or different potential damages exposure, since Magten has been litigating all along not only for itself but on behalf of the Trust for which Law Debenture serves as trustee.

Although leave to amend should be "freely given," in considering the issue, a District Court has the discretion to deny a motion to amend if it is apparent from the record that: (1) the moving party has demonstrated undue delay, bad faith, or dilatory motives; (2) the amendment would be futile; or (3) the amendment would prejudice the other party. See Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000). None of these considerations that might support denial of the Motion is present here.

5

### A. There Has Been No Undue Delay, Bad Faith, or Dilatory Motive

As explained above, Movants bring this motion pursuant to the Court's June 8, 2007 Order and in anticipation of a dispositive motion to be filed by Hanson and Kindt raising the same issues they attempted to raise in their motion for leave to file a dispositive motion. Movants first raised this issue prior to the deadline in the scheduling order for a motion for leave to amend (as well as the subsequent deadline for leave to join additional parties) and have renewed it at this time pursuant to this Court's guidance. Moreover, Movants raised the issue promptly (indeed, on an emergency basis) after learning that Hanson and Kindt sought to file a dispositive motion inconsistent with the prior rulings of Judge Cebull.

### B. The Amendments Are Not Futile

The key aspect of the January 12 Decision Hanson and Kindt hope to benefit from is its holding that Magten was not an appropriate plaintiff under a particular Montana statute (Montana Code § 35-8-1104(2)(a)) because it did not own QUIPS as of the date of the transaction complained of. Hanson and Kindt had apparently not previously considered this statute relevant to the issue of Magten's standing or the sufficiency of the complaint, as they had failed to cite it in any of the briefs filed in support of their unsuccessful motions before Judge Cebull, who expressly held that the timing of Magten's purchases did not affect its ability to sue, especially given its contractual right to assert the rights of the Trust. There is no dispute that the Trust owned the underlying debt securities issued by Clark Fork at all relevant points in time.

To the extent Hanson and Kindt are permitted to relitigate the issue of the relevance of the timing of Magten's purchases, any potential issues arising from that timing would be cured by the addition of Law Debenture. Hanson and Kindt cannot dispute that Law Debenture, as

120087.01600/40172448v.1

...

trustee, may assert the rights of the Trust, which was undisputedly a creditor of Clark Fork at the relevant time.[5]

Any claim that Law Debenture should not be permitted to join as a co-plaintiff because the statute of limitations has allegedly run against it is without merit. As of the time of the supposed expiration of the limitations period (November 2005, three years after the improper asset-stripping transaction facilitated by Hanson and Kindt), Judge Cebull had expressly held that Magten had standing to assert the Trust's rights and Hanson and Kindt were making no effort to relitigate that issue, thus making it unnecessary for Law Debenture to seek to join the action. Judge Cebull's decisions remain the law of the case today. All the addition of Law Debenture would do is change the entity asserting the Trust's rights.

Under these circumstances, whether considered under Rule 15(c) or Rule 17(a), the addition of Law Debenture would relate back to the initial filing of the complaint and no statute of limitations issued would be presented. Garr v. Clayville, 71 F.R.D. 553 (D. Del. 1976) (analyzing joinder of additional plaintiff as relating back to filing of initial complaint under Rule 15(c) and thus rejecting limitations argument); Warpar Mfg. Corp. v. Ashland Oil, Inc., 102 F.R.D. 749 (N.D. Ohio 1983) (same result based on analysis under Rule 17(a)). In Garr, Judge Schwartz held that relation back applied when "the plaintiff sought to be added is closely identified with the original plaintiff and seeks to assert a claim so close to that of the original plaintiff that it is clear no prejudice arises even if technically a new cause of action is being asserted." Garr, 71 F.R.D. at 556. Here, Law Debenture is unquestionably closely identified with Magten (as the trustee of the Trust of which Magten is a beneficiary) and would be asserting the same causes of action as Magten -- not just close but technically distinct claims.

---

[5] Law Debenture is incorporated in, and has its principal place of business in, New York. Since the defendants are citizens of Montana and South Dakota, adding Law Debenture would not affect the existence of diversity jurisdiction.

