# EXHIBIT C



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | | |
|---|---|---|
| MAGTEN ASSET MANAGEMENT CORPORATION, | ) ) ) | Cause No. CV-04-26-BU-RFC |
| Plaintiff, | ) ) | |
| vs. | ) ) | ORDER |
| MIKE J. HANSON AND ERIE J. KINDT, | ) ) | |
| Defendants. | ) ) ) | |

## BACKGROUND

On February 15, 2002, pursuant to the terms of a Unit Purchase Agreement ("UPA") entered into between NorthWestern, as purchaser, and Montana Power Company ("MPC") and Touch America Holdings, Inc. ("TAH"), as sellers, NorthWestern acquired sole unit interest in Montana Power, LLC ("MPLLC"). Two days previously, as part of a corporate reorganization of MPC into TAH, the electric and natural gas transmission and distribution assets of MPC, as well as MPC's interest in the Milltown Dam, was transferred from MPC to MPLLC. The assets and liabilities transferred to MPLLC were certain 8.45% Junior Subordinated Debentures due in 2036 which had been issued by MPC in or about 1996. The interest paid on these Junior Debentures

created the cash flow to make dividend payments on certain Series A 8.45% Quarterly Income Preferred Securities ("QUIPS") which had previously been issued by Montana Power Capital I (The "Trust"). The sole assets of the Trust are the Junior Debentures. Plaintiff Magten is a holder of 33% of the Series A 8.45% QUIPS, with a principal face value in excess of $20 million.

In August 2002, NorthWestern authorized and directed the transfer of the electric and natural gas transmission and distribution assets and liabilities held by its subsidiary to it, the parent corporation. The transfer was effected on November 15, 2002. The Montana Utility Assets and Liabilities transferred included the obligations associated with the Junior Debentures and QUIPS. Other assets and liabilities remained with the limited liability company, whose name was changed to Clark Fork and Blackfoot, LLC. Pursuant to the operation of the QUIPS Trust Documents, as amended on or about August 13, 2002, upon the closing of the transfer, Magten ceased to be a creditor of Clark Fork and became a creditor of NorthWestern only.

Subsequently, on September 14, 2003, NorthWestern filed a voluntary petition for reorganization in bankruptcy pursuant to Chapter 11 of the Bankruptcy Code. Magten filed an adversary proceeding against NorthWestern in the bankruptcy proceeding. On April 19, 2004 Magten filed a complaint against Officers of Clark Fork, Mike J. Hanson, Jack D. Haffey, Ernie J. Kindt and Ellen Senechal, alleging that Defendants had breached a fiduciary duty to Plaintiff because Clark Fork transferred certain assets and liabilities of Clark Fork (the "Montana Utility Assets and Liabilities") to its corporate parent and sole owner, NorthWestern.

Defendants Hanson and Kindt have moved to dismiss the complaint for the following reasons: (1) as a matter of law, only the member of a limited liability company, in this case

2

NorthWestern, has the legal authority to order the transfer of assets and liabilities out of a limited liability company; (2) as a matter of law, Defendants owed no fiduciary duty to Magten; and (3) the terms of the relevant documents on which Magten bases its claim permitted the transfer of Montana Utility Assets and Liabilities from Clark Fork to NorthWestern.

## STANDARD OF REVIEW

In considering a motion to dismiss pursuant to Rule 12(b)(6) Fed. R. Civ. P. the Court must accept as true all well-pleaded allegations of fact in the complaint and construe them in the light most favorable to the plaintiffs. *Burgert v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000). Dismissal for failure to state a claim is appropriate if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957).

## ANALYSIS

1) **Do only the members of a limited liability company have the legal authority to order the transfer of assets and liabilities out of a limited liability company?**

Defendants argue that only the members have the authority to transfer all or substantially all of the limited liability company's assets. Defendants assert that because NorthWestern was the sole Member of Clark Fork, they could merely carry out the directives of the Member and Manager and had no individual authority or power to bind or prevent Clark Fork from transferring the Montana Utility Assets and Liabilities from Clark Fork to NorthWestern.

