# EXHIBIT D

FILED
BILLINGS DIV.

2005 JAN 27 PM 2 07

PATRICK E. DUFFY, CLERK

BY _____

DEPUTY CLERK

22

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | | |
|---|---|---|
| MAGTEN ASSET MANAGEMENT CORPORATION, | ) ) ) | Cause No. CV-04-26-BU-RFC |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | **ORDER** |
| MIKE J. HANSON AND ERIE J. KINDT, | ) ) ) | |
| Defendants. | ) ) | |

RECEIVED
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## **BACKGROUND**

0 5 - 4 9 9

On February 15, 2002, pursuant to the terms of a Unit Purchase Agreement ("UPA") entered into between NorthWestern, as purchaser, and Montana Power Company ("MPC") and Touch America Holdings, Inc. ("TAH"), as sellers, NorthWestern acquired sole unit interest in Montana Power, LLC ("MPLLC"). Two days previously, as part of a corporate reorganization of MPC into TAH, the electric and natural gas transmission and distribution assets of MPC, as well as MPC's interest in the Milltown Dam, was transferred from MPC to MPLLC. The assets and liabilities transferred to MPLLC were certain 8.45% Junior Subordinated Debentures due in 2036 which had been issued by MPC in or about 1996. The interest paid on these Junior Debentures

created the cash flow to make dividend payments on certain Series A 8.45% Quarterly Income Preferred Securities ("QUIPS") which had previously been issued by Montana Power Capital I (The "Trust"). The sole assets of the Trust are the Junior Debentures. Plaintiff Magten is a holder of 33% of the Series A 8.45% QUIPS, with a principal face value in excess of $20 million.

In August 2002, NorthWestern authorized and directed the transfer of the electric and natural gas transmission and distribution assets and liabilities held by its subsidiary to it, the parent corporation. The transfer was effected on November 15, 2002. The Montana Utility Assets and Liabilities transferred included the obligations associated with the Junior Debentures and QUIPS. Other assets and liabilities remained with the limited liability company, whose name was changed to Clark Fork and Blackfoot, LLC. Pursuant to the operation of the QUIPS Trust Documents, as amended on or about August 13, 2002, upon the closing of the transfer, Magten ceased to be a creditor of Clark Fork and became a creditor of NorthWestern only.

Subsequently, on September 14, 2003, NorthWestern filed a voluntary petition for reorganization in bankruptcy pursuant to Chapter 11 of the Bankruptcy Code. Magten filed an adversary proceeding against NorthWestern in the bankruptcy proceeding. On April 19, 2004 Magten filed a complaint against Officers of Clark Fork, Mike J. Hanson, Jack D. Haffey, Ernie J. Kindt and Ellen Senechal, alleging that Defendants had breached a fiduciary duty to Plaintiff because Clark Fork transferred certain assets and liabilities of Clark Fork (the "Montana Utility Assets and Liabilities") to its corporate parent and sole owner, NorthWestern.

Defendants have moved the Court for summary judgment on the grounds that Magten was not a creditor of Clark Fork, and therefore, Clark Fork does not have standing to assert a creditor's claim and Defendants owe no duty to Magten.

## STANDARD OF REVIEW

Summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Summers v. Teichert & Son, Inc.*, 127 F.3d 1150 (9th Cir. 1997) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)). Even if the evidence is merely colorable or is not significantly probative, a grant of summary judgment is still appropriate. *Eisenberg v. Insurance Co. of North America*, 815 F.2d 1285, 1288 (9th Cir. 1987). The party moving for summary judgment bears the initial burden of proof to identify the absence of a genuine issue of material fact.

Once the moving party has satisfied this burden, the opposing party must set forth specific facts showing there remains a genuine issue for trial, in order to defeat the motion. Fed.R.Civ.P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Kaiser Cement Corp. v. Fischback & Moore, Inc.*, 793 F.2d 1100, 1103-04 (9th Cir. 1986) (*cert. denied* 479 U.S. 949 (1986)). Mere existence of a scintilla of evidence in support of the plaintiff's position is insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. *Anderson*, 477 U.S. at 252.

