# APPENDIX EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| IN RE:<br><br>NORTHWESTERN CORPORATION,<br><br>    Reorganized Debtor. | : Chapter 11<br>:<br>: Case No. 03-12872 (JLP)<br>:<br>: |
| MAGTEN ASSET MANAGEMENT<br>CORPORATION,<br><br>    Appellants,<br><br>v.<br><br>NORTHWESTERN CORPORATION,<br><br>    Appellee. | :<br>:<br>:<br>:<br>:<br>: **CONSOLIDATED**<br>: Civil Action No. 04-1389-JJF<br>:<br>:<br>:<br>:<br>: |

Bonnie Steingart, Esquire and Gary Kaplan, Esquire of FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP, New York, New York.
Mark J. Packel, Esquire and Elio Battista, Jr., Esquire of BLANK ROME LLP, Wilmington, Delaware.

Attorneys for Appellant, Magten Asset Management Corporation.

Jesse H. Austin, III of PAUL, HASTINGS, JANOFSKY & WALKER LLP, Atlanta, Georgia.
Kristine M. Shryock, Esquire of PAUL, HASTINGS, JANOFSKY & WALKER, LLP, New York, New York.
Adam D. Cole, Esquire of GREENBERG TRAURIG, LLP.
Scott D. Cousins, Esquire; Victoria Watson Counihan, Esquire; William E. Chipman, Jr., Esquire; Dennis A. Meloro, Esquire of GREENBERG TRAURIG, LLP, Wilmington, Delaware.
Attorneys for Debtor/Appellee, Northwestern Corporation.

Alan W. Kornberg, Esquire; Margaret A. Phillips, Esquire and Ephraim I. Diamond, Esquire of PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP, New York, New York.

Neil B. Glassman, Esquire and Charlene Davis, Esquire of THE
BAYARD FIRM, Wilmington, Delaware.

Attorneys for Appellee, the Plan Committee.

---

**MEMORANDUM OPINION**

September 2?, 2006
Wilmington, Delaware

Farnan, District Judge.

Presently before the Court is a Motion (i) To Dismiss Consolidated Appeals Of Magten Asset Management Corporation; And (ii) For Leave To Submit Opening Brief Which Exceeds 40 Pages (D.I. 67) filed by the Reorganized Debtor, Northwestern Corporation ("Northwestern").[1]  For the reasons discussed, the Court will grant Northwestern's Motion.

## I. PARTIES' CONTENTIONS

By its Motion, Northwestern requests the Court, pursuant to Rule 8011 of the Federal Rules of Bankruptcy Procedure, to enter an order dismissing the appeal filed by Magten Asset Management Corporation ("Magten") of (1) the Bankruptcy Court's October 19, 2004 Order (the "Confirmation Order") confirming the Debtor's Second Amended And Restated Plan Of Reorganization (the "Plan"), and (2) the Bankruptcy Court's October 14, 2004 Order approving the Memorandum of Understanding.  By its Motion, Northwestern contends that Magten's appeal is equitably moot.  The Plan Committee has filed a Motion For Joinder In Support Of Northwestern's Motion To Dismiss Consolidated Appeals Of Magten

---

[1]  In addition, Magten Asset Management Corporation has filed a Motion For Leave Pursuant To Local Rule 7.1.2(c), To Respond To D.I. 98 (D.I. 100), which the Court will grant.

1

Asset Management Corporation echoing the arguments raised by Northwestern.[2]

In response, Magten contends that its appeal is not equitably moot. Although Magten acknowledges that the Plan has been substantially consummated and it was unable to obtain a stay of the Bankruptcy Court's Orders, Magten contends that the Court can still fashion relief without unraveling the Plan and without negatively affecting the rights of third parties.

## II. DISCUSSION

"Under the doctrine of equitable mootness, an appeal should be dismissed, even if the court has jurisdiction and could fashion relief, if the implementation of that relief would be inequitable." In re Continental Airlines ("Continental II"), 203 F.3d 203, 209 (3d Cir. 2000). The determination of whether an appeal is equitably moot requires a "discretionary balancing of equitable and prudential factors." In re Continental Airlines ("Continental I"), 91 F.3d 553, 560 (3d Cir. 1996). Specifically,

---

[2] Magten opposes the Plan Committee's request for joinder, contending that the Plan Committee does not have standing to join this appeal. In the Court's view, resolution of the Plan Committee's standing is not necessary to address this appeal, because the Plan Committee has advanced the same arguments as Northwestern. Regardless of its standing, the Plan Committee is at least an "interested party" within the meaning of Section 1109(b) of the Bankruptcy Code, and therefore, the Court will grant the Motion For Joinder and allow the Plan Committee to be heard in connection with this appeal.

