# EXHIBIT
# 27

EXHIBIT
*Harm*
1

THE MONTANA POWER COMPANY

TO

THE BANK OF NEW YORK

Trustee

## *Indenture*
**(For Unsecured Subordinated Debt Securities relating to Trust Securities)**

**Dated as of November 1, 1996**

11/06/96/U3/01/04200/0130/INDENT/67891.1

NOR00921

i

## TABLE OF CONTENTS

PARTIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

RECITAL OF THE COMPANY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

ARTICLE ONE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

Definitions and Other Provisions of General Application . . . . . . . . . . . . . . . . . . . . . . . . .   1
        SECTION 101.  Definitions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1
               Act . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2
               Additional Interest . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2
               Affiliate . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2
               Authenticating Agent . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2
               Authorized Officer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2
               Board of Directors . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2
               Board Resolution . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2
               Business Day . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2
               Commission . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3
               Company . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3
               Company Request or Company Order . . . . . . . . . . . . . . . . . . . . . . .   3
               Corporate Trust Office . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3
               corporation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3
               Defaulted Interest . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3
               Dollar or $ . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3
               Event of Default . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3
               Government Obligations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3
               Governmental Authority . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4
               Guarantee . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4
               Holder . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4
               Indenture . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4
               Interest Payment Date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4
               Maturity . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4
               Officer's Certificate . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4
               Opinion of Counsel . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4
               Outstanding . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4
               Paying Agent . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5
               Person . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6
               Place of Payment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6
               Predecessor Security . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6
               Preferred Securities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6
               Property Trustee . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6
               Redemption Date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6
               Redemption Price . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6
               Regular Record Date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6
               Required Currency . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6

Note:  This table of contents shall not, for any purpose, be deemed to be part of the Indenture.

NOR009215

ii

Responsible Officer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
Securities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
Security Register and Security Registrar . . . . . . . . . . . . . . . . . . . . . . . 6
Senior Indebtedness . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
Special Record Date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
Stated Maturity . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
Successor Corporation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
Trust . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
Trust Agreement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
Trust Indenture Act . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
Trustee . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
United States . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
SECTION 102.  Compliance Certificates and Opinions . . . . . . . . . . . . . . 8
SECTION 103.  Form of Documents Delivered to Trustee . . . . . . . . . . . . . 8
SECTION 104.  Acts of Holders . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
SECTION 105.  Notices, etc. to Trustee and Company . . . . . . . . . . . . . . . 11
SECTION 106.  Notice to Holders of Securities; Waiver . . . . . . . . . . . . . . 12
SECTION 107.  Conflict with Trust Indenture Act . . . . . . . . . . . . . . . . . . 12
SECTION 108.  Effect of Headings and Table of Contents . . . . . . . . . . . . . 12
SECTION 109.  Successors and Assigns . . . . . . . . . . . . . . . . . . . . . . . . 12
SECTION 110.  Separability Clause . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
SECTION 111.  Benefits of Indenture . . . . . . . . . . . . . . . . . . . . . . . . . 13
SECTION 112.  Governing Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
SECTION 113.  Legal Holidays . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

ARTICLE TWO . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Security Forms . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
SECTION 201.  Forms Generally . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
SECTION 202.  Form of Trustee's Certificate of Authentication . . . . . . . . . 14

ARTICLE THREE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

The Securities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
SECTION 301.  Amount Unlimited; Issuable in Series . . . . . . . . . . . . . . . 15
SECTION 302.  Denominations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18
SECTION 303.  Execution, Authentication, Delivery and Dating . . . . . . . . . 18
SECTION 304.  Temporary Securities . . . . . . . . . . . . . . . . . . . . . . . . . 20
SECTION 305.  Registration, Registration of Transfer and Exchange . . . . . . 21
SECTION 306.  Mutilated, Destroyed, Lost and Stolen Securities . . . . . . . . 22
SECTION 307.  Payment of Interest; Interest Rights Preserved . . . . . . . . . 23
SECTION 308.  Persons Deemed Owners . . . . . . . . . . . . . . . . . . . . . . . 24
SECTION 309.  Cancellation by Security Registrar . . . . . . . . . . . . . . . . . 24
SECTION 310.  Computation of Interest . . . . . . . . . . . . . . . . . . . . . . . . 24
SECTION 311.  Payment to Be in Proper Currency . . . . . . . . . . . . . . . . . 25
SECTION 312.  Extension of Interest Payment . . . . . . . . . . . . . . . . . . . . 25
SECTION 313.  Additional Interest. . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

NOR009216

iii

ARTICLE FOUR . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Redemption of Securities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26
    SECTION 401. Applicability of Article . . . . . . . . . . . . . . . . . . . . . . . . 26
    SECTION 402. Election to Redeem; Notice to Trustee . . . . . . . . . . . . . . 26
    SECTION 403. Selection of Securities to Be Redeemed . . . . . . . . . . . . . 26
    SECTION 404. Notice of Redemption . . . . . . . . . . . . . . . . . . . . . . . . 27
    SECTION 405. Securities Payable on Redemption Date . . . . . . . . . . . . . 28
    SECTION 406. Securities Redeemed in Part . . . . . . . . . . . . . . . . . . . . 28

ARTICLE FIVE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

Sinking Funds . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28
    SECTION 501. Applicability of Article . . . . . . . . . . . . . . . . . . . . . . . . 28
    SECTION 502. Satisfaction of Sinking Fund Payments with Securities . . . . . . . . . . . 29
    SECTION 503. Redemption of Securities for Sinking Fund . . . . . . . . . . . . . . 29

ARTICLE SIX . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

Covenants . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30
    SECTION 601. Payment of Principal, Premium and Interest . . . . . . . . . . . . . . 30
    SECTION 602. Maintenance of Office or Agency . . . . . . . . . . . . . . . . . . 30
    SECTION 603. Money for Securities Payments to Be Held in Trust . . . . . . . . . . . 31
    SECTION 604. Corporate Existence . . . . . . . . . . . . . . . . . . . . . . . . 32
    SECTION 605. Maintenance of Properties . . . . . . . . . . . . . . . . . . . . . 32
    SECTION 606. Annual Officer's Certificate as to Compliance. . . . . . . . . . . . . 33
    SECTION 607. Waiver of Certain Covenants . . . . . . . . . . . . . . . . . . . 33
    SECTION 608. Restriction on Payment of Dividends . . . . . . . . . . . . . . . 33
    SECTION 609. Maintenance of Trust Existence . . . . . . . . . . . . . . . . . . 34
    SECTION 610. Rights of Holders of Preferred Securities . . . . . . . . . . . . . . 34

ARTICLE SEVEN . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

Satisfaction and Discharge . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35
    SECTION 701. Satisfaction and Discharge of Securities . . . . . . . . . . . . . . 35
    SECTION 702. Satisfaction and Discharge of Indenture . . . . . . . . . . . . . . 37
    SECTION 703. Application of Trust Money . . . . . . . . . . . . . . . . . . . . 38

ARTICLE EIGHT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

Events of Default; Remedies . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38
    SECTION 801. Events of Default . . . . . . . . . . . . . . . . . . . . . . . . . 38
    SECTION 802. Acceleration of Maturity; Rescission and Annulment . . . . . . . . . . . 40
    SECTION 803. Collection of Indebtedness and Suits for Enforcement by Trustee . . . . . 41
    SECTION 804. Trustee May File Proofs of Claim . . . . . . . . . . . . . . . . . 42
    SECTION 805. Trustee May Enforce Claims Without Possession of Securities . . . . . . 42
    SECTION 806. Application of Money Collected . . . . . . . . . . . . . . . . . . 43

11/06/96/UMH/9420/011/INDENT/67891.II

NOR009217

iv

SECTION 807.  Limitation on Suits . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  43
SECTION 808.  Unconditional Right of Holders to Receive Principal,
               Premium and Interest . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  44
SECTION 809.  Restoration of Rights and Remedies . . . . . . . . . . . . . . . . . . . . . . .  44
SECTION 810.  Rights and Remedies Cumulative . . . . . . . . . . . . . . . . . . . . . . . . .  44
SECTION 811.  Delay or Omission Not Waiver . . . . . . . . . . . . . . . . . . . . . . . . . . .  45
SECTION 812.  Control by Holders of Securities . . . . . . . . . . . . . . . . . . . . . . . . . .  45
SECTION 813.  Waiver of Past Defaults . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  45
SECTION 814.  Undertaking for Costs . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  46
SECTION 815.  Waiver of Stay or Extension Laws . . . . . . . . . . . . . . . . . . . . . . . . .  46

ARTICLE NINE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  46

The Trustee . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  46
SECTION 901.  Certain Duties and Responsibilities . . . . . . . . . . . . . . . . . . . . . . . .  46
SECTION 902.  Notice of Defaults . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  47
SECTION 903.  Certain Rights of Trustee . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  47
SECTION 904.  Not Responsible for Recitals or Issuance of Securities . . . . . . . . . .  48
SECTION 905.  May Hold Securities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  49
SECTION 906.  Money Held in Trust . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  49
SECTION 907.  Compensation and Reimbursement . . . . . . . . . . . . . . . . . . . . . . . . .  49
SECTION 908.  Disqualification; Conflicting Interests. . . . . . . . . . . . . . . . . . . . . . .  50
SECTION 909.  Corporate Trustee Required; Eligibility . . . . . . . . . . . . . . . . . . . . . .  50
SECTION 910.  Resignation and Removal; Appointment of Successor . . . . . . . . . . .  51
SECTION 911.  Acceptance of Appointment by Successor . . . . . . . . . . . . . . . . . . . .  53
SECTION 912.  Merger, Conversion, Consolidation or Succession to Business . . . . . .  54
SECTION 913.  Preferential Collection of Claims Against Company . . . . . . . . . . . .  54
SECTION 914.  Co-trustees and Separate Trustees. . . . . . . . . . . . . . . . . . . . . . . . .  55
SECTION 915.  Appointment of Authenticating Agent . . . . . . . . . . . . . . . . . . . . . .  56

ARTICLE TEN . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  58

Holders' Lists and Reports by Trustee and Company . . . . . . . . . . . . . . . . . . . . . . . .  58
SECTION 1001.  Lists of Holders . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  58
SECTION 1002.  Reports by Trustee and Company . . . . . . . . . . . . . . . . . . . . . . . . .  58

ARTICLE ELEVEN . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  59

Consolidation, Merger, Conveyance or Other Transfer . . . . . . . . . . . . . . . . . . . . . . .  59
SECTION 1101.  Company May Consolidate, etc., Only on Certain Terms . . . . . . . .  59
SECTION 1102.  Successor Corporation Substituted . . . . . . . . . . . . . . . . . . . . . . . .  59

ARTICLE TWELVE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  60

Supplemental Indentures . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  60
SECTION 1201.  Supplemental Indentures Without Consent of Holders . . . . . . . . .  60
SECTION 1202.  Supplemental Indentures With Consent of Holders . . . . . . . . . . . .  62

