IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAGTEN ASSET MANAGEMENT CORP. and LAW DEBENTURE TRUST COMPANY OF NEW YORK, <br><br> Plaintiffs, <br><br> v. <br><br> NORTHWESTERN CORPORATION, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) )    C.A. No. 04-1494-JJF |
| MAGTEN ASSET MANAGEMENT CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL J. HANSON and ERNIE J. KINDT, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) )    C.A. No. 05-499-JJF |

**DEFENDANTS MICHAEL J. HANSON AND ERNIE J. KINDT'S
BRIEF IN OPPOSITION TO
MAGTEN ASSET MANAGEMENT CORPORATION'S
AND LAW DEBENTURE'S
RENEWED MOTION FOR LEAVE TO AMEND COMPLAINT**

OF COUNSEL:

Stanley T. Kialeczyc
Kimberly A. Beatty
BROWNING, KALECZYC, BERRY
 & HOVEN, P.C.
139 North Last Chance Gulch
Helena, MT 59624
(406) 443-6820

December 21, 2007

EDWARDS ANGELL PALMER & DODGE LLP
Denise Seastone Kraft (#2778)
919 North Market Street
Wilmington, DE 19801
(302) 777-7770
*dkraft@eapdlaw.com*
 *Attorneys for Michael J. Hanson
 and Ernie J. Kindt*

i

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ...................................................................................................i

TABLE OF AUTHORITIES............................................................................................ ii

SUMMARY OF ARGUMENT.......................................................................................4

I.  RULE 15 DOES NOT APPLY TO LAW DEBENTURE AND ITS MOTION SHOULD BE DENIED. ...........................................................................................................4

II.  THE RENEWED MOTION DOES NOT COMPLY WITH THE REQUIREMENTS OF FED. R. CIV. P. 15. AND SHOULD BE DENIED. ...................................................5

A.  Magten and Law Debenture Have Each Demonstrated Undue Delay, Bad Faith or Dilatory Motives, and Thus, the Motion to Amend the Complaint Should be Denied. ............6

    1.  Magten's Dilatory Practices. ...................................................................................7

    2.  The Renewed Motion is Untimely............................................................................7

    3.  Law Debenture Slept on its Rights. ..........................................................................8

B.  Magten And Law Debenture Should Not Be Granted Leave To Amend The Complaint Because Any Amendment Is Futile. .......................................................................9

    1.  Magten and Law Debenture lack standing to sue Hanson and Kindt........................10

    2.  Law Debenture's claims against Hanson and Kindt are time-barred. .......................11

        a.  The applicable statute of limitations expired more than two years ago and the claims were not tolled. .............................................................................................11

        b.  Relation back of pleadings under Rule 15(c) is not available to Magten and Law Debenture here.................................................................................................12

        c.  Magten is a real party in interest. ...........................................................................15

C.  Magten And Law Debenture Should Not Be Granted Leave To Amend The Complaint Because Amendment is Prejudicial to Hanson and Kindt. ...................................16

CONCLUSION ...........................................................................................................20

## TABLE OF AUTHORITIES

**Page**

**Cases**

*American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974);
.......................................................................................................................................... 12

*Arthur v. Maersk, Inc., 434 F.3d 196 (3rd Cir. 2006)*................................. 6, 9, 12, 13, 14

*Burnett v. New York Cent. R. Co.*, 380 U.S. 424, 85 S.Ct. 1050 (1965) ...................................... 12

*Catholic Social Serv., Inc. v. INS*, 232 F.3d 1139 (9th Cir. 2000) ................................ 12

*Chambliss v. Coca-Cola Bottling Corp.*, 274 F.Supp. 401, 411 (D.C. Tenn. 1967)..................... 12

*Cureton v. National Collegiate Athletic Ass'n*, 252 F.3d 267 (2001)............................................ 18

*Garr v. Clayville*, 71 F.R.D. 553 (D.Del., 1976)..................................................................... 13, 17

*Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3rd Cir. 2002) ...................................... 10

*In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1434 (3rd Cir. 1997).......... 10

*Korwek v. Hunt, 827 F.2d 874 (2d Cir. 1987)*............................................................................ 12

*Lake v. Arnold,* 232 F.3d 360 (2000).......................................................................................... 6

*North American Catholic Educational Programming Foundation, Inc. v. Gheewalla*, 930 A. 2d
92 (Del. Supr. 2007) ............................................................................................................ 11

*Production Resources Group, L.L.C. v. NCT Group, Inc.,* 863 A.2d 772 (Del. Ch. 2004) .......... 11

*Ross v. Johns-Manville Corp., 766 F. 2d 823 (3d Cir. 1985)* ...................................................... 17

*Smith v. Flagship Intern.*, 609 F.Supp. 58 (D.C.Tex. 1985) ......................................................... 12

*United States v. Kubrick, 44 U.S. 111, 100 S. Ct. 352 (1979)*...................................................... 17

*Warpar Mfg. Corp. v. Ashland Oil, Inc.,* 102 F.R.D. 749 (N.D. Ohio 1983)........................... 13, 14

**Statutes**

Mont Code Ann. § 35-8-1104(2)(a) ............................................................................................... 10

Mont. Code Ann. § 27-2-204.................................................................................................... 8, 11

**Other Authorities**

6 WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d §1473 (1990) ........ 5

BAICKER-MCKEE, JANSSEN, AND CORR, FEDERAL CIVIL RULES HANDBOOK (2007) .............14, 15

WRIGHT & MILLER, 6A FED. PRAC. & PROC. Civ.2d § 1555 (2007) .............................................15

**Rules**

D. Del. L. R. 7.1.1 ........................................................................................................8

