# EXHIBIT C




**Appraisal Standards Board**

THE APPRAISAL FOUNDATION
*Authorized by Congress as the Source of Appraisal Standards and Appraiser Qualifications*



# USPAP 2002

## Uniform Standards of Professional Appraisal Practice

Effective January 1, 2002 – December 31, 2002


EXHIBIT
Berlinger 5

2561 **STANDARD 9: BUSINESS APPRAISAL, DEVELOPMENT**

2562 In developing a business or intangible asset appraisal, an appraiser must identify the problem to be
2563 solved and the scope of work necessary to solve the problem and correctly complete the research and
2564 analysis steps necessary to produce a credible appraisal.

2565 Comment: STANDARD 9 is directed toward the substantive aspects of developing a
2566 competent business or intangible asset appraisal. The requirements of STANDARD 9
2567 apply when the specific purpose of an assignment is to develop an appraisal of a business
2568 or intangible asset.

2569 Standards Rule 9-1 (This Standards Rule contains binding requirements from which departure is not
2570 permitted.)

2571 In developing a business or intangible asset appraisal, an appraiser must:

2572 (a) be aware of, understand, and correctly employ those recognized methods and procedures
2573 that are necessary to produce a credible appraisal;

2574 Comment: Changes and developments in the economy and in investment theory have a
2575 substantial impact on the business appraisal profession. Important changes in the
2576 financial arena, securities regulation, and tax law and major new court decisions may
2577 result in corresponding changes in business appraisal practice.

2578 (b) not commit a substantial error of omission or commission that significantly affects an
2579 appraisal; and

2580 Comment: In performing appraisal services, an appraiser must be certain that the
2581 gathering of factual information is conducted in a manner that is sufficiently diligent,
2582 given the scope of work as identified according to Standards Rule 9-2(e), to reasonably
2583 ensure that the data that would have a material or significant effect on the resulting
2584 opinions or conclusions are identified and, when necessary, analyzed. Further, an
2585 appraiser must use sufficient care in analyzing such data to avoid errors that would
2586 significantly affect his or her opinions and conclusions.

2587 (c) not render appraisal services in a careless or negligent manner, such as by making a series of
2588 errors that, although individually might not significantly affect the results of an appraisal, in
2589 the aggregate affect the credibility of those results.

2590 Comment: Perfection is impossible to attain and competence does not require perfection.
2591 However, an appraiser must not render appraisal services in a careless or negligent
2592 manner. This rule requires an appraiser to use diligence and care.

2593 Standards Rule 9-2 (This Standards Rule contains binding requirements from which departure is not
2594 permitted.)

2595 In developing a business or intangible asset appraisal, an appraiser must identify:

2596 (a) the client and any other intended users of the appraisal and the client's intended use of the
2597 appraiser's opinions and conclusions;

2598 Comment: An appraiser must not allow a client's objectives or intended use of the
2599 appraisal to cause an analysis to be biased.

(b) the purpose of the assignment, including the standard of value (definition) to be developed;

(c)   the effective date of the appraisal;

(d)   the business enterprises, assets, or equity to be valued;

    (i)   Identify any buy-sell agreements, investment letter stock restrictions, restrictive corporate charter or partnership agreement clauses, and any similar features or factors that may have an influence on value; and

    (ii)   ascertain the extent to which the interests contain elements of ownership control.

Comment: Special attention should be paid to the attributes of the interest being appraised, including the rights and benefits of ownership. The elements of control in a given situation may be affected by law, distribution of ownership interests, contractual relationships, and many other factors. As a consequence, the degree of control or lack of it depends on a broad variety of facts and circumstances that must be evaluated in the specific situation.

Equity interests in a business enterprise are not necessarily worth the pro rata share of the business enterprise value as a whole. Conversely, the value of the business enterprise is not necessarily a direct mathematical extension of the value of the fractional interests.

(e)   the scope of work that will be necessary to complete the assignment;

Comment: The scope of work is acceptable when it is consistent with:

- the expectations of participants in the market for the same or similar appraisal services; and
- what the appraiser's peers' actions would be in performing the same or a similar business valuation assignment in compliance with USPAP.[46]

An appraiser must have sound reasons in support of the scope of work decision and must be prepared to support the decision to exclude any information or procedure that would appear to be relevant to the client, an intended user, or the appraiser's peers in the same or a similar assignment. An appraiser must not allow assignment conditions to limit the extent of research or analysis to such a degree that the resulting opinions and conclusions developed in an assignment are not credible in the context of the intended use of the appraisal.

