IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAGTEN ASSET MANAGEMENT CORPORATION and LAW DEBENTURE TRUST COMPANY OF NEW YORK, <br><br> Plaintiffs, <br><br> v. <br><br> NORTHWESTERN CORPORATION, <br><br> Defendant. | C.A. No. 04-1494 (JJF) |
| MAGTEN ASSET MANAGEMENT CORP., <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL J. HANSON and ERNIE J. KINDT, <br><br> Defendants. | C.A. Action No. 05-499 (JJF) |

[PROPOSED]
**JOINT PRE-TRIAL ORDER SUBMITTED ON BEHALF OF ALL PLAINTIFFS AND DEFENDANTS IN THE ABOVE-REFERENCED ACTIONS**

On February 7, 2008, at 01:00 PM in Courtroom 4B on the fourth floor of the Boggs Federal Building in Wilmington, Delaware, counsel for plaintiffs Magten Asset Management Corporation ("Magten") and Law Debenture Trust Company of New York ("Law Debenture") and counsel for defendants NorthWestern Corporation

1

("NorthWestern"), Michael Hanson and Ernie Kindt shall attend a final pre-trial conference before this Court.

Trial counsel for the respective parties will be:

### Plaintiffs' Counsel

*Counsel for Magten Asset Management Corporation:*

Bonnie Steingart
Gary L. Kaplan
John W. Brewer
FRIED FRANK HARRIS SHRIVER
   & JACOBSON LLP
One New York Plaza
New York, NY 10004

- and -

Dale R. Dubé
David W. Carickhoff
BLANK ROME LLP
1201 Market Street, Suite 800
Wilmington, DE 19801

*Counsel for Law Debenture Trust Company of New York:*

John V. Snellings
Amanda Darwin
NIXON PEABODY LLP
100 Summer Street
Boston, Massachusetts 02110-1832

- and -

Kathleen M. Miller
SMITH KATZENSTEIN & FURLOW LLP
800 Delaware Avenue
P. O. Box 410
Wilmington, DE 19899

### Defendants' Counsel

*Counsel for NorthWestern Corporation:*

Joseph D. Pizzurro
Nancy E. Delaney
Myles K. Bartley
CURTIS, MALLET-PREVOST, COLT
   & MOSLE LLP
101 Park Avenue
New York, NY 10178

- and -

Victoria Watson Counihan

*Counsel for Mike J. Hanson and Ernie J. Kindt:*

Stanley T. Kaleczyc
Kimberly A. Beatty
BROWNING, KALECZYC, BERRY
   & HOVEN, P.C.
139 North Last Chance Gulch
P.O. Box 1697
Helena, MT 59624

- and -

Denise Seastone Kraft

Dennis A. Meloro  
GREENBERG TRAURIG, LLP  
The Nemours Building  
1007 North Orange Street, Suite 1200  
Wilmington, DE 19801

EDWARDS ANGELL PALMER  
& DODGE LLP  
919 North Market Street, 15th Floor  
Wilmington, DE 19801

The following matters as to the trials in the above captioned actions are hereby ordered by the Court. These cases, 04-1494 (the "NorthWestern Action") and 05-499 (the "Hanson and Kindt Action"), were consolidated by order dated November 3, 2006 [D.I. 94, Case. No. 04-1494; D.I. 121, Case. No. 05-499] for all pre-trial purposes but not for trial. Due to the factual and evidentiary overlap between the actions, the parties believe a single pre-trial order will be more efficient and eliminate unnecessary duplication. Items that relate to only one of the actions rather than both will be identified as such, and represent the positions of only the plaintiff(s) and defendant(s) in the specific action.

I.   NATURE OF THE ACTIONS AND RELEVANT PLEADINGS

1.   <u>NorthWestern Action.</u> The NorthWestern Action was commenced by Magten and Law Debenture as an adversary proceeding in NorthWestern's chapter 11 case in the Bankruptcy Court of this District on April 16, 2004 [Case No. 04-53324]. On December 8, 2004, this Court entered an order withdrawing the reference to the Bankruptcy Court and the NorthWestern Action has proceeded in this Court since that time. The NorthWestern Action alleges claims under the Montana Uniform Fraudulent Transfer Act ("MUFTA") and the common law of unjust enrichment arising out of the

