# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MAGTEN ASSET MANAGEMENT CORP. and LAW DEBENTURE TRUST COMPANY OF NEW YORK, | : : : : | |
| Plaintiffs, | : : | |
| v. | : : | Civil Action No. 04-1494-JJF |
| NORTHWESTERN CORPORATION, | : : : | |
| Defendant. | : | |
| MAGTEN ASSET MANAGEMENT CORP., | : : | |
| Plaintiff, | : : | |
| v. | : : | Civil Action No. 05-499-JJF |
| MIKE J. HANSON and ERNIE J. KINDT, | : : : | |
| Defendants. | : | |

**NORTHWESTERN CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE THE "HYLLAND REPORT"**

| | |
|---|---|
| CURTIS, MALLET-PREVOST, COLT & MOSLE LLP | GREENBERG TRAURIG, LLP Victoria W. Counihan (No. 3488) |
| Joseph D. Pizzurro | Dennis A. Meloro (No. 4435) |
| Nancy E. Delaney | The Nemours Building |
| Myles K. Bartley | 1007 North Orange Street |
| 101 Park Avenue | Wilmington, DE 19801 |
| New York, New York 10178-0061 | Telephone: (302) 661-7000 |
| Telephone: (212) 696-6000 | Facsimile: (302) 661-7360 |
| Facsimile: (212) 697-1559 | counihanv@gtlaw.com |
| | Melorod@gtlaw.com |

Attorneys for NorthWestern Corporation
Dated: January 31, 2008

*DEL 86,207,057v2 1/31/2008*

-i-

## TABLE OF CONTENTS

**Page #**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 1

    I.    The Hylland Report Is Hearsay And Not An Admissible Business Record .................................................................................................... 1

    II.   The Hylland Report Should Be Excluded Because It Is Irrelevant .................................................................................................................. 3

CONCLUSION ............................................................................................................................ 4

## TABLE OF AUTHORITIES

**Page #**

**Cases**

*Armstead v. United States Dep't of Hous. & Urban Dev.*,
    815 F.2d 278 (3d Cir. 1987) .................................................................................... 2

*Fujisawa Pharm. Co. v. Kapoor*,
    No. 92 C 5508, 1999 WL 543166 (N.D. Ill. July 21, 1999) ..................................... 2

*Goldsmith v. C.I.R.*,
    86 T.C. 1134 (T.C. 1986) ......................................................................................... 2

*In re Worldcom, Inc. Sec. Litig.*,
    No. 02 Civ. 3288, 2005 WL 2242199 (S.D.N.Y. Sept. 14, 2005) ............................ 2

*In re Worldcom, Inc. Sec. Litig.*,
    No. 02 Civ. 3288, 2005 WL 491402 (S.D.N.Y. Mar. 3, 2005) ................................ 2

*United States v. Blackburn*,
    992 F.2d 666 (7th Cir. 1993) ................................................................................... 3

*United States v. Freidin*,
    849 F.2d 716 (2d Cir. 1988) ................................................................................ 2, 3

*United States v. Lemire*,
    720 F.2d 1327 (D.C. Cir. 1983) ........................................................................... 2, 3

*United States v. Strother*,
    49 F.3d 869 (2d Cir. 1995) ...................................................................................... 1

**Statutes**

FED. R. EVID. 401 ................................................................................................................. 3

FED. R. EVID. 402 .......................................................................................................... 1, 3, 4

FED. R. EVID. 803(6) ..................................................................................................... 1, 2, 3

In accordance with the January 18, 2008 Order, Defendant NorthWestern Corporation ("NorthWestern"), respectfully submits this motion *in limine* to exclude the Report of the Special Committee of the Board of Directors of NorthWestern Corporation, dated April 25, 2003 (the "Hylland Report").

## PRELIMINARY STATEMENT

In Exhibit No. 8 to the Pre-Trial Order, Plaintiffs have listed the Hylland Report as an exhibit they will attempt to offer into evidence.[1] The Hylland Report was prepared by an outside law firm tasked to "evaluate Mr. Hylland's performance and conduct in connection with his management of NorthWestern and its subsidiaries." (Ex. 294, at NOR519774.) This report, and its appended exhibits, should be excluded from evidence because it is hearsay and does not fall within the FED. R. EVID. 803(6) business records exception, and because it is irrelevant and therefore should be excluded pursuant to FED. R. EVID. 402.

## ARGUMENT

### I.

### The Hylland Report Is Hearsay And Not An Admissible Business Record

For a document to qualify under the hearsay exception of FED. R. EVID. 803(6), it must have been prepared at or near the time of the event it records, and it must be based on the personal knowledge of the recorder or of a person who had a business duty to transmit the information to the recorder. *See* FED. R. EVID. 803(6); *United States v. Strother*, 49 F.3d 869, 874 (2d Cir. 1995). The proponent of such a document must establish (1) by the testimony of the custodian of the record, or other qualified witness, (2) that the record was prepared and kept in the ordinary course of business, and (3) that it was the regular practice of that business to prepare

---

[1] The Hylland Report, and exhibits, is Exhibit 294 of Exhibit No. 8 to the Pre-Trial Order.

such records. *See United States v. Freidin*, 849 F.2d 716, 719-20 (2d Cir. 1988); *see Armstead v. United States Dep't of Hous. & Urban Dev.*, 815 F.2d 278, 282 n.3 (3d Cir. 1987) ("usual practice" is insufficient to meet rule's requirement of "regular practice.").

