# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAGTEN ASSET MANAGEMENT CORP. and LAW DEBENTURE TRUST COMPANY OF NEW YORK, <br><br> Plaintiffs, <br><br> v. <br><br> NORTHWESTERN CORPORATION, <br><br> Defendant. | Civil Action No. 04-1494-JJF |
| MAGTEN ASSET MANAGEMENT CORP., <br><br> Plaintiff, <br><br> v. <br><br> MIKE J. HANSON and ERNIE J. KINDT, <br><br> Defendants. | Civil Action No. 05-499-JJF |

**NORTHWESTERN CORPORATION'S MEMORANDUM OF
LAW IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE SEC EVIDENCE**

| | |
|---|---|
| CURTIS, MALLET-PREVOST, <br>  COLT & MOSLE LLP <br> Joseph D. Pizzurro <br> Nancy E. Delaney <br> Myles K. Bartley <br> 101 Park Avenue <br> New York, New York 10178-0061 <br> Telephone: (212) 696-6000 <br> Facsimile: (212) 697-1559 | GREENBERG TRAURIG, LLP <br> Victoria W. Counihan (No. 3488) <br> Dennis A. Meloro (No. 4435) <br> The Nemours Building <br> 1007 North Orange Street <br> Wilmington, DE 19801 <br> Telephone: (302) 661-7000 <br> Facsimile: (302) 661-7360 <br> counihanv@gtlaw.com <br> melorod@gtlaw.com |

Attorneys for NorthWestern Corporation
Dated: January 31, 2008

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

    I.    Evidence Related to the SEC's Investigation of NorthWestern
        Should Be Excluded Because It Is Irrelevant to This Action ................... 2

    II.   Evidence of the SEC's Investigation of NorthWestern Should Be
        Excluded Because It Is Hearsay .................................................................. 4

    III.  Evidence of the SEC's Investigation of NorthWestern Should Be
        Excluded Because It Is Precluded by Fed. R. Evid. 408 ........................... 4

CONCLUSION ............................................................................................................................... 6

DEL 86,207,061v2 1/31/2008

## **TABLE OF AUTHORITIES**

**Page**

**Cases**

*Cambridge Fund, Inc. v. Abella*,
   501 F. Supp. 598, 617 (S.D.N.Y. 1980) ............................................................................... 5

*Deitchman v. Bear Stearns Sec. Corp.*,
   No. 07-60465-CIV., 2007 WL 4592238 (S.D. Fla. Dec. 28, 2007) ...................................... 5

*F.D.I.C. v. Refco Group, Ltd.*,
   184 F.R.D. 623, 628 (D. Colo. 1999) ................................................................................... 5

*In re MG Refining & Mktg., Inc. Litig.*,
   94 Civ. 2512 (SS), 1997 U.S. Dist. LEXIS 444 (S.D.N.Y. Jan. 22, 1997) ............................ 5

*In re Blech Sec. Litig.*,
   No. 94 Civ. 7696, 2003 WL 1610775 (S.D.N.Y. Mar. 26, 2003) ..................................... 4, 5

*Lipsky v. Commonwealth*,
   551 F.2d 887, 893 (2d Cir. 1976) ......................................................................................... 5

*N.J. Turnpike Auth. v. PPG Indus., Inc.*,
   16 F. Supp. 2d 460, 473 (D. N.J. 1998) ................................................................................ 5

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*,
   No. CIVA 04-1371 (JJF), 2006 WL 2724879 (D. Del. Sept. 20, 2006) ............................... 3

*S.E.C. v. Todd*,
   No. 03CV2230 BEN, 2006 WL 5201386 (S.D. Cal. Oct. 17, 2006) .................................... 3

*Trebor Sportswear Co., Inc. v. The Limited Stores, Inc.*,
   865 F.2d 506 (2d Cir. 1989) ................................................................................................. 4

*Zivitz v. Greenburg*,
   No. 98 C 5350, 1999 WL 1129605 (N.D. Ill. Dec. 3, 1999) ................................................ 5

**Statutes**

FED. R. EVID. 401 ........................................................................................................................... 2

FED. R. EVID. 402 ........................................................................................................................... 2

FED. R. EVID. 408 ................................................................................................................... 4, 5, 6

FED. R. EVID. 408(a) ...................................................................................................................... 4

FED. R. EVID. 801, 802, and 803 .................................................................................................... 4

DEL 86,207,061v2 1/31/2008

In accordance with the January 18, 2008 Order, Defendant NorthWestern Corporation ("NorthWestern"), respectfully submits this motion *in limine* to exclude certain documents related to the Securities and Exchange Commission's ("SEC") investigation of NorthWestern and certain of its or its subsidiary's former directors and officers concerning NorthWestern's restated 2002 quarterly financial statements offered by Magten Asset Management Corporation ("Magten") and Law Debenture Trust Company of New York ("Law Debenture") (collectively "Plaintiffs").

