# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAGTEN ASSET MANAGEMENT CORPORATION and LAW DEBENTURE TRUST COMPANY OF NEW YORK,<br><br>    Plaintiffs,<br><br>        v.<br><br>NORTHWESTERN CORPORATION,<br><br>    Defendant. | C.A. No. 04-1494 (JJF) |
| MAGTEN ASSET MANAGEMENT CORP.,<br><br>    Plaintiff,<br><br>        v.<br><br>MIKE J. HANSON and ERNIE J. KINDT,<br><br>    Defendants. | C.A. No. 05-499 (JJF) |

### NORTHWESTERN'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE LAW DEBENTURE'S REQUEST FOR ATTORNEYS FEES AND EXPENSES

CURTIS, MALLET-PREVOST,
  COLT & MOSLE LLP
Joseph D. Pizzurro
Nancy E. Delaney
Myles K. Bartley
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Telephone: (212) 696-6000
Facsimile: (212) 697-1559

GREENBERG TRAURIG, LLP
Victoria W. Counihan (No. 3488)
Dennis A. Meloro (No. 4435)
The Nemours Building
1007 North Orange Street
Wilmington, DE 19801
Telephone: (302) 661-7000
Facsimile: (302) 661-7360
counihanv@gtlaw.com
melorod@gtlaw.com

Attorneys for NorthWestern Corporation
Dated: January 31, 2008

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 1

    I.    Law Debenture Is Not Entitled To Attorneys Fees Under NorthWestern's Second Amended Plan Of Reorganization for the QUIPS Litigation ................................ 1

    II.   Law Debenture Is Not Entitled To Attorneys Fees and Expenses Under MUFTA ........... 3

    III.  There Is No Basis Under The Common Law To Award Attorneys Fees Because Law Debenture's Action Will Not Confer a Corporate Benefit On NorthWestern ........... 4

CONCLUSION .............................................................................................................................. 6

## TABLE OF AUTHORITIES

**Page**

**Cases**

*Fagan v. City of Vineland*,
  22 F.3d 1283 (3d Cir. 1994) ............................................................................................. 3, 5

*In re Northwestern Corp.*,
  No. 03-12872(JLP) (Bankr. D. Del. July 5, 2005) ......................................................... 2, 3, 5

*Law Debenture Trust Co v. NorthWestern Corp.*,
  No. 050603, 2007 U.S. Dist. LEXIS 24167 (D. Del. Apr. 2, 2007) ................................... 3, 5

*Organ v. Byron*,
  435 F. Supp. 2d 388 (D. Del. 2006) (Farnan, J.) .............................................................. 3, 5

*Tandycrafts, Inc. v. Initio Partners*,
  562 A.2d 1162 (Del. 1989) ............................................................................................... 4, 5

**Statutes**

11 U.S.C. § 503(b)(3)(D) ........................................................................................................ 2

Mont. Code. § 31-2-301 et. seq. (2007) ................................................................................. 3

In accordance with the January 18, 2008 Order, Defendant NorthWestern Corporation ("NorthWestern"), respectfully submits this motion *in limine* to exclude certain evidence related to Plaintiff Law Debenture's ("Law Debenture") request for attorneys fees and expenses. For the reasons set out below, this evidence should be excluded.

## PRELIMINARY STATEMENT

Law Debenture asserts that it is entitled to an Allowed Class 9 Claim for "compensation expenses, disbursements and advances, including fees and disbursements of counsel incurred by Law Debenture as provided for under the Indenture, including without limitation, all agreements of NorthWestern to indemnify and hold Law Debenture harmless." (Pl. Pre-Trial Order Ex. 1. ¶ 65.) However, there is no basis, either statutory, contractual or otherwise, upon which Law Debenture may recover such fees. Absent statutory or contractual authority, it is black letter law that a party pays its own attorneys fees, even if it prevails on the merits of the litigation. Accordingly, this Court should exclude any evidence pertaining to Law Debenture's request for attorneys fees and expenses from NorthWestern.

## ARGUMENT

### I.

### Law Debenture Is Not Entitled To Attorneys Fees Under NorthWestern's Second Amended Plan Of Reorganization for the QUIPS Litigation

In September, 2003 NorthWestern filed for Chapter 11 bankruptcy. The Bankrutpcy Court entered a Confirmation Order on October 19, 2004 approving Debtor NorthWestern's Second Amended and Restated Plan of Reorganization. (the "Plan"). [D.I. 2238, Case No. 03-12872.] On December 17, 2003 Law Debenture succeeded The Bank of New York ("BONY") as Indenture Trustee under the Indenture dated November 1, 1996, between The Montana Power Company ("MPC") and BONY. On July 19, 2004 Law Debenture succeeded BONY as Property

Trustee under the Trust Agreement dated November 1, 1996, between MPC, BONY and Delaware Bank of NY and on December 17, 2003 Law Debenture succeeded BONY as Guarantee Trustee under the Guarantee Agreement dated November 1, 1996 between MPC and BONY.

