IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAGTEN ASSET MANAGEMENT CORPORATION, ) ) ) | |
| Plaintiff, ) ) | C.A. No. 05-499-JJF |
| v. ) ) | |
| MICHAEL J. HANSON and ERNIE J. KINDT, ) ) | |
| Defendants. ) ) | |

**DEFENDANTS MICHAEL J. HANSON AND ERNIE J. KINDT'S BRIEF IN SUPPORT
OF THEIR MOTION TO STRIKE PLAINTIFF'S JURY DEMAND**

 

Denise Seastone Kraft (#2778)
EDWARDS ANGELL PALMER & DODGE LLP
919 North Market Street, 15th Fl.
Wilmington, DE  19801
(302) 777-7770
*Counsel to Michael J. Hanson and Ernie J. Kindt*

OF COUNSEL:
Stanley T. Kaleczyc
Kimberly A. Beatty
BROWNING, KALECZYC, BERRY
 & HOVEN, P.C.
139 North Last Chance Gulch
Helena, MT  59624
(406) 443-6820

January 31, 2008

WLM 512409.2

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS ............................................................................................................. i

TABLE OF AUTHORITIES ...................................................................................................... ii

SUMMARY OF ARGUMENT .................................................................................................. 1

ARGUMENT ............................................................................................................................... 1

CONCLUSION ........................................................................................................................... 4

# TABLE OF AUTHORITIES

Page

**Cases**

*Alexander v. Primerica Holdings, Inc.*,
    819 F.Supp. 1296 (D.N.J.1993) .................................................................................... 5

*Andrade v. Parsons Corp.*,
    No. 90-56202, 1992 WL 182218 (9th Cir. Jul. 31, 1992) .................................................. 5

*Cantor v. Perelman*,
    No. Civ.A. 97-586-KAJ, 2006 WL 318666 (D. Del. Feb. 10, 2006) ............................ 4, 6

*Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*,
    494 U.S. 558 (1990) .................................................................................................... 3, 4

*Curtis v. Loether*,
    415 U.S. 189 (1974) ........................................................................................................ 5

*Dairy Queen, Inc. v. Wood*,
    369 U.S. 469 (1962) ........................................................................................................ 5

*Damage Recovery Systems, Inc. v. Tucker*,
    No. Civ.02-1674-SLR, 2005 WL 388597 (D. Del. Feb. 2, 2005) ................................. 4, 5

*Golden Rod Mining Co. v. Bukvich*,
    108 Mont. 569, 92 P.2d 316 (Mont. 1939) ...................................................................... 6

*Granfinanciera, S.A. v. Nordberg*,
    492 U.S. 33 (1989) .......................................................................................................... 4

*In re Hechinger Inv. Co. of Del.*,
    327 B.R. 537 (D.Del. 2005) .................................................................................. 3, 4, 5, 6

*Parsons v. Bedford*,
    28 U.S. 433 (1830) .......................................................................................................... 3

*Simler v. Conner*,
    372 U.S. 221 (1963) ........................................................................................................ 3

*Tull v. United States*,
    481 U.S. 412 (1987) ........................................................................................................ 3

**Other Authorities**

2 J. Story, Commentaries on Equity Jurisprudence § 960 (13th ed. 1886) .................................... 4

**Rules**

Fed. R. Civ. P. 39(a)(2) ................................................................................................................ 3, 7

**Constitutional Provisions**

U.S. Cont. Amend. VII ................................................................................................................... 3

Defendants Michael J. Hanson and Ernie J. Kindt ("Hanson and Kindt" or "Defendants") respectfully submit this brief in support of their motion, pursuant to Fed. R. Civ. P. 39(a)(2), to strike the jury demand made by Plaintiff Magten Asset Management Corporation ("Magten").

