IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAGTEN ASSET MANAGEMENT CORPORATION, | ) ) ) |
| Plaintiff, | ) ) C.A. No. 05-499-JJF |
| v. | ) ) ) |
| MICHAEL J. HANSON and ERNIE J. KINDT, | ) ) ) |
| Defendants. | ) ) |

**DEFENDANTS MICHAEL J. HANSON AND ERNIE J. KINDT'S
BRIEF IN SUPPORT OF THEIR MOTION IN LIMINE TO EXCLUDE
ALL OPINION TESTIMONY RELATED TO EVIDENCE OF INSOLVENCY**

Denise Seastone Kraft (#2778)
EDWARDS ANGELL PALMER & DODGE LLP
919 North Market Street, 15th Fl.
Wilmington, DE  19801
(302) 777-7770
*Counsel to Michael J. Hanson and Ernie J. Kindt*

OF COUNSEL:
Stanley T. Kaleczyc
Kimberly A. Beatty
BROWNING, KALECZYC, BERRY
 & HOVEN, P.C.
139 North Last Chance Gulch
Helena, MT  59624
(406) 443-6820

January 31, 2008

WLM 512425.1

**TABLE OF CONTENTS**

**PAGE**

TABLE OF CONTENTS ................................................................................................................. i

TABLE OF AUTHORITIES ........................................................................................................... ii

SUMMARY OF ARGUMENT ....................................................................................................... 1

ARGUMENT .................................................................................................................................. 1

    I.    MAGTEN'S EXPERT WITNESSES DO NOT, AND CANNOT, ADDRESS ANY ISSUES RELATING TO THE FINANCIAL SOLVENCY OF NORTHWESTERN OR CLARK FORK. ................................. 2

    II.   A LAY WITNESS MAY NOT TESTIFY AS TO THE FINANCIAL SOLVENCY OF NORTHWESTERN AND CLARK FORK AT THE TIME OF THE TRANSACTION. ............................................... 5

CONCLUSION ............................................................................................................................... 7

## **TABLE OF AUTHORITIES**

**PAGE**

**Cases**

*Arthrocare Corp. v. Smith & Nephew, Inc.,*
    310 F.Supp.2d 638 (D.Del. 2004)......................................................................... 4

*Cuffee v. Dover Wipes Co.,*
    334 F.Supp.2d 565 (D. Del. 2004)......................................................................... 4

*In re American Classic Voyages Co.,*
    367 B.R. 500 (D. Del. 2007).................................................................................. 6

*In re Iridium Operating LLC,*
    373 B.R. 283 (S.D.N.Y. 2007)............................................................................... 6

*In re Prime Realty, Inc.,*
    376 B.R. 274 (D. Neb. 2007)................................................................................. 6

*In re Roblin Industries, Inc.,*
    78 F.3d 30 (2d Cir. 1996)....................................................................................... 5

*In re Student Finance Corp.,*
    No. 04-1551 JJF, 2007 WL 2936195 (D.Del. Oct. 5, 2007)................................. 6

*Inline Connection Corp. v. AOL Time Warner Inc.,*
    472 F.Supp.2d 604 (D. Del. 2007)......................................................................... 4

*Klein v. Tabatchnick,*
    610 F.2d 1043 (2d Cir. 1979)................................................................................. 5

*Konstantopoulos v. Westvaco Corp.,*
    112 F.3d 710 (3d Cir. 1997)............................................................................... 4, 5

*Lucas v. Swan,*
    67 F.2d 106 (4th Cir. 1933) ................................................................................... 5

*Nicholas v. Pa. State Univ.,*
    227 F.3d 133 (3d Cir.2000).................................................................................... 4

*Pell v. E.I. DuPont De Nemours & Co., Inc.,*
    231 F.R.D. 186 (D.Del. 2005) ............................................................................... 4

*Pfizer Inc. v. Ranbaxy Laboratories Ltd.*,
    No. Civ.A. 03-209-JJF, 2005 WL 3525681 (D.Del. Dec. 22, 2005) .................................. 4

*RLI Ins. Co. v. Indian River School Dist.*,
    No. 05-858-JJF, 2007 WL 4292109, (D. Del. Dec. 4, 2007) ............................................ 3

**Other Authorities**

29 Charles Alan Wright, Aruthur R. Miller & Mary Kay Kane, Federal
    Practice and Procedure § 6265 (1997) ..................................................................... 6

**Rules**

Fed. R. Civ. P. 26(a) ............................................................................................................. 4

Fed. R. Civ. P. 26(a)(2) ........................................................................................................ 3

Fed. R. Civ. P. 26(a)(2)(B)(i) ............................................................................................... 3

Fed. R. Civ. P. 37(c)(1) ........................................................................................................ 3

Fed. R. Evid. 701 .......................................................................................................... 1, 5, 6

Fed. R. Evid. 702 ............................................................................................................. 6, 7

Defendants Michael J. Hanson and Ernie J. Kindt ("Hanson and Kindt" or "Defendants") respectfully submit this brief in support of their motion in limine to exclude all opinion testimony relating to the financial solvency of NorthWestern Corporation ("NorthWestern") or Clark Fork and Blackfoot, LLC ("Clark Fork").

