# EXHIBIT A

Page 1

UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

------------------------------------------ X

MAGTEN ASSET MANAGEMENT CORPORATION and

LAW DEBENTURE TRUST COMPANY OF NEW YORK,

            Plaintiffs,

   -vs-

NORTHWESTERN CORPORATION,

            Defendant.

Civil Action No. C.A. No. 04-1494 (JJF)

------------------------------------------ X

MAGTEN ASSET MANAGEMENT CORP.,

            Plaintiff,

   -vs-

MICHAEL J. HANSON and ERNIE J. KINDT,

            Defendants.

Civil Action No. C.S. No. 05-499 (JJF)

------------------------------------------ X

DATE:      November 13, 2007

TIME:      9:00 a.m.

      Deposition of PAUL A. MARCUS, held at the offices of Curtis, Mallet-Prevost, Colt & Mosle, 101 Park Avenue, New York, New York,

```
                    - PAUL A. MARCUS -
 1
 2   disclosure deficiencies in any of Northwestern's
 3   financial statements?
 4        MR. KAPLAN: Objection.
 5        A.   I disagree with that.
 6        Q.   You disagree.
 7             In what way does your opinion disclose
 8   such disclosure deficiencies?
 9        A.   As I mentioned earlier, my opinion is
10   based on review of significant information which
11   talks about the deficiencies within the financial
12   statements, within the public disclosures that were
13   made. And I gave you a list of sources that I -- I
14   used in my -- developing my understanding of those
15   deficiencies, so --
16        MR. PIZZURRO: Mark this as 2.
17             (Whereupon, Marcus Exhibit 2 was marked
18   at this time.)
19        Q.   Mr. Marcus, you've just been handed a
20   document marked as Exhibit 2.
21             Do you recognize this as the second
22   amend -- strike that.
23             -- First Amended Complaint in this
24   action?
25        A.   It looks familiar.
                              17
```

```
                    - PAUL A. MARCUS -
 1
 2        Q.   Did you review this document in
 3   connection with the opinion you gave in this
 4   matter?
 5        A.   My recollection is, is that I read the
 6   document early in the process.
 7        Q.   I'd like you to turn to Page 10 of the
 8   document. Look at Paragraph 51 if you would, sir.
 9             Paragraph 51 reads, "The Debtor was
10   insolvent both immediately before and immediately
11   after the acquisition of MPLLC and the assumption
12   of related liabilities. The Debtor was engaged in
13   a business with unreasonably small capitalization
14   and incurred debts beyond its ability to pay both
15   immediately before and immediately after the
16   acquisition of MPLLC and the assumption of
17   liabilities."
18             Sir, do you understand that the Debtor
19   in this paragraph is Northwestern Corporation?
20        MR. KAPLAN: I think if we look -- if
21   you look on the first page of the Complaint --
22   actually, I'm sorry, Paragraph 1 on Page 2, there
23   it's defined.
24        A.   Yes, I do.
25        Q.   Did you ever discuss the allegations
                              18
```

```
                    - PAUL A. MARCUS -
 1
 2   contained in this paragraph with anyone from Fried,
 3   Frank?
 4        A.   Not to my recollection, no.
 5        Q.   Did you ever discuss the allegations in
 6   this paragraph with anybody else at Huron?
 7        A.   Not to my recollection, no.
 8        Q.   Were you ever asked or did you ever
 9   understand that you were being asked to offer any
10   opinions with respect to the allegations contained
11   in Paragraph 51?
12        MR. KAPLAN: Objection to the form.
13        A.   I was never asked to perform any form of
14   insolvency analysis.
15        MR. PIZZURRO: Mark this as Exhibit 3.
16             (Whereupon, Marcus Exhibit 3 was marked
17   at this time.)
18        Q.   Mr. Marcus, you've just been handed a
19   document which is marked as Exhibit 3.
20             Do you recognize this as your report
21   submitted in connection with this matter?
22        A.   Generally I recognize it. And I'll
23   assume all of the pages were appropriately copied,
24   and it is my report, yes.
25        Q.   In connection with issuing this report,
                              19
```

```
                    - PAUL A. MARCUS -
 1
 2   did you ever speak to Mr. Robert Berliner?
 3        A.   I did not, no.
 4        Q.   Did you ever review any opinions
 5   prepared by Mr. Berliner?
 6        A.   I did.
 7        MR. PIZZURRO: Mark this as Exhibit 4.
 8             (Whereupon, Marcus Exhibit 4 was marked
 9   at this time.)
10        MR. KAPLAN: Just so the record is
11   clear, there was an errata sheet which was also
12   circulated with respect to the report.
13        MR. PIZZURRO: It should be attached as
14   the last page; if you'd like us to do that.
15        MR. KAPLAN: No, that's all right. I
16   wanted to make sure the record is clear.
17        Q.   Mr. Marcus, do you recognize Exhibit 4?
18   I'm sorry. Let me strike that.
19             You have been handed a document which is
20   marked as Exhibit 4.
21             Does that document contain the opinions
22   of Mr. Berliner to which you referred earlier?
23        A.   I believe it does.
24        Q.   Is there any other document prepared by
25   or on behalf of Mr. Berliner that you reviewed in
                              20
```

Pages 17 to 20

Elisa Dreier Reporting Corp.  (212) 557-5558
780 Third Avenue, New York, New York 10017