## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAGTEN ASSET MANAGEMENT CORPORATION, )<br><br>Plaintiff, )<br><br>v. )<br><br>MICHAEL J. HANSON and ERNIE J. KINDT, )<br><br>Defendants. ) | C.A. No. 05-499-JJF |

### DEFENDANTS MICHAEL J. HANSON AND ERNIE J. KINDT'S
### BRIEF IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE EVIDENCE
### OF EVENTS OCCURRING POST NOVEMBER 15, 2002


Denise Seastone Kraft (#2778)
EDWARDS ANGELL PALMER & DODGE LLP
919 North Market Street, 15th Fl.
Wilmington, DE 19801
(302) 777-7770
*Counsel to Michael J. Hanson and Ernie J. Kindt*

OF COUNSEL:
Stanley T. Kaleczyc
Kimberly A. Beatty
BROWNING, KALECZYC, BERRY
  & HOVEN, P.C.
139 North Last Chance Gulch
Helena, MT 59624
(406) 443-6820

January 31, 2008

## <u>TABLE OF CONTENTS</u>

<u>PAGE</u>

TABLE OF CONTENTS.................................................................................................. i

TABLE OF AUTHORITIES ........................................................................................... ii

INTRODUCTION ........................................................................................................... 1

ARGUMENT ................................................................................................................... 1

I.   POST-TRANSACTION EVIDENCE IS IRRELEVANT TO MAGTEN'S CLAIMS. ....... 2

II.  POST-TRANSACTION EVIDENCE WILL UNFAIRLY PREJUDICE HANSON AND
     KINDT BY CONFUSING THE ISSUES AND MISLEADING THE JURY WHILE
     PROVIDING LIMITED, IF ANY, PROBATIVE VALUE................................................. 4

CONCLUSION................................................................................................................. 6

# TABLE OF AUTHORITIES

**PAGE**

**Cases**

*Goodman v. Pennsylvania Turnpike Commn.,*
    293 F.3d 655 (3rd Cir. 2002) ........................................................................ 4

*Herskowitz v. Nutri/System, Inc.,*
    857 F.2d 179 (3rd Cir. 1988) ........................................................................ 4

*In re Union Carbide Class Action Securities Litigation,*
    648 F.Supp. 1322 (S.D. N.Y. 1986) .............................................................. 2

*Spielman v. General Host Corp.,*
    402 F.Supp. 190, 194 (S.D.N.Y.1975) ......................................................... 2

*Wagenmann v. Adams,*
    829 F.2d 196, 217 (1st Cir. 1987) ................................................................ 4

**Rules**

Fed. R. Evid. 401 ............................................................................................... 1

Fed. R. Evid. 402 .......................................................................................... 1, 2, 3

Fed. R. Evid. 403 .......................................................................................... 1, 2, 4

Defendants Michael J. Hanson and Ernie J. Kindt ("Hanson and Kindt" or "Defendants") respectfully submit this brief in support of their Motion in Limine to Exclude Evidence of Events Occurring After November 15, 2002.

## INTRODUCTION

Plaintiff Magten Asset Management Corporation ("Magten") has alleged Defendants Hanson and Kindt, as officers of Clark Fork and Blackfoot, LLC ("Clark Fork"),  breached their fiduciary duties allegedly owed to Magten by "willfully and wantonly carrying out" the transfer of substantially all of the assets and liabilities, including the QUIPS obligations, from Clark Fork to NorthWestern Corporation ("NorthWestern") (the "Transaction").  *See* Complaint and Demand for Jury Trial ("Complaint"), ¶¶ 47-51.  The sole count of Magten's Complaint is for breach of fiduciary duties concerning the accomplishment of the Transaction.  The Transaction took place on November 15, 2002.  Therefore, in proving its claim against Hanson and Kindt, Magten is limited to evidence of events which occurred on or before November 15, 2002 and of which Hanson and Kindt had knowledge.  All subsequent events and evidence relating thereto are irrelevant to Magten's claim, poses the serious risk of juror confusion and unfair prejudice to Hanson and Kindt.  Thus, such evidence should be excluded from trial in this matter.

