# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| MAGTEN ASSET MANAGEMENT CORPORATION, | ) ) ) |
| Plaintiff, | ) ) C.A. No. 05-499-JJF |
| v. | ) ) ) |
| MICHAEL J. HANSON and ERNIE J. KINDT, | ) ) ) |
| Defendants. | ) ) |

### DEFENDANTS MICHAEL J. HANSON AND ERNIE J. KINDT'S
### BRIEF IN SUPPORT OF MOTION *IN LIMINE*
### TO BIFURCATE LIABILITY AND DAMAGES PHASES OF TRIAL

Denise Seastone Kraft (#2778)
EDWARDS ANGELL PALMER & DODGE LLP
919 North Market Street, 15th Fl.
Wilmington, DE 19801
(302) 777-7770
*Counsel to Michael J. Hanson and Ernie J. Kindt*

OF COUNSEL:
Stanley T. Kaleczyc
Kimberly A. Beatty
BROWNING, KALECZYC, BERRY
 & HOVEN, P.C.
139 North Last Chance Gulch
Helena, MT 59624
(406) 443-6820

January 31, 2008

WLM 512434.1

## **TABLE OF CONTENTS**

**PAGE**

TABLE OF CONTENTS ............................................................................................................. i

TABLE OF AUTHORITIES ...................................................................................................... ii

SUMMARY OF ARGUMENT .................................................................................................. 1

ARGUMENT .............................................................................................................................. 2

    I.    THE COURT SHOULD BIFURCATE THE LIABILITY AND DAMAGES PHASES OF TRIAL. ................................................................. 2

    II.    NO EVIDENCE RELATING TO PUNITIVE DAMAGES SHOULD BE ADMITTED IN THE LIABILITY PHASE OF THE TRIAL. ........................................................................................................ 4

CONCLUSION ........................................................................................................................... 5

# TABLE OF AUTHORITIES

**PAGE**

**Cases**

*Ciena Corp. v. Corvis Corp.*,
  210 F.R.D. 519 (D.Del. 2002) ............................................................................... 2, 3

*Emerick v. U.S. Suzuki Motor Corp.*,
  750 F.2d 19 (3d Cir. 1984) ......................................................................................... 4

*Enzo Life Sciences, Inc. v. Digene Corp.*,
  No. Civ.A. 02-212-JJF, 2003 WL 21402512 (D.Del. Jun. 10, 2003) ............................ 2, 3

*Gardco Mfg., Inc. v. Herst Lighting Co.*,
  820 F.2d 1209, 1212 (Fed.Cir.1987) ............................................................................ 2

*Johns Hopkins University v. Cellpro*,
  160 F.R.D. 30 (D.Del. 1995) ........................................................................................ 3

*Novo Nordisk Pharmaceuticals, Inc v. Bio-Technology General Corp.*,
  No. Civ.02-332-SLR, 2004 WL 1739720 (D.Del. Aug. 3, 2004) .................................. 4

*Smith v. Alyeska Pipeline Service Co.*,
  538 F.Supp. 977 (D.Del. 1982) .................................................................................... 3

**Other Authorities**
9A Wright. & Miller, Federal Practice & Procedure § 2390 (2007) ............................................ 3

**Rules**

Fed.  R. Civ. P. 42(b) ................................................................................................................... 2

Defendants Michael J. Hanson and Ernie J. Kindt ("Hanson and Kindt" or "Defendants") respectfully submit this brief in support of their motion in limine to bifurcate the trial into separate liability and damages phases.

## SUMMARY OF ARGUMENT

Plaintiff Magten Asset Management Corporation ("Magten") has alleged a single claim against Defendants for breach of fiduciary duty and has sought compensatory damages, punitive damages, and attorneys' fees. Magten's breach of fiduciary claim presents a discrete issue that is not related to or dependant upon the amount of compensatory or punitive damages to which Magten is entitled. Therefore, it will conserve judicial resources if issues relating to liability and damages are presented separately. Indeed, Magten has requested that the calculation of attorneys' fees occur after a determination of liability, and the same reasoning applies equally to a calculation of compensatory and punitive damages. If the jury determines that Defendants are not liable, proof of damages will be unnecessary. On the other hand, if the jury finds that Defendants are liable, and this Court has not already granted summary judgment in favor of Defendants on their damages and attorneys fees issues, a separate trial may proceed without delay to determine the compensatory damages, punitive damages, and attorneys' fees, if any, that Magten is entitled to recover. Bifurcation will also enhance juror comprehension by limiting the number of legal issues the jury must address at any particular time. For all of these reasons, Defendants request that the Court bifurcate the trial and exclude evidence of damages from the liability phase of trial.

WLM 512434.1

**ARGUMENT**

I.   **THE COURT SHOULD BIFURCATE THE LIABILITY AND DAMAGES PHASES OF TRIAL.**

This Court has "broad discretion in separating issues and claims for trial as part of its wide discretion in trial management." *Ciena Corp. v. Corvis Corp.*, 210 F.R.D. 519, 520-21 (D.Del. 2002) (Farnan, J.) (granting motion to bifurcate liability and damages phases of trial) (quoting *Gardco Mfg., Inc. v. Herst Lighting Co.*, 820 F.2d 1209, 1212 (Fed.Cir.1987)). Federal Rule of Civil Procedure 42(b) governs the bifurcation of trials and provides that:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or thirdparty claims.

