# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAGTEN ASSET MANAGEMENT CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. HANSON and ERNIE J. KINDT,<br><br>    Defendants. | )<br>)<br>)<br>) C.A. No. 05-499-JJF<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS MICHAEL J. HANSON AND ERNIE J. KINDT'S BRIEF IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE EVIDENCE RELATING TO DAMAGES AND <u>RELIEF NOT PERMITTED BY LAW</u>

<div style="margin-left:40%">

Denise Seastone Kraft (#2778)
EDWARDS ANGELL PALMER & DODGE LLP
919 North Market Street, 15th Fl.
Wilmington, DE 19801
(302) 777-7770
*Counsel to Michael J. Hanson and Ernie J. Kindt*

</div>

OF COUNSEL:

Stanley T. Kaleczyc
Kimberly A. Beatty
BROWNING, KALECZYC, BERRY
 & HOVEN, P.C.
139 North Last Chance Gulch
Helena, MT 59624
(406) 443-6820

January 31, 2008

WLM 512451.1

**TABLE OF CONTENTS**

**PAGE**

TABLE OF CONTENTS ............................................................................................................. i

TABLE OF AUTHORITIES ...................................................................................................... ii

SUMMARY OF ARGUMENT .................................................................................................. 1

ARGUMENT ............................................................................................................................... 1

    I.    MAGTEN MAY NOT INTRODUCE EVIDENCE OF
COMPENSATORY DAMAGES IN EXCESS OF THAT
RECOVERABLE BY LAW. ................................................................................1

    II.    MAGTEN IS NOT ENTITLED TO ATTORNEYS' FEES AND
IS BARRED FROM INTRODUCING ANY EVIDENCE
RELATING TO THE FEES INCURRED IN THIS ACTION. ............................3

    III.    MAGTEN MAY NOT RECOVER PREJUDGMENT INTEREST,
AND ITS DEMAND FOR SUCH INTEREST SHOULD BE
STRICKEN. ..........................................................................................................5

CONCLUSION .......................................................................................................................... 8

# **TABLE OF AUTHORITIES**

**PAGE**

**Cases**

*Albers v. Bar ZF Ranch, Inc.*,
    229 Mont. 396, 408 (1987) ................................................................................................... 6

*Chandler v. Madsen*,
    197 Mont. 234 (Mont. 1982) ................................................................................................. 2

*Chin v. DaimlerChrysler Corp.*,
    461 F.Supp.2d 279 (D.N.J. 2006) ......................................................................................... 3

*Coca-Cola Bottling Co. of Elizabethtown, Inc. v. Coca-Cola Co.*,
    769 F.Supp. 599, 630 (D.Del.1991) ..................................................................................... 5

*Cooper v. Ross & Roberts, Inc.*,
    505 A.2d 1305 (Del. Super. 1986) ....................................................................................... 5

*Covington v. Continental General Tire, Inc.*,
    381 F.3d 216 (3d Cir. 2004) .................................................................................................. 2

*Erker v. Kestner*,
    296 Mont. 123, 988 P.2d 1221 (1999) ................................................................................. 3

*Galam v. Carmel*,
    249 F.3d 832 (9th Cir. 2001) ................................................................................................ 3

*Henlopen Hotel Corp. v. Aetna Ins. Co.*,
    38 F.R.D. 155 (D.Del. 1965) ................................................................................................ 3

*Klaxon Co. v. Stentor Elec. Mfg. Co.*,
    313 U.S. 487, 495-96 (1941) ................................................................................................ 2

*Mobilificio San Giacomo S.p.A. v. Stoffi*,
    No. C.A. 96-415-SLR, 1998 WL 125536 (D.Del. Jan. 29, 1998) ....................................... 5

*Montana Petroleum Tank Release Compensation Bd. v. Crumley's, Inc.*,
    No. DA 06-0505, 2008 WL 44596 (Mont. Jan. 3, 2008) ................................................ 6, 7

