# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAGTEN ASSET MANAGEMENT CORPORATION,<br><br>  Plaintiff,<br><br>v.<br><br>MICHAEL J. HANSON and ERNIE J. KINDT,<br><br>  Defendants. | )<br>)<br>)<br>)<br>) C.A. No. 05-499-JJF<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS MICHAEL J. HANSON AND ERNIE J. KINDT'S BRIEF IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE EVIDENCE RELATING TO INCREASED COST OF CAPITAL AND/OR EVIDENCE OF UNDERCAPITALIZATION**

Denise Seastone Kraft (#2778)
EDWARDS ANGELL PALMER & DODGE LLP
919 North Market Street, 15th Fl.
Wilmington, DE  19801
(302) 777-7770
*Counsel to Michael J. Hanson and Ernie J. Kindt*

OF COUNSEL:

Stanley T. Kaleczyc
Kimberly A. Beatty
BROWNING, KALECZYC, BERRY
 & HOVEN, P.C.
139 North Last Chance Gulch
Helena, MT  59624
(406) 443-6820

January 31, 2008

WLM 512446.1

## TABLE OF CONTENTS

**PAGE**

TABLE OF CONTENTS ............................................................................................................. i

TABLE OF AUTHORITIES ...................................................................................................... ii

INTRODUCTION ....................................................................................................................... 1

ARGUMENT ............................................................................................................................... 2

    I.    MAGTEN FAILED TO PLEAD ITS NEW UNDERCAPITALIZATION OR INCREASED COSTS OF CAPITAL THEORIES IN ITS COMPLAINT AND THEREFORE EVIDENCE RELATING THERETO SHOULD BE EXCLUDED. ........................................................................................ 2

    II.    ADMISSION OF THIS EVIDENCE WILL UNFAIRLY PREJUDICE HANSON AND KINDT BY CONFUSING THE ISSUES AND MISLEADING THE JURY WHILE PROVIDING LIMITED, IF ANY, PROBATIVE VALUE. ............................................................................................. 3

CONCLUSION ............................................................................................................................ 4

# TABLE OF AUTHORITIES

**PAGE**

**Rules**

Fed. R. Evid. 402 ................................................................................................................ 3

Fed. R. Evid. 403 ............................................................................................................ 3, 4

Defendants Michael J. Hanson and Ernie J. Kindt ("Hanson and Kindt" or "Defendants") respectfully submit this brief in support of their Motion *in Limine* to Exclude Evidence Relating to Increased Cost of Capital and/or Evidence of Undercapitalization.

## INTRODUCTION

Plaintiff Magten Asset Management Corporation ("Magten") has alleged Defendants Hanson and Kindt, as officers of Clark Fork and Blackfoot, LLC ( Clark Fork"), breached their fiduciary duties allegedly owed to Magten by "willfully and wantonly carrying out" the transfer of substantially all of the assets and liabilities, including the QUIPS obligations, from Clark Fork to NorthWestern Corporation ("NorthWestern") (the "Transaction"), thereby rendering Clark Fork insolvent. *See* Complaint and Demand for Jury Trial ("Complaint"), ¶¶ 47-51. However, in Magten's Statement of Issues of Fact Which Remain to be Litigated, Exhibit 2 to the Proposed Pre-Trial Order, Magten now *for the first time* seeks to invoke additional theories concerning whether Clark Fork was rendered undercapitalized as a result of the Transaction and whether the Transaction increased the cost of capital for the regulated Montana utility assets included in the Transferred Assets. These theories were not plead in Magten's Complaint, do not give rise to breaches of fiduciary duties related to the QUIPS Indenture, are unsupported by any evidence, lack any probative value and only serve to unfairly prejudice Hanson and Kindt, confuse the issues and mislead the jury. Therefore, all such evidence is inadmissible and should be excluded from the trial in this matter.

**ARGUMENT**

I.  **MAGTEN FAILED TO PLEAD ITS NEW UNDERCAPITALIZATION OR INCREASED COSTS OF CAPITAL THEORIES IN ITS COMPLAINT AND THEREFORE EVIDENCE RELATING THERETO SHOULD BE EXCLUDED.**

Magten's Complaint contains no discussion of undercapitalization or increased costs of capital and no nexus or rationale as to how these new theories give rise to a fiduciary duty alleged owed by officers of Clark Fork to the QUIPS Holders as creditors of Clark Fork. Indeed, any such theories, even if evidence can be presented to support such theories (a contention Hanson and Kindt dispute), do not relate to the rights and obligations of the QUIPS Holders. Instead, the Complaint contains only allegations that Hanson and Kindt allegedly breached fiduciary duties by facilitating the Transaction, rendering Clark Fork insolvent and failing to ensure NorthWestern could pay the QUIPS obligations it assumed. Complaint, ¶¶ 47-51. Noticeably absent from the Complaint is any allegation that Clark Fork became undercapitalized (defined by Magten in its Exhibit 2 to the proposed Pre-Trial Order as "its remaining assets were unreasonably small in relation to its business" – a contention Hanson and Kindt dispute) as a result of the Transaction or that the Transaction somehow increased the cost of capital related to regulated utility assets (which do not include the QUIPS) assumed by NorthWestern, and which in turn somehow damaged Magten and the QUIPS Holders.

