# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAGTEN ASSET MANAGEMENT CORPORATION and LAW DEBENTURE TRUST COMPANY OF NEW YORK, <br><br> Plaintiffs, <br><br> v. <br><br> NORTHWESTERN CORPORATION, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) C.A. No. 04-1494-(JJF) ) ) **PUBLIC VERSION** ) ) ) |
| MAGTEN ASSET MANAGEMENT CORP., <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL J. HANSON and ERNIE J. KINDT, <br><br> Defendants. | ) ) ) ) ) ) C.A. Action No. 05-499 (JJF) ) ) **PUBLIC VERSION** ) ) ) |

**MAGTEN ASSET MANAGEMENT CORPORATION AND LAW DEBENTURE
TRUST COMPANY OF NEW YORK'S MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE THE EXPERT
REPORT AND TESTIMONY OF CHRISTOPHER J. KEARNS**

Dale R. Dubé (No. 2863)
David W. Carickhoff (No. 3715)
BLANK ROME LLP
1201 Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 425-6400
Facsimile: (302) 425-6464

Bonnie Steingart
Gary L. Kaplan
John W. Brewer
FRIED, FRANK, HARRIS, SHRIVER &
JACOBSON LLP
One New York Plaza
New York, NY 10004
Telephone: (212) 859-8000
Facsimile: (212) 859-4000

*Counsel for Magten Asset Management Corp.*

Kathleen M. Miller (No. 2898)
SMITH KATZENSTEIN & FURLOW LLP
800 Delaware Avenue
P. O. Box 410
Wilmington, DE 19899

John V. Snellings
Amanda D. Darwin
NIXON PEABODY LLP
100 Summer Street
Boston, Massachusetts 02110-1832

*Counsel for Law Debenture Trust Company
of New York*

## TABLE OF CONTENTS

                                                                                                                      Page

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................ 1

ARGUMENT .......................................................................................................................... 2

CONCLUSION ....................................................................................................................... 4

## TABLE OF AUTHORITIES

Page

Citizens Financial Group, Inc. v. The Citizens Nat'l Bank of Evans City,
     No. 01-1524, 2003 U.S. Dist. LEXIS 25977 (W.D. Pa. Apr. 23, 2003)..........................3

Great American Ins. Co. of New York v. Vegas Const. Co., Inc.,
     No. 2:06-cv-00911-BES-PAL, 2007 WL 2375056 (D. Nev. Aug. 15, 2007) ...............2

Humphreys v. Regents of University of California,
     No. C 04-03808 SI, 2006 WL 1867713 (N.D. Cal. July 6, 2006) .................................2

Institut Pasteur v. Simon,
     No. 98-727, 2005 U.S. Dist. LEXIS 17154 (E.D. Pa. Aug. 16, 2005) ..........................3

Int'l Bus. Machs. Corp. v. Fasco Indus., Inc.,
     No. C 93-20326 RPA, 1995 WL 115421 (N.D. Cal. Mar. 15, 1995).......................2, 3

Schreiber v. Nebraska,
     No. 8:05CV537, 2007 WL 610411 (D. Neb. Feb. 23, 2007).........................................2

United States v. Chrzanowski,
     502 F.2d 573 (3d Cir. 1974)............................................................................................3

Upshur v. Shepherd,
     538 F. Supp. 1176 (E.D. Pa. 1982) ................................................................................3

Plaintiffs Magten Asset Management Corp. ("Magten") and Law Debenture Trust Company of New York ("Law Debenture") respectfully submit this memorandum of law in support of their motion in limine to (i) strike the expert report submitted by Christopher J. Kearns; (ii) preclude reliance thereon by defendants NorthWestern Corporation ("NorthWestern"), Michael J. Hanson, and Ernie J. Kindt; and (iii) exclude any testimony by Mr. Kearns at trial.

## PRELIMINARY STATEMENT

Christopher J. Kearns was hired by defendant NorthWestern as a rebuttal expert to provide a report and testimony responding to plaintiffs' expert Paul. A. Marcus.[1] Mr. Kearns' opinions consist solely of a critique and response to the opinions expressed by Mr. Marcus.[2] He has no freestanding, affirmative opinions of his own. Defendants have now moved to exclude the expert testimony of Mr. Marcus at trial (D.I. 304; D.I. 302), but this court has stayed briefing on those applications. As and when directed by this Court, plaintiffs intend to vigorously oppose defendants' motions to exclude and limit the testimony of Mr. Marcus and their other expert Robert Berliner.[3] Mr. Marcus has over twenty years of experience in corporate finance, valuation, financial analysis, and advising on complex financial transactions; he has experience as both a practitioner and a consultant in these areas, and has testified in numerous federal cases as an expert witness. It is clear that Marcus is more than qualified to offer the opinions in his

---

[1] Although Kearns was retained by NorthWestern, defendants Hanson and Kindt have also indicated their intent to call Kearns as a witness at trial in their proposed witness list as part of the pre-trial order and have also moved to exclude plaintiffs' experts. (D.I. 302). Accordingly, this motion is equally applicable to both actions.