Moreover, any rule to the contrary would require wasteful and duplicative litigation. Law Debenture (and, more to the point, the Trust and the other QUIPS holders the trustee represents) would be penalized for its failure to intervene despite the fact that, as of the date of the alleged running of the limitations period, the appropriate court had affirmatively ruled that Magten could litigate, and was litigating, on behalf of the Trust. For Law Debenture and other potential parties in similar situations to be compelled to file protective lawsuits of their own to avoid allegations they had "slept on their rights" if a controlling decision in pending litigation were subsequently revisited would be absurd. This is precisely the reason for the rule of American Pipe & Constr. Co. v. Utah, 414 U.S. 538 (1974), holding that absent parties whose interests are apparently being represented in pending litigation by others (in that case, a would-be representative plaintiff in a class action) can rely on a tolling of any limitations period unless and until a court rules that the party in the pending litigation is not entitled to represent their rights. See also Yang v. Odom, 392 F.3d 97, 99 (3d Cir. 2004) ("American Pipe tolling applies to the filing of a new class action where certification was denied in the prior suit based on the lead plaintiffs' deficiencies as class representatives"). Even if Law Debenture's claims did not otherwise relate back, American Pipe and Yang would require tolling of the limitations period here.

Separately, repleading in the alternative to add a derivative claim based on the same underlying facts would not change the nature of the case, the amount of defendants' financial exposure, or the scope of necessary discovery. Given that the only entity on which a prefiling demand to bring breach of fiduciary duty claims against Hanson and Kindt could have been made was NorthWestern (Clark Fork's sole member and manager), and that: (a) NorthWestern was the direct beneficiary of Hanson and Kindt's breaches of duty; (b) Hanson and Kindt have

8

claimed that they are immune from liability because they acted at NorthWestern's express direction; and (c) NorthWestern has vigorously denied any liability to Magten and Law Debenture arising from the very same transaction, the futility of prefiling demand can be easily pled, as is shown by the proposed amended complaint submitted herewith. See Metro Communication Corp. BVI v. Advanced MobileComm Technologies, Inc., 854 A.2d 121, 164-65 (Del. Ch. 2004) (ordering certain claims repled as derivative claims and noting that it appeared from the facts that demand would be excused but that demand excusal should be formally alleged in the amended pleading).

### C. The Amendment Would Not Prejudice Defendants

The proposed amendment would not prejudice defendants, because it would not change the nature of the case or the amount of defendants' financial exposure, since Magten has been litigating the rights of the trust all along. Moreover, since the substance of the proposed amendment is the same as was initially proposed at the beginning of February, Hanson and Kindt were fully aware of the proposed amendment as fact discovery proceeded throughout the spring and summer and were thus able to take it into account to the extent they deemed appropriate in conducting that discovery.

### CONCLUSION

For all of the foregoing reasons, the Motion should be granted, with such other and further relief as may be just and proper.

Dated: Wilmington, Delaware
November 30, 2007

BLANK ROME LLP


_____/s/ Dale R. Dubé_____
Dale R. Dubé (DE No. 2863)
1201 Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 425-6400
Facsimile: (302) 425-6464

- and -

**FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP**
Bonnie Steingart
Gary Kaplan
John W. Brewer
One New York Plaza
New York, NY 10004
Telephone: (212) 859-8000
Facsimile: (212) 859-4000

Counsel for Magten Asset Management Corporation


Dated: Wilmington, Delaware
November 30, 2007

**SMITH KATZENSTEIN & FURLOW LLP**


_____/s/ Kathleen M. Miller_____
Kathleen M. Miller
800 Delaware Avenue
P.O. Box 410
Wilmington, DE 19899
Telephone: (302) 652-8400
Facsimile: (302) 652-8405

- and -

10

**NIXON PEABODY LLP**
John V. Snellings
Amanda D. Darwin
100 Summer Street
Boston, MA 02110-2131
Telephone:  (617) 345-1000
Facsimile:    (617) 345-1300

Counsel for Law Debenture Trust Company of New York

11