Pursuant to the Montana Limited Liability Company Act, *"unless the articles of*

3

*organization or the operating agreement provide otherwise*, the only matters of a member-managed or manager-managed company's business requiring the consent of all of the members are . . . the sale, lease, exchange or other disposal of all, or substantially all, of the company's property with or without goodwill." Mont. Code Ann. §35-8-307(3)(l) (Emphasis added).

Because this Court was not provided with a copy of the operating agreement for Clark Fork and Black Foot, LLC, it is unable to determine whether only the members of the limited liability company have the legal authority to order the transfer of assets and liabilities out of the limited liability company. The language of Montana's Limited Liability Company Act clearly allows for the possibility of the operating agreement to authorize officers to sell, lease, exchange or dispose of the company's property.

2) **Did Defendants owe a fiduciary duty to Magten, as one of Clark Fork's creditors?**

Defendants allege that NorthWestern was and is the sole Member and Manager of Clark Fork, and therefore, NorthWestern, as either Member or Manager, owes the fiduciary duties of loyalty and care to Clark Fork, so the Officers of Clark Fork have no duties or obligations conferred upon them by the Montana Limited Liability Company Act. This Court previously ruled in its January 27, 2005 Order that despite Judge Case's judicial determination that Magten never was a creditor of Clark, Magten is not precluded from asserting a breach of fiduciary duty claim.

4

3)  **Do the relevant documents on which Magten bases its claim permit the transfer of Montana Utility Assets and Liabilities from Clark Fork to NorthWestern?**

Defendants argue the Indenture and its supplements expressly state that a transfer of assets conducted in accordance with section 1101 of the Indenture has the affect of releasing the predecessor entity of all obligations under the Indenture or any Outstanding Securities thereunder. Defendants assert that this Indenture controls the rights of Plaintiff and Plaintiff should not be allowed to object to acts that were performed in accordance with the terms of the Indenture. Plaintiffs rebut this by arguing that there was no authorization for the transaction where the entity purportedly assuming Clark Fork's obligations to the Trust and the holders of the QUIPS were already insolvent and would never be able to meet the obligations.

Defendant is correct in that the Indenture does not expressly require the entity assuming the obligation be solvent. However, the Court must accept as true all well-pleaded allegations of fact in the complaint and construe them in the light most favorable to the plaintiffs. The Indenture at section 112 provides that it is governed by New York law and in *Blackman v. Estate of Battcock*, 587 N.E.2d 280, 285 (N.Y. 1991), the Court stated that the aim of the contract interpretation is not simply mechanical application of the literal language of the contract, but also consideration of what may reasonably be implied from the language in effectuating the parties' purpose in entering the contract. Further, as correctly stated by Plaintiff, the Indenture is subject to the inherent covenant of good faith and fair dealing. The covenant of good faith and fair dealing "is violated when a party to a contract acts in a manner that, although not expressly forbidden by any contractual provision, would deprive the other of the right to receive the

5

benefits under the agreement." *Don King Productions, Inc. v. Douglas*, 742 F.Supp.741 (S.D.N.Y. 1990). There is a concern as to whether it is good faith and fair dealing in carrying out a transaction in which Clark Fork will be released of all further obligations under the Indenture because its obligations have been assumed by another entity which is known to be insolvent.

For the foregoing reasons, Defendants' Motion to Dismiss [*doc. #4*] is **DENIED**. The Clerk of Court is directed to notify the parties of the making of this Order.

DATED this 12 day of April, 2005.

Richard F. Cebull
U.S. DISTRICT COURT JUDGE

4/1/05  CA.

A. Kaleczyc
K. Beatty
B. Heisgart
J. Brewer
J. Goetz
J. Geddes

6