3

## ANALYSIS

I.     **Does a prior judicial determination that Magten was not a creditor of Clark Fork and Magten's admission it was not a Creditor of Clark Fork at the time of the transaction result in Magten not having standing to assert a creditor's claim that Defendant owed a duty to Magten?**

Defendants argue that it has been judicially determined that Magten never was a creditor of Clark Fork and Magten has admitted that it was not a creditor of Clark Fork at the time of the transaction, and therefore, Clark Fork does not have standing to assert a creditor's claim and Defendants owe no duty to Magten.

In an opinion dated July 23, 2004, Hon. Charles B. Case, II, who is presiding over Northwestern's bankruptcy held as follows:

> The Debtor [Northwestern] has consistently alleged, and Magten has never disputed, that Magten did not own any of the debentures prior to the time the assets were transferred to the Debtor [Northwestern]. Rather, Magten acquired the debentures after the transaction was complete. Therefore, the Debtor [Northwestern] asserts and Magten has not disputed, that Magten was never a creditor of Clark Form at a time when Clark Form had the disputed energy assets. Rather, Magten became a holder of the debentures only after the transaction was completed and was a matter of public record.
>
> \*     \*     \*
>
> As noted above, Magten was not a creditor of Clark Form at the time the transaction took place. Rather, it only became a creditor of the Debtor [Northwestern] after the Debtor [Northwestern] assumed the liability associated with the junior subordinated debenture initially issued by Montana Power Company. Thus, Magten is not only not a party directly affected by the transaction -- such as Clark Fork itself – but it was also not an indirect party at the time the transaction took place.

Memorandum Decision at 3, 6-7.

4

This Court may take judicial notice of the adjudicative facts determined by Judge Case in the Bankruptcy proceedings and entered in his July 23, 2004 Memorandum and Order. Fed.R.Evid. 201. Defendants argue that Judge Case's finding that Magten was not a creditor of Clark Fork is dispositive of the issues in this case and rely on the theories of issue preclusion and collateral estoppel to support their argument that summary judgment should be granted in their favor.

However, as pointed out Plaintiffs, Judge Case did not hold that Magten lacked standing to challenge the validity of the transaction. Judge Case's decision did not even address Magten's standing to sue here, but rather decided that NorthWestern's counsel would not be disqualified from representing the debtor in the ongoing Bankruptcy proceeding. Judge Case did not address Magten's ability to pursue damage claims with respect to the QUIPS against Defendants, NorthWestern, or any other entity. Accordingly, Magten's standing to pursue their breach of fiduciary duty claim has not been precluded by Judge Case's decision.

Defendants further argue that Magten has admitted it was not a creditor of Clark Fork at the time of the transfer. Magten concedes that it has never claimed to be a creditor of Clark Fork at the time of the transaction and it was not necessary for Magten to be a creditor. Magten's standing to pursue the breach of fiduciary duty claim derives from the Trustee, who failed to enforce the Trust's rights and the QUIPS holders who were Magten's predecessors in interest.

5

II.     Did Magten's Acquisition of QUIPS After-the-Fact and with Full Knowledge
        of the Transfer Preclude Magten from Alleging Innocence?

Defendants argue that Tolton Embry, Magten's sole owner, testified at his deposition that
he acquired his interest in the QUIPS with full knowledge of the Transfer of the Montana Utility
Assets and Liabilities to NorthWestern before his first acquisition of QUIPS.  Magten has
conceded that it knew the transfer to NorthWestern had occurred prior to acquisition of the
QUIPS.  Defendants cite no specific authority in support of their position that because Magten
knew of the Transfer of the Montana Utility Assets and Liabilities to NorthWestern it is
precluded from making a claim for breach of fiduciary duty.   Instead, Defendants rely on general
maxims of legal jurisprudence.  Without providing further specific authority in support of their
position, Defendants' argument must fail.[1]

III.    Can Magten Stand in the Shoes of its Predecessor-in-Interest to Assert its
        Creditor Status?

Defendants argue that Magten is precluded from asserting a claim for breach of fiduciary
duty because the claim was not conveyed or assigned to Magten in writing, and Defendants rely
upon Mont. Code Ann. § 30-1-206, to support their argument, which states:

---

[1]As an aside, Magten cites to *United States ex rel. Hill v. Teledyne, Inc.*, 103 F.3d 143 (9th Cir. 1996) in
support of their argument.  However, this is an unpublished opinion and Magten gave no indication to the Court in
their argument that said opinion was unpublished.  Further, the Federal Rules of Appellate Procedure with Ninth
Circuit Rules and Circuit Committee Notes Rule 36-3 specifically states that unpublished dispositions and orders of
the Ninth Circuit are not binding precedent and a copy of any cited unpublished disposition or order must be
attached to the document in which it is cited, as an appendix.  Counsel for Magten should take note of and abide by
Rule 36-3 for all future filings with this Court.

6

> (1) Except in the cases described in subsection (2) a contract for the sale of
> personal property is not enforceable by way of action or defense beyond
> $5,000 in amount or value of remedy unless there is some writing which
> indicates that a contract for sale has been made between the parties at a
> defined or stated price, reasonably identifies the subject matter, and is
> signed by the party against whom enforcement is sought or by the party's
> authorized agent.

However, a further reading of Mont. Code Ann. § 30-1-206(2), supports Plaintiff's

argument that Mont. Code Ann. § 30-1-206 is inapplicable because Mont. Code Ann. § 30-1-

206(2) states that subsection (1) of the statute does not apply to contracts for the sale of goods

(30-2-201) nor of securities (30-8-123) nor to security agreements (30- 9A-203).

Further, Section 610 of the Indenture provides that if the Property Trustee "fails to

enforce its rights with respect to the Securities or the related Trust Agreement, a holder of

Preferred Securities may institute legal proceedings directly against the Company to enforce the

Property Trustee's rights with respect to the Securities or such Trust Agreement, to the fullest

extent permitted by law . . ." The Trustee did not bring a claim against Defendants, and Magten

is acting as an express third party beneficiary to the Indenture. Therefore, Defendants's argument

fails.

## IV.    Did Magten Waive Complaints Stemming from the Transfer?

Defendant argues that Magten waived any complaints it may have from the transfer

because Magten's predecessor and the Trustee acquiesced to the transfer. Magten relies on case

law from other jurisdictions in support of their argument that waiver is a question of fact for the

jury and summary judgment is appropriate only when waiver is the sole reasonable inference that

can be drawn from the evidence (cited by Magten as *Lynch v. CIBY 2000*, No. Civ.A 97-9022,

1998 U.S. Dist. LEXIS 23497, *13-14 (D.Cal., July 6, 1998). Magten also argues that failure to

7

object immediately to a party's unlawful act does not by itself constitute a waiver. *See* 28 Am. Jur. 2d Estoppel and Waiver § 209; *Hansen v. 75 Ranch Company*, 1998 MT 77, 957 P.2d 32.

It appears that this argument or a similar argument has appeared before Judge Case, and in his August 20, 2004 Opinion, Judge Case discusses Magten's allegations that Defendants had a fraudulent intent and whether NorthWestern's assumption of obligations pursuant to the transaction was meaningless. Magten asserts that the Second and Third Supplemental Indentures were executed at a time when the only financial information publicly available concerning NorthWestern's financial condition were fraudulent and, therefore, the execution of the supplement indentures cannot be deemed a waiver of a right to assert a claim based upon the transaction. Because of these allegations by Magten, there appears to be several issues of material fact raised by Magten which would be best left to a jury's determination.

For the foregoing reasons, Defendants' Motion for Summary Judgment (*Doc. #14*) is DENIED. The Clerk of Court is directed to notify the parties of the making of this Order.

DATED this 27 day of January, 2005.

Richard F. Cebull
U.S. DISTRICT COURT JUDGE

CERTIFICATE OF MAILING
DATE: 1-27-05 BY: ____
I hereby certify that a copy
of this order was mailed to:
J. Goetz,
J. Devian Geddes
B. Steingart
J. Brewer
K. Beatty
S. Kaleczye

8