2

the Court of Appeals for the Third Circuit has recognized five factors that should be considered in evaluating whether an appeal should be dismissed under the doctrine of equitable mootness:

> (1) whether the reorganized plan has been substantially consummated; (2) whether a stay has been obtained; (3) whether the relief requested would affect the rights of parties not before the Court; (4) whether the relief requested would affect the success of the plan; and (5) the public policy of affording finality of bankruptcy judgments.

Continental I, 91 F.3d at 560.

Applying these factors to the circumstances in this case, the Court concludes that Magten's appeal should be dismissed under the doctrine of equitable mootness. Though not dispositive in and of itself, the Court's "foremost consideration must be whether the reorganized plan has been substantially consummated." In re SLI, 2006 U.S. App. LEXIS 5188, *5 (3d Cir. Mar. 1, 2006). Here, Magten agrees with Northwestern that the Plan has been substantially consummated. Magten also acknowledges that it was ultimately unsuccessful in its attempts to secure a stay of the Bankruptcy Court's order; however, Magten contends that the Court can still fashion relief for Magten which would not unravel the Plan or affect third parties' rights. The Court disagrees. The remedy Magten proposes is for Northwestern to assume that Magten will be successful in the related adversary proceeding challenging Northwestern's pre-petition transfer of certain energy and natural gas transmission and distribution assets (the "QUIPS litigation").

3

Magten seeks 100% recovery of its claim, which amounts to an additional $18.5 million. Magten contends that Northwestern is currently financially sound, and therefore, this relief will not have any impact on the rights of third parties that may have relied on the Confirmation Order. However, what Magten fails to recognize is that the relief it seeks substantially modifies its treatment under the Plan, and it is the successful negotiation and implementation of that very Plan which has allowed Northwestern to regain its financial footing. As Northwestern correctly points out, Magten is attempting to "claim[] the fruits of the other creditors' compromises and discharge of claims." (D.I. 61 at 9). The Court agrees with Northwestern that allowing Magten to obtain a higher recovery than the Plan provides would adversely affect the creditors who participated in the bankruptcy proceedings by diluting the amounts that they are entitled to under the Plan. Magten's claims have been grouped under the Plan with the claims of other general unsecured creditors in Class 9. Class 9 creditors will ultimately receive allocated common stock based upon allowed claims and what remains in reserve for disputed claims. To allow Magten to receive $18.5 million more than any other similarly situated Class 9 claimants, would dilute the recovery of the remaining Class 9 claimants and allow for an

4

unequal distribution which is neither provided for nor permitted by the Plan.

To the extent that Magten suggests that Northwestern can remit this payment from its current operations, the Court concludes that such a payment will also negatively impact Northwestern's shareholders and its new lenders and creditors. Thus, the Court concludes that the relief Magten seeks will negatively affect third parties and jeopardize the Plan which was approved overwhelmingly by the creditors in this case. In addition, the Court concludes that the public policy affording finality to bankruptcy judgments weighs in favor of dismissing Magten's appeal. The Court agrees with Northwestern that it would be manifestly unfair to allow Magten to receive 100% of its claims post-confirmation while other creditors have been induced to reach compromises with respect to their claims during the Plan negotiations.

In sum, the Court concludes that the factors relevant to a determination of equitable mootness weigh in favor of dismissing Magten's appeal. Accordingly, the Court will grant Northwestern's Motion.

### III. CONCLUSION

For the reasons discussed, the Court will grant Northwestern's Motion (i) To Dismiss Consolidated Appeals Of Magten Asset Management Corporation; And (ii) For Leave To Submit

Opening Brief Which Exceeds 40 Pages. The Court will also grant the Plan Committee's Motion For Joinder and Magten's Motion For Leave Pursuant To Local Rule 7.1.2(c), To Respond To D.I. 98. The response attached to the Motion For Leave will be deemed filed.

An appropriate order will be entered.