11/26/96/DJR/04303413/2ND ENT/767891.8

NOR009218

v

SECTION 1203.  Execution of Supplemental Indentures . . . . . . . . . . . . . . . . . . . . . 63
SECTION 1204.  Effect of Supplemental Indentures . . . . . . . . . . . . . . . . . . . . . . 63
SECTION 1205.  Conformity With Trust Indenture Act . . . . . . . . . . . . . . . . . . . . 63
SECTION 1206.  Reference in Securities to Supplemental Indentures . . . . . . . . . . . 63
SECTION 1207.  Modification Without Supplemental Indenture . . . . . . . . . . . . . . . 64

ARTICLE THIRTEEN . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 64

Meetings of Holders; Action Without Meeting . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 64
SECTION 1301.  Purposes for Which Meetings May Be Called . . . . . . . . . . . . . . 64
SECTION 1302.  Call, Notice and Place of Meetings . . . . . . . . . . . . . . . . . . . . . 64
SECTION 1303.  Persons Entitled to Vote at Meetings . . . . . . . . . . . . . . . . . . . . 64
SECTION 1304.  Quorum; Action . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 65
SECTION 1305.  Attendance at Meetings; Determination of Voting Rights;
                Conduct and Adjournment of Meetings . . . . . . . . . . . . . . . . 66
SECTION 1306.  Counting Votes and Recording Action of Meetings . . . . . . . . . . . 67
SECTION 1307.  Action Without Meeting . . . . . . . . . . . . . . . . . . . . . . . . . . . . 68

ARTICLE FOURTEEN . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 68

Immunity of Incorporators, Stockholders, Officers and Directors . . . . . . . . . . . . . . . 68
SECTION 1401.  Liability Solely Corporate . . . . . . . . . . . . . . . . . . . . . . . . . . . 68

ARTICLE FIFTEEN . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 68

Subordination of Securities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 68
SECTION 1501.  Securities Subordinate to Senior Indebtedness. . . . . . . . . . . . . . 68
SECTION 1502.  Payment Over of Proceeds of Securities . . . . . . . . . . . . . . . . . . 69
SECTION 1503.  Disputes with Holders of Certain Senior Indebtedness . . . . . . . . . 71
SECTION 1504.  Subrogation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 71
SECTION 1505.  Obligation of the Company Unconditional . . . . . . . . . . . . . . . . 71
SECTION 1506.  Priority of Senior Indebtedness Upon Maturity . . . . . . . . . . . . . 72
SECTION 1507.  Trustee as Holder of Senior Indebtedness . . . . . . . . . . . . . . . . 72
SECTION 1508.  Notice to Trustee to Effectuate Subordination . . . . . . . . . . . . . . 72
SECTION 1509.  Modification, Extension, etc. of Senior Indebtedness . . . . . . . . . . 73
SECTION 1510.  Trustee Has No Fiduciary Duty to Holders of Senior Indebtedness . . . 73
SECTION 1511.  Paying Agents Other Than the Trustee . . . . . . . . . . . . . . . . . . 73
SECTION 1512.  Rights of Holders of Senior Indebtedness Not Impaired . . . . . . . . 73
SECTION 1513.  Effect of Subordination Provisions; Termination . . . . . . . . . . . . . 74

Testimonium . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 75

Signatures and Seals . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 75

Acknowledgements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 76

11/06/96/DBH/0/G200/012/2NDENT/767591.8

NOR009219

# THE MONTANA POWER COMPANY

Reconciliation and tie between Trust Indenture Act of 1939
and Indenture, dated as of _____, ___

| Trust Indenture Act Section | | Indenture Section |
|---|---|---|
| §310 | (a)(1) | 909 |
| | (a)(2) | 909 |
| | (a)(3) | 914 |
| | (a)(4) | Not Applicable |
| | (b) | 908 |
| §311 | (a) | 910 |
| | (b) | 913 |
| | (c) | 913 |
| §312 | (a) | 913 |
| | (b) | 1001 |
| | (c) | 1001 |
| §313 | (a) | 1001 |
| | (b) | 1002 |
| | (c) | 1002 |
| §314 | (a) | 1002 |
| | (a)(4) | 1002 |
| | (b) | 606 |
| | (c)(1) | Not Applicable |
| | (c)(2) | 102 |
| | (c)(3) | 102 |
| | (d) | Not Applicable |
| | (e) | Not Applicable |
| §315 | (a) | 102 |
| | | 901 |
| | | 903 |
| | (b) | 902 |
| | (c) | 901 |
| | (d) | 901 |
| | (e) | 814 |
| §316 | (a) | 812 |
| | | 813 |
| | (a)(1)(A) | 802 |
| | | 812 |
| | (a)(1)(B) | 813 |
| | (a)(2) | Not Applicable |
| | (b) | 808 |
| §317 | (a)(1) | 803 |
| | (a)(2) | 804 |
| | (b) | 603 |
| §318 | (a) | 107 |

NOR009220

INDENTURE, dated as of November 1, 1996, between THE MONTANA POWER COMPANY, a corporation duly organized and existing under the laws of the State of Montana (herein called the "Company"), having its principal office at 40 East Broadway, Butte, Montana 59701, and THE BANK OF NEW YORK, a corporation duly organized and existing under the laws of the State of New York, having its principal corporate trust office at 101 Barclay Street, New York, New York 10286, as Trustee (herein called the "Trustee").

## RECITAL OF THE COMPANY

The Company has duly authorized the execution and delivery of this Indenture to provide for the issuance from time to time of its unsecured subordinated debentures, notes or other evidences of indebtedness (herein called the "Securities"), in an unlimited aggregate principal amount to be issued in one or more series as contemplated herein; and all acts necessary to make this Indenture a valid agreement of the Company have been performed.

For all purposes of this Indenture, except as otherwise expressly provided or unless the context otherwise requires, capitalized terms used herein shall have the meanings assigned to them in Article One of this Indenture.

NOW, THEREFORE, THIS INDENTURE WITNESSETH:

For and in consideration of the premises and the purchase of the Securities by the Holders thereof, it is mutually covenanted and agreed, for the equal and proportionate benefit of all Holders of the Securities or of any series thereof, as follows:

## ARTICLE ONE

### Definitions and Other Provisions of General Application

SECTION 101. Definitions.

For all purposes of this Indenture, except as otherwise expressly provided or unless the context otherwise requires:

(a)  the terms defined in this Article have the meanings assigned to them in this Article and include the plural as well as the singular;

(b)  all terms used herein without definition which are defined in the Trust Indenture Act, either directly or by reference therein, have the meanings assigned to them therein;

(c)  all accounting terms not otherwise defined herein have the meanings assigned to them in accordance with generally accepted accounting principles in the United States, and, except as otherwise herein expressly provided, the term "generally accepted accounting principles" with respect to any computation required or permitted hereunder shall mean such accounting principles as are generally accepted in the United States at the date of such

11/06/96/UMB/002X0013/INDENT/67891.1

-2-

computation or, at the election of the Company from time to time, at the date of the execution and delivery of this Indenture; provided, however, that in determining generally accepted accounting principles applicable to the Company, the Company shall, to the extent required, conform to any order, rule or regulation of any administrative agency, regulatory authority or other governmental body having jurisdiction over the Company;

(d)  unless the context otherwise requires, any reference to an "Article" or a "Section" refers to an Article or Section, as the case may be, of this Indenture; and

(e)  the words "herein", "hereof" and "hereunder" and other words of similar import refer to this Indenture as a whole and not to any particular Article, Section or other subdivision.

Certain terms, used principally in Article Nine, are defined in that Article.

"Act", when used with respect to any Holder of a Security, has the meaning specified in Section 104.

"Additional Interest" has the meaning specified in Section 313.

"Affiliate" of any specified Person means any other Person directly or indirectly controlling or controlled by or under direct or indirect common control with such specified Person.  For the purposes of this definition, "control" when used with respect to any specified Person means the power to direct the management and policies of such Person, directly or through one or more intermediaries, whether through the ownership of voting securities, by contract or otherwise; and the terms "controlling" and "controlled" have meanings correlative to the foregoing.

"Authenticating Agent" means any Person (other than the Company or an Affiliate of the Company) authorized by the Trustee pursuant to Section 915 to act on behalf of the Trustee to authenticate one or more series of Securities.

"Authorized Officer" means the Chairman of the Board, the President, any Vice President, the Treasurer, any Assistant Treasurer, or any other officer or agent of the Company duly authorized by the Board of Directors to act in respect of matters relating to this Indenture.

"Board of Directors" means either the board of directors of the Company or any committee thereof duly authorized to act in respect of matters relating to this Indenture.

"Board Resolution" means a copy of a resolution certified by the Secretary or an Assistant Secretary of the Company to have been duly adopted by the Board of Directors and to be in full force and effect on the date of such certification, and delivered to the Trustee.

"Business Day", when used with respect to a Place of Payment or any other particular location specified in the Securities or this Indenture, means any day, other than a

11/06/96/DM/KC/OCX/09/INDENT/57591.1

-3-

Saturday or Sunday, which is not a day on which banking institutions or trust companies in such Place of Payment or other location are generally authorized or required by law, regulation or executive order to remain closed, except as may be otherwise specified as contemplated by Section 301.

"**Commission**" means the Securities and Exchange Commission, as from time to time constituted, created under the Securities Exchange Act of 1934, as amended, or, if at any time after the date of execution and delivery of this Indenture such Commission is not existing and performing the duties now assigned to it under the Trust Indenture Act, then the body, if any, performing such duties at such time.

"**Company**" means the Person named as the "Company" in the first paragraph of this Indenture until a successor Person shall have become such pursuant to the applicable provisions of this Indenture, and thereafter "Company" shall mean such successor Person.

"**Company Request**" or "**Company Order**" means a written request or order signed in the name of the Company by an Authorized Officer and delivered to the Trustee.

"**Corporate Trust Office**" means the office of the Trustee at which at any particular time its corporate trust business shall be principally administered, which office at the date of execution and delivery of this Indenture is located at 101 Barclay Street, New York, New York 10286.

"**corporation**" means a corporation, association, company, joint stock company or business trust.

"**Defaulted Interest**" has the meaning specified in Section 307.

"**Dollar**" or "**$**" means a dollar or other equivalent unit in such coin or currency of the United States as at the time shall be legal tender for the payment of public and private debts.

"**Event of Default**" with respect to Securities of a particular series has the meaning specified in Section 801.

"**Government Obligations**" means:

    (a)  direct obligations of, or obligations the principal of and interest on which are unconditionally guaranteed by, the United States and entitled to the benefit of the full faith and credit thereof; and

    (b)  certificates, depositary receipts or other instruments which evidence a direct ownership interest in obligations described in clause (a) above or in any specific interest or principal payments due in respect thereof; provided, however, that the custodian of such obligations or specific interest or principal payments shall be a bank or trust company (which may include the Trustee or any Paying Agent) subject to

11/06/96/LHH/04200/013/INDENT/65891.8

-4-

Federal or State supervision or examination with a combined capital and surplus of at least $50,000,000; and provided, further, that except as may be otherwise required by law, such custodian shall be obligated to pay to the holders of such certificates, depositary receipts or other instruments the full amount received by such custodian in respect of such obligations or specific payments and shall not be permitted to make any deduction therefrom.

"Governmental Authority" means the government of the United States or of any State or Territory thereof or of the District of Columbia or of any county, municipality or other political subdivision of any of the foregoing, or any department, agency, authority or other instrumentality of any of the foregoing.