Fed. R. Civ. P. 12........................................................................................................5

Fed. R. Civ. P. 15.....................................................................................4, 5, 7, 17, 20

Fed. R. Civ. P. 15(a) ...........................................................................................5, 6, 12

Fed. R. Civ. P. 15(c) .............................................................................5, 12, 13, 15, 17

Fed. R. Civ. P. 17.................................................................................................15, 17

Fed. R. Civ. P. 17(a) ......................................................................................14, 15, 16

Fed. R. Civ. P. 19...................................................................................................5, 18

Fed. R. Civ. P. 20........................................................................................................5

Fed. R. Civ. P. 21......................................................................................................18

Fed. R. Civ. P. 24........................................................................................................5

322394/1674.044

## SUMMARY OF ARGUMENT

Defendants Michael J. Hanson ("Hanson") and Ernie J. Kindt ("Kindt") oppose the renewed attempt by Plaintiff Magten Asset Management Corporation ("Magten") to cure its own lack of standing by attempting to add Law Debenture Trust Company of New York ("Law Debenture") as a party to this case.  Not only is the "Renewed Motion for Leave to Amend the Complaint" ("Renewed Motion") itself defective and in violation of the Rules of Civil Procedure, it is nothing more than a last ditch attempt by Magten to avoid dismissal of its claims and a renewed effort by Law Debenture to circumvent the statute of limitations which has run on its own claims.  There is no good faith basis for delaying the filing of this motion until the eve of trial.  Moreover, any amendment of the Complaint, whether it be to add Law Debenture as a party or to re-plead certain allegations, is futile since both Magten and Law Debenture lack standing to bring these allegations against Hanson and Kindt and Law Debenture's claims are clearly barred by the running of the statute of limitations.  Finally, Hanson and Kindt will suffer prejudice if Magten is permitted to amend its Complaint at this late date, after fact discovery has closed, expert reports have been exchanged, dispositive motions have been filed, and the eve of trial is upon us.  This belated and meritless attempt to amend the Complaint to avoid dismissal of this litigation must be rejected.

## I.    RULE 15 DOES NOT APPLY TO LAW DEBENTURE AND ITS MOTION SHOULD BE DENIED.

Law Debenture is a non-party to this action, but attempts to file a motion and make an appearance as a "Proposed Co-Plaintiff."  This is a blatant attempt by both Magten and Law Debenture to circumvent the Federal Rules of Civil Procedure.  Neither Magten nor Law Debenture cite any authority, nor does any authority exist, which allows them to invoke Fed. R. Civ. P. 15.  Rule 15 by its plain language, is a procedure reserved to parties.  Law Debenture is simply not a party to this action.  As a non-party, Law Debenture had no right or ability to make an appearance, let alone file a "joint motion" to amend a complaint.

If Law Debenture wanted to appear in this litigation, it had several legitimate avenues open to it.  Law Debenture could have: (1) timely filed its own complaint, and then moved to

322394/1674.044

consolidate its new case with this case brought by Magten; or (2) timely filed a motion to

intervene under Rule 24; or (3) filed a timely motion to join under Rules 19 and/or 20. Had Law

Debenture timely availed itself of any of these proper procedural avenues, an independent

inquiry would have been undertaken to determine the propriety of consolidation of complaints or

of intervention under Rule 24 or of joinder under Rules 19 and 20. Had Law Debenture followed

proper procedures, Hanson and Kindt would have been afforded the opportunity to challenge the

propriety of any such actions based on the motion and arguments affirmatively asserted by Law

Debenture. Had Law Debenture followed proper procedures, Hanson and Kindt would likewise

have been afforded the opportunity to challenge Law Debenture's complaint pursuant to Rule 12,

challenge its standing to sue, challenge the timeliness of the complaint and whether the

applicable statute of limitations bars that complaint, and raised any other applicable affirmative

defenses. Had Law Debenture followed proper procedures, this Court would have had the

opportunity to properly evaluate whether consolidation, intervention or joinder were appropriate.

However, Law Debenture and Magten prefer to thumb their noses at the Rules, deny Hanson and

Kindt the procedural safeguards the Rules afford them, and deny this Court the ability to make a

determination based on the application of the appropriate Rules. Because Magten and Law

Debenture are clearly attempting to circumvent the Rules of Civil Procedure, and because Rule

15 is not a remedy available to non-parties, their joint request to amend Magten's Complaint

must itself be deemed a defective pleading and denied.

## II.    THE RENEWED MOTION DOES NOT COMPLY WITH THE REQUIREMENTS OF FED. R. CIV. P. 15. AND SHOULD BE DENIED.

Even if this Court were inclined to overlook that Law Debenture cannot avail itself of the

protections afforded by Rule 15, neither Magten nor Law Debenture meet the requirements of

Rule 15, and therefore, their request to amend Magten's Complaint must be denied.

The purpose of Rule 15(a) is to allow amendments of the pleadings to "enable a party to

assert matters that were overlooked or were unknown at the time he interposed the original

complaint or answer." 6 WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL

2d §1473 (1990) (emphasis added). Rule 15(c) "allows for misunderstandings and good-faith

lapses in judgment, so long as the party thereafter acts reasonably and diligently." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 206 (3rd Cir. 2006) (*citing Adams v. Gould, Inc.*, 730 F.2d 858, 868-69 (3rd Cir. 1984) (emphasis added). Rule 15(a) states in relevant part, that: "[o]therwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." The Third Circuit has held: "a district court has the discretion to deny this request if it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith, or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party. *Lake, supra,* 232 F.3d at 373 (emphasis added)[1] (*citing Forman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

Here, each of the elements cited by the Supreme Court and the Third Circuit for reasons justifying the denial of leave to amend are present: (A) the moving party has demonstrated undue delay, bad faith, or dilatory motives, (B) the amendment would be futile, and (C) the amendment would prejudice the other party.