(f)   any extraordinary assumptions necessary in the assignment; and

Comment: An extraordinary assumption may be used in an appraisal only if:

- it is required to properly develop credible opinions and conclusions;
- the appraiser has a reasonable basis for the extraordinary assumption;
- use of the extraordinary assumption results in a credible analysis; and
- the appraiser complies with the disclosure requirements set forth in USPAP for extraordinary assumptions.

---

[46] See Statement on Appraisal Standards No. 7 (SMT-7), page 94, for example of qualification criteria for an "appraiser's peers." [An "Appraiser's peers" are other competent, qualified appraisers who have expertise in similar types of assignments involving similar types of property.]

2637 (g) any hypothetical conditions necessary in the assignment.

2638 Comment: A hypothetical condition may be used in an appraisal only if:

2639 • use of the hypothetical condition is clearly required for legal purposes, for purposes
2640 of reasonable analysis, or for purposes of comparison;
2641 • use of the hypothetical condition results in a credible analysis; and
2642 • the appraiser complies with the disclosure requirements set forth in USPAP for
2643 hypothetical conditions.

2644 Standards Rule 9-3 (This Standards Rule contains binding requirements from which departure is not
2645 permitted.)

2646 In developing a business or intangible asset appraisal relating to an equity interest with the ability to
2647 cause liquidation of the enterprise, an appraiser must investigate the possibility that the business
2648 enterprise may have a higher value by liquidation of all or part of the enterprise than by continued
2649 operation as is. If liquidation of all or part of the enterprise is the indicated basis of valuation, an
2650 appraisal of any real estate or personal property to be liquidated may be appropriate.

2651 Comment: This rule requires the appraiser to recognize that continued operation of a
2652 business is not always the best premise of value because liquidation of all or part of the
2653 enterprise may result in a higher value. However, this typically applies only when the
2654 business equity being appraised is in a position to cause liquidation. If liquidation of all
2655 or part of the enterprise is the appropriate premise of value, competency in the appraisal
2656 of assets such as real estate (STANDARD 1) and tangible personal property
2657 (STANDARD 7) may be required to complete the business valuation assignment.

2658 Standards Rule 9-4 (This Standards Rule contains specific requirements from which departure is
2659 permitted. See the DEPARTURE RULE.)

2660 In developing a business or intangible asset appraisal, an appraiser must collect and analyze all
2661 information pertinent to the appraisal problem, given the scope of work identified in accordance with
2662 Standards Rule 9-2(e).

2663 (a) An appraiser must develop value opinion(s) and conclusion(s) by use of one or more
2664 approaches that apply to the specific appraisal assignment; and

2665 Comment: This rule requires the appraiser to use all relevant approaches for which
2666 sufficient reliable data are available. However, it does not mean that the appraiser must
2667 use all approaches in order to comply with the rule if certain approaches are not
2668 applicable.

2669 (b) include in the analyses, when relevant, data regarding:

2670 (i) the nature and history of the business;

2671 (ii) financial and economic conditions affecting the business enterprise, its industry, and
2672 the general economy;

2673 (iii) past results, current operations, and future prospects of the business enterprise;

2674 (iv) past sales of capital stock or other ownership interests in the business enterprise
2675 being appraised;

2676 (v) sales of similar businesses or capital stock of publicly held similar businesses;

Standard 9

74

| | | |
|---|---|---|
| (vi) | prices, terms, and conditions affecting past sales of similar business equity; and | 2677 |
| (vii) | economic benefit of intangible assets. | 2678 |

    Comment: This rule directs the appraiser to study the prospective and retrospective aspects of the business enterprise and to study it in terms of the economic and industry environment within which it operates. Further, sales of securities of the business itself or similar businesses for which sufficient information is available should also be considered.    2679–2682

**Standards Rule 9-5** (This Standards Rule contains binding requirements from which departure is not permitted.)    2683–2684

**In developing a business or intangible asset appraisal, an appraiser must reconcile the indications of value resulting from the various approaches to arrive at the value conclusion.**    2685–2686

    Comment: The appraiser must evaluate the relative reliability of the various indications of value. The appraiser must consider the quality and quantity of data leading to each of the indications of value. The value conclusion is the result of the appraiser's judgment and not necessarily the result of a mathematical process.    2687–2690

Standard 9