November 15, 2002 transaction (the "Transfer") whereby NorthWestern received substantially all of the assets of its subsidiary, the entity now known as Clark Fork and Blackfoot LLC ("Clark Fork").[1] Plaintiffs contend that the Transfer caused injury to the holders of certain securities known as "QUIPS" which were issued by a trust affiliated with Clark Fork's predecessor in interest. Magten is the largest holder of QUIPS and Law Debenture is the indenture trustee for all QUIPS holders. The operative pleadings are plaintiffs' First Amended Complaint dated October 4, 2004 [D.I. 27, Case No. 04-53324] and NorthWestern's Answer dated November 19, 2004 [D.I. 41, Case No. 04-53324], both of which were filed in the Bankruptcy Court before the reference was withdrawn.[2] NorthWestern's 12(b)(6) motion against the predecessor to the First Amended Complaint was denied in part and granted in part by Judge Case of the Bankruptcy Court on August 20, 2004. [D.I. 25, Case No. 04-53324]. Judge Case held, among other things, that "The Plaintiffs lack standing as creditors of Clark Fork to pursue a fraudulent conveyance action against [NorthWestern] because of the section 1102 release, unless they can prove under applicable law that the Section 1102 release was obtained through actual fraud or as part of a fraudulent scheme."[3] NorthWestern's

---

[1] Clark Fork has had several different names during the time period relevant to these actions. Clark Fork will be used consistently in this document and its exhibits to minimize confusion. The First Amended Complaint in the NorthWestern Action also sets forth a cause of action under the Public Utilities Holding Company Act ("PUHCA"), which was overtaken by Congressional repeal of that statute while the NorthWestern Action was pending. In ruling on objections to confirmation of NorthWestern's chapter 11 plan of reorganization, the bankruptcy court rejected Plaintiffs' arguments based on PUHCA and the law of constructive trust. [D.I. 2237, Case No. 03-12872, at 44-46.]

[2] The counterclaims included in the answer were dismissed with prejudice on March 9, 2005. [D.I. 68, Case No. 04-53324]

[3] Judge Case's opinion was subsequently construed (in the context of addressing the scope of relevant discovery) by this Court in its opinion dated September 29, 2006 denying defendants' motions for a protective order. [D.I. 86, Case No. 04-1494]

summary judgment motion [D.I. 242-48, Case No. 04-1494] is now fully briefed and pending before this Court.

2.  <u>Hanson & Kindt Action.</u>  The Hanson and Kindt Action was commenced by Magten against Hanson and Kindt on April 19, 2004 [D.I. 1, Case. No. 04-26] in the U.S. District Court for the District of Montana.[4]  Law Debenture is not presently a party to the Hanson and Kindt Action.  By order dated July 11, 2005 [D.I. 52, Case No. 04-26], the Hanson and Kindt Action was transferred to this District.  Hanson and Kindt were both officers of Clark Fork at the time of the Transfer in November 2002.  Magten contends that they breached their fiduciary duties to Clark Fork's creditors, including Magten's predecessors-in-interest and the trust that issued the QUIPS, in connection with the Transfer.  The operative pleadings are Magten's Complaint dated April 19, 2004 [D.I. 1, Case. No. 04-26] and Hanson and Kindt's Answer dated April 21, 2005 [D.I. 27, Case No. 04-26], both of which were filed in the District of Montana prior to transfer of the Hanson and Kindt Action to this Court.  Hanson and Kindt's 12(b)(6) motion and original summary judgment motion were both denied by Judge Cebull of the District of Montana prior to transfer.  Their current summary judgment motion [D.I. 273, Case No. 05-499] is now fully briefed and pending before this Court.  See also section IX, infra (describing pending motion to amend complaint and add Law Debenture as co-plaintiff and the opposition to such motion filed by Defendants Hanson and Kindt).

II.  BASIS FOR FEDERAL JURISDICTION

---

[4] Two other defendants were also originally named, but Magten subsequently voluntarily dismissed the action as against them.

3. This Court's subject matter jurisdiction over the NorthWestern Action is based on 28 U.S.C. § 1334, because the action is an adversary proceeding relating to NorthWestern's chapter 11 case.

4. This Court's subject matter jurisdiction over the Hanson and Kindt Action is based on 28 U.S.C. § 1332(a)(1), because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the action is between citizens of different states. Specifically, Magten is a Delaware corporation with its principal place of business in New York, Hanson is a citizen of South Dakota, and Kindt is a citizen of Montana.

III. STATEMENT OF ADMITTED FACTS

5. The parties' Joint Statement of Admitted Facts (specifying, where relevant, which action they apply to when not applicable to both actions) is attached as Exhibit 1.

IV. STATEMENTS OF ISSUES OF FACT THAT REMAIN TO BE LITIGATED

6. The plaintiffs' statement of issues of fact (specifying, where relevant, which action they apply to when not applicable to both actions) is attached as Exhibit 2.