Further, multiple courts have found that internal investigative reports, such as the Hylland Report, are not business records because the company was not in the business of preparing such reports. *United States v. Lemire*, 720 F.2d 1327, 1350 (D.C. Cir. 1983); *Fujisawa Pharm. Co. v. Kapoor*, No. 92 C 5508, 1999 WL 543166, at *11 (N.D. Ill. July 21, 1999); *Goldsmith v. C.I.R.*, 86 T.C. 1134, 1135 n.3 & 1144-49 (T.C. 1986); *see In re Worldcom, Inc. Sec. Litig.*, No. 02 Civ. 3288, 2005 WL 2242199, at *1 (S.D.N.Y. Sept. 14, 2005) (excluding report of special committee of the board of directors, holding it was not a business record); *In re Worldcom, Inc. Sec. Litig.*, No. 02 Civ. 3288, 2005 WL 491402, at *1 (S.D.N.Y. Mar. 3, 2005) (same). As the D.C. Circuit explained in *Lemire*:

> When a document is made for something other than a regular business purpose, it does not fall within the business records exception. We think that memoranda prepared as part of an investigation into substantial abnormal procedures are not prepared for a regular business purpose. We find such memoranda similar to accident reports, which generally are not admissible as business records.

720 F.2d at 1350 (internal citation omitted).

Reports prepared in response to unusual circumstances, such as internal investigations following catastrophic corporate events, are considered not to have been prepared in the course of a "regular business activity" under Rule 803(6). *See, e.g., Fujisawa Pharm. Co.*, 1999 WL 543166, at *11 (refusing to admit internal corporate report under Rule 803(6) because it was prepared in response to FDA requirement, and therefore was "prepared in response to an abnormal circumstance and thus not in the normal course of [the company's] business.") (citations omitted); *Goldsmith*, 86 T.C. at 1145 (audit committee report did not qualify as

-2-

business record under Rule 803(6) because, *inter alia*, it was prepared in response to S.E.C. inquiries); *Lemire*, 720 F.2d at 1350; *United States v. Blackburn*, 992 F.2d 666, 670 (7th Cir. 1993) (report prepared with knowledge that information would be used in ongoing investigation was not considered prepared in the ordinary course of business, and therefore inadmissible).

It is without question that the Hylland Report: was not prepared in the ordinary course of NorthWestern's business; was not prepared by someone with personal knowledge; was not prepared by a person who had a business duty to transmit the information; and it was not NorthWestern's regular practice to prepare such reports, a *sine qua non* to admissibility as a business record. *See Freidin*, 849 F.2d at 720. The Hylland Report, prepared in response to an unusual, isolated event is not admissible under Rule 803(6).

## II.

### The Hylland Report Should Be Excluded Because It Is Irrelevant

It is axiomatic that only relevant evidence is admissible. FED. R. EVID. 402. "Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable then it would be without the evidence." FED. R. EVID. 401. Thus, evidence that fails to meet this criteria is not admissible. *See* FED. R. EVID. 402.

The Hylland Report and its appended exhibits have simply nothing to do with the issues of this case. As pointed out in NorthWestern's motion for summary judgment, the fundamental issue in this case is whether Plaintiffs are creditors of Clark Fork. The only way Plaintiffs can demonstrate that they are such creditors is if they can show NorthWestern's financials were falsified to accomplish the Going Flat Transaction and obtain the release of Clark Fork on the QUIPS. There is simply nothing in the Hylland Report that sheds any light upon these issues. Accordingly, the Hylland Report is not admissible under FED. R. EVID. 402.

## **CONCLUSION**

For the foregoing reasons, it is respectfully submitted that NorthWestern's motion *in limine* to exclude the Hylland Report, Exhibit 294 of Exhibit No. 8 to the Pre-Trial Order, should be granted.

Dated: Wilmington, Delaware
January 31, 2008

        GREENBERG TRAURIG, LLP

        By: /s/ Dennis A. Meloro
            Victoria W. Counihan (No. 3488)
            Dennis A. Meloro (No. 4435)
            The Nemours Building
            1007 North Orange Street
            Wilmington, DE 19801
            Telephone: (302) 661-7000
            Facsimile: (302) 661-7360
            counihanv@gtlaw.com
            melorod@gtlaw.com

                -and-

        CURTIS, MALLET-PREVOST, COLT &
          MOSLE LLP
        Joseph D. Pizzurro
        Nancy E. Delaney
        Myles K. Bartley
        101 Park Avenue
        New York, New York 10178-0061
        Telephone: (212) 696-6000
        Facsimile: (212) 697-1559

        Attorneys for NorthWestern Corporation