## PRELIMINARY STATEMENT

In Exhibit No. 8 to the Pre-Trial Order, Plaintiffs have proposed as exhibits the following documents relating to the investigation by the SEC into the facts and circumstances concerning the restatement of NorthWestern's financial statements for the first three quarters of 2002:

- Exhibit 338, Order Instituting Cease-And-Desist Proceedings, Making Findings and Imposing a Cease-And-Desist Order;
- Exhibit 339, Consent of Merle Lewis;
- Exhibit 340, Final Judgment as to Defendant Merle D. Lewis;
- Exhibit 348, Consent of Richard R. Hylland;
- Exhibit 349, Final Judgment as to Defendant Richard Hylland;
- Exhibit 350, Consent of Kipp D. Orme;
- Exhibit 351, Final Judgment as to Defendant Kipp D. Orme;
- Exhibit 352, Kipp Orme Complaint;
- Exhibit 353, Kurt Whitesel Complaint;
- Exhibit 354, Richard Hylland Complaint;
- Exhibit 355, Merle Lewis Complaint;

- Exhibit 356, Consent of John Charters;

- Exhibit 357, Final Judgment as to Defendant John C. Charters; and

- Exhibit 360, John Charters Complaint (hereinafter the "Proffered SEC Exhibits").

The Court should exclude the Proffered SEC Exhibits and any testimony of the contents of these documents because they are irrelevant to the issues in this case, because they are hearsay, and because they are inadmissible evidence of compromise.

## ARGUMENT

### I.

### Evidence Related to the SEC's Investigation of NorthWestern Should Be Excluded Because It Is Irrelevant to This Action

Only relevant evidence is admissible. FED. R. EVID. 402. "Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable then it would be without the evidence." FED. R. EVID. 401. Thus, evidence that fails to meet this criteria is not admissible. *See* FED. R. EVID. 402.

The SEC's four-year exhaustive investigation into the acts and events that led to the restatement of NorthWestern's 2002 first, second and third quarter financial statements and the subsequent cease and desist order against NorthWestern along with the complaints and consent agreements against individuals in these Proffered SEC Exhibits are irrelevant to any issue in this case. As pointed out in NorthWestern's motion for summary judgment, the fundamental issue in this case is whether Plaintiffs are creditors of Clark Fork. The only way Plaintiffs can demonstrate that they are such creditors is if they can show NorthWestern's financials were falsified to accomplish the Going Flat Transaction and obtain the release of Clark Fork on the QUIPS. But as NorthWestern demonstrated in its summary judgment papers, there

are no facts anywhere in the record or provided by Plaintiffs' "experts" even suggesting that NorthWestern's financials were misstated in order to accomplish the Going Flat Transaction.

If the Going Flat Transaction was a critical part of the fraudulent scheme, as Plaintiffs suggest, one would assume that the SEC would at least mention it in passing. But there is no mention of the Going Flat Transaction in any of the Proffered SEC Exhibits because there is simply no evidence to suggest, much less prove, any link between the Going Flat Transaction and the restated financials.

This Court has previously held that it will exclude evidence of an SEC investigation where it is irrelevant to the issues at bar. *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, No. CIVA 04-1371 (JJF), 2006 WL 2724879 (D. Del. Sept. 20, 2006) (precluding defendants from referencing or introducing evidence related to plaintiff's restatement of earnings, including reference to SEC or DOJ investigations, reasoning: "The Court has reviewed the parties' positions with respect to this issue and agrees with Plaintiff that the evidence sought to be precluded is irrelevant to this case. As the Court has stated previously, this case is not a securities action."); *accord S.E.C. v. Todd*, No. 03CV2230 BEN, 2006 WL 5201386, at *1 (S.D. Cal. Oct. 17, 2006) (granting defendant officers' motion to exclude company's settlement with the SEC as "irrelevant").

The Court's reasoning in *Power Integrations* is equally appropriate here. This case is not a securities case and Plaintiffs are not securities plaintiffs. Absent any relevance, evidence related to the SEC's investigation, the SEC's cease and desist order against NorthWestern, settlements with individual officers or directors, or to any of the Proffered SEC Exhibits should be excluded.

DEL 86,207,061v2 1/31/2008

## II.

### Evidence of the SEC's Investigation of NorthWestern
### Should Be Excluded Because It Is Hearsay

The Proffered SEC Exhibits are plainly out-of-court statements offered to prove the truth of the matter asserted. These exhibits are clearly hearsay, excluded by FED. R. EVID. 801, 802, and 803.

The decision in *In re Blech Sec. Litig.*, No. 94 Civ. 7696, 2003 WL 1610775, at *9-11 (S.D.N.Y. Mar. 26, 2003) is instructive. There, the plaintiffs sought to admit several SEC complaints against several defendants. *Id.* The court barred their admission holding that the statements contained in the SEC complaints were "inadmissible hearsay, excluded by Rules 801, 802, and 803 of the Federal Rules of Evidence. This document is not evidence of anything other than the existence of an accusation." *Id.* at *11.