Under NorthWestern's Chapter 11 Plan, Indenture Trustees' fees are provided for in Section 5.18, which states that:

> Reorganized Debtor will pay the Indenture Trustees' Fees and Expenses in full and in cash, in an amount to be agreed upon among the Debtor and each of the Indenture Trustees. In the event that the parties cannot reach an agreement on the amount thereof, any disputed amount shall be determined by the Bankrutpcy Court, pursuant to Section 503 of the Bankruptcy Code, and in accordance with the terms of the applicable Indenture. [D.I. 1924 at p. 49, Case No. 03-12872]

NorthWestern and Law Debenture did not agree on the amount of Law Debenture's fees and thus, pursuant to Section 5.18 of the Plan, Law Debenture filed an application to the Bankruptcy Court on January 14, 2005 seeking payment of its fees. [D.I. 2608, Case No. 03-12872.] Section 503(b) of the Bankruptcy Code allows for the payment of "the actual, necessary expenses, …incurred by…[an] indenture trustee,…in making a substantial contribution in a case under …chapter 11 of this title." 11 U.S.C. § 503(b)(3)(D).

By Decision and Order dated July 5, 2005, the Bankruptcy Court denied the majority of Law Debenture's fee application, granting only $112,088.66 out of the requested $1,025,070.36. *In re Northwestern Corp.,* No. 03-12872(JLP), at 1 (Bankr. D. Del. July 5, 2005). The Bankruptcy Court found that under Section 503(b) only a small portion of Law Debenture's efforts, such as its service on the Creditors Committee, had inured to the benefit of the bankruptcy estate. *(Id. at 2-3.)* The vast majority of its efforts, spent in prosecuting the QUIPS claims against the estate ("QUIPS litigation") were not in the interests of the estate and were rejected. *(Id. at 3.)* Specifically**,** Judge Peterson held that fees incurred by Law Debenture in

-2-

pursuing the Adversary Proceeding in which the fraudulent transfer claim was asserted against NorthWestern's estate – the litigation that is presently before this Court – were not recoverable under Section 503 of the Bankruptcy Code. (*Id.*) Finally, he concluded that because the QUIPS litigation had disrupted the organization of the bankruptcy estate instead of substantially contributing to it, Law Debenture's request for attorneys fees must be denied. (*Id.*) Law Debenture appealed that ruling to this Court, which affirmed the Bankruptcy Court's decision. *Law Debenture Trust Co v. NorthWestern Corp.,* No. 050603, 2007 U.S. Dist. LEXIS 24167, at *9 (D. Del. Apr. 2, 2007).

Law Debenture now reasserts the same argument already rejected by both the Bankruptcy Court and this Court. The decision of the Bankruptcy Court as affirmed by this Court – that Law Debenture is not entitled to recover attorneys fees and expenses incurred in pursuing the QUIPS litigation – is law of the case and precludes Law Debenture's second attempt to recover attorneys fees for continuing to pursue the QUIPS litigation. *Fagan v. City of Vineland,* 22 F.3d 1283, 1290 (3d Cir. 1994) (law of the case is a doctrine that prevents the relitigation of a settled issue in a case and suggests that courts should follow decisions made in earlier proceedings); *Organ v. Byron*, 435 F. Supp. 2d 388, 390 (D. Del. 2006) (Farnan, J.) ("The law of the case doctrine constrains this Court from reconsidering issues already litigated in a coordinate district court.").

## II.

### Law Debenture Is Not Entitled To Attorneys Fees and Expenses Under MUFTA

Law Debenture and Magten base their fraudulent conveyance claim against NorthWestern upon the Montana Uniform Fraudulent Transfer Act ("MUFTA"). However, MUFTA makes no provision for awarding attorneys fees and expenses to prevailing parties. Mont. Code. § 31-2-301 et. seq. (2007) And Law Debenture does not point to any provision in

-3-

MUFTA or any other statutory provision authorizing such a recovery.  Absent any statutory authority, Law Debenture's request for attorneys fees and expenses must be denied.