## SUMMARY OF ARGUMENT

Magten alleges that Defendants Hanson and Kindt, as officers of Clark Fork and Blackfoot, LLC ("Clark Fork"), breached a fiduciary duty that was owed to Magten in connection with a November 15, 2002 transfer of assets and liabilities (the "Transaction"), and has made a demand for a jury trial on this claim. (D.I. 58.) However, clear and decisive federal precedent instructs that Magten's breach of fiduciary duty claim is equitable rather than legal, and therefore Magten is not entitled to a jury trial under the Seventh Amendment. Accordingly, Defendants move to strike Magten's jury demand and set the case for a bench trial.

## ARGUMENT

Pursuant to Fed. R. Civ. P. 39(a)(2), the Court must negate a jury demand if "the court, on motion or on its own, finds that on some or all of th[e] issues there is no federal right to a jury trial."[1] The right to a jury trial turns upon whether the legal rights being asserted and relief being sought are equitable or legal. *See Tull v. United States*, 481 U.S. 412, 417 (1987). The Seventh Amendment provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. Cont. Amend. VII. However, it has long been settled that in suits in equity, as opposed to suits at common law, the parties have no right to a jury trial. *Parsons v. Bedford*, 28 U.S. 433, 447 (1830); *Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564 (1990). To determine

---

[1] "Federal law determines whether a suit is legal or equitable, even when the cause of action is created by state law." *In re Hechinger Inv. Co. of Del.*, 327 B.R. 537, 543 (D.Del. 2005); *see also Simler v. Conner*, 372 U.S. 221, 222 (1963) (finding that application of federal law is necessary in order to ensure uniformity in the exercise of the Seventh Amendment).

whether a suit is founded in equity or common law, the court typically compares the action to one that existed in the 18th century prior to the merger of courts of law and equity, and determines whether the remedy sought would have been considered legal or equitable in nature. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41-43 (1989). In this case, there can be no doubt that Magten's breach of fiduciary duty claim is equitable rather than legal, and therefore Magten's demand for a trial by jury must be stricken.

The Supreme Court has acknowledged that claims for breach of fiduciary duty have always been within the exclusive jurisdiction of the courts of equity. *Chauffeurs*, 494 U.S. at 567 (citing 2 J. Story, Commentaries on Equity Jurisprudence § 960, at 266 (13th ed. 1886)). Accordingly, Delaware district courts have consistently held that: "Actions for breach of fiduciary duty, historically speaking, are almost uniformly actions 'in equity' — carrying with them no right to trial by jury." *Hechinger*, 327 B.R. at 543-545 (Robinson, J.) (internal quotation omitted); *see also Cantor v. Perelman*, No. Civ.A. 97-586-KAJ, 2006 WL 318666, at *9 (D. Del. Feb. 10, 2006) (Jordan, J.) (striking demand for jury trial against former directors in breach of fiduciary duty action due to "the long history of treating breach of fiduciary duty claims as equitable"); *Damage Recovery Systems, Inc. v. Tucker*, No. Civ.02-1674-SLR, 2005 WL 388597, at *2 (D. Del. Feb. 2, 2005) (Robinson, J.) (striking jury demand because "breach of fiduciary duty has historically been adjudicated in courts of equity").

Magten's breach of fiduciary duty action is remarkably similar to the one at issue in *Hechinger*, in which a creditor alleged that directors and officers breached a fiduciary duty that was owed to them by transferring assets while their company was insolvent or in the zone of insolvency. 327 B.R. at 541-42. Like Magten, the creditor in *Hechinger* alleged that the defendants' breach of fiduciary duty deprived it of certain sums of money that should be

reimbursed. *Id*. at 544. The court held that these damages amounted to equitable relief, because "they are restitutionary in nature — that is, they would restore the status quo and return a sum rightfully belonging to another." *Id*. at 544-45 (quoting *Alexander v. Primerica Holdings, Inc.*, 819 F.Supp. 1296, 1309 (D.N.J. 1993)).