## SUMMARY OF ARGUMENT

Plaintiff Magten Asset Management Corporation ("Magten") has alleged that Clark Fork and NorthWestern were each insolvent or in the zone of insolvency at the time of the November 15, 2002 transfer of assets and liabilities between the two entities (the "Transaction"). However, Magten has failed to support these allegations with any evidence that may be presented at trial. Magten has not offered any expert testimony on the issue of insolvency of either company, and the time period for submission of expert testimony has passed. In addition, Magten may not attempt to support its insolvency arguments with lay witness testimony, because it cannot offer any lay witnesses who can opine on the solvency of Clark Fork or NorthWestern through personal knowledge of the subject matter as required under Rule 701 of the Federal Rules of Evidence. Therefore, Magten should be prohibited from presenting any expert or lay opinion testimony relating to the alleged insolvency of Clark Fork or NorthWestern at trial.

## ARGUMENT

Plaintiff Magten Asset Management Corporation ("Magten") has based its breach of fiduciary duty claim against Defendants on two fundamental allegations relating to the financial solvency of both NorthWestern and Clark Fork at the time of the November 15, 2002 transfer of assets and liabilities (the "Transaction"). *First*, Magten alleges that Clark Fork was in the zone of insolvency at the time of the Transaction, and that Defendants therefore owed a fiduciary duty to Magten, as a future holder of quarterly income preferred stock ("QUIPS"), not to engage in

any transactions that could render Clark Fork insolvent and unable to pay its debt to Magten. (Compl. ¶¶ 47, 50.) *Second*, Magten alleges that NorthWestern was insolvent both before and after the Transaction, and that Defendants breached a fiduciary duty to Magten by allowing Clark Fork's liabilities to be transferred to an entity that was allegedly unable meet its financial obligations. (*Id*.) But despite the fact that Magten's entire claim hinges upon proof of these allegations, Magten has not produced any documentary evidence or expert testimony relating to the financial solvency of NorthWestern or Clark Fork. Without any expert testimony or documentary evidence on these issues, Magten has no foundation upon which to address the solvency of Clark Fork and NorthWestern at the time of the Transaction, and Magten must be barred from attempting to raise these issues at trial.

### I. MAGTEN'S EXPERT WITNESSES DO NOT, AND CANNOT, ADDRESS ANY ISSUES RELATING TO THE FINANCIAL SOLVENCY OF NORTHWESTERN OR CLARK FORK.

Magten's expert witnesses do not address whether either NorthWestern or Clark Fork was insolvent or in the zone of insolvency at the time of the Transaction. Magten has proffered two expert witnesses, Paul A. Marcus and Robert W. Berliner, but neither expert's report contains any analysis of Clark Fork's or NorthWestern's alleged insolvency.[1] When questioned on the scope of his testimony, Mr. Marcus made it clear that he "was never asked to perform any form of insolvency analysis." (Deposition of Paul A. Marcus (hereinafter "Marcus Dep.") at 18-19, excerpted pages attached as Exhibit A.) Mr. Berliner similarly confirmed that neither he, nor anyone else at his organization, looked into Clark Fork's or NorthWestern's insolvency either

---

[1] Defendants here, and NorthWestern Corporation in Case No. 04-1494, have each filed motions to strike the entirety of each of Magten's proffered experts. *See* D.I. 303 in Case No. 05-499 and D.I. 305 in Case No. 04-1494 (collectively referred to as the "*Daubert* Motions"). For all of the reasons set forth in the *Daubert* Motions, this Court should strike any and all testimony proffered by Magten's experts. The present motion, however, is not impacted by a determination of the *Daubert* Motions and provides and independent basis for precluding all expert and lay opinion testimony regarding the solvency of either NorthWestern or Clark Fork.

before or after the Transaction.  (Deposition of Robert W. Berliner (hereinafter "Berliner Dep.") at 26-27, 30-31, 44-45, excerpted pages attached as Exhibit B.)  Indeed, when Mr. Berliner was asked why he was not addressing any issues of insolvency, he testified that "[t]hey told me that this isn't our area of expertise and that may have been a reason why we weren't asked to address it."  (Berliner Dep. at 30-31.)