## ARGUMENT

Admissible evidence must be relevant and not unfairly prejudicial or confusing.  Fed. R. Evid. 402 and 403.  Evidence having no "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence" is irrelevant and not admissible.  Fed. R. Evid. 401 and 402.  Relevant evidence may also be excluded if it is unfairly prejudicial, meaning that the "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading

to the jury." Fed. R. Evid. 403.  In this case, the guidance provided in Rules 402 and 403

preclude admission of evidence relating to events which occurred after the Transaction.

## I.     POST-TRANSACTION EVIDENCE IS IRRELEVANT TO MAGTEN'S CLAIMS.

To establish its claim against Hanson and Kindt, Magten may seek to introduce evidence

of events which occurred after the date of the Transaction.  However, any such evidence is

irrelevant in proving Magten's claims that Hanson and Kindt breached their fiduciary duties by

their role in the Transaction.  Hanson and Kindt's conduct can only be judged based on the

events and evidence leading up to the Transaction of which they had knowledge.  Inquiring into

events which transpired after the Transaction seeks to impose hindsight which Hanson and Kindt

did not have available to them at the time of the Transaction.  *See*, *e.g.*, *In re Union Carbide*

*Class Action Securities Litigation*, 648 F.Supp. 1322, 1327 (S.D. N.Y. 1986) ("'[t]he

determination of materiality is to be made upon all the facts as of the time of the transaction and

not upon a 20-20 hindsight view long after the event.'  To permit these omissions to constitute a

securities action would allow future plaintiffs to walk into court with a 'materiality through

hindsight' cause of action.") quoting *Spielman v. General Host Corp.*, 402 F.Supp. 190, 194

(S.D.N.Y.1975)(footnote omitted), *aff'd per curiam*, 538 F.2d 39 (2d Cir.1976).

For example, Magten may seek to argue that NorthWestern's restatement of its financial

statements in April 2003 is evidence of Hanson and Kindt's knowledge of NorthWestern's

financial condition.  However, these restatements have no bearing on Hanson and Kindt's

knowledge or fiduciary duties as they occurred approximately five months after the Transaction.

If anything could be gleaned from NorthWestern's financial statements, it must be gleaned from

the information available to Hanson and Kindt in November 2002 or before.

Similarly, Magten may seek to argue NorthWestern's bankruptcy, filed in September 2003, has some bearing on Hanson and Kindt's analysis of the Transaction.  Again, events involving NorthWestern which transpired approximately ten (10) months after the Transaction are completely irrelevant in considering whether Hanson and Kindt breached their fiduciary duties to Clark Fork.  The crux of Magten's fiduciary duty claim is that Hanson and Kindt improperly allowed the Transaction to occur, "thereby rendering Clark Fork insolvent." Complaint, ¶ 50.  The financial woes which set upon NorthWestern nearly a year later have no causal or other connection to the events leading up the Transaction.  Further, to the extent such a relationship exists, the only probative evidence in this case would concern evidence of Hanson and Kindt's knowledge and conduct prior to the Transaction.

Magten may also seek to incorporate allegations of fraud against NorthWestern into their case in chief against Hanson and Kindt.  However, any alleged fraud which may have been perpetrated by NorthWestern is entirely irrelevant to this case to the extent it took place after November 15, 2002.  Further, such evidence, if relevant at all, must be limited to information Magten can prove was known to Hanson and Kindt prior to or at the time of the Transaction.

The events which transpired in the months and years after the Transaction simply have no consequence in the determination of whether Hanson and Kindt breached their fiduciary duties as officers of Clark Fork.  These events fail to make the existence of any significant fact more probable or less probable, and are therefore irrelevant and inadmissible pursuant to Rule 402, Fed. R. Evid.