This Court has further recognized that "[c]ourts, when exercising their broad discretion to bifurcate issues for trial under Rule 42(b), should consider whether bifurcation will avoid prejudice, conserve judicial resources, and enhance juror comprehension of the issues presented in the case." *Ciena Corp.*, 210 F.R.D. at 520-21; *Enzo Life Sciences, Inc. v. Digene Corp.*, No. Civ.A. 02-212-JJF, 2003 WL 21402512, at *4-5 (D.Del. Jun. 10, 2003) (Farnan, J.) (bifurcating liability and damages phases of trial). In this case, bifurcation of the liability and damages phases of trial will serve all of these purposes.

Magten has acknowledged that it will be more efficient for attorneys' fees and costs to be calculated after the conclusion of the liability phase of trial. (D.I. 321 ¶ 32.) Calculation of *all* aspects of Magten's alleged damages should be resolved after the liability phase of trial for precisely the same reason. It will be far more efficient to resolve any issues relating to Magten's alleged damages once the jury has first determined whether Defendants are liable. This may allow the parties and the Court to conserve time and resources, because "if any of the liability issues are resolved in [Defendants'] favor, no further trial will be necessary." *Smith v. Alyeska*

*Pipeline Service Co.*, 538 F.Supp. 977, 984 (D.Del. 1982) (Latchum, J.). Indeed, "[i]n cases where the evidence on damages may not be relevant to liability issues, courts and parties have found it may make sense to bifurcate the issues, and first try and obtain a verdict on liability. A verdict for the defendant would then obviate the need for a trial on damages, whereas a verdict for the plaintiff might facilitate a settlement." *Johns Hopkins University v. Cellpro*, 160 F.R.D. 30, 33 (D.Del. 1995) (McKelvie, J.). On the other hand, if the jury finds that Defendants are liable, the damages phase may begin without delay.

Bifurcation of liability and damages will also avoid confusion and allow the jury to remain focused on issues of liability until it is necessary to make any determinations regarding Magten's alleged damages. As this Court has recognized, "bifurcation might enhance jury decision making in two ways: (1) by presenting the evidence in a manner that is easier for the jurors to understand, and (2) by limiting the number of legal issues the jury must address at any particular time." *Ciena Corp.*, 210 F.R.D. at 521; *Enzo Life Sciences, Inc.*, 2003 WL 21402512 at *5. The use of such "alternative trial procedures could assist juries in obtaining a better understanding of the legal issues they are called upon to decide." *Id*.

Courts have occasionally denied bifurcation "when the evidence on [liability and damages] is overlapping or the liability and damages issues are so intertwined that efficiency will not be achieved or confusion may result from any attempt at separation." 9A Wright. & Miller, Federal Practice & Procedure § 2390 (2007). However, these concerns do not apply to the present action, because the issues relating to Defendants' alleged breach of fiduciary duty are entirely distinct from those relating to the calculation of Magten's alleged compensatory damages and Magten's entitlement to punitive damages. There is no overlap between the issues, and there will be no confusion as a result of separating these issues. Accordingly, the Court

should bifurcate the trial and preclude the parties from presenting issues relating to damages at the liability phase of trial. *See Novo Nordisk Pharmaceuticals, Inc v. Bio-Technology General Corp.*, No. Civ.02-332-SLR, 2004 WL 1739720, at *1 (D.Del. Aug. 3, 2004) (Robinson, J.) (noting that "the court stayed the question of damages pending resolution of liability").

### II.    NO EVIDENCE RELATING TO PUNITIVE DAMAGES SHOULD BE ADMITTED IN THE LIABILITY PHASE OF THE TRIAL.

Even if the Court does not bifurcate issues relating liability and compensatory damages, the punitive damages inquiry should nevertheless be reserved until after the conclusion of the liability phase of the proceedings.  It is clear that "allowing the question of punitive damages and its corresponding inquiry into conduct to be litigated at the liability stage of the trial would confuse the jury and unfairly prejudice [the Defendants]." *Emerick v. U.S. Suzuki Motor Corp.*, 750 F.2d 19, 22 (3d Cir. 1984) (affirming bifurcation of punitive damages phase of trial).  Any references to the Defendants' financial worth are irrelevant to the Defendants' liability and will be used solely to incite prejudice against the Defendants as corporate officers.  Indeed, the probative value of such information at the liability phase of trial, if any, is far outweighed by the danger of undue prejudice that will result from presenting such information to the jury. Therefore, unless Magten can make the requisite showing that it is entitled to punitive damages, the jury should not be allowed to hear any information relating to the Defendants' financial worth, whether they acted with actual malice, or any other information that relates solely to Magten's entitlement to punitive damages.

## CONCLUSION

For the reasons stated above, Defendants Hanson and Kindt respectfully request that the Court bifurcate the trial and have a separate damages phase after the jury determines whether Defendants are liable for Magten's breach of fiduciary duty claim.

Dated: January 31, 2008       EDWARDS ANGELL PALMER & DODGE LLP

     /s/ Denise Seastone Kraft
Denise Seastone Kraft (#2778)
919 N. Market Street
Suite 1500
Wilmington, DE  19801
302-425-7106
888-325-9741 Fax

*Counsel for Michael J. Hanson & Ernie J. Kindt*

OF COUNSEL:

Stanley T. Kaleczyc
Kimberly A. Beatty
BROWNING KALECZYC BERRY & HOVEN P.C.
139 North Last Chance Gulch
P.O. Box 1697
Helena, MT  59624
(406) 443-6820