*Northern Montana Hosp. v. Knight*,
    248 Mont. 310 (1991) ...................................................................................................... 6, 7

*Safeco Ins. Co. v. Lovely Agency*,
    215 Mont. 420 (Mont. 1985) ................................................................................................ 7

*Satori v. S & S Trucking, Inc.*,
    332 Mont. 503,  139 P.3d 806 (2006) .................................................................................. 4

*Schuff v. A.T. Klemens & Son*,
    303 Mont. 274 (Mont. 2000) ............................................................................................... 7

*Spackman v. Ralph M. Parsons Co.*,
    147 Mont. 500 (Mont. 1966) ............................................................................................... 2

*U.S. v. Sarraga-Solana*,
    No. 04-144-6-JJF, 2005 WL 3701472 (D.Del. Oct. 6, 2005) ............................................. 3

*Yohannon v. Keene Corp.*,
    924 F.2d 1255 (3d Cir. 1991) .......................................................................................... 2, 5

**Statutes**

Mont. Code Ann. § 27-1-211 ....................................................................................................... 6

Mont. Code Ann. § 35-8-1104(4) ................................................................................................ 4

**Rules**

Fed. R. Evid. 403 ......................................................................................................................... 2

Defendants Michael J. Hanson and Ernie J. Kindt ("Hanson and Kindt" or "Defendants") respectfully submit this brief in support of their motion in limine to limit and exclude certain evidence relating to the compensatory damages and other relief sought by Plaintiff Magten Asset Management Corporation ("Magten").

## SUMMARY OF ARGUMENT

In this action, Magten seeks to recover compensatory damages and attorneys fees. However, the compensatory damages that Magten may recover is limited by operation of law, and Magten may not confuse and mislead the jury by presenting irrelevant and prejudicial evidence relating to professed damages that are not compensable. Similarly, Magten is not entitled to recover its attorneys' fees and costs, and therefore any evidence relating to the fees and costs incurred in this action are irrelevant and inadmissible at trial. Finally, Magten may not recover prejudgment interest, and its request for such interest, which is stated for the first time in its proposed pretrial order, should be stricken.[1]

## ARGUMENT

### I. MAGTEN MAY NOT INTRODUCE EVIDENCE OF COMPENSATORY DAMAGES IN EXCESS OF THAT RECOVERABLE BY LAW.

Magten may not recover compensatory damages that exceed the amount Magten actually paid for the QUIPS at issue in this case,[2] and therefore any evidence relating to the value of the QUIPS prior to the November 15, 2002 transfer of assets and liabilities (the "Transaction") is irrelevant and inadmissible. It is well settled that "[r]ules for ascertaining the measure of

---

[1] Defendants have previously filed a motion for summary judgment, seeking a judgment that as a matter of law Magten is not entitled to any award of compensatory damages, punitive damages, or attorneys fees and costs, and that any award of compensatory damages must be limited significantly. (D.I. 274, D.I. 307.) That motion is fully briefed and pending before this Court.

[2] D.I. 274 at 45-46; D.I. 307 at 21.

damages are 'matters of substance' for Erie purposes." *Yohannon v. Keene Corp.*, 924 F.2d 1255, 1265 (3d Cir. 1991) (quoting *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 495-96 (1941)); *see also Covington v. Continental General Tire, Inc.*, 381 F.3d 216, 218 (3d Cir. 2004). Therefore, the amount of compensatory damages that Magten may recover in this action is a matter of Montana law and is governed by longstanding Montana Supreme Court precedent which states that "the purpose of awarding damages is to return the party injured to the same, or as nearly possible the same, condition as he enjoyed before the injury to his property. The injured party is to be made as nearly whole as possible—<u>but not to realize a profit</u>." *Spackman v. Ralph M. Parsons Co.*, 147 Mont. 500, 506 (Mont. 1966) (emphasis added).