Magten has now identified these allegations for the first time in the Proposed Pre-trial Order, claiming they are issues of fact which remain to be litigated in this case. But whatever case that case is, it is not this case. This case is a breach of fiduciary duty case relating to whether Hanson and Kindt owed any duty to Clark Fork's creditors in the first instance, and in the second instance, whether they breached that duty by executing documents facilitating the Transaction at the direction of NorthWestern, the sole Member and Manager of Clark Fork

allegedly without any regard as to whether NorthWestern would be able to make QUIPS payments immediately after the Transaction.  This case is **not** about how well Clark Fork or NorthWestern's utility division were run or could have been run, which is the basis of any claim of undercapitalization or increased cost of capital of the regulated Montana utility assets.  Magten's inappropriate attempt to expand the breadth of their Complaint is a desperate attempt to salvage their sole cause of action against Hanson and Kindt for breach of fiduciary duty and should not be permitted.  All evidence of any alleged undercapitalization or alleged increased cost of capital, to the extent such evidence can be proffered in the first instance, should be excluded at trial.

> II.     **ADMISSION OF THIS EVIDENCE WILL UNFAIRLY PREJUDICE HANSON AND KINDT BY CONFUSING THE ISSUES AND MISLEADING THE JURY WHILE PROVIDING LIMITED, IF ANY, PROBATIVE VALUE.**

Admissible evidence must be relevant and not unfairly prejudicial or confusing.  Fed. R. Evid. 402 and 403.  Relevant evidence may be excluded if it is unfairly prejudicial, meaning that the "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading to the jury."  Fed. R. Evid. 403.  In this case, Rule 403 precludes admission of evidence relating to allegations that Clark Fork became undercapitalized as a result of the Transaction or that the Transaction increased cost of capital of the regulated Montana utility assets.

While Defendants do not concede the relevancy of evidence relating to either of these new theories or factual allegations, even if such evidence was relevant, Rule 403 precludes its admission.  Magten has failed to present any evidence showing that Clark Fork became undercapitalized as a result of the Transaction or that such result, if it can be proven (a contention Hanson and Kindt dispute), constituted a breach of fiduciary duty to the QUIPS

Holders.  Neither has Magten presented any evidence that the Transaction caused an increase in the cost of capital of the regulated Montana utility assets that were assumed by NorthWestern[1], that such increase in cost, if it can be proven (a contention Hanson and Kindt dispute), or that such increase constituted a breach of fiduciary duty to the QUIPS Holders.  Further, no such evidence relates in any way to whether NorthWestern was able or did in fact make QUIPS payments immediately following the Transaction.  There is minimal, if any, probative value in these conclusory allegations.

In contrast, the danger of unfair prejudice, confusion of the issues and juror deception is quite high.  This case involves whether Hanson and Kindt satisfied their fiduciary obligations in following the directives of Clark Fork's owner in carrying out the Transaction.  Allowing evidence of these irrelevant issues will unfairly prejudice Hanson and Kindt by distracting the jury from the principal question before them.  Magten seeks only to confuse the issues and the jury regarding Hanson and Kindt's fiduciary obligations with extraneous information which has no bearing on Hanson and Kindt's directive to carry out the Transaction or to any duty Hanson and Kindt allegedly owed to Clark Fork, its Member, or its creditors.

Any minimal amount of probative value which could be attributed to evidence of undercapitalization and increased cost of capital is clearly outweighed by the certain unfair prejudice and confusion.  Therefore, such evidence is inadmissible under Rule 403, Fed. R. Evid.

## CONCLUSION

For the reasons stated above, Defendants Hanson and Kindt respectfully request that the Court preclude Magten from presenting any evidence at trial of Clark Fork's alleged

---

[1] It should be noted that while the QUIPS obligations were assumed by NorthWestern in the Transaction, the QUIPS are not part of the assets regulated by the Montana Public Service Commission and thus are not part of the "regulated Montana utility assets" for which Magten alleges the Transaction caused an increase in cost of capital.

undercapitalization following the Transaction and/or whether the Transaction allegedly increased in cost of capital of the regulated Montana utility assets.

Dated: January 31, 2008				EDWARDS ANGELL PALMER & DODGE LLP

						/s/ Denise Seastone Kraft
						Denise Seastone Kraft (#2778)
						919 N. Market Street
						Suite 1500
						Wilmington, DE  19801
						302-425-7106
						888-325-9741 Fax

						*Counsel for Michael J. Hanson & Ernie J. Kindt*

OF COUNSEL:

Stanley T. Kaleczyc
Kimberly A. Beatty
BROWNING KALECZYC BERRY & HOVEN P.C.
139 North Last Chance Gulch
P.O. Box 1697
Helena, MT  59624
(406) 443-6820