[2] Mr. Marcus' expert report, dated September 19, 2007, is already before this Court as Exhibit 1 to the Affidavit of Joseph D. Pizzuro in support of defendant NorthWestern's Motion In Limine to Exclude the Expert Reports and Testimony of Paul A. Marcus and Robert W. Berliner. (D.I. 306, #1). Mr. Kearns' report, dated October 17, 2007, is attached as Exhibit 1 to the Declaration of John Brewer (hereinafter, "Brewer Decl.") accompanying this motion.

[3] Pursuant to this Court's order dated January 18, 2008, briefing has been stayed on the motions filed by defendants to exclude plaintiffs' experts. (D.I. 315).

1

report. But it is equally clear that if, for any reason, Marcus' opinion testimony were excluded or limited, Kearns' responses to that testimony can serve no useful purpose and must also be excluded. Accordingly, pursuant to this Court's order dated January 18, 2008, directing all parties to submit any motions in limine with the pre-trial order (D.I. 315), plaintiffs make this application as a protective cross-motion to defendants' motions to exclude Marcus.

Plaintiffs are perfectly happy for both Marcus and Kearns to testify at trial and to allow the trier of fact to determine whose opinions are more helpful and persuasive. While plaintiffs believe Kearns' opinions and methodology are deficient, they are content to explore and expose the infirmities of his testimony on cross-examination.

## ARGUMENT

The law is unequivocal that a rebuttal expert may not testify when the expert to whom he is responding is not permitted to testify. The reason is obvious. Without the underlying opinions to rebut, a rebuttal expert's opinions would have no relevance in trial nor would they aid the trier of fact. See Great American Ins. Co. of New York v. Vegas Const. Co., Inc., No. 2:06-cv-00911-BES-PAL, 2007 WL 2375056, at *4 (D. Nev. Aug. 15, 2007) (dismissing plaintiff's motion to strike defendant's rebuttal witness as moot because "there is no expert testimony to rebut" where court had already excluded plaintiff's expert); Schreiber v. Nebraska, No. 8:05CV537, 2007 WL 610411, at *5 (D. Neb. Feb. 23, 2007) (precluding rebuttal expert from testifying where court had excluded the primary expert to whom rebuttal expert responded); Humphreys v. Regents of University of California, No. C 04-03808 SI, 2006 WL 1867713, at *5 (N.D. Cal. July 6, 2006) (excluding defendant's rebuttal expert as his testimony was "unnecessary" where court already excluded the testimony of the plaintiff's expert); Int'l Bus. Machs. Corp. v. Fasco Indus., Inc., 1995 WL 115421, at *3 (N.D. Cal. Mar. 15, 1995) ("a party can control the scope of the testimony of its adversary's rebuttal experts by limiting its own

experts' testimony to a given subject matter"); Upshur v. Shepherd, 538 F. Supp. 1176, 1180 (E.D. Pa. 1982) ("Regarding rebuttal evidence, it is the 'usual rule' to 'exclude all evidence which has not been made necessary by the opponent's case in reply.'") (citing 6 Wigmore's Evidence § 1873 at 672 (3d ed. 1940).[4]

There is no dispute that Kearns' role in this litigation is that of a classic rebuttal expert. Rebuttal experts "restrict their testimony to attacking the theories offered by the adversary's experts." Int'l Bus. Machs. Corp. v. Fasco Indus., Inc., 1995 WL 115421, at *3 (N.D. Cal. Mar. 15, 1995). See also United States v. Chrzanowski, 502 F.2d 573, 576 (3d Cir. 1974) ("The proper function and purpose of rebuttal testimony is to explain, repel, counteract or disprove the evidence of the adverse party."). Throughout his deposition, Kearns consistently acknowledged that his role was limited to that of a rebuttal witness:

- "My role was to rebut Mr. Marcus." Brewer Decl. Ex. 2 at 26:7-8;

- "I was asked by counsel to evaluate and, where appropriate, rebut the conclusions made by Mr. Marcus." Id. at 24:14-16;

- "I was asked to, as I said, rebut the conclusions of Mr. Marcus. He doesn't make any ... conclusions about timing ... So since he didn't do the analysis, I don't have to rebut it." Id. at 25:7-12;

- "Mr. Marcus didn't do it, and in rebutting Mr. Marcus, since he didn't render a cash flow solvency opinion, neither did I." Id. at 31:7-9;

- "Your guy didn't do it. I didn't rebut in that context because there wasn't a cash flow solvency opinion embodied in Mr. Marcus' report." Id. at 35:9-12.