"Guarantee" means the guarantee agreement delivered from the Company to a Trust, for the benefit of the holders of Preferred Securities issued by such Trust.

"Holder" means a Person in whose name a Security is registered in the Security Register.

"Indenture" means this instrument as originally executed and delivered and as it may from time to time be supplemented or amended by one or more indentures supplemental hereto entered into pursuant to the applicable provisions hereof and shall include the terms of a particular series of Securities established as contemplated by Section 301.

"Interest Payment Date", when used with respect to any Security, means the Stated Maturity of an installment of interest on such Security.

"Maturity", when used with respect to any Security, means the date on which the principal of such Security or an installment of principal becomes due and payable as provided in such Security or in this Indenture, whether at the Stated Maturity, by declaration of acceleration, upon call for redemption or otherwise.

"Officer's Certificate" means a certificate signed by an Authorized Officer and delivered to the Trustee.

"Opinion of Counsel" means a written opinion of counsel, who may be counsel for the Company or other counsel acceptable to the Trustee.

"Outstanding", when used with respect to Securities, means, as of the date of determination, all Securities theretofore authenticated and delivered under this Indenture, except:

(a)  Securities theretofore canceled by the Trustee or delivered to the Trustee for cancellation;

(b)  Securities deemed to have been paid in accordance with Section 701; and

11/26/96/UMHO/42C001/INDENTURE/8789.1.8

NOR009224

-5-

(c) Securities which have been paid pursuant to Section 306 or in exchange for which or in lieu of which other Securities have been authenticated and delivered pursuant to this Indenture, other than any such Securities in respect of which there shall have been presented to the Trustee proof satisfactory to it and the Company that such Securities are held by a bona fide purchaser or purchasers in whose hands such Securities are valid obligations of the Company;

provided, however, that in determining whether or not the Holders of the requisite principal amount of the Securities Outstanding under this Indenture, or the Outstanding Securities of any series, have given any request, demand, authorization, direction, notice, consent or waiver hereunder or whether or not a quorum is present at a meeting of Holders of Securities, (x) Securities owned by the Company or any other obligor upon the Securities or any Affiliate of the Company or of such other obligor (unless the Company, such Affiliate or such obligor owns all Securities Outstanding under this Indenture, or (except for purposes of actions to be taken by Holders of more than one series voting as a class under Section 812) all Outstanding Securities of each such series, as the case may be, determined without regard to this provision) shall be disregarded and deemed not to be Outstanding, except that, in determining whether the Trustee shall be protected in relying upon any such request, demand, authorization, direction, notice, consent or waiver or upon any such determination as to the presence of a quorum, only Securities which the Trustee knows to be so owned shall be so disregarded; provided, however, that Securities so owned which have been pledged in good faith may be regarded as Outstanding if the pledgee establishes to the satisfaction of the Trustee the pledgee's right so to act with respect to such Securities and that the pledgee is not the Company or any other obligor upon the Securities or any Affiliate of the Company or of such other obligor; (y) the principal amount of any Security which is denominated in a currency other than Dollars or in a composite currency that shall be deemed to be Outstanding for such purposes shall be the amount of Dollars which could have been purchased by the principal amount of such currency or composite currency evidenced by such Security, in each such case certified to the Trustee in an Officer's Certificate, based (i) on the average of the mean of the buying and selling spot rates quoted by three banks which are members of the New York Clearing House Association selected by the Company in effect at 11:00 A.M. (New York time) in The City of New York on the fifth Business Day preceding any such determination or (ii) if on such fifth Business Day it shall not be possible or practicable to obtain such quotations from such three banks, on such other quotations or alternative methods of determination which shall be as consistent as practicable with the method set forth in (i) above; provided, further, that, in the case of any Security the principal of which is payable from time to time without presentment or surrender, the principal amount of such Security that shall be deemed to be Outstanding at any time for all purposes of this Indenture shall be the original principal amount thereof less the aggregate amount of principal thereof theretofore paid.

"Paying Agent" means any Person, including the Company, authorized by the Company to pay the principal of, and premium, if any, or interest, if any, on any Securities on behalf of the Company.

-6-

"Person" means any individual, corporation, partnership, joint venture, trust or unincorporated organization or any Governmental Authority.

"Place of Payment", when used with respect to the Securities of any series, means the place or places, specified as contemplated by Section 301, at which, subject to Section 602, principal of and premium, if any, and interest, if any, on the Securities of such series are payable.

"Predecessor Security" of any particular Security means every previous Security evidencing all or a portion of the same debt as that evidenced by such particular Security; and, for the purposes of this definition, any Security authenticated and delivered under Section 306 in exchange for or in lieu of a mutilated, destroyed, lost or stolen Security shall be deemed (to the extent lawful) to evidence the same debt as the mutilated, destroyed, lost or stolen Security, and any Security authenticated and delivered in exchange pursuant to Sections 304, 406 or 1206 but not involving any transfer shall be deemed (to the extent lawful) to evidence the same debt as the Security for which the exchange was made.

"Preferred Securities" means any preferred trust interests issued by a Trust or similar securities issued by permitted successors to such Trust in accordance with the Trust Agreement pertaining to such Trust.

"Property Trustee" has the meaning specified in Section 610.

"Redemption Date", when used with respect to any Security to be redeemed, means the date fixed for such redemption by or pursuant to this Indenture.

"Redemption Price", when used with respect to any Security to be redeemed, means the price at which it is to be redeemed pursuant to this Indenture.

"Regular Record Date" for the interest payable on any Interest Payment Date on the Securities of any series means the date specified for that purpose as contemplated by Section 301.

"Required Currency" has the meaning specified in Section 311.

"Responsible Officer", when used with respect to the Trustee, means any officer of the Trustee assigned by the Trustee to administer its corporate trust matters.

"Securities" has the meaning stated in the first recital of this Indenture and more particularly means any securities authenticated and delivered under this Indenture.

"Security Register" and "Security Registrar" have the respective meanings specified in Section 305.

11/05/96/UJ4J/06300013/INDENTRST201.8

NOR009226

-7-

"**Senior Indebtedness**" means all obligations (other than non-recourse obligations and the indebtedness issued under this Indenture) of, or guaranteed or assumed by, the Company for borrowed money, including both senior and subordinated indebtedness for borrowed money (other than the Securities), or for the payment of money relating to any lease which is capitalized on the consolidated balance sheet of the Company and its subsidiaries in accordance with generally accepted accounting principles as in effect from time to time, or evidenced by bonds, debentures, notes or other similar instruments, and in each case, amendments, renewals, extensions, modifications and refundings of any such indebtedness or obligations, whether existing as of the date of this Indenture or subsequently incurred by the Company unless, in the case of any particular indebtedness, obligation, renewal, extension or refunding, the instrument creating or evidencing the same or the assumption or guarantee of the same expressly provides that such Indebtedness, obligation, renewal, extension or refunding is not superior in right of payment to or is pari passu with the Securities; provided that the Company's obligations under any Guarantee shall not be deemed to be Senior Indebtedness.

"**Special Record Date**" for the payment of any Defaulted Interest on the Securities of any series means a date fixed by the Trustee pursuant to Section 307.

"**Stated Maturity**", when used with respect to any obligation or any installment of principal thereof or interest thereon, means the date on which the principal of such obligation or such installment of principal or interest is stated to be due and payable (without regard to any provisions for redemption, prepayment, acceleration, purchase or extension).

"**Successor Corporation**" has the meaning set forth in Section 1101.

"**Trust**" means Montana Power Capital I, a statutory business trust formed under the laws of the State of Delaware, or any other trust designated pursuant to Section 301 hereof or any permitted successor under the Trust Agreement pertaining to such Trust.

"**Trust Agreement**" means the Amended and Restated Trust Agreement, dated as of November 1, 1996, relating to Montana Power Capital I or a trust agreement relating to a Trust designated pursuant to Section 301 hereof, in each case, among the Company, as Depositor and the trustees named therein as they may be amended from time to time.

"**Trust Indenture Act**" means, as of any time, the Trust Indenture Act of 1939, or any successor statute, as in effect at such time.

"**Trustee**" means the Person named as the "Trustee" in the first paragraph of this Indenture until a successor Trustee shall have become such with respect to one or more series of Securities pursuant to the applicable provisions of this Indenture, and thereafter "Trustee" shall mean or include each Person who is then a Trustee hereunder, and, if at any time there is more than one such Person, "Trustee" as used with respect to the Securities of any series shall mean the Trustee with respect to Securities of that series.

11/06/96/URJD/042DD/013/INDENT/67891.8

NORC09227

-8-

"United States" means the United States of America, its Territories, its possessions and other areas subject to its political jurisdiction.

SECTION 102.  Compliance Certificates and Opinions.

Except as otherwise expressly provided in this Indenture, upon any application or request by the Company to the Trustee to take any action under any provision of this Indenture, the Company shall, if requested by the Trustee, furnish to the Trustee an Officer's Certificate stating that all conditions precedent, if any, provided for in this Indenture relating to the proposed action (including any covenants compliance with which constitutes a condition precedent) have been complied with and an Opinion of Counsel stating that in the opinion of such counsel all such conditions precedent, if any, have been complied with, except that, in the case of any such application or request as to which the furnishing of such documents is specifically required by any provision of this Indenture relating to such particular application or request, no additional certificate or opinion need be furnished.

Every certificate or opinion with respect to compliance with a condition or covenant provided for in this Indenture shall include:

(a)  a statement that each Person signing such certificate or opinion has read such covenant or condition and the definitions herein relating thereto;

(b)  a brief statement as to the nature and scope of the examination or investigation upon which the statements or opinions contained in such certificate or opinion are based;

(c)  a statement that, in the opinion of each such Person, such Person has made such examination or investigation as is necessary to enable such Person to express an informed opinion as to whether or not such covenant or condition has been complied with; and

(d)  a statement as to whether, in the opinion of each such Person, such condition or covenant has been complied with.

SECTION 103.  Form of Documents Delivered to Trustee.

In any case where several matters are required to be certified by, or covered by an opinion of, any specified Person, it is not necessary that all such matters be certified by, or covered by the opinion of, only one such Person, or that they be so certified or covered by only one document, but one such Person may certify or give an opinion with respect to some matters and one or more other such Persons as to other matters, and any such Person may certify or give an opinion as to such matters in one or several documents.

Any certificate or opinion of an officer of the Company may be based, insofar as it relates to legal matters, upon a certificate or opinion of, or representations by, counsel,

11/06/96/UNH/64200/013/INDENT/57891.8

-9-

unless such officer knows, or in the exercise of reasonable care should know, that the certificate or opinion or representations with respect to the matters upon which such Officer's Certificate or opinion are based are erroneous. Any such certificate or Opinion of Counsel may be based, insofar as it relates to factual matters, upon a certificate or opinion of, or representations by, an officer or officers of the Company stating that the information with respect to such factual matters is in the possession of the Company, unless such counsel knows, or in the exercise of reasonable care should know, that the certificate or opinion or representations with respect to such matters are erroneous.