A.   Magten and Law Debenture Have Each Demonstrated Undue Delay, Bad Faith or Dilatory Motives, and Thus, the Motion to Amend the Complaint Should be Denied.

In their joint motion, Magten and Law Debenture assert that "the only substantive changes in the proposed amended complaint ... are: (a) adding Law Debenture as a co-plaintiff; and (b) repleading the existing breach of fiduciary duty claims in the alternative as derivative claims as well as direct claims." *Renewed Motion* at p. 5. If Magten had believed these amendments were necessary to Magten's Complaint, they could have and should have raised them much earlier in these proceedings.

---

[1] The right to amend once is only a right to amend as a matter of course at any time before a responsive pleading is served or within 20 days after a responsive pleading is served. Fed. R. Civ. P. 15(a). Neither of these circumstances are present in this case, and thus Magten does not have the right to amend as a matter of course, but rather must first obtain leave of Court.

322394/1674.044

1.    Magten's Dilatory Practices.

As Magten has repeatedly noted, this case has been pending since April 2004. Only now, three and half years later, Magten suddenly believes it prudent to amend its Complaint to assert a derivative claim. It gave no excuse to explain why this new theory could not and should not have been pled over the preceding three years. Magten's dilatory tactic should not be condoned.

Further, as discussed in Hanson and Kindt's Brief in Support of Motion for Summary Judgment brief [D.I. #274], Magten lacks standing to assert either direct or derivative claims. As discussed below, Law Debenture, too, lacks standing to assert either direct or derivative claims, and even if it did have standing, it is precluded from asserting any claims because the applicable statute of limitations has run. Therefore, any such amendment would be futile, and any attempt to amend given the futility of the amendment is bad faith.

2.    The Renewed Motion is Untimely.

Perhaps most importantly, the deadline for the joinder of additional parties was August 3. By Magten's own admissions, this motion is, at least in part, a motion to join additional parties. Magten presents no excuse for why it did not file this motion by the deadline to join an additional party. Thus, since it was not submitted by the deadline for joinder motions, it is untimely and must be denied.

Further, Magten presents no reasonable explanation why it waited until a mere three months before the scheduled trial date to file this substantive motion. Fact discovery closed at the end of June, and the plaintiff's expert witness disclosures were made in mid-September. Magten and Law Debenture did not "act reasonably and diligently" in filing this motion as required by Rule 15. They did not file the motion within a reasonable period of time after fact discovery was closed and all the facts were known to them. Rather, they waited nearly five months until the eve of trial to bring their joint motion. Nor did they file the motion within a reasonable period of time after - - let alone before - - they disclosed their experts and filed their expert reports. Rather, they let two months pass after they disclosed their experts, and waited until their experts had been deposed, before filing this Motion. Indeed, Defendants did not learn

of Magten's and Law Debenture's plan to renew their motion until November 30 when Defendants contacted Magten requesting their consent to Defendants' filing of an oversized motion for summary judgment[2]. These are not the actions of a party who merely overlooked an issue or who wants to raise issues that were unknown at the time the original complaint was filed; nor are they the actions of a party who had a misunderstandings or good-faith lapse in judgment, but who nonetheless acted reasonably and diligently. Instead, these are the actions of persons who are acting in bad faith and with dilatory motives, or who slept on their rights and are desperately attempting to correct their own errors in litigation strategy.

### 3.    Law Debenture Slept on its Rights.

In addition, Law Debenture has clearly acted with undue delay and in bad faith. Any claims Law Debenture may assert accrued no later than the date of the "going flat" transaction: November 15, 2002. Therefore, pursuant to Montana's applicable statute of limitations, Law Debenture had until November 15, 2005, three years from the accrual of the claim, to assert a breach of fiduciary duty claim. Mont. Code Ann. § 27-2-204 ("the period prescribed for the commencement of an action upon a liability not founded upon an instrument in writing is within 3 years."). Law Debenture clearly knew of the accrual of the claim, evidenced by the assertions it made in its original Joint Motion for Leave to File Amended Complaint, dated February 2, 2007 ("Joint Motion") [*see* D.I. #142], that it has been monitoring this case and has previously considered "whether it ought to seek to join in this action as a co-plaintiff." *Joint Motion* at p. 5. Moreover, Law Debenture did, indeed, bring suit against NorthWestern Corporation in 2004

---

[2]   Magten failed to comply with Rule 7.1.1 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware. This Local Rule requires the moving party to make a reasonable effort to reach agreement with the opposing attorneys on the matters set forth in the motion. If the moving party fails to comply, the Local Rule states that the Court will not entertain the motion. Here, neither Magten nor Law Debenture attempted to "reach an agreement with the opposing attorneys on the matters set forth in the motion," namely, the content or subject matter of the proposed amendments to the Complaint or the merits of raising any such amendments. Law Debenture has never contacted counsel for these Defendants in the course of this litigation or in connection with any other proceeding. Magten never attempted to discuss the type of proposed amendment, the reasons for the proposed amendment, the merits of the proposed amendment, or that they would even indeed file the Renewed Motion or the timing of the filing of the Renewed Motion. The failure of Magten and Law Debenture to comply with the clear requirements of Local Rule 7.1.1 cannot be viewed as an isolated incident or an innocent lapse in judgment or thought. As noted immediately above, this is but one more example of their attempt to avoid compliance with the Rules. Because Magten and Law Debenture have demonstrated their inability (or unwillingness) to comply with the rules, their joint motion should be denied.