7. NorthWestern's statement of issues of fact is attached as Exhibit 3.

8. Hanson and Kindt's statement of issues of fact is attached as Exhibit 4.

V. STATEMENTS OF ISSUES OF LAW THAT REMAIN TO BE LITIGATED

9. The plaintiffs' statement of issues of law (specifying, where relevant, which action they apply to when not applicable to both actions) is attached as Exhibit 5.

10. NorthWestern's statement of issues of law is attached as Exhibit 6.

11. Hanson and Kindt's statement of issues of law is attached as Exhibit 7.

VI.  **EXHIBITS**

12. The parties will offer as exhibits at trial one or more of the exhibits set forth on their respective exhibit lists. These lists include the exhibit number to be used at trial and a description sufficient to identify the exhibit, i.e. by production number, deposition exhibit numbers, or other means. Any party may use an exhibit on another party's list to the same effect as though it was on its own list, subject to all evidentiary objections. Exhibits offered to be used for cross-examination or for purposes of impeaching a witness may be admitted without regard to whether or not they were included in the attached exhibit list(s).

13. The plaintiffs' list of exhibits (specifying, where relevant, which action they apply to when not applicable to both actions), with defendants' objections noted, is attached as Exhibit 8.

14. NorthWestern's list of exhibits, with plaintiffs' objections noted, is attached as Exhibit 9.

15. Hanson and Kindt's list of exhibits, with Magten's objections noted, is attached as Exhibit 10.

16. The parties shall exchange, at 5:00 p.m. on the fifth business day prior to the scheduled starting date of each trial, copies of their final exhibits with final exhibit labels (except for demonstrative exhibits and those to be used only for impeachment or cross-examination purposes).

17. Demonstrative exhibits (including summaries pursuant to Fed. R. Evid. 1006) need not be included on the parties' exhibit lists attached hereto as Exhibits 8, 9,

and 10.

    17a.    With respect to the NorthWestern Action, the parties shall exchange demonstrative exhibits, labeled with the demonstrative exhibit number to be used at trial, by 5:00 p.m. the day before they are intended to be used (except for demonstrative exhibits to be used only for impeachment or cross-examination purposes). The parties' respective objections to the demonstrative exhibits, if any, shall be raised with the court when a particular exhibit is used. This subparagraph shall not apply to demonstrative exhibits created during testimony at trial.

    17b.    With respect to the Hanson and Kindt Action, Magten's position is that the same procedure should be followed as in the NorthWestern Action, as set forth in subparagraph 17a. Hanson and Kindt's position is that the parties shall exchange respective demonstrative exhibits five (5) days prior to the start of trial and shall exchange objections, if any, to such demonstrative exhibits two (2) days prior to the start of trial (except those demonstrative exhibits which shall be used only for impeachment or cross-examination purposes of which shall be created during testimony at trial).

    18.    Any exhibit identified in any party's exhibit list and not objected to at the time of this Order may be admitted and entered in evidence by such party.

## VII.    WITNESSES TO BE CALLED IN PERSON OR BY DEPOSITION

    19.    The plaintiffs' list of witnesses with deposition designations where relevant (specifying, where relevant, which action they apply to when not applicable to both actions) is attached as Exhibit 11.

20. NorthWestern's list of witnesses with deposition designations where relevant is attached as Exhibit 12.

21. Hanson and Kindt's list of witnesses with deposition designations where relevant is attached as Exhibit 13.

22. The parties will have the right to use additional deposition designations as needed for the specific purpose of impeachment, as well as for cross examination or rebuttal if the deponent is called by another party to testify.

23. Each party will notify the other parties at least 48 hours prior to the commencement of its case in chief of the witnesses it will call and the order in which they will be called.

VIII. BRIEF STATEMENTS OF INTENDED PROOFS

24. In support of their claims, in addition to the facts not in dispute, Plaintiffs expect to offer the proofs set forth in Exhibit 14 (specifying, where relevant, which action they apply to when not applicable to both actions).

25. In support of its defenses, in addition to the facts not in dispute, NorthWestern expects to offer the proofs set forth in Exhibit 15.

26. In support of their defenses, in addition to the facts not in dispute, Hanson and Kindt expect to offer the proofs set forth in Exhibit 16.

IX. POTENTIAL AMENDED PLEADINGS

27. Magten and Law Debenture have filed a motion for leave to amend the complaint in the Hanson and Kindt Action and to add Law Debenture as a co-plaintiff. Hanson and Kindt have opposed this motion. The motion is now fully briefed and

pending before this Court. [D.I. 142, 149, 153, Case No. 05-499] The parties respectfully refer the Court to the briefing for their positions on this motion.