The *In re Blech Sec. Litig.* analysis is directly applicable to the case at bar. Plaintiffs plainly seek to use the hearsay statements contained in the proffered exhibits to prove the truth of the matter asserted. Plaintiffs' Proffered SEC Exhibits are nothing more than unsupported accusations offered as truth. Accordingly, they are hearsay and should be excluded.

## III.

### Evidence of the SEC's Investigation of NorthWestern
### Should Be Excluded Because It Is Precluded by Fed. R. Evid. 408

Because the proffered exhibits relate to the efforts of NorthWestern and its former employees to settle matters with the SEC, Rule 408 plainly precludes their admission into evidence. Under FED. R. EVID. 408(a), evidence of any agreement, "conduct or statements made in compromise negotiations regarding the claim" is inadmissible to prove liability. *See Trebor Sportswear Co. Inc. v. The Limited Stores, Inc.*, 865 F.2d 506, 510 (2d Cir. 1989) ("In furtherance of the public policy of encouraging settlements and avoiding wasteful litigation, Rule

408, bars the admission of most evidence of offers of compromise and settlement."); *N.J. Turnpike Auth. v. PPG Indus., Inc.*, 16 F. Supp. 2d 460, 473 (D. N.J. 1998).

Courts have consistently held that under FED. R. EVID. 408 consent decrees, SEC complaints, and related evidence are inadmissible. *In re Blech Sec. Litig.*, No. 94 Civ. 7696, 2003 WL 1610775, at *9-11 (S.D.N.Y. Mar. 26, 2003); *F.D.I.C. v. Refco Group, Ltd.*, 184 F.R.D. 623, 628 (D. Colo. 1999); *see also Zivitz v. Greenburg*, No. 98 C 5350, 1999 WL 1129605, at *3 (N.D. Ill. Dec. 3, 1999) (in dicta, agreeing that Rule 408 precludes admission of SEC cease and desist order, press release discussing it and settlement agreement); *Deitchman v. Bear Stearns Sec. Corp.*, No. 07-60465-CIV., 2007 WL 4592238, at *5 (S.D. Fla. Dec. 28, 2007). Courts provide two reasons for excluding such evidence. First, they recognize that a consent decree is the result of private bargaining and does "not result in an adjudication on the merits or legal or permissible findings of fact." *See Lipsky v. Commonwealth*, 551 F.2d 887, 893 (2d Cir. 1976); *In re MG Refining & Mktg., Inc. Litig.*, 94 Civ. 2512 (SS), 1997 U.S. Dist. LEXIS 444, at *8 (S.D.N.Y. Jan. 22, 1997) ("a consent decree is not a 'true adjudication of the underlying issues' and can have no collateral estoppel effect in subsequent proceedings"); *Cambridge Fund, Inc. v. Abella*, 501 F. Supp. 598, 617 (S.D.N.Y. 1980) (a consent decree is "the result of private bargaining" and there is generally "no hearings or rulings or any form of decision on the merits by the district court"). Second, courts note that consent decrees are similar to settlements and courts are interested in encouraging "the public policy considerations which favor settlement negotiations which underlie Rule 408." *See Trebor Sportswear Co. Inc. v. Rotano Sportswear Co. Inc.*, 865 F.2d 506, 510 (2d Cir. 1989).

Here the individual agreements between the SEC and NorthWestern, the SEC and the former directors and officers resulted from their private bargaining and not any adjudication

on the merits.  Further, in each instance, either NorthWestern or the former directors and officers entered into these agreements without admitting or denying the facts or conclusions asserted. Finally, to admit such evidence would run counter to the strong public policy considerations which favor settlement negotiations which underlie Rule 408.  The evidence should therefore be excluded.

## CONCLUSION

For the foregoing reasons, it is respectfully submitted that NorthWestern's motion *in limine* to exclude from evidence Exhibits 338-40, 348-57, and 360, be granted.

Dated:  Wilmington, Delaware
        January 31, 2008

                                GREENBERG TRAURIG, LLP

                                By: /s/ Dennis A. Meloro
                                    Victoria W. Counihan (No. 3488)
                                    Dennis A. Meloro (No. 4435)
                                    The Nemours Building
                                    1007 North Orange Street
                                    Wilmington, DE 19801
                                    Telephone:  (302) 661-7000
                                    Facsimile:   (302) 661-7360
                                    counihanv@gtlaw.com
                                    melorod@gtlaw.com

                                        -and-

                                CURTIS, MALLET-PREVOST, COLT &
                                   MOSLE LLP
                                Joseph D. Pizzurro
                                Nancy E. Delaney
                                Myles K. Bartley
                                101 Park Avenue
                                New York, New York 10178-0061
                                Telephone:  (212) 696-6000
                                Facsimile:   (212) 697-1559

                                Attorneys for NorthWestern Corporation