### III.

### There Is No Basis Under The Common Law To Award Attorneys Fees Because Law Debenture's Action Will Not Confer a Corporate Benefit On NorthWestern

As the authority cited by Law Debenture acknowledges, it is black letter law in the United States that "a prevailing party is responsible for the payment of his own counsel fees in the absence of statutory or contractual authority to the contrary." *Tandycrafts, Inc. v. Initio Partners*, 562 A.2d 1162, 1164 (Del. 1989).  There is no contract which permits Law Debenture to be compensated for its legal fees.

Section 907(c) of the QUIPS Indenture provides that "[a]s security for the performance of the obligations of the Company under this Section, the Trustee shall have a lien prior to the Securities upon all property and funds *held or collected by the Trustee*."  (emphasis added.) Under this provision, Law Debenture may be entitled to a charging lien on any proceeds it collects as part of the resolution of this litigation.  However, Section 907 (c) does not provide any authority for Law Debenture to collect attorneys fees from either the bankruptcy estate or from the reorganized Debtor.  Thus, any charging lien which Law Debenture may have with respect to its fees and expenses must be satisfied out of any funds Law Debenture *collects* as a result of a judgment in the litigation, not as a separate "Allowed Class 9 Claim" in its own right.

Courts will make a limited exception to the rule that each party pays its own fees if the plaintiff's efforts resulted in the creation of a common fund or the conferring of a corporate benefit.  *Tandycrafts, Inc.*, 562 A.2d at 1164.  In order to establish that a lawsuit resulted in a corporate benefit, plaintiff has the burden of showing that: (a) the claim was meritorious when filed and; (b) the action benefitted the corporation.  *Id.* at 1167.   The burden then shifts to the

defendant corporation to show that "the benefit was not causally related to the lawsuit." *Id.* The benefit conferred by a plaintiff upon a corporation may either be pecuniary in nature or it "may have an indirect economic effect on the corporation." *Tandycrafts, Inc.,* 562 A.2d at 1165. Examples of indirect economic benefits are "[c]hanges in corporate policy" or "a heightened level of corporate disclosure" attributable to the filing of a meritorious suit. *Id.*

In determining whether Law Debenture was entitled to attorneys fees and expenses pertaining to the QUIPS litigation under Section 503 of the Bankruptcy Code, the Bankruptcy Court was obligated to assess whether Law Debenture's services as Indenture Trustee had substantially contributed to the bankruptcy estate. *In re NorthWestern Corp.,* No. 03-12872(JLP), at 2. The court held that Law Debenture's actions in bringing the adversary complaint against NorthWestern seeking to remove the Montana Power Company's assets from the estate not only "did not make a substantial contribution to this bankruptcy case" but "instead disrupted and prevented NOR's successful reorganization." *Id.* at 2-3.

On appeal, this Court affirmed the Bankruptcy Court's holding that Law Debenture as Indenture Trustee did not provide any benefit to NorthWestern's bankruptcy estate. *Law Debenture Trust Co.*, 2007 U.S. Dist. LEXIS 24167, at *9. In its decision, this Court held that Law Debenture's actions taken for the benefit of the QUIPS holders is not the same as its actions benefitting NorthWestern. *Id.* The Court's holding that Law Debenture's adversary claim against NorthWestern did not benefit NorthWestern is law of the case and cannot be relitigated. *See Fagan*, 22 F.3d at 1290; *Organ*, 435 F. Supp. 2d at 390. Because Law Debenture's pursuit of the QUIPS claim has not conferred a corporate benefit on NorthWestern it's request for attorneys fees must be denied.

## CONCLUSION

For the foregoing reasons, it is respectfully submitted that NorthWestern's motion *in limine* to exclude evidence related to Law Debenture's fees and expenses on the basis that Law Debenture is not entitled to a Class 9 Claim be granted.

Dated:   Wilmington, Delaware
        January 31, 2008

                              GREENBERG TRAURIG LLP

                By:   /s/ Dennis A. Meloro
                        Victoria W. Counihan (No. 3488)
                        Dennis A. Meloro (No. 4435)
                        The Nemours Building
                        1007 North Orange Street
                        Wilmington, DE 19801
                        Telephone:  (302) 661-7000
                        Facsimile:  (302) 661-7360
                        counihanv@gtlaw.com
                        melorod@gtlaw.com

                            -and-

                        CURTIS, MALLET-PREVOST, COLT &
                          MOSLE LLP
                        Joseph D. Pizzurro
                        Nancy E. Delaney
                        Myles K. Bartley
                        101 Park Avenue
                        New York, New York 10178-0061
                        Telephone:  (212) 696-6000
                        Facsimile:  (212) 697-1559

                        Attorneys for NorthWestern Corporation