Magten similarly requests equitable relief because it seeks to recover the full value of its QUIPS, which Magten alleges that Defendants prevented it from redeeming. (Compl. ¶¶ 1, 52.) It is of no consequence that Magten describes the relief it seeks as compensatory and punitive, because whether a claim seeks legal or equitable relief does not rest upon the plaintiff's characterization. Indeed, in *Damage Recovery Systems, Inc.*, the plaintiff sought compensatory and punitive damages, but the court held that "[a]lthough plaintiff has requested money damages, the court finds that breach of fiduciary duty has historically been adjudicated in courts of equity" and therefore the court struck the plaintiff's jury demand. 2005 WL 388597 at *2. *See also Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 477-78 (1962) ("the constitutional right to trial by jury cannot be made to depend upon the choice of words used in the pleadings"); *Curtis v. Loether*, 415 U.S. 189, 196 (1974) (rejecting the proposition that "any award of monetary relief must necessarily be 'legal' relief"); *Andrade v. Parsons Corp.*, No. 90-56202, 1992 WL 182218, at *1 (9th Cir. Jul. 31, 1992) (affirming denial of right to jury trial because "[t]he mere fact that the appellants would receive a monetary award should they prevail does not mandate that the action be characterized as legal rather than equitable."); *Alexander*, 819 F.Supp. at 1309 & fn.16 (finding that while the plaintiff's claims "involve a demand for money damages, they do not constitute 'legal' relief").

Even if the Court finds that Magten's claim seeks a mixture of legal and equitable relief, "the long history of treating breach of fiduciary duty claims as equitable" should make "the scales tip in favor of Plaintiff's claims being judged equitable." *Cantor*, 2006 WL 318666 at *9. In *Cantor*, bankruptcy trustees brought a claim against the former directors of a company, alleging breach of fiduciary duty and aiding and abetting a breach of fiduciary duty. *Id*. at *1. Although the trustees sought compensatory damages, the court found that underlying nature of the remedy could best be described as "both equitable and legal relief." *Id*. at 7. Under these circumstances, the court held that the action should be considered on balance to be equitable, because "[t]o weigh the factors differently would effectively ignore the historical factor, contrary both to the Seventh Amendment's purpose . . . and to the express holding . . . that history is to be accorded weight in the balancing." *Id*. at *9. Therefore, the court struck the trustees' demand for a jury trial on all of their claims.

Finally, although the right to a jury trial under the Seventh Amendment is strictly a question of federal law, courts have found that looking to state law principles is helpful to "reinforce[] the common law tradition affording courts of equity jurisdiction over these matters." *Hechinger*, 327 B.R. at 545 (no right to jury trial in breach of fiduciary duty action in Delaware court); *Cantor*, 2006 WL 318666 at *7 (same). In Montana, just as in Delaware, breach of fiduciary duty claims have always been within the jurisdiction of equity or chancery courts, and therefore a breach of fiduciary duty claim "is not one to which the right of trial by jury attaches." *Golden Rod Mining Co. v. Bukvich*, 108 Mont. 569, 92 P.2d 316, 320-21 (Mont. 1939).

## CONCLUSION

In light of longstanding historical and legal precedent, it is clear that Magten's breach of fiduciary duty suit is equitable rather than legal, and that Magten has no right to a jury trial under

the Seventh Amendment.  Therefore, Magten's jury demand must be stricken under Fed. R. Civ. P. 39(a)(2) and this case must be set for a bench trial.

Dated: January 31, 2008                                  EDWARDS ANGELL PALMER & DODGE LLP

                                                             */s/ Denise Seastone Kraft*
Denise Seastone Kraft (#2778)
919 North Market Street
Suite 1500
Wilmington, DE  19801
(302) 777-7770
dkraft@eapdlaw.com

*Counsel to Michael J. Hanson and Ernie J. Kindt*

OF COUNSEL:

Stanley T. Kaleczyc
Kimberly A. Beatty
BROWNING, KALECZYC, BERRY
 & HOVEN, P.C.
139 North Last Chance Gulch
Helena, MT  59624
(406) 443-6820