Because Magten's experts have not done a solvency analysis of Clark Fork or NorthWestern and have testified that they will not address issues of solvency, they are precluded under Fed. R. Civ. P. 26(a)(2) and 37(c)(1) from expressing any opinion on these issues at trial.  This Court required Plaintiff's' expert reports to be submitted by September 19, 2007.  (D.I. 256.)  Therefore, by no later than that date, Magten's experts were required to provide "a complete statement of all opinions the witness will express and the basis and reasons for them."  Fed. R. Civ. P. 26(a)(2)(B)(i).  None of the expert reports offered by Magten included any opinions on issues of insolvency and Magten is now precluded from offering any such expert testimony.  The Rules clearly state:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e) [regarding supplementing disclosures], the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1); *see also RLI Ins. Co. v. Indian River School Dist.*, No. 05-858-JJF, 2007 WL 4292109, at *6 (D.Del. Dec. 4, 2007) (Farnan, J.) (excluding expert report that failed to comply with Rule 26(a)(2)).  Magten's failure to provide evidence of insolvency — evidence that is required to prove the sole count in their Complaint — is neither harmless nor justified.[2]

---

[2]  Courts in the Third Circuit consider four factors in determining whether the exclusion of evidence is an appropriate sanction for failure to comply with discovery disclosures: "(1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure

It is clear that if Magten were to introduce expert testimony at trial on the issue of insolvency, Defendants would suffer extreme prejudice that could not be cured without halting the trial and allowing Defendants to depose Magten's experts a second time to explore the validity of the methodology underlying these new opinions. *See Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719-21 (3d Cir. 1997); *Pfizer Inc. v. Ranbaxy Laboratories Ltd.*, No. Civ.A. 03-209-JJF, 2005 WL 3525681, at *2 (D.Del. Dec. 22, 2005) (Farnan, J.) (prohibiting expert from testifying on issues not noticed in his report, because the defendant would be "denied the opportunity to prepare for rebuttal"); *Cuffee v. Dover Wipes Co.*, 334 F.Supp.2d 565, 572 (D.Del. 2004) (Robinson, J.) (striking untimely reports where "[a]t this point, it would prejudice the defendants to include the reports because it would leave them little over a month to contact experts and get reports to counter the conclusions drawn by plaintiff's experts."); *Arthrocare Corp. v. Smith & Nephew, Inc.*, 310 F.Supp.2d 638, 669 (D.Del. 2004) (Robinson, J.) (limiting expert testimony to opinions contained in his expert report where plaintiff would be prejudiced by defendant's failure to disclose results of additional tests); *Pell v. E.I. DuPont De Nemours & Co., Inc.*, 231 F.R.D. 186, 194 (D.Del. 2005) (Jordan, J.) (granting motion to preclude expert testimony outside the scope of Rule 26(a) unless plaintiffs supplied an amended report and paid all costs associated with another deposition of the expert witness); *Inline Connection Corp. v. AOL Time Warner Inc.*, 472 F.Supp.2d 604, 614-15 (D.Del. 2007) (Thynge, J.) (granting the defendants' motion to preclude plaintiff's expert "from testifying on subjects outside the scope of his deposition and report").

---

that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or wilfulness in failing to comply with a court order or discovery obligation." *Nicholas v. Pa. State Univ.*, 227 F.3d 133, 148 (3d Cir.2000) (Alito, J.). All of these factors weigh heavily in favor of excluding any additional expert testimony relating to insolvency.

Furthermore, in light of the fact that Magten specifically asked its experts *not* to address issues of insolvency, (Berliner Dep. at 30-31), the late addition of this testimony would certainly be in bad faith. Therefore, Magten's experts are precluded from exceeding the scope of their previously disclosed testimony and opining on the subject of Clark Fork's or NorthWestern's solvency at the time of the Transaction. *Konstantopoulos,* 112 F.3d at 719 (affirming exclusion of plaintiff's expert witness because producing expert after the expert discovery deadline constituted a "flagrant disregard" of the court's pretrial order, and defendant would be prejudiced by the delay).

## II. A LAY WITNESS MAY NOT TESTIFY AS TO THE FINANCIAL SOLVENCY OF NORTHWESTERN AND CLARK FORK AT THE TIME OF THE TRANSACTION.

Magten may not introduce evidence relating to the solvency of Clark Fork or NorthWestern through opinion testimony of lay witnesses who do not possess specialized knowledge or expertise on the subject. The Rules provide that:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702 [relating to expert witnesses].