II.    **POST-TRANSACTION EVIDENCE WILL UNFAIRLY PREJUDICE HANSON AND KINDT BY CONFUSING THE ISSUES AND MISLEADING THE JURY WHILE PROVIDING LIMITED, IF ANY, PROBATIVE VALUE.**

To the extent the Court determines there is some limited probative value to evidence of events occurring after the Transaction, any such value is substantially outweighed by unfair prejudice, confusion of the issues and misleading the jury. Fed. R. Evid. 403. Unfair prejudice is "prejudice of the sort which cloud[s] impartial scrutiny and reasoned evaluation of the facts, which inhibit[s] neutral application of principles of law to the facts as found." *Goodman v. Pennsylvania Turnpike Commn.*, 293 F.3d 655, 670 (3rd Cir. 2002) quoting *Wagenmann v. Adams*, 829 F.2d 196, 217 (1st Cir. 1987).

The case of *Herskowitz v. Nutri/System, Inc.*, 857 F.2d 179 (3rd Cir. 1988), is particularly instructive. In *Herskowitz*, the plaintiff shareholders sought to admit evidence of the corporation's post-merger performance to prove corporate management's pre-merger intentions and to prove the value of the company's share's at the time of the buyout. 857 F.2d at 188. In rejecting the plaintiffs' argument, the Third Circuit Court of Appeals stated it was appropriate to exclude such evidence under Rule 403, holding: "the possible prejudice arising from use of events long after the preparation of the proxy statement to cast light on the defendants' earlier intention outweighed its limited probative value." *Id.* Concerning the share valuation question, the court noted: "There is merit to the defendants' objection that post-merger performance is not a recognized method of proving value, at least absent evidence of obstacles to the use of other accepted methods of value such as market price, net asset value, and investment value."

The present case is deserving of the same outcome as *Herskowitz* concerning post-Transaction events. While Hanson and Kindt do not believe there is any probative value to post-Transaction evidence, such evidence would undoubtedly and unfairly prejudice the Defendants.

Hanson and Kindt are not on trial for any events which occurred after the Transaction. The basis for Magten's solitary claim against the Defendants is their role in the Transaction. Admission of evidence of events which occurred after November 15, 2002, including NorthWestern's financial restatements, alleged fraud perpetrated by NorthWestern and its subsequent bankruptcy filing, would be nothing more than an attempt to impute knowledge and fault on Hanson and Kindt which do not relate to the conduct which has been alleged against them concerning the Transaction. Therefore, evidence of these events would be highly prejudicial by associating Hanson and Kindt with the events which occurred long after the Transaction.

Similarly, Hanson and Kindt are only accused of breaching their fiduciary duties in relation to the Transaction, not any events occurring thereafter. Thus, if the jury is presented with evidence of post-Transaction events, the jury may be confused by the precise nature and scope of Hanson and Kindt's fiduciary duties. Hanson and Kindt are not on trial for fraud or fraudulent conveyance. Those allegations have simply not been pled by Magten in this action. The only purpose of such evidence could be to mislead the jury and implicate by association Hanson and Kindt in any alleged wrongdoing or unfortunate events which occurred after the Transaction.

Magten's fiduciary duty claim against Hanson and Kindt are limited to the events which occurred prior to and on November 15, 2002. If there is merit to that claim, which Defendants strongly contest, Magten is charged with presenting evidence relating to that issue and that issue alone. Any attempts to confuse the issues and mislead the jury to Defendants' detriment by incorporating evidence of events occurring after Defendants' alleged breach of fiduciary duty should be sharply curtailed prior to trial.

## CONCLUSION

For the reasons stated above, Defendants Hanson and Kindt respectfully request that the

Court preclude Magten from presenting any evidence at trial of events which occurred after

November 15, 2002.

Dated: January 31, 2008                    EDWARDS ANGELL PALMER & DODGE LLP


                                           */s/ Denise Seastone Kraft*
                                           Denise Seastone Kraft (#2778)
                                           919 N. Market Street
                                           Suite 1500
                                           Wilmington, DE  19801
                                           302-425-7106
                                           888-325-9741 Fax


                                           *Counsel for Michael J. Hanson & Ernie J. Kindt*

OF COUNSEL:

 Stanley T. Kaleczyc
 Kimberly A. Beatty
 BROWNING KALECZYC BERRY & HOVEN P.C.
 139 North Last Chance Gulch
 P.O. Box 1697
 Helena, MT  59624
 (406) 443-6820