This principle applies to property that is "readily replaceable . . . with an established market value." *Chandler v. Madsen*, 197 Mont. 234, 243 (Mont. 1982). The QUIPS at issue in this case fall squarely within this category. As securities, the QUIPS that Magten purchased had a clearly defined market value — the price that Magten actually paid for them at the time it bought them. It is undisputed that Magten first purchased the QUIPS nearly six months after the Transaction occurred and several weeks after NorthWestern restated its financals. The market value of the QUIPS at that time reflected the distressed value of the security under the financial circumstances that existed at that point in time. Therefore, Magten may only recover an amount that will compensate it for losses, if any, that reduced the value of the QUIPS below what Magten paid for them. Under Montana law, Magten cannot recover compensatory damages that exceed the amount Magten actually paid for the QUIPS.

In light of this clear legal precedent, Magten is prohibited from confusing and misleading the jury by presenting evidence that would create the false impression that Magten suffered greater damages than it is entitled by law to recover in this action. *See* Fed. R. Evid. 403

("evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury").  There is little probative value to any evidence relating to the value of the QUIPS prior to the date that Magten purchased them, but Defendants will be substantially prejudiced by the potential that the jury will be misled or confused by this evidence.  *See U.S. v. Sarraga-Solana*, No. 04-144-6-JJF, 2005 WL 3701472, at *3 (D.Del. Oct. 6, 2005) (Farnan, J.) (excluding evidence because "[w]hile the probative value is little, the potential prejudice to Defendant[s] from use of the evidence is great.").  Therefore, Magten should be barred from presenting any evidence of damages that exceeds the damages that Magten may recover as a matter of Montana law.

> II. **MAGTEN IS NOT ENTITLED TO ATTORNEYS' FEES AND IS BARRED FROM INTRODUCING ANY EVIDENCE RELATING TO THE FEES INCURRED IN THIS ACTION.**

Magten is also barred from presenting any evidence to the jury on the attorneys' fees and costs it has incurred in this litigation.[3]  Magten's entitlement to attorneys' fees is a matter of Montana substantive law.  *See, e.g., Galam v. Carmel*, 249 F.3d 832, 838 (9th Cir. 2001) (explaining that state law governs the question of attorneys' fees in diversity actions); *Chin v. DaimlerChrysler Corp.*, 461 F.Supp.2d 279, 283 (D.N.J. 2006) (applying state law to determine if plaintiffs were entitled to attorneys' fees); *Henlopen Hotel Corp. v. Aetna Ins. Co.*, 38 F.R.D. 155, 158 (D.Del. 1965) ("the award of attorneys' fees, creating as it does a new liability, should be considered as substantive in character.").  Montana applies the traditional "American Rule" which states that absent any statutory or contractual authority, each party bears its own attorneys' fees and costs.  *Erker v. Kestner*, 296 Mont. 123, 134 (1999).  As discussed in Defendants' motion for summary judgment, (D.I. 274 at 55-56, D.I. 307 at 24-25), Montana has no

---

[3]  D.I. 274 at 55-56; D.I. 307 at 24-25.

contractual or statutory provision that would entitle Magten to any award of attorneys' fees for its breach of fiduciary duty claim. *See e.g., Satori v. S & S Trucking, Inc.*, 332 Mont. 503, 509 (2006).

Magten has attempted to support its claim for attorneys' fees under Mont. Code Ann. § 35-8-1104(4), which permits recovery of attorneys fees only in *derivative* causes of action.[4] (D.I. 289 at 34.) This case is not cognizable as a derivative action because Magten is not suing on behalf of the limited liability company and cannot otherwise meet the statutory prerequisites to bring a derivative action. (D.I. 274 at 21-29.) Magten is seeking compensatory and punitive damages on its own behalf — not to return property to the limited liability company. Therefore, Magten cannot rely upon this statutory provision to recover its attorneys' fees and costs. Rather, Magten is subject to the traditional American Rule and must bear its own litigation fees and costs.