---

[4] The same holds true for rebuttal opinions on discrete issues: where courts exclude limited portions of an expert's report or testimony, the corresponding issues in the rebuttal expert's report or testimony must equally be excluded. See Institut Pasteur v. Simon, 2005 U.S. Dist. LEXIS 17154, at *6 (E.D. Pa. Aug. 16, 2005) (prohibiting rebuttal expert from testifying to certain issues where court had excluded the testimony of principal expert's opinions on those same issues); Citizens Financial Group, Inc. v. The Citizens Nat'l Bank of Evans City, 2003 U.S. Dist. LEXIS 25977, at *17 (W.D. Pa. Apr. 23, 2003) (rebuttal evidence regarding certain issue was "necessarily inadmissible as moot" where court prohibited principal expert from testifying to that issue).

3

# Redacted

Accordingly, should this Court preclude any portion of, or the entirety of, Mr. Marcus' opinions, Kearns' corresponding opinions must be struck as well.

## CONCLUSION

For the reasons that plaintiffs will explain (as and when directed by this Court), defendants' motions seeking to exclude plaintiffs' experts and preclude their testimony at trial should be denied. However, in the alternative, plaintiffs respectfully request that, to the extent this Court grants defendants' motions to exclude plaintiffs' experts' reports, this Court should also (i) exclude the corresponding portions of Mr. Kearns' report; (ii) preclude defendants' reliance thereon; and (iii) preclude any corresponding testimony by Mr. Kearns at trial.

# Redacted

Dated: Wilmington, Delaware
January 31, 2008

BLANK ROME LLP

*[signature: Dale R. Dubé]*

Dale Dubé (DE No. 2863)
David W. Carickhoff (No. 3715)
1201 Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 425-6400
Facsimile: (302) 425-6464

FRIED, FRANK, HARRIS, SHRIVER &
 JACOBSON LLP
Bonnie Steingart
Gary L. Kaplan
John W. Brewer
One New York Plaza
New York, NY 10004
Telephone: (212) 859-8000
Facsimile: (212) 859-4000

*Counsel for Magten Asset Management
 Corporation*

- and -

/s/ Kathleen M. Miller
Kathleen M. Miller (No. 2898)
SMITH KATZENSTEIN & FURLOW LLP
800 Delaware Avenue
P. O. Box 410
Wilmington, DE 19899
Telephone (302) 652-8400
Facsimile ((302) 652-8405

John V. Snellings
Amanda D. Darwin
NIXON PEABODY LLP
100 Summer Street
Boston, Massachusetts 02110-1832
Telephone: (617) 345-1000
Facsimile: (617) 345-1300

*Counsel for Law Debenture Trust Company
 of New York*

5

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of February, 2008, I served by hand delivery and electronic filing the public version of **MAGTEN ASSET MANAGEMENT CORPORATION AND LAW DEBENTURE TRUST COMPANY OF NEW YORK'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE THE EXPERT REPORT AND TESTIMONY OF CHRISTOPHER J. KEARNS** using CM/ECF, which will send notification of such filing(s) to the following:

Denise Seastone Kraft, Esquire
Edwards Angell Palmer & Dodge LLP
919 North Market Street, 15th Floor
Wilmington, DE 19801

Victoria Watson Counihan, Esquire
Dennis A. Meloro, Esquire
Greenberg Traurig LLP
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801

I also certify that, on this 7th day of February, 2008, I served the aforementioned document, by email and Federal Express, upon the following participants:

Stanley T. Kaleczyc, Esquire
Kimberly A. Beatty, Esquire
Browning, Kaleczyc, Berry & Hoven, P.C.
139 North Last Chance Gulch
P.O. Box 1697
Helena, Mt 59624

Steven J. Reisman, Esquire
Joseph D. Pizzurro, Esquire
Nancy E. Delaney, Esquire
Miriam K. Harwood, Esquire
Myles Bartley, Esquire
Curtis, Mallet-Prevost, Colt & Mosle LLP
101 Park Avenue
New York, New York 10178-0061

_/s/ Dale R. Dubé_
Dale R. Dubé (No. 2863)