Where any Person is required to make, give or execute two or more applications, requests, consents, certificates, statements, opinions or other instruments under this Indenture, they may, but need not, be consolidated and form one instrument.

Whenever, subsequent to the receipt by the Trustee of any Board Resolution, Officer's Certificate, Opinion of Counsel or other document or instrument, a clerical, typographical or other inadvertent or unintentional error or omission shall be discovered therein, a new document or instrument may be substituted therefor in corrected form with the same force and effect as if originally filed in the corrected form and, irrespective of the date or dates of the actual execution and/or delivery thereof, such substitute document or instrument shall be deemed to have been executed and/or delivered as of the date or dates required with respect to the document or instrument for which it is substituted. Anything in this Indenture to the contrary notwithstanding, if any such corrective document or instrument indicates that action has been taken by or at the request of the Company which could not have been taken had the original document or instrument not contained such error or omission, the action so taken shall not be invalidated or otherwise rendered ineffective but shall be and remain in full force and effect, except to the extent that such action was a result of willful misconduct or bad faith. Without limiting the generality of the foregoing, any Securities issued under the authority of such defective document or instrument shall nevertheless be the valid obligations of the Company entitled to the benefits of this Indenture equally and ratably with all other Outstanding Securities, except as aforesaid.

SECTION 104.  Acts of Holders.

(a)     Any request, demand, authorization, direction, notice, consent, election, waiver or other action provided by this Indenture to be made, given or taken by Holders may be embodied in and evidenced by one or more instruments of substantially similar tenor signed by such Holders in person or by an agent duly appointed in writing or, alternatively, may be embodied in and evidenced by the record of Holders voting in favor thereof, either in person or by proxies duly appointed in writing, at any meeting of Holders duly called and held in accordance with the provisions of Article Thirteen, or a combination of such instruments and any such record. Except as herein otherwise expressly provided, such action shall become effective when such instrument or instruments or record or both are delivered to the Trustee and, where it is hereby expressly required, to the Company. Such instrument or instruments and any such record (and the action embodied therein and evidenced

11/06/96/UHB/04300/413/INDENT/47891.8

-10-

thereby) are herein sometimes referred to as the "Act" of the Holders signing such instrument or instruments and so voting at any such meeting. Proof of execution of any such instrument or of a writing appointing any such agent, or of the holding by any Person of a Security, shall be sufficient for any purpose of this Indenture and (subject to Section 901) conclusive in favor of the Trustee and the Company, if made in the manner provided in this Section. The record of any meeting of Holders shall be proved in the manner provided in Section 1306.

(b) The fact and date of the execution by any Person of any such instrument or writing may be proved by the affidavit of a witness of such execution or by a certificate of a notary public or other officer authorized by law to take acknowledgments of deeds, certifying that the individual signing such instrument or writing acknowledged to him the execution thereof or may be proved in any other manner which the Trustee and the Company deem sufficient. Where such execution is by a signer acting in a capacity other than his individual capacity, such certificate or affidavit shall also constitute sufficient proof of his authority.

(c) The principal amount and serial numbers of Securities held by any Person, and the date of holding the same, shall be proved by the Security Register.

(d) Any request, demand, authorization, direction, notice, consent, election, waiver or other Act of a Holder shall bind every future Holder of the same Security and the Holder of every Security issued upon the registration of transfer thereof or in exchange therefor or in lieu thereof in respect of anything done, omitted or suffered to be done by the Trustee or the Company in reliance thereon, whether or not notation of such action is made upon such Security.

(e) Until such time as written instruments shall have been delivered to the Trustee with respect to the requisite percentage of principal amount of Securities for the action contemplated by such instruments, any such instrument executed and delivered by or on behalf of a Holder may be revoked with respect to any or all of such Securities by written notice by such Holder or any subsequent Holder, proven in the manner in which such instrument was proven.

(f) Securities of any series authenticated and delivered after any Act of Holders may, and shall if required by the Trustee, bear a notation in form approved by the Trustee as to any action taken by such Act of Holders. If the Company shall so determine, new Securities of any series so modified as to conform, in the opinion of the Trustee and the Company, to such action may be prepared and executed by the Company and authenticated and delivered by the Trustee in exchange for Outstanding Securities of such series.

(g) If the Company shall solicit from Holders any request, demand, authorization, direction, notice, consent, waiver or other Act, the Company may, at its option, fix in advance a record date for the determination of Holders entitled to

11/06/96/UMH/0#XX/0/INDENTURE/6391.8

NOR009230

-11-

give such request, demand, authorization, direction, notice, consent, waiver or other Act, but the Company shall have no obligation to do so.  If such a record date is fixed, such request, demand, authorization, direction, notice, consent, waiver or other Act may be given before or after such record date, but only the Holders of record at the close of business on the record date shall be deemed to be Holders for the purposes of (i) determining whether Holders of the requisite proportion of the Outstanding Securities have authorized or agreed or consented to such request, demand, authorization, direction, notice, consent, waiver or other Act, and for that purpose the Outstanding Securities shall be computed as of the record date, or (ii) determining which Holders may revoke any such Act (notwithstanding Section 104(e)).

SECTION 105.  Notices, etc. to Trustee and Company.

Any request, demand, authorization, direction, notice, consent, election, waiver or Act of Holders or other document provided or permitted by this Indenture to be made upon, given or furnished to, or filed with, the Trustee by any Holder or by the Company, or the Company by the Trustee or by any Holder, shall be sufficient for every purpose hereunder (unless otherwise herein expressly provided) if in writing and delivered personally to an officer or other responsible employee of the addressee, or transmitted by facsimile transmission or other direct written electronic means to such telephone number or other electronic communications address as the parties hereto shall from time to time designate, or transmitted by certified or registered mail, charges prepaid, to the applicable address set opposite such party's name below or to such other address as either party hereto may from time to time designate:

If to the Trustee, to:

The Bank of New York
101 Barclay Street, 21 West
New York, New York 10286

Attention:      Vice President, Corporate Trust Administration
Telephone:      (212) 815-3806
Telecopy:       (212) 815-5915

If to the Company, to:

The Montana Power Company
40 East Broadway
Butte, Montana 59701

Attention: Treasurer
Telephone: (406) 497-2374
Telecopy:(406) 497-3018

11/04/96/UMH/0420G/013/INDENT:87891.8

NOR009231

-12-

Any communication contemplated herein shall be deemed to have been made, given, furnished and filed if personally delivered, on the date of delivery, if transmitted by facsimile transmission or other direct written electronic means, on the date of transmission, and if transmitted by registered mail, on the date of receipt.

**SECTION 106. Notice to Holders of Securities; Waiver.**

Except as otherwise expressly provided herein, where this Indenture provides for notice to Holders of any event, such notice shall be sufficiently given, and shall be deemed given, to Holders if in writing and mailed, first-class postage prepaid, to each Holder affected by such event, at the address of such Holder as it appears in the Security Register, not later than the latest date, if any, and not earlier than the earliest date, if any, prescribed for the giving of such notice.

In case by reason of the suspension of regular mail service or by reason of any other cause it shall be impracticable to give such notice to Holders by mail, then such notification as shall be made with the approval of the Trustee shall constitute a sufficient notification for every purpose hereunder. In any case where notice to Holders is given by mail, neither the failure to mail such notice, nor any defect in any notice so mailed, to any particular Holder shall affect the sufficiency of such notice with respect to other Holders.

Any notice required by this Indenture may be waived in writing by the Person entitled to receive such notice, either before or after the event otherwise to be specified therein, and such waiver shall be the equivalent of such notice. Waivers of notice by Holders shall be filed with the Trustee, but such filing shall not be a condition precedent to the validity of any action taken in reliance upon such waiver.

**SECTION 107. Conflict with Trust Indenture Act.**

If any provision of this Indenture limits, qualifies or conflicts with another provision hereof which is required or deemed to be included in this Indenture by, or is otherwise governed by, any of the provisions of the Trust Indenture Act, such other provision shall control; and if any provision hereof otherwise conflicts with the Trust Indenture Act, the Trust Indenture Act shall control.

**SECTION 108. Effect of Headings and Table of Contents.**

The Article and Section headings in this Indenture and the Table of Contents are for convenience only and shall not affect the construction hereof.

**SECTION 109. Successors and Assigns.**

All covenants and agreements in this Indenture by the Company and Trustee shall bind their respective successors and assigns, whether so expressed or not.

11/06/96/DMH/04200/013/INDENT/67891.8

NOR009232

-13-

### SECTION 110.  Separability Clause.

In case any provision in this Indenture or in the Securities shall for any reason be held to be invalid, illegal or unenforceable in any respect, the validity, legality and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

### SECTION 111.  Benefits of Indenture.

Nothing in this Indenture or the Securities, express or implied, shall give to any Person (other than the parties hereto, their successors hereunder, the Holders and, so long as the notice described in Section 1513 hereof has not been given, the holders of Senior Indebtedness, and the holders of Preferred Securities in accordance with Section 610 hereof) any benefit or any legal or equitable right, remedy or claim under this Indenture.

### SECTION 112.  Governing Law.

This Indenture and the Securities shall be governed by and construed in accordance with the laws of the State of New York, except to the extent that the law of any other jurisdiction shall be mandatorily applicable.

### SECTION 113.  Legal Holidays.

In any case where any Interest Payment Date, Redemption Date or Stated Maturity of any Security shall not be a Business Day at any Place of Payment, then (notwithstanding any other provision of this Indenture or of the Securities other than a provision in Securities of any series, or in the Board Resolution or Officer's Certificate which establishes the terms of the Securities of such series, which specifically states that such provision shall apply in lieu of this Section) payment of interest or principal and premium, if any, need not be made at such Place of Payment on such date, but may be made on the next succeeding Business Day at such Place of Payment, except that if such Business Day is in the next succeeding calendar year, such payment shall be made on the immediately preceding Business Day, in each case with the same force and effect, and in the same amount, as if made on the Interest Payment Date or Redemption Date, or at the Stated Maturity, as the case may be, and, if such payment is made or duly provided for on such Business Day, no interest shall accrue on the amount so payable for the period from and after such Interest Payment Date, Redemption Date or Stated Maturity, as the case may be, to such Business Day.

11/06/96/LM61/0420061300/INDENT/67291.1

NOR009233

-14-

## ARTICLE TWO

### Security Forms

**SECTION 201. Forms Generally.**

The definitive Securities of each series shall be in substantially the form or forms thereof established in the indenture supplemental hereto establishing such series or in a Board Resolution establishing such series, or in an Officer's Certificate pursuant to such supplemental indenture or Board Resolution, in each case with such appropriate insertions, omissions, substitutions and other variations as are required or permitted by this Indenture, and may have such letters, numbers or other marks of identification and such legends or endorsements placed thereon as may be required to comply with the rules of any securities exchange or as may, consistently herewith, be determined by the officers executing such Securities, as evidenced by their execution of the Securities. If the form or forms of Securities of any series are established in a Board Resolution or in an Officer's Certificate pursuant to a Board Resolution, such Board Resolution and Officer's Certificate, if any, shall be delivered to the Trustee at or prior to the delivery of the Company Order contemplated by Section 303 for the authentication and delivery of such Securities.