322394/1674.044

raising claims arising from the same "going flat" transaction. *See, Magten and Law Debenture v. NorthWestern Corporation*, Case No. 04-1494-JJF (the "NorthWestern Litigation").

As a result, Law Debenture's excuse that it was relying upon Magten's prosecution of the case is unavailing and is nothing more than a post-hoc rationalization for its failure to timely and affirmatively act. Denial of the Renewed Motion here is therefore appropriate since Law Debenture clearly knew of the litigation against the Defendants here and affirmatively chose not to sue when Magten filed its Complaint or at any time thereafter until the Defendants suggested to Magten in January 2007 that voluntary dismissal of this case was warranted based on this Court's opinion in *Magten v. Paul Hastings Janofski and Walker*, Case No. 04-1256 (the "PHJW Litigation").

Law Debenture allowed the applicable statute of limitations to run on any claims it may have had against Hanson and Kindt more than two years ago. It now acts in bad faith by attempting to bring a complaint, via Magten's proposed amended complaint, at this time. Law Debenture's blatant attempt to make an end-run around the statute of limitations must be rejected.

In summary, Magten knows it has a fatally flawed Complaint that will not withstand the pending dispositive motion on standing. Law Debenture knows its claims, to the extent it has any, are time-barred by the running of the applicable three year statute of limitations. These parties have now joined forces, each in an attempt to cure its own defects and bars to further litigation, in a last-ditch attempt to avoid the dismissal of this action. Such dilatory practice and bad faith should not be countenanced by this Court. As the Third Circuit has held: "[w]here a party fails to take advantage of previous opportunities to amend, without adequate explanation, leave to amend is properly denied." *Arthur*, 434 F.3d at 204.

B.    Magten And Law Debenture Should Not Be Granted Leave To Amend The Complaint Because Any Amendment Is Futile.

In determining when an amendment is futile, the Third Circuit has provided the following guidance:

322394/1674.044

"Futility" means that the complaint, as amended, would fail to state a claim upon
which relief could be granted. *Glassman*, 90 F.3d at 623 (citing 3 *Moore's
Federal Practice* ¶ 15.08[4], at 15-80 (2d ed. 1993)). In assessing "futility," the
district court applies the same standard of legal sufficiency as applies under Rule
12(b)(6). *Id.* (citing *3 Moore's* at ¶15.08[4], at 15-81).

*In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1434 (3rd Cir. 1997)

(*denying* amendments that would not survive a Rule 12(b)(6) motion even if pled with more

particularity.) *See also*, *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3rd Cir. 2002)

(*holding* Court must inform plaintiffs' he has leave to amend within a set period of time, "unless

amendment would be inequitable or futile."). The amendments proposed by the Renewed

Motion will not cure Magten's lack of standing to bring this suit, nor will they provide Law

Debenture with standing. Further, Law Debenture's claims are time-barred in their entirety.

Therefore, any amendment is futile and should not be permitted.

      1.    <u>Magten and Law Debenture lack standing to sue Hanson and Kindt.</u>

On November 30, Hanson and Kindt filed a brief in support of motion for summary

judgment in this matter. [See D.I. #274.] In that motion, and consistent with this Court's Order

in the PHJW Litigation [see D.I. #121], Hanson and Kindt demonstrated that the allegations

asserted by Magten here, that officers of Clark Fork breached fiduciary duties allegedly owed,

are derivative claims, not direct claims. Therefore, any amendment seeking to re-plead the

claims as direct claims is futile.

Further, because the breach of fiduciary duty claims are properly derivative claims, and

not direct claims, the claims belong only to Clark Fork, and may <u>not</u> be asserted by either

Magten or Law Debenture. Montana's Limited Liability Company Act only permits derivative

claims against a limited liability company to be brought by a <u>member of the Company who was a</u>

<u>member at the time of the transaction at issue</u>. Mont Code Ann. § 35-8-1104(2)(a). Because

neither Magten nor Law Debenture were members at the time of the transaction at issue, both

Magten and Law Debenture lack standing to pursue these derivative claims. Therefore, any

amendment to the Complaint to add Law Debenture does not cure the lack of standing and thus

is futile.

322394/1674.044

Magten seeks to avoid this result by asserting that Clark Fork was within the zone of insolvency, and thus, its officers and directors owed duties to the creditors of the company. In an effort to further strengthen its argument, Magten seeks to add Law Debenture as a party because Law Debenture was a creditor of Clark Fork at the time of the transaction at issue. However, as Hanson and Kindt demonstrate in their brief in support of motion for summary judgment, a creditor cannot bring a direct action against officers or directors of a company for breach of fiduciary duty regardless of whether the company was solvent, insolvent, or in the zone of insolvency. *See* D.I. #274, p. 2-26; *see also*, *Production Resources Group, L.L.C. v. NCT Group, Inc.,* 863 A.2d 772 (Del. Ch. Ct. 2004); *North American Catholic Educational Programming Foundation, Inc. v. Gheewalla*, 930 A. 2d 92, 103 (Del. Supr. 2007). Thus, the proposed amendment to assert direct claims and to join an entity who was a creditor of the company at the time of the transaction in question does not cure the lack of standing of either Magten or Law Debenture, and is therefore futile. Neither Magten nor Law Debenture may assert either direct or derivative claims here.

> 2.    Law Debenture's claims against Hanson and Kindt are time-barred.
>
>> a.    The applicable statute of limitations expired more than two years ago and the claims were not tolled.