## X.  EXPLORATION OF SETTLEMENT

28. The undersigned counsel certify that the parties have engaged in a good faith effort to explore the resolution of the controversies among them by settlement.

## XI.  OTHER MATTERS

Issues on which the parties agree:

29. The parties have filed, or will be filing contemporaneously herewith, pursuant to this Court's order of January 18, 2008, the following motions in limine:

   a) Plaintiffs' Motion In Limine to Exclude the Expert Report and Testimony of Christopher J. Kearns

   b) Magten's Motion In Limine to Exclude the Expert Report and Testimony of Stephen J. Scherf

   c) Plaintiffs' Motion In Limine to Exclude the Testimony of Charles A. Patrizia

   d) North Western's Motion In Limine to Exclude the Expert Reports and Testimony of Paul A. Marcus and Robert W. Berliner

   e) NorthWestern's Motion to Exclude SEC Evidence

   f) NorthWestern's Motion to Exclude the Hylland Report

   g) NorthWestern's Motion to Exclude the Orme Testimony

   h) North Western's Motion to Exclude Evidence Regarding Law Debenture's Fees.

   i) Defendants Michael J. Hanson And Ernie J. Kindt's Motion In Limine To

      Strike and Exclude Expert Witnesses

j) Defendants Michael J. Hanson And Ernie J. Kindt's Motion To Strike Plaintiff's Jury Demand

k) Defendants Michael J. Hanson And Ernie J. Kindt's Motion In Limine To Exclude All Opinion Testimony Related To Evidence Of Insolvency

l) Defendants Michael J. Hanson And Ernie J. Kindt's Motion In Limine To Exclude Evidence Of Events Occurring Post November 15, 2002

m) Defendants Michael J. Hanson And Ernie J. Kindt's Motion In Limine To Bifurcate Liability And Damages Phases Of Trial

n) Defendants Michael J. Hanson And Ernie J. Kindt's Motion In Limine To Exclude Evidence Relating To Damages And Relief Not Permitted By Law

o) Defendants Michael J. Hanson And Ernie J. Kindt's Motion In Limine To Exclude Evidence Relating To Increased Cost Of Capital Or Undercapitalization

30. The parties believe that the NorthWestern Action (which will be a bench trial) should be tried first, with trial of the Hanson and Kindt Action (which is currently scheduled as a jury trial) to follow, after the Court has issued its written decision in the NorthWestern Action. Hanson and Kindt, however, do not believe that there should be any delay in ruling upon the pending summary judgment motions as a result of this sequence.

31. The parties to the Hanson and Kindt Action will confer in good faith in an attempt to reach agreement on (a) what, if any, issues remain to be tried, (b) the relevance

of their respective exhibit lists and objections in light of the decision in the NorthWestern Action, and (c) the relevance of their deposition designations and counter designations in light of the decision in the NorthWestern Action, within 10 business days after receiving the Court's written decision in the NorthWestern Action, and will then promptly advise the Court of the agreement they have reached and, if necessary, the scope of any remaining disagreement, so that the Court may take appropriate action.

32. The parties believe that it may be more efficient in both actions for issues of attorneys' fees and expenses to be resolved separately following the conclusion of the primary trial(s) on liability and other elements of damages, subject in the Hanson and Kindt Action to any relevant ruling of the Court in connection with the pending summary judgment motion. Law Debenture is seeking attorneys' fees in the NorthWestern Action. Magten is not seeking attorneys' fees in the NorthWestern Action.

Plaintiffs' Issues:

33. NorthWestern and Hanson and Kindt have recently notified plaintiffs that they intend to use Charles A. Patrizia, one the lawyers who represented NorthWestern in the underlying transaction, as a fact witness at trial. It is plaintiffs' position that, as a result of the designation of Mr. Patrizia several months after the close of discovery, Mr. Patrizia's testimony should be excluded, limited, and/or conditioned on the provision meaningfully in advance of trial of additional discovery, including documents previously withheld as subject to the attorney-client privilege. By sending counsel for NorthWestern a letter and by serving subpoenas on Mr. Patrizia and Paul Hastings as well as a supplemental document request on NorthWestern on January 25, 2008, Plaintiffs sought

such additional discovery. It may be appropriate for the Court to address some or all of these issues at the pre-trial conference to the extent the parties have not been able to reach agreement by that time.