Fed. R. Evid. 701. It is well-settled that a determination of insolvency is a highly technical inquiry that relies heavily upon expert testimony. *In re Roblin Industries, Inc.*, 78 F.3d 30, 38 (2d Cir. 1996) ("Whenever possible, a determination of insolvency should be based on . . . expert testimony"); *Klein v. Tabatchnick*, 610 F.2d 1043, 1048 (2d Cir. 1979) ("a finding on the issue of insolvency often depends upon the factual inferences and conclusions of expert witnesses" and therefore "intelligent adjudication requires more than the use of lay knowledge"); *see also Lucas v. Swan*, 67 F.2d 106, 110-11 (4th Cir. 1933) ("an expert who has had opportunity to examine the

facts may express an opinion on the question [of insolvency]"); *In re Student Finance Corp.*, No. 04-1551 JJF, 2007 WL 2936195, at *4-5 (D.Del. Oct. 5, 2007) (Farnan, J.) (striking trustee's damages claims in part because newly raised issues of solvency would require the defendants to "reopen . . . expert discovery"); *In re Prime Realty, Inc.*, 376 B.R. 274, 279 (D. Neb. 2007) (finding that the trustee failed to establish insolvency during a specific time period in part because "[t]he trustee presented no expert witness testimony concerning the 'fair valuation' of the debtor's property on any date.").

In fact, because an insolvency analysis clearly relies upon scientific, technical, and other specialized knowledge within the scope of Rule 702, it is subject to the tests articulated in *Daubert* and its progeny to ensure that it is the product of reliable principles and methods. *In re Iridium Operating LLC*, 373 B.R. 283, 349-52 (S.D.N.Y. 2007) (questioning the reliability of expert testimony on solvency where the expert used faulty financial projections); *c.f. In re American Classic Voyages Co.*, 367 B.R. 500, 514-15 (D.Del. 2007) (rejecting methodology used in expert's insolvency analysis). Magten cannot attempt to utilize lay witness testimony to evade the requirements of Rule 702.

Moreover, it is clear that none of Magten's lay witness could provide opinion testimony on the issue of insolvency that would satisfy the requirement that testimony under Rule 701 be based solely on the *sensory perception* of the witness. Wright & Miller states that:

> In some cases the determination is uncomplicated. Under Rule 701, lay opinion must be based on the perception of the witness. Under Rule 703, an expert may base an opinion on facts or data derived from three possible sources: firsthand observation, evidence presented at trial, or data obtained outside court by means other than the expert's firsthand observation. Thus, a witness who offers opinions based on the second and third of these three sources <u>can only testify as an expert witness</u> since Rule 701 does not permit lay opinion on either of those bases.

29 Charles A. Wright. et al., Federal Practice & Procedure § 6231 at p. 118 (1997) (emphasis added).  None of Magten's lay witnesses can provide an opinion on solvency that is based only on firsthand knowledge as opposed to external research.  Therefore, any opinion testimony on issues of insolvency that Magten might seek to introduce is within the realm of Rule 702, and is barred by Magten's failure to submit any expert testimony on these issues.

Finally, Magten's own conduct evidences their belief that these issues require specialized expert testimony.  When Mr. Berliner, one of Magten's experts, asked Magten why he was not being called upon to offer an opinion on NorthWestern's solvency at the time of the Transaction, he was told that this was not his "area of expertise."  (Berliner Dep. at 30-31.)  Mr. Berliner apparently agreed with this sentiment and testified that he "felt somewhat delighted" that he was not asked to undertake such an analysis.  *Id.* at 31.  If a solvency analysis is beyond the expertise of Magten's own expert witnesses, it certainly requires more than mere lay witness testimony.  Therefore, Magten may not attempt to present thRough lay witness testimony what it cannot offer through expert testimony.

## CONCLUSION

For the reasons stated above, Defendants Hanson and Kindt respectfully request that the Court preclude Magten from presenting any opinion testimony relating to the financial solvency of Clark Fork or NorthWestern at trial.

Dated: January 31, 2008                         EDWARDS ANGELL PALMER & DODGE LLP

  */s/ Denise Seastone Kraft*
Denise Seastone Kraft (#2778)
919 N. Market Street, Suite 1500
Wilmington, DE  19801
302-425-7106
888-325-9741 Fax

*Counsel for Michael J. Hanson & Ernie J. Kindt*

OF COUNSEL:

Stanley T. Kaleczyc
Kimberly A. Beatty
BROWNING KALECZYC BERRY & HOVEN P.C.
139 North Last Chance Gulch
P.O. Box 1697
Helena, MT  59624
(406) 443-6820