In addition, to the extent Magten is entitled to recover some amount of fees and costs, it is axiomatic that such an award must be limited to only those attorneys fees and costs incurred in the present action and must exclude all attorneys fees and costs incurred in Case No. 04-1494, which is being litigated against NorthWestern ("the NorthWestern Action"). Although this case and the NorthWestern Action were consolidated for pre-trial purposes, they remain completely separate actions. Magten may not recover from Defendants the fees and costs incurred in litigating a separate action against a separate defendant. Likewise, Magten may not attempt to introduce any evidence of the fees and costs incurred in that separate action. Therefore,

---

[4] Notably, this statutory provision also directs that the plaintiff shall "*remit to the limited liability company the remainder of the proceeds received*." Mont. Code Ann. § 35-8-1104(4) (emphasis added). Therefore, if this provision is truly applicable, Magten is not entitled to any individual recovery apart from its attorneys' fees.

Defendants request that the Court exclude any evidence relating to the attorneys' fees and costs Magten has incurred in this action as well as the NorthWestern Action.

### III.  MAGTEN MAY NOT RECOVER PREJUDGMENT INTEREST, AND ITS DEMAND FOR SUCH INTEREST SHOULD BE STRICKEN.

In its proposed pretrial order, Magten raised, for the first time, the argument that it is entitled to recover prejudgment interest in this action.  (D.I. 321, Ex. 5 ¶ 29.)  Magten did not seek this relief in its Complaint, and it is barred from demanding additional relief on the eve of trial.  But regardless of whether the Court permits Magten to pursue prejudgment interest despite its failure to request such relief in its Complaint, Magten is barred from recovering prejudgment interest as a matter of law.  Therefore, its request for such relief should be stricken and excluded from evidence.

The Third Circuit has held that a federal court sitting in diversity must apply the forum state's law to determine what law governs the issue of prejudgment interest. *Yohannon v. Keene Corp.*, 924 F.2d 1255, 1265 (3d Cir.1991); *Mobilificio San Giacomo S.p.A. v. Stoffi*, No. C.A. 96-415-SLR, 1998 WL 125536, at *11 (D.Del. Jan. 29, 1998) (Robinson, J.) ("In a diversity case . . . the court must look to the law of the forum state for determining the availability of prejudgment interest.").  "The recovery of prejudgment interest in Delaware is a matter of substantive law," and Delaware courts apply the *lex loci delicti* rule to use the prejudgment interest rule of the state where the alleged tort was committed.  *Cooper v. Ross & Roberts, Inc.*, 505 A.2d 1305, 1306 (Del. Super. 1986); *Coca-Cola Bottling Co. of Elizabethtown, Inc. v. Coca-Cola Co.*, 769 F.Supp. 599, 630 (D.Del.1991 (Farnan, J.), *aff'd in part, rev'd in part on other*

*grounds*, 988 F.2d 386 (3d Cir.), *cert. denied*, 510 U.S. 908 (1993). This means that Montana law will determine whether Magten is entitled to prejudgment interest.[5]

Montana law imposes three prerequisites to recovery of prejudgment interest: "First, an underlying monetary obligation must exist. Second, the amount of recovery must be capable of being made certain. Third, the right to recover must vest on a particular day." *Montana Petroleum Tank Release Compensation Bd. v. Crumley's, Inc.*, No. DA 06-0505, 2008 WL 44596, at *16 (Mont. Jan. 3, 2008) (citing *Albers v. Bar ZF Ranch, Inc.*, 229 Mont. 396, 408 (1987); MCA § 27-1-211. Magten's claim for prejudgment interest fails *ab initio*, because Defendants Hanson and Kindt have never had any individual monetary obligation to Magten on the QUIPS.