Unless otherwise specified as contemplated by Section 301, the Securities of each series shall be issuable in registered form without coupons. The definitive Securities shall be produced in such manner as shall be determined by the officers executing such Securities, as evidenced by their execution thereof.

**SECTION 202. Form of Trustee's Certificate of Authentication.**

The Trustee's certificate of authentication shall be in substantially the form set forth below:

This is one of the Securities of the series designated therein referred to in the within-mentioned Indenture.

Dated:

_____
as Trustee

By: _____
Authorized Signatory

11/06/96/UM3L0642D/013/INDENT/67891.8

NOR009234

-15-

# ARTICLE THREE

## The Securities

**SECTION 301. Amount Unlimited; Issuable in Series.**

The aggregate principal amount of Securities which may be authenticated and delivered under this Indenture is unlimited; provided, however, that all Securities shall be issued to a Trust in exchange for securities of the Company or to evidence loans by a Trust of the proceeds of the issuance of Preferred Securities of such Trust plus the amount deposited by the Company with such Trust from time to time.

The Securities may be issued in one or more series. Prior to the authentication and delivery of Securities of any series there shall be established by specification in a supplemental indenture or in a Board Resolution, or in an Officer's Certificate pursuant to a supplemental indenture or a Board Resolution:

(a) the title of the Securities of such series (which shall distinguish the Securities of such series from Securities of all other series);

(b) any limit upon the aggregate principal amount of the Securities of such series which may be authenticated and delivered under this Indenture (except for Securities authenticated and delivered upon registration of transfer of, or in exchange for, or in lieu of, other Securities of such series pursuant to Section 304, 305, 306, 406 or 1206 and except for any Securities which, pursuant to Section 303, are deemed never to have been authenticated and delivered hereunder);

(c) if other than as provided in Section 307, the Person or Persons (without specific identification) to whom interest on Securities of such series shall be payable on any Interest Payment Date;

(d) the date or dates on which the principal of the Securities of such series is payable or any formula or other method or other means by which such date or dates shall be determined, by reference to an index or other fact or event ascertainable outside this Indenture or otherwise (without regard to any provisions for redemption, prepayment, acceleration, purchase or extension);

(e) the rate or rates at which the Securities of such series shall bear interest, if any (including the rate or rates at which overdue principal shall bear interest, if different from the rate or rates at which such Securities shall bear interest prior to Maturity, and, if applicable, the rate or rates at which overdue premium or interest shall bear interest, if any), or any formula or other method or other means by which

11/06/96/UNISUOC2G0013/INDENT/57391.8

NOR009235

-16-

such rate or rates shall be determined, by reference to an index or other fact or event ascertainable outside this Indenture or otherwise; the date or dates from which such interest shall accrue; the Interest Payment Dates on which such interest shall be payable and the Regular Record Date, if any, for the interest payable on such Securities on any Interest Payment Date; the right of the Company, if any, to extend the interest payment periods and the duration of any such extension as contemplated by Section 312; and the basis of computation of interest, if other than as provided in Section 310;

(f) the place or places at which or methods by which (1) the principal of and premium, if any, and interest, if any, on Securities of such series shall be payable, (2) registration of transfer of Securities of such series may be effected, (3) exchanges of Securities of such series may be effected and (4) notices and demands to or upon the Company in respect of the Securities of such series and this Indenture may be served; the initial Security Registrar and Paying Agent or Agents for such series; and if such is the case, and the Trustee does not object, that the principal of such Securities shall be payable without presentment or surrender thereof;

(g) the period or periods within which, or the date or dates on which, the price or prices at which and the terms and conditions, if other than as provided in Article Four, upon which the Securities of such series may be redeemed, in whole or in part, at the option of the Company and any restrictions on such redemptions, including but not limited to a restriction on a partial redemption by the Company of the Securities of any series that would result in the delisting of such Securities from any national exchange;

(h) the obligation or obligations, if any, of the Company to redeem or purchase the Securities of such series pursuant to any sinking fund or other mandatory redemption provisions or at the option of a Holder thereof and the period or periods within which or the date or dates on which, the price or prices at which and the terms and conditions upon which such Securities shall be redeemed or purchased, in whole or in part, pursuant to such obligation, and applicable exceptions to the requirements of Section 404 in the case of mandatory redemption or redemption at the option of the Holder;

(i) the denominations in which Securities of such series shall be issuable if other than denominations of $25 and any integral multiple thereof;

(j) the currency or currencies, including composite currencies, in which payment of the principal of and premium, if any, and interest, if any, on the Securities of such series shall be payable (if other than in Dollars);

(k) if the principal of or premium, if any, or interest, if any, on the Securities of such series are to be payable, at the election of the Company or a Holder thereof, in a coin or currency other than that in which the Securities are stated to be

11/06/96/UM/04/X0001\INDENT/67191 1

NOR009236

-17-

payable, the period or periods within which and the terms and conditions upon which, such election may be made;

(l) if the principal of or premium, if any, or interest, if any, on the Securities of such series are to be payable, or are to be payable at the election of the Company or a Holder thereof, in securities or other property, the type and amount of such securities or other property, or the formula or other method or other means by which such amount shall be determined, and the period or periods within which, and the terms and conditions upon which, any such election may be made;

(m) if the amount payable in respect of principal of or premium, if any, or interest, if any, on the Securities of such series may be determined with reference to an index or other fact or event ascertainable outside this Indenture or otherwise, the formula or other method or other means by which such amounts shall be determined, to the extent not established pursuant to clause (e) of this paragraph;

(n) if other than the principal amount thereof, the portion of the principal amount of Securities of such series which shall be payable upon declaration of acceleration of the Maturity thereof pursuant to Section 802;

(o) any Events of Default, in addition to those specified in Section 801, with respect to the Securities of such series, and any covenants of the Company for the benefit of the Holders of the Securities of such series, in addition to those set forth in Article Six, and whether such covenants may be waived pursuant to Section 607;

(p) the terms, if any, pursuant to which the Securities of such series may be converted into or exchanged for shares of capital stock or other securities of the Company or any other Person;

(q) the obligations or instruments, if any, which shall be considered to be Government Obligations in respect of the Securities of such series denominated in a currency other than Dollars or in a composite currency, and any additional or alternative provisions for the reinstatement of the Company's indebtedness in respect of such Securities after the satisfaction and discharge thereof as provided in Section 701;

(r) if the Securities of such series are to be issued in global form, (i) any limitations on the rights of the Holder or Holders of such Securities to transfer or exchange the same or to obtain the registration of transfer thereof, (ii) any limitations on the rights of the Holder or Holders thereof to obtain certificates therefor in definitive form in lieu of global form and (iii) any and all other matters incidental to such Securities;

11/06/96/RMH/04200/013/INDENT/6799.8

NOR009237

-18-

(s) if the Securities of such series are to be issuable as bearer securities, any and all matters incidental thereto which are not specifically addressed in a supplemental indenture as contemplated by clause (g) of Section 1201;

(t) to the extent not established pursuant to clause (r) of this paragraph, any limitations on the rights of the Holders of the Securities of such Series to transfer or exchange such Securities or to obtain the registration of transfer thereof; and if a service charge will be made for the registration of transfer or exchange of Securities of such series the amount or terms thereof;

(u) any exceptions to Section 113, or variation in the definition of Business Day, with respect to the Securities of such series;

(v) the designation of the Trust to which Securities of such series are to be issued; and

(w) any other terms of the Securities of such series not inconsistent with the provisions of this Indenture.

The Securities of each series shall be subordinated in right of payment to Senior Indebtedness as provided in Article Fifteen.

SECTION 302.  Denominations.

Unless otherwise provided as contemplated by Section 301 with respect to any series of Securities, the Securities of each series shall be issuable in denominations of $25 and any integral multiple thereof.

SECTION 303.  Execution, Authentication, Delivery and Dating.

Unless otherwise provided as contemplated by Section 301 with respect to any series of Securities, the Securities shall be executed on behalf of the Company by an Authorized Officer and may have the corporate seal of the Company affixed thereto or reproduced thereon attested by any other Authorized Officer or by the Secretary or an Assistant Secretary of the Company. The signature of any or all of these officers on the Securities may be manual or facsimile.

Securities bearing the manual or facsimile signatures of individuals who were at the time of execution Authorized Officers or the Secretary or an Assistant Secretary of the Company shall bind the Company, notwithstanding that such individuals or any of them have ceased to hold such offices prior to the authentication and delivery of such Securities or did not hold such offices at the date of such Securities.

11/06/96/0343/04200/013/INDENT/67991.8

NOR009238

-19-

The Trustee shall authenticate and deliver Securities of a series, for original issue, at one time or from time to time in accordance with the Company Order referred to below, upon receipt by the Trustee of:

(a) the instrument or instruments establishing the form or forms and terms of such series, as provided in Sections 201 and 301;

(b) a Company Order requesting the authentication and delivery of such Securities and, to the extent that the terms of such Securities shall not have been established in an indenture supplemental hereto or in a Board Resolution, or in an Officer's Certificate pursuant to a supplemental indenture or Board Resolution, all as contemplated by Sections 201 and 301, establishing such terms;

(c) the Securities of such series, executed on behalf of the Company by an Authorized Officer;

(d) an Opinion of Counsel to the effect that:

(i) the form or forms of such Securities have been duly authorized by the Company and have been established in conformity with the provisions of this Indenture;

(ii) the terms of such Securities have been duly authorized by the Company and have been established in conformity with the provisions of this Indenture; and

(iii) such Securities, when authenticated and delivered by the Trustee and issued and delivered by the Company in the manner and subject to any conditions specified in such Opinion of Counsel, will have been duly issued under this Indenture and will constitute valid and legally binding obligations of the Company, entitled to the benefits provided by this Indenture, and enforceable in accordance with their terms, subject, as to enforcement, to laws relating to or affecting generally the enforcement of creditors' rights, including, without limitation, bankruptcy and insolvency laws and to general principles of equity (regardless of whether such enforceability is considered in a proceeding in equity or at law).

If the form or terms of the Securities of any series have been established by or pursuant to a Board Resolution or an Officer's Certificate as permitted by Sections 201 or 301, the Trustee shall not be required to authenticate such Securities if the issuance of such Securities pursuant to this Indenture will materially or adversely affect the Trustee's own rights, duties or immunities under the Securities and this Indenture or otherwise in a manner which is not reasonably acceptable to the Trustee.

NOR009239

-20-

Unless otherwise specified as contemplated by Section 301 with respect to any series of Securities, each Security shall be dated the date of its authentication.

Unless otherwise specified as contemplated by Section 301 with respect to any series of Securities, no Security shall be entitled to any benefit under this Indenture or be valid or obligatory for any purpose unless there appears on such Security a certificate of authentication substantially in the form provided for herein executed by the Trustee or an Authenticating Agent by manual signature of an authorized officer or other authorized signatory thereof, and such certificate upon any Security shall be conclusive evidence, and the only evidence, that such Security has been duly authenticated and delivered hereunder and is entitled to the benefits of this Indenture. Notwithstanding the foregoing, if any Security shall have been authenticated and delivered hereunder to the Company, or any Person acting on its behalf, but shall never have been issued and sold by the Company, and the Company shall deliver such Security to the Trustee for cancellation as provided in Section 309 together with a written statement (which need not comply with Section 102 and need not be accompanied by an Opinion of Counsel) stating that such Security has never been issued and sold by the Company, for all purposes of this Indenture such Security shall be deemed never to have been authenticated and delivered hereunder and shall never be entitled to the benefits hereof.