As noted above, Law Debenture had at most until November 15, 2005, three years from the date of the "going flat" transaction, to bring any breach of fiduciary duty claims based on that transaction. Mont. Code Ann. § 27-2-204 ("the period prescribed for the commencement of an action upon a liability not founded upon an instrument in writing is within 3 years.") It is undisputed that Law Debenture failed to bring any action within the applicable time period. Therefore, Law Debenture's claims are time-barred.

The statute of limitations period with regard to Law Debenture was not tolled simply because Magten asserted its rights as a third-party beneficiary during the statute of limitations period. The U.S. Supreme Court has held that statute of limitations periods exist to ensure "essential fairness to defendants" by barring the claims of a plaintiff who has "slept on his rights." *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 554-55, 94 S.Ct. 756, 38

322394/1674.044

L.Ed.2d 713 (1974); *see also Burnett v. New York Cent. R. Co.*, 380 U.S. 424, 428, 85 S.Ct. 1050, 1054 (1965).

Indeed, in *American Pipe, supra*, the United States Supreme Court recognized a limited exception to traditional statute of limitations principles so that putative class members' claims are tolled while a motion for class certification is pending. 414 U.S. at 555. No such exception applies to the case at bar. The basis for the limited class action exception is that it would "frustrate the principal function of a class suit" and create "precisely the multiplicity of activity which Rule 23 was designed to avoid" if parties were required to file motions to protect their rights in the event a class certification was denied. *Id.* at 551. However, this is not a class action, and the Court has never suggested that the claims of interested parties can be tolled in a non-class suit while a "closely related" party exercises its right to sue.

Indeed, if the claims of Law Debenture and the QUIPS holders could be tolled during the pendency of this suit, this would allow for "a potentially endless succession" of litigation against the defendants, which is clearly not what the Supreme Court intended. *See Korwek v. Hunt*, 827 F.2d 874, 878-79 (2d Cir. 1987); *Catholic Social Serv., Inc. v. INS*, 232 F.3d 1139, 1148 (9th Cir. 2000) (noting that plaintiffs may not engage in "endless rounds of litigation" by piggy-backing their tolled claims); *Smith v. Flagship Intern.*, 609 F.Supp. 58, 64 (D.C.Tex. 1985) (plaintiffs cannot bring a potentially endless succession of lawsuits, each tolling its successor); *see also Chambliss v. Coca-Cola Bottling Corp.*, 274 F.Supp. 401, 411 (D.C. Tenn. 1967) (rejecting plaintiff's tolling argument because "[w]ere plaintiff's contentions in this respect to be correct, it would appear that plaintiff could continue her efforts to litigate in this district ad infinitum.")

    b.  Relation back of pleadings under Rule 15(c) is not available to Magten and Law Debenture here.

Law Debenture seeks to avoid the statute of limitations bar by asserting that Fed. R. Civ. P. 15(c) allows it to use the "relation back" concept of amendments to pleadings. There are several fatal flaws in this argument. First, the relation back doctrine does not serve to protect those who knowingly allow the statute of limitations to run before seeking to file a complaint. Rather, as, the Third Circuit discussed in *Arthur, supra*, when Rule 15(a) and Rule 15(c) are

        322394/1674.044

"[c]ombined, these provisions ensure that an inadvertent error in pleading will not preclude a party from securing relief on the merits of a claim." *Arthur*, 434 F.3d at 202 (*citing to Forman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). There was no inadvertent error here.

Second, Rule 15(c) requires three distinct prerequisites for an amendment to relate back to the original complaint:

> (1) the claims in the amended complaint must arise out of the same occurrences set forth in the original complaint, (2) the party to be brought in by amendment must have received notice of the action within 120 days of its institution, and (3) the party to be brought in by amendment must have known, or should have known, that the action would have been brought against the party <u>but for a mistake concerning its identity</u>.

*Arthur*, 434 F.3d at 203 (emphasis added, *citing* Fed.R.Civ.P. 15(c)). Further, the Delaware District Court discussed Rule 15(c) requirements specifically when the desire is to amend the pleadings to add a plaintiff:

> 1) Whether the defendant has received adequate notice of the claim of the additional plaintiff, 2) whether the relation back of such an amendment would unfairly prejudice the defendant in defending against the additional plaintiff and 3) whether there is an identity of interest between the original plaintiff and the proposed additional plaintiff.

*Garr v. Clayville*, 71 F.R.D. 553, 556 (D.Del. 1976).

Magten and Law Debenture rely upon *Garr* and *Warpar Mfg. Corp. v. Ashland Oil, Inc.*, 102 F.R.D. 749 (N.D. Ohio 1983) to justify their relation back argument. However, their reliance is misplaced, as both cases are distinguishable from the issues raised in this litigation.

In *Garr*, the court considered whether the victim of an automobile accident could amend his complaint to allow his insurer to intervene in the action, even though the insurer's motion to intervene was filed three months after the statute of limitations period had lapsed. Delaware's mandatory "no-fault" automobile insurance statute prohibits insured plaintiffs from attempting to directly recover from alleged tortfeasors. *Id.* at 555. Instead, the statute mandates that an action for damages resulting from an automobile accident be brought solely by the insurers, who are subrogated to the rights of the insured. *Id.* Under these circumstances, the court found that the

13                                                              322394/1674.044

insurance company was the "real party in interest" under Fed. R. Civ. P. 17(a), and permitted amendment (and relation back) based largely under that rule.[3] *Id.* at 558. As discussed below, however, this is not a case of substituting the real party in interest for someone who has no interest.