34. For the Hanson and Kindt Action, a schedule will be needed for the parties to submit their proposals with respect to jury instructions and the verdict form.

35. Plaintiffs suggest that the Court order that any document that on its face appears to have been authored by an employee, officer, or agent of a party shall be deemed prima facie to be authentic, subject to the right of the party against whom a handwritten document is offered to require a showing of authenticity.

36. The existing confidentiality order does not restrict the use at trial of discovery materials originally designated confidential or confidential-attorneys' eyes only, subject to the right of the producing party to apply for special protections at trial for good cause shown. To the extent defendants intend to make any such application, an appropriate schedule should be set.

37. To the extent NorthWestern and Hanson and Kindt seek to incorporate by reference the exhibits on Plaintiffs' exhibit list on their own respective exhibit lists, Plaintiffs reserve all appropriate objections, especially to those exhibits whose admissibility may depend on which party seeks to offer them in evidence (see, e.g., Fed. R. Evid. § 801(d)). Defendants declined Plaintiffs' request to include this reservation in Exhibits 9 and 10.

NorthWestern's Issues:

38. With regard to plaintiffs' proposal in paragraph 35, NorthWestern suggests

that any document that on its face appears to be authored by a NorthWestern officer or employee and came from the files of NorthWestern shall be deemed prima facie to be authentic, subject to the right of the party against whom a handwritten document is offered to require a showing of authenticity.

39. With respect to Mr. Patrizia, NorthWestern disagrees with Plaintiffs' position but will attempt to reach a compromise.

Hanson and Kindt's Issues:

40. Hanson and Kindt respectfully request that all pending motions for summary judgment in both the NorthWestern Action and the Hanson and Kindt Action should be ruled upon prior to the start of the trial in the NorthWestern Action.

41. With regard to plaintiffs' proposal in paragraph 35, Hanson and Kindt suggest that any document that on its face appears to be authored by a NorthWestern officer or employee and came from the files of NorthWestern shall be deemed prima facie to be authentic, subject to the right of the party against whom a handwritten document is offered to require a showing of authenticity.

XII.   ORDER TO CONTROL COURSE OF ACTIONS

This order shall control the subsequent course of these actions, unless modified by the Court to prevent manifest injustice.

SO ORDERED:

_____
The Honorable Joseph J. Farnan, Jr.
United States District Judge

February __, 2008

JOINTLY SUBMITTED BY:

BLANK ROME LLP

*/s/ Dale R. Dubé*
Dale Dubé (DE No. 2863)
1201 Market Street, Suite 800
Wilmington, DE 19801
Telephone:   (302) 425-6400
Facsimile:    (302) 425-6464

- and -

FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP
Bonnie Steingart
Gary L. Kaplan
John W. Brewer
One New York Plaza
New York, NY 10004
Telephone: (212) 859-8000
Facsimile:   (212) 859-4000

15

*Counsel for Plaintiff Magten Asset Management Corporation*

SMITH, KATZENSTEIN & FURLOW, LLP

_____
Kathleen M. Miller (DE No. 2898)
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE 19899
Telephone:    (302) 652-8400
Facsimile:    (302) 652-8405

- and -

NIXON PEABODY LLP
John V. Snellings
Amanda Darwin
100 Summer Street
Boston, MA  02110
Telephone:    (617) 345-1201
Facsimile:    (866) 947-1732

*Counsel for Plaintiff Law Debenture Trust Company of New York*

GREENBERG TRAURIG, LLP

_____
Victoria Watson Counihan (DE No. 3448)
Dennis Anthony Meloro (DE No. 4435)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
Telephone:    (302) 661-7000
Facsimile:    302-661-7360

- and -

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
Joseph D. Pizzuro
Nancy E. Delaney
Myles K. Bartley
101 Park Avenue

New York, NY 10178
Telephone:    (212) 696-6000
Facsimile:    (212) 697-1559

*Counsel for Defendant NorthWestern Corporation*

EDWARDS ANGELL PALMER & DODGE, LLP

_____
Denise Seastone Kraft (DE No. 2778)
919 North Market Street
Suite 1500
Wilmington, DE 19801
Telephone:    (302) 425-7106
Facsimile:    (888) 325-9741

- and -

BROWNING, KALECZYC, BERRY & HOVEN, P.C.
Stanley T. Kaleczyc
Kimberly A. Beatty
139 North Last Chance Gulch
P.O. Box 1697
Helena, MT 59624
Telephone:    (406) 443-6820

*Counsel for Defendants Michael J. Hanson and Ernie J. Kindt*

17