Furthermore, Magten is not entitled to recover prejudgment interest because it cannot demonstrate that "the amount of recovery is capable of being made certain." *Montana Petroleum*, 2008 WL 44596 at *16-17. "Prejudgment interest is inappropriate . . . when the amount of a party's damages is uncertain or disputed." *Montana Petroleum*, 2008 WL 44596 at *16; *Northern Montana Hosp. v. Knight*, 248 Mont. 310, 320 (1991). This means that "no interest can run until a fixed amount of damages has been arrived at, either by agreement, appraisal, or judgment." *Montana Petroleum*, 2008 WL 44596 at *16 (quoting *Northern Montana Hosp.*, 248 Mont. at 321). Magten's purported damages have been vigorously disputed and no fixed amount of damages has ever been established.

Unlike other cases in which Montana courts have awarded prejudgment interest, Magten cannot allege a clearly defined debt that the defendants should be obligated to pay. *See Schuff v.*

---

[5] Magten apparently agrees that Montana law governs this issue and has cited to Montana law in support of its newly presented argument for prejudgment interest. (D.I. 321, Ex. 5 ¶ 29.)

*A.T. Klemens & Son*, 303 Mont. 274, 314 (Mont. 2000) (wrongful death claim against company, where company refused to pay for $200,000 of medical and funeral expenses); *Safeco Ins. Co. v. Lovely Agency*, 215 Mont. 420, 421 (Mont. 1985) (claim by insurer against its agents for wrongfully causing it to pay $300,000 on insurance policy that was fraudulently procured). Magten's own complaint seeks compensatory damages "in an amount to be proven at trial," revealing that Magten itself is uncertain as to the amount of compensatory damages it may be entitled to recover. (*See* D.I. 321, Ex. 1 ¶ 52.)

Montana courts "have consistently refused to award pre-judgment interest in cases where 'the amount of damages due upon breach was not clearly ascertainable until determined by the trial court.'" *Montana Petroleum*, 2008 WL 44596 at *16 (quoting *Northern Montana Hosp.*, 248 Mont. at 321). The amount of damages that Magten will be entitled to recover if it is successful on its breach of fiduciary duty claim cannot be conclusively determined until the jury has returned its verdict. *See Montana Petroleum*, 2008 WL 44596 at *16 ("the amount of damages that the [plaintiff] was entitled to as a result of [the defendant's] breach was not conclusively determined until the date that the jury returned the verdict"). Because the amount of Magten's damages will not be certain until a judgment is entered by this Court, Magten may not recover prejudgment interest from Defendants, and its claim for such interest must be stricken.

Finally, it is clear that Magten's claim for prejudgment interest against Hanson and Kindt did not vest on a particular day. Magten recognizes this problem and notes in its Statement of Issues of Fact Which Remain to Be Litigated, that "[w]hether Magten is entitled to recover prejudgment interest from Hanson and Kindt and **if so from what date**" remains to be resolved.

(See D.I. 321, Ex. 2 ¶ 52) (emphasis added).  As such, Magten has conceded that prejudgment interest did not vest on any particular day and it is not entitled to recover prejudgment interest.

## CONCLUSION

For the reasons stated above, Defendants Hanson and Kindt respectfully request that the Court limit the evidence that Magten may present at trial relating to compensatory damages, completely exclude any evidence relating to Magten's attorneys' fees and costs, and strike Magten's request for prejudgment interest.

Dated: January 31, 2008                    EDWARDS ANGELL PALMER & DODGE LLP

                                                            /s/ Denise Seastone Kraft
                                                          Denise Seastone Kraft (#2778)
                                                          919 N. Market Street
                                                          Suite 1500
                                                          Wilmington, DE  19801
                                                          302-425-7106
                                                          888-325-9741 Fax

                                                          *Counsel for Michael J. Hanson & Ernie J. Kindt*

OF COUNSEL:

Stanley T. Kaleczyc
Kimberly A. Beatty
BROWNING KALECZYC BERRY & HOVEN P.C.
139 North Last Chance Gulch
P.O. Box 1697
Helena, MT  59624
(406) 443-6820