### SECTION 304. Temporary Securities.

Pending the preparation of definitive Securities of any series, the Company may execute, and upon Company Order the Trustee shall authenticate and deliver, temporary Securities which are printed, lithographed, typewritten, mimeographed or otherwise produced, in any authorized denomination, substantially of the tenor of the definitive Securities in lieu of which they are issued, with such appropriate insertions, omissions, substitutions and other variations as the officers executing such Securities may determine, as evidenced by their execution of such Securities; provided, however, that temporary Securities need not recite specific redemption, sinking fund, conversion or exchange provisions.

Unless otherwise specified as contemplated by Section 301 with respect to the Securities of any series, after the preparation of definitive Securities of such series, the temporary Securities of such series shall be exchangeable, without charge to the Holder thereof, for definitive Securities of such series upon surrender of such temporary Securities at the office or agency of the Company maintained pursuant to Section 602 in a Place of Payment for such Securities. Upon such surrender of temporary Securities for such exchange, the Company shall, except as aforesaid, execute and the Trustee shall authenticate and deliver in exchange therefor definitive Securities of the same series, of authorized denominations and of like tenor and aggregate principal amount.

Until exchanged in full as hereinabove provided, the temporary Securities of any series shall in all respects be entitled to the same benefits under this Indenture as definitive Securities of the same series and of like tenor authenticated and delivered hereunder.

11/06/96/1IMGI/0420/0013/INDENT/67791.1

NOR009240

-21-

SECTION 305.  Registration, Registration of Transfer and Exchange.

The Company shall cause to be kept in each office designated pursuant to Section 602, with respect to the Securities of each series, a register (all registers kept in accordance with this Section being collectively referred to as the "Security Register") in which, subject to such reasonable regulations as it may prescribe, the Company shall provide for the registration of Securities of such series and the registration of transfer thereof. The Company shall designate one Person to maintain the Security Register for the Securities of each series on a consolidated basis, and such Person is referred to herein, with respect to such series, as the "Security Registrar." Anything herein to the contrary notwithstanding, the Company may designate one or more of its offices as an office in which a register with respect to the Securities of one or more series shall be maintained, and the Company may designate itself the Security Registrar with respect to one or more of such series. The Security Register shall be open for inspection by the Trustee and the Company at all reasonable times.

Except as otherwise specified as contemplated by Section 301 with respect to the Securities of any series, upon surrender for registration of transfer of any Security of such series at the office or agency of the Company maintained pursuant to Section 602 in a Place of Payment for such series, the Company shall execute, and the Trustee shall authenticate and deliver, in the name of the designated transferee or transferees, one or more new Securities of the same series, of authorized denominations and of like tenor and aggregate principal amount.

Except as otherwise specified as contemplated by Section 301 with respect to the Securities of any series, any Security of such series may be exchanged at the option of the Holder, for one or more new Securities of the same series, of authorized denominations and of like tenor and aggregate principal amount, upon surrender of the Securities to be exchanged at any such office or agency. Whenever any Securities are so surrendered for exchange, the Company shall execute, and the Trustee shall authenticate and deliver, the Securities which the Holder making the exchange is entitled to receive.

All Securities delivered upon any registration of transfer or exchange of Securities shall be valid obligations of the Company, evidencing the same debt, and entitled to the same benefits under this Indenture, as the Securities surrendered upon such registration of transfer or exchange.

Every Security presented or surrendered for registration of transfer or for exchange shall (if so required by the Company, the Trustee or the Security Registrar) be duly endorsed or shall be accompanied by a written instrument of transfer in form satisfactory to the Company, the Trustee or the Security Registrar, as the case may be, duly executed by the Holder thereof or his attorney duly authorized in writing.

Unless otherwise specified as contemplated by Section 301 with respect to Securities of any series, no service charge shall be made for any registration of transfer or

11/06/96/UMH/04200/013/INDENT/6T991.1

-22-

exchange of Securities, but the Company may require payment of a sum sufficient to cover any tax or other governmental charge that may be imposed in connection with any registration of transfer or exchange of Securities, other than exchanges pursuant to Section 304, 406 or 1206 not involving any transfer.

The Company shall not be required to execute or to provide for the registration of transfer of or the exchange of (a) Securities of any series during a period of 15 days immediately preceding the date of the mailing of any notice of redemption of the Securities of such series called for redemption or (b) any Security so selected for redemption in whole or in part, except the unredeemed portion of any Security being redeemed in part.

SECTION 306. Mutilated, Destroyed, Lost and Stolen Securities.

If any mutilated Security is surrendered to the Trustee, the Company shall execute and the Trustee shall authenticate and deliver in exchange therefor a new Security of the same series, and of like tenor and principal amount and bearing a number not contemporaneously outstanding.

If there shall be delivered to the Company and the Trustee (a) evidence to their satisfaction of the ownership of and the destruction, loss or theft of any Security and (b) such security or indemnity as may be reasonably required by them to save each of them and any agent of either of them harmless, then, in the absence of notice to the Company or the Trustee that such Security is held by a Person purporting to be the owner of such Security, the Company shall execute and the Trustee shall authenticate and deliver, in lieu of any such destroyed, lost or stolen Security, a new Security of the same series, and of like tenor and principal amount and bearing a number not contemporaneously outstanding.

Notwithstanding the foregoing, in case any such mutilated, destroyed, lost or stolen Security has become or is about to become due and payable, the Company in its discretion may, instead of issuing a new Security, pay such Security.

Upon the issuance of any new Security under this Section, the Company may require the payment of a sum sufficient to cover any tax or other governmental charge that may be imposed in relation thereto and any other reasonable expenses (including the fees and expenses of the Trustee) connected therewith.

Every new Security of any series issued pursuant to this Section in lieu of any destroyed, lost or stolen Security shall constitute an original additional contractual obligation of the Company, whether or not the destroyed, lost or stolen Security shall be at any time enforceable by anyone other than the Holder of such new Security, and any such new Security shall be entitled to all the benefits of this Indenture equally and proportionately with any and all other Securities of such series duly issued hereunder.

11/04/96/US1B/D4200913/INDENT/67851.8

NOR009242

-23-

The provisions of this Section are exclusive and shall preclude (to the extent lawful) all other rights and remedies with respect to the replacement or payment of mutilated, destroyed, lost or stolen Securities.

SECTION 307.  Payment of Interest; Interest Rights Preserved.

Unless otherwise specified as contemplated by Section 301 with respect to the Securities of any series, (i) interest on any Security which is payable, and is punctually paid or duly provided for, on any Interest Payment Date shall be paid to the Person in whose name that Security (or one or more Predecessor Securities) is registered at the close of business on the Regular Record Date for such interest; and (ii) subject to Section 312, any interest on any Security of any series which is payable, but is not punctually paid or duly provided for, on any Interest Payment Date (herein called "Defaulted Interest") shall forthwith cease to be payable to the Holder on the related Regular Record Date by virtue of having been such Holder, and such Defaulted Interest may be paid by the Company, at its election in each case, as provided in clause (a) or (b) below:

(a)  The Company may elect to make payment of any Defaulted Interest to the Persons in whose names the Securities of such series (or their respective Predecessor Securities) are registered at the close of business on a date (herein called a "Special Record Date") for the payment of such Defaulted Interest, which shall be fixed in the following manner. The Company shall notify the Trustee in writing of the amount of Defaulted Interest proposed to be paid on each Security of such series and the date of the proposed payment, and at the same time the Company shall deposit with the Trustee an amount of money equal to the aggregate amount proposed to be paid in respect of such Defaulted Interest or shall make arrangements satisfactory to the Trustee for such deposit on or prior to the date of the proposed payment, such money when deposited to be held in trust for the benefit of the Persons entitled to such Defaulted Interest as in this clause provided. Thereupon the Trustee shall fix a Special Record Date for the payment of such Defaulted Interest which shall be not more than 15 days and not less than 10 days prior to the date of the proposed payment and not less than 10 days after the receipt by the Trustee of the notice of the proposed payment. The Trustee shall promptly notify the Company of such Special Record Date and, in the name and at the expense of the Company, shall promptly cause notice of the proposed payment of such Defaulted Interest and the Special Record Date therefor to be mailed, first-class postage prepaid, to each Holder of Securities of such series at the address of such Holder as it appears in the Security Register, not less than 10 days prior to such Special Record Date. Notice of the proposed payment of such Defaulted Interest and the Special Record Date therefor having been so mailed, such Defaulted Interest shall be paid to the Persons in whose names the Securities of such series (or their respective Predecessor Securities) are registered at the close of business on such Special Record Date.

(b)  The Company may make payment of any Defaulted Interest on the Securities of any series in any other lawful manner not inconsistent with the

11/06960/04/0042W/00JINDENT/67991.8

NOR009243

-24-

requirements of any securities exchange on which such Securities may be listed, and upon such notice as may be required by such exchange, if, after notice given by the Company to the Trustee of the proposed payment pursuant to this clause, such manner of payment shall be deemed practicable by the Trustee.

Subject to the foregoing provisions of this Section and Section 305, each Security delivered under this Indenture upon registration of transfer of or in exchange for or in lieu of any other Security shall carry the rights to interest accrued and unpaid, and to accrue, which were carried by such other Security.

SECTION 308.  Persons Deemed Owners.

Prior to due presentment of a Security for registration of transfer, the Company, the Trustee and any agent of the Company or the Trustee may treat the Person in whose name such Security is registered as the absolute owner of such Security for the purpose of receiving payment of principal of and premium, if any, and (subject to Sections 305 and 307) interest, if any, on such Security and for all other purposes whatsoever, whether or not such Security be overdue, and neither the Company, the Trustee nor any agent of the Company or the Trustee shall be affected by notice to the contrary.

SECTION 309.  Cancellation by Security Registrar.

All Securities surrendered for payment, redemption, registration of transfer or exchange shall, if surrendered to any Person other than the Security Registrar, be delivered to the Security Registrar and, if not theretofore canceled, shall be promptly canceled by the Security Registrar.  The Company may at any time deliver to the Security Registrar for cancellation any Securities previously authenticated and delivered hereunder which the Company may have acquired in any manner whatsoever or which the Company shall not have issued and sold, and all Securities so delivered shall be promptly canceled by the Security Registrar.  No Securities shall be authenticated in lieu of or in exchange for any Securities canceled as provided in this Section, except as expressly permitted by this Indenture.  All canceled Securities held by the Security Registrar shall be disposed of in accordance with a Company Order delivered to the Security Registrar and the Trustee, and the Security Registrar shall promptly deliver a certificate of disposition to the Trustee and the Company unless, by a Company Order, similarly delivered, the Company shall direct that canceled Securities be returned to it.  The Security Registrar shall promptly deliver evidence of any cancellation of a Security in accordance with this Section 309 to the Trustee and the Company.

SECTION 310.  Computation of Interest.