Likewise, in *Warpar*, the court allowed a plaintiff to be substituted under Rule 17(a), where the wrong corporate subsidiary was inadvertently named as the purchaser of allegedly defective products. Based principally on the application of Rule 17(a), the court determined that the claims of the real party in interest should relate back to the original complaint. *Warpar*, 102 F.R.D. at 749-51.

Contrary to the assertions of Magten and Law Debenture, the Third Circuit has emphasized, "relation back was properly denied when the plaintiffs, who had delayed for three years in moving to amend the complaint, could not establish that their failure to bring an earlier amendment was due to "mistake." *Arthur*, 434 F.3d at 204 (*citing to Nelson v. County of Allegheny*, 60 F.3d 1010, 1011 (3rd Cir. 1995) in which denial of amendment was "justified because the plaintiffs had been aware of their claims against the defendants at the time the case was commenced, but had decided not to sue them in the original complaint.") *See also*, BAICKER-MCKEE, JANSSEN, AND CORR, FEDERAL CIVIL RULES HANDBOOK (2007), p. 461 ("if the party seeking to amend made no mistake, relation back is not permitted under Rule 15(c)(3).") The *Arthur* court also specifically noted; "A conscious choice to sue one party and not another does not constitute a mistake and is not a basis for relation back." *Arthur*, 434 F.3d at 204 (*citing* 3 James Wm. Moore et al., *Moore's Federal Practice – Civil* § 15.19[3][d] (3d ed. 1997)). Finally, the *Arthur* court noted, "the language of Rule 15(c) plainly implies that the 'mistake' must have occurred at the time the complaint was filed." *Arthur*, 434 F.3d at 207.

---

[3] Fed. R. Civ. P. 17(a) provides that: "The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest."

322394/1674.044

Here, Law Debenture did not make a mistake. It sued NorthWestern in a companion litigation; at the same time, it chose not to sue the Defendants here. Instead, it knowingly allowed the statute of limitations to expire on any claims it may have alleged against Hanson and Kindt even as it admittedly "monitored" the litigation. Rule 15(c) does not allow Law Debenture to "unfairly prejudice the defendant[s]" by knowingly allowing the statute of limitations to expire and then attempting to relate its untimely claims back to Magten's earlier, timely – albeit defective – Complaint.

c.      Magten is a real party in interest.

Law Debenture seeks to avoid the impacts of the expired statute of limitations by asserting it is the real party in interest under Fed. R. Civ. P. 17. The relation-back provision of Rule 17(a) is designed to "avoid forfeiture and injustice when an understandable mistake has been made in selecting the party in whose name the action should be brought." WRIGHT & MILLER, 6A FED. PRAC. & PROC. Civ.2d § 1555 (2007) (substituting the real party in interest is generally allowed only where "an honest mistake has been made in selecting the proper plaintiff"). The real party in interest rule also protects defendants from actions by parties that are not entitled to recover by ensuring that suits are only initiated on behalf of persons whose interests will be materially affected by the outcome. BAICKER-MCKEE, JANSSEN, AND CORR, FEDERAL CIVIL RULES HANDBOOK, 2007, p. 485. That restriction protects "the defendant against a subsequent action by the party actually entitled to recover, and to ensure that the judgment will have its proper effect as res judicata." *See* Advisory Committee Note to 1966 amendment to Rule 17(a).

The real party in interest rule only becomes a tool for a subsequent plaintiff <u>when the original plaintiff is dismissed</u> after a court has determined that the <u>original</u> plaintiff is <u>not</u> a real-party-in-interest. *See*, Rule 17 ("No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after the objection for" the addition of the real-party-in-interest.) If there is no threat of dismissal of the action due to the real-party-in-interest rule, then there is no need to apply the relation back

15

rule to assure that the "ratification, joinder, or substitution" of the real party in interest "shall have the same effect as if the action had been commenced in the name of the real party in interest." *Id.*

While Law Debenture's basis for sitting out this litigation may-- in hindsight -- have been a tactical error, it may not invoke the relation-back provision of Rule 17(a) simply because it now believes it would have been more advantageous to have joined in the litigation three and half years ago. Here, neither Magten nor Law Debenture nor the Defendants have moved to dismiss Magten on the basis that it is not a real party in interest. Furthermore, Law Debenture had almost nineteen months after this action was filed to join in this lawsuit before the statute of limitations ran, but it chose not to do so. *Renewed Motion* at 3, 7. As a result, Magten has been pursuing legal action directly against Defendants as a real party in interest pursuant to its contractual rights under Section 610 of the Indenture. By opting to leave prosecution of this action to Magten despite being given a reasonable time to ratify, join, or be substituted into this action, Law Debenture lost its ability to assert relief under Rule 17(a).

Magten is, in fact, a real party in interest by virtue of the Indenture language that allows QUIPS holders to assert claims where the Trustee fails to act. The proposed amendment does not seek to substitute a real party in interest for a party who had no interest. Therefore, the real party in interest rule is inapposite. The problem Magten seeks to fix here is that neither party – Magten nor Law Debenture – has standing as a matter of law. Section 610 of the Indenture simply can not counter standing. There is no "fix" for this fatal flaw; the proposed amendment is futile and leave to file the amended complaint must be denied.

C.    Magten And Law Debenture Should Not Be Granted Leave To Amend The Complaint Because Amendment is Prejudicial to Hanson and Kindt.

Defendants will be prejudiced if Magten is permitted to amend its Complaint and Law Debenture is permitted to inject itself into this lawsuit as an additional plaintiff.