Except as otherwise specified as contemplated by Section 301 for Securities of any series, interest on the Securities of each series shall be computed on the basis of a 360-day year consisting of twelve 30-day months and, for any period shorter than a full month, on the basis of the actual number of days elapsed in such period.

11/06/96/UMH/04200/015/INDENT/57891.8

NOR009244

-25-

**SECTION 311.  Payment to Be in Proper Currency.**

In the case of the Securities of any series denominated in any currency other than Dollars or in a composite currency (the "Required Currency"), except as otherwise specified with respect to such Securities as contemplated by Section 301, the obligation of the Company to make any payment of the principal thereof, or the premium or interest thereon, shall not be discharged or satisfied by any tender by the Company, or recovery by the Trustee, in any currency other than the Required Currency, except to the extent that such tender or recovery shall result in the Trustee timely holding the full amount of the Required Currency then due and payable.  If any such tender or recovery is in a currency other than the Required Currency, the Trustee may take such actions as it considers appropriate to exchange such currency for the Required Currency.  The costs and risks of any such exchange, including without limitation the risks of delay and exchange rate fluctuation, shall be borne by the Company, the Company shall remain fully liable for any shortfall or delinquency in the full amount of Required Currency then due and payable, and in no circumstances shall the Trustee be liable therefor except in the case of its negligence or willful misconduct.

**SECTION 312.  Extension of Interest Payment.**

The Company shall have the right at any time, so long as no Event of Default shall have occurred and be continuing with respect to the Securities of any series, to extend and re-extend interest payment periods on all Securities of one or more series, if so specified as contemplated by Section 301 with respect to such Securities and upon such terms as may be specified as contemplated by Section 301 with respect to such Securities.

**SECTION 313.  Additional Interest.**

So long as any Preferred Securities remain outstanding, if the Trust which issued such Preferred Securities shall be required to pay, with respect to its income derived from the interest payments on the Securities of any series, any amounts for or on account of any taxes, duties, assessments or governmental charges of whatever nature imposed by the United States, or any other taxing authority, then, in any such case, the Company will pay as interest on such series such additional interest ("Additional Interest") as may be necessary in order that the net amounts received and retained by such Trust after the payment of such taxes, duties, assessments or governmental charges shall result in such Trust's having such funds as it would have had in the absence of the payment of such taxes, duties, assessments or governmental charges.

11/06/96/DJH/64200/015/IND ENT/57091.8

NOR009245

-26-

# ARTICLE FOUR

## Redemption of Securities

SECTION 401. **Applicability of Article.**

Securities of any series which are redeemable before their Stated Maturity shall be redeemable in accordance with their terms and (except as otherwise specified as contemplated by Section 301 for Securities of such series) in accordance with this Article.

SECTION 402. **Election to Redeem; Notice to Trustee.**

The election of the Company to redeem any Securities shall be evidenced by a Board Resolution or an Officer's Certificate. The Company shall, at least 45 days prior to the Redemption Date fixed by the Company (unless a shorter notice shall be satisfactory to the Trustee), notify the Trustee in writing of such Redemption Date and of the principal amount of such Securities to be redeemed. In the case of any redemption of Securities which is subject to a restriction or condition specified in the terms of such Securities, the Company shall furnish the Trustee with an Officer's Certificate evidencing compliance with such restriction or condition.

SECTION 403. **Selection of Securities to Be Redeemed.**

If less than all the Securities of any series are to be redeemed, the particular Securities to be redeemed shall be selected by the Trustee from the Outstanding Securities of such series not previously called for redemption, by such method as shall be provided for any particular series, or, in the absence of any such provision, by such method as the Trustee shall deem fair and appropriate and which may provide for the selection for redemption of portions (equal to the minimum authorized denomination for Securities of such series or any integral multiple thereof) of the principal amount of Securities of such series of a denomination larger than the minimum authorized denomination for Securities of such series; provided, however, that if, as indicated in an Officer's Certificate, the Company shall have offered to purchase all or any principal amount of the Securities then Outstanding of any series, and less than all of such Securities as to which such offer was made shall have been tendered to the Company for such purchase, the Trustee, if so directed by Company Order, shall select for redemption all or any principal amount of such Securities which have not been so tendered.

The Trustee shall promptly notify the Company and the Security Registrar in writing of the Securities selected for redemption and, in the case of any Securities selected to be redeemed in part, the principal amount thereof to be redeemed.

For all purposes of this Indenture, unless the context otherwise requires, all provisions relating to the redemption of Securities shall relate, in the case of any Securities redeemed or to be redeemed only in part, to the portion of the principal amount of such Securities which has been or is to be redeemed.

11/06/96/DHB/0420/0413/INDENT/67891.3

NOR009246

-27-

SECTION 404.  Notice of Redemption.

Notice of redemption shall be given in the manner provided in Section 106 to the Holders of the Securities to be redeemed not less than 30 nor more than 60 days prior to the Redemption Date.

All notices of redemption shall state:

(a)  the Redemption Date,

(b)  the Redemption Price,

(c)  if less than all the Securities of any series are to be redeemed, the identification of the particular Securities to be redeemed and the portion of the principal amount of any Security to be redeemed in part,

(d)  that on the Redemption Date the Redemption Price, together with accrued interest, if any, to the Redemption Date, will become due and payable upon each such Security to be redeemed and, if applicable, that interest thereon will cease to accrue on and after said date,

(e)  the place or places where such Securities are to be surrendered for payment of the Redemption Price and accrued interest, if any, unless it shall have been specified as contemplated by Section 301 with respect to such Securities that such surrender shall not be required,

(f)  that the redemption is for a sinking or other fund, if such is the case, and

(g)  such other matters as the Company shall deem desirable or appropriate.

Unless otherwise specified with respect to any Securities in accordance with Section 301, with respect to any notice of redemption of Securities at the election of the Company, unless, upon the giving of such notice, such Securities shall be deemed to have been paid in accordance with Section 701, such notice may state that such redemption shall be conditional upon the receipt by the Paying Agent or Agents for such Securities, on or prior to the date fixed for such redemption, of money sufficient to pay the principal of and premium, if any, and interest, if any, on such Securities and that if such money shall not have been so received such notice shall be of no force or effect and the Company shall not be required to redeem such Securities.  In the event that such notice of redemption contains such a condition and such money is not so received, the redemption shall not be made and within a reasonable time thereafter notice shall be given, in the manner in which the notice of redemption was given, that such money was not so received and such redemption was not required to be made, and the Paying Agent or Agents for the Securities otherwise to have been redeemed shall promptly return to the Holders thereof any of such Securities which had been surrendered for payment upon such redemption.

11/06/96/UMBK04200/013/AMENDMT/67591.8

NOR009247

-28-

Notice of redemption of Securities to be redeemed at the election of the Company, and any notice of non-satisfaction of a condition for redemption as aforesaid, shall be given by the Company or, at the Company's request, by the Trustee in the name and at the expense of the Company. Notice of mandatory redemption of Securities shall be given by the Trustee in the name and at the expense of the Company.

SECTION 405.   Securities Payable on Redemption Date.

Notice of redemption having been given as aforesaid, and the conditions, if any, set forth in such notice having been satisfied, the Securities or portions thereof so to be redeemed shall, on the Redemption Date, become due and payable at the Redemption Price therein specified, and from and after such date (unless, in the case of an unconditional notice of redemption, the Company shall default in the payment of the Redemption Price and accrued interest, if any) such Securities or portions thereof, if interest-bearing, shall cease to bear interest. Upon surrender of any such Security for redemption in accordance with such notice, such Security or portion thereof shall be paid by the Company at the Redemption Price, together with accrued interest, if any, to the Redemption Date; provided, however, that no such surrender shall be a condition to such payment if so specified as contemplated by Section 301 with respect to such Security; and provided, further, that except as otherwise specified as contemplated by Section 301 with respect to such Security, any installment of interest on any Security the Stated Maturity of which installment is on or prior to the Redemption Date shall be payable to the Holder of such Security, or one or more Predecessor Securities, registered as such at the close of business on the related Regular Record Date according to the terms of such Security and subject to the provisions of Section 307.

SECTION 406.   Securities Redeemed in Part.

Upon the surrender of any Security which is to be redeemed only in part at a Place of Payment therefor (with, if the Company or the Trustee so requires, due endorsement by, or a written instrument of transfer in form satisfactory to the Company and the Trustee duly executed by, the Holder thereof or his attorney duly authorized in writing), the Company shall execute, and the Trustee shall authenticate and deliver to the Holder of such Security, without service charge, a new Security or Securities of the same series, of any authorized denomination requested by such Holder and of like tenor and in aggregate principal amount equal to and in exchange for the unredeemed portion of the principal of the Security so surrendered.

NOR009248

-29-

# ARTICLE FIVE

## Sinking Funds

### SECTION 501.  Applicability of Article.

The provisions of this Article shall be applicable to any sinking fund for the retirement of the Securities of any series, except as otherwise specified as contemplated by Section 301 for Securities of such series.

The minimum amount of any sinking fund payment provided for by the terms of Securities of any series is herein referred to as a "mandatory sinking fund payment", and any payment in excess of such minimum amount provided for by the terms of Securities of any series is herein referred to as an "optional sinking fund payment".  If provided for by the terms of Securities of any series, the cash amount of any mandatory sinking fund payment may be subject to reduction as provided in Section 502.  Each sinking fund payment shall be applied to the redemption of Securities of the series in respect of which it was made as provided for by the terms of such Securities.

### SECTION 502.  Satisfaction of Sinking Fund Payments with Securities.

The Company (a) may deliver to the Trustee Outstanding Securities (other than any previously called for redemption) of a series in respect of which a mandatory sinking fund payment is to be made and (b) may apply as a credit Securities of such series which have been redeemed either at the election of the Company pursuant to the terms of such Securities or through the application of permitted optional sinking fund payments pursuant to the terms of such Securities, in each case in satisfaction of all or any part of such mandatory sinking fund payment with respect to the Securities of such series; provided, however, that no Securities shall be applied in satisfaction of a mandatory sinking fund payment if such Securities shall have been previously so applied.  Securities so applied shall be received and credited for such purpose by the Trustee at the Redemption Price specified in such Securities for redemption through operation of the sinking fund and the amount of such mandatory sinking fund payment shall be reduced accordingly.

### SECTION 503.  Redemption of Securities for Sinking Fund.

Not less than 45 days prior to each sinking fund payment date for the Securities of any series, the Company shall deliver to the Trustee an Officer's Certificate specifying:

(a)  the amount of the next succeeding mandatory sinking fund payment for such series;

(b)  the amount, if any, of the optional sinking fund payment to be made together with such mandatory sinking fund payment;

11/06/96/UNI1/04206/013/INDENT/157891.1

NOR009249

-31-

The Company may also from time to time designate one or more other offices or agencies with respect to the Securities of one or more series, for any or all of the foregoing purposes, and may from time to time rescind such designations; provided, however, that, unless otherwise specified as contemplated by Section 301 with respect to the Securities of such series, no such designation or rescission shall in any manner relieve the Company of its obligation to maintain an office or agency for such purposes in each Place of Payment for such Securities in accordance with the requirements set forth above. The Company shall give prompt written notice to the Trustee, and prompt notice to the Holders in the manner specified in Section 106, of any such designation or rescission and of any change in the location of any such other office or agency.