As argued in the preceding sections, the applicable statute of limitations has run, and the principle of relation back is inapplicable to this case. To permit Law Debenture to circumvent

322394/1674.044

the statute of limitations is not only wrong as a matter of law but also would work manifest

injustice on and prejudice these Defendants.  As the United States Supreme Court has noted:

> It goes without saying that statutes of limitations often make it impossible to
> enforce what were otherwise perfectly valid claims.  But this is their very
> purpose, and they remain as ubiquitous as the statutory rights or other rights to
> which they are attached or are applicable.  We should give them effect in
> accordance with what we can ascertain the legislative intent to have been.

*United States v. Kubrick*, 44 U.S. 111,125, 100 S. Ct. 352, 361 (1979).

The Third Circuit has likewise acknowledged that it would be prejudicial to permit a

plaintiff, such as Law Debenture here, to prosecute what otherwise has become a stale claim on

which the statute of limitations has run:

> One of the major objectives in enacting a limitations statute is to protect
> defendants and the local courts against the prosecution of stale claims. *See
> Restatement (Second) of Conflicts of Law § 142* comment d (1971). The
> limitations period for a given type of action reflects the legislature's judgment that
> at that particular point in time "the right to be free of stale claims ... comes to
> prevail over the right to prosecute them." United States v. Kubrick, *444 U.S. 111,
> 117, 100 S.Ct. 352, 356, 62 L.Ed.2d 259 (1979)* (quoting Railroad Telegraphers
> v. Railway Express Agency, *321 U.S. 342, 349, 64 S.Ct. 582, 586, 88 L.Ed. 788
> (1944)* ).

*Ross v. Johns-Manville Corp.*, 766 F. 2d 823, 827 (3d Cir. 1985)[4].

In this case, the animating considerations underpinning statutes of limitations apply to

avoid prejudice to Hanson and Kindt.  They are entitled to certainty and finality in assessing their

exposure to the threat of suit for their past conduct in performing ministerial acts on behalf of

Clark Fork at the direction of Clark Fork's sole Member.  These same considerations, and the

same prejudice, underscored the adoption of other Rules of Civil Procedure governing proper

parties and the time for joinder of those parties, including: Rule 17, real party in interest, which

---

[4] *See also*, *Garr*, 71 F.R.D. at 555.  In that case, the Delaware District Court was faced with whether to grant a requested leave to amend pursuant to Rule 15.  The district court noted that the question in *Garr* involved "something more than a pro forma amendment meriting reflexive approval by the Court.  Here, Garr and Home Indemnity are seeking to amend Garr's complaint to add Home Indemnity as a plaintiff and avoid Delaware's applicable two year bar through use of Rule 15(c)'s provisions for 'Relation Back of Amendments.'  Ultimately, the district court granted leave because "the relationship between Garr and Home Indemnity, his subrogated insurer is clearly close" and other unique facts were presented that are not present in this case.  In this case, Law Debenture is merely attempting to avoid the applicable statute of limitations – an inappropriate use for Rule 15(c)'s relation back of amendments provisions.

prohibits a party from being sued by a "placeholder" who is not aggrieved; Rule 19, joinder of parties needed for just adjudication; and Rule 21, misjoinder and nonjoinder. While these rules may not directly apply in this case, the intent of these rules demonstrate the need to avoid prejudice by ensuring that the correct parties are present in a timely manner or otherwise forever hold their peace. To allow persons who could have been parties to the law suit to enter the action late, after the applicable statute of limitations has run, frustrates the purpose of such statutes and works a prejudice on defendants.

In addition, despite their statement to the contrary, an amendment to the pleadings to add a new party and a new theory to the case at this late stage will result in additional prejudice to the Defendants. The Third Circuit has consistently:

> considered whether allowing an amendment would result in additional discovery, cost and preparation to defend against new facts or new theories. *Compare id.* [*Adams*, 739 F.2d**Error! Bookmark not defined.**] at 869 (finding no prejudice because no new facts or additional discovery were required) with *Rolo*, 155 F.3d at 655 (finding duration of case and substantial effort and expense in resolving underlying motion to dismiss could constitute delay or prejudice to defendants) and *Cornell*, 573 F.2d at 823-24 (finding significant prejudice because proposed amendment changed legal and factual basis of claim and prevented defendant from presenting defense).

*Cureton*, 252 F.3d at 273 (*affirming* district court's denial of post-judgment motion for leave to amend due to plaintiff's undue delay in bringing a request to amend three years after the complaint was filed and concluding "that the only real reason advanced by plaintiffs for the substantial lapse in time was plaintiff's misplaced confidence in their original disparate impact theory.")

The prejudice to the Defendants in expanding this case after discovery has closed and three months before the trial is real and palpable.

Throughout this litigation, Magten has only asserted a direct claim against Hanson and Kindt. Thus, all discovery conducted by the Defendants has been directed at determining the damages, if any, which are claimed by Magten directly. That was the thrust of the deposition of Mr. Talton Embry, the principal of Magten, and written discovery and production requests directed to Magten, the sole plaintiff. If this Court were to permit Magten to change its theory of

the case by asserting a derivative claim at this late date after fact discovery has closed and expert reports have been filed, the Defendants would be prejudiced since they have no opportunity to inquire as to the facts upon which Magten is relying in alleging that Clark Fork was in any way injured by the "going flat" transaction. Likewise, the Defendants have had no opportunity to discover why or how an award against them for breach of fiduciary duty paid to Clark Fork would be of benefit to Clark Fork. If the obligation to pay on the QUIPS were to revert to Clark Fork, then any judgment paid to Clark Fork would presumably be used to satisfy the QUIPS holders and not Clark Fork. Alternatively, if as the Defendants here and NorthWestern in its separate case have argued in their briefs in support of Motions for Summary Judgment [D.I. #s 274 and 281, respectively] that the transfer of the QUIPS was permitted under the terms of the Indenture and the amendments thereto, then the possibility exists that Clark Fork would be unjustly enriched if the Defendants were required to pay a judgment to Clark Fork but the obligation to pay on the QUIPS remained with NorthWestern. Significantly, in this respect, according to the prayer for relief in the proposed amended complaint, any award of compensatory or punitive damages would go to the plaintiffs, not to Clark Fork on whose behalf the derivative claim is asserted. Clearly, the Defendants are entitled to discovery if the derivative claim were to be permitted – discovery which can no longer occur. The Defendants are thus prejudiced if the derivative claim were permitted now after fact discovery has closed expert reports have been tendered and Magten's experts have been deposed.