Anything herein to the contrary notwithstanding, any office or agency required by this Section may be maintained at an office of the Company, in which event the Company shall perform all functions to be performed at such office or agency.

**SECTION 603.** Money for Securities Payments to Be Held in Trust.

If the Company shall at any time act as its own Paying Agent with respect to the Securities of any series, it shall, on or before each due date of the principal of and premium, if any, and interest, if any, on any of such Securities, segregate and hold in trust for the benefit of the Persons entitled thereto a sum sufficient to pay the principal and premium or interest so becoming due until such sums shall be paid to such Persons or otherwise disposed of as herein provided. The Company shall promptly notify the Trustee of any failure by the Company (or any other obligor on such Securities) to make any payment of principal of or premium, if any, or interest, if any, on such Securities.

Whenever the Company shall have one or more Paying Agents for the Securities of any series, it shall, on or before each due date of the principal of and premium, if any, and interest, if any, on such Securities, deposit with such Paying Agents sums sufficient (without duplication) to pay the principal and premium or interest so becoming due, such sums to be held in trust for the benefit of the Persons entitled to such principal, premium or interest, and (unless such Paying Agent is the Trustee) the Company shall promptly notify the Trustee of any failure by it so to act.

The Company shall cause each Paying Agent for the Securities of any series, other than the Company or the Trustee, to execute and deliver to the Trustee an instrument in which such Paying Agent shall agree with the Trustee, subject to the provisions of this Section, that such Paying Agent shall:

(a) hold all sums held by it for the payment of the principal of and premium, if any, or interest, if any, on such Securities in trust for the benefit of the Persons entitled thereto until such sums shall be paid to such Persons or otherwise disposed of as herein provided;

11/06/96/IM6/DOC00012/INDENT/67091.1

-32-

(b)  give the Trustee notice of any failure by the Company (or any other obligor upon such Securities) to make any payment of principal of or premium, if any, or interest, if any, on such Securities; and

(c)  at any time during the continuance of any such failure, upon the written request of the Trustee, forthwith pay to the Trustee all sums so held in trust by such Paying Agent and furnish to the Trustee such information as it possesses regarding the names and addresses of the Persons entitled to such sums.

The Company may at any time pay, or by Company Order direct any Paying Agent to pay, to the Trustee all sums held in trust by the Company or such Paying Agent, such sums to be held by the Trustee upon the same trusts as those upon which such sums were held by the Company or such Paying Agent and, if so stated in a Company Order delivered to the Trustee, in accordance with the provisions of Article Seven; and, upon such payment by any Paying Agent to the Trustee, such Paying Agent shall be released from all further liability with respect to such money.

Any money deposited with the Trustee or any Paying Agent, or then held by the Company, in trust for the payment of the principal of and premium, if any, or interest, if any, on any Security and remaining unclaimed for two years after such principal and premium, if any, or interest has become due and payable shall be paid to the Company on Company Request, or, if then held by the Company, shall be discharged from such trust; and, upon such payment or discharge, the Holder of such Security shall, as an unsecured general creditor and not as a Holder of an Outstanding Security, look only to the Company for payment of the amount so due and payable and remaining unpaid, and all liability of the Trustee or such Paying Agent with respect to such trust money, and all liability of the Company as trustee thereof, shall thereupon cease; provided, however, that the Trustee or such Paying Agent, before being required to make any such payment to the Company, may at the expense of the Company cause to be mailed, on one occasion only, notice to such Holder that such money remains unclaimed and that, after a date specified therein, which shall not be less than 30 days from the date of such mailing, any unclaimed balance of such money then remaining will be paid to the Company.

## SECTION 604.  Corporate Existence.

Subject to the rights of the Company under Article Eleven, the Company shall do or cause to be done all things necessary to preserve and keep in full force and effect its corporate existence.

## SECTION 605.  Maintenance of Properties.

The Company shall cause (or, with respect to property owned in common with others, make reasonable effort to cause) all its properties used or useful in the conduct of its business to be maintained and kept in good condition, repair and working order and shall cause (or, with respect to property owned in common with others, make reasonable effort to

11/06/96/UHHOO200013/INDENT/67891.8

NOR009251

-33-

cause) to be made all necessary repairs, renewals, replacements, betterments and improvements thereof, all as, in the judgment of the Company, may be necessary so that the business carried on in connection therewith may be properly conducted; provided, however, that nothing in this Section shall prevent the Company from discontinuing, or causing the discontinuance of, the operation and maintenance of any of its properties if such discontinuance is, in the judgment of the Company, desirable in the conduct of its business.

SECTION 606.  Annual Officer's Certificate as to Compliance.

Not later than September 15 in each year, commencing September 15, 1997, the Company shall deliver to the Trustee an Officer's Certificate which need not comply with Section 102, executed by the principal executive officer, the principal financial officer or the principal accounting officer of the Company, as to such officer's knowledge of the Company's compliance with all conditions and covenants under this Indenture, such compliance to be determined without regard to any period of grace or requirement of notice under this Indenture.

SECTION 607.  Waiver of Certain Covenants.

The Company may omit in any particular instance to comply with any term, provision or condition set forth in (a) any covenant or restriction specified with respect to the Securities of any series, as contemplated by Section 301 as being subject to waiver pursuant to this Section 607, if before the time for such compliance the Holders of at least a majority in aggregate principal amount of the Outstanding Securities of all series with respect to which compliance with such covenant or restriction is to be omitted, considered as one class, shall, by Act of such Holders, either waive such compliance in such instance or generally waive compliance with such term, provision or condition and (b) Section 604, 605 or Article Eleven if before the time for such compliance the Holders of at least a majority in principal amount of Securities Outstanding under this Indenture shall, by Act of such Holders, either waive such compliance in such instance or generally waive compliance with such term, provision or condition; but, in the case of (a) or (b), no such waiver shall extend to or affect such term, provision or condition except to the extent so expressly waived, and, until such waiver shall become effective, the obligations of the Company and the duties of the Trustee in respect of any such term, provision or condition shall remain in full force and effect; provided, however, so long as a Trust holds Securities of any series, such Trust may not waive compliance or waive any default in compliance by the Company with any covenant or other term contained in this Indenture or the Securities of such series without the approval of the holders of at least a majority in aggregate liquidation preference of the outstanding Preferred Securities issued by such Trust affected, obtained as provided in the Trust Agreement pertaining to such Trust.

SECTION 608.  Restriction on Payment of Dividends.

The Company shall not, and shall not permit any subsidiary to, (a) declare or pay any dividends or distributions on, or redeem, purchase, acquire or make a liquidation

11/06/96/JJMH/04200/013/INDENT/37891.8

NOR009252

-34-

payment with respect to, any of the Company's capital stock (other than dividends or distributions in common stock of the Company), or (b) make any payment of principal of or, interest or premium, if any, on or repay or repurchase or redeem any debt securities (including other Securities) that rank pari passu with or junior in interest to the Securities or make any guarantee payments with respect to such indebtedness if at such time (i) there shall have occurred and be continuing a payment default pursuant to Section 801(a) or 801(b) (whether before or after expiration of any period of grace), or (ii) the Company shall have elected to extend any interest payment period as provided in Section 312, and any such period, or any extension thereof, shall be continuing.

**SECTION 609.   Maintenance of Trust Existence.**

So long as Preferred Securities of any series remain outstanding, the Company shall (i) maintain direct or indirect ownership of all interests in the Trust which issued such Preferred Securities, other than such Preferred Securities, (ii) not voluntarily (to the extent permitted by law) dissolve, terminate, liquidate or wind up such Trust, except in connection with a distribution of the Securities to the holders of the Preferred Securities in liquidation of such Trust or in connection with certain mergers, consolidations or amalgamations permitted by the Trust Agreement, (iii) remain the sole Depositor under the Trust Agreement (the "Depositor") of such Trust and timely perform in all material respects all of its duties as Depositor of such Trust, and (iv) use reasonable efforts to cause such Trust to remain a business trust and otherwise continue to be treated as a grantor trust for Federal income tax purposes provided that any permitted successor to the Company under this Indenture may succeed to the Company's duties as Depositor of such Trust; and provided further that the Company may permit such Trust to consolidate or merge with or into another business trust or other permitted successor under the Trust Agreement pertaining to such Trust so long as the Company agrees to comply with this Section 609 with respect to such successor business trust or other permitted successor.

**SECTION 610.   Rights of Holders of Preferred Securities.**

The Company agrees that, for so long as any Preferred Securities remain outstanding, its obligations under this Indenture will also be for the benefit of the holders from time to time of Preferred Securities, and the Company acknowledges and agrees that if the property trustee under the related Trust Agreement (the "Property Trustee") fails to enforce its rights with respect to the Securities or the related Trust Agreement, a holder of Preferred Securities may institute a legal proceeding directly against the Company to enforce the Property Trustee's rights with respect to the Securities or such Trust Agreement, to the fullest extent permitted by law, without first instituting any legal proceeding against the Property Trustee or any other person or entity.

NOR009253

-35-

# ARTICLE SEVEN

## Satisfaction and Discharge

**SECTION 701.  Satisfaction and Discharge of Securities.**

Any Security or Securities, or any portion of the principal amount thereof, shall be deemed to have been paid for all purposes of this Indenture, and the entire indebtedness of the Company in respect thereof shall be deemed to have been satisfied and discharged, if there shall have been irrevocably deposited with the Trustee or any Paying Agent (other than the Company), in trust:

(a)  money in an amount which shall be sufficient, or

(b)  in the case of a deposit made prior to the Maturity of such Securities or portions thereof, Government Obligations, which shall not contain provisions permitting the redemption or other prepayment thereof at the option of the issuer thereof, the principal of and the interest on which when due, without any regard to reinvestment thereof, will provide moneys which, together with the money, if any, deposited with or held by the Trustee or such Paying Agent, shall be sufficient, or

(c)  a combination of (a) or (b) which shall be sufficient,

to pay when due the principal of and premium, if any, and interest, if any, due and to become due on such Securities or portions thereof on or prior to Maturity; provided, however, that in the case of the provision for payment or redemption of less than all the Securities of any series, such Securities or portions thereof shall have been selected by the Trustee as provided herein and, in the case of a redemption, the notice requisite to the validity of such redemption shall have been given or irrevocable authority shall have been given by the Company to the Trustee to give such notice, under arrangements satisfactory to the Trustee; and provided, further, that the Company shall have delivered to the Trustee and such Paying Agent:

(x)  if such deposit shall have been made prior to the Maturity of such Securities, a Company Order stating that the money and Government Obligations deposited in accordance with this Section shall be held in trust, as provided in Section 703; and

(y)  if such deposit shall have been made prior to the Maturity of such Securities, an Opinion of Counsel to the effect that the Holders of such Securities will not recognize income, gain or loss for Federal income tax purposes as a result of the satisfaction and discharge of the Company's indebtedness in respect of such Securities, and such Holders will be subject to Federal income taxation on the same amounts and in the same manner and at the same times as if such satisfaction and discharge had not occurred.

11/04/96/DMH/04200/013/INDENT/67891.8

NOR009254