Likewise, the Defendants would be prejudiced if Law Debenture were permitted to enter the case at this late date. As Defendants learned only after conducting discovery of Magten, in Magten's case, all purchases of QUIPS by Magten occurred after NorthWestern had stated that it might be required to invoke the Indenture provision permitting deferral of QUIPS payments for up to 20 consecutive quarters without an event of default. And, as the Defendants subsequently learned only through discovery, Magten continued to acquire QUIPS after the moratorium on payments was put in place, and even after NorthWestern filed its petition in Bankruptcy. As Mr. Embry admitted during his deposition, he acquired QUIPS so that he could buy a lawsuit. As the

322394/1674.044

Defendants have argued in their Motion for Summary Judgment, all these facts are undisputed and material to the argument that Magten's right to compensatory damages is limited, if not barred.

Had Law Debenture been a plaintiff while fact discovery was open[5], the Defendants would have made the same sort of factual inquiry about when the various QUIPS holders whose interest is purportedly represented by Law Debenture purchased their respective interests, the amount of those interests, and even inquire of specifically identified holders as to what they knew about the financial condition of NorthWestern and Clark Fork when they acquired their QUIPS, their motivation for acquiring QUIPS, and whether, like Magten, they were buying a lawsuit. All these facts have a direct bearing on the right to any recovery of compensatory damages by Law Debenture on behalf of the QUIPS holders whose interest it purports to represent. To allow Law Debenture into the case now, after fact discovery is closed, is prejudicial and should not be permitted.

## CONCLUSION

For all the foregoing reasons, it would be manifestly unjust and prejudicial to permit the amendment of the pleadings and the addition of a new party. The moving parties here have acted in bad faith and with dilatory practices. In addition, any amendment would be futile and would not cure the standing problems of either moving party, nor cure the procedural bar to litigation posed by the running of the statute of limitations on Law Debenture's claims. Given the totality of the circumstances present here, the parties have failed to meet the burdens of proof imposed on them by Rule 15, and thus the Renewed Motion should be rejected and denied in its entirety.

---

[5]  Neither Magten nor Law Debenture can be heard to say that the Defendants here should have expended the time, effort and resources to conduct discovery of a non-party's potential claims when that entity had not sued the Defendants, its claims are now time-barred by the applicable statutes of limitation, and the motion to amend the complaint to, *inter alia*, add this Plaintiff had been denied once by the Court with no guarantee that the motion would either be renewed or granted. To require discovery of the non-party under those circumstances would not speak of judicial economy or appropriate use of the time of the parties, their counsel, or this Court.

322394/1674.044

EDWARDS ANGELL PALMER & DODGE LLP

*/s/ Denise Seastone Kraft*

Denise Seastone Kraft (#2778)
919 North Market Street
Wilmington, DE 19801
(302) 777-7770
dkraft@eapdlaw.com
 *Counsel to Michael J. Hanson*
 *and Ernie J. Kindt*

OF COUNSEL:

Stanley T. Kaleczyc
Kimberly A. Beatty
BROWNING, KALECZYC, BERRY
 & HOVEN, P.C.
139 North Last Chance Gulch
Helena, MT 59624
(406) 443-6820

December 21, 2007

322394/1674.044

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 21, 2007, the attached

**DEFENDANTS MICHAEL J. HANSON AND ERNIE J. KINDT'S BRIEF IN**

**OPPOSITION TO MAGTEN'S MOTION TO AMEND COMPLAINT** was electronically

filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to

the following counsel of record:

> Victoria Watson Counihan, Esquire
> Greenberg Traurig, LLP
>
> Dale R. Dube, Esquire
> Blank Rome LLP
>
> Kathleen M. Miller, Esquire
> Smith, Katzenstein & Furlow LLP

In addition, the undersigned forwarded a copy of same in the manner indicated below to:

## BY E-MAIL AND HAND-DELIVERY

Victoria W. Counihan, Esquire
Greenberg Traurig, LLP
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801

Dale R. Dube, Esquire
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801

Kathleen M. Miller, Esquire
Smith Katzenstein & Furlow LLP
800 Delaware Avenue
Wilmington, DE 19801

322394/1674.044

**BY E-MAIL AND FIRST-CLASS MAIL**

Steven J. Reisman, Esquire
Joseph D. Pizzurro, Esquire
Nancy E. Delaney, Esquire
Miriam K. Harwood, Esquire
Curtis, Mallet-Prevost, Colt & Mosle, LLP
101 Park Avenue
New York, NY  10178-0061

John Snellings, Esquire
Nixon Peabody, LLP
100 Summer Street
Boston, MA  02110-2131

Bonnie Steingart, Esquire
Gary L. Kaplan, Esquire
John W. Brewer
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY  1004-1980

*/s/ Denise Seastone Kraft*
Denise Seastone Kraft (#2778)
Edwards Angell Palmer & Dodge LLP
Wilmington, DE  19801
(302) 777-7770
*dkraft@eapdlaw.com*

322394/1674.044